LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile: 704.998.4051

Attorneys for Defendants
FARADAY&FUTURE INC., SMART KING LTD.,
JIAWEI WANG, and CHAOYING DENG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>    Plaintiff,<br><br>    v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, AND CHAOYING DENG<br><br>    Defendants. | Case No. 2:20-cv- 08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DEFENDANT FARADAY&FUTURE INC.'S ANSWER TO COMPLAINT** |

111351537

Defendant Faraday&Future, Inc. ("FF") hereby answers the Complaint ("Complaint") of Plaintiff Hong Liu ("Liu"), as follows:

1. FF denies the allegations of Paragraph 1.

2. FF denies the allegations in Paragraph 2 on information and belief.

3. FF admits that Yueting Jia is FF's founder. FF denies the remaining allegations in Paragraph 3.

4. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of what Liu knew. FF denies the remaining allegations in Paragraph 4.

5. FF denies the allegations in Paragraph 5.

6. To the extent Paragraph 6 contains conclusions of law, which do not require a responsive pleading and on that basis, FF denies those conclusions. FF denies the remaining allegations in Paragraph 6.

7. FF does not challenge the Court's subject matter jurisdiction over this action.

8. FF denies the allegations in Paragraph 8. The Southern District of New York does not have personal jurisdiction over FF in this action.

9. FF denies the allegations in Paragraph 9. The Court already found that venue is not proper in the Southern District of New York.

10. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and on that ground, denies those allegations.

11. FF admits the allegations in Paragraph 11.

12. FF admits the allegations in Paragraph 12.

13. FF admits the allegations in Paragraph 13.

14. FF admits the allegations in Paragraph 14.

15. FF admits that Liu represented that he was a New York-based attorney. FF denies the remaining allegation in Paragraph 15 on information and belief.

16. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that ground, denies those allegations.

17. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and on that ground, denies those allegations.

18. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that ground, denies those allegations.

19. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and on that ground, denies those allegations.

20. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that ground, denies those allegations.

21. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that ground, denies those allegations.

22. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that ground, denies those allegations.

23. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that ground, denies those allegations.

24. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and on that ground, denies those allegations.

25. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that ground, denies those allegations.

26. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that ground, denies those allegations.

27. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[b]etween October 2017 and mid-February 2018" Liu was "at the pinnacle of his success" and on that ground, denies those allegations. FF denies the remaining allegations in in Paragraph 27.

28. FF denies the allegations in Paragraph 28.

29. FF admits that Liu represented that he was "a globally respected professional with decades of experience" and that it believed that hiring Lie would benefit its business. FF denies the remaining allegations in Paragraph 29.

30. FF admits that Mr. Jia was FF's founder and that Mr. Jia has filed a personal bankruptcy case in the United States Bankruptcy Court for the Central District of California. FF denies the remaining allegations in Paragraph 30.

31. FF admits that Mr. Liu met Mr. Jia at FF's headquarters on October 17, 2017. FF denies the remaining allegations in Paragraph 31.

32. FF denies the allegations in Paragraph 32.

33. FF denies the allegations in Paragraph 33.

34. FF denies the allegations in Paragraph 34.

35. FF denies the allegations in Paragraph 35.

36. FF denies the allegations in Paragraph 36.

37. FF admits that during the month of January 2018, Liu met with Mr. Jia, Mr. Wang, and Ms. Deng at FF's headquarters in California. FF denies the remaining allegations in Paragraph 37.

38. FF admits that Sidley Austin LLP was one of the law firms that handled FF's Series A transaction with Evergrande. FF denies the remaining allegation in Paragraph 38.

39. FF denies the allegations in Paragraph 39.

40. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Liu's beliefs and on that basis denies those allegations. FF denies the remaining allegations in Paragraph 40.

41. FF denies the allegation in Paragraph 41.

42. To the extent the allegations in Paragraph 42 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 42.

43. FF admits that on January 25, 2018, Liu entered into the Employment Agreement attached to the Complaint as Exhibit A. To the extent Paragraph 43 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 43.

44. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and on that basis denies those allegations. FF denies the remaining allegations in Paragraph 44.

45. To the extent Paragraph 45 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 45.

46. To the extent Paragraph 46 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 46.

47. To the extent Paragraph 47 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 47.

48. To the extent Paragraph 48 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 48.

49. To the extent Paragraph 49 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 49.

50. To the extent Paragraph 50 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 50.

51. To the extent Paragraph 51 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 51.

52. FF denies the allegations in Paragraph 52.

53. To the extent Paragraph 53 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be

111351537

read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 53.

54. To the extent Paragraph 54 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 54.

55. FF lacks knowledge or information sufficient to form a belief as to what Liu would have done and on that basis denies those allegations. FF denies the remaining allegations in Paragraph 55.

56. To the extent Paragraph 56 purports to describe, quote or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 56.

57. To the extent Paragraph 57 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 57.

58. To the extent Paragraph 58 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 58.

59. FF lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that ground, denies those allegations.

60. FF admits the allegations in Paragraph 60.

61. FF lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and on that ground, denies those allegations.

62. FF admits that it paid $600,000 to Liu on his start date. To the extent Paragraph 62 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 62.

