LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile: 704.998.4051

Attorneys for Defendants
FARADAY&FUTURE INC., SMART KING LTD.,
JIAWEI WANG, and CHAOYING DENG

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, AND CHAOYING DENG<br><br>Defendants. | Case No. 2:20-cv- 08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DEFENDANT FF INTELLIGENT MOBILITY GLOBAL HOLDINGS LTD. f/k/a SMART KING LTD.'S ANSWER TO COMPLAINT** |

111394029

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Defendant FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King, Ltd. ("Smart King") hereby answers the Complaint ("Complaint") of Plaintiff Hong Liu ("Liu"), as follows:

1.     Smart King denies the allegations of Paragraph 1.

2.     Smart King denies the allegations in Paragraph 2 on information and belief.

3.     Smart King admits that Yueting Jia is Faraday&Future Inc.'s ("FF") founder.  Smart King denies the remaining allegations in Paragraph 3.

4.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of what Liu knew.  Smart King denies the remaining allegations in Paragraph 4.

5.     Smart King denies the allegations in Paragraph 5.

6.     To the extent Paragraph 6 contains conclusions of law, which do not require a responsive pleading and on that basis, Smart King denies those conclusions. Smart King denies the remaining allegations in Paragraph 6.

7.     Smart King does not challenge the Court's subject matter jurisdiction over this action.

8.     Smart King denies the allegations in Paragraph 8.  The Southern District of New York does not have personal jurisdiction over FF in this action.

9.     Smart King denies the allegations in Paragraph 9.  The Court already found that venue is not proper in the Southern District of New York.

10.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and on that ground, denies those allegations.

11.     Smart King admits the allegations in Paragraph 11.

12.     Smart King admits the allegations in Paragraph 12.

13.     Smart King admits the allegations in Paragraph 13.

111394029

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

14. Smart King admits the allegations in Paragraph 14.

15. Smart King admits that Liu represented that he was a New York-based attorney. Smart King denies the remaining allegation in Paragraph 15 on information and belief.

16. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that ground, denies those allegations.

17. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and on that ground, denies those allegations.

18. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that ground, denies those allegations.

19. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and on that ground, denies those allegations.

20. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that ground, denies those allegations.

21. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that ground, denies those allegations.

22. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that ground, denies those allegations.

23. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that ground, denies those allegations.

111394029

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

24. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and on that ground, denies those allegations.

25. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that ground, denies those allegations.

26. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that ground, denies those allegations.

27. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[b]etween October 2017 and mid-February 2018" Liu was "at the pinnacle of his success" and on that ground, denies those allegations. Smart King denies the remaining allegations in in Paragraph 27.

28. Smart King denies the allegations in Paragraph 28.

29. Smart King admits that Liu represented that he was "a globally respected professional with decades of experience" and that it believed that hiring Lie would benefit its business. Smart King denies the remaining allegations in Paragraph 29.

30. Smart King admits that Mr. Jia was FF's founder and that Mr. Jia has filed a personal bankruptcy case in the United States Bankruptcy Court for the Central District of California. Smart King denies the remaining allegations in Paragraph 30.

31. Smart King admits that Mr. Liu met Mr. Jia at FF's headquarters on October 17, 2017. Smart King denies the remaining allegations in Paragraph 31.

32. Smart King denies the allegations in Paragraph 32.

33. Smart King denies the allegations in Paragraph 33.

34. Smart King denies the allegations in Paragraph 34.

35. Smart King denies the allegations in Paragraph 35.

111394029

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

36.     Smart King denies the allegations in Paragraph 36.

37.     Smart King admits that during the month of January 2018, Liu met with Mr. Jia, Mr. Wang, and Ms. Deng at FF's headquarters in California.  Smart King denies the remaining allegations in Paragraph 37.

38.     Smart King admits that Sidley Austin LLP was one of the law firms that handled FF's Series A transaction with Evergrande.  Smart King denies the remaining allegation in Paragraph 38.

39.     Smart King denies the allegations in Paragraph 39.

40.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Liu's beliefs and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 40.

