

1  Benjamin Taylor (SBN: 240636)
   btaylor@taylorlawfirmpc.com
   THE LAW OFFICES OF BENJAMIN TAYLOR
2  A Professional Corporation
   1880 Century Park East, Suite 714
3  Los Angeles, CA 90067
   Telephone:   (310) 201 – 7600
4  Facsimile:    (310) 201 – 7601

5  Amiad Kushner (*pro hac vice*)
   Akushner@seidenlegal.com
6  Jake Nachmani (*pro hac vice*)
   jnachmani@seidenlegal.com
7  Seiden Law Group, LLP
   469 Seventh Avenue, 5th Fl.
8  New York, NY 10018
   Telephone:   (646) 766 – 1914
9  Facsimile:    (646) 304 – 5277

10 *Attorneys for Plaintiff/Counter-Defendant,*
   *Hong Liu*

11              **UNITED STATES DISTRICT COURT FOR**

12              **THE CENTRAL DISTRICT OF CALIFORNIA**

13                      **WESTERN DIVISION**

14

15

16  HONG LIU,                          **Case No:** 2:20-cv-08035-SVW-JPR

17              Plaintiff,             **PLAINTIFF'S MEMORANDUM OF
                                       POINTS AND AUTHORITIES IN
18              v.                     SUPPORT OF MOTION TO
                                       DISMISS DEFENDANT FARADAY'S
19  FARADAY&FUTURE INC.,               FIRST AND FOURTH
                                       COUNTERCLAIM AND STRIKE
20  SMART KINGLTD., JIAWEI             DEFENDANT FARADAY'S AND
                                       DEFENDANT SMART KING'S
21  WANG, and CHAOYING DENG            SECOND AFFIRMATIVE DEFENSE

22                                     Complaint filed on:

23              Defendants.            January 3, 2020

24  FARADAY&FUTURE INC.,               Counterclaim filed on:

25              Counterclaimant,       November 19, 2020

26              v.

27  HONG LIU,

28              Counter-Defendant.

-

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................................... 4

ARGUMENT ..................................................................................... 8

I. FARADAY HAS FAILED TO ADEQUATELY PLEAD FRAUDULENT
INDUCEMENT ........................................................................... 9

  A.  Faraday Has Failed To Allege An Actionable Misrepresentation .............. 9

    1.  Faraday's Counterclaim Fails To Identify Any False Statement And Is An
Impermissibly Vague Puzzle Pleading ........................................ 9

    2.  Faraday's Allegations Of Falsity Are Implausible ................................ 12

    3.  Faraday Has Failed To Plead Fraud With Specificity .............................. 14

    4.  The Alleged Misrepresentations Are Inactionable Future Promises ......... 17

  B.  Faraday Has Failed To Adequately Allege Fraudulent Intent .................. 18

  C.  Faraday's Counterclaim For Rescission Fails ................................... 20

II.  FARADAY'S AND SMART KING'S AFFIRMATIVE DEFENSE OF
FRAUDULENT INDUCEMENT SHOULD BE STRICKEN ...................... 20

CONCLUSION ................................................................................. 22

MEMORANDUM OF POINTS AND AUTHORITIES

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alexander & Baldwin, Inc. v. C&H Sugar Co., Inc.*,
 2010 WL 11508374 (C.D. Cal. Apr. 21, 2010)......................................................12

*Anthony v. Iron Mountain, Inc.*,
 2020 WL 5793449 (C.D. Cal. Sept. 25, 2020)......................................................18

*Apex Compounding Pharmacy, LLC v. eFax Corp.*,
 2017 WL 9500946 (C.D. Cal. Apr. 20, 2017)......................................................19

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)................................................................8, 13

*Bay City Surgery Ctr., Inc. v. Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Welfare Plan Bd. of Trustees*,
 2016 WL 11185299 (C.D. Cal. Aug. 31, 2016)....................................................21

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................8, 13

*Bonilla v. Nationstar Mortg., LLC*,
 2018 WL 5116243 (C.D. Cal. Jan. 4, 2018) .......................................................15

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ................8

*Cheng Jiangchen v. Rentech, Inc.*,
 2017 WL 10363990 (C.D. Cal. Nov. 20, 2017)...................................................10

*Colby v. Newman*, 2013 WL 12125529 (C.D. Cal. Aug. 29, 2013).......................14

*Depot, Inc. v. Caring for Montanans, Inc.*,
 915 F.3d 643 (9th Cir. 2019)...........................................................................15, 16

*Deutsch-Hollandische Tabakgesellschaft Mbh & Co., Kg v. Trendsettah USA, Inc.*,
 2017 WL 7080262 (C.D. Cal. June 16, 2017) .....................................................20

*Fischler Kapel Holdings, LLC, et al. v. Flavor Producers, LLC et al.*,
 2020 WL 6939887 (C.D. Cal. Nov. 25, 2020)...............................................15, 16

*Gibson Brands, Inc. v. John Hornby* Skewes & Co.,
 2014 WL 4187979 (C.D. Cal. Aug. 22, 2014)......................................................21

*Giron v. Wells Fargo Bank, N.A.*,
  2014 WL 12589628 (C.D. Cal. May 27, 2014)… ...............................................16

*Grand Fabrics Int'l Ltd. v. Melrose Textile, Inc.*,
  2018 WL 6112619 (C.D. Cal. May 14, 2018) ....................................................19

*Heber v. Toyota Motor Sales U.S.A., Inc.*,
  2017 WL 5642312 (C.D. Cal. Sept. 20, 2017)....................................................13

*Hernandez v. Select Portfolio, Inc.*,
  2015 WL 3914741 (C.D. Cal. June 25, 2015) .................................................…13

*Hsu v. UBS Fin. Servs. Inc.*, 507 F. App'x 716 (9th Cir. 2013) ...............................9

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
  2012 WL 10731957 (C.D. Cal. June 29, 2012) .................................................17

*In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541 (9th Cir. 1994) .................................10

*Kanarowski v. Bruker Nano, Inc.*,
  2019 WL 3249601 (C.D. Cal. Apr. 18, 2019)....................................................17

