Benjamin Taylor (SBN: 240636)
btaylor@taylorlawfirmpc.com
THE LAW OFFICES OF BENJAMIN TAYLOR
A Professional Corporation
1880 Century Park East, Suite 714
Los Angeles, CA 90067
Telephone:   (310) 201 – 7600
Facsimile:    (310) 201 – 7601

Amiad Kushner (*pro hac vice*)
Akushner@seidenlegal.com
Jake Nachmani (*pro hac vice*)
jnachmani@seidenlegal.com
Seiden Law Group, LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Telephone:   (646) 766 – 1914
Facsimile:    (646) 304 – 5277

*Attorneys for Plaintiff/Counter-Defendant,*
*Hong Liu*

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG<br><br>Defendants.<br><hr>FARADAY&FUTURE INC.,<br><br>Counterclaimant,<br><br>v.<br><br>HONG LIU,<br><br>Counter-Defendant. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF HONG LIU'S MOTION TO DISMISS DEFENDANT FARADAY'S FIRST AND FOURTH COUNTERCLAIM AND STRIKE DEFENDANT FARADAY'S AND DEFENDANT SMART KING'S SECOND AFFIRMATIVE DEFENSE**<br><br>Complaint filed on: January 3, 2020<br><br>Counterclaim filed on: November 19, 2020<br><br>**JUDGE:   Hon. Stephen V. Wilson** |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................1

ARGUMENT ..........................................................................................3

  I. FRAUDULENT INDUCEMENT IS NOT ADEQUATELY ALLEGED.........3

    A.   The Counterclaim Fails To Identify A False Statement .............................3

    B.   The Counterclaim's Allegations Are Fatally Vague....................................4

    C.   The Alleged Misrepresentations Are Inactionable .....................................7

    D.   The Counterclaim Fails To Adequately Allege Fraudulent Intent ..............9

  II.  RESCISSION IS NOT ADEQUATELY ALLEGED ...................................11

  III. THE AFFIRMATIVE DEFENSE SHOULD BE STRICKEN......................11

  IV. THE NACHMANI DECLARATION DOES NOT VIOLATE L.R. 7-7......12

CONCLUSION.......................................................................................12

1

2

# **TABLE OF AUTHORITIES**

**Cases**

3

*Aldana v. Bank of Am., N.A.*,

4

   2014 WL 12577145 (C.D. Cal. May 2, 2014) ........................................................9

5

*Anthony v. Iron Mountain, Inc.*,

6

   2020 WL 5793449 (C.D. Cal. Sept. 25, 2020)........................................................9

7

*Buckley v. BMW N. Am.*, 2020 WL 3802905 (C.D. Cal. Mar. 9, 2020)........................5

8

*Cahn v. Oversee.net*, 2011 WL 13220410 (C.D. Cal. Aug. 25, 2011)...........................8

9

*Countrywide Home Loans, Inc. v. U.S. ex rel. I.R.S.*,

10

   2005 WL 1355440 (E.D. Cal. Apr. 29, 2005)........................................................6

11

12

*David Rovinsky LLC v. Peter Marco, LLC*,

   2020 WL 5645792 (C.D. Cal. Sept. 21, 2020)........................................................7

13

14

*Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019) ................4, 5

15

*Eberz v. CitiMortgage, Inc.*, 2012 WL 12897373  (C.D. Cal. Sept. 12, 2012)..............9

16

*Gross v. Symantec Corp.*, 2012 WL 311615 (N.D. Cal. July 31, 2012) .......................4

17

18

*Howe v. Target Corp.*, 2020 WL 5630273 (S.D. Cal. Sept. 21, 2020) .......................12

19

*Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615 (N.D. Cal. 2002) .............................................9

