LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700
Facsimile:  949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile:  212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile:  704.998.4051

Attorneys for Defendants
FARADAY&FUTURE INC., SMART KING LTD.,
JIAWEI WANG, and CHAOYING DENG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>                     Plaintiff,<br><br>          v.<br><br>FARADAY&FUTURE INC.,<br>SMART KING LTD., JIAWEI<br>WANG, AND CHAOYING DENG<br><br>                     Defendants. | Case No.  2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DEFENDANT FF INTELLIGENT MOBILITY GLOBAL HOLDINGS LTD. f/k/a SMART KING LTD.'S AMENDED ANSWER TO COMPLAINT** |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

113489866

Defendant FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King, Ltd. ("Smart King") hereby answers the Complaint ("Complaint") of Plaintiff Hong Liu ("Liu"), as follows:

1.      Smart King denies the allegations of Paragraph 1.

2.      Smart King denies the allegations in Paragraph 2 on information and belief.

3.      Smart King admits that Yueting Jia ("Jia") is Faraday&Future Inc.'s ("FF") founder.  Smart King denies the remaining allegations in Paragraph 3.

4.      Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of what Liu knew.  Smart King denies the remaining allegations in Paragraph 4.

5.      Smart King denies the allegations in Paragraph 5.

6.      To the extent Paragraph 6 contains conclusions of law, which do not require a responsive pleading and on that basis, Smart King denies those conclusions. Smart King denies the remaining allegations in Paragraph 6.

7.      Smart King does not challenge the Court's subject matter jurisdiction over this action.

8.      Smart King denies the allegations in Paragraph 8.  The Southern District of New York does not have personal jurisdiction over FF in this action.

9.      Smart King denies the allegations in Paragraph 9.  The Court already found that venue is not proper in the Southern District of New York.

10.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and on that ground, denies those allegations.

11.     Smart King admits the allegations in Paragraph 11.

12.     Smart King admits the allegations in Paragraph 12.

13.     Smart King admits the allegations in Paragraph 13.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

14.     Smart King admits the allegations in Paragraph 14.

15.     Smart King admits that Liu represented that he was a New York-based attorney.  Smart King denies the remaining allegation in Paragraph 15 on information and belief.

16.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that ground, denies those allegations.

17.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and on that ground, denies those allegations.

18.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that ground, denies those allegations.

19.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and on that ground, denies those allegations.

20.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that ground, denies those allegations.

21.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that ground, denies those allegations.

22.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that ground, denies those allegations.

23.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that ground, denies those allegations.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

24.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and on that ground, denies those allegations.

25.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that ground, denies those allegations.

26.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that ground, denies those allegations.

27.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[b]etween October 2017 and mid-February 2018" Liu was "at the pinnacle of his success" and on that ground, denies those allegations.  Smart King denies the remaining allegations in in Paragraph 27.

28.     Smart King denies the allegations in Paragraph 28.

29.     Smart King admits that Liu represented that he was "a globally respected professional with decades of experience" and that it believed that hiring Liu would benefit its business.  Smart King denies the remaining allegations in Paragraph 29.

30.     Smart King admits that Jia was FF's founder and that Jia has filed a personal bankruptcy case in the United States Bankruptcy Court for the Central District of California.  Smart King denies the remaining allegations in Paragraph 30.

31.     Smart King admits that Liu met Jia at FF's headquarters on October 17, 2017.  Smart King denies the remaining allegations in Paragraph 31.

32.     Smart King denies the allegations in Paragraph 32.

33.     Smart King denies the allegations in Paragraph 33.

34.     Smart King denies the allegations in Paragraph 34.

35.     Smart King denies the allegations in Paragraph 35.

36.     Smart King denies the allegations in Paragraph 36.

37.     Smart King admits that during the month of January 2018, Liu met with Jia, Jiawei "Jerry") Wang ("Wang"), and Chaoying Deng ("Deng") at FF's headquarters in California.   Smart King denies the remaining allegations in Paragraph 37.

38.     Smart King admits that Sidley Austin LLP was one of the law firms that handled FF's Series A transaction with Evergrande.  Smart King denies the remaining allegation in Paragraph 38.

