LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700
Facsimile:  949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile:  212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile:  704.998.4051

Attorneys for Defendants
FARADAY&FUTURE INC., SMART KING LTD.,
JIAWEI WANG, and CHAOYING DENG

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| HONG LIU, | Case No.  2:20-cv-08035-SVW-JPR |
| Plaintiff, | Honorable Stephen V. Wilson |
| v. | **DEFENDANT FARADAY&FUTURE INC.'S AMENDED ANSWER TO COMPLAINT** |
| FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, AND CHAOYING DENG | |
| Defendants. | |

113490316

1    Defendant Faraday&Future, Inc. ("FF") hereby answers the Complaint
2    ("Complaint") of Plaintiff Hong Liu ("Liu"), as follows:

3        1.    FF denies the allegations of Paragraph 1.

4        2.    FF denies the allegations in Paragraph 2 on information and belief.

5        3.    FF admits that Yueting Jia ("Jia") is FF's founder.  FF denies the
6    remaining allegations in Paragraph 3.

7        4.    FF lacks knowledge or information sufficient to form a belief as to the
8    truth or falsity of the allegations of what Liu knew.  FF denies the remaining
9    allegations in Paragraph 4.

10       5.    FF denies the allegations in Paragraph 5.

11       6.    To the extent Paragraph 6 contains conclusions of law, which do not
12   require a responsive pleading and on that basis, FF denies those conclusions.  FF
13   denies the remaining allegations in Paragraph 6.

14       7.    FF does not challenge the Court's subject matter jurisdiction over this
15   action.

16       8.    FF denies the allegations in Paragraph 8.  The Southern District of New
17   York does not have personal jurisdiction over FF in this action.

18       9.    FF denies the allegations in Paragraph 9.  The Court already found that
19   venue is not proper in the Southern District of New York.

20       10.   FF lacks knowledge or information sufficient to form a belief as to the
21   truth or falsity of the allegations in Paragraph 10 and on that ground, denies those
22   allegations.

23       11.   FF admits the allegations in Paragraph 11.

24       12.   FF admits the allegations in Paragraph 12.

25       13.   FF admits the allegations in Paragraph 13.

26       14.   FF admits the allegations in Paragraph 14.

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

113490316

- 1 -

15.    FF admits that Liu represented that he was a New York-based attorney. FF denies the remaining allegation in Paragraph 15 on information and belief.

16.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that ground, denies those allegations.

17.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and on that ground, denies those allegations.

18.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that ground, denies those allegations.

19.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and on that ground, denies those allegations.

20.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that ground, denies those allegations.

21.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that ground, denies those allegations.

22.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that ground, denies those allegations.

23.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that ground, denies those allegations.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

24.     FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and on that ground, denies those allegations.

25.     FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that ground, denies those allegations.

26.     FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that ground, denies those allegations.

27.     FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[b]etween October 2017 and mid-February 2018" Liu was "at the pinnacle of his success" and on that ground, denies those allegations.  FF denies the remaining allegations in in Paragraph 27.

28.     FF denies the allegations in Paragraph 28.

29.     FF admits that Liu represented that he was "a globally respected professional with decades of experience" and that it believed that hiring Lie would benefit its business.  FF denies the remaining allegations in Paragraph 29.

30.     FF admits that Jia was FF's founder and that Jia has filed a personal bankruptcy case in the United States Bankruptcy Court for the Central District of California.  FF denies the remaining allegations in Paragraph 30.

31.     FF admits that Liu met Jia at FF's headquarters on October 17, 2017. FF denies the remaining allegations in Paragraph 31.

32.     FF denies the allegations in Paragraph 32.

33.     FF denies the allegations in Paragraph 33.

34.     FF denies the allegations in Paragraph 34.

35.     FF denies the allegations in Paragraph 35.

36.     FF denies the allegations in Paragraph 36.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

37.    FF admits that during the month of January 2018, Liu met with Jia, Jiawei "Jerry" Wang ("Wang"), and Chaoying Deng ("Deng") at FF's headquarters in California.  FF denies the remaining allegations in Paragraph 37.

