LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700
Facsimile:  949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile:  212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile:  704.998.4051

Attorneys for Defendants
FARADAY&FUTURE INC., SMART KING LTD.,
JIAWEI WANG, and CHAOYING DENG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>      Plaintiff,<br><br>      v.<br><br>FARADAY&FUTURE INC.,<br>SMART KING LTD., JIAWEI<br>WANG, AND CHAOYING DENG<br><br>      Defendants. | Case No.  2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DEFENDANT SMART KING LTD.'S SECOND AMENDED ANSWER TO COMPLAINT** |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

Defendant FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King, Ltd. (**"Smart King"**) hereby answers the Complaint (**"Complaint"**) of Plaintiff Hong Liu (**"Liu"**), as follows:

1.      Smart King denies the allegations of Paragraph 1.

2.      Smart King admits that Liu was a partner at Mayer Brown.  Smart King denies the allegations in Paragraph 2 on information and belief.

3.      Smart King admits that Yueting Jia (**"Jia"**) is Faraday&Future Inc.'s (**"FF"**) founder.  Smart King denies the remaining allegations in Paragraph 3.

4.      Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of what Liu knew.  Smart King denies the remaining allegations in Paragraph 4.

5.      Smart King denies the allegations in Paragraph 5.

6.      To the extent Paragraph 6 contains conclusions of law, which do not require a responsive pleading and on that basis, Smart King denies those conclusions. Smart King denies the remaining allegations in Paragraph 6.

7.      Smart King does not challenge the Court's subject matter jurisdiction over this action.

8.      Smart King denies the allegations in Paragraph 8.  The Southern District of New York does not have personal jurisdiction over Smart King in this action.

9.      Smart King denies the allegations in Paragraph 9.  The Court already found that venue is not proper in the Southern District of New York.

10.      Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and on that ground, denies those allegations.

11.      Smart King admits the allegations in Paragraph 11.

12.      Smart King admits the allegations in Paragraph 12.

13.      Smart King admits the allegations in Paragraph 13.

14. Smart King admits the allegations in Paragraph 14.

15. Smart King admits that Liu represented that he was a New York-based attorney. Smart King denies the remaining allegation in Paragraph 15 on information and belief.

16. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and on that ground, denies those allegations.

17. Smart King admits that, according to publicly available records Liu was admitted to the New York State Bar.

18. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that ground, denies those allegations.

19. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and on that ground, denies those allegations.

20. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that ground, denies those allegations.

21. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that ground, denies those allegations.

22. Smart King admits that Liu was a partner at Mayer Brown. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that ground, denies those allegations.

23. Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that ground, denies those allegations.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

24.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and on that ground, denies those allegations.

25.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that ground, denies those allegations.

26.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that ground, denies those allegations.

27.     Smart King admits that Liu was a partner at Mayer Brown.  Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[b]etween October 2017 and mid-February 2018" Liu was "at the pinnacle of his success" and on that ground, denies those allegations.  Smart King denies the remaining allegations in in Paragraph 27.

28.     Smart King denies the allegations in Paragraph 28.

29.     Smart King admits that Liu represented that he was "a globally respected professional with decades of experience" and that it believed that hiring Lie would benefit its business.  Smart King denies the remaining allegations in Paragraph 29.

30.     Smart King admits that Jia was FF's founder and that Jia has filed a personal bankruptcy case in the United States Bankruptcy Court for the Central District of California.  Smart King denies the remaining allegations in Paragraph 30.

31.     Smart King admits that Liu met Jia at FF's headquarters on October 17, 2017.  Smart King denies the remaining allegations in Paragraph 31.

32.     Smart King denies the allegations in Paragraph 32.

33.     Smart King denies the allegations in Paragraph 33.

34.     Smart King denies the allegations in Paragraph 34.

35.     Smart King denies the allegations in Paragraph 35.

36.     Smart King denies the allegations in Paragraph 36.

37.     Smart King admits that during the month of January 2018, Liu met with Jia, Jiawei "Jerry" Wang (**"Wang"**), and Chaoying Deng (**"Deng"**) at FF's headquarters California.     Smart King denies the remaining allegations in Paragraph 37.

38.     Smart King admits that Sidley Austin LLP was one of the law firms that handled FF's Series A transaction with Evergrande.  Smart King denies the remaining allegation in Paragraph 38.

