LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile: 704.998.4051

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
and Defendant and Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU, <br><br> Plaintiff, <br><br> v. <br><br> FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No. 2:20-cv-08035-SVW-JPR <br><br> Honorable Stephen V. Wilson <br><br> **DEFENDANTS' AND COUNTERCLAIMANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS AND STRIKE FIRST AMENDED AFFIRMATIVE DEFENSES ON THE GROUNDS OF MOOTNESS** <br><br> Date: April 5, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 10A |

114236065

OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS AND STRIKE
FIRST AMENDED AFFIRMATIVE DEFENSES ON THE GROUNDS OF MOOTNESS

## I.  INTRODUCTION

Plaintiff Hong Liu's (**"Liu"**) Motion to Dismiss Defendant Faraday&Future Inc.'s (**"FF"**) Amended Counterclaims and Strike FF's and Defendant Smart King Ltd.'s (**"Smart King"**; together with FF, **"Defendants"**) Amended Answers (the **"Motion"**) was rendered legally moot by FF's March 11, 2021 filing of its Second Amended Counterclaim (**"SACC"**) and by Defendants' filing of their respective Second Amended Answers (collectively, the **"SAAs"**) under governing Ninth Circuit and Central District law.

Defendants advised Liu that they may file a SACC and SAAs prior to his filing of the legally moot Motion, including in light of new arguments raised for the first time during Liu's March 2, 2021 meet-and-confer call, yet Liu nevertheless persisted in filing the Motion in clear violation of Local Rule 7-3 by filing the Motion just two days after the meet-and-confer call.  (*See* concurrently filed Declaration of Lauren E. Grochow ("Grochow Decl.") at ¶ 3, Ex. 1.)  Despite admitting that Defendants' subsequent filing of the SACC and SAAs "mooted" Defendants' Amended Counterclaims and Amended Answers to which the Motion was admittedly and exclusively directed, Liu has refused to withdraw the Motion, thereby requiring Defendants' filing of this Opposition in an abundance of caution to ensure that the Motion be denied as moot in accordance with governing law and with Liu's own admissions.  (*Id.* at ¶ 4, Ex. 2.)

## II.  LEGAL STANDARD

As unambiguously found by the Ninth Circuit in *Ramirez v. City Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015):

> It is well-established in our circuit that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir.1997) (internal citation omitted), *overruled on other grounds by Lacey,* 693 F.3d at 927–28; *see also Valadez–Lopez v. Chertoff,* 656 F.3d 851, 857 (9th Cir.2011).  In other words, "the original pleading no longer performs any function. . . ." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir.1992).

> Consequently, the Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist. ***Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot*** before the district court granted it. (emphasis added.)

Consistent with the foregoing, well-established Ninth Circuit law, it is equally clear that "[a] plaintiff who files a first amended complaint with 'the opposing party's written consent or the court's leave' can then file a second amended complaint 'as a matter of course' under the appropriate time restraints in Fed. R. Civ. P. 15(a)(1)[,]" (*Corona v. PNC Fin. Svcs. Group, Inc*., No. 2:20-cv-06521-MCS-SP, 2020 WL 7872203, at *1 (C.D. Cal. Nov. 18, 2020) (citing *Ramirez*, 806 F.3d at 1007; Fed. R. Civ. P. 15(a)(1)- (2))), and that:

> A plaintiff does not exhaust the right to file a second amended complaint "as a matter of course" just because a first amended complaint was filed with the "opposing party's written consent or the court's leave." In this situation, ***a defendant's motion to dismiss a first amended complaint is mooted by a plaintiff's filing of a second amended complaint because the second amended complaint becomes the operative complaint.*** *Corona*, 2020 WL 7872203, at *1 (internal citation omitted; emphasis added).

## III.   PROCEDURAL HISTORY

On January 28, 2021, the Court granted Plaintiff's motion to dismiss certain of FF's counterclaims and certain of Defendants' fraud-based affirmative defenses *with leave to amend*. (Dkt. 79.) FF thereafter filed its First Amended Counterclaim (**"FAC"**), and Defendants respectively filed their First Amended Answers (collectively, the " **"FAAs"**), on February 18, 2021. (Dkt. 81-83.)

On March 2, 2021, counsel for the parties met and conferred to discuss Liu's contemplated motion to dismiss the FAC and the FAAs, during which Defendants advised Liu of the possibilities of the SACC and the SAAs. (Grochow Decl., ¶ 2.) Two days later, Liu filed the Motion on March 4, 2021, in violation of Local

Rule 7-3's prohibition on its filing until "at least seven (7) days" after the parties' meet and confer conference. (Dkt. 90). That same day, Defendants reconfirmed, in writing, that they would timely file the SACC and the SAAs, and provided Liu with the governing Ninth Circuit and Central District Court law entitling them to do so and mooting the Motion as a matter of law. (Grochow Decl., ¶ 3, Ex. 1.) Liu nevertheless refused to withdraw his improperly filed Motion. (*Id.*).

Consistent with their prior March 4, 2021 written confirmation, on March 11, 2021, Defendants respectively filed the SACC and the SAAs. (Dkt. 93-95.) Despite admitting that Defendants' filing of the SACC and the SAAs rendered it entirely moot, Liu nevertheless refused to withdraw the Motion in response to Defendants' request that he do so. (Grochow Decl., ¶ 4, Ex. 2.) Defendants therefore file this Opposition in an abundance of caution, and to ensure that Liu's legally and admittedly moot Motion be denied on that ground as required by governing law

## IV. THE MOTION IS LEGALLY AND ADMITTEDLY MOOT

As previously established above, the law could hardly be more clear that because the FACC and the FAAs have been respectively superseded and are no longer in effect as a result of the SACC's and SAAs' filing, the Motion is legally moot and is required to be denied on that legally dispositive ground. *See discussion and authorities cited, supra,* at Section II. That is particularly true where, among other things (i) the SACC does not allege any of the claims for fraudulent inducement, intentional misrepresentation, negligent misrepresentation, rescission based on fraud, or rescission based on unilateral mistake upon which the Motion is exclusively based (*compare* Dkt. 83 *with* Dkt. 95); and where (ii) Liu himself expressly admits that "FF's filing [of] [the SACC] mooted FF's prior [FACC]," and that the Motion "concerns only th[at] already mooted Amended Counterclaim . . . ." (Grochow Decl., ¶ 4, Ex. 2.)

## V. CONCLUSION

The law as well as Liu's own admissions plainly establish that the filing of the SACC and the SAAs render the Motion moot, and subsequently require its denial. Consistent with that law and with those admissions, Defendants respectfully request that the Court deny the Motion as moot.

Dated: March 15, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Lauren E. Grochow
Lauren E. Grochow
Daniel Anziska
Mackenzie L. Willow-Johnson

Attorneys for Defendants SMART KING LTD., JIAWEI WANG, and CHAOYING DENG and Defendant and Counterclaimant FARADAY&FUTURE INC.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114236065

- 4 -

OPPOSITION ON THE GROUNDS OF MOOTNESS TO PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES