# EXHIBIT 1

**Grochow, Lauren**
___

| | |
|---|---|
| **From:** | Grochow, Lauren |
| **Sent:** | Thursday, March 4, 2021 7:24 PM |
| **To:** | 'Jake Nachmani' |
| **Cc:** | Willow-Johnson, Mackenzie Lee; Anziska, Daniel N.; Amiad Kushner; Andrew Sklar; Kevin Hughes; Kessel, Alan J.; Goldman, Jeffrey M. |
| **Subject:** | RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3 |

Jake,

Following up on the below, our clients will be timely amending the their First Amended Counterclaim and Amended Answers, which will render Mr. Liu's prematurely filed Motion to Dismiss moot. Controlling law is clear that, under Federal Rule of Civil Procedure 15, Faraday and Smart King may amend their pleadings as a matter of right, including where, as here, a previous amendment has been made pursuant to an order granting a motion to dismiss with leave to amend. Thus, as long recognized by the Ninth Circuit, and recently reconfirmed by the Central District Court:

> "A plaintiff who files a first amended complaint with 'the opposing party's written consent or the court's leave' can then file a second amended complaint 'as a matter of course' under the appropriate time restraints in Fed. R. Civ. P. 15(a)(1). Fed. R. Civ. P. 15(a)(1), (2); *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). A plaintiff does not exhaust the right to file a second amended complaint 'as a matter of course' just because a first amended complaint was filed with the 'opposing party's written consent or the court's leave.' *Id.* In this situation, *a defendant's motion to dismiss a first amended complaint is mooted by a plaintiff's filing of a second amended complaint because the second amended complaint becomes the operative complaint.*"

*Corona v. PNC Financial Svcs. Group, Inc.*, No. 2:20-cv-06521-MCS-SP, 2020 WL 7872203, at *1 (C.D. Cal. Nov. 18, 2020) (emphasis added).

In addition, and as highlighted during our March 2, 2021 meet and confer call, Mr. Liu's Motion to Dismiss was filed in direct violation of Local Rule 7-3, which expressly requires that the meet and confer during which the substance of the contemplated motion is discussed "take place at least seven (7) days prior to the filing of the motion." As you know and the parties' documentation confirms, no such substantive discussion took place before the March 2 call. Thus, Mr. Liu's motion falls far short of the requirement. The fact that you sent prior correspondence that lacked any substantive comment does not suffice, as such correspondence does not legally constitute efforts to "thoroughly" discuss matters. *See, e.g., Carter v. Telecare Corp.*, 2019 U.S. Dist. LEXIS 231591, at *4 (C.D. Cal. Nov. 4, 2019) ("Plaintiffs merely sending a letter does not satisfy the requirement to 'contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.' C.D. Cal. R. 7-3."). Of equal importance, the premature filing of Mr. Liu's motion left Faraday and Smart King without the opportunity to fully consider the points raised during the March 2, 2021 call in direct contravention of the purpose and intent of the meet and confer requirement.

In light of the foregoing, we request that Mr. Liu's Motion to Dismiss filed earlier today be withdrawn as required by, and in accordance with, governing law.

Lauren

**Lauren E. Grochow**
Associate

1

Exhibit 1
Page 4

# EXHIBIT 2

## Grochow, Lauren

| | |
|---|---|
| **From:** | Jake Nachmani <jnachmani@seidenlawgroup.com> |
| **Sent:** | Monday, March 15, 2021 7:14 PM |
| **To:** | Grochow, Lauren |
| **Cc:** | Willow-Johnson, Mackenzie Lee; Anziska, Daniel N.; Amiad Kushner; Andrew Sklar; Kevin Hughes; Kessel, Alan J.; Goldman, Jeffrey M. |
| **Subject:** | RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3 |

**EXTERNAL SENDER**

Lauren –

Plaintiff does not intend to file a notice of withdrawal of the Motion to Dismiss FF's Amended Counterclaim (ECF 90). In Plaintiff's view, FF's filing a Second Amended Counterclaim mooted FF's prior Amended Counterclaim; Plaintiff's motion to dismiss thus concerns only the already-mooted Amended Counterclaim, requiring no withdrawal. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)

Superfluousness notwithstanding, FF is more than free to file a notice of withdrawal of its Amended Counterclaim.

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

**From:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Sent:** Monday, March 15, 2021 6:04 PM

**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Cc:** Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>
**Subject:** RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3


Jake,

Please confirm that Plaintiff either already has, or immediately will, file a Notice of Withdrawal of his pending Motion to Dismiss and Strike (the "Motion") in light Faraday's March 11, 2021 filing of its Second Amended Counterclaim, and Faraday's and Smart King's Second Amended Answers, in accordance with the previously cited governing law establishing the legal mootness of the First Amended Counterclaim and Amended Answers to which the Motion was exclusively directed, and so that we can avoid having to file an opposition to a motion that is unquestionably moot.  *See, e.g., Corona v. PNC Financial Svcs. Group, Inc.*, No. 2:20-cv-06521-MCS-SP, 2020 WL 7872203, at *1 (C.D. Cal. Nov. 18, 2020).

If Plaintiff neither has, nor intends, to file a Notice of Withdrawal of the Motion, please advise us immediately so that we can respond accordingly and pursue all appropriate remedies.

Thank you for your anticipated cooperation.  We look forward to hearing from you today.

Best,
Lauren

**Lauren E. Grochow**
**Associate**
**troutman pepper**
Direct: 949.622.2746 | Internal: 18-2746
lauren.grochow@troutman.com