Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email: kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
Jnachmani@seidenlawgroup.com
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Telephone:  (646) 766-1914
Facsimile:   (646) 304-5277

*Attorneys for Plaintiff/Counter-Defendant,
Hong Liu*

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG<br><br>　　　　　Defendants.<br><br>FARADAY&FUTURE INC.,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>HONG LIU,<br><br>　　　　　Counter-Defendant. | Case No: 2:20-cv-08035-SVW-JPR<br><br>**PLAINTIFF HONG LIU'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO FARADAY&FUTURE INC.'S SECOND AMENDED COUNTERCLAIM**<br><br>Filed concurrently with a Memorandum of Points and Authorities, the Declaration of Jake Nachmani, and [Proposed] Order<br><br>Second Amended Counterclaim filed on: March 11, 2021<br><br>Judge:　　Hon. Stephen V. Wilson<br>Trial Date:　June 8, 2021 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu"), by his undersigned counsel, will and hereby does apply *ex parte* (the "Application") for an extension of time to file pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure a motion to dismiss Faraday&Future Inc.'s ("FF") Second Amended Counterclaim (ECF 95) ("Second Amended Counterclaim") and strike FF and FF Intelligent Mobility Global Holdings Ltd.'s (f/k/a Smart King Ltd. ("Smart King")) affirmative defenses in their Second Amended Answers (ECF 93 & 94, respectively). Plaintiff requests an extension of fourteen (14) days to file his motions, such that they will filed no later than April 8, 2021.

This Application is made pursuant to Local Rule 7-19 and is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jake Nachmani and the exhibit attached thereto, the Proposed Order, the pleadings and records on file herein, and upon all other arguments and evidence that may be presented to this Court.

Dated: March 23, 2019

Respectfully submitted,

FOUNDATION LAW GROUP LLP

By:/s/ Kevin D. Hughes
*Attorneys for Plaintiff/Counter-Defendant Hong Liu*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu)" hereby applies *ex parte* pursuant to Local Rule 7-19 for an extension of time to file pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure a motion to dismiss Faraday&Future Inc.'s ("FF") Second Amended Counterclaim (ECF 95) ("Second Amended Counterclaim"), and to file pursuant to Rule 12(f) of the Federal Rules of Civil Procedure a motion to strike FF and FF Intelligent Mobility Global Holdings Ltd.'s (f/k/a Smart King Ltd. ("Smart King")) affirmative defenses in their Second Amended Answers ECF 93 & 94, respectively). By this *ex parte* application ("Application"), Plaintiff requests an extension of fourteen (14) days to file his motions, such that they will filed no later than April 8, 2021.[1]

Plaintiff seeks this relief for good cause and for a number of reasons.

*First*, in order to determine whether filing a motion to dismiss would be appropriate, Plaintiff has required a substantial amount of time to analyze and review the wholly new allegations and causes of action set forth in the Second Amended Counterclaim. Indeed, while FF filed its Second Amended Counterclaim on March 11, 2021, less than two weeks from the date of this Application and less than three months before trial, the Second Amended Counterclaim bears little resemblance in terms of its allegations and causes of action to its two predecessor pleadings. For example, in both FF's initial Counterclaim, filed on November 19, 2020 (ECF 72), and FF's Amended Counterclaim, filed on February 18, 2021 (ECF 83), FF alleged that Plaintiff purpotedly made material misrepresentation concerning his professional qualifications and experience in order to induce FF to hire him as FF's General Counsel. *See* CC ¶¶6-18;

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Complaint (ECF 1) and Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF 25). "CC ¶__" are references to paragraphs in FF's initial Counterclaim (ECF 72) "ACC ¶__" are references to paragraphs in FF's Amended Counterclaim. "SACC ¶__" are references to paragraphs in FF's Second Amended Counterclaim. References to "Nachmani Decl." are to the Declaration of Jake Nachmani and the exhibit attached thereto.

ACC ¶¶18, 21, 23-28. Both pleadings maintain that Mr. Liu's purported misrepresentations had to have been false when made and that he must have intended to defraud FF because, after Mr. Liu joined FF, he did not perform in accordance with his job duties. *See* CC ¶¶24-45; ACC ¶¶41, 77-78, 88, 116. Accordingly, the initial Counterclaim and the Amended Counterclaim tell the same story and suffer from the same pleading defects.

