LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

*[Counsel continued on next page.]*

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
and Defendant and Counterclaimant FARADAY&FUTURE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIM. | Case No.  2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DISCOVERY MOTION**<br><br>**JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF HONG LIU'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE**<br><br>Date:      April 15, 2021<br>Time:      10:00 a.m.<br>Place:     Courtroom 690<br>Judge:    Hon. Jean P. Rosenbluth<br><br>Discovery Cutoff Date:  April 23, 2021<br>Pre-Trial Conf:              Waived<br>Trial Date:                    June 8, 2021 |

114437083

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*[counsel continued.]*

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile:  704.998.4051

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF
DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

**TABLE OF CONTENTS**

**Page**

I.     DEFENDANTS' INTRODUCTORY STATEMENT ...................................... 1

II.    PLAINTIFF'S INTRODUCTORY STATEMENT .................................... 4

III.   ISSUES IN DISPUTE ........................................................................... 7

    A.   Issue No. 1: Liu's Improper Boilerplate Reponses Fail to Meet the Requirements of Federal Rule of Civil Procedure 34(b)(2). ......... 7

        1.   Defendants' Contentions ............................................... 7

        2.   Plaintiff's Contentions ................................................ 16

    B.   Issue No. 2: Liu's Failure to Produce Documents Regarding His Financial Condition ........................................................................ 17

        1.   Defendants' Contentions ............................................. 17

        2.   Plaintiff's Contentions ................................................ 19

    C.   Issue No. 3: Liu's Refusal to Produce Documents Related to His Efforts to Gain Employment After His Termination from FF ........... 19

        1.   Defendants' Contentions ............................................. 19

        2.   Plaintiff's Contentions ................................................ 23

    D.   Issue No. 4: Liu's Withholding of Documents Posted on His Social Media Account ..................................................................... 24

        1.   Defendants' Contentions ............................................. 24

        2.   Plaintiff's Contentions ................................................ 26

    E.   Issue No. 5: Liu Has Refused to Produce Any Documents Regarding His Medical History ........................................................ 26

        1.   Defendants' Contentions ............................................. 26

        2.   Plaintiff's Contentions ................................................ 31

    F.   Issue No. 6: Liu's Refusal to Comply Discovery Obligations and Meet and Confer Requirement is Sanctionable. ................................ 32

        1.   Defendants' Contentions ............................................. 32

        2.   Plaintiff's Contentions ................................................ 34

IV.    DEFENDANTS' CONCLUSION .................................................... 37

V.     PLAINTIFF'S CONCLUSION ....................................................... 37

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**I.      DEFENDANTS' INTRODUCTORY STATEMENT**

Plaintiff and Counter-Defendant Hong Liu ("Liu") asserted near identical boilerplate objections in response to each of Defendant and Counter-Claimant Faraday&Future Inc.'s ("FF") and Defendants Smart King Ltd.'s ("Smart King"), Jiawei Wang's, and Chaoying Deng's (collectively with FF, "Defendants") Requests for Production, Set One (the "Requests").  Liu's boilerplate objections do not identify the basis for his wholesale refusal to produce documents responsive to Request Nos. 8, 20, 21, 26-30, and 43-45.  And, for the Requests where Liu committed to producing documents (Request Nos. 1-7, 9-19, 22-25, 31-42, and 46-52), it is not possible to determine whether he has produced all responsive documents, or is withholding some based on one of his boilerplate objections.

Such responses fail to satisfy the plain requirements of Federal Rule of Civil Procedure 34(b)(2), subparts (B) and (C).  Thus, Defendants respectfully request that the Court strike or overrule Liu's boilerplate objections and order that he produce all responsive documents, or attest that, after a reasonably diligent search, he does not have responsive documents in his possession, custody, or control.

Moreover, for the Requests where Liu refuses to produce responsive documents,[1] he appears to be withholding documents either based on the request being "vague, overbroad and unduly burdensome" or somehow lacking a "legitimate basis."  As further detailed below, such objections are no basis for Liu's wholesale refusal to produce documents responsive to Request Nos. 8, 20, 21, 26-30, and 43-45, which pertain to Liu's financial condition, efforts to obtain employment after his termination, social media history, and medical history.

As detailed below, Liu placed these topics at issue by his own allegations.  Liu placed his own financial condition at issue by alleging that "Defendants, at Mr.

---

[1] Liu commits to meeting and conferring with Defendants regarding these Requests, but, as detailed below, when asked to participate in the meet and confer process, Liu refused.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Jia's behest, have inflicted massive damage upon Mr. Liu's career and earnings prospects" (Compl. ¶ 100); that his "career and future earnings prospects lie in tatters" (*id.* ¶ 108); and that he "suffered… loss of past and future earnings and employment benefits and opportunities" (*id.* ¶ 134).  Liu also put his efforts to gain employment following his separation from FF directly at issue by alleging that "[s]ince being terminated by [FF], Mr. Liu has not been offered any positions at any major law firms because he is perceived to have lost many of these client relationships."  (*Id.* ¶ 102.)  In addition, Liu's wrongful termination claim places at issue his: 1) posts or comments Liu made regarding his work at FF or the reasoning for his firing, 2) any posts or comments regarding his purported mental or physical injuries, 3) information regarding his daily living conditions which he has made directly relevant to his damages claim, 4) vacations that he took since his firing, and 5) any comments that he has made regarding any effort he has made to obtain future employment.  Finally, Liu also placed his mental and physical health directly at issue by alleging that "[t]he abrupt, gangster-like termination of Mr. Liu severely impacted his health, causing physical injury and emotional distress" (Compl. ¶ 93) and that Defendants conduct caused him "to suffer humiliation, mental anguish, and emotional and physical distress."  (*Id.* ¶ 137; *see also* ¶¶ 134, 138, 140.)

Defendants have attempted to resolve these issues with Liu's production and responses through Local Rule 37-1's meet and confer process.  On February 24, 2021, Defendants sent a detailed, case law-supported, letter asking for Liu to provided amended rule-compliant responses and produce any documents withheld.  ((Decl. of Lauren E. Grochow ("Grochow Decl."), Ex. 1 ¶ 4.)  Defendants then followed up with Liu during a call on March 2, 2021 regarding a separate issue, during which Liu's counsel said they would be producing documents and that they would address the remaining issues detailed in the February 24, 2021 letter separately.  (*Id.* ¶ 5.)  During this call, Defendants also reminded Liu's counsel of the deadline for doing so.  (*Id.*)  Liu then made a limited production of 125

documents on March 9, 2021, several weeks after his production was due.  (*Id.* ¶ 6.)
On another meet and confer call on March 10, 2021 regarding deposition
scheduling, Defendants again followed up as to whether Liu would be producing
more documents and whether he would be amending his responses.  (*Id.* ¶ 7.)  Liu
indicated that he would be producing documents relating to his physical and
emotional damages claimed, but refused to commit to amending his responses.
(*Id.*)  As of March 15, 2021 when this joint stipulation was first transmitted to Liu,
he has not provided amended rule-compliant responses to Defendants Requests, nor
made any supplemental production.  (*Id.* ¶ 8.)

Additionally, counsel for Liu's failure to abide by Local Rule 37-1's
mandatory meet and confer process constitutes sanctionable conduct under Local
Rule 37-4.  As noted above, Defendants transmitted a Rule 37-1 meet and confer
letter to Liu on February 24, 2021 and have reminded Liu of his meet and confer
and discovery obligations in two separate telephone conferences on March 2, 2021
and March 10, 2021.  (*Id.* ¶¶ 4-5, 7.)  Despite Defendants' repeated formal and
informal efforts to initiate a meet and confer conference, counsel for Liu has
refused to make himself available to discuss the disputes at issue in this motion.
Thus, Liu's conduct warrants sanctions for his refusal to comply with his discovery
obligations under Federal Rules of Civil Procedure 26 and 34 and to meet and
confer under Local Rule 37-1.

