# EXHIBIT 1

LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile: 704.998.4051

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
and Defendant and Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:20-cv- 08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF HONG LIU** |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

112761723

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

PROPOUNDING PARTY:     Defendants SMART KING LTD., JIAWEI WANG, and CHAOYING DENG and Defendant and Counterclaimant FARADAY&FUTURE INC.

RESPONDING PARTY:      Plaintiff HONG LIU

SET NO.:               ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Smart King Ltd., Jiawei Wang, Chaoying Deng and Defendant and Counterclaimant Faraday&Future Inc. (collectively, "Defendants") request that Plaintiff Hong Liu ("Liu"), in accordance with the instructions and definitions set forth herein, serve upon counsel for Defendants responses and responsive documents and things to these Requests within thirty days of service hereof.  Liu is to produce for inspection/copying at the offices of Troutman Pepper Hamilton Sanders, LLP, 5 Park Plaza, Suite 1400, Irvine, California 92614-2545, all documents and other tangible things responsive to the following requests that are in Liu's possession, custody, and control or wherever located, unless otherwise agreed to by counsel for the parties.

If any materials are withheld from production based on a claim of privilege, please list the following for each item claimed to be privileged:  (a) a brief description of the nature and contents of the matter claimed to be privileged; (b) the name, occupation and capacity of the individual(s) from whom the alleged privileged matter was directed; (c) the date the item bears; and (d) the privilege claimed.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to this Request for Production of Documents:

1.     The terms "YOU," "YOUR" and "LIU" shall mean and refer to Plaintiff Hong Liu and his agents, employees, representatives, attorneys or anyone

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

else acting on his behalf.

2.     The term "FF" shall mean and refer to Defendant and Counterclaimant Faraday&Future Inc. and all of its agents, employees, representatives, or anyone else acting on its behalf.

3.     The term "SMART KING" shall mean and refer to Defendant Smart King Ltd. and all of its agents, employees, representatives, or anyone else acting on its behalf.

4.     The term "COMPLAINT" refers to the Complaint filed by LIU on January 3, 2020 in the United States District Court for the Southern District of New York, Case No. 1:20-cv-00019 and transferred to the above-captioned matter on September 9, 2020.

5.     The terms "PERSON" or "PERSONS" means both natural persons and entities including, but not limited to, corporations, general and limited partnerships, limited liability companies, joint ventures, sole proprietorships, unincorporated or voluntary associations, trusts, estates, and any public or governmental entities, agencies, departments, bureaus and boards.

6.     The terms "DOCUMENT" or "DOCUMENTS" shall be understood to apply to any tangible or intangible record or communication, including electronically stored information, and shall include, without limitation, any kind of written, typewritten, printed, recorded or reproduced material whatsoever, including, without limitation, COMMUNICATIONS, calendars, diaries, journals, notes, memoranda, letters, emails, instant messages, texting messages, blogs, internet or social media postings, reports, summaries, financial statements, police reports, and other financial records, microfilms, photographs, publications, contracts, recordings, information on computer disks, information on computer hard drives, e-mails, electronic media, transcriptions of recordings and business records. The terms "DOCUMENT" or "DOCUMENTS" shall also include, without limitation, originals, duplicates, all file copies, all other copies (with or without

notes or changes thereon) no matter how prepared, drafts, working papers, routing slips and similar materials.  The terms "DOCUMENT" or "DOCUMENTS" shall also include any file or other container holding, or which at any time held, any document, as well as any writing or other COMMUNICATION that appears or appeared on or affixed to such file or container.

7.      The terms "COMMUNICATION" or "COMMUNICATIONS" means the transmission, whether orally, electronically, or in writing, by any means of a word, statement, fact, thing, idea, document, instruction, demand or question, and include any documents which abstract, digest, transcribe or record any such communication.

8.      The terms "REFLECTING" or "RELATING TO" shall be construed in the broadest sense to mean consisting of, referring to, pertaining to, reflecting, constituting, identifying, memorializing, mentioning, evidencing, constituting, or otherwise relevant to, in any way, in whole or in part, the subject matter referred to in the request.

9.      The term "EVERGRANDE TRANSACTION" means and refers to the transaction that FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King Ltd. entered into in November 2017 with Evergrande Health Industry Group Ltd. to fund FF's efforts to develop FF's flagship vehicle, the FF91.  This is the same transaction referenced in paragraph 35 of YOUR COMPLAINT.

10.     The term "JIA" refers to Jia Yueting, FF's former Chief Executive Officer.

11.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun used, and vice versa; the use of the feminine form of a pronoun includes within its meaning the masculine form of the pronoun used, and vice versa; and the use of any tense of any verb includes within its meaning all other tenses of the verb used.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

12.     Whenever used herein, "and" shall be understood to mean "or" and vice versa, whenever such construction results in a broader request for information.

13.     If YOU object to any Request for Production in any part, YOU shall respond fully to the extent not objected to, and shall set forth specifically the grounds upon which the objection is based.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF "fraudulently induc[ed]" YOU to accept employment at FF.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO the EVERGRANDE TRANSACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS supporting YOUR contention that FF "wrongfully terminated" YOUR employment as alleged in paragraph 1 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF owes YOU equity securities "worth over $100 million."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS REFLECTING any "steps" YOU took to "ensure Faraday's compliance with applicable law," as alleged in paragraph 5 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU for "other compensatory damages" as alleged in paragraph 6 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   for punitive damages as alleged in paragraph 6 of YOUR COMPLAINT.

2   **REQUEST FOR PRODUCTION NO. 8:**

3       Copies of YOUR federal and state income tax returns, both personal and

4   business, with accompanying work-sheets, including, but not limited to, Forms

5   1099, K-I, W-2, W-4, estimated tax forms, extension requests, and any other

6   supporting documents since April 15, 2008.

