Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email: kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
Jnachmani@seidenlawgroup.com
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Telephone:  (646) 766-1914
Facsimile:   (646) 304-5277

*Attorneys for Plaintiff/Counter-Defendant,
Hong Liu*

# UNITED STATES DISTRICT COURT FOR
# THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FARADAY&FUTURE INC., SMART KINGLTD., JIAWEI WANG, and CHAOYING DENG<br><br>　　　　Defendants.<br><br>FARADAY&FUTURE INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br>HONG LIU,<br>　　　　Counter-Defendant. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**DISCOVERY MOTION**<br><br>**DECLARATION OF JAKE NACHMANI IN OPPOSITION TO: DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF DOCUMENTS AND FURTHER RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION, SET ONE**<br><br>Date: (Thursdays)<br>Time: 10:00 A.M.<br>Place: Courtroom 690<br>Judge: Hon. Jean P. Rosenbluth<br>Discovery Cut-Off Date: April 23, 2021<br>Pre-Trial Conference: Waived<br>Trial Date: June 8, 2021 |

I, Jake Nachmani, declare as follows:

1. I am Counsel at the law firm of Seiden Law Group LLP, which is counsel of record for Plaintiff/Counter-Defendant Hong Liu ("Plaintiff" or "Liu") in the above-captioned matter. I am admitted to practice before the courts of the State of New York, and I am admitted *pro hac vice* in this matter.

2. I submit this declaration in opposition to the Joint Stipulation Re: Defendants' Motion to Compel Plaintiff Hong Liu's Production of Documents and Further Response to Defendants' Requests for Production (Set One) (the "Motion").

3. I make this declaration based on my own personal knowledge, and, if called upon to do so, could and would testify competently thereto.

4. On January 29, 2021, defendants Smart King Ltd. ("Smart King"), Jiawei Wang, and Chaoying Deng and Defendant and Counterclaimant Faraday&Future Inc. ("FF," and collectively "Defendants") served their Requests for Production, Set One ("Requests") on Plaintiff, consisting of 53 requests for production.

5. On February 11, 2021, Plaintiff served Defendants with Plaintiff's Requests for Production of Documents (First Set), Interrogatories, and Requests for Admission.

6. On February 16, 2021, by email counsel for Plaintiff served Plaintiff's Responses and Objections to Defendants' Requests and informed Defendants that Plaintiff's counsel was interested in scheduling a meet and confer to discuss Plaintiff's responses and forthcoming productions. That email is attached hereto as **Exhibit 1**.

7. On February 19, 2021 and pursuant to Local Rule 7-3, I emailed Defendants' counsel informing them that Plaintiff intended to file a motion to dismiss FF's Amended Counterclaim (ECF 83) ("Amended Counterclaim").

8. On February 26, 2021, Defendants served Plaintiff with their Second Set of Requests for Production of Documents, consisting of 30 document requests. Defendants

also served Plaintiff with Interrogatories (Set One).  By that date, Defendants had served Plaintiff with a total of 83 requests for production.

9. The parties agreed to discuss the potential merits of Plaintiff's potential motion to dismiss the Amended Counterclaim on a conference call that was scheduled for March 2, 2021.

10. On March 2, 2021, the parties held that conference call during which I set forth the various bases for Plaintiff's to-be-filed motion to dismiss the Amended Counterclaim.  During that call, I also represented that Plaintiff would be producing documents pursuant to Defendants' Requests in the near future – and would continue to make productions on a rolling basis.  Topics discussed during the March 2, 2021 conference call were memorialized in an email dated that day and attached hereto as **Exhibit 2**.

11. On March 9, 2021 and as discussed during the March 2, 2021 conference call, Plaintiff produced his first round of documents responsive to Defendants' Requests. That production consisted of 125 documents, comprised of 1174 pages.

12. On March 10, 2021 and in connection with a meet and confer concerning Plaintiff's noticed 30(b)(6) deposition of Smart King, I confirmed to Defendants' counsel that Plaintiff would be making additional document productions; Defendants' counsel could not provide me with dates by which they would be producing documents pursuant to Plaintiff's Requests for Production of Documents (First Set).  The contents of that conversation were memorialized in an email dated, March 11, 2021 and attached hereto as **Exhibit 3**.

13. On March 15, 2021, having not heard back from Defendants' counsel concerning the timing of Defendants' document production, I emailed Defendants' counsel to inquire as to when Defendants would produce documents and whether their productions would be done on a rolling basis, attached hereto as **Exhibit 4**.

14. Later on March 15, 2021, Defendants made their first and only production to date. That production consisted of only 116 documents, comprised of merely 418 pages. To date, Defendants have never confirmed whether they would be making any additional productions of documents.

15. On March 18, 2021, Plaintiff served Defendants with their Amended Responses and Objections to Defendants' Requests for Production of Documents ("Amended Responses"). In the Amended Responses, Plaintiff's counsel represented (and confirmed what Plaintiff had represented in his initial Responses) that Plaintiff would be producing documents responsive to 42 of Defendants' 53 Requests and wanted to meet and confer as to the remaining eleven Requests. In the Amended Responses, Plaintiff's counsel also represented that Plaintiff was not and would not withhold any responsive documents that were not protected by the attorney-client or work-product privileges. In an email attaching the Amended Responses, I reiterated those same representations and stated that Plaintiff would continue to make document productions on a rolling basis. The Amended Responses are attached hereto as **Exhibit 5**. The email attaching the Amended Responses is attached hereto as **Exhibit 6**.

16. Plaintiff's counsel represents that, as to any documents withheld on the basis of attorney-client or work-product privileges, Plaintiff will generate a privilege log setting forth those documents. Plaintiff's counsel will share that privilege log with Defendants' counsel.

17. On March 19, Defendants served Plaintiff with their Third Set of Requests for Production of Documents and Requests for Admission. In total, Defendants have served Plaintiff with 114 requests for production, 81 requests for admission, and 13 interrogatories. Strikingly, despite having served 114 requests for production of documents on Plaintiff, Defendants have to date produced only 116 documents.

18. On March 22, 2021, Plaintiff made a second production of documents responsive to Defendants' Requests. That production consisted of 40 documents, comprised of 167 pages. An email providing instructions for Defendants to access those documents is attached hereto as **Exhibit 7**.

I declare under penalty of perjury that the foregoing is, to the best of my knowledge and belief, true and correct.

**Dated:**   New York, New York
          March 22, 2021

                                        SEIDEN LAW GROUP LLP

                                        /s/ Jake Nachmani
                                        Jake Nachmani
                                        469 Seventh Avenue, Fifth Fl.
                                        New York, NY 10018
                                        jnachmani@seidenlawgroup.com
                                        (646) 766-1723

                                        *Counsel for Plaintiff/Counter-Defendant Hong Liu*