63. FF denies the allegations in Paragraph 63.

64. To the extent Paragraph 64 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 64.

65. To the extent Paragraph 65 purports to describe, quote, or characterize the terms of the Employment Agreement or the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 65.

66. To the extent Paragraph 66 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 66.

67. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 as to the documents issued by Solium and whether Mr. Liu accessed his information on Solium's website. FF denies the remaining allegations in Paragraph 67.

68. FF lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that ground, denies those allegations.

69. FF denies the allegations in Paragraph 69.

70. FF denies the allegations in Paragraph 70.

71. FF denies the allegations in Paragraph 71.

72. FF denies the allegations in Paragraph 72.

73. FF denies the allegations in Paragraph 73.

74. To the extent the allegations in Paragraph 74 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 74.

75. To the extent the allegations in Paragraph 75 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the allegations in Paragraph 75.

76. FF denies the allegations in Paragraph 76.

77. FF denies the allegations in Paragraph 77.

78. FF denies the allegations in Paragraph 78.

79. FF denies the allegations in Paragraph 79.

80. FF denies the allegations in Paragraph 80.

81. FF denies the allegations in Paragraph 81.

82. To the extent the allegations in Paragraph 82 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 82.

83. To the extent the allegations in Paragraph 83 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 83.

84. FF denies the allegations in Paragraph 84.

85. FF denies the allegations in Paragraph 85.

86. FF admits that Liu was terminated on February 11, 2019. FF denies the remaining allegations in Paragraph 86.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

111351537

87. FF denies the allegations in Paragraph 87.

88. FF denies the allegations in Paragraph 88.

89. FF denies the allegations in Paragraph 89.

90. FF denies the allegations in Paragraph 90.

91. FF denies the allegations in Paragraph 91.

92. FF denies the allegations in Paragraph 92.

93. FF denies the allegations in Paragraph 93.

94. FF denies the allegations in Paragraph 94.

95. To the extent Paragraph 95 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 95.

96. To the extent Paragraph 96 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 96.

97. To the extent Paragraph 97 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 97.

98. To the extent Paragraph 98 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 98.

99. FF admits that, in October 2019, Mr. Jia filed for bankruptcy protection in the United States. To the extent Paragraph 99 purports to describe, quote, or characterize the documents filed with the bankruptcy court, the document speaks for themselves, should be read as a whole, and would provide only as expressly stated

- 9 -

111351537

therein. To the extent Paragraph 99 contains conclusions of law, which do not require a responsive pleading and on that basis, FF denies those conclusions. FF denies the remaining allegations in Paragraph 99.

100. FF denies the allegations in Paragraph 100.

101. FF denies the allegations in Paragraph 101.

102. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 relating to Mr. Liu's "extensive client relationships" that he "transitioned to colleagues" and on that ground, denies those allegations. FF denies the allegations in Paragraph 102.

103. FF denies the allegations of Paragraph 103.

104. FF admits that on December 17, 2019, the office of the United States Trustee filed a motion in Mr. Jia's bankruptcy case, seeking the appointment of a Chapter 11 trustee. FF denies the remaining allegations in Paragraph 104.

105. FF denies the allegations in Paragraph 105.

106. FF denies the allegations in Paragraph 106.

107. FF denies the allegations in Paragraph 107.

108. FF denies the allegations in Paragraph 108.

109. FF incorporates each of its previous responses as if fully set forth herein.

110. FF denies the allegations in Paragraph 110.

111. FF denies the allegations in Paragraph 111.

112. To the extent Paragraph 112 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 112.

113. To the extent Paragraph 113 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 113.

114. To the extent Paragraph 114 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 114.

115. FF denies the allegations in Paragraph 115.

116. FF denies the allegations in Paragraph 116.

117. FF incorporates each of its previous responses as if fully set forth herein.

118. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Liu's practice at Mayer Brown and on that basis denies them. FF denies the remaining allegation in Paragraph 118.

119. FF denies the allegations in Paragraph 119.

120. FF denies the allegation in Paragraph 120.

121. FF denies the allegations in Paragraph 121.

122. FF denies the allegations in Paragraph 122.

123. FF denies the allegations in Paragraph 123.

124. FF incorporates each of its previous responses as if fully set forth herein.

125. FF denies the allegations in Paragraph 125.

126. FF denies the allegations in Paragraph 126.

127. FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Mr. Liu's practice at Mayer Brown and on that basis denies them. FF denies the remaining allegation in Paragraph 127.