41.     Smart King denies the allegation in Paragraph 41.

42.     To the extent the allegations in Paragraph 42 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 42.

43.     Smart King admits that on January 25, 2018, Liu entered into the Employment Agreement attached to the Complaint as Exhibit A.  To the extent Paragraph 43 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 43.

44.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 44.

45.     To the extent Paragraph 45 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be

- 4 -

read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 45.

46.    To the extent Paragraph 46 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 46.

47.    To the extent Paragraph 47 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 47.

48.    To the extent Paragraph 48 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 48.

49.    To the extent Paragraph 49 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 49.

50.    To the extent Paragraph 50 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 50.

51.    To the extent Paragraph 51 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 51.

52.    Smart King denies the allegations in Paragraph 52.

111394029

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

53. To the extent Paragraph 53 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 53.

54. To the extent Paragraph 54 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 54.

55. Smart King lacks knowledge or information sufficient to form a belief as to what Liu would have done and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 55.

56. To the extent Paragraph 56 purports to describe, quote or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 56.

57. To the extent Paragraph 57 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 57.

58. To the extent Paragraph 58 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 58.

59. Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that ground, denies those allegations.

60. Smart King admits the allegations in Paragraph 60.

111394029

61.     Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and on that ground, denies those allegations.

62.     Smart King admits that FF paid $600,000 to Liu on his start date.  To the extent Paragraph 62 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 62.

63.     Smart King denies the allegations in Paragraph 63.

64.     To the extent Paragraph 64 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 64.

65.     To the extent Paragraph 65 purports to describe, quote, or characterize the terms of the Employment Agreement or the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 65.

66.     To the extent Paragraph 66 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 66.

67.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 as to the documents issued by Solium and whether Mr. Liu accessed his information on Solium's website.  Smart King denies the remaining allegations in Paragraph 67.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

111394029

68.     Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that ground, denies those allegations.

69.     Smart King denies the allegations in Paragraph 69.

70.     Smart King denies the allegations in Paragraph 70.

71.     Smart King denies the allegations in Paragraph 71.

72.     Smart King denies the allegations in Paragraph 72.

73.     Smart King denies the allegations in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the allegations in Paragraph 75.

76.     Smart King denies the allegations in Paragraph 76.

77.     Smart King denies the allegations in Paragraph 77.

78.     Smart King denies the allegations in Paragraph 78.

79.     Smart King denies the allegations in Paragraph 79.

80.     Smart King denies the allegations in Paragraph 80.

81.     Smart King denies the allegations in Paragraph 81.

82.     To the extent the allegations in Paragraph 82 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 82.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

111394029

83.     To the extent the allegations in Paragraph 83 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 83.

84.     Smart King denies the allegations in Paragraph 84.

85.     Smart King denies the allegations in Paragraph 85.

86.     Smart King admits that Liu was terminated on February 11, 2019.  Smart King denies the remaining allegations in Paragraph 86.

87.     Smart King denies the allegations in Paragraph 87.

88.     Smart King denies the allegations in Paragraph 88.

89.     Smart King denies the allegations in Paragraph 89.

90.     Smart King denies the allegations in Paragraph 90.

91.     Smart King denies the allegations in Paragraph 91.

92.     Smart King denies the allegations in Paragraph 92.

93.     Smart King denies the allegations in Paragraph 93.

94.     Smart King denies the allegations in Paragraph 94.

95.     To the extent Paragraph 95 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 95.

96.     To the extent Paragraph 96 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 96.

97.     To the extent Paragraph 97 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

111394029

read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 97.

98.    To the extent Paragraph 98 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 98.

99.    Smart King admits that, in October 2019, Mr. Jia filed for bankruptcy protection in the United States.  To the extent Paragraph 99 purports to describe, quote, or characterize the documents filed with the bankruptcy court, the document speaks for themselves, should be read as a whole, and would provide only as expressly stated therein.  To the extent Paragraph 99 contains conclusions of law, which do not require a responsive pleading and on that basis, Smart King denies those conclusions.  Smart King denies the remaining allegations in Paragraph 99.