*Kulesa v. PC Cleaner, Inc.*,
  2012 WL 12886844 (C.D. Cal. Oct. 12, 2012) ..................................................16

*Kwan v. SanMedica Int'l*,
  854 F.3d 1088 (9th Cir. 2017).......................................................................8

*Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85 (2001) .............................................18

*Manlin v. Ocwen Loan Servicing, LLC*,
  2017 WL 8180779 (C.D. Cal. Dec. 7, 2017) ....................................................19

*Miller v. City and County of San Francisco*,
  187 Cal. App. 2d 480 (196).........................................................................16

*Min Sook Shin v. Umeken, U.S.A., Inc.*,
  2017 WL 6885380 (C.D. Cal. Oct. 26, 2017).....................................................13

-iii-

*MJC Am., Ltd. v. Gree Elec. Appliances, Inc. of Zhuhai*,
  2014 WL 12597149 (C.D. Cal. Aug. 13, 2014) ...................................................13

*Nguyen v. Endologix, Inc.*, 962 F.3d 405 (9th Cir. 2020) .........................................9

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008) ...............................................18

*Patel v. Parnes*, 253 F.R.D. 531 (C.D. Cal. 2008) ...................................................11

*Perrin v. Sw. Water Co.*,
  2010 WL 11459200 (C.D. Cal. June 30, 2010) ...................................................11

*R Power Biofuels, LLC v. Chemex LLC*,
  2016 WL 6663002 (N.D. Cal. Nov. 11, 2016)...................................................16

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) ...................17

*RePET, Inc. v. Zhao*,
  2016 WL 11634745 (C.D. Cal. Sept. 2, 2016)...................................................14

*Salameh v. Tarsadia Hotel*, 726 F.3d 1124 (9th Cir. 2013) ...............................9, 16

*Sanchez v. Aurora Loan Servs., LLC*,
  2014 WL 12589660 (C.D. Cal. June 10, 2014) ...................................................20

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)...........................12

*Stadco Acquisition LLC v. Aerospace Holdings Inc.*,
  2016 WL 9343762 (C.D. Cal. Sept. 21, 2016)...................................................20

*Stretch Lab Franchise, LLC v. Stretch Lab, LLC*,
  2019 WL 2279388 (C.D. Cal. Mar. 4, 2019) ......................................9, 11, 17, 18

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) .............................................14

*Tanedo v. E. Baton Rouge Parish School Bd.*,
  2012 WL 5447959 (C.D. Cal. Oct. 4, 2012) ...................................................18

*Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18 (1985)...................................................18

-iv-

*Trademark Holdings of Illinois, LLC v. Kings Two Dental Supply*,
    2009 WL 10674423 (C.D. Cal. Aug. 20, 2009) ...................................................21

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015) ...........................................................16, 19

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................9

*Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231 (N.D. Cal. 1998) ..............................15

*Werner v. Am. Int'l Grp., Inc.*, 201 F.3d 446 (9th Cir. 1999) ..................................9

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010).......................20

*Richard P. v. Vista Del Mar Child Care Serv.*,
    106 Cal. App. 3d 860 (1980) .............................................................................17

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................*passim*

Fed. R. Civ. P. 12(b)(6) ..........................................................................8, 9

Fed. R. Civ. P. 12(f)...............................................................................4, 20

MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu"), by his undersigned counsel and pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, submits this memorandum of points and authorities in support of his motion to dismiss Faraday&Future Inc.'s first and fourth counterclaim in its Counterclaim (ECF 72) and his motion to strike Faraday&Future Inc.'s and FF Intelligent Mobility Global Holdings Ltd.'s (f/k/a Smart King Ltd. ("Smart King")) Second Affirmative Defenses in their Answers (ECF 68 & 70) (as to Plaintiff's motions collectively, the "Motion").[1]

## PRELIMINARY STATEMENT

By this Motion, Plaintiff seeks to dismiss or strike defendants' deficiently pled, implausible, and self-refuting counterclaims and defenses based on "fraudulent inducement." In the Complaint, Plaintiff, an eminently educated, highly respected, and nationally accoladed attorney with blue chip clients and significant deal flow, alleged that, beginning in the fall of 2017, he was fraudulently induced by Yueting Jia ("Jia") and Defendants to leave his senior equity partnership position at Mayer Brown and join Faraday&Future Inc. ("Faraday" or the "Company") as Faraday's General Counsel.[2] Specifically, in order to induce Plaintiff to leave his lucrative and sophisticated law practice, Defendants knowingly made materially false and misleading representations to Plaintiff about, *inter alia*, the value of Plaintiff's employment compensation in the form of equity options in Smart King, Faraday's parent company, representing that Smart King had already received a $2 billion investment from Evergrande Health

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Complaint (ECF 1) and Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF 25). "¶___" are references to paragraphs in the Complaint. "CC ¶___" are references to the paragraphs in Faraday's Counterclaim (ECF 72). "Answer ¶___" are references to the paragraphs in Faraday's Answer (ECF 68). References to "Nachmani Decl." are to the Declaration of Jake Nachmani and the exhibit attached thereto. Unless otherwise noted, all emphasis is added, and all internal quotations and citations are omitted.

[2] Mr. Jia is presently not a party to this matter due to the automatic stay in his personal bankruptcy case, which is currently pending before the United States Bankruptcy Court for the Central District of California, *In re Yueting Jia*, 2:19-bk-24804-VZ (Bankr. C.D. Cal.).

Industry Group Ltd. ("Evergrande").   Pursuant to that investment, Plaintiff's equity compensation would have been worth approximately $90 million.

That purported investment was, however, a lie.  Smart King had received nothing close to the $2 billion – and never would.  In reliance on Defendants' misrepresentations about, *inter alia*, his compensation package and the financial viability of Faraday, Plaintiff resigned from Mayer Brown in February 2018 and subsequently joined Faraday as the Company's General Counsel.  Plaintiff discovered the truth about Defendants' fraud too late and suffered damages as a result, leading to the filing of this lawsuit.