20

*Izsak v. Wells Fargo Bank, N.A.*,

21

   2014 WL 1478711 (N.D. Cal. Apr. 14, 2014) ........................................................6

22

*James River Ins. Co. v. Andrade & Associates*,

23

   2010 WL 11595834 (C.D. Cal. Oct. 26, 2010) ...................................................4, 11

24

*Jenkins v. Commonwealth Land Title Ins. Co.*,

25

95 F.3d 791 (9th Cir. 1996) ...........................................................................................9

26

*Juice Roll-Upz, Inc. v. Liquid Guys Distributions, Inc.*,

27

   2018 WL 6118606 (C.D. Cal. Aug. 2, 2018)...................................................8, 10

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

*Kennerly v. Gherini*, 993 F.2d 883 (9th Cir. 1993) ...................................................6

*Kentwool Co. v. NetSuite Inc*,
2015 WL 693552 (N.D. Cal. Feb. 18, 2015)...........................................6

*Kulesa v. PC Cleaner, Inc.*,
2012 WL 12886844 (C.D. Cal. Oct. 12, 2012) ..................................4, 5

*Omidi v. Wal-Mart Stores, Inc.*,
2020 WL 1332594 (S.D. Cal. Mar. 23, 2020)........................................7

*Perkowski v. Belvill*,
2020 WL 3891674 (C.D. Cal. Mar. 2, 2020) ...............................8, 9, 10

*Pom Wonderful, LLC v. Starbuzz Tobacco, Inc.*,
2011 WL 13225094 (C.D. Cal. June 6, 2011) .........................................6

*Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*,
2016 WL 615335 (E.D. Cal. Feb. 16, 2016) .........................................12

*Shinde v. Nithyananda Found.*,
2015 WL 12732434 (C.D. Cal. Feb. 23, 2015) .......................................6

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010).................................................................5

*StreamCast Networks, Inc. v. IBIS LLC*,
2006 WL 5720345 (C.D. Cal. May 2, 2006) .........................................10

*Strome v. DBMK Enterprises, Inc.*,
2014 WL 4437777 (N.D. Cal. Sept. 9, 2014) ..........................................9

*Tiger Bay Vill. Corp. v. Chen*,
2016 WL 2595994 (C.D. Cal. May 5, 2016) .........................................10

**Rules**

Rule 8 of the Federal Rules of Civil Procedure...........................................11

Rule 9(b) of the Federal Rules of Civil Procedure ................................*passim*

Local Rule 7-7 of the Central District of California......................................12

## PRELIMINARY STATEMENT

FF's Counterclaim fails to adequately allege its causes of action for fraudulent inducement and rescission under black letter California and Ninth Circuit law and Rule 9(b), and nothing in FF and Smart King's Opposition Brief provides a basis for the Court to deny dismissal.[1]  *First*, FF does not adequately respond to Plaintiff's argument that its Counterclaim fails to specifically identify which of the statements alleged to have been made by Mr. Liu were false and why.  Rather than specifically designate the alleged false statements and set forth why each is false, FF, without citation to any applicable case law, resorts to block-quote, copy-paste recycling in chart form of what was pled in the Counterlcaim, providing Mr. Liu with insufficient notice of the claims against which he must defend himself.  Additionally, FF's Answer contradicts its Counterclaim, rendering FF's core allegations implausible and inadequately pled.

*Second*, the Counterclaim's allegations are fatally vague and indefinite.  Again citing no case law, FF maintains it has adequately set forth the specific content of the purported misrepresentations, despite the fact that each and every alleged misstatement amounts to FF's vaguely paraphrasing or impressionistically summarizing what Plaintiff purportedly said.  This is not enough; Rule 9(b) requires FF to allege what was actually said.  Moreover,  FF maintains it has sufficiently set forth the "when" of the alleged misconduct.  However, the Counterclaim fails to provide a single date as to the issuance of any misstatement, fails to set forth any other reasonably definite indicia as to when the misstatements were made, and improperly relies on allegations from other pleadings, including Plaintiff's Complaint, to buttress its lacking allegations.

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Complaint (ECF 1), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF 25), and Plaintiff's Memorandum of Law in Support of its Motion to Dismiss Faraday's Counterclaims (ECF 74-1) ("Liu Br." or "Opening Brief").  "¶__" are references to paragraphs in the Complaint.  "CC ¶__" are references to the paragraphs in Faraday's Counterclaim (ECF 72).  "Answer ¶__" are references to the paragraphs in Faraday's Answer (ECF 68) ("Answer").  References to "Nachmani Decl." are to the Declaration of Jake Nachmani and the exhibit attached thereto.  Unless otherwise noted, all emphasis is added, and all internal quotations and citations are omitted.