39.     Smart King denies the allegations in Paragraph 39.

40.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Liu's beliefs and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 40.

41.     Smart King denies the allegation in Paragraph 41.

42.     To the extent the allegations in Paragraph 42 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 42.

43.     Smart King admits that on January 25, 2018, Liu entered into the Employment Agreement attached to the Complaint as Exhibit A.  To the extent Paragraph 43 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 43.

44.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 44.

45.     To the extent Paragraph 45 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be

read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 45.

46.     To the extent Paragraph 46 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 46.

47.     To the extent Paragraph 47 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 47.

48.     To the extent Paragraph 48 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 48.

49.     To the extent Paragraph 49 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 49.

50.     To the extent Paragraph 50 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 50.

51.     To the extent Paragraph 51 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 51.

52.     Smart King denies the allegations in Paragraph 52.

53.     To the extent Paragraph 53 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 53.

54.     To the extent Paragraph 54 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 54.

55.     Smart King lacks knowledge or information sufficient to form a belief as to what Liu would have done and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 55.

56.     To the extent Paragraph 56 purports to describe, quote or characterize the terms of the Director Compensation Agreement ("Director Agreement"), the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 56.

57.     To the extent Paragraph 57 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 57.

58.     To the extent Paragraph 58 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 58.

59.     Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that ground, denies those allegations.

60.     Smart King admits the allegations in Paragraph 60.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

61.     Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and on that ground, denies those allegations.

62.     Smart King admits that FF paid $600,000 to Liu on his start date.  To the extent Paragraph 62 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 62.

63.     Smart King denies the allegations in Paragraph 63.

64.     To the extent Paragraph 64 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 64.

65.     To the extent Paragraph 65 purports to describe, quote, or characterize the terms of the Employment Agreement or the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 65.

66.     To the extent Paragraph 66 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 66.

67.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 as to the documents issued by Solium and whether Liu accessed his information on Solium's website.  Smart King denies the remaining allegations in Paragraph 67.

- 7 -

68.     Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that ground, denies those allegations.

69.     Smart King denies the allegations in Paragraph 69.

70.     Smart King denies the allegations in Paragraph 70.

71.     Smart King denies the allegations in Paragraph 71.

72.     Smart King denies the allegations in Paragraph 72.

73.     Smart King denies the allegations in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the allegations in Paragraph 75.

76.     Smart King denies the allegations in Paragraph 76.

77.     Smart King denies the allegations in Paragraph 77.

78.     Smart King denies the allegations in Paragraph 78.

79.     Smart King denies the allegations in Paragraph 79.

80.     Smart King denies the allegations in Paragraph 80.

81.     Smart King denies the allegations in Paragraph 81.

82.     To the extent the allegations in Paragraph 82 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 82.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

83.     To the extent the allegations in Paragraph 83 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 83.

84.     Smart King denies the allegations in Paragraph 84.

85.     Smart King denies the allegations in Paragraph 85.

86.     Smart King admits that Liu was terminated on February 11, 2019.  Smart King denies the remaining allegations in Paragraph 86.

87.     Smart King denies the allegations in Paragraph 87.

88.     Smart King denies the allegations in Paragraph 88.

89.     Smart King denies the allegations in Paragraph 89.

90.     Smart King denies the allegations in Paragraph 90.

91.     Smart King denies the allegations in Paragraph 91.

92.     Smart King denies the allegations in Paragraph 92.

93.     Smart King denies the allegations in Paragraph 93.

94.     Smart King denies the allegations in Paragraph 94.

95.     To the extent Paragraph 95 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 95.

96.     To the extent Paragraph 96 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 96.

97.     To the extent Paragraph 97 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

- 9 -

read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 97.

98.    To the extent Paragraph 98 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 98.

99.    Smart King admits that, in October 2019, Jia filed for bankruptcy protection in the United States.  To the extent Paragraph 99 purports to describe, quote, or characterize the documents filed with the bankruptcy court, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  To the extent Paragraph 99 contains conclusions of law, which do not require a responsive pleading and on that basis, Smart King denies those conclusions. Smart King denies the remaining allegations in Paragraph 99.