38.    FF admits that Sidley Austin LLP was one of the law firms that handled FF's Series A transaction with Evergrande.  FF denies the remaining allegation in Paragraph 38.

39.    FF denies the allegations in Paragraph 39.

40.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Liu's beliefs and on that basis denies those allegations.  FF denies the remaining allegations in Paragraph 40.

41.    FF denies the allegation in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 42.

43.    FF admits that on January 25, 2018, Liu entered into the Employment Agreement attached to the Complaint as Exhibit A.  To the extent Paragraph 43 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 43.

44.    FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and on that basis denies those allegations.  FF denies the remaining allegations in Paragraph 44.

45.    To the extent Paragraph 45 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 45.

46.     To the extent Paragraph 46 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 46.

47.     To the extent Paragraph 47 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 47.

48.     To the extent Paragraph 48 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 48.

49.     To the extent Paragraph 49 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 49.

50.     To the extent Paragraph 50 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 50.

51.     To the extent Paragraph 51 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 51.

52.     FF denies the allegations in Paragraph 52.

53.     To the extent Paragraph 53 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 53.

54.     To the extent Paragraph 54 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 54.

55.     FF lacks knowledge or information sufficient to form a belief as to what Liu would have done and on that basis denies those allegations.  FF denies the remaining allegations in Paragraph 55.

56.     To the extent Paragraph 56 purports to describe, quote or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 56.

57.     To the extent Paragraph 57 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 57.

58.     To the extent Paragraph 58 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 58.

59.     FF lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that ground, denies those allegations.

60.     FF admits the allegations in Paragraph 60.

61.     FF lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and on that ground, denies those allegations.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

62.     FF admits that it paid $600,000 to Liu on his start date.  To the extent Paragraph 62 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 62.

63.     FF denies the allegations in Paragraph 63.

64.     To the extent Paragraph 64 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 64.

65.     To the extent Paragraph 65 purports to describe, quote, or characterize the terms of the Employment Agreement or the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 65.

66.     To the extent Paragraph 66 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 66.

67.     FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 as to the documents issued by Solium and whether Liu accessed his information on Solium's website.  FF denies the remaining allegations in Paragraph 67.

68.     FF lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that ground, denies those allegations.

69.     FF denies the allegations in Paragraph 69.

70.     FF denies the allegations in Paragraph 70.

71.     FF denies the allegations in Paragraph 71.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

72.     FF denies the allegations in Paragraph 72.

73.     FF denies the allegations in Paragraph 73.

74.     To the extent the allegations in Paragraph 74 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 74.

75.     To the extent the allegations in Paragraph 75 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the allegations in Paragraph 75.

76.     FF denies the allegations in Paragraph 76.

77.     FF denies the allegations in Paragraph 77.

78.     FF denies the allegations in Paragraph 78.

79.     FF denies the allegations in Paragraph 79.

80.     FF denies the allegations in Paragraph 80.

81.     FF denies the allegations in Paragraph 81.

82.     To the extent the allegations in Paragraph 82 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 82.

83.     To the extent the allegations in Paragraph 83 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 83.

84.     FF denies the allegations in Paragraph 84.

85.     FF denies the allegations in Paragraph 85.

86.     FF admits that Liu was terminated on February 11, 2019.  FF denies the remaining allegations in Paragraph 86.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

87.   FF denies the allegations in Paragraph 87.

88.   FF denies the allegations in Paragraph 88.

89.   FF denies the allegations in Paragraph 89.

90.   FF denies the allegations in Paragraph 90.

91.   FF denies the allegations in Paragraph 91.

92.   FF denies the allegations in Paragraph 92.

93.   FF denies the allegations in Paragraph 93.

94.   FF denies the allegations in Paragraph 94.

95.   To the extent Paragraph 95 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 95.

96.   To the extent Paragraph 96 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 96.

97.   To the extent Paragraph 97 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 97.

98.   To the extent Paragraph 98 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 98.

99.   FF admits that, in October 2019, Jia filed for bankruptcy protection in the United States.  To the extent Paragraph 99 purports to describe, quote, or characterize the documents filed with the bankruptcy court, the document speaks for themselves, should be read as a whole, and would provide only as expressly stated

therein.  To the extent Paragraph 99 contains conclusions of law, which do not require a responsive pleading and on that basis, FF denies those conclusions.  FF denies the remaining allegations in Paragraph 99.