39.     Smart King denies the allegations in Paragraph 39.

40.     Smart King admits that Liu was a partner at Mayer Brown.  Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Liu's beliefs and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 40.

41.     Smart King denies the allegation in Paragraph 41.

42.     To the extent the allegations in Paragraph 42 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.     Smart King denies the remaining allegations in Paragraph 42.

43.     Smart King admits that on January 25, 2018, Liu entered into the Employment Agreement attached to the Complaint as Exhibit A.  To the extent Paragraph 43 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 43.

44.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 44.

45.     To the extent Paragraph 45 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 45.

46.     To the extent Paragraph 46 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 46.

47.     To the extent Paragraph 47 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 47.

48.     To the extent Paragraph 48 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 48.

49.     To the extent Paragraph 49 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 49.

50.     To the extent Paragraph 50 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 50.

51.     To the extent Paragraph 51 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 51.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

52.     Smart King denies the allegations in Paragraph 52.

53.     To the extent Paragraph 53 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 53.

54.     To the extent Paragraph 54 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 54.

55.     Smart King lacks knowledge or information sufficient to form a belief as to what Liu would have done and on that basis denies those allegations.  Smart King denies the remaining allegations in Paragraph 55.

56.     To the extent Paragraph 56 purports to describe, quote or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 56.

57.     To the extent Paragraph 57 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 57.

58.     To the extent Paragraph 58 purports to describe, quote, or characterize the terms of the Director Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 58.

59.     Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and on that ground, denies those allegations.

60.     Smart King admits the allegations in Paragraph 60.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

61.     Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and on that ground, denies those allegations.

62.     Smart King admits that it paid $600,000 to Liu on his start date.  To the extent Paragraph 62 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 62.

63.     Smart King denies the allegations in Paragraph 63.

64.     To the extent Paragraph 64 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 64.

65.     To the extent Paragraph 65 purports to describe, quote, or characterize the terms of the Employment Agreement or the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 65.

66.     To the extent Paragraph 66 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 66.

67.     Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 as to the documents issued by Solium and whether Liu accessed his information on Solium's website.  Smart King denies the remaining allegations in Paragraph 67.

68.    Smart King lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and on that ground, denies those allegations.

69.    Smart King denies the allegations in Paragraph 69.

70.    Smart King denies the allegations in Paragraph 70.

71.    Smart King denies the allegations in Paragraph 71.

72.    Smart King denies the allegations in Paragraph 72.

73.    Smart King denies the allegations in Paragraph 73.

74.    To the extent the allegations in Paragraph 74 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 74.

75.    To the extent the allegations in Paragraph 75 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the allegations in Paragraph 75.

76.    Smart King denies the allegations in Paragraph 76.

77.    Smart King denies the allegations in Paragraph 77.

78.    Smart King denies the allegations in Paragraph 78.

79.    Smart King denies the allegations in Paragraph 79.

80.    Smart King denies the allegations in Paragraph 80.

81.    Smart King denies the allegations in Paragraph 81.

82.    To the extent the allegations in Paragraph 82 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 82.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

83.     To the extent the allegations in Paragraph 83 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 83.

84.     Smart King denies the allegations in Paragraph 84.

85.     Smart King denies the allegations in Paragraph 85.

86.     Smart King admits that Liu was terminated on February 11, 2019.  Smart King denies the remaining allegations in Paragraph 86.

87.     Smart King denies the allegations in Paragraph 87.

88.     Smart King denies the allegations in Paragraph 88.

89.     Smart King denies the allegations in Paragraph 89.

90.     Smart King denies the allegations in Paragraph 90.

91.     Smart King denies the allegations in Paragraph 91.

92.     Smart King denies the allegations in Paragraph 92.

93.     Smart King denies the allegations in Paragraph 93.

94.     Smart King denies the allegations in Paragraph 94.

95.     To the extent Paragraph 95 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 95.

96.     To the extent Paragraph 96 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 96.

97.     To the extent Paragraph 97 purports to describe, quote or characterize the terms of the Employment Agreement, the document speaks for itself, should be

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 97.

98.     To the extent Paragraph 98 purports to describe, quote, or characterize the terms of the September 2018 Resolutions, the documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 98.