For that reason, Plaintiff moved to dismiss both counterclaims. On December 10, 2021, Plaintiff filed his motion to dismiss, maintaining that FF's initial Counterclaim failed to adequately allege an actionable misstatement under Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)"). *See generally* ECF 74-1. Just two days after Plaintiff filed his reply brief, on January 28, 2021, the Court summarily dismissed FF's Counterclaim, holding that the Counterclaim "entirely fail[ed] to identify what misrepresentations Plaintiff made when negotiating his employment" and thus it failed to adequately state a claim under Rule 9(b). ECF 79 at 1. On February 18, 2021, FF proceeded to file its Amended Counterclaim. ECF 83. However, just a week later and in light of the fact that the Amended Counterclaim contained the same core pleading defects as the initial Counterclaim, on February 25, 2021, the Court *sua sponte* noted that "the Amended Counterclaim appears to contain issues similar to those raised in Plaintiff's motion to dismiss," inviting Plaintiff to file a motion to dismiss the Amended Counterclaim. ECF 86. Plaintiff did so on March 4, 2021, setting forth why once again FF had failed to allege an actionable misrepresentation under Rule 9(b). ECF 90.

Before the Court could rule on Plaintiff's renewed motion to dismiss, on March 11, 2021, FF filed its Second Amended Counterclaim. ECF 95. Notwithstanding this new pleading's significant defects, FF's third and most recent bite at the apple tells a completely different story from its predecessors. No longer does FF maintain that Plaintiff fraudulently induced it to hire him in reliance on his purported misrepresentations concerning his professional qualifications. Now, three pleadings

later, for the first time, fifteen months since the inception of this action and three months before trial, FF bring claims it could have brought in its initial pleading which tell a very different story; indeed, FF's new claims are based on information that was entirely available to FF months if not years ago.[2]

Generously put, by the Second Amended Counterclaim, FF maintains not that Plaintiff fraudulently induced FF into hiring him, but that Plaintiff, FF's purported outside counsel, took advantage of FF by entering into employment negotiations with FF and supposedly convincing FF to hire him on terms that were grossly unfair to FF. SACC ¶¶ 5-8, 45. In FF's view, because Mr. Liu was an attorney at a law firm (Mayer Brown) with which FF had an active engagement, Mr. Liu committed fraud against FF by supposedly not informing FF that, in connection with the negotiation and drafting of the Employment Agreement and Director Compensation Agreement, it should retain outside independent counsel and that the agreed-upon employment terms were purportedly unfairly advantageous to Plaintiff. SACC ¶¶ 5, 45, 80, 86, Relatedly, FF alleges that:

- Plaintiff was conflicted out of working for FF based on Plaintiff's personal interests (SACC ¶¶6, 8, 45, 49);
- Such interests had to have been materially adverse to FF or that FF's hiring Plaintiff caused adverse consequences to FF (SACC ¶¶78, 85, 103);
- Plaintiff was barred from entering into a "business transaction" with FF (SACC ¶83);
- Plaintiff overcharged FF for his services under the terms of the Employment Agreement (SACC ¶81); and

---

[2] On March 23, 2021, when Plaintiff's Counsel informed counsel for Defendants of Plaintiff's intention to file this Application pursuant to Local Rule 7-19, Defendants' counsel represented that they would file an objection on the basis that an extension here would be purportedly prejudicial to Defendants. However, this is a situation which Defendants have created for themselves; if these new claims were remotely colorable, Defendants could have alleged them in an earlier pleading and more than three months prior to the start of trial. Moreover, Defendants' position ignores the prejudice Plaintiff has experienced having to unnecessarily defend himself against meritless claims for the third time.

- Plaintiff used undue influence over FF to acquire an interest in FF (SACC ¶¶11-12, 37).

In connection with these purported fraudulent acts, FF alleges eight entirely new causes of action, including but not limited to: (i) violations of New York and California's codes of professional conduct; (ii) breaches of fiduciay duty arising from violations of these codes of professional conduct; (iii) constructive fraud; (iv) rescission based on the Second Amended Counterclaim's new theory of liability; and (v) unlawful and fraudulent business practices under Cal. Bus. & Prof. Code § 17200.