In sum, Defendants request that the Court strike or overrule Liu's boilerplate
objections and be ordered to respond with Rule 34(b)(2)-compliant responses.
Defendants further seek that Liu be ordered to produce all documents responsive to
each Request or to provide responses indicating that, after a reasonably diligent
search, he has no responsive documents.  Finally, Defendants seek that Liu be
ordered to pay their reasonable costs and fees incurred in bringing this motion
pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and sanctions for Liu's
refusal to meet and confer.

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF
DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## II.   **PLAINTIFF'S INTRODUCTORY STATEMENT**

Defendants doth protest too much.  Defendants' motion is moot and, in connection with Plaintiff's production to date and Plaintiff's representations as to future productions, serves merely to distract Plaintiff from prosecuting his case against Defendants.  Indeed, the present motion is a transparent salvo by Defendants to make Plaintiff appear to be acting in bad faith, as well as an attempt by Defendants to save face after having presented two wholly defective, baseless pleadings against Plaintiff.  *See* ECF 79 (granting Plaintiff's motion to dismiss FF's initial counterclaim); ECF 86, 90, 95 (FF's filing a Second Amended Counterclaim after the Court invited Plaintiff to file a renewed motion to dismiss).  Accordingly, the present motion is entirely unnecessary, and, in light of this matter's accelerated litigation and trial schedule, intentionally seeks to waste Plaintiff's limited time.

It is ironic that Defendants seek to compel documents and responses from Plaintiff when the parties' production to date has been unduly one-sided.  Indeed, it is Plaintiff, not Defendants, who has produced the bulk of documents.  For example, Plaintiff has produced 1341 pages and 165 documents across two productions; Defendants have produced merely 418 pages and 116 documents and have not stated whether they intend to produce more.  This disparity in production bears significant highlighting as defendants FF and Smart King, corporate entities, are the obvious custodians of the bulk of the relevant, responsive documents.[2]

This motion is but another example of Defendants' strategy to overwhelm Plaintiff with unnecessary and abusive discovery demands.  Notwithstanding the parties' agreed upon April 23, 2021 discovery cut off and the Court's ordered June 8, 2021 jury trial, Defendants have chosen to bombard plaintiff with frivolous and harassing discovery demands.  For example, Defendants have served a total of ***114***

---

[2] As Defendants admit, Plaintiff continues to seek to meet and confer with Defendants about outstanding document production, but Defendants have shown no interest in doing so.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

*document demands* across three sets of requests for production (while producing only 116 documents), 13 interrogatories, and no less than *81 requests for admission*. As to these requests for admission, Defendants have improperly demanded that Plaintiff agree with numerous baseless legal conclusions. Such tactics are exemplary of Defendants' bad faith litigation strategy here.

Defendants' discovery-related misconduct notwithstanding, each and every one of Defendants' disputes is moot and meritless. *First*, by email and in his Amended Responses to Defendants' First Set of Requests for Production ("Amended Responses"), Plaintiff has stated that he would be producing *all* responsive, non-privileged documents pursuant to 42 of Defendants' 53 requests. *See* Declaration of Jake Nachmani ("Nachmani Decl.") ¶15, Exs. 5, 6. As to each of these requests, Plaintiff has represented that he has not and will not withhold any responsive, non-privileged documents. *Id.* If any of these documents are withheld, they will be included in a privilege log which Plaintiff's counsel will share with counsel for Defendants. *See id.* at ¶16. As to the remaining eleven requests, Plaintiff has requested to meet and confer with Defendants to better understand what documents Defendants seek and why. *See id.* at ¶15, Exs. 5, 6. Despite these commitments, Defendants have nonetheless chosen to proceed with this motion.

*Second*, as to the request for a decade's worth of Plaintiff's federal and state tax returns (Request No. 8), Plaintiff agrees to produce responsive documents. *Id.*

*Third*, as to Defendants' requests concerning Plaintiff's employment after having been terminated by FF (Requests No. 20, 43-45), Plaintiff seeks to meet and confer with Defendants as to their substance and scope. *Id.* For example, Request No. 20 seeks all documents reflecting "any vacation, traveling or trip" Plaintiff has taken since February 2018. Plaintiff respectfully submits that he does not understand the terms "traveling" or "trip" in this context. Do Defendants really seek all documents as to any and every time Plaintiff drove his car or took a taxi or subway anywhere, or traveled back and forth between any homes he

contemporaneously maintains?  Is there a minimal distance traveled to constitute "travel" or a "trip?" Does the underlying purpose of the travel matter? Plaintiff's request to meet and confer to better understand these issues is made in good faith.

*Fourth*, Defendants' request for all "all of DOCUMENTS YOU posted on social media between February 1, 2018 through the filing of YOUR COMPLAINT" (Request No. 21) is generally inapplicable.  Plaintiff has never maintained a relevant social media account.  He does however maintain a LinkedIn account, and Plaintiff is willing to produce the sole, albeit irrelevant posting there.

*Fifth*, Defendants maintain that Plaintiff has refused to produce any documents regarding his medical history.  This is false.  In both Plaintiff's initial Responses and Plaintiff's Amended Responses, Plaintiff requested to meet and confer as to these requests. *See* Nachmani Decl. ¶15, Ex. 5; Grochow Decl. Ex. 2.

And for good reason. By these requests, Defendants seek all documents reflecting (i) "***any medical treatment***" Plaintiff received while employed by FF (Request No. 26); (ii) "***any treatment for any physical health injury***" he received during "or after his employment with FF" (Request No. 27); (iii) medical treatment Plaintiff received "***of any kind or nature … since January 1, 2007***" (Request No. 29); and (iv) documents sufficient to identify "all treating physicians, therapists, psychiatrists, or other medical professionals" Plaintiff has "***sought or received treatment from since January 2007***."

Defendants overreach, as these requests are overbroad, burdensome, vague, and disproportionate to the needs of this case.  In Defendants' view, all of the following examples would require production: (i) if in 2007, eleven years prior to joining FF, Plaintiff fractured his toe and merely consulted a podiatrist; (ii) if during his employment with FF, Plaintiff had a benign mole removed; and (iii) if in March 2021, Plaintiff received results from a COVID-19 test.  Plaintiff has sought to meet and confer with Defendants as to the relevant documents they seek here.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### III.   ISSUES IN DISPUTE

    A.   **Issue No. 1: Liu's Improper Boilerplate Reponses Fail to Meet the Requirements of Federal Rule of Civil Procedure 34(b)(2).**

        1.   **Defendants' Contentions**

Federal Rule of Civil Procedure 34(b)(2)(B) requires that objections to requests for production be stated with "specificity."  The responding party, therefore, cannot make boilerplate objections, but rather must tailor objections as appropriate to each request.  *See Reinsdorf v. Sketchers U.S.A., Inc.*, No. CV 10-7181-DDP(SSx), 2013 WL 12116416, at *8 (C.D. Cal. Sept. 9, 2013) ("Boilerplate objections are an improper response to discovery requests…."); *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) ("Boilerplate objections to a request for a production are not sufficient."); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("As an initial matter, general or boilerplate objections . . . are improper.").