7   **REQUEST FOR PRODUCTION NO. 9:**

8       All DOCUMENTS REFLECTING YOUR alleged efforts to "draft[] . . .

9   policies on technology and intellectual property protection" of FF between

10  February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

11  **REQUEST FOR PRODUCTION NO. 10:**

12      All DOCUMENTS REFLECTING YOUR alleged efforts to "implement[]

13  policies on technology and intellectual property protection" of FF between

14  February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

15  **REQUEST FOR PRODUCTION NO. 11:**

16      All DOCUMENTS REFLECTING YOUR alleged efforts to "oversee[] a

17  wide range of sensitive regulatory and compliance matters" of FF between February

18  and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

19  **REQUEST FOR PRODUCTION NO. 12:**

20      All DOCUMENTS REFLECTING YOUR alleged efforts to "build[] up the

21  legal team" of FF between February and October of 2018 as alleged in paragraph

22  63 of YOUR COMPLAINT.

23  **REQUEST FOR PRODUCTION NO. 13:**

24      All DOCUMENTS REFLECTING YOUR efforts to "strengthen and update"

25  FF's "human resources policies" as alleged in paragraph 70 of YOUR

26  COMPLAINT.

27  **REQUEST FOR PRODUCTION NO. 14:**

28      All DOCUMENTS REFLECTING YOUR efforts to "investigate

complaints" as alleged in paragraph 71 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS REFLECTING any legal advice or counsel provided from YOU to FF during YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS supporting YOUR contention that YOU "suggested . . . that Mr. Jia should consider stepping back" from his responsibilities at FF as alleged in paragraph 77 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO YOUR allegation that YOU were told not to "take action" against FF following YOUR termination as alleged in paragraph 87 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any attempt to gain entry to YOUR California residence without YOUR consent as alleged in paragraphs 91 and 92 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS supporting YOUR allegation that the termination of YOUR employment at FF "severely impacted [YOUR] health, causing physical injury and emotional distress" as alleged in paragraph 93 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all of DOCUMENTS REFLECTING any vacation, traveling, or trip YOU have taken since February 1, 2018 through the filing of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all of DOCUMENTS YOU posted on social media between February 1, 2018 through the filing of YOUR COMPLAINT.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS supporting YOUR allegation that FF has caused damage upon YOUR "career and earnings prospects" as alleged in paragraph 100 in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR inability to obtain employment at "any major law firm" as alleged in paragraph 102 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting YOUR "work responsibilities," as used in paragraph 133 of YOUR COMPLAINT, throughout YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS supporting YOUR contention that YOUR "work responsibilities were reduced dramatically . . . in violation of public policy" as alleged in paragraph 133 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS REFLECTING any medical treatment that YOU sought or received during YOUR employment at FF.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS REFLECTING any treatment for any physical health injury that YOU received during or after YOUR employment at FF.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS REFLECTING any medical treatment sought or received as a result of the "humiliation, mental anguish, as well as physical injury" that YOU allege in paragraph 138 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS REFLECTING medical treatment YOU have sought or received, of any kind or nature, including, but not limited to, therapy, counseling, psychiatric consultation or treatment and/or for alcoholism, emotional or mental

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

disorders, or drug abuse since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS sufficient to identify all treating physicians, therapist, psychiatrists, or other medical professionals YOU have sought or received treatment from since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO any effort made by YOU to procure capital funding for FF.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and any potential source of capital funding.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between YOU and any potential source of capital funding RELATING TO FF.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and The Blackstone Group Inc.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and The Blackstone Group Inc. RELATING TO FF.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and Goldman Sachs Group, Inc.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS between YOU and Goldman Sachs Group, Inc. RELATING TO FF.

**REQUEST FOR PRODUCTION NO. 38:**

All COMMUNICATIONS between YOU and FF RELATING TO any effort

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

by FF to proceed an initial public offering.

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS REFLECTING any advice YOU provided to FF regarding an initial public offering.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO any litigation to which FF was a party during YOUR employment at FF.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation matter between EVelozcity, Inc. and FF's former executives that arose during YOUR employment at FF.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS REFLECTING any legal work YOU performed including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation arising from the EVERGRANDE TRANSACTION.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS REFLECTING any effort made by YOU to gain employment following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS REFLECTING any solicitation of employment by any employer to YOU following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS REFLECTING any offers of employment declined by YOU following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS between YOU and any Defendant prior to YOU starting YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 47:**

All COMMUNICATIONS between YOU and FF RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and Smart King Ltd., dated January 25, 2018.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and SMART KING, dated January 25, 2018.

**REQUEST FOR PRODUCTION NO. 49:**

All COMMUNICATIONS between YOU and FF RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

**REQUEST FOR PRODUCTION NO. 51:**

All COMMUNICATIONS between YOU and any Defendant RELATING TO the substance of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 52**:

All COMMUNICATIONS that YOU forwarded from YOUR former email address, henry.liu@ff.com, to YOUR personal email address RELATING TO the substance of YOUR COMPLAINT.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Dated:  January 29, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: _____
Lauren E. Grochow
Daniel Anziska
Mackenzie L. Willow-Johnson

Attorneys for Defendants
SMART KING LTD., JIAWEI
WANG, and CHAOYING DENG
and Defendant and Counterclaimant
FARADAY&FUTURE INC.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

112761723

11

1

## **PROOF OF SERVICE**

2     I, Felisa H. Lybarger, declare:

3     I am a citizen of the United States and employed in Orange County, CA.  I am over the

4 age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400,

5 Irvine, CA  92614-2545.

6     On January 29, 2021, I served the following document(s) described as:

7 **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE) TO PLAINTIFF HONG LIU**

8

9     ☐  **BY MAIL**: I am readily familiar with the firm's practice of collection and
processing correspondence for mailing. Under that practice it would be deposited

10 with U.S. postal service on that same day with postage thereon fully prepaid at
Irvine, CA, in the ordinary course of business. I am aware that on motion of the

11 party served, service is presumed invalid if postage cancellation date or postage
meter date is more than one day after date of deposit for mailing in affidavit.