128. FF denies the allegations in Paragraph 128.

129. FF denies the allegations in Paragraph 129.

130. FF denies the allegations in Paragraph 130.

131. FF incorporates each of its previous responses as if fully set forth herein.

132. FF denies the allegations in Paragraph 132.

133. FF denies the allegations in Paragraph 133.

134. FF denies the allegations in Paragraph 134.

135. FF denies the allegations in Paragraph 135.

136. FF incorporates each of its previous responses as if fully set forth herein.

137. FF denies the allegations in Paragraph 137.

138. FF denies the allegations in Paragraph 138.

139. FF denies the allegations in Paragraph 139.

140. FF denies the allegations in Paragraph 140.

141. FF incorporates each of its previous responses as if fully set forth herein.

142. FF denies the allegations in Paragraph 142.

143. FF denies the allegations in Paragraph 143.

144. FF denies the allegations in Paragraph 144.

145. FF denies the allegations in Paragraph 145.

146. FF denies the allegations in Paragraph 146.

147. FF incorporates each of its previous responses as if fully set forth herein.

148. To the extent Paragraph 148 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 148.

149. To the extent Paragraph 149 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein. FF denies the remaining allegations in Paragraph 149.

150. FF denies the allegations in Paragraph 150.

151. FF denies the allegations in Paragraph 151.

152. FF asserts that no response is required to the prayer for relief on page 28 of the Complaint. To the extent that the paragraphs of that clause may be deemed to allege any factual or legal entitlement to the relief requested, FF denies each and every such allegation and specifically denies that Liu is entitled to any

relief, including, but not limited to, the relief requested in subparts 1 through 11 thereof.

153. All allegations not specifically admitted or responded to are denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the defenses set forth herein where such burden would otherwise rest with Liu, FF alleges the following affirmative defenses to the Complaint and to the relief sought therein:

### First Affirmative Defense
### (Failure to State a Claim)

1. Liu's Complaint fails in whole or in part to state a claim against FF upon which relief may be granted.

### Second Affirmative Defense
### (Fraudulent Inducement)

2. Liu's Complaint and the claims therein fail as they rely upon contracts the Liu fraudulently induced FF to enter.

### Third Affirmative Defense
### (Violation of Attorney-Client Privilege)

3. Liu's Complaint is barred, in whole or in part, to the extent it relies on and exposes communications exchanged during his role as counsel for FF and FF does not waive such privilege.

### Fourth Affirmative Defense
### (Waiver)

4. Liu's Complaint is barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

### (Estoppel)

5. Liu's Complaint is barred, in whole or in part, by the doctrine of estoppel.

### Sixth Affirmative Defense

### (Breach by Plaintiff)

6. Liu's Complaint is barred, in whole or in part, due to Liu's breaches of the Employment Agreement.

### Seventh Affirmative Defense

### (Failure of Conditions Precedent)

7. Liu's Complaint is barred, in whole or in part, because he failed to meet certain conditions precedent to FF's obligations under the Employment Agreement.

### Eighth Affirmative Defense

### (Statutes of Limitations)

8. Liu's Complaint is barred, in whole or in part, by the statutes of limitations under applicable law and the parties' agreements.

### Ninth Affirmative Defense

### (Intervening/Supervening Cause)

9. Liu's Complaint is barred, in whole or in part, because any alleged harm was due to intervening and/or supervening causes.

### Tenth Affirmative Defense

### (Unclean Hands)

10. Liu's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### Eleventh Affirmative Defense

### (Contrary to Public Policy)

11. Liu's Complaint is barred, in whole or in part, by Liu's own fraudulent and unlawful acts in violation of public policy.

## Twelfth Affirmative Defense

## (Justification)

12. Liu's Complaint is barred, in whole or in part, because FF was fully justified in its conduct as a matter of fact and law.

## Thirteenth Affirmative Defense

## (Failure to Mitigate Damages)

13. Liu's Complaint is barred, in whole or in part, because he failed to mitigate his alleged damages.

## Fourteenth Affirmative Defense

## (Unjust Enrichment)

14. Liu's Complaint is barred, in whole or in part, because any relief by Liu would constitute unjust enrichment.

## Fifteenth Affirmative Defense

## (In Pari Delicto)

15. Liu's Complaint is barred, in whole or in part, by the doctrine of in pari delicto.

## Sixteenth Affirmative Defense

## (Breach of Fiduciary Duty)

16. Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the fiduciary duties that he owed to FF and FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King, Ltd.

## Seventeenth Affirmative Defense

## (Breach of the Implied Covenant of Good Faith and Fair Dealing)

17. Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the implied covenant of good faith and fair dealing in the Employment Agreement.

### Eighteenth Affirmative Defense

### (Contribution and Indemnity)

18. Liu's Complaint is barred, in whole or in part, by the doctrines of contribution and indemnity.

### Nineteenth Affirmative Defense

### (Reservation of Rights)

19. The defenses set forth herein reflect FF's assessment based on the information of which FF currently is aware. FF expressly reserves, and does not waive any defenses.

WHEREFORE, FF respectfully requests that this Court enter judgment in its favor and against Liu, dismiss Liu's claims, and award FF its costs of suit and such other relief as this Court may deem appropriate.

Dated: November 19, 2020                TROUTMAN PEPPER HAMILTON SANDERS LLP


By: /s/ Lauren E. Grochow
   Lauren E. Grochow
   Daniel Anziska
   Mackenzie L. Willow-Johnson

   Attorneys for Defendants
   FARADAY&FUTURE INC.,
   SMART KING LTD.,
   JIAWEI WANG, and CHAOYING DENG

111351537