100.   Smart King denies the allegations in Paragraph 100.

101.   Smart King denies the allegations in Paragraph 101.

102.   Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 relating to Mr. Liu's "extensive client relationships" that he "transitioned to colleagues" and on that ground, denies those allegations.  Smart King denies the allegations in Paragraph 102.

103.   Smart King denies the allegations of Paragraph 103.

104.   Smart King admits that on December 17, 2019, the office of the United States Trustee filed a motion in Mr. Jia's bankruptcy case, seeking the appointment of a Chapter 11 trustee.  Smart King denies the remaining allegations in Paragraph 104.

105.   Smart King denies the allegations in Paragraph 105.

106.   Smart King denies the allegations in Paragraph 106.

107.   Smart King denies the allegations in Paragraph 107.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

111394029

108.   Smart King denies the allegations in Paragraph 108.

109.   Smart King incorporates each of its previous responses as if fully set forth herein.

110.   Smart King denies the allegations in Paragraph 110.

111.   Smart King denies the allegations in Paragraph 111.

112.   To the extent Paragraph 112 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 112.

113.   To the extent Paragraph 113 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 113.

114.   To the extent Paragraph 114 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 114.

115.   Smart King denies the allegations in Paragraph 115.

116.   Smart King denies the allegations in Paragraph 116.

117.   Smart King incorporates each of its previous responses as if fully set forth herein.

118.   Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Liu's practice at Mayer Brown and on that basis denies them.   Smart King denies the remaining allegation in Paragraph 118.

119.   Smart King denies the allegations in Paragraph 119.

120.   Smart King denies the allegation in Paragraph 120.

121.   Smart King denies the allegations in Paragraph 121.

111394029

122.    Smart King denies the allegations in Paragraph 122.

123.    Smart King denies the allegations in Paragraph 123.

124.    Smart King incorporates each of its previous responses as if fully set forth herein.

125.    Smart King denies the allegations in Paragraph 125.

126.    Smart King denies the allegations in Paragraph 126.

127.    Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Mr. Liu's practice at Mayer Brown and on that basis denies them.  Smart King denies the remaining allegation in Paragraph 127.

128.    Smart King denies the allegations in Paragraph 128.

129.    Smart King denies the allegations in Paragraph 129.

130.    Smart King denies the allegations in Paragraph 130.

131.    Smart King incorporates each of its previous responses as if fully set forth herein.

132.    Smart King denies the allegations in Paragraph 132.

133.    Smart King denies the allegations in Paragraph 133.

134.    Smart King denies the allegations in Paragraph 134.

135.    Smart King denies the allegations in Paragraph 135.

136.    Smart King incorporates each of its previous responses as if fully set forth herein.

137.    Smart King denies the allegations in Paragraph 137.

138.    Smart King denies the allegations in Paragraph 138.

139.    Smart King denies the allegations in Paragraph 139.

140.    Smart King denies the allegations in Paragraph 140.

141.    Smart King incorporates each of its previous responses as if fully set forth herein.

142.    Smart King denies the allegations in Paragraph 142.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 12 -

111394029

143.   Smart King denies the allegations in Paragraph 143.

144.   Smart King denies the allegations in Paragraph 144.

145.   Smart King denies the allegations in Paragraph 145.

146.   Smart King denies the allegations in Paragraph 146.

147.   Smart King incorporates each of its previous responses as if fully set forth herein.

148.   To the extent Paragraph 148 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 148.

149.   To the extent Paragraph 149 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 149.

150.   Smart King denies the allegations in Paragraph 150.

151.   Smart King denies the allegations in Paragraph 151.

152.   Smart King asserts that no response is required to the prayer for relief on page 28 of the Complaint.  To the extent that the paragraphs of that clause may be deemed to allege any factual or legal entitlement to the relief requested, Smart King denies each and every such allegation and specifically denies that Liu is entitled to any relief, including, but not limited to, the relief requested in subparts 1 through 11 thereof.