Now, by its first counterclaim for fraudulent inducement and its fourth counterclaim for rescission of the Employment Agreement (collectively, "Counterclaim"), Faraday seeks to avoid its obligations to Mr. Liu by claiming that black is white and up is down.  Faraday maintains that it was not Jia and Defendants who fraudulently induced Plaintiff, but rather that it was Plaintiff who perpetrated the fraud against Faraday, fraudulently inducing the Company to hire him.

This is nonsense.  Defendants chose not to seek dismissal of any of Plaintiff's claims in the Complaint, including his claims that Defendants fraudulently induced him into leaving his law partnership and that Defendants committed securities fraud in violation of the federal securities laws, implicitly conceding that Plaintiff's allegations were adequately pled.  Instead, Faraday has resorted to taking cheap pot shots at Plaintiff, filing the Counterclaim and forcing Plaintiff to respond to this meritless attack on his credibility and reputation.

By this Motion, Plaintiff responds accordingly. Faraday's Counterclaim, sounding in fraud and thus subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), fails and should be dismissed for all of the following reasons.

*First,* Faraday's Counterclaim is so inadequately pled that it is unclear what facts Faraday alleges to be false and how those facts give rise to Mr. Liu's purported liability.

MEMORANDUM OF POINTS AND AUTHORITIES

Given these vagaries, Plaintiff is unsure to what specifically he must respond and how. The Counterclaim amounts to a puzzle pleading and should be dismissed as such.

*Second*, to the extent the Counterclaim alleges a theory of liability, such a theory is absurd.  In order for Faraday's theory to make sense, Mr. Liu, the impeccably credentialed, respected, and nationally accoladed senior equity partner and former senior executive at two investment banks, must have somehow lied to his former colleagues, adversaries, and clients about who he really was and what he was capable of doing, skating by on an upward career trajectory, all the while not having the necessary professional experience and expertise to achieve such success – and manage to not get found out in the process. The Court should not waste any time considering these implausible allegations.

*Third*, Faraday's Answer contradicts its Counterclaim.  Faraday alleges in its Answer, that it "lacks the knowledge or information sufficient to form a belief" as to numerous allegations in the Complaint.  These allegations concern Mr. Liu's educational background, professional background and experience, professional accomplishments, honors and awards, his roles and duties at the investment banks and law firms where he worked prior to joining Faraday, and his deal flow and client size. And yet, by its Counterclaim, Faraday appears to allege, albeit with impermissible vagueness, that Plaintiff misrepresented those same topics to Faraday.  The Company cannot plausibly allege that Mr. Liu's representations were false and at the same time allege that it does not have a basis to know whether these same facts are true or false.

*Fourth*, Faraday has failed to plead its fraudulent inducement claim with specificity.  Faraday improperly and impressionistically distills and summarizes what Mr. Liu purportedly said when it is required to plead the specific content of Mr's Liu's actual representations.  Additionally, Faraday does not allege when these purported statements were made, failing to provide even a general time period for their issuance.

*Fifth*, even if Faraday properly identified a misrepresentation by Mr. Liu, which it has not, any such misrepresentation would amount to a purported promise by Mr. Liu

to perform as Faraday's General Counsel in accordance with his experience and expertise.  Such a misrepresentation is not actionable and cannot be the basis for fraud under controlling California and Ninth Circuit law.

*Sixth*, Faraday's fraudulent inducement claim fails because Faraday's allegations of scienter and fraudulent intent are woefully lacking.  Faraday is required to plead specific facts that give rise to an inference of Mr. Liu's state of mind; it has not done so.  Instead, Faraday has mechanically recited threadbare and conclusory allegations concerning what Mr. Liu knew and intended; this is inadequate.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule 12(f)"), Faraday's and Smart King's second affirmative defense of fraudulent inducement ("Affirmative Defense") should be stricken.  Maintaining a defense for fraudulent inducement against Mr. Liu, Faraday and Smart King are obligated to plead that defense with particularity pursuant to Rule 9(b).  Instead, their Affirmative Defense is one sentence long and is devoid of any specific allegations whatsoever.  It fails on its face.

For all these reasons, Plaintiff's Motion should be granted in its entirety.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### The Complaint

Plaintiff filed the Complaint (ECF 1) in the Southern District of New York ("SDNY") on January 3, 2020.  Plaintiff alleged that he, a respected senior equity partner at Mayer Brown LLP ("Mayer Brown") with a degree from Harvard Law School (and an MBA from the University of Oxford), was fraudulently induced by Faraday and the other Defendants to leave his prestigious and lucrative China-based law practice, known for its high-profile clients, large deal sizes, and continuing and repeat business and join Faraday as its General Counsel.  ¶¶1-5; 15-27.  Indeed, it was specifically because of Plaintiff's professional experience, reputation, and success that Defendants sought to recruit Plaintiff; for years, Faraday had been, without success, seeking to develop and market a viable electric car, and the addition of Plaintiff, a globally-

respected professional with decades of experience, would bolster Faraday's credibility with its stakeholders.  ¶¶27-29.

But inducing Plaintiff to leave behind his law practice while he was at the pinnacle of his career required Defendants to offer Plaintiff a cash and equity compensation package that was superior to what Plaintiff was earning at Mayer Brown. ¶¶27, 33.  Accordingly, in October 2017, Defendants offered Plaintiff equity options in Smart King, Faraday's parent company, that were equal to two percent of the total equity in Smart King, equity valued at $43 million.  ¶34.

To sweeten the deal and lead Plaintiff to believe that Faraday could make good on its compensation commitments to Plaintiff, during the course of numerous employment negotiation meetings held in January 2018, Jia, Faraday's then-CEO, and Defendants represented that, through a private Series A offering, Smart King had already received $2 billion in funding from Evergrande Health Industry Group Ltd. ("Evergrande") at a valuation of $4.5 billion (as to the investment, the "Evergrande Transaction").  ¶¶35-38.  Pursuant to that investment, Plaintiff's Smart King Options were purportedly worth $90 million.