*Third*, to the extent FF alleges purported misrepresentations, those misrepresentations are inactionable.  Citing no applicable caselaw for the third time, FF maintains that the statements Plaintiff purportedly made concerning the legal and financial tasks he would perform in the future for FF, the corporate goals he would help the Company achieve in the future, and the value he would bring to the Company as FF's future General Counsel, give rise to its claim of fraudulent inducement.  Not so.  These statements are quintessential promises of future performance whose falsity cannot be pled under the Counterclaim's theory of falsity.  As to the remaining purported misrepresentations, those concerning Mr. Liu's professional experience and expertise, the Counterclaim fails to provide sufficient allegations to demonstrate their falsity.  Moreover, these statements are demonstrably true and accordingly cannot form the basis of FF's fraudulent inducement counterclaim.

*Fourth*, the Counterclaim fails to adequately allege fraudulent intent.  FF maintains that when Plaintiff made the alleged promises to perform in the future as FF's General Counsel, he did so knowing those promises were false and with no intention to make good on those promises.  However, those allegations are not pled in the Counterclaim; FF improperly raises them for the first time in its Opposition Brief, and, accordingly, they should be disregarded.  Moreover, those allegations amount to nothing more than allegations of nonperformance and conclusory recitals of fraudulent intent – and those allegations, individually and taken together, cannot give rise to Mr. Liu's fraudulent state of mind under guiding precedent from this District.

As to FF's rescission counterclaim and FF and Smart King's fraudulent inducement affirmative defense, FF and Smart King raise a host of meritless arguments suggesting that their allegations should survive dismissal.  This District's precedent and Rule 9(b) dictate otherwise.

Based on the arguments set forth herein and in Plaintiff's Opening Brief, the Court should dismiss FF's counterclaims for fraudulent inducement and rescission and strike FF and Smart King's affirmative defense of fraudulent inducement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ARGUMENT</u>

## I.    FRAUDULENT INDUCEMENT IS NOT ADEQUATELY ALLEGED

FF's Opposition Brief has no answer to the fact that FF's Counterclaim fails to adequately allege a claim for fraudulent inducement.  For the reasons set forth below, FF's counterclaim for fraudulent ind ucement should be dismissed.

### A. The Counterclaim Fails To Identify A False Statement

FF's Opposition brief does not cure the Counterclaim's fundamental Rule 9(b) pleading defect that it fails to identify any actionable false statements and any colorable theory of falsity.   Nevertheless, FF maintains as follows:

> FF specifically alleges that Liu's representations regarding his capabilities, skills, and experience were false.  The misrepresentations include both written and verbal communications based on Liu's curriculum vitae and meetings during the hiring process, providing content concerning the specific matter of Liu's purported qualifications and capabilities.

FF. Br. at 6.

FF then goes on to provide a multi-page table reflecting what Mr. Liu purportedly represented about his professional experience and how those statements are rendered false – not because those statements were false when made – but based on what Mr. Liu "instead delivered" in the future.  *See* FF. Br. at 6-9.  This is insufficient.

*First*, FF's response does not clarify which part or parts of the purported representations were false when made.  For example, is Faraday alleging that what was listed on Mr. Liu's CV was false, or that he did not represent clients in various categories of transactions, or that he did not have business connections, that he did not "promise to help with FF's ongoing litigation," or that he did not promise to "manage outside counsel?"  Under Rule 9(b), which requires fraud to be pled with particularity, Mr. Liu should not have to guess.