100.   Smart King denies the allegations in Paragraph 100.

101.   Smart King denies the allegations in Paragraph 101.

102.   Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 relating to Liu's "extensive client relationships" that he "transitioned to colleagues" and on that ground, denies those allegations.   Smart King denies the allegations in Paragraph 102.

103.   Smart King denies the allegations of Paragraph 103.

104.   Smart King admits that on December 17, 2019, the office of the United States Trustee filed a motion in Jia's bankruptcy case, seeking the appointment of a Chapter 11 trustee.  Smart King denies the remaining allegations in Paragraph 104.

105.   Smart King denies the allegations in Paragraph 105.

106.   Smart King denies the allegations in Paragraph 106.

107.   Smart King denies the allegations in Paragraph 107.

108.   Smart King denies the allegations in Paragraph 108.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

109.    Smart King incorporates each of its previous responses as if fully set forth herein.

110.    Smart King denies the allegations in Paragraph 110.

111.    Smart King denies the allegations in Paragraph 111.

112.    To the extent Paragraph 112 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 112.

113.    To the extent Paragraph 113 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 113.

114.    To the extent Paragraph 114 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 114.

115.    Smart King denies the allegations in Paragraph 115.

116.    Smart King denies the allegations in Paragraph 116.

117.    Smart King incorporates each of its previous responses as if fully set forth herein.

118.    Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Liu's practice at Mayer Brown and on that basis denies them.  Smart King denies the remaining allegation in Paragraph 118.

119.    Smart King denies the allegations in Paragraph 119.

120.    Smart King denies the allegation in Paragraph 120.

121.    Smart King denies the allegations in Paragraph 121.

122.    Smart King denies the allegations in Paragraph 122.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

123.   Smart King denies the allegations in Paragraph 123.

124.   Smart King incorporates each of its previous responses as if fully set forth herein.

125.   Smart King denies the allegations in Paragraph 125.

126.   Smart King denies the allegations in Paragraph 126.

127.   Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Liu's practice at Mayer Brown and on that basis denies them.   Smart King denies the remaining allegation in Paragraph 127.

128.   Smart King denies the allegations in Paragraph 128.

129.   Smart King denies the allegations in Paragraph 129.

130.   Smart King denies the allegations in Paragraph 130.

131.   Smart King incorporates each of its previous responses as if fully set forth herein.

132.   Smart King denies the allegations in Paragraph 132.

133.   Smart King denies the allegations in Paragraph 133.

134.   Smart King denies the allegations in Paragraph 134.

135.   Smart King denies the allegations in Paragraph 135.

136.   Smart King incorporates each of its previous responses as if fully set forth herein.

137.   Smart King denies the allegations in Paragraph 137.

138.   Smart King denies the allegations in Paragraph 138.

139.   Smart King denies the allegations in Paragraph 139.

140.   Smart King denies the allegations in Paragraph 140.

141.   Smart King incorporates each of its previous responses as if fully set forth herein.

142.   Smart King denies the allegations in Paragraph 142.

143.   Smart King denies the allegations in Paragraph 143.

144.   Smart King denies the allegations in Paragraph 144.

145.   Smart King denies the allegations in Paragraph 145.

146.   Smart King denies the allegations in Paragraph 146.

147.   Smart King incorporates each of its previous responses as if fully set forth herein.

148.   To the extent Paragraph 148 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 148.

149.   To the extent Paragraph 149 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 149.

150.   Smart King denies the allegations in Paragraph 150.

151.   Smart King denies the allegations in Paragraph 151.

152.   Smart King asserts that no response is required to the prayer for relief on page 28 of the Complaint.  To the extent that the paragraphs of that clause may be deemed to allege any factual or legal entitlement to the relief requested, Smart King denies each and every such allegation and specifically denies that Liu is entitled to any relief, including, but not limited to, the relief requested in subparts 1 through 11 thereof.