100.   FF denies the allegations in Paragraph 100.

101.   FF denies the allegations in Paragraph 101.

102.   FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 relating to Liu's "extensive client relationships" that he "transitioned to colleagues" and on that ground, denies those allegations.  FF denies the allegations in Paragraph 102.

103.   FF denies the allegations of Paragraph 103.

104.   FF admits that on December 17, 2019, the office of the United States Trustee filed a motion in Jia's bankruptcy case, seeking the appointment of a Chapter 11 trustee.  FF denies the remaining allegations in Paragraph 104.

105.   FF denies the allegations in Paragraph 105.

106.   FF denies the allegations in Paragraph 106.

107.   FF denies the allegations in Paragraph 107.

108.   FF denies the allegations in Paragraph 108.

109.   FF incorporates each of its previous responses as if fully set forth herein.

110.   FF denies the allegations in Paragraph 110.

111.   FF denies the allegations in Paragraph 111.

112.   To the extent Paragraph 112 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 112.

113.   To the extent Paragraph 113 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 113.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114.   To the extent Paragraph 114 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 114.

115.   FF denies the allegations in Paragraph 115.

116.   FF denies the allegations in Paragraph 116.

117.   FF incorporates each of its previous responses as if fully set forth herein.

118.   FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Liu's practice at Mayer Brown and on that basis denies them.  FF denies the remaining allegation in Paragraph 118.

119.   FF denies the allegations in Paragraph 119.

120.   FF denies the allegation in Paragraph 120.

121.   FF denies the allegations in Paragraph 121.

122.   FF denies the allegations in Paragraph 122.

123.   FF denies the allegations in Paragraph 123.

124.   FF incorporates each of its previous responses as if fully set forth herein.

125.   FF denies the allegations in Paragraph 125.

126.   FF denies the allegations in Paragraph 126.

127.   FF lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Liu's practice at Mayer Brown and on that basis denies them.  FF denies the remaining allegation in Paragraph 127.

128.   FF denies the allegations in Paragraph 128.

129.   FF denies the allegations in Paragraph 129.

130.   FF denies the allegations in Paragraph 130.

131.   FF incorporates each of its previous responses as if fully set forth herein.

132.   FF denies the allegations in Paragraph 132.

133.   FF denies the allegations in Paragraph 133.

134.   FF denies the allegations in Paragraph 134.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

135.   FF denies the allegations in Paragraph 135.

136.   FF incorporates each of its previous responses as if fully set forth herein.

137.   FF denies the allegations in Paragraph 137.

138.   FF denies the allegations in Paragraph 138.

139.   FF denies the allegations in Paragraph 139.

140.   FF denies the allegations in Paragraph 140.

141.   FF incorporates each of its previous responses as if fully set forth herein.

142.   FF denies the allegations in Paragraph 142.

143.   FF denies the allegations in Paragraph 143.

144.   FF denies the allegations in Paragraph 144.

145.   FF denies the allegations in Paragraph 145.

146.   FF denies the allegations in Paragraph 146.

147.   FF incorporates each of its previous responses as if fully set forth herein.

148.   To the extent Paragraph 148 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 148.

149.   To the extent Paragraph 149 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  FF denies the remaining allegations in Paragraph 149.

150.   FF denies the allegations in Paragraph 150.

151.   FF denies the allegations in Paragraph 151.

152.   FF asserts that no response is required to the prayer for relief on page 28 of the Complaint.  To the extent that the paragraphs of that clause may be deemed to allege any factual or legal entitlement to the relief requested, FF denies each and every such allegation and specifically denies that Liu is entitled to any

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

relief, including, but not limited to, the relief requested in subparts 1 through 11 thereof.