99.     Smart King admits that, in October 2019, Jia filed for bankruptcy protection in the United States.  To the extent Paragraph 99 purports to describe, quote, or characterize the documents filed with the bankruptcy court, the document speaks for themselves, should be read as a whole, and would provide only as expressly stated therein.  To the extent Paragraph 99 contains conclusions of law, which do not require a responsive pleading and on that basis, Smart King denies those conclusions.  Smart King denies the remaining allegations in Paragraph 99.

100.   Smart King denies the allegations in Paragraph 100.

101.   Smart King denies the allegations in Paragraph 101.

102.   Smart King lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 relating to Liu's "extensive client relationships" that he "transitioned to colleagues" and on that ground, denies those allegations.  Smart King denies the allegations in Paragraph 102.

103.   Smart King denies the allegations of Paragraph 103.

104.   Smart King admits that on December 17, 2019, the office of the United States Trustee filed a motion in Jia's bankruptcy case, seeking the appointment of a Chapter 11 trustee.  Smart King denies the remaining allegations in Paragraph 104.

105.   Smart King denies the allegations in Paragraph 105.

106.   Smart King denies the allegations in Paragraph 106.

107.   Smart King denies the allegations in Paragraph 107.

108.   Smart King denies the allegations in Paragraph 108.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

109.   Smart King incorporates each of its previous responses as if fully set forth herein.

110.   Smart King denies the allegations in Paragraph 110.

111.   Smart King denies the allegations in Paragraph 111.

112.   To the extent Paragraph 112 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 112.

113.   To the extent Paragraph 113 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 113.

114.   To the extent Paragraph 114 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.   Smart King denies the remaining allegations in Paragraph 114.

115.   Smart King denies the allegations in Paragraph 115.

116.   Smart King denies the allegations in Paragraph 116.

117.   Smart King incorporates each of its previous responses as if fully set forth herein.

118.   Smart King denies the remaining allegation in Paragraph 118.

119.   Smart King denies the allegations in Paragraph 119.

120.   Smart King admits that Liu was a partner at Mayer Brown prior to joining FF.  Smart King denies the remaining allegation in Paragraph 120.

121.   Smart King denies the allegations in Paragraph 121.

122.   Smart King denies the allegations in Paragraph 122.

123.   Smart King denies the allegations in Paragraph 123.

124. Smart King incorporates each of its previous responses as if fully set forth herein.

125. Smart King denies the allegations in Paragraph 125.

126. Smart King denies the allegations in Paragraph 126.

127. Smart King admits that Liu was a partner at Mayer Brown prior to joining FF. Smart King denies the remaining allegation in Paragraph 127.

128. Smart King denies the allegations in Paragraph 128.

129. Smart King denies the allegations in Paragraph 129.

130. Smart King denies the allegations in Paragraph 130.

131. Smart King incorporates each of its previous responses as if fully set forth herein.

132. Smart King denies the allegations in Paragraph 132.

133. Smart King denies the allegations in Paragraph 133.

134. Smart King denies the allegations in Paragraph 134.

135. Smart King denies the allegations in Paragraph 135.

136. Smart King incorporates each of its previous responses as if fully set forth herein.

137. Smart King denies the allegations in Paragraph 137.

138. Smart King denies the allegations in Paragraph 138.

139. Smart King denies the allegations in Paragraph 139.

140. Smart King denies the allegations in Paragraph 140.

141. Smart King incorporates each of its previous responses as if fully set forth herein.

142. Smart King denies the allegations in Paragraph 142.

143. Smart King denies the allegations in Paragraph 143.

144. Smart King denies the allegations in Paragraph 144.

145. Smart King denies the allegations in Paragraph 145.

146. Smart King denies the allegations in Paragraph 146.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

147.   Smart King incorporates each of its previous responses as if fully set forth herein.

148.   To the extent Paragraph 148 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 148.

149.   To the extent Paragraph 149 purports to describe, quote, or characterize the terms of the Employment Agreement, the document speaks for itself, should be read as a whole, and would provide only as expressly stated therein.  Smart King denies the remaining allegations in Paragraph 149.

150.   Smart King denies the allegations in Paragraph 150.

151.   Smart King denies the allegations in Paragraph 151.

152.   Smart King asserts that no response is required to the prayer for relief on page 28 of the Complaint.  To the extent that the paragraphs of that clause may be deemed to allege any factual or legal entitlement to the relief requested, Smart King denies each and every such allegation and specifically denies that Liu is entitled to any relief, including, but not limited to, the relief requested in subparts 1 through 11 thereof.