For good reason, Plaintiff has needed time to review and analyze FF's new-fangled story, causes of action, and theory of liability. Among other things, Plaintiff has had to conduct a factual investigation into FF's new allegations, which has revealed material omissions which FF has concealed from the Court. These omissions have rendered the Second Amended Counterclaim's allegations implausible, warranting Plaintiff to file a motion to dismiss. Moreover, in connection with FF's eight new causes of action, Plaintiff has had to devote a significant amount of time to conducting research in order to determine if FF's specious claims are remotely colorable. In Plaintiff's view, they are not, warranting Plaintiff to file a motion to dismiss.

*Second*, Plaintiff seeks an extension of time to file his motions to dismiss and to strike because of the significant litigation activity occurring in this matter. As the Court is likely to assume, the Court's February 25, 2021 scheduling notice setting trial for June 8, 2021 (ECF 85) has fast-tracked every aspect of this litigation. Since that time, Defendants have propounded significant discovery, requiring Plaintiff to respond. To date, Defendants have served Plaintiff with three separate requests for production of documents, including 114 individual requests, 81 requests for admission, and 13 interrogatories. In response, Plaintiff has made two sets of production, consisting of over 1600 pages of documents. Likewise, Plaintiff has served his own sets of discovery demands on Defendants, in response to which Defendant have produced documents. The parties have noticed depositions, and Defendants have served subpoenas on

Plaintiff's former Big Law AM 100 law firm employers, including Mayer Brown, DLA Piper LLP, Nixon Peabody LLP, and Pillsbury Winthrop Shaw Pittman LLP. Additionally and as of the date of this Application, Defendants have prepared and intend to file a motion to compel documents, to which Plaintiff has had to devote significant time to respond. In sum, over the last month and under abridged timeframes, Plaintiff's counsel has had to review, analyze, and generate a tremendous amount of work product, effectively limiting the resources Plaintiff's counsel has had to prepare Plaintiff's responses to FF's Second Amended Counterclaim. Plaintiff seeks more time to do so.

*Third*, Plaintiff seeks an extension of time to file his motions out of reciprocity between the parties. In connection with Plaintiff's filing his motion to dismiss the initial Counterclaim, on December 7, 2021, out of professional courtesy, Defendants' counsel requested that Plaintiff schedule the hearing date for that motion no earlier than six weeks later, January 25, 2021. Plaintiff granted Defendant's request and scheduled the hearing for the motion to dismiss to be held on February 8, 2021. Accordingly and pursuant to Local Rule 7-9, because Plaintiff filed his motion to dismiss on December 10, 2021, FF's opposition brief was due on January 18, 2021; FF thus had more than five week (36 days) to file its opposition papers. Under the circumstances here, Plaintiff should be given similar latitude to respond to FF's new pleading.

Pursuant to Local Rule 7-19.1, Plaintiff's counsel contacted Defendants' counsel by phone on March 23, 2021 and advised them of Plaintiff's intent to file this Application and this Application's substance. Plaintiff's counsel informed counsel for Defendants of the 3:00 p.m. deadline on the next business day following service to file an opposition. Plaintiff's counsel also inquired if counsel for Defendants intended to oppose the Application. They represented that they would object to the Application.

Pursuant to Local Rule 7-19, the name, address, telephone number, and e-mail address of counsel for the opposing party is as follows:

LAUREN E. GROCHOW
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's *ex parte* application for a fourteen day extension of time to respond to FF's Second Amended Counterclaim should be granted.

DATED: March 23, 2021

FOUNDATION LAW GROUP LLP

By: /s/ Kevin D. Hughes
    KEVIN D. HUGHES
    *Attorneys for Plaintiff/Counter-Defendant Hong Liu*

SEIDEN LAW GROUP LLP

By: /s/ Amiad Kushner
    AMIAD KUSHNER
    JAKE NACHMANI
    *Attorneys for Plaintiff/Counter-Defendant Hong Liu*

-7-
EX PARTE APPLICATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

Dated: March 23, 2021 /s/ Kevin D. Hughes

                           Kevin D. Hughes