When a responding party provides boilerplate objections instead of providing specific objections as required under the Rules, courts not only have the authority to overrule such objections, but they have the authority to strike them and require the responding party to produce all responsive documents.  *See Carbon v. Seattle Reprod. Med. Inc. PS*, No. 219CV01491RAJJRC, 2020 WL 4339253, at *7 (W.D. Wash. July 28, 2020) (granting the "plaintiffs' motion to strike defendant's boilerplate objections to [their] Requests for Production" and ordering the defendant to "supplement its responses to [the] requests and produce any documents withheld based on [those] objections"); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (same).

As detailed below, Liu has shirked his responsibilities under the Rules by providing ***only*** boilerplate objections devoid of any specificity to each Request propounded.  The following is a list of each Request:

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF "fraudulently induc[ed]" YOU to accept employment at FF.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO the EVERGRANDE TRANSACTION.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS supporting YOUR contention that FF "wrongfully terminated" YOUR employment as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF owes YOU equity securities "worth over $100 million."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS REFLECTING any "steps" YOU took to "ensure Faraday's compliance with applicable law," as alleged in paragraph 5 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU for "other compensatory damages" as alleged in paragraph 6 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU for punitive damages as alleged in paragraph 6 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

Copies of YOUR federal and state income tax returns, both personal and business, with accompanying work-sheets, including, but not limited to, Forms 1099, K-I, W-2, W-4, estimated tax forms, extension requests, and any other supporting documents since April 15, 2008.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "draft[] . . . policies on technology and intellectual property protection" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "implement[] policies on technology and intellectual property protection" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "oversee[] a wide range of sensitive regulatory and compliance matters" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**REQUESTS FOR PRODUCTION NO. 12:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "build[] up the legal team" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS REFLECTING YOUR efforts to "strengthen and update" FF's "human resources policies" as alleged in paragraph 70 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS REFLECTING YOUR efforts to "investigate complaints" as alleged in paragraph 71 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS REFLECTING any legal advice or counsel provided from YOU to FF during YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS supporting YOUR contention that YOU "suggested . . . that Mr. Jia should consider stepping back" from his responsibilities at FF as alleged in paragraph 77 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO YOUR allegation that YOU were told not to "take action" against FF following YOUR termination as alleged in paragraph 87 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any attempt to gain entry to YOUR California residence without YOUR consent as alleged in paragraphs 91 and 92 of YOUR COMPLAINT.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS supporting YOUR allegation that the termination of YOUR employment at FF "severely impacted [YOUR] health, causing physical injury and emotional distress" as alleged in paragraph 93 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all of DOCUMENTS REFLECTING any vacation, traveling, or trip YOU have taken since February 1, 2018 through the filing of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all of DOCUMENTS YOU posted on social media between February 1, 2018 through the filing of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS supporting YOUR allegation that FF has caused damage upon YOUR "career and earnings prospects" as alleged in paragraph 100 in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR inability to obtain employment at "any major law firm" as alleged in paragraph 102 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting YOUR "work responsibilities," as used in paragraph 133 of YOUR COMPLAINT, throughout YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS supporting YOUR contention that YOUR "work responsibilities were reduced dramatically . . . in violation of public policy" as alleged in paragraph 133 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS REFLECTING any medical treatment that YOU sought or received during YOUR employment at FF.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS REFLECTING any treatment for any physical health injury that YOU received during or after YOUR employment at FF.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114437083

- 10 -

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS REFLECTING any medical treatment sought or received as a result of the "humiliation, mental anguish, as well as physical injury" that YOU allege in paragraph 138 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS REFLECTING medical treatment YOU have sought or received, of any kind or nature, including, but not limited to, therapy, counseling, psychiatric consultation or treatment and/or for alcoholism, emotional or mental disorders, or drug abuse since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS sufficient to identify all treating physicians, therapist, psychiatrists, or other medical professionals YOU have sought or received treatment from since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO any effort made by YOU to procure capital funding for FF.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and any potential source of capital funding.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between YOU and any potential source of capital funding RELATING TO FF.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and The Blackstone Group Inc.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and The Blackstone Group Inc. RELATING TO FF.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and Goldman Sachs Group, Inc.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS between YOU and Goldman Sachs Group, Inc. RELATING TO FF.

**REQUEST FOR PRODUCTION NO. 38:**

All COMMUNICATIONS between YOU and FF RELATING TO any effort by FF to proceed an initial public offering.

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS REFLECTING any advice YOU provided to FF regarding an initial public offering.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO any litigation to which FF was a party during YOUR employment at FF.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation matter between EVelozcity, Inc. and FF's former executives that arose during YOUR employment at FF.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS REFLECTING any legal work YOU performed including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation arising from the EVERGRANDE TRANSACTION.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS REFLECTING any effort made by YOU to gain employment following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS REFLECTING any solicitation of employment by any employer to YOU following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS REFLECTING any offers of employment declined by YOU following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS between YOU and any Defendant prior to YOU starting YOUR employment with FF.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

114437083

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## REQUEST FOR PRODUCTION NO. 47:

All COMMUNICATIONS between YOU and FF RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and Smart King Ltd., dated January 25, 2018.

## REQUEST FOR PRODUCTION NO. 48:

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and SMART KING, dated January 25, 2018.

## REQUEST FOR PRODUCTION NO. 49:

All COMMUNICATIONS between YOU and FF RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

## REQUEST FOR PRODUCTION NO. 50:

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

## REQUEST FOR PRODUCTION NO. 51:

All COMMUNICATIONS between YOU and any Defendant RELATING TO the substance of YOUR COMPLAINT.

## REQUEST FOR PRODUCTION NO. 52:

All COMMUNICATIONS that YOU forwarded from YOUR former email address, henry.liu@ff.com, to YOUR personal email address RELATING TO the substance of YOUR COMPLAINT.

In response to these Requests, Liu's asserts the following non-descript boilerplate objections:

- That the Request are "overbroad" and "unduly burdensome" (all Requests);

- That the Request are "vague as to scope" (Request Nos. 1-7, 9-52);

- That the Requests are "unduly burdensome" (all Requests);

- That the Requests are "entirely irrelevant to the subject matter of this action" and/or "not reasonably calculated to lead to the discovery of admissible evidence" (all Requests);

- That the Requests seek documents "that may be shielded by attorney-

114437083

- 13 -

client and/or attorney work product privileges" (all Requests);

- That the "documents and/or information sought is not within Plaintiff's custody, possession, or control" (all Requests);

- That the Requests seek "information shielded by the privacy right and privileges of third parties" (all Requests);

- That the Requests seek "information that is confidential to Plaintiff and/or to third parties" (Request Nos. 1-27, 31-52); and

- That the Requests "seek[ ] information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense" (Request Nos. 1-7, 9-18, 24-25, 31-42, 46-52).

Not one of these objections provides any specificity as to Liu's basis for that objection. And many of these objection make little sense in response to the information sought. For example, Liu makes vague privacy and third-party confidentiality-based objections in response to Request Nos 1, 3-7, 9-14, 16-19, 22-25, and 28, which each seek documents relating to Liu's specific allegations or contentions in his own Complaint. And a generic objection based on confidentiality falls far short of the requirement to adequately describe why the information is confidential. *See, e.g.*, *Paulsen v. Case Corp.,* 168 F.R.D. 285, 289 (C.D. Cal. 1996) (overruling non-descript confidentiality and trade secret objections as "conclusory assertions"). In addition, there is a stipulated protective order entered in this case protecting such information.

With regard to Liu's boilerplate privilege objections, such objections, particularly in the absence of a privilege log, provide hardly enough information to assess whether any privilege is being properly asserted. Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

In addition, the boilerplate objection that each Request seeks documents not in Liu's possession, custody, or control is nonsensical as by definition, Request under Federal Rule of Civil Procedure 34 seek only documents within the "responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  Also, with regarding to Liu's objection that the documents sought are "equally available to Defendants," "'courts have unambiguously state that this exact objection is insufficient to resist a discovery request.'"  *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (citations omitted).