12

13     ☐  **BY OVERNIGHT MAIL**: I am readily familiar with the firm's practice of
collection and processing correspondence for overnight mailing. Under that

14 practice, it would be deposited with overnight mail on that same day prepaid at
Irvine, CA in the ordinary course of business.

15     ☒  **BY ELECTRONIC MAIL**: Based on a court order or an agreement of the parties

16 to accept service by e-mail or electronic transmission, I caused the documents to be
sent to the persons at the e-mail addresses, as last given or submitted on any

17 document which he or she has filed in the case, listed on the attached service list.

18 On the following parties:

19     *SEE ATTACHED SERVICE LIST*

20     I declare that I am employed in the office of a member of the bar of this court at whose

21 direction the service was made.  Executed on January 29, 2021, at Irvine, CA.

22

23                                        _Felisa H. Lybarger_

24     _____
                          Felisa H. Lybarger

25

26

27

28

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

113067558

1

## <u>SERVICE LIST</u>

| | |
|---|---|
| Benjamin Taylor<br>THE LAW OFFICES OF BENJAMIN TAYLOR<br>A Professional Corporation<br>1880 Century Park East, Suite 714<br>Los Angeles, CA 90067<br>Email:  btaylor@taylorlawfirmpc.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |
| Amiad Kushner<br>Jake Nachmani<br>Seiden Law Group, LLP<br>469 Seventh Avenue, 5thFl.<br>New York, NY 10018<br>Email: akushner@seidenlegal.com<br>        jnachmani@seidenlegal.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |

# EXHIBIT 2

Benjamin Taylor (SBN: 240636)
btaylor@taylorlawfirmpc.com
THE LAW OFFICES OF BENJAMIN TAYLOR
A Professional Corporation
1880 Century Park East, Suite 714
Los Angeles, CA 90067
Telephone:  (310) 201 – 7600
Facsimile:   (310) 201 – 7601

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
jnachmani@seidenlawgroup.com
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Telephone:  (646) 766 – 1914
Facsimile:   (646) 304 – 5277

*Attorneys for Plaintiff/Counter-Defendant,*
*Hong Liu*

# UNITED STATES DISTRICT COURT FOR
# THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>        Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG<br><br>        Defendants. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**PLAINTIFF HONG LIU'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| FARADAY&FUTURE INC.,<br><br>        Counterclaimant,<br><br>v.<br><br>HONG LIU,<br><br>        Counter-Defendant. | |

1

1   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

2   Hong Liu ("Plaintiff" or "Liu"), through his undersigned counsel, hereby responds to

3   the First Set of Requests for Production of Documents propounded by Defendants

4   Faraday&Future Inc., Smart King Ltd., Jiawei Wang, and Chaoying Deng (collectively,

5   "Defendants") as follows:

## PRELIMINARY STATEMENT

7   The following responses are based upon information presently available to

8   Plaintiff and that Plaintiff believes to be correct.  The responses are made without

9   prejudice to Plaintiff's right to utilize subsequently discovered facts or information. The

10  objections asserted by Plaintiff below are asserted in good faith, based upon its counsel's

11  evaluation of Plaintiff's discovery obligations under applicable law.  To the extent any

12  disputes arise regarding the objections or responses herein, counsel for Plaintiff remain

13  willing to confer with Defendants' counsel in an effort to resolve any disputes. These

14  objections and responses are based upon the information presently available to Plaintiff,

15  and Plaintiff expressly reserves the right to (i) revise, correct, supplement, amend,

16  modify, or clarify its responses as additional information is discovered in accordance

17  with the applicable rules; (ii) provide additional responsive information; (iii) object to

18  further discovery in this case; (iv) rely upon any information provided in this case,

19  including, without limitation, in any hearing, proceeding, or trial in this case; and (v)

20  challenge the authenticity or admissibility of any information in any hearing,

21  proceeding, or trial.  This preliminary statement is incorporated into each of the

22  responses below.

23  Moreover, Plaintiff will be sending a draft protective order to Defendants'

24  counsel.  Plaintiff respectfully requests that Defendants promptly review the draft

25  protective order so that document production in this matter can begin expeditiously.

26

27

28

## **GENERAL OBJECTIONS**

The following general objections apply to the Requests and are incorporated by reference into each and every response hereinafter stated as if set forth in full therein.

1.     Plaintiff objects to the Requests to the extent they purport to require Plaintiff to produce or provide information, documents, or any other discovery that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other legally-recognized privilege, immunity, or exemption (collectively, "Privileged Information").  Privileged Information will not be knowingly disclosed.  Any disclosure of Privileged Information in response to any Request is inadvertent and not intended to waive any privileges or protections.  Plaintiff reserves the right to demand that Defendant return or destroy any Privileged Information inadvertently produced, including all copies and summaries thereof.

2.     Plaintiff objects to the Requests on the grounds and to the extent that they call for information: (i) that is protected by any privilege or protection, including the attorney-client privilege and the attorney work product doctrine; (ii) that was prepared in anticipation of litigation; (iii) that is a trade secret or proprietary information; (iv) that is otherwise protected from disclosure under any statutory or common law.  Nor shall inadvertent production or disclosure waive Plaintiff's rights to object to the information and/or document during this action or in any other proceeding.  Plaintiff claims all such privileges and invokes all such protections.