153. All allegations not specifically admitted or responded to are denied.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

111394029

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the defenses set forth herein where such burden would otherwise rest with Liu, Smart King alleges the following affirmative defenses to the Complaint and to the relief sought therein:

## First Affirmative Defense

## (Failure to State a Claim)

1.    Liu's Complaint fails in whole or in part to state a claim against Smart King upon which relief may be granted.

## Second Affirmative Defense

## (Fraudulent Inducement)

2.    Liu's Complaint and the claims therein fail as they rely upon contracts the Liu fraudulently induced FF and Smart King to enter.

## Third Affirmative Defense

## (Violation of Attorney-Client Privilege)

3.    Liu's Complaint is barred, in whole or in part, to the extent it relies on and exposes communications exchanged during his role as counsel for FF and FF does not waive such privilege.

## Fourth Affirmative Defense

## (Waiver)

4.    Liu's Complaint is barred, in whole or in part, by the doctrine of waiver.

## Fifth Affirmative Defense

## (Estoppel)

5.    Liu's Complaint is barred, in whole or in part, by the doctrine of estoppel.

## Sixth Affirmative Defense

## (Breach by Plaintiff)

6.    Liu's Complaint is barred, in whole or in part, due to Liu's breaches of the Employment Agreement.

- 14 -

111394029

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## Seventh Affirmative Defense

### (Failure of Conditions Precedent)

7.     Liu's Complaint is barred, in whole or in part, because he failed to meet certain conditions precedent to FF's obligations under the Employment Agreement and Smart King's obligations under the Director Agreement.

## Eighth Affirmative Defense

### (Statutes of Limitations)

8.     Liu's Complaint is barred, in whole or in part, by the statutes of limitations under applicable law and the parties' agreements.

## Ninth Affirmative Defense

### (Intervening/Supervening Cause)

9.     Liu's Complaint is barred, in whole or in part, because any alleged harm was due to intervening and/or supervening causes.

## Tenth Affirmative Defense

### (Unclean Hands)

10.     Liu's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## Eleventh Affirmative Defense

### (Contrary to Public Policy)

11.     Liu's Complaint is barred, in whole or in part, by Liu's own fraudulent and unlawful acts in violation of public policy.

## Twelfth Affirmative Defense

### (Justification)

12.     Liu's Complaint is barred, in whole or in part, because Smart King was fully justified in its conduct as a matter of fact and law.

- 15 -

111394029

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## Thirteenth Affirmative Defense

### (Failure to Mitigate Damages)

13.   Liu's Complaint is barred, in whole or in part, because he failed to mitigate his alleged damages.

## Fourteenth Affirmative Defense

### (Unjust Enrichment)

14.   Liu's Complaint is barred, in whole or in part, because any relief by Liu would constitute unjust enrichment.

## Fifteenth Affirmative Defense

### (In Pari Delicto)

15.   Liu's Complaint is barred, in whole or in part, by the doctrine of in pari delicto.

## Sixteenth Affirmative Defense

### (Breach of Fiduciary Duty)

16.   Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the fiduciary duties that he owed to FF and Smart King.

## Seventeenth Affirmative Defense

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

17.   Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the implied covenant of good faith and fair dealing in the Employment Agreement.

## Eighteenth Affirmative Defense

### (Contribution and Indemnity)

18.   Liu's Complaint is barred, in whole or in part, by the doctrines of contribution and indemnity.

111394029

**Nineteenth Affirmative Defense**

**(Reservation of Rights)**

19.     The defenses set forth herein reflect Smart King's assessment based on the information of which Smart King currently is aware.  Smart King expressly reserves, and does not waive any defenses.

WHEREFORE, Smart King respectfully requests that this Court enter judgment in its favor and against Liu, dismiss Liu's claims, and award Smart King its costs of suit and such other relief as this Court may deem appropriate.

Dated:  November 19, 2020             TROUTMAN PEPPER HAMILTON
                                      SANDERS LLP


                                      By:  /s/ Lauren E. Grochow
                                           Lauren E. Grochow
                                           Daniel Anziska
                                           Mackenzie L. Willow-Johnson

                                           Attorneys for Defendants
                                           FARADAY&FUTURE INC.,
                                           SMART KING LTD.,
                                           JIAWEI WANG, and CHAOYING
                                           DENG

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

111394029