During the course of these employment negotiations, Jia, and his agents at Faraday, made a number of additional misrepresentations to Plaintiff concerning the compensation and benefits Plaintiff would have upon joining Faraday, all of which were explicitly incorporated into the Employment Agreement and Director Compensation Agreement.  ¶¶41, 57-58.  In reliance on these representations, in February 2018, Plaintiff resigned from Mayer Brown and began working for Faraday.  ¶59

What Plaintiff did not know was that these representations were lies.  For example, as to Defendants' representations about the $2 billion investment from Evergrande, Plaintiff subsequently learned that, despite Defendants' repeated assurances that Evergrande had purportedly already invested $2 billion in Smart King, in reality, Evergrande had invested only $300 million.  Evergrande would invest only $800 million before terminating its relationship with Smart King.  ¶¶39-40, 53.  Given

the $1.7 billion difference in funding, Plaintiff's equity in Smart King was worth materially less than Defendants had represented.

## The Motion To Dismiss

Defendants filed their motion to dismiss the Complaint for lack of personal jurisdiction or, in the alternative, to transfer the case to Central District of California, on February 14, 2020. (ECF 20-23) ("Motion to Dismiss").  Notably, Defendants did not challenge the adequacy of any of Plaintiff's claims, including fraudulent inducement and violations Section 10(b) of the Securities Exchange Act of 1934, conceding that those claims were adequately pled under the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act of 1995.  That notwithstanding, given the case's substantial nexus to California, on August 26, 2020, the court transferred the case to the Central District of California where the matter is now pending before this Court.  ECF 39.

## Faraday's Counterclaim

On November 19, 2020, Faraday filed its Counterclaim, bringing claims against Mr. Liu for, *inter alia*, fraudulent inducement and rescission of the Employment Agreement.  Despite its prior concession that Plaintiff's fraud claims against Faraday were adequately pled, in Faraday's view, it is Plaintiff who has committed fraud.

By its Counterclaim, Faraday alleges that Mr. Liu fraudulently induced Faraday to hire Plaintiff as Faraday's General Counsel and Global Chief Administrative Officer. *See* CC ¶¶6-18.  In connection with this fraud, according to Faraday, Mr. Liu made false statements to Faraday, upon which Faraday relied in hiring Mr. Liu.  *See* CC ¶¶6-15. Without specifying which of the statements made by Mr. Liu before the Employment Agreement was signed were false and why, Faraday conclusorily alleges that Mr. Liu must have lied about his qualifications because, after Faraday had hired him, he allegedly could not perform on the job.  *See* CC ¶¶24-45.

Faraday's allegations are astoundingly vague.  For example, Faraday alleges that Mr. Liu made representations about the professional positions Mr. Liu had held in China and the U.S., including working for the Chinese government as well as at prestigious global law firms and investment banks (CC ¶¶7, 10-11); his duties at these various positions (CC ¶¶7, 9-11); his areas of expertise, including securities regulations, capital financing, cross-border transactions,  mergers and acquisitions, and regulatory disputes (CC ¶9); the industries in which he had extensive experience, including financial institutions, transportation, energy, manufacturing, and technology (CC ¶9); and that, having worked as a managing director at two investment banks, Mr. Liu had extensive business contacts (CC ¶11).

However, Faraday does not specifically allege whether any of these statements in, whole or in part, are false – or why.  Faraday does not quote Mr. Liu or provide any of his actual representations; instead, Faraday summarizes what Mr. Liu purportedly said based on Faraday's impression of the supposed representation.  Additionally, Faraday does not allege when any of these purported statements were made, failing to provide even a general time period.  Accordingly, Plaintiff is left to guess as to what Faraday is alleging, forcing Plaintiff to shoot in the dark in response to Faraday's factual allegations and its theory of liability.

**Faraday's Answer And Faraday's And Smart King's Affirmative Defense**

On November 19, 2020, the same day that Faraday filed the Counterclaim, Faraday answered the Complaint (ECF 68) ("Answer").  For the purposes of this Motion, Faraday's Answer is notable for at least two reasons.

*First*, and as more fully set forth below and in Exhibit 1 to this Motion, Faraday alleges in its Answer that it "lacks the knowledge or information sufficient to form a belief" as to numerous allegations in the Complaint concerning Plaintiff's educational background, professional background and experience, accomplishments, honorary awards, his roles and duties at the investment banks and law firms where he worked

prior to joining Faraday, and his deal flow and client size.  *See* Answer ¶¶10-26.  And yet, by its Counterclaim, Faraday alleges that Plaintiff purportedly misrepresented those same topics to Faraday.

*Second*, Faraday in its Answer and Smart King in its substantively identical answer (ECF 70), set forth their second affirmative defense, a defense of fraudulent inducement against Mr. Liu ("Affirmative Defense").  *See* Answer ¶2 of Affirmative Defenses; ECF 70.  That defense is but one conclusory statement.  *Id*.

For the reasons set forth below, Faraday's counterclaims for fraudulent inducement and rescission of the Employment Agreement should be dismissed and Faraday's and Smart King's affirmative defense of fraudulent inducement should be stricken.

## **ARGUMENT**

A court will dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or for insufficient facts pleaded to support an otherwise cognizable legal theory.  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  To avoid dismissal, the factual "allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*").

Accusations of fraud require a heightened particularity in pleading.  *See* Fed. R. Civ. P. 9(b).  Rule 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud."  The "circumstances" required by Rule 9(b) are the "who, what, when, when, where, and how" of the fraudulent activity.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). This heightened pleading standard ensures that allegations of fraud are specific enough to give respondents notice of the particular misconduct to defend against the charge and

not just deny that they have done anything wrong.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

As set forth below, pursuant to Rules 12(b)(6) and 9(b), Faraday has failed to adequately allege its fraudulent inducement counterclaim and, accordingly, has also failed to do so for its rescission counterclaim.

# I.   FARADAY HAS FAILED TO ADEQUATELY PLEAD FRAUDULENT INDUCEMENT

The elements of a fraudulent inducement claim are: (a) misrepresentation; (b) scienter; (c) intent to defraud; (d) justifiable reliance; and (e) resulting damage.  *Werner v. Am. Int'l Grp., Inc.*, 201 F.3d 446 (9th Cir. 1999).  Notwithstanding that Faraday has failed to allege reliance and damages, the following demonstrates that Faraday has failed to adequately allege the first three elements: falsity, scienter, and intent.