*Second*, the Counterclaim fails to set forth why "Liu's representations regarding his capabilities, skills, and experience were false." FF. Br. at 6.  For example, it remains

unclear if FF is alleging any of the following: (i) that Mr. Liu did not have the experience he represented to have had; (ii) that he did not have expertise he represented to have had; (iii) that he did not have the clients – or business relationships – he represented to have had; (iv) that he could not perform as General Counsel in accordance with his experience and expertise; and (v) that he could not leverage his business relationships to FF's advantage.  As such, FF's counterclaim is inadequately pled.  *See Liu* Br. at 11.

*Third*, FF has no reasonable response to the fact that FF's contradictory allegations in its Answer render the Counterclaim's allegations implausible on their face.  *See Liu* Br. at 13-14; *James River Ins. Co. v. Andrade & Associates*, 2010 WL 11595834, at *4, n.1 (C.D. Cal. Oct. 26, 2010) (dismissing counterclaim where "statement in one portion of the pleadings [defendant's answer]" contradicted "statements in another portion of the pleadings [defendant's counterclaim] … render[ing] implausible several of [defendant's] allegations in the [counterclaim].").

**B. The Counterclaim's Allegations Are Fatally Vague**

For at least two reasons, FF fails to adequately respond to the fact that its Counterclaim does not satisfy the specificity requirement of Rule 9(b).  *First*, it is black letter law that when pleading an alleged misrepresentation, the pleader must set forth the "details" of the purported misrepresentation, including its "specific content."  *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019); *see Liu* Br. at 15-16 (citing cases requiring the specific content of an alleged misrepresentation be plead).  To survive dismissal in this District, a pleading must allege what was "***actually said***," and "paraphrasing" a false statement is insufficient.  *Kulesa v. PC Cleaner, Inc.*, 2012 WL 12886844, at *5 (C.D. Cal. Oct. 12, 2012); *see also Gross v. Symantec Corp.*, 2012 WL 3116158, at *4 (N.D. Cal. July 31, 2012) (dismissing fraud allegations where complaint did not allege what was "actually said;" paraphrased allegations of oral statements were "too vague and impressionistic" to satisfy Rule 9(b)).

FF shirks this basic pleading requirement and fails to address that every alleged misrepresentation amounts to nothing more than FF's impermissibly paraphrasing or

summarizing what Mr. Liu supposedly stated.   Instead, FF recycles these alleged statements in chart-form, conclusorily maintaining that these allegations contain the required "specific content" of what Mr. Liu supposedly represented.  FF Br. at 9 n. 1. And yet FF cites to no caselaw for this dubious proposition.   Nonetheless, these allegations are insufficient.[2]

*Second*, Rule 9(b) requires that a pleading specifically set forth when an alleged misrepresentation was made.  *See Depot, Inc.*, 915 F.3d at 668 (dismissing complaint on specificity grounds where plaintiff did not plead "when defendants made [the alleged false statements])."  Specificity requires allegations designating a "relatively definite time frame," identifiable by discrete events for when a misrepresentation was made. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010).

FF maintains that it has set forth the specific time of when Mr. Liu made the purported misrepresentations because the Counterclaim alleges that those statements were made during "the interview process."  FF Br. at 9, 10.  FF is wrong.

As a preliminary matter, the Counterclaim fails to provide a single date – year, month, day, or even season – for any alleged misrepresentation.   Indeed, the Counterclaim provides no "relatively definite time frame" or any indicia at all for when this "interview process" supposedly occurred.  *See, e.g.*, CC ¶6 ("In a meeting with FF's then president …"); CC ¶7 ("Liu represented that …"); CC ¶8 ("Liu submitted that …"); CC ¶12 ("During Jia's first meeting with Liu …"); CC ¶13 ("Liu affirmed that …"); CC ¶14 ("Liu represented that …").  Such vague alllegations concerning an undefined period of time are insufficient under Rule 9(b).  *See Depot, Inc.*, 915 F.3d at 668 (allegations that misstatements were made "[i]n the course of marketing" were insufficiently vague as to timing); *Buckley v. BMW N. Am.*, 2020 WL 3802905, at *12 (C.D. Cal. Mar. 9, 2020) (failing to provide a date range for the purported misstatements