153. All allegations not specifically admitted or responded to are denied.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the defenses set forth herein where such burden would otherwise rest with Liu, Smart King alleges the following affirmative defenses to the Complaint and to the relief sought therein:

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### First Affirmative Defense

### (Failure to State a Claim)

1.     Liu's Complaint fails in whole or in part to state a claim against Smart King upon which relief may be granted.

### Second Affirmative Defense

### (Fraudulent Inducement)

2.     Liu's Complaint and the claims therein fail to the extent that they rely upon the Director Agreement that Liu fraudulently induced Smart King to enter. Smart King entered that agreement with the understanding that Liu was going to fulfill certain roles with it and its subsidiary FF and fulfill certain tasks for FF. As detailed in FF's concurrently filed First Amended Counterclaim ("FAC"), which is incorporated herein, during the October 17, 2017 meeting with Jia and Wang at FF's headquarters in Gardena, California and during subsequent calls with Wang and in-person meetings with Jia, Wang, Deng, Michael Wang, and Xiao Qiang Wu on January 10, 21, 22, and 24, 2018 at FF's headquarters and corporate clubhouse in Palos Verdes, California and a dinner meeting at SHAN Social House in Beverly Hills, California, Liu made many misrepresentations, but not limited to the following: (1) that he could guide FF to an IPO in 2019; (2) that he could connect FF with his close connections with top Chinese government officials, including the president of China, to help FF with its business in China; (3) that he had vast experience working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; (4) that he would manage outside counsel and increase efficiencies of FF's legal spending while guiding FF's legal processes; (5) that he would guide FF through litigation, including the litigation with EVelozcity, Inc. ("EVelozcity"), which he guaranteed FF could "win" under his guidance; (6) that he would connect FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar; and (7) that he would act as FF's General Counsel, Global Chief Administrative Officer,

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

and Global Senior Advisor and perform duties commensurate with those roles. Liu also committed to acting as Senior Board Member of Smart King.

Liu was entirely incapable of providing any guidance with regard to how to proceed to IPO, as demonstrated by Liu's inability to detail the concrete, executable steps that FF needed to take in Liu's 2019 business plan. Liu never connected FF with any top Chinese government official. FF is informed and believes that Liu never had the purported connections with top Chinese government officials.

Liu was incapable of working with or advising FF regarding investors, public and private funds, or capital markets. Liu was incapable of managing outside counsel and did nothing to increase efficiencies or improve FF legal processes. Liu was incapable of guiding FF in any way toward obtaining additional debt or equity financing. Liu was incapable of guiding FF with regarding to litigation and could not guide FF to "win" the EVelozcity litigation. Liu was incapable of connecting FF with investment firms and banks. FF is informed and believes that he never had such connections. Liu was incapable of fulfilling any of the duties commensurate with the roles of General Counsel, Chief Administrative Officer, or Global Senior Advisor. Liu also never fulfilled any duty commensurate with his role of Senior Board Member at Smart King.

Smart King is informed and believes that Liu never intended to perform any of his representations. Liu was never capable of performing those representations and he knew these representations were false when he made them, or he made them without regard for their truth. Liu made these misrepresentations and concealed these material facts in order to make Smart King believe he had the ability and willingness to deliver specific results and perform in these high-level roles so that FF would hire him and Smart King execute the Director Agreement with him.

Smart King reasonably and justifiably relied on Liu's representations when it entered the Director Agreement with Liu and FF hired Liu. That reliance was bolstered by Liu's representations as to his background and accolades, including, but

not limited to, his LLM from Harvard, JSD from Peking University Law School, and MBA from Oxford; his experience working as General Counsel and Director-General of the China Securities Regulatory Commissions; and his experience as a partner at internationally renowned law firm, Mayer.

Further, during the course of his employment with FF, Liu continued to misrepresent his willingness and ability to perform his job duties, take FF to an IPO, and how his purported abilities and connections would allow him to fulfill his obligations as the General Counsel, Global Chief Administrative Officer, Global Senior Advisor, and Senior Board Member, or Senior Board Member of Smart King. In fact, Liu knew or should have known that he lacked the requisite skill, experience, expertise, and knowledge to deliver the results and perform his job duties.

Such representations made by Liu during the course of his employment were false, and Liu knew, or was reckless in failing to know, that such statements were false at the time they were made. Smart King learned that such representations were false when Liu demonstrated an inability, or unwillingness, to perform even rudimentary tasks, let alone deliver the specific results he assured Smart King he both could and would.