153. All allegations not specifically admitted or responded to are denied.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the defenses set forth herein where such burden would otherwise rest with Liu, FF alleges the following affirmative defenses to the Complaint and to the relief sought therein:

### **First Affirmative Defense**

### **(Failure to State a Claim)**

1.      Liu's Complaint fails in whole or in part to state a claim against FF upon which relief may be granted.

### **Second Affirmative Defense**

### **(Fraudulent Inducement)**

2.      Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement that Liu fraudulently induced FF to enter.  As detailed in FF's concurrently filed First Amended Counterclaim ("FAC"), which is incorporated herein, during the October 17, 2017 meeting with Jia and Wang at FF's headquarters in Gardena, California and during subsequent calls with Wang and in-person meetings with Jia, Wang, Deng, Michael Wang, and Xiao Qiang Wu on January 10, 21, 22, and 24, 2018 at FF's headquarters and corporate clubhouse in Palos Verdes, California and a dinner meeting at SHAN Social House in Beverly Hills, California, Liu made many misrepresentations, including, but not limited to the following: (1) that he could guide FF to an IPO in 2019; (2) that he could connect FF with his close connections with top Chinese government officials, including the president of China, to help FF with its business in China; (3) that he had vast experience working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; (4) that he would manage

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

outside counsel and increase efficiencies of FF's legal spending while guiding FF's legal processes; (5) that he would guide FF through litigation, including the litigation with EVelozcity, Inc. ("EVelozcity"), which he guaranteed FF could "win" under his guidance; (6) that he would connect FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar; and (7) that he would act as FF's General Counsel, Global Chief Administrative Officer, and Global Senior Advisor and perform duties commensurate with those roles.

Liu was entirely incapable of providing any guidance with regard to how to proceed to IPO, as demonstrated by Liu's inability to detail the concrete, executable steps that FF needed to take in Liu's 2019 business plan. Liu never connected FF with any top Chinese government official. FF is informed and believes that Liu never had the purported connections with top Chinese government officials. Liu was incapable of working with or advising FF regarding investors, public and private funds, or capital markets. Liu was incapable of managing outside counsel and did nothing to increase efficiencies or improve FF legal processes. Liu was incapable of guiding FF in any way toward obtaining additional debt or equity financing. Liu was incapable of guiding FF with regard to litigation and could not guide FF to "win" the EVelozcity litigation. Liu was incapable of connecting FF with investment firms and banks. FF is informed and believes that Liu never had such connections. Liu was incapable of fulfilling any of the duties commensurate with the roles of General Counsel, Chief Administrative Officer, or Global Senior Advisor.

FF is informed and believes that Liu never intended to perform any of his representations. Liu was never capable of performing those representations and he knew these representations were false when he made them, or he made them without regard for their truth. Liu made these misrepresentations and concealed these material facts in order to make FF believe he had the ability and willingness

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

to deliver specific results and perform in these high-level roles so that FF would hire him and execute the Employment Agreement with him.

FF reasonably and justifiably relied on Liu's representations when it decided to hire Liu and when it entered the Employment Agreement with Liu.  That reliance was bolstered by Liu's representations as to his background and accolades, including, but not limited to, his LLM from Harvard, JSD from Peking University Law School, and MBA from Oxford; his experience working as General Counsel and Director-General of the China Securities Regulatory Commissions; and his experience as a partner at internationally renowned law firm, Mayer.

Further, as set forth above, during the course of his employment with FF, Liu continued to misrepresent his willingness and ability to perform his job duties, take FF to an IPO, and how his purported abilities and connections would allow him to fulfill his obligations as the General Counsel, Global Chief Administrative Officer, Global Senior Advisor, and Senior Board Member.  In fact, Liu knew or should have known that he lacked the requisite skill, experience, expertise, and knowledge to deliver the results and perform his job duties.

Such representations made by Liu during the course of his employment were false, and Liu knew, or was reckless in failing to know, that such statements were false at the time they were made.  FF learned that such representations were false when Liu demonstrated an inability, or unwillingness, to perform even rudimentary tasks, let alone deliver the specific results he assured FF he both could and would.