153. All allegations not specifically admitted or responded to are denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the defenses set forth herein where such burden would otherwise rest with Liu, Smart King alleges the following affirmative defenses to the Complaint and to the relief sought therein:

### First Affirmative Defense

### (Failure to State a Claim)

1.   Liu's Complaint fails in whole or in part to state a claim against Smart King upon which relief may be granted.

**Second Affirmative Defense**

**(Constructive Fraud)**

2.     Liu's Complaint and the causes of action alleged therein are barred, in whole or in part, because of the constructive fraud that Liu committed in entering the Employment Agreement with FF and Smart King.  As memorialized in the executed October 20, 2017 Engagement Letter (that Liu executed on Mayer's behalf), the Work Plan, and the accompanying documents provided by Mayer Brown and Liu to FF, Liu and FF had an attorney client relationship.  By virtue of that relationship, Liu owed FF fiduciary duties, including the duty of care, loyalty, competence, good faith, the duty to inform FF of that information necessary to obtain FF's informed written consent to the transaction under governing rules of professional responsibility, and the duty to fully disclose all material facts within his knowledge and which FF was ignorant.  Liu owed these duties to FF at the time that he entered the Employment Agreement with FF.

As detailed in FF's Second Amended Complaint (**"SAC"**) and incorporated herein, the Employment Agreement was extremely advantageous to Liu to FF's and Smart King's detriment, by, among other things, providing guaranteed remuneration and other benefits to Liu, advancement of millions of dollars upon termination, immediate vesting of options even if it was found that Liu breached his fiduciary obligations to FF (again, without disclosing the material adverse consequences that could result to FF and its indirect parent company, Smart King, as a result), and by unconscionably restricting the terms under which FF and Smart King could terminate Liu.  Liu knew, or should have known, that the Employment Agreement was extremely advantageous to himself to the detriment of FF and Smart King, but misled FF and Smart King, in breach of his duties of care, loyalty, competence, good faith, and the duty to fully disclose all material facts within his knowledge and which FF and Smart King were ignorant, by using his undue influence over FF and Smart King

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

and omitting that the terms of the Employment Agreement were not fair and reasonable to FF and Smart King.

Liu was legally bound under the New York and California Rules of Professional Conduct, as applicable, to disclose that the transaction was not fair and reasonable, to properly disclose his role in the transaction, to advise FF in writing to obtain independent counsel, and to give FF adequate time to seek that independent counsel. Liu omitted this information and failed to act in order to mislead FF and Smart King into entering into the Employment Contract. FF and Smart King justifiably relied on Liu based, in part, on his position as FF's attorney when it entered the Employment Agreement.

### Third Affirmative Defense
### (Rescission Based on Fraud)

3.      Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement, which, based on the constructive fraud that Liu committed against FF and Smart King, as detailed under Smart King's First Affirmative Defense, is rescindable.

### Fourth Affirmative Defense
### (No Wrongful Termination)

4.      To the extent that Liu alleges that Smart King somehow wrongfully terminated him from his roles at FF or from his role as a member of Smart King's Board of Directors, from which we resigned, Liu has not and cannot point to any potential or actual violation by Smart King of a fundamental, substantial and well-established public policy of state law grounded in a statute or constitutional provision, nor can Liu point to any complaint made to Smart King regarding the same. As such, Liu's allegations are, at best, mere disagreements about policy and, thus are not actionable.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### Fifth Affirmative Defense

### (Reasonable, Good Faith, Non-Discriminatory, and Non-Retaliatory)

5.     To the extent that Liu alleges that Smart King somehow wrongfully terminated him from his roles at FF or from his role as a member of Smart King's Board of Directors, from which we resigned, Liu's claim for wrongful termination is barred to the extent that Smart King had good cause to terminate Liu.  Smart King acted reasonably, in good faith, and in a non-discriminatory and non-retaliatory manner.  Liu was terminated for his failure to perform under his roles as FF's Global General Counsel, Global Chief Administrative Officer, and Global Senior Advisor, and he similarly did not perform under his role as a member of Smart King's Board of Directors.  Liu's was also terminated for his serious breaches of contract and the fiduciary duties that he owed, including, but not limited to, the duties of loyalty, care, and competence.