In sum, Liu has thus violated well-established Ninth Circuit precedent that parties cannot make boilerplate objections, and not one of his objections comes close to satisfying the specificity required under that Rule.  Therefore, the Court should strike or overrule Liu's boilerplate objections and compel him to provide a full response to all of Defendants' Requests for Production.  *See, e.g.*, *Springer v. Gen. Atomics Aeronautical Sys. Inc.*, No. 16CV2331-BTM(KSC), 2018 WL 490745, at *2 (S.D. Cal. Jan. 18, 2018) (ruling that if the defendant "continues to include general, boilerplate, unsupported, and/or non-specific objections in its supplemental responses, the Court will overrule the objections and consider imposing monetary sanctions.") (emphasis omitted).

Federal Rule of Civil Procedure 34(b)(2)(C) also requires that the responding party, when asserting an objection, state specifically "whether any responsive materials are being withheld on the basis of that objection."  In response to Request Nos. 1-7, 9-19, 22-25, 31-42, 46-52 (see Requests above), Liu asserts that he will produce responsive documents "subject to" his objections.  This qualifier infers that Liu may be withholding documents on the basis of his boilerplate objections.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

However, Liu fails to identify what, if anything, is being withheld and on what basis.  Also, Liu's production did not include documents responsive to many of the Requests, including, but not limited to, Request Nos. 10 (documents supporting Liu's efforts to implement policies and technology protections), 11 (documents supporting Liu's efforts to oversee sensitive regulatory matters), 12 (documents supporting Liu's efforts to build a legal team), 13 (documents supporting Liu's efforts to strengthen and update HR policies), 14 (documents supporting Liu's efforts to investigate complaints), 16 (documents supporting Liu's contention that Mr. Jia should have stepped back from his responsibilities), 17 (documents supporting Liu's contention that he was told not to take action after his termination), 24 (documents reflecting Liu's work responsibilities), 31 (documents relating to Liu's attempts to procure capital funding), 32 (documents reflecting introductions to potential sources of capital funding), 34 (documents reflecting introductions to Blackstone Group), 35 (communications with Blackstone Group), 36 (documents reflecting introductions to Goldman Sachs), 37 (communications with Goldman Sachs), 38 (communications regarding guiding FF through IPO process), 39 (communications reflecting advice to FF regarding IPO process), 40 (documents reflecting legal work done relating to litigation that FF was a part of), 41 (documents reflecting legal work done relating to eVelozcity matter), and 42 (documents reflecting legal work relating to Evergrande).  (Grochow Decl., ¶ 6.) Accordingly, Liu's responses fail to comply with Federal Rule of Civil Procedure 34(b)(2)(C) and must produce all responsive documents.

## 2.      Plaintiff's Contentions

Defendants waste pages upon pages discussing a moot point – indeed a point that they know is moot.  Plaintiff has already and will continue to produce documents responsive to Defendants' requests that are not otherwise protected by the attorney-client or work-product privileges.  *See* Nachmani Decl. ¶10, 12, 16, Exs. 2, 3, 5, 6.  Indeed, as to the requests that Defendants put at issue here, Request

114437083

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Nos. 1-7, 9-19, 22-25, 31-42, and 46-52, Plaintiff has represented in his Amended

Responses that, "Plaintiff has already and/or will continue to produce on a rolling

basis documents within his possession, custody, or control that are responsive to

this request." Nachmani Decl. Ex. 5. Plaintiff set forth similar responses in his

initial Responses. *See* Grochow Decl. Ex. 2. Moreover, Plaintiff has not and will

not withhold such documents from production. *See* Nachmani Decl. ¶15, Exs. 5, 6.

If Plaintiff's counsel determines that the attorney-client or work-product privileges

apply to any responsive documents, those documents will be included in a privilege

log that will be shared with counsel for Defendants. *See* Nachmani Decl. ¶16.

There is no issue here, and Defendants know this.

**B.**    **Issue No. 2: Liu's Failure to Produce Documents Regarding His**
          **Financial Condition.**

**1.**    **Defendants' Contentions**

As excerpted in full below, Defendants' Request for Production No. 8 seeks

information regarding Liu's past and current financial condition:

**REQUEST FOR PRODUCTION NO. 8:**

Copies of YOUR federal and state income tax returns, both personal and business, with accompanying work-sheets, including, but not limited to, Forms 1099, K-I, W-2, W-4, estimated tax forms, extension requests, and any other supporting documents since April 15, 2008.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and entirely irrelevant to the subject matter of this action. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Contrary to Liu's assertion that his financial condition is "entirely irrelevant to the subject matter of this action" and "not reasonably calculated to lead to the discovery of admissible evidence," such information is directly relevant because it tends to prove or disprove the amount of damages, if any, that he suffered because of any alleged fraud committed by FF. *See Sater v. Chrysler Grp. LLC*, No. EDCV 14-00700-VAP(DTBx), 2016 WL 3136196, at *2 (C.D. Cal. Mar. 4, 2016) ("By alleging lost business profits, plaintiffs have placed their financial information at issue, and thereby made their tax returns relevant for the purposes of discovery.").

Moreover, Liu's own allegations place his financial condition both before and after his termination from FF directly at issue. Liu has claimed that, "[b]etween October 2017 and mid-February 2018, at the pinnacle of his success, Mr. Liu was fraudulently induced to leave his prestigious and lucrative equity partnership at Mayer Brown in New York, and his roster of blue-chip clients, and take up a position with a start-up electric car company in California that was years away from producing any cars." (Compl. at ¶ 25.) Liu further claims that "Defendants, at Mr. Jia's behest, have inflicted massive damage upon Mr. Liu's career and earnings prospects" (*id.* ¶ 100); that his "career and future earnings prospects lie in tatters" (*id.* ¶ 108); and that he "suffered… loss of past and future earnings and employment benefits and opportunities" (*id.* ¶ 134). There is, thus, no questions that the information sought regarding his financial condition is relevant.

Additionally, responding to this Request should not be unduly burdensome for Liu, particularly when balanced against the fact that he placed his financial condition at issue—*i.e.* to prove his own claims Liu will have to produce evidence at trial that he has suffered such loss and Defendants are unequivocally entitled to such information.

This request is also not overbroad as Liu suggests. Defendants seek basic financial information of Liu since 2008. Liu claims that he was at the "pinnacle of success" in 2017. Thus, Liu has invited Defendants to evaluate the trajectory of

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Liu's career before and after his termination.  This especially critical in this case where Liu is claiming that Defendants fraudulently induced him from his prior career.  A decade's worth of data is a sufficient sample size to assess Liu's claim that he was at the pinnacle of his career.  Therefore, a request for Liu's basic financial information since 2008 is not overbroad.

In addition, and as explained above under Issue No. 1, none of Liu's boilerplate objections stand.  Thus, because Liu makes no valid objection to avoid producing documents to Request No. 8, Liu should be compelled to produce all responsive documents requested.

### 2. Plaintiff's Contentions

Again, no issue here. Plaintiff will produce all responsive documents that are not protected by the attorney-client or work-product privileges; Plaintiff has not and will not withhold such documents.  *See* Nachmani Decl. ¶15, Exs. 5, 6. And again, Defendants know this.

### C. Issue No. 3: Liu's Refusal to Produce Documents Related to His Efforts to Gain Employment After His Termination from FF.