3.     Plaintiff objects to the Requests on the grounds and to the extent that they seek information that contains confidential and/or private information of a third party, the confidential and/or private information of Plaintiff, or the joint confidential and/or private information of Plaintiff and a third party.

4.     Plaintiff objects to the Requests on the grounds and to the extent that they seek information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

3

1    discovery in resolving the issues, and the burden or expense of the information sought.

2        5.    Plaintiff objects to the Requests on the grounds and to the extent that they

3    seek information that is equally available to Defendant or is in the public record,

4    because such requests are unduly burdensome and oppressive and cause Plaintiff

5    unnecessary burden and expense.

6        6.    Plaintiff objects to the Requests on the grounds and to the extent that they

7    seek information that is not within Plaintiff's possession, custody, or control.

8        7.    Plaintiff objects to the Requests on the grounds and to the extent that they

9    seek information that is neither relevant to the subject matter of the pending proceeding

10   nor reasonably calculated to lead to discovery of admissible evidence.

11       8.    Plaintiff objects to the Requests on the grounds and to the extent that they

12   seek information that they are designed to cause undue annoyance, harassment, or

13   oppression.

14       9.    Plaintiff objects to the Requests on the grounds and to the extent that they

15   are overly broad as to the subject matter, time, or otherwise.

16       10.   Plaintiff objects to the Requests on the grounds and to the extent that they

17   are vague or ambiguous or both, and, as such, would require Plaintiff to speculate as to

18   the meaning of the Requests.

19       11.   Plaintiff objects to the Requests on the grounds and to the extent that they

20   seek information protected by Plaintiff's constitutional privacy rights.

21       12.   These Responses are submitted subject to and without waiving or

22   intending to waive the Preliminary Statement and General Objections set forth herein.

23       13.   Any statement that Plaintiff will produce documents in response to any of

24   these Requests is not an admission that the documents exist or are in the possession,

25   custody, or control of Plaintiff, but rather, an agreement that Plaintiff will undertake a

26   good faith search for and produce responsive, non-privileged documents.

27

28

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF "fraudulently induc[ed]" YOU to accept employment at FF.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO the EVERGRANDE TRANSACTION.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request

5

on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS supporting YOUR contention that FF "wrongfully terminated" YOUR employment as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is

6

confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF owes YOU equity securities "worth over $100 million."

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS REFLECTING any "steps" YOU took to "ensure Faraday's compliance with applicable law," as alleged in paragraph 5 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU for "other compensatory damages" as alleged in paragraph 6 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request

8

on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.   Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU for punitive damages as alleged in paragraph 6 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is

9

confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Copies of YOUR federal and state income tax returns, both personal and business, with accompanying work-sheets, including, but not limited to, Forms 1099, K-I, W-2, W-4, estimated tax forms, extension requests, and any other supporting documents since April 15, 2008.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and entirely irrelevant to the subject matter of this action.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "draft[] . . . policies on technology and intellectual property protection" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

10

**RESPONSE TO REQUENT NO. 9:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "implement[] policies on technology and intellectual property protection" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the

11

extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "oversee[] a wide range of sensitive regulatory and compliance matters" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the

12

1  public record, and therefore causes Plaintiff unnecessary burden and expense.

2      Subject to and without waiving the aforementioned objections, upon the entry of

3  an appropriate protective order by the Court, Plaintiff will produce non-privileged,

4  responsive documents (if any) within his possession, custody, or control.

5  **REQUESTS FOR PRODUCTION NO. 12:**

6      All DOCUMENTS REFLECTING YOUR alleged efforts to "build[] up the legal

7  team" of FF between February and October of 2018 as alleged in paragraph 63 of

8  YOUR COMPLAINT.

9  **RESPONSE TO REQUEST NO. 12:**

10     Plaintiff objects to this request on the basis that it is overbroad, unduly

11 burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it

12 is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis

13 that Defendant seeks documents and information that may be shielded by the attorney-

14 client and/or attorney work product privileges.  Plaintiff objects to this request to the

15 extent that the documents and/or information sought is not within Plaintiff's custody,

16 possession, or control.  Plaintiff objects to the request to the extent it is not reasonably

17 calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this

18 request as it seeks information shielded by the privacy right and privileges of third

19 parties.  Plaintiff objects to this request as it seeks information that is confidential to

20 Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to

21 the extent that it seeks information that is equally available to Defendants or is in the

22 public record, and therefore causes Plaintiff unnecessary burden and expense.

23     Subject to and without waiving the aforementioned objections, upon the entry of

24 an appropriate protective order by the Court, Plaintiff will produce non-privileged,

25 responsive documents (if any) within his possession, custody, or control.

26 **REQUEST FOR PRODUCTION NO. 13:**

27     All DOCUMENTS REFLECTING YOUR efforts to "strengthen and update"

28 FF's "human resources policies" as alleged in paragraph 70 of YOUR COMPLAINT.

13

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS REFLECTING YOUR efforts to "investigate complaints" as alleged in paragraph 71 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within

14

Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS REFLECTING any legal advice or counsel provided from YOU to FF during YOUR employment with FF.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden

15

1  and expense.

2  Subject to and without waiving the aforementioned objections, upon the entry of

3  an appropriate protective order by the Court, Plaintiff will produce non-privileged,

4  responsive documents (if any) within his possession, custody, or control.

5  **REQUEST FOR PRODUCTION NO. 16:**

6  All DOCUMENTS supporting YOUR contention that YOU "suggested . . . that

7  Mr. Jia should consider stepping back" from his responsibilities at FF as alleged in

8  paragraph 77 of YOUR COMPLAINT.