## A. Faraday Has Failed To Allege An Actionable Misrepresentation

Pursuant to Rule 9(b), allegations of fraud, including fraudulent inducement, must set forth the "circumstances" of the fraud, including the "who, what, when, when, where, and how" of the fraudulent activity.  *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013); *see Stretch Lab Franchise, LLC v. Stretch Lab, LLC*, 2019 WL 2279388, at *2 (C.D. Cal. Mar. 4, 2019) (applicable to counterclaim of fraudulent inducement).  Claims of fraud under Rule 9(b) must also be plausible.  *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 415 (9th Cir. 2020).  Faraday has failed to meet these pleading standards.

### 1.   Faraday's Counterclaim Fails To Identify Any False Statement And Is An Impermissibly Vague Puzzle Pleading

Under Rule 9(b), a pleading "must set forth what is false or misleading about a statement, and why it is false."  *Hsu v. UBS Fin. Servs. Inc.*, 507 F. App'x 716, 717 (9th Cir. 2013).  A pleading will be dismissed where it forces the non-moving party and the

court to sort out the alleged false statements and match them with the corresponding alleged facts to interpret the claims. *Cheng Jiangchen v. Rentech, Inc.,* 2017 WL 10363990, at \*5 (C.D. Cal. Nov. 20, 2017).  Dismissal is appropriate for this type of "puzzle pleading," as attempting to sort out allegations wastes judicial resources and undermines the requisite notice for the responding party. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1554 (9th Cir. 1994) (noting that "a complaint is not a puzzle" and that courts should not hold the responsive party accountable for "the burden of solving puzzles in addition to the burden of formulating an answer").

Here, Faraday's Counterclaim fails to specifically identify which representations made by  Mr. Liu were purportedly false and why.  For example,  Faraday alleges that:

- "Liu represented he could be FF's Global Chief Administrative Officer and General Counsel who would guide FF toward financial stability and an IPO."  CC ¶6;

- "Liu represented that, in the 1990s, he served as General Counsel and Director-General of the China Securities Regulatory Commission.  In that role, he claimed to have been the lead professional regulator responsible for drafting, interpreting, and administering China's capital and securities market rules.  He represented that he led the working group for drafting and enacting China's first securities law.  He also purportedly served as a key member of the stock issuance examination board appointed by the State Council."  CC ¶7;

- Liu "was 'instrumental in connecting Mayer Brown's offices in Asia, Europe and the Americas.'  In his roles at Mayer and prior law firms, Liu claimed to have represented clients in all major categories of transactions."  CC ¶10; and

- "Liu represented to FF that he also had extensive connections in both the U.S. and China and could provide tremendous assistance to FF's development.  Liu described his investment banking background, having worked as a managing director of two U.S. investment banks to support his ability to provide such assistance."  CC ¶14.

These allegations are inadequately pled.  *First*, Faraday does not explain which if any of these representations are false – to the extent that Faraday is even alleging that any are actionable.  None of these allegations, all of which contain multiple sentences with numerous ideas and multiple purported representations, is identified as being false when made.

And *second*, Faraday has failed to allege why these statements are false.  For example, it is unclear if  Faraday is maintaining that: (i) Mr. Liu never actually held the positions he represented to have had at the various investment banks and law firms listed on his CV; (ii) Mr. Liu misrepresented the clients for whom he had worked; (iii) Mr. Liu misrepresented the scope of his representation of these clients and misrepresented the transactions he oversaw and/or transaction areas of which he had expertise; (iv) he did not serve as the General Counsel and Director-General of the China Securities Regulatory Commission, and, in that role did not lead the working group responsible for drafting and enacting China's first securities law; (v) Mr. Liu did not have  extensive business connections; or (vi) he did not have the professional skill-set and experience he represented as having.

Thus, Mr. Liu is forced to respond to  an impermissibly vague "puzzle pleading." Rule 9(b) protects Mr. Liu from having to guess, warranting dismissal.  *See Patel v. Parnes*, 253 F.R.D. 531, 551-52 (C.D. Cal. 2008) (complaint dismissed where plaintiffs "left it up to defendants and the court to try to figure out exactly what the misleading statements [were], and to match the statements up with the reasons they [were] false or misleading."); *Perrin v. Sw. Water Co.*, 2010 WL 11459200, at *9 (C.D. Cal. June 30, 2010) (impermissible puzzle pleading where multiple statements were alleged to be false without specifying which individual statements were false and why); *see Stretch Lab Franchise, LLC v. Stretch Lab, LLC*, 2019 WL 2279388 at *5 (dismissing counterclaim based on failure to specifically allege why misrepresentation was false when made).

### 2. Faraday's Allegations Of Falsity Are Implausible

Faraday's Counterclaim fails under Rule 9(b) because it is implausible for at least two reasons: (i) its theory of falsity, to the extent that one is even alleged, defies logic and is entirely conclusory; and (ii) Faraday contradicts its allegations in the Counterclaim with its own allegations in its Answer.

*First*, as to Faraday's theory of falsity, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where a party alleges implausible facts, a court will disregard those allegations and dismiss the claim. *See Alexander & Baldwin, Inc. v. C&H Sugar Co., Inc.*, 2010 WL 11508374, at *7 (C.D. Cal. Apr. 21, 2010) (dismissing counterclaim based on implausible premise).

As a preliminary matter, it is implausible for Faraday to allege, with no specificity, that Mr. Liu misrepresented his background and experience.   Mr. Liu is a globally respected, well-known lawyer who has worked for decades in senior positions in government and the private sector, including as a partner with leading U.S. law firms. *See* ¶¶1, 8, 20-26.  Faraday cannot seem to avoid this conclusion when it admits that someone close to Faraday recommended Mr. Liu as a "'top notch' capital fundraiser and attorney."  CC ¶5.