---

[2] As FF correctly notes, "In *Kulesa*, the Court  dismissed plaintiff's fraud claim where she paraphrased statements that she purportedly saw on defendant's website and its software. 2012 WL 12886844, at *4."  FF Br. at 9 n. 1.  The Court should do the same as to any purported misrepresentations that FF sets forth by paraphrasing which are supposedly drawn from Mr. Liu's CV or other documents.

warranted dismissal); *Shinde v. Nithyananda Found.*, 2015 WL 12732434, at *7 (C.D. Cal. Feb. 23, 2015) (allegations were too general under Rule 9(b) where plaintiff "fail[ed] to narrow down the time of any misrepresentation to any unit less than a calendar year"); *Kentwool Co. v. NetSuite Inc*, 2015 WL 693552, at *7 (N.D. Cal. Feb. 18, 2015) (allegations that false statements were made "during the implementation process" were insufficiently vague).[3]

Moreover, FF improperly attempts to bootstrap the Counterclaim's "when" allegations with allegations from its Answer and Plaintiff's Complaint. *See* FF. Br. at 10. This attempt fails. Notwithstanding that FF is wrong to assume that the underlying events alleged in the Complaint are the same as those in the Counterclaim such that Mr. Liu would be on notice of the the claims against him, on a motion to dismiss, a district court's review "is limited to the contents of [the] counter-claim." *Kennerly v. Gherini*, 993 F.2d 883 (9th Cir. 1993); *see also Pom Wonderful, LLC v. Starbuzz Tobacco, Inc.*, 2011 WL 13225094, at *2 (C.D. Cal. June 6, 2011) (refusing to incorporate allegations from document extrinsic to counterclaim; noting that a court's review "is limited to the sufficiency of the counterclaim allegations."); *Countrywide Home Loans, Inc. v. U.S. ex rel. I.R.S.*, 2005 WL 1355440, at *9 (E.D. Cal. Apr. 29, 2005) (dismissing counterclaim because allegations necessary to establish defense, while potentially set forth in other documents, were not independently set forth in counterclaim and, on a motion to dismiss, "the court may not consider any materials outside the pleadings.").

And finally, even if FF could incorporate by reference allegations from its Answer and Plaintiff's Complaint to provide additional specificity to its defective "when" allegations (it cannot), the "four-and-a-half" month period during which the alleged misrepresentations were supposedly made (FF Br. at 10) – that FF announces for the first time in its Opposition Brief – is still too indefinite to satisfy Rule 9(b). *See*

---

[3] FF's reliance on *Izsak v. Wells Fargo Bank, N.A.*, 2014 WL 1478711 (N.D. Cal. Apr. 14, 2014) is unavailing. There, the one-month period ("June 2011") during which the alleged misconduct took place is far more definite than the undefined "interviewing process" alleged by FF and far shorter than the "four-and-a-half" month period which FF sets forth in its Opposition Brief. *See id.* at *3.

*Omidi v. Wal-Mart Stores, Inc.*, 2020 WL 1332594, at \*5 (S.D. Cal. Mar. 23, 2020) (allegations that plaintiffs saw alleged misrepresentations "in June and July 2012" were "too imprecise"; Rule 9(b) required plaintiffs to "narrow the range of dates" to a more reasonable and defined period of time); *David Rovinsky LLC v. Peter Marco, LLC*, 2020 WL 5645792, at \*7 (C.D. Cal. Sept. 21, 2020) (alleging that misstatements were made over a two-and-a-half month period between "[f]rom the period 10-29-2019 - 1-7-2020," was insufficiently vague as to timing).

**C. The Alleged Misrepresentations Are Inactionable**

FF maintains that the alleged misrepresentations are not promises of future performance but rather misrepresentations concerning Plaintiff's "skills, business acumen, and the connections necessary for the roles he obtained with FF." FF Br. at 13. FF's theory of falsity – as FF explains it in its Opposition Brief – contradicts its position. For example, FF identifies the following purportedly false statements:

- "Liu represented he could be FF's Global Chief Administrative Officer and General Counsel who would guide FF toward financial stability and an IPO." CC ¶6;

- "Liu affirmed that he could fill all of those roles [of the GC] and possessed the requisite experience to do so." CC ¶13;

- "Liu had also promised to help with FF's on-going litigation, as would be expected of general counsel, yet failed to do that as well." CC ¶29;

- "Although Liu had represented to FF during the interview process that he would manage outside counsel and provide substantive guidance to help manage FF's legal exposure …" CC ¶31; and

- Liu promised to "provide tremendous assistance to FF's development." CC ¶14.