Had Smart King known that Liu's representations were false, Smart King would not have entered the Director Agreement with Liu. Smart King has been harmed by Liu's misrepresentations

### **Third Affirmative Defense**

### **(Intentional Misrepresentation)**

3.     Liu's Complaint and the claims therein fail because of Liu's intentional misrepresentations. As detailed above and in FF's concurrently filed FAC, Liu made numerous false representations during the during the October 17, 2017 meeting and during subsequent calls and meetings, leading up to FF hiring him based on those false representations, including, but not limited to, representations that: (1) he could guide FF to an IPO in 2019; (2) he could connect FF with his close connections with

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

top Chinese government officials, including the president of China, to help FF with its business in China; (3) he had vast experience working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; (4) he would manage outside counsel and increase efficiencies of FF's legal spending while guiding FF's legal processes; (5) he would guide FF through litigation, including the EVelozcity litigation, which he guaranteed FF could "win" under his guidance; (6) he would connect FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar; and (7) he would act as FF's General Counsel, Global Chief Administrative Officer, and Global Senior Advisor and perform duties commensurate with those roles.

Liu not only made these representations during the hiring process, but he continued making such representations during his employment with FF, including in his 2019 "Business Plan" that he presented to Jia in January 2019.

These representations were false and Liu knew they were false when he made them or he made them recklessly and without regard for their truth. Liu intended that Smart King rely on his intentional misrepresentations and Smart King is informed and believes that Liu never had any intention of performing. Smart King's reliance on Liu's representations was reasonable.

### **Fourth Affirmative Defense**

### **(Rescission Based on Fraud)**

4.      Liu's Complaint and the claims therein fail to the extent that they rely upon the Director Agreement that Liu fraudulently induced Smart King to enter, making them subject to rescission by Smart King. As detailed above and in FF's concurrently filed FAC, which is incorporated herein, Liu made numerous express and oral fraudulent statements to Smart King prior to entering that agreement, including, but not limited to: (1) that he could guide FF to an IPO in 2019; (2) that he could connect FF with his close connections with top Chinese government

officials, including the president of China, to help FF with its business in China; (3) that he had vast experience working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; (4) that he would manage outside counsel and increase efficiencies of FF's legal spending while guiding FF's legal processes; (5) that he would guide FF through litigation, including the EVelozcity litigation, which he guaranteed FF could "win" under his guidance; (6) that he would connect FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar; and (7) that he would act as FF's General Counsel, Global Chief Administrative Officer, and Global Senior Advisor to FF and Senior Board Member of Smart King, and perform duties commensurate with those roles.

Because each of these representations were false, FF's consent to enter the Employment Agreement was obtained by fraud exercised by Liu.  As a result of Liu's fraud, FF received no consideration from Liu under the Director Agreement as Liu refused or was unable to deliver the services FF contracted for him to provide.  And Liu's fraud makes the Director Agreement rescindable.

### Fifth Affirmative Defense

### (Rescission Based on Unilateral Mistake of Fact)

5.    Liu's Complaint and the claims therein fail to the extent that they rely upon the Director Agreement that Smart King entered under the mistaken belief that Liu was capable of serving in the roles of Senior Board Member, Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor of FF, and Senior Board Member of Smart King.  Smart King also mistakenly believed that Liu was capable of guiding FF to an IPO in 2019; connecting FF with his close connections with top Chinese government officials, including the president of China, to help FF with its business in China; working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; managing outside counsel and increasing efficiencies of FF's legal spending and

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

processes; guiding FF through litigation, including the EVelozcity litigation, which he guaranteed FF could "win" under his guidance; and connecting FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar.

Each of these mistaken beliefs were material. Thus, the Director Agreement is unconscionable and, thus rescindable.

**Sixth Affirmative Defense**

**(Rescission Based on Failure of Consideration)**

6. Liu's Complaint and the claims therein fail to the extent that they rely upon the Director Agreement that Smart King entered and under which there was a failure of the consideration that Liu was to provide under that agreement.

**Seventh Affirmative Defense**

**(Impossibility)**

7. Liu's Complaint and the claims therein fail to the extent that they rely upon the Director Agreement that Smart King entered and under which Smart King's performance was excused based upon the change in material circumstances from when it entered that contract. Specifically, Liu's complete failure to perform made it impossible for Smart King to perform.