Had FF known that Liu's representations were false, FF would not have entered the Employment Agreement with Liu.   FF has been harmed by Liu's misrepresentations

### **Third Affirmative Defense**

### **(Intentional Misrepresentation)**

3.     Liu's Complaint and the claims therein fail because of Liu's intentional misrepresentations.  As detailed above and in FF's concurrently filed FAC, Liu made

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

numerous false representations during the October 17, 2017 meeting and during subsequent calls and meetings, leading up to FF hiring him based on those false representations, including, but not limited to, representations that: (1) he could guide FF to an IPO in 2019; (2) he could connect FF with his close connections with top Chinese government officials, including the president of China, to help FF with its business in China; (3) he had vast experience working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; (4) he would manage outside counsel and increase efficiencies of FF's legal spending while guiding FF's legal processes; (5) he would guide FF through litigation, including the EVelozcity litigation, which he guaranteed FF could "win" under his guidance; (6) he would connect FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar; and (7) he would act as FF's General Counsel, Global Chief Administrative Officer, and Global Senior Advisor and perform duties commensurate with those roles.

Liu not only made these representations during the hiring process, but he continued making such representations during his employment with FF, including in his 2019 "Business Plan" that he presented to Jia in January 2019.

These representations were false and Liu knew they were false when he made them or he made them recklessly and without regard for their truth. Liu intended that FF rely on his intentional misrepresentations and FF is informed and believes that Liu never had any intention of performing. FF's reliance on Liu's representations was reasonable. FF was harmed by Liu's international misrepresentations

## Fourth Affirmative Defense
### (Rescission Based on Fraud)

4.     Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement that, as detailed above an in FF's concurrently filed

FAC, Liu fraudulently induced FF to enter, making them subject to rescission by FF. As detailed in FF's concurrently filed FAC, which is incorporated herein, Liu made numerous express and oral fraudulent statements to FF prior to entering that agreement, including, but not limited to: (1) that he could guide FF to an IPO in 2019; (2) that he could connect FF with his close connections with top Chinese government officials, including the president of China, to help FF with its business in China; (3) that he had vast experience working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; (4) that he would manage outside counsel and increase efficiencies of FF's legal spending while guiding FF's legal processes; (5) that he would guide FF through litigation, including the EVelozcity litigation, which he guaranteed FF could "win" under his guidance; (6) that he would connect FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar; and (7) that he would act as FF's General Counsel, Global Chief Administrative Officer, and Global Senior Advisor and perform duties commensurate with those roles.

Because each of these representations were false, FF's consent to enter the Employment Agreement was obtained by fraud exercised by Liu. As a result of Liu's fraud, FF received no consideration from Liu under the Employment Agreement as Liu refused or was unable to deliver the services FF contracted for him to provide. And Liu's fraud makes the Employment Agreement rescindable.

### Fifth Affirmative Defense

### (Rescission Based on Unilateral Mistake of Fact)

5.      Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement that FF entered under the mistaken belief that Liu was capable of serving in the roles of Senior Board Member, Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor. FF also mistakenly believed that Liu was capable of guiding FF to an IPO in 2019; connecting

FF with his close connections with top Chinese government officials, including the president of China, to help FF with its business in China; working with investors, public and private funds, and capital markets, which he would bring to FF to assist FF accordingly; managing outside counsel and increasing efficiencies of FF's legal spending and processes; guiding FF through litigation, including the EVelozcity litigation, which he guaranteed FF could "win" under his guidance; and connecting FF with key individuals at investment firms and banks, such as the CEO of Blackstone and high-up employees of Goldman Sachs, Citi, and Lazar.

Each of these mistaken beliefs were material. Thus, the Employment Agreement is unconscionable and, thus rescindable.

## Sixth Affirmative Defense

### (Rescission Based on Failure of Consideration)

6.       Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement that FF entered and under which there was a failure of the consideration that Liu was to provide FF under that agreement.