### Sixth Affirmative Defense

### (Breach of Fiduciary Duty for Violation of the Rules of Professional Conduct)

6.     Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the fiduciary duties that he owed to FF by his violation of New York Rules of Professional Conduct 1.5, 1.7 and 1.8 and California Rules of Professional Conduct 3-300, 3-310, and 4-200.[1]  Liu is a New York barred attorney and was thus subject to the New York Rules of Professional Conduct at the time that he entered into the Employment Agreement with FF and Smart King.  At the time that Liu negotiated and entered the Employment Agreement, he had an attorney-client relationship with FF.  By virtue of that relationship, Liu owed fiduciary duties to FF, including the duties of loyalty, care, competence, and good faith.  Liu breached those duties when he entered the Employment Agreement with FF and Smart King, which,

---

[1] To the extent Liu's conduct took place after November 1, 2018, California Rules of Professional Conduct 1.5, 1.7 and 1.8.1 apply.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

as detailed above, was extremely advantageous to Liu to FF's and Smart King's detriment, by, among other things, failing to adequately describe Liu's role in the transaction, providing guaranteed unreasonably excessive remuneration (some of which was collected), and other benefits to Liu, and by greatly restricting the terms under which FF and Smart King could terminate Liu, in violation of New York Rules of Professional Conduct 1.5, 1.7 and 1.8 and California Rules of Professional Conduct 3-300, 3-310, and 4-200.

<h3 style="text-align:center"><u>Seventh Affirmative Defense</u></h3>

<strong>(Breach of Fiduciary Duty)</strong>

7.      Liu's Complaint is barred, in whole or in part, on the ground that Liu violated the fiduciary duties that he owed to FF and Smart King during his employment with FF and service as a member of Smart King's Board of Directors. Liu owed fiduciary duties to FF as FF's Global General Counsel, Global Chief Administrative Officer, and Global Senior Advisor, and by virtue of his employment with FF. Liu owed fiduciary duties to Smart King as a member of its Board of Directors. Those duties included the duties of loyalty and care. The duty of care requires corporate officers such as Liu to exercise good business judgment when making decisions on behalf of the corporation. Liu reached his duty of care when he, among other things, failed to act as a reasonably careful Global General Counsel, Global Chief Administrative Officer, Global Senior Advisor, and Smart King Board Member would have acted under the same or similar circumstances. Liu also breached his duty of loyalty by failing to take action in the best interests of FF and Smart King. Liu breached his duty of loyalty to FF and Smart King by, among other things, abstaining, refusing and failing to undertake necessary tasks and actions as FF's Global General Counsel, Global Chief Administrative Officer, Global Senior Advisor, and Smart King Board Member to further his own self interests. Because of these breaches, Liu's termination was not wrongful and the Employment Agreement is rescindable.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### Eighth Affirmative Defense

### (Rescission Based on Breach of Fiduciary Duty)

8.   Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement, which, because of Liu's beaches of the fiduciary duties that he owed to FF and Smart King and as described under Smart King's Fifth and Sixth Affirmative Defenses, is rescindable.

### Ninth Affirmative Defense

### (Employment Agreement is Void *Ab Initio*)

9.   Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement, which, because of Liu's violations of the New York Rules of Professional Conduct 1.5, 1.7 and 1.8 and California Rules of Professional Conduct 3-300 3-310, and 4-200, California Business and Professions Code § 6125, Probate Code § 16004, and breaches of the fiduciary duties that he owed to FF and Smart King, is void *ab initio* and thus unenforceable.

### Tenth Affirmative Defense

### (Unauthorized Practice of Law)

10.   Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement because FF and Smart King were not required to pay Liu under the Employment Agreement for serving as Global General Counsel to FF as Liu was not admitted to practice law in California not registered as in-house counsel in California when he worked in California for FF.

### Eleventh Affirmative Defense

### (Breach by Plaintiff)

11.   Liu's Complaint is barred, in whole or in part, due to Liu's breaches of the Employment Agreement as detailed in FF's SAC which is incorporated herein. Liu's failure to perform his duties as a Senior Board Member of Smart King, Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor of FF, and member of Smart King's Board of Directors, constitute breaches of the

Employment Agreement, excusing any purported nonperformance by FF and Smart King.