### 1. Defendants' Contentions

Under Request Nos. 20 and 43-45, copied below, Defendants seek information regarding Liu's efforts to gain employment following his termination from FF, based on Liu's own allegations, to assess Liu's claim for damages, and FF and Smart King's failure to mitigate defense:

### REQUEST FOR PRODUCTION NO. 20:

Copies of all of DOCUMENTS REFLECTING any vacation, traveling, or trip YOU have taken since February 1, 2018 through the filing of YOUR COMPLAINT.

### RESPONSE TO REQUEST NO. 20:

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, entirely irrelevant to the subject matter of this action, and vague as to scope. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff is willing to meet and confer with Defendants in order to understand whether there is any legitimate basis for this request.

## REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS REFLECTING any effort made by YOU to gain employment following the end of YOUR employment with FF.

## RESPONSE TO REQUEST NO. 43:

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

## REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS REFLECTING any solicitation of employment by any employer to YOU following the end of YOUR employment with FF.

## RESPONSE TO REQUEST NO. 44:

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

1    Plaintiff objects to this request as it seeks information that is confidential
2    to Plaintiff and/or to third parties.

     Plaintiff is willing to meet and confer with Defendants in order to
3    narrow this vague, overbroad, and unduly burdensome request.

4    **REQUEST FOR PRODUCTION NO. 45:**

5    All DOCUMENTS REFLECTING any offers of employment declined
     by YOU following the end of YOUR employment with FF.
6
     **RESPONSE TO REQUEST NO. 45:**
7
     Plaintiff objects to this request on the basis that it is overbroad, unduly
8    burdensome, and vague as to scope and time. Plaintiff objects to this
     request on the basis that it is disproportionate to the needs of this case.
9    Plaintiff objects to this request on the basis that Defendant seeks
     documents and information that may be shielded by the attorney-client
10   and/or attorney work product privileges. Plaintiff objects to this request
     to the extent that the documents and/or information sought is not within
11   Plaintiff's custody, possession, or control. Plaintiff objects to the request
     to the extent it is not reasonably calculated to lead to the discovery of
12   admissible evidence. Plaintiff objects to this request as it seeks
     information shielded by the privacy right and privileges of third parties.
13   Plaintiff objects to this request as it seeks information that is confidential
     to Plaintiff and/or to third parties.
14
     Plaintiff is willing to meet and confer with Defendants in order to narrow
15   this vague, overbroad, and unduly burdensome request.

16          Again, Liu refused to produce a single document responsive to these

17   Requests for highly relevant information, standing on his boilerplate objections

18   based on overbreadth, undue burden, relevance, attorney-client privilege, privacy

19   rights and privileges of unidentified third parties, and confidentiality. Contrary to

20   Liu's boilerplate relevancy objections, however, these Requests fall well within the

21   scope of discovery as they all seek information relevant to Liu's own allegation

22   that, "[s]ince being terminated by [FF], Mr. Liu has not been offered any positions

23   at any major law firms because he is perceived to have lost many of these client

24   relationships." (*Id.* ¶ 102.)

25          In addition, such information is relevant to assess Liu's purported damages

26   and FF and Smart King's failure to mitigate defense.  Information regarding Liu's

27   vacations is relevant to this defense because it may reflect on whether he has

28   actively sought out employment since his termination or whether he prefers to retire

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114437083                           - 21 -

or otherwise not seek employment at this time.  Information regarding Liu's employment search efforts and offers of employment is relevant to show whether Liu has taken any reasonable steps to mitigate his purported damages.  *See, e.g., Heard v. Costco Wholesale Corp.*, No. 219CV00673RFBDJA, 2020 WL 515841, at *2 (D. Nev. Jan. 31, 2020) ("The Court finds the request for job applications, resumes, cover letters, offer letters, employment agreements, and termination records to be relevant to Defendants' mitigation defense."); *see also Bird v. PSC Holdings I, LLC*, No. 12-CV-1528 W NLS, 2013 WL 1120659, at *2-*3 (S.D. Cal. Mar. 18, 2013) (granting the defendant's motion to compel discovery regarding the plaintiff's job search efforts on the basis that such information is relevant to a failure to mitigate defense).

Further, documents related to any employment search Liu made may reflect admissions relevant to this litigation that he made to prospective employers regarding his alleged wrongful termination.  *See Bird*, 2013 WL 1120659, at *2-*3 (granting the defendant's motion to compel discovery regarding the plaintiff's job search efforts on the basis that such information may reveal admissions relevant to the plaintiff's claims).  Accordingly, with regard to Requests Nos. 20 and 43-45, this Court should grant Defendants' motion to compel documents related to Liu's vacations and efforts to gain employment following his termination from FF.

Liu's objection that Request Nos. 20 and 43-45 are "unduly burdensome" lacks any merit because, again, Liu placed this topic at issue with his own allegations.  Moreover these requests only ask about Liu's vacations and efforts to obtain new employment either following February 1, 2018 (Request No. 20) or following his termination from FF which occurred in February 2019 (Request Nos. 43-45).  Producing just a few years' worth of documents informing on Liu's vacation schedule and efforts to gain employment is not unduly burdensome.

Further, such requests are not overbroad, vague, and disproportionate to the needs of the case as Liu suggests.  As noted above, Defendants seek information on

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Liu's vacations and efforts to gain employment over a limited time period directly relating to Liu's wrongful termination claim. Moreover, the information sought is not expansive as it is specifically tailored to topics therein.

As with Liu's other Requests and detailed under Issue 1, all objections asserted in Response to Request Nos. 20 and 43-45, constitute improper boilerplate objections in violation of the Rules. This Court thus should strike or overrule these objections and require Liu to produce all responsive documents.

### 2.   Plaintiff's Contentions

Defendants maintain that Plaintiff has refused to produce documents pursuant to these requests. Defendants mislead the Court. Indeed, Plaintiff has represented to Defendants that he would like to meet and confer as to each of these requests. Nachmani Decl. ¶15, Exs. 5, 6; Grochow Decl. Ex. 2.

And for good reason. In the interest of producing relevant and proportional documents, Plaintiff requests clarity from Defendants as to these vague, overbroad, and burdensome requests. For example, Request No. 20 seeks all documents reflecting "any vacation, traveling or trip" Plaintiff has taken since February 2018. But what do Defendants actually mean by "traveling" or Plaintiff's taking a "trip?" Do Defendants really mean that Plaintiff must produce all documents as to any and each time Plaintiff got into a vehicle or relocated to any homes he contemporaneously maintains? If Plaintiff boarded a plane to visit a relative, would that be a "vacation?" If Plaintiff drove one of his children across state lines to drop them off at school or for a social event, would either of those examples constitute "traveling" or a "trip?" Production of such documents would be disproportionate and unduly burdensome here. *See Siefe v. Unum Group*, 2018 WL 6340753, at *9, n. 10 (C.D. Cal. May 30, 2018) (holding that while travel related to plaintiff's work was discoverable, "information regarding plaintiff's travel outside of [specific county] is overbroad, unduly burdensome, and not proportional to the needs of the case.").