9  **RESPONSE TO REQUEST NO. 16:**

10  Plaintiff objects to this request on the basis that it is overbroad, unduly

11  burdensome, and vague as to scope and time.  Plaintiff objects to this request on the

12  basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request

13  on the basis that Defendant seeks documents and information that may be shielded by

14  the attorney-client and/or attorney work product privileges.  Plaintiff objects to this

15  request to the extent that the documents and/or information sought is not within

16  Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent

17  it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

18  objects to this request as it seeks information shielded by the privacy right and privileges

19  of third parties.   Plaintiff objects to this request as it seeks information that is

20  confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the

21  grounds and to the extent that it seeks information that is equally available to

22  Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden

23  and expense.

24  Subject to and without waiving the aforementioned objections, upon the entry of

25  an appropriate protective order by the Court, Plaintiff will produce non-privileged,

26  responsive documents (if any) within his possession, custody, or control.

27

28

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO YOUR allegation that YOU were told not to "take action" against FF following YOUR termination as alleged in paragraph 87 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any attempt to gain entry to YOUR California residence without YOUR consent as alleged in paragraphs 91 and 92 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this request on the basis that it is overbroad, unduly

burdensome, and vague as to scope and time.  Plaintiff objects to this request on the

basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request

on the basis that Defendant seeks documents and information that may be shielded by

the attorney-client and/or attorney work product privileges.  Plaintiff objects to this

request to the extent that the documents and/or information sought is not within

Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent

it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

objects to this request as it seeks information shielded by the privacy right and privileges

of third parties.  Plaintiff objects to this request as it seeks information that is

confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the

grounds and to the extent that it seeks information that is equally available to

Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden

and expense.

Subject to and without waiving the aforementioned objections, upon the entry of

an appropriate protective order by the Court, Plaintiff will produce non-privileged,

responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS supporting YOUR allegation that the termination of YOUR

employment at FF "severely impacted [YOUR] health, causing physical injury and

emotional distress" as alleged in paragraph 93 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this request on the basis that it is overbroad, unduly

burdensome, and vague as to scope and time.  Plaintiff objects to this request on the

basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request

on the basis that Defendant seeks documents and information that may be shielded by

the attorney-client and/or attorney work product privileges.  Plaintiff objects to this

request to the extent that the documents and/or information sought is not within

Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent

18

1  it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

2  objects to this request as it seeks information protected by Plaintiff's constitutional

3  privacy rights.

4      Subject to and without waiving the aforementioned objections, upon the entry of

5  an appropriate protective order by the Court, Plaintiff will produce non-privileged,

6  responsive documents (if any) within his possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 20:**

8      Copies of all of DOCUMENTS REFLECTING any vacation, traveling, or trip

9  YOU have taken since February 1, 2018 through the filing of YOUR COMPLAINT.

10  **RESPONSE TO REQUEST NO. 20:**

11      Plaintiff objects to this request on the basis that it is overbroad, unduly

12  burdensome, entirely irrelevant to the subject matter of this action, and vague as to

13  scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs

14  of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents

15  and information that may be shielded by the attorney-client and/or attorney work

16  product privileges.  Plaintiff objects to this request to the extent that the documents

17  and/or information sought is not within Plaintiff's custody, possession, or control.

18  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the

19  discovery of admissible evidence.  Plaintiff objects to this request as it seeks

20  information shielded by the privacy right and privileges of third parties.  Plaintiff

21  objects to this request as it seeks information that is confidential to Plaintiff and/or to

22  third parties.

23      Plaintiff is willing to meet and confer with Defendants in order to understand

24  whether there is any legitimate basis for this request.

25  **REQUEST FOR PRODUCTION NO. 21:**

26      Copies of all of DOCUMENTS YOU posted on social media between February

27  1, 2018 through the filing of YOUR COMPLAINT.

28

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, entirely irrelevant to the subject matter of this action, and vague as to scope. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff is willing to meet and confer with Defendants in order to understand whether there is any legitimate basis for this this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS supporting YOUR allegation that FF has caused damage upon YOUR "career and earnings prospects" as alleged in paragraph 100 in YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent

20

it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR inability to obtain employment at "any major law firm" as alleged in paragraph 102 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order by the Court, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting YOUR "work responsibilities," as used in paragraph 133 of YOUR COMPLAINT, throughout YOUR employment with FF.

21

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS supporting YOUR contention that YOUR "work responsibilities were reduced dramatically . . . in violation of public policy" as alleged in paragraph 133 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this

22

request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request to the extent that it seeks information that is equally available to Defendants or is in the public record and therefore is unduly burdensome and expensive.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS REFLECTING any medical treatment that YOU sought or received during YOUR employment at FF.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

23

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS REFLECTING any treatment for any physical health injury that YOU received during or after YOUR employment at FF.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS REFLECTING any medical treatment sought or received as a result of the "humiliation, mental anguish, as well as physical injury" that YOU allege in paragraph 138 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within

24

Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS REFLECTING medical treatment YOU have sought or received, of any kind or nature, including, but not limited to, therapy, counseling, psychiatric consultation or treatment and/or for alcoholism, emotional or mental disorders, or drug abuse since January 1, 2007.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS sufficient to identify all treating physicians, therapist, psychiatrists, or other medical professionals YOU have sought or received treatment from since January 1, 2007.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO any effort made by YOU to procure capital funding for FF.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to

26

Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and any potential source of capital funding.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between YOU and any potential source of capital

27

funding RELATING TO FF.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and The Blackstone Group Inc.

**RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this

28

request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and The Blackstone Group Inc. RELATING TO FF.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to

Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and Goldman Sachs Group, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS between YOU and Goldman Sachs Group, Inc. RELATING TO FF.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38:**

All COMMUNICATIONS between YOU and FF RELATING TO any effort by FF to proceed an initial public offering.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request

31

on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS REFLECTING any advice YOU provided to FF regarding an initial public offering.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is

confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO any litigation to which FF was a party during YOUR employment at FF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive

33

documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation matter between EVelozcity, Inc. and FF's former executives that arose during YOUR employment at FF.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS REFLECTING any legal work YOU performed including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation arising from the EVERGRANDE TRANSACTION.

34

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS REFLECTING any effort made by YOU to gain employment following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within

35

Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS REFLECTING any solicitation of employment by any employer to YOU following the end of YOUR employment with FF.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS REFLECTING any offers of employment declined by YOU following the end of YOUR employment with FF.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to this request on the basis that it is overbroad, unduly

36

burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff is willing to meet and confer with Defendants in order to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS between YOU and any Defendant prior to YOU starting YOUR employment with FF.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to

37

Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 47:**

All COMMUNICATIONS between YOU and FF RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and Smart King Ltd., dated January 25, 2018.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and SMART KING, dated January 25, 2018.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 49:**

All COMMUNICATIONS between YOU and FF RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to this request on the basis that it is overbroad, unduly

39

burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

**RESPONSE TO REQUEST NO. 50:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent

40

it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 51:**

All COMMUNICATIONS between YOU and any Defendant RELATING TO the substance of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS that YOU forwarded from YOUR former email address, henry.liu@ff.com, to YOUR personal email address RELATING TO the substance of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Subject to and without waiving the aforementioned objections, upon the entry of an appropriate protective order, Plaintiff will produce non-privileged, responsive documents (if any) within his possession, custody, or control.

DATED:  February 16, 2021

THE LAW OFFICES OF BENJAMIN TAYLOR
A Professional Corporation


By:    /s/ Benjamin Taylor
       BENJAMIN TAYLOR
       Attorney for Plaintiff/Counter-Defendant
       HONG LIU

# PROOF OF SERVICE

I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

On February 16, 2021, I served the foregoing document(s) described as: **PLAINTIFF HONG LIU'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS**

\_\_\_\_ **BY MAIL** I placed the above document(s) in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_X\_\_ **BY ELECTRONIC MAIL** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

\_\_\_\_ **BY OVERNIGHT DELIVERY** I placed the above document(s) in a sealed envelope and placed it for deposit with Golden State Overnight, prepaid for next day delivery, addressed as set forth below.

\_\_\_\_ **BY FACSIMILE** I transmitted the above document(s) by facsimile transmission to the fax number(s) set forth below on this date before 5:00 p.m., and received confirmed transmission reports indicating that the document(s) were successfully transmitted.

Lauren E. Grochow                          **Attorneys for Defendants**
Mackenzie Willow-Johnson
Troutman Pepper Hamilton
Sanders LLP
5 Park Plaza, Suite 1400,
Irvine, California 92614

1

2

    I declare under penalty of perjury under the laws of the States of New York and California that the above is true and correct.

3

4

    Executed on February 16, 2021, at New York, New York.

5

6

7

                                    /s/ Jake Nachmani
                                    Jake Nachmani

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545



troutman.com

**Lauren E. Grochow**
lauren.grochow@troutman.com

February 24, 2021

**E-MAIL**

Jake Nachmani
Amiad Kushner
Andrew Sklar
Seiden Law Group LLP
469 Seventh Ave., 5th FL
New York, NY 10018

**Re:**   *Hong Liu v. Faraday&Future Inc, et al.*, Case No. 2:20-cv-08035-SVW-JPR

Dear Counsel:

We write to address Plaintiff and Counter-Defendant Hong Liu's ("Liu") February 16, 2021 responses to Defendants Faraday&Future Inc. ("FF"), Smart King Ltd., Jiawei Wang, and Chaoying Deng's (collectively, "Defendants") First Set of Requests for Production (the "Requests").  As detailed below, Liu's response to each request is deficient, requiring that Liu provide amended responses immediately.

**Issue 1: Liu's Boilerplate Responses Fail to Comply with the Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 34(b)(2)(B) requires that objections to requests for production be stated with "specificity."  Fed. R. Civ. P. 34(b)(2)(B).  The responding party, therefore, cannot make boilerplate objections, but rather must tailor objections as appropriate to each request. *See Reinsdorf v. Sketchers U.S.A., Inc.*, No. CV 10-7181-DDP(SSx), 2013 WL 12116416, at *10 (C.D. Cal. Sept. 9, 2013) ("Boilerplate objections are an improper response to discovery requests . . . ."); *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) ("Boilerplate objections to a request for a production are not sufficient."); *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("As an initial matter, general or boilerplate objections . . . are improper.").  Liu asserts the following boilerplate objections in response to each of FF's requests:

1. That FF's requests are "overbroad, unduly burdensome, and vague as to scope and time."

2. That FF "seeks documents that may be shielded by attorney-client and/or attorney work product privileges."



3. That the "documents and/or information sought is not within Plaintiff's custody, possession, or control."

4. That FF's requests are "not reasonably calculated to lead to the discovery of admissible evidence."

5. That FF's requests seek "information shielded by the privacy right and privileges of third parties."

6. That FF's requests seek "information that is confidential to Plaintiff and/or to third parties."

Not one of these objections provides any specificity as to Liu's basis for that objection. Therefore, Liu must withdraw his boilerplate objections and instead only assert specific objections when appropriate.