If what Faraday is alleging is true – if Mr. Liu's representations about his professional experience, and/or expertise, skill, clients, and deal flow were false – then, by Faraday's reasoning, Mr. Liu had to have duped his prior law firms where he was a senior equity partner and the investment banks where he was a managing director into believing that he was someone he was not.  He would have had to have misled his clients that he had the legal and financial experience necessary to provide them with exceptional representation.  The transactions for which he represented his clients must have been negotiated and have closed to his clients' benefit, notwithstanding Mr. Liu's

lack of experience.  The accolades he was awarded, including from *The National Law Journal* and *Businessweek* (¶¶19, 24), and the respect he earned from his colleagues (¶¶25-26) must have been undeserved.  And Mr. Liu would have had to have pulled the wool over everyone's eyes for decades.

Faraday's theory of falsity is absurd and should be disregarded as such.  *See Min Sook Shin v. Umeken, U.S.A., Inc.*, 2017 WL 6885380, at *9 n. 14 (C.D. Cal. Oct. 26, 2017) (noting that a court need not accept as true implausible allegations); *MJC Am., Ltd. v. Gree Elec. Appliances, Inc. of Zhuhai*, 2014 WL 12597149, at *7 (C.D. Cal. Aug. 13, 2014) (implausibility of allegations warranted dismissal).

*Second*, contradictory allegations "are inherently implausible, and fail to comply with Rule 8, *Twombly*, and *Iqbal*."  *See Hernandez v. Select Portfolio, Inc.*, 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015).  Dismissal of contradictory allegations is appropriate because they "fail to provide fair notice of the nature of the claims as well as the grounds on which the claims rest."  *Heber v. Toyota Motor Sales U.S.A., Inc.*, 2017 WL 5642312, at *2 (C.D. Cal. Sept. 20, 2017).

Here, Faraday's Answer contradicts its Counterclaim.  In its Answer, filed within just minutes of its Counterclaim, Faraday alleges that it "lacks the knowledge or information sufficient to form a belief" as to Plaintiff's allegations concerning his educational background, professional background and experience, accomplishments, honorary awards, his roles and duties at the investment banks and law firms where he worked prior to joining Faraday, and his deal flow and client size.  *See* Answer ¶¶10-26.  Indeed, Faraday maintains that it lacks the knowledge to form a belief as to the following specific allegations from the Complaint:

- "Mr. Liu is a New York-based attorney with decades of experience in global legal, business and financial industries.  He is one of the most experienced lawyers in New York in handling complex cross border matters involving the People's Republic of China ('PRC')."  ¶15.

- "Mr. Liu developed one of the most active and successful China and Asia-related practices in the United States, representing many of the most prominent PRC financial institutions in significant transactions. Mr. Liu's client base included numerous financial giants in the PRC, as well as leading companies in a wide range of industries in the PRC including transportation, infrastructure, manufacturing, insurance, and private equity."  ¶23.

- "Within Mayer Brown, Mr. Liu's practice was recognized for its high profile clients, large deal sizes, continuing and repeat business, and optimal realization rates.  In each year of his tenure at Mayer Brown, Mr. Liu was promoted within the firm's equity partnership, rising to senior partner."  ¶27.[3]

Faraday cannot have it both ways.  It cannot plausibly allege that what Mr. Liu has represented about his professional experience and expertise was false and at the same time allege that it lacks knowledge or information sufficient to form a belief as to whether these same facts are true or false.  These contradictions render Faraday's Counterclaim implausible, warranting dismissal.  *See RePET, Inc. v. Zhao*, 2016 WL 11634745, at *5 (C.D. Cal. Sept. 2, 2016) (dismissing complaint because allegations concerning perpetrating the fraud at issue and the results of the fraud were contradictory); *Colby v. Newman*, 2013 WL 12125529, at *7 n. 11 (C.D. Cal. Aug. 29, 2013) (dismissing complaint because contradictory allegations made in complaint and opposition to motion to dismiss "suggest that [fraud claim] is not grounded in any plausible facts.").

### 3.  Faraday Has Failed To Plead Fraud With Specificity

A pleading sounding in fraud will be dismissed where it does not plead the alleged misrepresentations with specificity – that is including the "time, place, and specific content of the false representations."  *Swartz v. KPMG LLP*, 476 F.3d 756,

---

[3] Exhibit 1 to this Motion fully sets forth the allegations Faraday had made in its Answer that contradict its Counterclaim.

764 (9th Cir. 2007).  Faraday's allegations fail to plead the required specificity for at least two reasons.

*First,* claims sounding in fraud must specify the "details" of the alleged misrepresentations, including the "specific content" of the misrepresentations.  *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019); *see Bonilla v. Nationstar Mortg., LLC*, 2018 WL 5116243, at *3 (C.D. Cal. Jan. 4, 2018) (dismissing complaint because plaintiff generally alleged purported misrepresentations and not the "specific contents  of those misrepresentation").  Paraphrasing a purported misrepresentation is insufficient; one must allege what was "actually said."  *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1247 (N.D. Cal. 1998) (dismissing complaint because, rather than allege what defendant actually said, complaint "repackage[d] defendants' actual oral statements in vague and impressionistic terms").

Here, Faraday fails to plead this specific content.  For example, Faraday alleges:

- "Liu represented he could be FF's Global Chief Administrative Officer and General Counsel who would guide FF toward financial stability and an IPO."  CC ¶6;

- "Liu represented that, in the 1990s, he served as General Counsel and Director-General of the China Securities Regulatory Commission.  In that role, he claimed to have been the lead professional regulator responsible for drafting, interpreting, and administering China's capital and securities market rules."  CC ¶7; and

- As to Mr. Liu's experience at Mayer Brown, Faraday alleges that "Liu claimed to have represented clients in all major categories of transactions."  CC ¶10.