These are inactionable promises of future performance, not actionable misrepresentations of existing fact. Indeed, FF fails to cite to a single relevant authority

where such promises to perform in the future are held actionable.   They are not.  *See Cahn v. Oversee.net*, 2011 WL 13220410, at *6 (C.D. Cal. Aug. 25, 2011) (dismissing fraud claim because alleged statements concerned "future contractual performance").

Furthermore, FF's theory of falsity cannot serve as a legitimate basis for a claim against Plaintiff.  For example, FF stakes the entirety of its fraudulent inducement claim on the proposition that Mr. Liu fraudulently induced FF because "He was unable to perform in almost every area of his purported expertise and did not possess the requisite legal skills to oversee the company's legal needs, let alone the business, finance, and legal acumen needed to take FF to an IPO." CC ¶7.  Such a theory fails, as it is black letter California law that "nonperformance of a promise does not suffice to show the falsity of the promise." *Perkowski v. Belvill*, 2020 WL 3891674, at *3 (C.D. Cal. Mar. 2, 2020) (dismissing promissory fraud claim because complaint did not allege specific facts demonstrating falsity other than nonperformance and conclusory allegations of an intent not to perform) *Juice Roll-Upz, Inc. v. Liquid Guys Distributions, Inc.*, 2018 WL 6118606, at *5 (C.D. Cal. Aug. 2, 2018) (same).

Moreover, as to the alleged statements concerning Plaintiff's prior professional experience and expertise (*see, e.g.*, CC ¶¶7, 9-11), the Counterclaim fails to plausibly allege that these statements are false.  It is implausible for FF to seriously maintain that, for example, Mr. Liu did not serve as "General Counsel and Director-General of the China Securities Regulatory Commission" and acquired significant professional experience therefrom (CC ¶7), that while serving as a partner at Mayer Brown, Mr. Liu did not represent clients in "major categories of transactions" (CC  ¶10), or that he did not serve "as managing director at two large investment banks" (CC ¶11) – and that these statements are false because Mr. Liu purportedly did not perform on the job.  FF's theory of falsity is untethered to what Mr. Liu purportedly said, rendering these statements inactionable. *See Eberz v. CitiMortgage, Inc.*, 2012 WL 12897373, at *4 (C.D. Cal. Sept. 12, 2012) (Wilson, J.) (dismissed where allegation that defendants had "no intention of performing [prior promises]" did not sufficiently set forth theory of

1    falsity).  Furthermore, these statements cannot give rise to FF's fraudulent inducement

2    counterclaim as they are demonstrabily not false.  *See Jenkins v. Commonwealth Land*

3    *Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996) noting that where a "representation

4    is not false," it is "therefore not fraudulent.").

5    **D. The Counterclaim Fails To Adequately Allege Fraudulent Intent**

6       For fraudulent intent to be adequately pled, "specific factual allegations" of the

7    speaker's state of mind must be set forth.  *Anthony v. Iron Mountain, Inc.*, 2020 WL

8    5793449, at *12 (C.D. Cal. Sept. 25, 2020).  Allegations of "underlying facts"

9    concerning the speaker's fraudulent intent are required.  *Perkowski*, 2020 WL 3891674

10   at *3; s*ee also Hsu v. OZ Optics Ltd.*, 211 F.R.D. 615, 620 (N.D. Cal. 2002) (to establish

11   fraudulent intent, a pleading "must point to ***facts*** which show that defendant harbored

12   an intention not to be bound by terms of the contract at formation.").