**Eighth Affirmative Defense**

**(Violation of Attorney-Client Privilege)**

8. Liu's Complaint is barred, in whole or in part, to the extent it relies on and exposes communications exchanged during his role as counsel for FF and FF does not waive such privilege.

**Ninth Affirmative Defense**

**(Waiver)**

9. Liu's Complaint is barred, in whole or in part, by the doctrine of waiver.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1

### **Tenth Affirmative Defense**

2

### **(Estoppel)**

3   10.   Liu's Complaint is barred, in whole or in part, by the doctrine of

4   estoppel.

5

### **Eleventh Affirmative Defense**

6

### **(Breach by Plaintiff)**

7   11.   Liu's Complaint is barred, in whole or in part, due to Liu's breaches of

8   the Employment Agreement.

9

### **Twelfth Affirmative Defense**

10

### **(Failure of Conditions Precedent)**

11   12.   Liu's Complaint is barred, in whole or in part, because he failed to meet

12   certain conditions precedent to FF's obligations under the Employment Agreement

13   and Smart King's obligations under the Director Agreement.

14

### **Thirteenth Affirmative Defense**

15

### **(Statutes of Limitations)**

16   13.   Liu's Complaint is barred, in whole or in part, by the statutes of

17   limitations under applicable law and the parties' agreements.

18

### **Fourteenth Affirmative Defense**

19

### **(Intervening/Supervening Cause)**

20   14.   Liu's Complaint is barred, in whole or in part, because any alleged harm

21   was due to intervening and/or supervening causes.

22

### **Fifteenth Affirmative Defense**

23

### **(Unclean Hands)**

24   15.   Liu's Complaint is barred, in whole or in part, by the doctrine of unclean

25   hands.

26

### **Sixteenth Affirmative Defense**

27

### **(Contrary to Public Policy)**

28   16.   Liu's Complaint is barred, in whole or in part, by Liu's own fraudulent

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   and unlawful acts in violation of public policy.

2   **Seventeenth Affirmative Defense**

3   **(Justification)**

4   17.   Liu's Complaint is barred, in whole or in part, because Smart King was

5   fully justified in its conduct as a matter of fact and law.

6   **Eighteenth Affirmative Defense**

7   **(Failure to Mitigate Damages)**

8   18.   Liu's Complaint is barred, in whole or in part, because he failed to

9   mitigate his alleged damages.

10   **Nineteenth Affirmative Defense**

11   **(Unjust Enrichment)**

12   19.   Liu's Complaint is barred, in whole or in part, because any relief by Liu

13   would constitute unjust enrichment.

14   **Twentieth Affirmative Defense**

15   **(In Pari Delicto)**

16   20.   Liu's Complaint is barred, in whole or in part, by the doctrine of in pari

17   delicto.

18   **Twenty-first Affirmative Defense**

19   **(Breach of Fiduciary Duty)**

20   21.   Liu's Complaint is barred, in whole or in part, on the ground that Liu

21   breached the fiduciary duties that he owed to FF and Smart King.

22   **Twenty-second Affirmative Defense**

23   **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

24   22.   Liu's Complaint is barred, in whole or in part, on the ground that Liu

25   breached the implied covenant of good faith and fair dealing in the Employment

26   Agreement.

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

**Twenty-third Affirmative Defense**

**(Contribution and Indemnity)**

23.   Liu's Complaint is barred, in whole or in part, by the doctrines of contribution and indemnity.

**Twenty-fourth Affirmative Defense**

**(Reservation of Rights)**

24.   The defenses set forth herein reflect Smart King's assessment based on the information of which Smart King currently is aware.  Smart King expressly reserves, and does not waive any defenses.

WHEREFORE, Smart King respectfully requests that this Court enter judgment in its favor and against Liu, dismiss Liu's claims, and award Smart King its costs of suit and such other relief as this Court may deem appropriate.

Dated:  February 18, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By:  /s/ Lauren E. Grochow
    Lauren E. Grochow
    Daniel Anziska
    Mackenzie L. Willow-Johnson

Attorneys for Defendants
FARADAY&FUTURE INC.,
SMART KING LTD.,
JIAWEI WANG, and CHAOYING DENG

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545