## Seventh Affirmative Defense

### (Impossibility)

7.       Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement that FF entered and under which FF's performance was excused based upon the change in material circumstances from when it entered that contract. Specifically, Liu's complete failure to perform made it impossible for FF to perform.

## Eighth Affirmative Defense

### (Violation of Attorney-Client Privilege)

8.       Liu's Complaint is barred, in whole or in part, to the extent it relies on and exposes communications exchanged during his role as counsel for FF and FF does not waive such privilege.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## Ninth Affirmative Defense

### (Waiver)

9.    Liu's Complaint is barred, in whole or in part, by the doctrine of waiver.

### Tenth Affirmative Defense

### (Estoppel)

10.    Liu's Complaint is barred, in whole or in part, by the doctrine of estoppel.

## Eleventh Affirmative Defense

### (Breach by Plaintiff)

11.    Liu's Complaint is barred, in whole or in part, due to Liu's breaches of the Employment Agreement.

## Twelfth Affirmative Defense

### (Failure of Conditions Precedent)

12.    Liu's Complaint is barred, in whole or in part, because he failed to meet certain conditions precedent to FF's obligations under the Employment Agreement.

## Thirteenth Affirmative Defense

### (Statutes of Limitations)

13.    Liu's Complaint is barred, in whole or in part, by the statutes of limitations under applicable law and the parties' agreements.

## Fourteenth Affirmative Defense

### (Intervening/Supervening Cause)

14.    Liu's Complaint is barred, in whole or in part, because any alleged harm was due to intervening and/or supervening causes.

## Fifteenth Affirmative Defense

### (Unclean Hands)

15.    Liu's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**Sixteenth Affirmative Defense**

**(Contrary to Public Policy)**

16.    Liu's Complaint is barred, in whole or in part, by Liu's own fraudulent and unlawful acts in violation of public policy.

**Seventeenth Affirmative Defense**

**(Justification)**

17.    Liu's Complaint is barred, in whole or in part, because FF was fully justified in its conduct as a matter of fact and law.

**Eighteenth Affirmative Defense**

**(Failure to Mitigate Damages)**

18.    Liu's Complaint is barred, in whole or in part, because he failed to mitigate his alleged damages.

**Nineteenth Affirmative Defense**

**(Unjust Enrichment)**

19.    Liu's Complaint is barred, in whole or in part, because any relief by Liu would constitute unjust enrichment.

**Twentieth Affirmative Defense**

**(In Pari Delicto)**

20.    Liu's Complaint is barred, in whole or in part, by the doctrine of in pari delicto.

**Twenty-first Affirmative Defense**

**(Breach of Fiduciary Duty)**

21.    Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the fiduciary duties that he owed to FF and FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King, Ltd.

**Twenty-second Affirmative Defense**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

22.    Liu's Complaint is barred, in whole or in part, on the ground that Liu

1    breached the implied covenant of good faith and fair dealing in the Employment
2    Agreement.

3                       **Twenty-third Affirmative Defense**
4                          **(Contribution and Indemnity)**

5        23.    Liu's Complaint is barred, in whole or in part, by the doctrines of
6    contribution and indemnity.

7                      **Twenty-fourth Affirmative Defense**
8                          **(Reservation of Rights)**

9        24.    The defenses set forth herein reflect FF's assessment based on the
10   information of which FF currently is aware.  FF expressly reserves, and does not
11   waive any defenses.

12
13       WHEREFORE, FF respectfully requests that this Court enter judgment in its
14   favor and against Liu, dismiss Liu's claims, and award FF its costs of suit and such
15   other relief as this Court may deem appropriate.

16   Dated:  February 18, 2021              TROUTMAN PEPPER HAMILTON
17                                          SANDERS LLP

18                                          By:  /s/ Lauren E. Grochow
19                                             Lauren E. Grochow
                                               Daniel Anziska
20                                             Mackenzie L. Willow-Johnson

21                                          Attorneys for Defendants
                                            FARADAY&FUTURE INC.,
22                                          SMART KING LTD.,
                                            JIAWEI WANG, and CHAOYING
23                                          DENG

24
25
26
27
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545