### Twelfth Affirmative Defense

### (Workers' Compensation Preemption)

12.    Liu's Complaint is barred, in whole or in part, to the extent it is based upon any alleged physical or emotional injury or mental distress, which are barred by the exclusive remedy provisions of the California Workers' Compensation Act. (Cal. Labor Code §§ 3600, 3602, and 5300).

### Thirteenth Affirmative Defense

### (Avoidable Consequences)

13.    Liu's Complaint is barred, in whole or in part, to the extent that Liu unreasonably failed to use the measures offered to prevent and correct alleged workplace misconduct, including alleged retaliation.    Reasonable use of such measures would have prevented at least some, if not all, of the harm Liu allegedly suffered.

### Fourteenth Affirmative Defense

### (Labor Code §§ 2854, 2858, 2859, and 2865)

14.    Liu's Complaint, and each and every purported cause of action alleged in the Complaint, is barred by California Labor Code §§ 2854, 2858, 2859, and 2865 because, as detailed in FF's SAC and incorporated herein, Liu failed to use ordinary care and diligence, or exercise a reasonable degree of skill, in performing the terms and conditions of his employment.

### Fifteenth Affirmative Defense

### (Labor Code §§ 2856 and 2857)

15.    Liu's is barred from any recovery in this action because, as detailed in FF's SAC and incorporated herein, he failed to perform pursuant to the terms and conditions of his employment in conformity with either the usage of the place of performance, or as directed by his supervisors as required by California Labor Code

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

§ 2857 or failed to comply substantially with all directions concerning his employment, as required by Labor Code § 2856.

### Sixteenth Affirmative Defense

### (Failure to Exhaust Internal Remedies)

16.    Liu's Complaint, and each and every purported cause of action alleged in the Complaint to the extent that the misconduct alleged was subject to internal remedies known and available to Liu, is barred, in whole or in part, to the extent that Liu failed to exhaust available internal remedies.

### Seventeenth Affirmative Defense

### (Good Faith)

17.    Liu's claim under Rule 10b-5 of the Securities and Exchange Act is barred because Smart King acted in good faith at all material times and in conformity with all applicable federal statues and all applicable rules and regulations thereunder.

### Eighteenth Affirmative Defense

### (Assumption of Risk)

18.    Liu's claim under Rule 10b-5 of the Securities and Exchange Act is barred because Liu assumed the risk that he now complains of under that claim.

### Nineteenth Affirmative Defense

### (Equitable Estoppel)

19.    Liu's Complaint is barred, in whole or in part, by the doctrine of estoppel.  When FF and Smart King entered into the Employment Agreement with Liu, Liu made multiple representations of material fact, upon which FF and Smart King detrimentally relied.  However, once that agreement was entered and Liu began his employment at FF and service on Smart King's Board of Directors, Liu was unable or unwilling to perform, acting contrary to his prior asserted material representations.  Therefore, Liu must be equitably estopped from relying upon and enforcing the Employment Agreement.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114144995

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### Twentieth Affirmative Defense

### (Failure of Conditions Precedent)

20.     Liu's Complaint is barred, in whole or in part, because he failed to meet certain conditions precedent to FF's obligations under the Employment Agreement. Liu's performance of his job duties was a condition precedent to receiving payment for such duties.  However, Liu refused or failed to fulfill his job duties under his roles with FF and Smart King and to fulfill the promises that he made to FF and Smart King to induce FF and Smart King to hire him.  Accordingly, there was a failure of these conditions precedent to Liu receiving any benefits under the Employment Agreement.  As to the Smart King options, Liu's employment on specific dates was a condition precedent to such options vesting.  However, Liu was terminated prior to such vesting dates such that the Smart King options never vested.  Moreover, Liu's exercise of his options was a condition precedent to redeeming such options. However, Liu never attempted to exercise such options such that he did not redeem them.  Accordingly, Liu's failure to meet the above conditions precedent bar all claims premised on the Employment Agreement.

### Twenty-first Affirmative Defense

### (Intervening/Supervening Cause)

21.     Liu's Complaint is barred, in whole or in part, because any alleged harm was due to intervening and/or supervening causes.  Liu's complained of damages were proximately caused by his own failure to perform his job duties, as detailed in FF's SAC and incorporated herein, which constitutes an intervening or superseding cause of the damages he alleges in the Complaint.  In addition, Liu's complained of damages were caused by the actions of a third party, Evergrande, and its failure to abide by the terms of a contract.  Such actions constitute an intervening or superseding cause of the damages Liu alleges in the Complaint.