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

The remainder of these requests require clarification and narrowing, which Plaintiff has requested by way of meeting and conferring. For example, as to Request No. 43, Plaintiff seeks clarification as to what Defendants mean by the phrase "any effort made" by Plaintiff to gain employment. This phrase is entirely vague as it contemplates the entire spectrum of Plaintiff's potential conduct: from Plaintiff's brainstorming about potential future employment to Plaintiff's theoretical negotiation or acceptance of a new job offer. Request No. 43 is equally vague as Plaintiff seeks clarification as to what Defendants believe constitutes "solicitation of employment" and who or what would be "any employer." Accordingly, Plaintiff's request to meet and confer is entirely appropriate. *See Vizio, Inc. v. LeEco V. Ltd.*, 2018 WL 10742584, at *6 (C.D. Cal. Nov. 2, 2018) (denying motion to compel because movant "did not define [various terms] and did not identify with reasonably particularity which document or categories of documents were sought. As written, Plaintiff would be required to speculate as to the meaning of [referenced terms]"); *Frieri v. Sysco Corp.*, 2017 WL 3387713, at *7 (S.D. Cal. Aug. 4, 2017) (denying motion to compel as "human resources support, assistance and services," was "impermissibly overbroad, disproportionate, and other forms of discovery are better suited to achieve [movant's] aim."); *Harris v. Escamilla*, 2016 WL 1224057, at *7 (E.D. Cal. Mar. 29, 2016) (denying motion to compel as the term "material" was impermissibly "vague[.]").

**D.**    **Issue No. 4: Liu's Withholding of Documents Posted on His Social Media Account.**

**1.**    **Defendants' Contentions**

Request No. 21 seeks documents reflecting Liu's social media posts since his termination from FF:

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all of DOCUMENTS YOU posted on social media between February 1, 2018 through the filing of YOUR COMPLAINT.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, entirely irrelevant to the subject matter of this action, and vague as to scope. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff is willing to meet and confer with Defendants in order to understand whether there is any legitimate basis for this this vague, overbroad, and unduly burdensome request.

Contrary to Liu's objections that his social media posts are "entirely irrelevant" and "not reasonably calculated to lead to the discovery of admissible evidence," they seek relevant information to Liu's wrongful termination claim, Liu's damages, and FF's failure to mitigate defense. As detailed in Defendants' meet and confer letter, examples of such relevant information that may be found in Liu's social media posts, include, but are not limited to, 1) posts or comments Liu made regarding his work at FF or the reasoning for his firing, 2) any posts or comments regarding his purported mental or physical injuries, 3) information regarding his daily living conditions which he has made directly relevant to his damages claim, 4) vacations that he took since his firing, and 5) any comments that he has made regarding any effort he has made to obtain future employment. (Grochow Decl., Ex. 1 ¶ 4.) Thus, Liu's social media history is relevant and discoverable.

Further, Defendants' request for just over three years of Liu's social media posts is not "overbroad," "unduly burdensome," or "disproportionate to the needs of this case." See *Dewidar v. Nat'l R.R. Passenger Corp.*, No. 17CV62-CAB(RBB), 2018 WL 280023, at *5 (S.D. Cal. Jan. 3, 2018) (requiring production

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114437083

- 25 -

of "[a]ll [the plaintiff's] social media data . . . from January 12, 2015, to the present": a nearly three-year period).  This time period merely encompasses his posts around or during his approximately one year of employment and all posts following his termination.  Moreover, it should be easy to collect by Liu simply visiting his own social media sites and printing or making a PDF of those sites.  This Court, therefore, should compel Liu to provide all responsive documents to Request No. 21.

Defendant's Request No. 21 is also not "vague as to scope" as it seeks "all DOCUMENTS YOU posted on social media between February 1, 2018 through the filing of YOUR COMPLAINT."  The scope is clearly defined as encompassing "all" posts in a definite time-period of nearly three-years: February 1, 2018 to present.  Thus, Liu's vagueness objection lacks merit.

As with all of Liu's other responses and, as detailed under Issue 1, all objections asserted in Response to Request No. 21, constitute improper boilerplate objections in violation of the Rules.  This Court thus should strike or overrule these objections and require Liu to produce all responsive documents.

### 2.    Plaintiff's Contentions

Contrary to what Defendants set forth, Plaintiff is not withholding any social media-related documents.  Plaintiff maintains no relevant social media accounts.  He has never had or maintained a Facebook account, an Instagram account, or a Twitter account.

Plaintiff does maintain a LinkedIn account, but, since February 1, 2018, Plaintiff has posted on that account only once. Plaintiff can and will produce this non-relevant posting to Defendants.

### E.    Issue No. 5: Liu Has Refused to Produce Any Documents. Regarding His Medical History.

### 1.    Defendants' Contentions

Request Nos. 26-30 seek information regarding Liu's medical history related

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

to his purported physical and emotional injuries suffered:

## REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS REFLECTING any medical treatment that YOU sought or received during YOUR employment at FF.

## RESPONSE TO REQUEST NO. 26:

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

## REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS REFLECTING any treatment for any physical health injury that YOU received during or after YOUR employment at FF.

## RESPONSE TO REQUEST NO. 27:

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

## REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS REFLECTING any medical treatment sought or received as a result of the "humiliation, mental anguish, as well as

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

physical injury" that YOU allege in paragraph 138 of YOUR COMPLAINT.

## RESPONSE TO REQUEST NO. 28:

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

## REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS REFLECTING medical treatment YOU have sought or received, of any kind or nature, including, but not limited to, therapy, counseling, psychiatric consultation or treatment and/or for alcoholism, emotional or mental disorders, or drug abuse since January 1, 2007.

## RESPONSE TO REQUEST NO. 29:

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

## REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS sufficient to identify all treating physicians, therapist, psychiatrists, or other medical professionals YOU have sought or received treatment from since January 1, 2007.

## RESPONSE TO REQUEST NO. 30:

Plaintiff objects to this request on the basis that it is overbroad, unduly

burdensome, and vague as to scope. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

Once again, Liu places the subject of his mental and physical health directly as issue in his complaint by alleging that Defendants caused him "humiliation, serious mental anguish, and emotional and physical distress" related to his wrongful termination and intentional infliction of emotion distress claims.  (Compl. ¶¶ 134, 138.)  Such information regarding his medical condition is relevant and certainly "reasonably calculated to lead to the discovery of admissible evidence" contrary to Liu's boilerplate assertion. *See Cabrales v. Aerotek, Inc.*, No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829, at *4 (C.D. Cal. May 8, 2018) (requiring the Plaintiff to produce documents related to Plaintiff's medical and psychological treatment received within the prior ten years because Plaintiff "put her general health in issue."); *Mony Life Ins. Co. v. Marzocchi*, No. CIV S-10-2935-KJM-CKD, 2012 WL 13042548, at *1 (E.D. Cal. Apr. 6, 2012) ("Defendant has put her mental condition at issue in this litigation by making a claim for intentional infliction of emotional distress. . . .  Under these circumstances, plaintiff is entitled to discovery on issues pertaining to defendant's mental health.").

Liu has already agreed that, on these facts, Liu will sit for an independent medical exam.  (Grochow Decl. ¶ 5.)  He even agreed to produce documents responsive to these Requests, but has failed to do so or to amend his responses to indicate what information he may be withholding, if any.  (*Id.* ¶¶ 7, 8.)  Such documents will also be relevant to his examination.  Moreover, it defies logic that Liu would refuse to produce routine medical records that would allegedly

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 29 -

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

1   demonstrate serious physical and mental injuries resulting from the Defendants'
2   alleged misconduct after agreeing to an independent medical examination.

3       Requests No. 29 and 30 request information on Liu's medical treatment and
4   treating physicians since 2007.  Such information remains relevant to discerning
5   any preexisting conditions Liu had before he allegedly suffered any injury during
6   his employment at FF.  Again, these are subjects placed at issue by Liu in alleging
7   that he was physically and emotionally damaged.

8       Further, Defendants' request Liu's medical history is not "overbroad,"
9   "unduly burdensome," or "disproportionate to the needs of this case."  Request
10  No. 28 seeks information "during" Liu's employment and Request No. 29 only
11  seeks information during or after Liu's employment, an approximately three-year
12  period.  Request No. 30 does not specify a time period but merely seeks
13  information that Liu has to support his alleged "humiliation, mental anguish, as
14  well as physical injury" attributable to Defendants' alleged misconduct as noted in
15  "paragraph 138" of Liu's Complaint.  Because such information likely falls within a
16  three-year time period, requesting all applicable documents is not "overbroad,"
17  "unduly burdensome," or "disproportionate to the needs of this case."