**Issue 2: Liu's Responses Imply That he is Improperly Withholding Documents Without Specifying What he is Withholding**

Federal Rule of Civil Procedure 34(b)(2)(C) requires that the responding party, when asserting an objection, state specifically "whether any responsive materials are being withheld on the basis of that objection." In response to Request Nos. 1-7, 9-19, 22-25, 31-42, 46-52, Liu asserts that he will produce responsive documents "subject to" his objections. This qualifier infers that Liu may be withholding documents on the basis of his boilerplate objections. However, Liu fails to identify what, if anything, is being withheld and on what basis. Accordingly, Liu's responses fail to comply with Federal Rule of Civil Procedure 34(b)(2)(C) and he must provide amended responses immediately.

**Issue 3: Liu's Refusal to Respond to Request No. 8, Seeking Documents Related to his Current and Past Financial Condition is Baseless and Improper**

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). Information is relevant when it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401.

Information regarding Liu's financial condition is relevant because it tends to prove or disprove the amount of damages, if any, that he suffered because of any alleged fraud committed by FF. *See Sater v. Chrysler Grp. LLC*, No. EDCV 14-00700-VAP(DTBx), 2016 WL 3136196, at *2 (C.D. Cal. Mar. 4, 2016) ("By alleging lost business profits, plaintiffs have placed their financial information at issue, and thereby made their tax returns relevant for the purposes of discovery.").



Liu claims that he was at the "pinnacle of success" of his career just before joining FF. Complaint, at ¶ 27.  He also claims his compensation at Mayer Brown in 2017 was $1.35 million.  *Id.*, at ¶ 25.  Thus, to assess Liu's purported damages suffered, FF is entitled to documents reflecting Liu's financial condition before he came to FF.  In other words, Liu's own allegations placed his financial condition directly at issue in this case, making it a proper subject of discovery.  Accordingly, with regard to Request No. 8, Defendants demand that Liu provide an amended response and produce all responsive documents immediately.

**ISSUE 4: Liu's Objections to Request Nos. 20 and 43-45, Regarding Liu's Efforts to Gain Employment Following his Termination are Directly Relevant to Liu's Claims and Defendants' Failure to Mitigate Defense**

Requests Nos. 20 and 43-45 seek information regarding Liu's efforts to gain employment following his termination from FF.  Request No. 20 seeks documents regarding vacations Liu has taken and Requests Nos. 43-45 concern information regarding employment search efforts Liu made, employment solicitations made to Liu, and employment offers declined by Liu since his termination.

Information regarding Liu's vacations is relevant because it may reflect on whether he has actively sought out employment since his termination or whether he prefers to retire or otherwise not seek employment at this time.  Thus, this information is relevant to Liu's claim for damages and Defendants' failure to mitigate defense.

Information regarding Liu's employment search efforts and offers of employment are relevant to Liu's claim for damages and FF's failure to mitigate defense because they shed light on whether FF has sought to mitigate any damages that he suffered following his termination.  *See Heard v. Costco Wholesale Corp.*, No. 219CV00673RFBDJA, 2020 WL 515841, at *2 (D. Nev. Jan. 31, 2020) ("The Court finds the request for job applications, resumes, cover letters, offer letters, employment agreements, and termination records to be relevant to Defendants' mitigation defense."); *see also Bird v. PSC Holdings I, LLC*, No. 12-CV-1528 W NLS, 2013 WL 1120659, at *2-*3 (S.D. Cal. Mar. 18, 2013) (granting the defendant's motion to compel discovery regarding the plaintiff's job search efforts on the basis that such information is relevant to a failure to mitigate defense).

Further, documents related to any employment search Liu made may reflect admissions relevant to this litigation that he made to prospective employers regarding his alleged wrongful termination.  *See Bird*, 2013 WL 1120659, at *2-*3 (granting the defendant's motion to compel discovery regarding the plaintiff's job search efforts on the basis that such information may reveal admissions relevant to the plaintiff's claims).  Accordingly, with regard to Requests Nos. 20 and 43-45, Defendants demand that Liu provide amended responses and produce all responsive documents immediately.



### Issue 5: Request No. 21 Seeking Liu's Social Media History from January 1, 2018 to the Present is Relevant to Liu's Claims and FF's Defenses in this Litigation

Liu's social media posts are relevant to this litigation because they may reflect information leading to admissible evidence relating to Liu's wrongful termination claim, Liu's damages, and FF's failure to mitigate defense.  Examples of such information, include, but are not limited to, 1) posts or comments Liu made regarding his work at FF or the reasoning for his firing, 2) any posts or comments regarding his purported mental or physical injuries, 3) information regarding his daily living conditions which he has made directly relevant to his damages claim, 4) vacations that he took since his firing, and 5) any comments that he has made regarding any effort he has made to obtain future employment.  Thus, Liu's social media history is relevant and discoverable.

Further, Defendants' request for just over three years of Liu's social media history is not overbroad or unduly burdensome.  *See Dewidar v. Nat'l R.R. Passenger Corp.*, No. 17CV62-CAB(RBB), 2018 WL 280023, at *5 (S.D. Cal. Jan. 3, 2018) (requiring production of "[a]ll [the plaintiff's] social media data . . . from January 12, 2015, to the present": a nearly three-year period).  Thus, regarding Request No. 21, Defendants demand that Liu provide an amended response and produce all responsive documents immediately.

### ISSUE 6: Liu's Refusal to Respond to Request Nos. 26-30, Seeking Information Regarding Liu's Medical History is Improper as Liu has Placed his Physical and Mental Health Directly at Issue

Request Nos. 26-30 seek information regarding Liu's medical history related to his purported physical and emotional injuries suffered.

Requests Nos. 26-28 seek information related to care Liu received during or after his employment with FF and that he alleges was required as a result of any alleged action by Defendants. Liu alleges that Defendants caused him "humiliation, serious mental anguish, emotional and physical distress" related to his wrongful termination claim.  (Compl. ¶ 134.) Further, Liu has brought an Intentional Infliction of Emotional Distress cause of action.  (*Id.* ¶ 138.)