These purported misrepresentations are not Mr. Liu's words.  Instead, they are Faraday's summaries and/or impressions of what Mr. Liu purportedly said to Faraday.  This is insufficient, and dismissal is warranted.  *See Fischler Kapel Holdings, LLC, et al. v. Flavor Producers, LLC et al.,* 2020 WL 6939887, at *6 (C.D. Cal. Nov. 25, 2020)

(where plaintiffs did not "specifically allege the content" of the purported misrepresentations, such allegations were "utterly deficient and cannot support fraudulent inducement claims"); *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1107 (C.D. Cal. 2015) (dismissing counterclaim because generalized allegations of what was purportedly misrepresented were too vague to satisfy Rule 9(b)); *Kulesa v. PC Cleaner, Inc.*, 2012 WL 12886844, at *5 (C.D. Cal. Oct. 12, 2012) (dismissing complaint because complaint did not allege what defendant "actually said[,]" but rather paraphrased purported misrepresentation).

*Second*, allegations concerning misrepresentations must specify when the purported false statement was made. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (allegations of fraud "fell short of Rule 9(b)'s standard because they did not identify when defendants made the representations that Plaintiffs purport to be false"). Allegations as to when false statements were made must be specific and cannot be general assertions of periods of time. *See Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d at 668 (dismissing complaint where plaintiff failed to allege specific date on which false statements were made).

Here, Faraday has failed to provide any specific dates as to when any of the purported misrepresentations were made. No year, month, or day is alleged. This is insufficient and warrants dismissal. *See Fischler Kapel Holdings, LLC, et al. v. Flavor Producers, LLC,* 2020 WL 6939887 at *6 (noting that failing to "specify the time and date" of the alleged misrepresentations is grounds for dismissal); *R Power Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002, at *13 (N.D. Cal. Nov. 11, 2016) (specifying an eight-month time-frame during which misrepresentations were alleged to have been made is not specific enough under pleading standard); *Giron v. Wells Fargo Bank, N.A.*, 2014 WL 12589628, at *4 (C.D. Cal. May 27, 2014) (holding that allegations that false statements were made at some unspecified time were insufficiently pled).

### 4.  The Alleged Misrepresentations Are Inactionable Future Promises

Under California Law, "a mere promise of a future performance ... is not actionable [as fraud]." *Miller v. City and County of San Francisco*, 187 Cal. App. 2d 480, 483 (196).  "[T]he breach of a contractual promise of future performance typically does not constitute a misrepresentation that will support an action for fraud."  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 691 (9th Cir. 2011).  "Representations as to expectations and predictions as to future results or events cannot support a fraud claim."  26 *Williston on Contracts* § 69:11 (4th ed.); *Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 865 (1980) ("Fraudulent representations, to constitute ground for relief, must be as to existing and material facts; predictions of future events are ordinarily considered nonactionable expressions of opinion.").

Here, notwithstanding the Counterclaim's vagueness, one theory of falsity which Faraday may be putting forth may concern Mr. Liu's not following through on a purported promise he made to Faraday concerning the professional skills and experience he would bring to Faraday.  For example, Faraday alleges that:

- As to the duties which Jia purportedly claimed Faraday's future General Counsel would need, "Liu affirmed that he could fill all of those roles and possessed the requisite experience to do so." (CC ¶13); and

- As to additional value Mr. Liu purportedly claimed to offer Faraday, "Liu could provide tremendous assistance to FF's development." (CC ¶14).

Following the "Ninth Circuit rule that the failure to honor a contractual obligation does not transform the original contract into a tortious misrepresentation," these purported representations, even if false, cannot form the basis of a fraud claim against Mr. Liu and should be dismissed.  *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 2012 WL 10731957, at *7 (C.D. Cal. June 29, 2012); *see also Stretch Lab Franchise, LLC v. Stretch Lab, LLC*, 2019 WL 2279388 at *4 (noting that, as to

promissory fraud claim, allegations of failure to perform under an agreement are "simply not good enough for such a claim"); *Kanarowski v. Bruker Nano, Inc.*, 2019 WL 3249601, at *1 (C.D. Cal. Apr. 18, 2019) (fraud allegations failed where plaintiff offered "only events that occurred after" the signing of the agreement at issue to demonstrate the falsity of the statements made prior to entering into the agreement).

**B. Faraday Has Failed To Adequately Allege Fraudulent Intent**

Under California law, which governs Faraday's fraudulent inducement claim, fraudulent intent is a required element. *See Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93, 111 (2001). Intent is the intent to defraud or induce reliance on the alleged false statements. *Id.* Under California law, "something more than nonperformance is required to prove the defendant's intent not to perform his promise." *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985). This "something more" cannot simply be an "allegation that the defendant never intended to keep her promise." *Tanedo v. E. Baton Rouge Parish School Bd.*, 2012 WL 5447959, at *8 (C.D. Cal. Oct. 4, 2012). Rather, there must be "facts from which an inference of scienter could be drawn." *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 968 (N.D. Cal. 2008). A court cannot make this inference without "specific factual allegations" of the speaker's state of mind. *Anthony v. Iron Mountain, Inc.*, 2020 WL 5793449, at *12 (C.D. Cal. Sept. 25, 2020).

Faraday's Counterclaim fails to adequately allege Mr. Liu's scienter and fraudulent intent. As a preliminary matter, Mr. Liu did not have scienter or fraudulent intent because Mr. Liu never misrepresented his professional experience or expertise to Faraday.

Nevertheless, even assuming that any alleged contractual promises were false, which they are <u>not</u>, Faraday has failed to set forth adequate specific facts concerning Mr. Liu's intent not to perform his purported promises when those promises were made. *First*, Faraday's theory of Mr. Liu's purported scienter and fraudulent intent rests

entirely on his purported subsequent nonperformance.  *See* CC ¶¶24-42 (listing purported examples of how Mr. Liu failed to live up to his representations that he could adequately perform as Faradays' General Counsel).  However, such allegations are inadequate to allege scienter or intent.  *See* Section I.4; *Stretch Lab Franchise, LLC v. Stretch Lab, LLC*, 2019 WL 2279388 at *4 (dismissing counterclaims on scienter and intent grounds because "allegations of knowledge of falsity and intent to defraud are almost automatically deficient where all one is able to plead is nonperformance."); *Grand Fabrics Int'l Ltd. v. Melrose Textile, Inc.*, 2018 WL 6112619, at *2 (C.D. Cal. May 14, 2018) ("nonperformance alone will not support a finding of promissory fraud."); *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d at 1109 ("intent not to perform cannot be proved simply by showing a subsequent failure to perform.") (citing authorities).