13       FF maintains that the Counterclaim sufficiently alleges Plaintiff's fraudulent

14   intent because "Liu intentionally misrepresented his credentials, experience, and

15   connections to fraudulently induce FF to hire him" and that Liu knew those

16   representations were false based on his subsequent purported nonperformance on the

17   job.  *See* FF Br. at 20-21.  Such allegations fail.

18       As a preliminary matter, FF never specifically pleads that at the time Mr. Liu

19   made the alleged misrepresentations he "knew" he would be unable to perform in

20   accordance with those representations or that he had no intention of making good on

21   those promises.  These are arguments raised by FF for the first time in its Opposition

22   Brief and accordingly should be disregarded.  *See Strome v. DBMK Enterprises, Inc.*,

23   2014 WL 4437777, at *4 (N.D. Cal. Sept. 9, 2014) (argument raised for the first time

24   in opposition to motion to dismiss "effectively represent[ed] a sub rosa attempt to

25   amend the [complaint]) and would not be considered); *Aldana v. Bank of Am., N.A.*,

26   2014 WL 12577145, at *4 (C.D. Cal. May 2, 2014) (refusing to consider theory of

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

falsity because it was "improperly alleged in [defendant's] Opposition and [] not based on any facts contained in the Complaint.").

Moreover, even if the Court were to consider these new allegations, which it should <u>not</u>, FF fails to allege a single specific underlying factual allegation concerning Plaintiff's purported fraudulent intent.  Instead, the entirety of FF's intent allegations amounts to allegations of nonperformance lumped with boilerplate recitations of Mr. Liu's supposed intent to defraud.  Such vague and conclusory allegations fail to comply with Rule 9(b).  *See Perkowski*, 2020 WL 3891674 at *3 (finding no fraudulent intent because all that was pled was conclusory allegations of intent to defraud and examples of nonperformance); *Juice Roll-Upz, Inc.*, 2018 WL 6118606 at *5 (allegation that counter-defendant made promises "with no intent to perform them" in conjunction with allegations of subsequent breaches of promises were "insufficient under Rule 9(b) because [counter-plaintiff did] not allege any facts from which it [could] be inferred that [counter-defendants] had no intention of performing the promises at the time they were made."); *Tiger Bay Vill. Corp. v. Chen*, 2016 WL 2595994, at *6 (C.D. Cal. May 5, 2016) (fraudulent intent not alleged where "Plaintiff does not point to facts which show more than Defendant's nonperformance, and that Defendant harbored an intention not to be bound by the [agreement at issue]").[4]

---

[4] FF's reliance on *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345 (C.D. Cal. May 2, 2006) ("*StreamCast*") for the the proposition that conclusory allegations of a speaker's fraudulent intent taken together with allegations of future nonperformance satisfy Rule 9(b) is misplaced.  Based on Mr. Liu's counsel's review, no federal or state court has ever cited *StreamCast* in connection with either scienter or fraudulent intent for fraud or fraudulent inducement claims; it appears to be an outlier decision.  Moreover, unlike in *StreamCast* and as set forth above, the Counterclaim fails to allege that at the time Mr. Liu made the alleged representations, Mr. Liu "knew" he would be unable to perform on the job or that he did not intend to keep his promises.  *See id.* at *9 n. 40 (providing specific allegations that defendant knew its statements were false when made and that defendant did not intend to make good on its obligations).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## II.     RESCISSION IS NOT ADEQAUTELY ALLEGED

FF maintains that Mr. Liu has not adequately challenged FF's claim for rescission because "rescission claims are distinct from fraud claims under California law."  FF Br. at 22.  This is a distinction without a difference.

FF's claim for rescission of the Employment Agreement (Fourth Counterclaim) is based entirely on its fraudulent inducement counterclaim. *See* Liu Br. at 20.  Indeed, FF alleges that it was induced to enter into the Employment Agreement because of the purported misrepresentations made by Mr. Liu.  CC ¶¶70-73.  In other words, there can be no counterclaim for rescission without the counterclaim for fraudulent inducement; dismissal of the latter requires dismissal of the former.