**Twenty-second Affirmative Defense**

**(Unclean Hands)**

22. Liu's Complaint is barred, in whole or in part, by the doctrine of unclean hands because Liu's conduct was inequitable and his conduct relates to the subject matter of his claims. For example, Liu knew that, as FF's outside legal counsel, he was required to abide by the California and New York Rules of Professional Conduct. However, Liu violated these rules by failing to make required written disclosures and entering into an unfair and unreasonable contract with his client. In addition, Liu acted in bad faith when he refused to perform job functions and act in FF's and Smart King's best interest, despite a fiduciary duty to do so.

**Twenty-third Affirmative Defense**

**(Contrary to Public Policy)**

23. Liu's Complaint is barred, in whole or in part, by Liu's own fraudulent and unlawful acts in violation of public policy. There is a strong public policy against attorneys entering into transactions and contracts taking an equity interest in their clients without complying with all pertinent ethical rules. These policies are codified under the California and New York Rules of Professional Conduct. However, Liu violated these policies by failing to make required written disclosures and entering into an unfair and unreasonable contract with his client. Accordingly, Liu's conduct in violation of public policy prohibits him from recovering from FF and Smart King.

**Twenty-fourth Affirmative Defense**

**(Failure to Mitigate Damages)**

24. Liu's Complaint is barred, in whole or in part, because he failed to mitigate his alleged damages. Once terminated, Liu had an affirmative duty to mitigate any damages that he might incur as a result of his termination. However, FF and Smart King are informed and believes that Liu has taken no step or has taken insufficient steps to mitigate his purported damages.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Twenty-fifth Affirmative Defense**

**(Unjust Enrichment)**

25.   Liu's Complaint is barred, in whole or in part, because any relief by Liu would constitute unjust enrichment.  As an initial matter, Liu is not entitled to any recovery under the Employment Agreement, thus any amount sought by Liu under that agreement would constitute unjust enrichment.  To the extent that Liu is entitled to any recovery under the Employment Agreement, the amounts sought, including injunctive relief would constitute unjust enrichment.

**Twenty-sixth Affirmative Defense**

**(*In Pari Delicto*)**

26.   Liu's Complaint is barred, in whole or in part, by the doctrine of *in pari delicto*.  As detailed in FF's SAC and incorporated herein, Liu's conduct was illegal. He violated multiple rules of professional conduct and FF and Smart King are informed and believe, and based thereon alleges, that Liu violated California Business and Professions Code § 6125.  Moreover, to the extent Liu alleges that FF or Smart King violated any laws, which Smart King denies, Liu was an active participant and did nothing to prevent or stop that conduct.  Thus, to the extent Liu claims any injury, he is entirely at fault or at least on equal fault with Smart King and is prohibited from recovery under the doctrine of *in pari delicto*.

**Twenty-seventh Affirmative Defense**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

27.   Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the implied covenant of good faith and fair dealing in the Employment Agreement.  Liu's failure or refusal to perform did not constitute a direct breach of the Employment Agreement, his conduct frustrated the purpose of that agreement, destroying and injuring Smart King's right to receive the benefits of that agreement.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## Twenty-eighth Affirmative Defense

### (Reservation of Rights)

28.     The defenses set forth herein reflect Smart King's assessment based on the information of which Smart King currently is aware.   Smart King expressly reserves, and does not waive any defenses.

WHEREFORE, Smart King respectfully requests that this Court enter judgment in its favor and against Liu, dismiss Liu's claims, and award Smart King its costs of suit and such other relief as this Court may deem appropriate.

Dated:  March 11, 2021                    TROUTMAN PEPPER HAMILTON
                                          SANDERS LLP


                                          By:  /s/ Lauren E. Grochow
                                               Lauren E. Grochow
                                               Daniel Anziska
                                               Mackenzie L. Willow-Johnson

                                          Attorneys for Defendants
                                          FARADAY&FUTURE INC.,
                                          SMART KING LTD., JIAWEI
                                          WANG, and CHAOYING DENG

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

114144995