18      Further, Request Nos. 29-30 seek a broader medical history including
19  information since January 1, 2007.  To determine causation, Defendants must
20  obtain a broader set of documents.  This broader history will allow Defendants to
21  identify potential preexisting conditions that may have caused any alleged injuries
22  that Liu has experienced.  Therefore, Request Nos. 26-30 are not "overbroad,"
23  "unduly burdensome," or "disproportionate to the needs of this case."

24      Liu's assertion that Request Nos. 26-28 are vague as to "scope and time" is
25  unfounded given that these three Requests define the relevant scope as "All
26  DOCUMENTS."  As to timing Request No. concerns documents "during [Liu's]
27  employment at FF" and Request No. 27 defines the relevant timeframe as "during
28  or after [Liu's] employment at FF."  Request No. 28 implies that the scope of time

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

114437083
- 30 -

1   is unlimited which is proper in this context because this Request only seeks to have
2   Liu provide documents demonstrating his medical treatment "result[ing]" from the
3   "humiliation, mental anguish, as well as physical injury" he attributes to the
4   Defendant's misconduct.  (Compl. ¶ 138.)

5       Defendants' Request Nos. 29-30 also are not "vague as to scope" because
6   they define the scope as "All DOCUMENTS."  Therefore, Liu's vagueness
7   objections are groundless.

8       Again, and as detailed under Issue 1, all of Liu's objections asserted in
9   Response Nos. 26-30, constitute improper boilerplate objections in violation of the
10  Rules.  This Court thus should strike or overrule these objections and require Liu to
11  produce all responsive documents.

12          **2.      Plaintiff's Contentions**

13      Defendants maintain that Plaintiff has refused to produce any documents
14  regarding his medical history.  This is false.  In both Plaintiff's initial Responses
15  and Plaintiff's Amended Responses, Plaintiff has stated that he would like to meet
16  and confer as to these requests.  *See* Nachmani Decl. ¶15, Exs. 5, 6; Grochow Decl.
17  Ex. 2.

18      And for good reason. By these requests, Defendants seek all documents
19  reflecting (i) "*any medical treatment*" Plaintiff received while employed by FF
20  (Request No. 26); (ii) "*any treatment for any physical health injury*" he received
21  during "or after his employment with FF" (Request No. 27); (iii) medical treatment
22  Plaintiff received "*of any kind or nature … since January 1, 2007*" (Request No.
23  29); and (iv) documents sufficient to identify "all treating physicians, therapists,
24  psychiatrists, or other medical professionals" Plaintiff has "*sought or received*
25  *treatment from since January 2007*" (Request No. 30).  As referenced above, the
26  fact that the hypotheticals of Plaintiff's seeking a consultation with a podiatrist in
27  2007, Plaintiff's getting a mole removed while employed by FF, and Plaintiff's
28  receiving results from a COVID-19 test in March 2021 would all in Defendants'

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114437083

- 31 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

view constitute examples of required production of documents demonstrates the overbreadth and disproportionality of these requests.

Moreover, as to Request Nos. 26, 28-30, it is unclear what Defendants mean that Plaintiff has "sought" medical treatment if no such treatment was ever provided.  Under these circumstances, meeting and conferring is appropriate.  *See Peck v. County of Orange*, 2020 WL 4361521, at *4 (C.D. Cal May 15, 2020) (denying production of medical records prior to incident at issue unless those records concerned mental health, as other medical records were irrelevant to claim for emotional distress); *Fitzgerald v. Cassil*, 216 F.R.D. 632, 634 (N.D. Cal. 2003) (general medical records were not relevant in an action without "any claim for bodily injury other than that directly and immediately linked to emotional distress."); *see also Manessis v. New York City Dept. of Transp.*, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002) ("[Plaintiff's] emotional distress claim does not, however, give Defendants an unfettered right to pursue discovery into [Plaintiff's] entire medical history.").

F.    **Issue No. 6: Liu's Refusal to Comply Discovery Obligations and Meet and Confer Requirement is Sanctionable.**

1.    **Defendants' Contentions**

Defendants have made multiple efforts to confer with Liu to determine whether a resolution could be achieved without the filing of this motion.  However, Liu continues to refuse to comply with his discovery obligations under Federal Rules of Civil Procedure 26 and 34 and to defy Local Rule 37-1's mandatory meet and confer process, warranting sanctions.

Local Rule 37-1 requires the parties to meet and confer "within 10 days after the moving party serves a letter requesting such conference."  The sole exception to this requirement is when the opposing party obtains a "written order of the Court upon good cause shown . . . ." excusing the opposing party from its meet and confer obligation.  L.R. 37-1.  A failure to comply with Local Rule 37-1 constitutes

1   sanctionable conduct.  L.R. 37-4 ("The failure of any counsel to comply with or

2   cooperate in the foregoing procedures may result in the imposition of sanctions.");

3   *see also Riebeling v. Pac. Gas & Elec. Co.*, No. EDCV 16-2312-DMG-KK, 2017

4   WL 10620341, at *4-*5 (C.D. Cal. Oct. 23, 2017) (granting monetary sanctions in

5   favor of the moving party in part because of the opposing party's failure to meet

6   and confer under Local Rule 37-1); *Field v. Metro. Life Ins. Co.*, No. CV 07-8091-

7   DDP(RCX), 2009 WL 10700110, at *4 (C.D. Cal. Feb. 5, 2009) (ordering the

8   opposing party to show cause why sanctions should not be granted because of a

9   failure to meet and confer under Local Rule 37-1).

10      Defendants transmitted their meet and confer letter to Liu regarding the

11   issues in this Motion on February 24, 2021.  (Grochow Decl., ¶ 4, Ex. 1.)

12   Defendants then reminded Liu of his meet and confer and discovery obligations

13   during two subsequent telephone conferences regarding separate issues in this

14   matter on March 2, 2021 and March 10, 2021.  (*Id.* ¶¶ 5, 7.)  Despite these efforts,

15   Liu has still refused to respond to Defendants' February 24, 2021 letter or to meet

16   and confer regarding any topic addressed in that letter, with the exception of Liu's

17   commitment to produce his medical records—a commitment that remains

18   unfulfilled.  Given Liu's disregard for the mandatory meet and confer process and

19   the Rules, monetary sanctions are an appropriate measure to deter Liu's

20   misconduct.

21      Moreover, Federal Rule of Civil Procedure 37(a)(5)(A) provides that "[i]f the

22   motion [to compel] is granted—or if the disclosure or requested discovery is

23   provided after the motion was filed—the court must, after giving an opportunity to

24   be heard, require the party … whose conduct necessitated the motion, the party or

25   attorney advising that conduct, or both to pay the movant's reasonable expenses

26   incurred in making the motion, including attorney's fees."  The only exceptions to

27   this Rule are for where "(i) the movant filed the motion before attempting in good

28   faith to obtain the disclosure or discovery without court action; (ii) the opposing

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF
DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  party's nondisclosure, response, or objection was substantially justified; or (iii)

2  other circumstances make an award of expenses unjust." Fed. R. Civ. P.

3  37(a)(5)(A). However, none of these exceptions apply because Defendants' meet

4  and confer attempts are well demonstrated, Liu did not even attempt to explain why

5  his nondisclosure and improper responses were justified whatsoever, and there are

6  no circumstances that make an award of expense unjust, particularly given that Liu

7  instituted this action and is now refusing to produce or withholding documents

8  directly relevant to the contentions in his own Complaint.