In both claiming physical and mental injury, Liu has placed his physical and mental condition at issue.  FF is therefore entitled to discovery regarding Liu's medical history.  *See Cabrales v. Aerotek, Inc.*, No. EDCV 17-1531-JGB-KKX, 2018 WL 2121829, at *4 (C.D. Cal. May 8, 2018) (requiring the Plaintiff to produce documents related to Plaintiff's medical and psychological treatment received within the prior ten years because Plaintiff "put her general health in issue."); *Mony Life Ins. Co. v. Marzocchi*, No. CIV S-10-2935-KJM-CKD, 2012 WL 13042548, at *1 (E.D. Cal. Apr. 6, 2012) ("Defendant has put her mental condition at issue in this litigation by making a claim for intentional infliction of emotional distress. . . .  Under these circumstances, plaintiff is entitled to discovery on issues pertaining to defendant's mental health.").

Requests No. 29 and 30 request information on Liu's medical treatment and treating physicians since 2007.  Such information remains relevant to discerning any preexisting conditions Liu had

**Jake Nachmani**
February 24, 2021
Page 5



before he allegedly suffered any injury during his employment at FF.  Again, subjects placed at issue by Liu in alleging that he was physically and emotional damaged.  Thus, with regard to Request Nos. 26-28, Defendants demand that Liu provide amended responses and produce all responses documents immediately.

Now that the parties have agreed to a protective order governing the production of confidential information, there is no need for Liu to wait for the Court to enter such an order before he produced responses documents.  Defendants will of course abide by that order while it is under submission to the Court.

In sum, Defendants request that Liu immediately produce all documents responsive to its Request and provide amended responses addressing each issue identified above.  If there are any issues that Liu would like to meet and confer regarding, please identify those issues and let us know your availability for a call.

Sincerely,

Lauren E. Grochow

# EXHIBIT 4

IT IS SO ORDERED.

DATED: _____March 12, 2021_____

_____

**STEPHEN V. WILSON**
**UNITED STATES DISTRICT JUDGE**

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>                     Plaintiff,<br><br>          v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>                     Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.  2:20-cv- 08035-SVW-JPR<br><br>Honorable Stephen v. Wilson<br><br>**ORDER GRANTING JOINT STIPULATION RE DISCOVERY AND PRE-TRIAL DATES UNDER CIVIL TRIAL PREPARATION ORDER (DKT. NO. 87)** |

114125560

Pursuant to the Court's Civil Trial Preparation Order dated February 25, 2021 (Docket Number 87) (the "Trial Preparation Order"), Defendants FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG, and Plaintiff HENRY LIU (collectively, the "Parties"), hereby submit the following stipulation regarding certain discovery and pre-trial dates:

WHEREAS, the Trial Preparation Order vacated a previously scheduled status conference and serves as the case's Rule16(b) of the Federal Rules of Civil Procedure's ("Federal Rules") scheduling order;

WHEREAS, the Trial Preparation Order was entered on February 25, 2021 and set trial for June 8, 2021;

WHEREAS, the Trial Preparation Order ordered the parties to begin discovery following that order's issuance and to conduct discovery in accord with the Federal Rules to the fullest extent possible;

WHEREAS, the Trial Preparation Order invited the parties to file a stipulation to adjust discovery deadlines as necessitated by the trial date set in the Trial Preparation Order;

WHEREAS, the Parties agree that certain discovery deadlines set by the Federal Rules require adjustment; and

WHEREAS, the Parties agree that certain other deadlines should be set forth in this joint stipulation.

WHEREAS, the Parties agree that the deadlines set forth in this joint stipulation can by modified by subsequent jointly-filed stipulations by the Parties and as so-ordered by the Court.

NOW THEREFORE, the Parties, through their respective attorneys of record, stipulate and agree to the following case dates:

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 1 -

114125560

| Event | Deadline |
|---|---|
| Last Day to Add Parties and Amend Pleadings | March 16, 2021 |
| Fact Discovery Cut-Off | April 23, 2021 |
| Last Day to Serve Initial Expert Reports | April 27, 2021 |
| Last Day to File Motions (except *Daubert* and all other Motions in Limine) | May 11, 2021 |
| Last Day to Serve Rebuttal Expert Reports | May 4, 2021 |
| Expert Discovery Cut-Off | May 18, 2021 |
| Last Day to File *Daubert* Motions and Motions in Limine | May 25, 2021 |
| Any Unresolved Discovery Disputes Must be Brought Promptly and Directly to the Attention of this Court | May 18, 2021* |
| Memoranda of Contentions of Fact and Conclusions of Law, Trial Briefs, Exhibit Lists, Witness Lists, Jury Instructions Due | June 1, 2021* |
| Three Copies of Previously-Filed Exhibit List,  Three Copies of Previously-Filed Witness, One Copy of Previously-Filed Witness' Declarations,  List Due to Courtroom Deputy Clerk | June 8, 2021 8:30 AM* |
| Trial | June 8, 2021 9:00 AM * |

* Denotes date set by Trial Preparation Order.

114125560

Dated:  March 10, 2021

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By:  /s/ Lauren E. Grochow
Lauren E. Grochow
Daniel Anziska
Mackenzie L. Willow-Johnson

Attorneys for Defendants
SMART KING LTD., JIAWEI
WANG, and CHAOYING DENG
and Defendant and Counterclaimant
FARADAY&FUTURE INC.

Dated:  March 10, 2021

FOUNDATION LAW GROUP LLP

By: /s/ Kevin D. Hughes
Kevin D. Hughes
Attorneys for Plaintiff
HONG LIU

## **ATTESTATION**

Pursuant to L.R. 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Lauren E. Grochow
Lauren E. Grochow

114125560