   *Second*, the totality of Faraday's state-of-mind allegations are as follows:

- "Liu intentionally misrepresented his credentials, experience, and connections to fraudulently induce FF to hire him in the roles of Global General Counsel, Global Chief Administrative Officer, Global Senior Advisor, and Senior Board Member, and offer him two lucrative employment contracts." CC ¶1.

- "Liu knew these representations were false when he made them, or he made those representations without regard for their truth."   CC ¶50.

- "Liu intended that FF rely on those representations and made those representations to induce FF to hire him and to enter the Employment Agreement with him." CC ¶51.

   Rather than allege specific facts, as it is required to do, Faraday has alleged only impermissibly conclusory and threadbare recitals of the elements of its fraudulent inducement claim.  This is not enough and dismissal is accordingly appropriate.  *See Manlin v. Ocwen Loan Servicing, LLC*, 2017 WL 8180779, at *4 (C.D. Cal. Dec. 7, 2017) (dismissing complaint because allegations of intent were merely conclusory

recitals of the elements of the cause of action, including "Defendant['s] promises and representations ... were false, and were known, or should have been known, to be false at the time they were made, or were made by defendant[ ] in reckless disregard of the truth."); *Apex Compounding Pharmacy, LLC v. eFax Corp.*, 2017 WL 9500946, at \*4 (C.D. Cal. Apr. 20, 2017) (dismissing complaint where plaintiff provided only conclusory allegations recited from the elements of the cause of action as to defendant's intent not to fulfill the promise at issue); *Sanchez v. Aurora Loan Servs., LLC*, 2014 WL 12589660, at \*19 n. 129 (C.D. Cal. June 10, 2014) (noting that allegations such as that defendant "made the promises with no intent to perform" would be insufficient to plead the speaker's fraudulent state of mind "absent some facts tending to show that defendants in fact intended to defraud"); *Stadco Acquisition LLC v. Aerospace Holdings Inc.*, 2016 WL 9343762, at \*6 (C.D. Cal. Sept. 21, 2016) (dismissing complaint for lack of scienter because plaintiff failed to allege "any particular facts" concerning the knowing falsity of its statements).

## C. Faraday's Counterclaim For Rescission Fails

Faraday has failed to adequately allege its counterclaim for rescission of the Employment Agreement.  As a cause of action,  Faraday's rescission counterclaim is premised and dependent upon its fraudulent inducement counterclaim.   Accordingly, dismissal of the latter requires dismissal of the former.   Moreover, a standalone cause of action for rescission does not exist – it is at best a remedy for Faraday's fraudulent inducement claim.

## II.   FARADAY'S AND SMART KING'S AFFIRMATIVE DEFENSE OF FRAUDULENT INDUCEMENT SHOULD BE STRICKEN

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues

prior to trial.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

A court may strike an affirmative defense if it is insufficiently pled.  *Deutsch-Hollandische Tabakgesellschaft Mbh & Co., Kg v. Trendsettah USA, Inc.*, 2017 WL 7080262, at *2 (C.D. Cal. June 16, 2017).  A party pleading an affirmative defense sounding in fraud must allege that affirmative defense subject to the heightened pleading standards of Rule 9(b).  *See Gibson Brands, Inc. v. John Hornby* Skewes & Co., 2014 WL 4187979, at *6 (C.D. Cal. Aug. 22, 2014); *see also Bay City Surgery Ctr., Inc. v. Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Welfare Plan Bd. of Trustees*, 2016 WL 11185299, at *3 (C.D. Cal. Aug. 31, 2016) ("in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.").

Here, Faraday and Smart King fail to plead their Affirmative Defense of fraudulent inducement with the required particularity.  The entirety of their Affirmative Defense is one sentence: "Liu's Complaint and the claims therein fail as they rely upon contracts the Liu fraudulently induced FF to enter."  Answer ¶2 of Affirmative Defenses.  Nothing about this single conclusory statement comes close to adequately alleging with particularity the circumstances constituting the fraud which Faraday maintains Mr. Liu perpetrated.  Even if the allegations set forth in the Counterclaim were incorporated by reference into the Affirmative Defense, which they are not, the Affirmative Defense would still be lacking for all the reasons sets forth above in Sections I.A-B.  Accordingly, the Affirmative Defense should be stricken.  *See Gibson Brands, Inc. v. John Hornby Skewes & Co.*, 2014 WL 4187979 at *6 (striking affirmative defense of fraud because "[n]ot only does Defendant neglect to state 'the who, what, when, where, and how' of the purported fraud … Defendant's conclusory assertion provides neither the 'nature' nor the 'grounds' for the fraud such that Plaintiff would have fair notice of the defense."); *Trademark Holdings of Illinois, LLC v. Kings Two Dental Supply*, 2009 WL 10674423, at *4 (C.D. Cal. Aug. 20, 2009) (striking affirmative defense of fraudulent misrepresentation for failing to state a claim under

Rule 9(b), as "Defendant's simple statement that 'Plaintiff misrepresented and fraudulently represented and reported to the United States Customs Service the true ownership of the trademarked products' … is not pled with sufficient particularity under Rule 9(b) because it does not include specific times, places, or content of the misrepresentations.").

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion to dismiss and motion to strike should be granted in their entirety.


DATED:  December 10, 2020         THE LAW OFFICES OF BENJAMIN TAYLOR
                                  A Professional Corporation


                                  By:/s/ Benjamin Taylor
                                       BENJAMIN TAYLOR
                                       Attorneys for Plaintiff
                                       HONG LIU


                                  SEIDEN LAW GROUP LLP


                                  By: /s/ Amiad Kushner
                                       AMIAD KUSHNER
                                       JAKE NACHMANI
                                       Attorneys for Plaintiff
                                       HONG LIU

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System").  The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

Dated: December 10, 2020                    /s/ Benjamin Taylor

                                                      Benjamin Taylor

MEMORANDUM OF POINTS AND AUTHORITIES