## III.    THE AFFIRMATIVE DEFENSE SHOULD BE STRICKEN

FF and Smart King raise a host of meritless arguments to maintain that their fraudulent inducement affirmative defense is adequately pled.  For example and citing no authority, FF and Smart King suggest that their fraudulent inducement affirmative defense should be analyzed under Rule 8 of the Federal Rules of Civil Procedure.  *See* FF. Br. at 23.  Not so; it is governed by Rule 9(b).  *See* Liu Br. at 21-22.

FF and Smart King also maintain that their fraudulent inducement affirmative defense is well pled because the allegations set forth ***in FF's Counterclaim –and not their Answer*** – are purportedly adequate.  In their view, because Plaintiff referenced FF's Answer in his Opening Brief, FF's Answer can be supported by allegations from its Counterclaim – and that cobbling together various pleadings' allegations is allowed.

As to Plaintiff's reference to FF's Answer, Mr. Liu cited allegations in the Answer to show material contradictions between what FF knew to be true or false concerning Mr. Liu's professional experience and expertise versus what FF alleges in its Counterclaim about these topics.  In evaluating the sufficiency of the pleadings, the Court should consider whether a party contradicts its core allegations.  *See James River Ins. Co*, 2010 WL 11595834 at *4, n.1 (in determining the sufficiency of the pleadings,

-11-

1   the court compared allegations defendant set forth in its answer with allegation set forth

2   in its counterclaim; dismissing counterclaim based on contradictory allegations).

3          Additionally, FF and Smart King cannot bolster the Answer's bare bones

4   allegations by incorporating the Counterclaim's allegations.  Notably, FF and Smart

5   King do not cite a single authority that permits this.  If this were permitted, parties could

6   allege claims and defenses in piecemeal, sourced from various pleadings, forcing the

7   adverse party to jigsaw together what was being alleged against it.  This is not allowed.

8   *See Sherwin-Williams Co. v. Courtesy Oldsmobile- Cadillac, Inc.*, 2016 WL 615335, at

9   *4 (E.D. Cal. Feb. 16, 2016) (on motion to strike affirmative defense, refusing to

10  incorporate allegations from outside the answer); *Howe v. Target Corp.*, 2020 WL

11  5630273, at *4 (S.D. Cal. Sept. 21, 2020) ("In ruling on a motion to strike, the court

12  may only consider the face of the pleading or matters subject to judicial notice.").

13  **IV.   THE NACHMANI DECLARATION DOES NOT VIOLATE L.R. 7-7**

14         FF and Smart King maintain that the Nachmani Declaration violates Local Rule

15  7-7 because it constitutes a legal argument.  *See* FF Br. at 24.  Not so.  By its own terms,

16  the Nachmani Declaration only "compares the allegations set forth in Faraday's Answer

17  (ECF 68) to the allegations set forth in Faraday's Counterclaim (ECF 72)."  Nachmani

18  Decl. at 1.  The Nachmani Declaration makes no arguments or conclusions.  The legal

19  arguments concerning the effect of FF's contradictory allegations are set forth

20  exclusively in memoranda of law.  That notwithstanding, Mr. Liu's Opening and Reply

21  Briefs, independent of the declaration, provide ample examples of FF's contradictory

22  allegations, rendering FF's Counterclaim implausible and warranting dismissal.

23                            **CONCLUSION**

24         For all of the foregoing reasons and those set forth in Plaintiff's Opening Brief,

25  Plaintiff's motion to dismiss and motion to strike should be granted in their entirety.

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  January 25, 2021

THE LAW OFFICES OF BENJAMIN TAYLOR
A Professional Corporation


By:/s/ Benjamin Taylor
    BENJAMIN TAYLOR
    Attorneys for Plaintiff HONG LIU


SEIDEN LAW GROUP LLP


By: /s/ Amiad Kushner
    AMIAD KUSHNER
    JAKE NACHMANI
    Attorneys for Plaintiff HONG LIU

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System").  The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.


Dated: January 25, 2021                                  /s/ Benjamin Taylor

                                                                    Benjamin Taylor

REPLY MEMORANDUM OF POINTS AND AUTHORITIES