9      Accordingly, Defendants seeks their attorneys' fees and costs, in addition to

10  monetary sanctions, for Liu's unsubstantiated refusal to produce Rule-compliant

11  responses and document to Defendants Requests.

12      **2.    Plaintiff's Contentions**

13      Defendants seek to paint a portrait of Plaintiff as a party acting in bad faith,

14  warranting sanctions. To date and as he intends to do in the future, Plaintiff has met

15  his discovery deadline obligations under the Federal Rules of Civil Procedure. As

16  to Defendants' references to any purported violations of Local Rule 37-1, Plaintiff's

17  counsel has no recollection of Defendants' counsel's informing them of this or any

18  representations by Defendants' counsel contemplating the present motion;

19  documents produced contemporaneously with the referenced March 2 and March

20  10, 2021 meet and confers (concerning Plaintiff's motion to dismiss the Amended

21  Counterclaim and the Smart King 30(b)(6) deposition, respectively) do not reflect

22  such representations. *See* Nachmani Decl. ¶¶10, 12, Exs. 2, 3.

23      Moreover, Plaintiff has produced and will continue to produce responsive

24  documents to Defendants. Indeed, Plaintiff's production of documents, despite

25  Defendants being the corporate custodians of the relevant documents in this action,

26  has dwarfed Defendants' production to date: Plaintiff has produced 1341 pages and

27  165 documents across two productions; Defendants on the other hand have

28  produced 418 pages and 116 documents. Plaintiff has served Amended Responses

114437083

- 34 -

and has represented that he will produce all responsive documents pursuant to 42 of Defendants' 53 requests; Plaintiff seeks to meet and confer as to remaining eleven requests, as set forth above.  Defendants do not want to.

Moreover, to the extent there exists a basis for sanctions, it is Defendants, not Plaintiff, who have engaged in bad faith litigation tactics.  For example, by their defective counterclaims, Defendants have repeatedly forced Plaintiff to defend himself against meritless allegations and implausible theories of liability; indeed, they do so *for a third time* with the filing of FF's Second Amended Counterclaim (ECF 95).  Defendants have likewise engaged in harassing, abusive discovery tactics.  Notwithstanding that the parties agreed to an April 23, 2021 discovery cut off and that the Court scheduled a jury trial for June 8, 2021, Defendants' strategy in this case appears to be to force Plaintiff to respond to a mass of unnecessary and disproportionate discovery demands.  For example, to date Defendants have served a total of *114 document demands* across three sets of requests for production, 13 interrogatories, and no less than *81 requests for admission*.  As to these requests for admission, a multitude of them call for meritless admissions of legal conclusions, including the following:

**REQUEST FOR ADMISSION NO. 75:**

Admit that YOU violated the California Rules of Professional Conduct, former rule 3-310, when YOU entered into the EMPLOYMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 76:**

Admit that YOU violated the California Rules of Professional Conduct, rule 3-300, when YOU entered into the EMPLOYMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 77:**

Admit that YOU violated the California Rules of Professional Conduct, former rule 4-200, when YOU entered into the EMPLOYMENT AGREEMENT.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR ADMISSION NO. 78:**

Admit that YOU engaged in the unauthorized practice of law in California when you performed legal services as FF's Global General Counsel.

**REQUEST FOR ADMISSION NO. 79:**

Admit that YOU violated the New York Rules of Professional Conduct, rule 1.7, when YOU entered into the EMPLOYMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 80:**

Admit that YOU violated the New York Rules of Professional Conduct, rule 1.8, when YOU entered into the EMPLOYMENT AGREEMENT.

**REQUEST FOR ADMISSION NO. 81:**

Admit that YOU violated the New York Rules of Professional Conduct, rule 1.5, when YOU entered into the EMPLOYMENT AGREEMENT.

Notwithstanding the impropriety of Defendants' discovery tactics, sanctions are not warranted here against Plaintiff. *See Brown v. Lowe's Home Centers, LLC*, 2016 WL 7638028, at *1 (C.D. Cal. July 15, 2016) ("sanction are not warranted because [the moving party] filed the motion before attempting in good faith to obtain the discovery without court action.  While [the moving party] sent letters requesting the three categories of documents, he did not (1) indicate in his letters that he intended to file a motion if a conference could not be scheduled by a particular date, (2) cite Local Rule 37 [prior to the motion], or (3) follow up his letters with a phone call."); *see also Taylor v. County of Calaveras*, 2020 WL 207212, at *1 (E.D. Cal. Jan. 14, 2020) (upholding denial of motion to deem requests for admission admitted or to compel and denying sanctions as "Plaintiff's request for admission that Defendants 'knew [they] had a duty to investigate' impermissibly sought a pure legal conclusion.")

Moreover, if the Court denies Defendants' Motion (as it should), Plaintiff will be entitled to have Defendants pay his own reasonable expenses, including attorneys' fees in connection with defending this motion.  *See Jang v. Sagicor Life*

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE

*Ins. Co.*, at *5 (C.D. Cal. Sept. 10, 2018) (noting that in order to curb abusive discovery practices, Federal Rule of Civil Procedure 37(a)(5)(B) provides that when the Court denies a motion to compel, it "must" require the movant or its attorney, or both, to pay the reasonable expenses, including attorney's fees, of the other party).

## IV. <u>DEFENDANTS' CONCLUSION</u>

Defendants respectfully request an order compelling Liu to provide full and complete responses to all Requests propounded by Defendants. To the extent that Liu has agreed in his responses to produce documents, Defendants request that this Court order him to produce them no later than two weeks from the order on this Motion. For Requests No. 8, 20, 21, 26-30, and 43-45, which Liu refused to produce documents in response to, Defendants request that this Court compel Liu to produce all responsive, non-privileged documents. Finally, Defendants respectfully request that the Court order Liu to pay Defendants' reasonable expenses in making this Motion, including attorneys' fees, and sanctions for his willful refusal to comply with Federal Rule of Civil Procedure 37 and Local Rule 37-1.

## V. <u>PLAINTIFF'S CONCLUSION</u>

Plaintiff respectfully requests that the relief which Defendants seek is unnecessary and unwarranted and accordingly be denied. As Plaintiff has represented, he has and will continue to produce on a rolling basis all responsive documents that are not protected by the attorney-client or work-product privileges. None of those documents have been or will be withheld. Plaintiff reiterates his request that Defendants meet and confer with him concerning Requests No. 8, 20, 21, 26-30, and 43-45. The Court should deny awarding Defendants' sanctions against Plaintiff.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114437083

- 37 -

1    Dated:  March 23, 2021                    Respectfully submitted,

2                                              TROUTMAN PEPPER HAMILTON
                                               SANDERS LLP
3

4                                              By:  /s/ Lauren E. Grochow
                                                   Lauren E. Grochow
5                                                  Daniel Anziska
                                                   Mackenzie L. Willow-Johnson
6
                                               Attorneys for Defendants
7                                              SMART KING LTD., JIAWEI
                                               WANG, and CHAOYING DENG
8                                              and Defendant and Counterclaimant
                                               FARADAY&FUTURE INC.
9

10
     Dated:  March 23, 2021                    Respectfully submitted,
11
                                               SEIDEN LAW GROUP, LP
12

13                                             By:  /s/ Jake Nachmani
                                                   Amiad Kushner
14                                                 Jake Nachmani

15                                             Attorneys for Plaintiff/Counter-
                                               Defendant
16                                             HONG LIU

17

18

19

20

21

22

23

24

25

26

27

28

114437083