# Exhibit 1

**Andrew Sklar**

| | |
|---|---|
| **From:** | Jake Nachmani |
| **Sent:** | Tuesday, February 16, 2021 5:06 PM |
| **To:** | Grochow, Lauren; Willow-Johnson, Mackenzie Lee; Anziska, Daniel N. |
| **Cc:** | Amiad Kushner; Jacob Jou; Andrew Sklar; Benjamin Taylor |
| **Subject:** | Liu v. Faraday&Future Inc. et al, 2:20-cv-08035-SVW-JPR (C.D. Cal.) |
| **Attachments:** | Liu C.D. Cal. Liu's Responses to Defendants' RFPs 02.16.2021.pdf |

Counsel –

In connection with the above-captioned matter, attached please find Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents.  We are willing to schedule a meet and confer with you this week to discuss Plaintiff's Responses as well as the document requests propounded by Plaintiff late last week.

Additionally, we will be sending you a draft protective order for your review so that the parties can engage in an expeditious exchange of documents.

Regards,

-Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

**SEIDEN LAW GROUP** LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.
保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

# Exhibit 2

**Andrew Sklar**

| | |
|---|---|
| **From:** | Jake Nachmani |
| **Sent:** | Tuesday, March 2, 2021 9:25 PM |
| **To:** | Grochow, Lauren |
| **Cc:** | Willow-Johnson, Mackenzie Lee; Anziska, Daniel N.; Amiad Kushner; Andrew Sklar; Kevin Hughes; Kessel, Alan J. |
| **Subject:** | RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3 |

Counsel –

This email serves to memorialize the conference call we held today to discuss Plaintiff's motion to dismiss FF's counterclaims and strike FF and Smart King's affirmative defenses.

During that call, you asked us to provide you with the basis for our motions.  We provided you with the following responses:

- As a general matter, the recently-filed counterclaims for fraudulent inducement, intentional misrepresentation, and negligent misrepresentation are substantively identical to and duplicative of FF's fraudulent inducement counterclaim set forth in FF's initial Counterclaim. The newly-asserted counterclaims should be dismissed for all the reasons set forth in Judge Wilson's January 28, 2021 Order and based on all the legal authority set forth in Plaintiff's initial motion to dismiss. The newly-filed counterclaims for rescission for fraud and unilateral mistake should be dismissed for the same reasons why Judge Wilson dismissed FF's initial rescission counterclaim.

- On February 19, 2021, one day after you filed your Amended Counterclaim and pursuant to Local Rule 7-3, we provided you with notice that we intended to file a motion to dismiss your counterclaims and strike your affirmative defenses for the reasons set forth in Judge Wilson's January 28 Order, as well as other reasons concerning FF's failure to adequately allege its counterclaims pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

- On February 25, 2021, Judge Wilson *sua sponte* announced that he had reviewed the Amended Counterclaim and that, because the Amended Counterclaim gives rise to the same issues raised by Plaintiff in his initial motion to dismiss (with which the Court agreed in granting Plaintiff's motion), Judge Wilson would entertain a follow-up motion to dismiss.

- Like the initial Counterclaim, the Amended Counterclaim fails to identify an actionable false statement under Rule 9(b).

- Like the initial Counterclaim, the Amended Counterclaim fails to adequately allege why any purported false statement is false; the theory of falsity FF relies upon is identical to the initial Counterclaim's defective theory of falsity which Judge Wilson in his January 28, 2021 opinion held did not – and could not – give rise to a colorable claim for fraud.

- Like the initial Counterclaim, the Amended Counterclaim's theory of falsity is illogical and implausible; Plaintiff would not have given up – or even entertained giving up – his law practice for a position at which, in FF's view, he knew he would purportedly fail.  This is absurd.

- Like the initial Counterclaim, the Amended Counterclaim fails to allege an actionable misrepresentation; any purported false statement at most gives rise to an inactionable promise of future performance.

- Like the initial Counterclaim, the Amended Counterclaim's allegations of scienter and intent are woefully lacking; FF cannot allege Mr. Liu's purported fraudulent intent through boilerplate and conclusory allegations, and examples of purported nonperformance are inadequate.

- The Amended Counterclaim's claim for intentional misrepresentation is duplicative of the fraudulent inducement claim; it fails for the same reasons as the fraudulent inducement claim.

- The Amended Counterclaim's claim for negligent misrepresentation fails under Rule 9(b) for all of the above reasons.  *See UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1106 (C.D. Cal. 2015) ("claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b).").

- FF's claims for rescission for fraud fail for the same reasons as its fraud claims.  *See* January 28, 2021 Order at 2.

- FF's claim for rescission based on unilateral mistake fails as FF does not plead numerous required elements.

- FF and Smart King's affirmative defenses sounding in fraud are not adequately pled under Rule 9(b) and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  January 28, 2021 Order at 2.

- FF and Smart King's other affirmative defenses are devoid of factual support, warranting their being stricken.

As stated above, your clients have been on notice of Plaintiff's pending motions to dismiss and strike since February 19, 2021. Since that date, your clients have been on notice that we would file these motions unless they withdrew their counterclaims and affirmative defenses.  On numerous occasions, we have provided our reasons for seeking dismissal and striking your clients' affirmative defenses, as set forth in the below emails.  Moreover, Judge Wilson's February 25 scheduling notice has put your clients on notice of the Court's significant interest in hearing a renewed motion to dismiss.  After Judge Wilson's notice was announced, we asked you if your clients would withdraw their counterclaims and affirmative defenses.  We received no response from you.

On our call this afternoon, we informed you that we would file our motions to dismiss and strike in the event that you refused to withdraw your counterclaims and affirmative defenses.  In response, you said that you needed to discuss this with your clients but that you were considering stipulating to dismissal.  Given the above-referenced notice and Judge Wilson's focus on this specific issue, we find it difficult to believe that this is not a delay tactic and that you have not already  discussed withdrawing these counterclaims and defenses with your client.  If in fact your client is seriously considering withdrawing its claims and defenses, given the above and in light of this matter's expedited June 2021 trial date, you must tell us immediately.

Accordingly, we will be filing our motion to dismiss and motion to strike unless you affirmatively tell us that you will be withdrawing your counterclaims and affirmative defenses no later than noon on Thursday (PST), March 4, 2021.

Moreover and as we have previously informed you, we reserve the right to file a motion seeking sanctions and attorneys' fees. The basis of that motion is that, in filing the Amended Counterclaim, a substantively identical pleading to the defective initial Counterclaim, you have reasserted claims which you knew or should have known were frivolous and vexatious.  Your clients have had the opportunity to withdraw these claims and defenses numerous times.  Judge Wilson has put you on notice that these claims and defenses are subject to dismissal.  And yet, you have not done so.  Accordingly, for the second time, you have forced our client to defend himself against these meritless claims, causing him to incur significant legal fees as a result.  Your clients' continued failure to withdraw their claims and defenses causes our client to continue to incur significant legal expenses.   Sanctions and attorneys' fees can be granted here.  *See Consumer Sols. Reo, LLC v. Hillery*, 2010 WL 334417, at *1 (N.D. Cal. Jan. 28, 2010) (granting sanctions after Defendant's counsel reasserted claims the court already found "not tenable.")

Regards,

Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

**SEIDEN LAW GROUP** LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Monday, March 1, 2021 8:23 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Cc:** Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>
**Subject:** Re: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

Yes. Same dial-in works.

**From:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Date:** Monday, March 1, 2021 at 7:36 PM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Cc:** Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>, Anziska, Daniel N. <Daniel.Anziska@troutman.com>, Amiad Kushner <akushner@seidenlawgroup.com>, Andrew Sklar <asklar@seidenlawgroup.com>, Kevin Hughes <kevin@foundationlaw.com>, Kessel, Alan J. <Alan.Kessel@troutman.com>
**Subject:** RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

Great. Should we use the same dial-in that you previously circulated?

**Lauren E. Grochow**
**Associate**
**troutman** pepper

Direct: 949.622.2746 | Internal: 18-2746
lauren.grochow@troutman.com

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Monday, March 1, 2021 4:35 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Cc:** Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>
**Subject:** Re: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

**EXTERNAL SENDER**

Yes, no problem.

Sent from my iPhone

> On Mar 1, 2021, at 7:33 PM, Grochow, Lauren <Lauren.Grochow@troutman.com> wrote:
>
> Jake – Can we move our meet and confer call to 11:30am PST tomorrow? Thanks.

**Lauren E. Grochow**
**Associate**
**troutman** pepper
Direct: 949.622.2746 | Internal: 18-2746
lauren.grochow@troutman.com

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Thursday, February 25, 2021 2:56 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

**EXTERNAL SENDER**

Lauren –

Further to my email below and in light of Judge Wilson's Scheduling Notice of today (ECF 86) which sua sponte invites our motion to dismiss, please let us know if you plan on withdrawing your counterclaims and affirmative defenses.

Regards,


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com
<image002.jpg>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

---

**From:** Jake Nachmani
**Sent:** Thursday, February 25, 2021 1:38 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

Lauren –

Tuesday at 9AM PST (noon EST) works for us. Please use our firm's conference line:

1-866-848-2216
Code: 7397896680#

The substance of our motion is that each and every one of your claims that is subject to Rule 9(b) pleading is inadequately pled.  In support of this proposition, I would direct you to sections of I.A.1-4 of Plaintiff's Opening Brief (ECF 74-1). *See also* Reply Brief (ECF 76) at Section I.A-C.  These briefs contain voluminous recitations of applicable Central District of California law which hold that FF has not adequately alleged a false statement in its Amended Counterclaim.

As to the affirmative defenses, are you aware that numerous purported affirmative defenses which you have alleged are not in fact colorable affirmative defenses and/or that some affirmative defenses fail as a prima facie application of law to the facts of this case?

Please also note that as a separate motion to be independently noticed and filed subsequent to our motion to dismiss, we are considering seeking sanctions against you pursuant to Rule 11 of the Federal

Rules of Civil Procedure because you have set forth a pleading which, by failing to cure the numerous defects which Judge Wilson set forth in his January 28, 2021 Order, you should have known was not pled in accordance with Rule 9(b) and was therefore baseless and frivolous.

---

**From:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Sent:** Thursday, February 25, 2021 11:20 AM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

Per my prior email, it would make our meet and confer call more productive if you would provide "the substance of [your] contemplated motion," including any case law, supporting your position that Faraday has not alleged "an actionable misstatement" and the "other reasons" why you are moving to dismiss all 24 affirmative defenses.  Regardless, we are available to meet and confer tomorrow (2/26) at 1pm PST, Monday (3/1) at noon PST, or Tuesday (3/2) anytime between 9am and noon PST.

**Lauren E. Grochow**
**Associate**
**troutman pepper**
Direct: 949.622.2746 | Internal: 18-2746
lauren.grochow@troutman.com

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Wednesday, February 24, 2021 9:11 AM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

**EXTERNAL SENDER**

Lauren -

We are filing a motion to dismiss FF's amended counterclaims that are subject to Rule 9(b) pleading, as FF has failed to allege an actionable misstatement.  FF's allegations are insufficiently specific, and its theory of falsity cannot give rise to an actionable claim.  Furthermore, we will be seeking to dismiss all 24 affirmative defenses, as FF and Smart King have failed to plead those defenses under all applicable pleading standards, in addition to other reasons.

Again, potential resolution of this matter can be achieved by your clients' withdrawal of the Amended Counterclaim and Affirmative Defenses.

We are available today to discuss this further, if necessary.

Regards,

-Jake

---

**From:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Sent:** Wednesday, February 24, 2021 10:56 AM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

Jake  -

Before we have a call, will you please provide some detail supporting your belief that Faraday has not complied with Rule 9(b) in pleading its fraud claims with specificity? In our view, the Amended Counterclaim provides more than sufficient detail to satisfy the requirements of that rule, including facts detailing the who, what, when, where, and how details for at least eight of Mr. Liu's fraudulent misrepresentations.

Lauren

**Lauren E. Grochow**
**Associate**
**troutman** pepper
Direct: 949.622.2746 | Internal: 18-2746
lauren.grochow@troutman.com

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Friday, February 19, 2021 11:48 AM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** iu v. Faraday&Future Inc., et al., 2-20-cv-08035-SVW-JPR (C.D. Cal.): Notice Pursuant to Local Rule 7-3

**EXTERNAL SENDER**

Counsel:

Pursuant to Local Rule 7-3, we are writing to inform you that we plan on filing a motion to dismiss certain counterclaims alleged in FF's Amended Counterclaim and a motion to strike certain affirmative defenses alleged in FF and Smart King's Amended Answers.  For example, we will be seeking dismissal of FF's counterclaims for fraudulent inducement and intentional misrepresentation; we will be seeking to strike FF and Smart King's affirmative defenses for fraudulent inducement.

Our motion is based on the fact that your allegations are implausible, impermissibly vague, and conclusory. Like your first counterclaim, you have once again "entirely fail[ed]" to adequately allege falsity with the specificity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. ECF 79 at 1. In light of this fact, we also reserve the right to seek sanctions against you, including for attorneys' fees, for violating the Court's January 28, 2021 Order, which requires that, in the event that you re-pled your claims, you would do so in accordance with Rule 9(b). You have not.

Potential resolution of this matter can be achieved subject to your withdrawal of your Amended Counterclaim and your Affirmative Defenses.

We are available to discuss this matter on Monday. Does that work for you? If so, what time is convenient for you?

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com
<image003.jpg>

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

# Exhibit 3

## Andrew Sklar

| | |
|---|---|
| **From:** | Jake Nachmani |
| **Sent:** | Thursday, March 11, 2021 1:55 PM |
| **To:** | Grochow, Lauren |
| **Cc:** | Amiad Kushner; Kevin Hughes; Andrew Sklar; Goldman, Jeffrey M.; Willow-Johnson, Mackenzie Lee; Anziska, Daniel N.; Kessel, Alan J.; Crisp, Kevin |
| **Subject:** | RE: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers |

Counsel –

This email serves to memorialize the meet and confer held yesterday concerning the 30(b)(6) deposition of Smart King and other discovery-related issues in the above-captioned matter.

General Matters

- As to the scheduling of the Smart King 30(b)(6) deposition, you informed us that you would try to find a time in the last week of March 2021 for Jerry Wang, the designated Smart King  30(b0(6) representative, to appear for this deposition.  You asked us if we would agree to combining Mr. Wang's personal deposition with the Smart King 30(b)(6) deposition, and we stated that in theory that was acceptable to us but that we reserved the right to our fully-allotted time for each noticed deposition.

- You asked us if we would be making any productions in addition to the one we made on March 9, 2021. We stated that we would be.

- We asked you if you could provide us with a date by which you would make your production(s). You stated you could not but that you would use your fully-allotted time under the Federal Rules of Civil Procedure to serve us with your written responses to our discovery demands.

- We asked you if you would be able to produce your documents by the time of the Smart King 30(b)(6) deposition. You stated that this was a "chicken and egg" problem and that you were unsure you could do that but would try your best. We stated that it was critical for us to be able to review relevant documents before this deposition, and relatedly you stated that it was critical for you to be able know what documents we might be relying on so that you could best defend this deposition.  In good faith, we anticipate our receiving relevant documents from you prior to this deposition.

30(b)(60 Matters

- As to General Objection #3, you represented that you would of course be producing a live witness for this deposition.

- Topic 1: You represented you would be producing a witness testify to this topic.

- Topic 2: You represented you would be producing a witness testify to this topic.

- Topic 3: We stated that discovery as to this deposition is targeted towards Plaintiff's equity interest in Smart King. The SPAC merger documents are accordingly relevant here.  You represented that you were inclined to produce to us the most recent versions of the SPAC merger documents and that, subject to your internal discussion, you would produce a witness who could testify as to how Henry's equity interest in Smart King was

being treated in the SPAC Transaction and who could testify as to the most recent and/or signed version of the SPAC merger documents and schedules as they relate to Plaintiff's interest in Smart King.

- Topic 4: You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 5: We stated that this topic did not for example concern what federal or state agencies needed to approve the SPAC Transaction but rather concerned the entities that, for example, were parties to the SPAC Transaction or those entities' corporate parents/subsidiaries/affiliates.   You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 6: We stated that we were interested in how, based on the terms and metrics of the SPAC Transaction, the equity options that we allege Plaintiff is owed under the Employment Agreement would/should be valued or be subject to conditions, exceptions, or reservations. We also stated that, if we are trying to value Plaintiff's interest in Smart King, we need to understand the value of the deal as a whole and how that is being calculated.  You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 7: You represented that this topic was specifically defined but that you needed additional time to discuss this and would get back to us shortly on this.

- Topic 8: You stated if this topic could be limited to Plaintiff's equity interest in Smart King.  We stated that we needed to understand the economic terms that do or could affect Plaintiff's equity interest in Smart King in connection with the SPAC Transaction and the effects of those terms. We also stated that we need to understand if Plaintiff's interests were being treated similar to or different from other individuals or entities with an equity interest in Smart King or otherwise similarly situated.  You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 9: We stated that this topic was relevant as it relates directly to the status or any change of status of Plaintiff's equity interest in Smart King and that we needed to be able to understand the status of Plaintiff's interest in Smart King, whether that status ever changed, how many times it changed, and when any such change occurred.  You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 10: You represented that you would produce a witness who would be able to testify as to this topic.

- Topic 11: You represented that you understood this topic and that in all likelihood it presented no issues but that you needed additional time to discuss this and would get back to us shortly on this.

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044

www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Monday, March 8, 2021 6:03 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>
**Subject:** Re: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers

Yes – that dial in works. Thank you.

---

**From:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Date:** Monday, March 8, 2021 at 6:02 PM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>, Kevin Hughes <kevin@foundationlaw.com>, Andrew Sklar <asklar@seidenlawgroup.com>, Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>, Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>, Anziska, Daniel N. <Daniel.Anziska@troutman.com>, Kessel, Alan J. <Alan.Kessel@troutman.com>, Crisp, Kevin <Kevin.Crisp@troutman.com>
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers

Wednesday (3/10) at 11 a.m. PST works for us. Should we use the same dial-in from today's call?

**Lauren E. Grochow**
**Associate**
**troutman** pepper
Direct: 949.622.2746 | Internal: 18-2746
lauren.grochow@troutman.com

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Monday, March 8, 2021 1:46 PM

**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Andrew Sklar <asklar@seidenlawgroup.com>
**Subject:** Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers

**EXTERNAL SENDER**

Lauren -

The below email serves to memorialize the conversation we had concerning meeting and conferring on the status of discovery in this action and various issues arising out of the noticed or to-be-noticed depositions, including the noticed 30(b)(6) deposition of Smart King.

As a preliminary matter, we would like to continue meeting and conferring with you concerning the topics for the Smart King 30(b)(6) deposition.  On our call, you had mentioned that Wednesday, March 10 worked for you. We are available from 10AM to 5PM (EST) on that day.  Please let us know when on Wednesday you will be available.

The below reflects the substance of what we discussed earlier today:

- In light of the protective order having been filed in this action, we informed you that we would be producing responsive documents early this week.

- Regarding the potential 30(b)(6) of FF and a list of other possible deponents, we informed you that we would try to send you a 30(b)(6) notice to FF (and applicable topics) and the list of other deponents next week, reserving our right to amend/modify the topics and list of deponents as discovery proceeds.

- You informed us that you would be filing FF's Second Amended Counterclaim on Thursday of this week.  You informed us that the Second Amended Counterclaim would not include any fraud-based claims against Plaintiff, including fraudulent inducement, intentional misrepresentation, and negligent misrepresentation. However, you would not tell us which claims you were bringing against Plaintiff or the basis for such claims.

- At the present time and without having reviewed the Second Amended Counterclaim, we will not be modifying our topics for the 30(b)(6) deposition of Smart King.  However, as I mentioned, we reserve the right to do so.

- As to the timing of the Smart King 30(b)(6) deposition and in light of this case's expedited trial calendar, it is our view that holding this deposition during the week of April 8 (as you previously suggested) is too late.  We noticed this deposition to be held on March 10, 2021. You would like to push this back by a month. We believe the parties should compromise and hold this deposition during the week of March 17, 2021.  You told us that you would speak to your clients about this.

- As to combining depositions of, for example, the Smart King 30(b)(6) deposition and Jerry Wang, we are not in a position to agree to anything like that yet.  Jerry Wang has not yet been noticed, and we have not received any relevant documents from him.  We need discovery before we can make this kind of strategic decision.  The same goes to combining depositions of YT Jia and a 30(b)(6) of FF.  In the future, we anticipate being willing to compromise with you on these sort of issues, but we need discovery first.

- As to the timing of the YT Jia deposition, you informed us that the noticed date of March 18, 2021 was not doable.  You told us you would provide us with an acceptable date for this deposition. Please provide that date as soon as possible.

- As to the status of Defendants' production in response to Plaintiff's First Set of Requests for Production, you informed us that you were working on this production as "fast as [you] can" and that your goal was to produce documents to us beginning on March 15, 2021, but you would not provide us with a date or date range as to when we could expect to receive any productions.  You did say you would provide us written responses to Plaintiff's discovery demands on or before March 15, 2021.

After discussing the above-referenced topics, we began our meet and confer concerning the topics set forth in the notice of the Smart King 30(b)(6) deposition.  We agreed that we could adjourn the meet and confer to a later time.  The following reflects the substance to-date of our conversation concerning the 30(b)(6) topics:

- As to Topic 1, you stated that our definition of "Smart King Options" was argumentative. We explained that it was based on the terms set forth in the Employment Agreement.  You represented that you understood the definition of "Smart King Options" in the 30(b)(6) notice and would be provide a representative who could testify to this topic.

- As to Topic 2, you stated that it was duplicative of Topic 1.  We explained that, while Topic 1 concerns the current status of the Smart King Options, Topic 2 concerns any actions taken by Smart King relating to Smart King's obligations to issue equity in Smart King to Plaintiff; the topics may overlap but they are not duplicative.  You represented you would provide a representative who could testify to this topic.

- As to Topic 3, you represented that the SPAC Transaction was not relevant to this case. We explained why the SPAC Transaction was relevant here.  Given the difference of opinion concerning this core issue, we requested that we adjourn this meet and confer.  You represented that we could discuss this again on Wednesday.


Regards,

Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.
保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

# Exhibit 4

## Andrew Sklar

| | |
|---|---|
| **From:** | Jake Nachmani |
| **Sent:** | Monday, March 15, 2021 2:39 PM |
| **To:** | Grochow, Lauren |
| **Cc:** | Amiad Kushner; Kevin Hughes; Andrew Sklar; Goldman, Jeffrey M.; Willow-Johnson, Mackenzie Lee; Anziska, Daniel N.; Kessel, Alan J.; Crisp, Kevin |
| **Subject:** | RE: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers |

Lauren –

As today is the deadline for Defendants to serve us with their responses to Plaintiff's first set of discovery demands and in light of the June 2021 trial date, please provide us with a date by when you will be producing documents. If you will be producing documents on a rolling basis, please tell us.

Also, have you solidified a date for the Smart King 30(b)(6) deposition? Please let us know.

Thank you.

-Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

**From:** Jake Nachmani
**Sent:** Thursday, March 11, 2021 1:55 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Kessel, Alan J.

&lt;Alan.Kessel@troutman.com&gt;; Crisp, Kevin &lt;Kevin.Crisp@troutman.com&gt;
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers

Counsel –

This email serves to memorialize the meet and confer held yesterday concerning the 30(b)(6) deposition of Smart King and other discovery-related issues in the above-captioned matter.

General Matters

- As to the scheduling of the Smart King 30(b)(6) deposition, you informed us that you would try to find a time in the last week of March 2021 for Jerry Wang, the designated Smart King  30(b0(6) representative, to appear for this deposition.  You asked us if we would agree to combining Mr. Wang's personal deposition with the Smart King 30(b)(6) deposition, and we stated that in theory that was acceptable to us but that we reserved the right to our fully-allotted time for each noticed deposition.

- You asked us if we would be making any productions in addition to the one we made on March 9, 2021. We stated that we would be.

- We asked you if you could provide us with a date by which you would make your production(s). You stated you could not but that you would use your fully-allotted time under the Federal Rules of Civil Procedure to serve us with your written responses to our discovery demands.

- We asked you if you would be able to produce your documents by the time of the Smart King 30(b)(6) deposition. You stated that this was a "chicken and egg" problem and that you were unsure you could do that but would try your best. We stated that it was critical for us to be able to review relevant documents before this deposition, and relatedly you stated that it was critical for you to be able know what documents we might be relying on so that you could best defend this deposition.  In good faith, we anticipate our receiving relevant documents from you prior to this deposition.

30(b)(60 Matters

- As to General Objection #3, you represented that you would of course be producing a live witness for this deposition.

- Topic 1: You represented you would be producing a witness testify to this topic.

- Topic 2: You represented you would be producing a witness testify to this topic.

- Topic 3: We stated that discovery as to this deposition is targeted towards Plaintiff's equity interest in Smart King. The SPAC merger documents are accordingly relevant here.  You represented that you were inclined to produce to us the most recent versions of the SPAC merger documents and that, subject to your internal discussion, you would produce a witness who could testify as to how Henry's equity interest in Smart King was being treated in the SPAC Transaction and who could testify as to the most recent and/or signed version of the SPAC merger documents and schedules as they relate to Plaintiff's interest in Smart King.

- Topic 4: You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 5: We stated that this topic did not for example concern what federal or state agencies needed to approve the SPAC Transaction but rather concerned the entities that, for example, were parties to the SPAC Transaction or those entities' corporate parents/subsidiaries/affiliates.   You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 6: We stated that we were interested in how, based on the terms and metrics of the SPAC Transaction, the equity options that we allege Plaintiff is owed under the Employment Agreement would/should be valued or be subject to conditions, exceptions, or reservations. We also stated that, if we are trying to value Plaintiff's interest in Smart King, we need to understand the value of the deal as a whole and how that is being calculated.  You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 7: You represented that this topic was specifically defined but that you needed additional time to discuss this and would get back to us shortly on this.

- Topic 8: You stated if this topic could be limited to Plaintiff's equity interest in Smart King.  We stated that we needed to understand the economic terms that do or could affect Plaintiff's equity interest in Smart King in connection with the SPAC Transaction and the effects of those terms. We also stated that we need to understand if Plaintiff's interests were being treated similar to or different from other individuals or entities with an equity interest in Smart King or otherwise similarly situated.  You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 9: We stated that this topic was relevant as it relates directly to the status or any change of status of Plaintiff's equity interest in Smart King and that we needed to be able to understand the status of Plaintiff's interest in Smart King, whether that status ever changed, how many times it changed, and when any such change occurred.  You represented that you understood this topic but needed additional time to discuss this and would get back to us shortly on this.

- Topic 10: You represented that you would produce a witness who would be able to testify as to this topic.

- Topic 11: You represented that you understood this topic and that in all likelihood it presented no issues but that you needed additional time to discuss this and would get back to us shortly on this.

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If

you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error,
please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the
intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its
attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信
人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Monday, March 8, 2021 6:03 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Andrew Sklar
<asklar@seidenlawgroup.com>; Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Willow-Johnson, Mackenzie
Lee <Mackenzie.Willow-Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Kessel, Alan J.
<Alan.Kessel@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>
**Subject:** Re: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers

Yes – that dial in works. Thank you.

**From:** Grochow, Lauren <Lauren.Grochow@troutman.com>
**Date:** Monday, March 8, 2021 at 6:02 PM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>, Kevin Hughes <kevin@foundationlaw.com>, Andrew
Sklar <asklar@seidenlawgroup.com>, Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>, Willow-
Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>, Anziska, Daniel N.
<Daniel.Anziska@troutman.com>, Kessel, Alan J. <Alan.Kessel@troutman.com>, Crisp, Kevin
<Kevin.Crisp@troutman.com>
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers

Wednesday (3/10) at 11 a.m. PST works for us. Should we use the same dial-in from today's call?

**Lauren E. Grochow**
**Associate**
**troutman** **pepper**
Direct: 949.622.2746 | Internal: 18-2746
lauren.grochow@troutman.com

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Monday, March 8, 2021 1:46 PM
**To:** Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-
Johnson@troutman.com>; Anziska, Daniel N. <Daniel.Anziska@troutman.com>; Kessel, Alan J.
<Alan.Kessel@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Andrew Sklar
<asklar@seidenlawgroup.com>
**Subject:** Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confers

**EXTERNAL SENDER**

Lauren -

The below email serves to memorialize the conversation we had concerning meeting and conferring on the status of discovery in this action and various issues arising out of the noticed or to-be-noticed depositions, including the noticed 30(b)(6) deposition of Smart King.

As a preliminary matter, we would like to continue meeting and conferring with you concerning the topics for the Smart King 30(b)(6) deposition.  On our call, you had mentioned that Wednesday, March 10 worked for you. We are available from 10AM to 5PM (EST) on that day.  Please let us know when on Wednesday you will be available.

The below reflects the substance of what we discussed earlier today:

- In light of the protective order having been filed in this action, we informed you that we would be producing responsive documents early this week.

- Regarding the potential 30(b)(6) of FF and a list of other possible deponents, we informed you that we would try to send you a 30(b)(6) notice to FF (and applicable topics) and the list of other deponents next week, reserving our right to amend/modify the topics and list of deponents as discovery proceeds.

- You informed us that you would be filing FF's Second Amended Counterclaim on Thursday of this week.  You informed us that the Second Amended Counterclaim would not include any fraud-based claims against Plaintiff, including fraudulent inducement, intentional misrepresentation, and negligent misrepresentation. However, you would not tell us which claims you were bringing against Plaintiff or the basis for such claims.

- At the present time and without having reviewed the Second Amended Counterclaim, we will not be modifying our topics for the 30(b)(6) deposition of Smart King.  However, as I mentioned, we reserve the right to do so.

- As to the timing of the Smart King 30(b)(6) deposition and in light of this case's expedited trial calendar, it is our view that holding this deposition during the week of April 8 (as you previously suggested) is too late.  We noticed this deposition to be held on March 10, 2021. You would like to push this back by a month. We believe the parties should compromise and hold this deposition during the week of March 17, 2021.  You told us that you would speak to your clients about this.

- As to combining depositions of, for example, the Smart King 30(b)(6) deposition and Jerry Wang, we are not in a position to agree to anything like that yet.  Jerry Wang has not yet been noticed, and we have not received any relevant documents from him.  We need discovery before we can make this kind of strategic decision.  The same goes to combining depositions of YT Jia and a 30(b)(6) of FF.  In the future, we anticipate being willing to compromise with you on these sort of issues, but we need discovery first.

- As to the timing of the YT Jia deposition, you informed us that the noticed date of March 18, 2021 was not doable.  You told us you would provide us with an acceptable date for this deposition. Please provide that date as soon as possible.

- As to the status of Defendants' production in response to Plaintiff's First Set of Requests for Production, you informed us that you were working on this production as "fast as [you] can" and that your goal was to produce documents to us beginning on March 15, 2021, but you would not provide us with a date or date range as to

when we could expect to receive any productions.  You did say you would provide us written responses to Plaintiff's discovery demands on or before March 15, 2021.

After discussing the above-referenced topics, we began our meet and confer concerning the topics set forth in the notice of the Smart King 30(b)(6) deposition.  We agreed that we could adjourn the meet and confer to a later time.  The following reflects the substance to-date of our conversation concerning the 30(b)(6) topics:

- As to Topic 1, you stated that our definition of "Smart King Options" was argumentative. We explained that it was based on the terms set forth in the Employment Agreement.  You represented that you understood the definition of "Smart King Options" in the 30(b)(6) notice and would be provide a representative who could testify to this topic.

- As to Topic 2, you stated that it was duplicative of Topic 1.  We explained that, while Topic 1 concerns the current status of the Smart King Options, Topic 2 concerns any actions taken by Smart King relating to Smart King's obligations to issue equity in Smart King to Plaintiff; the topics may overlap but they are not duplicative.  You represented you would provide a representative who could testify to this topic.

- As to Topic 3, you represented that the SPAC Transaction was not relevant to this case. We explained why the SPAC Transaction was relevant here.  Given the difference of opinion concerning this core issue, we requested that we adjourn this meet and confer.  You represented that we could discuss this again on Wednesday.


Regards,

Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

**SEIDEN LAW GROUP**LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

# Exhibit 5

Kevin D. Hughes (Bar No. 188749)
Email:  kevin@foundationlaw.com
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
jnachmani@seidenlawgroup.com
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Telephone:   (646) 766 – 1914
Facsimile:    (646) 304 – 5277

*Attorneys for Plaintiff/Counter-Defendant,*
*Hong Liu*

## UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>          Plaintiff,<br><br>          v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG<br><br>          Defendants. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**PLAINTIFF HONG LIU'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| FARADAY&FUTURE INC.,<br><br>          Counterclaimant,<br><br>          v.<br><br>HONG LIU,<br><br>          Counter-Defendant. | |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Hong Liu ("Plaintiff" or "Liu"), through his undersigned counsel, hereby provides amended responses and objections to the First Set of Requests for Production of Documents ("Requests") propounded by Defendants Faraday&Future Inc., Smart King Ltd., Jiawei Wang, and Chaoying Deng (collectively, "Defendants") as follows:

## **PRELIMINARY STATEMENT**

The following amended responses and objections (collectively, "Responses") are based upon information presently available to Plaintiff and that Plaintiff believes to be correct.   The Responses are made without prejudice to Plaintiff's right to utilize subsequently discovered facts or information. The objections asserted by Plaintiff below are asserted in good faith, based upon its counsel's evaluation of Plaintiff's discovery obligations under applicable law.   To the extent any disputes arise regarding the objections or responses herein, counsel for Plaintiff remain willing to confer with Defendants' counsel in an effort to resolve any disputes. These objections and responses are based upon the information presently available to Plaintiff, and Plaintiff expressly reserves the right to (i) revise, correct, supplement, amend, modify, or clarify its responses as additional information is discovered in accordance with the applicable rules; (ii) provide additional responsive information; (iii) object to further discovery in this case; (iv) rely upon any information provided in this case, including, without limitation, in any hearing, proceeding, or trial in this case; and (v) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial. This preliminary statement is incorporated into each of the responses below.

# GENERAL OBJECTIONS

The following general objections apply to the Requests and are incorporated by reference into each and every response hereinafter stated as if set forth in full therein.

1. Plaintiff objects to the Requests to the extent they purport to require Plaintiff to produce or provide information, documents, or any other discovery that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other legally-recognized privilege, immunity, or exemption (collectively, "Privileged Information"). Privileged Information will not be knowingly disclosed. Any disclosure of Privileged Information in response to any Request is inadvertent and not intended to waive any privileges or protections. Plaintiff reserves the right to demand that Defendant return or destroy any Privileged Information inadvertently produced, including all copies and summaries thereof.

2. Plaintiff objects to the Requests on the grounds and to the extent that they call for information: (i) that is protected by any privilege or protection, including the attorney-client privilege and the attorney work product doctrine; (ii) that was prepared in anticipation of litigation; (iii) that is a trade secret or proprietary information; (iv) that is otherwise protected from disclosure under any statutory or common law. Nor shall inadvertent production or disclosure waive Plaintiff's rights to object to the information and/or document during this action or in any other proceeding. Plaintiff claims all such privileges and invokes all such protections.

3. Plaintiff objects to the Requests on the grounds and to the extent that they seek information that contains confidential and/or private information of a third party, the confidential and/or private information of Plaintiff, or the joint confidential and/or private information of Plaintiff and a third party.

4. Plaintiff objects to the Requests on the grounds and to the extent that they seek information that is disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

3

1    discovery in resolving the issues, and the burden or expense of the information sought.

2         5.     Plaintiff objects to the Requests on the grounds and to the extent that they
3    seek information that is equally available to Defendant or is in the public record,
4    because such requests are unduly burdensome and oppressive and cause Plaintiff
5    unnecessary burden and expense.

6         6.     Plaintiff objects to the Requests on the grounds and to the extent that they
7    seek information that is not within Plaintiff's possession, custody, or control.

8         7.     Plaintiff objects to the Requests on the grounds and to the extent that they
9    seek information that is neither relevant to the subject matter of the pending proceeding
10   nor reasonably calculated to lead to discovery of admissible evidence.

11        8.     Plaintiff objects to the Requests on the grounds and to the extent that they
12   seek information that they are designed to cause undue annoyance, harassment, or
13   oppression.

14        9.     Plaintiff objects to the Requests on the grounds and to the extent that they
15   are overly broad as to the subject matter, time, or otherwise.

16        10.    Plaintiff objects to the Requests on the grounds and to the extent that they
17   are vague or ambiguous or both, and, as such, would require Plaintiff to speculate as to
18   the meaning of the Requests.

19        11.    Plaintiff objects to the Requests on the grounds and to the extent that they
20   seek information protected by Plaintiff's constitutional privacy rights.

21        12.    These Responses are submitted subject to and without waiving or
22   intending to waive the Preliminary Statement and General Objections set forth herein.

23        13.    Any statement that Plaintiff will produce documents in response to any of
24   these Requests is not an admission that the documents exist or are in the possession,
25   custody, or control of Plaintiff, but rather, an agreement that Plaintiff will undertake a
26   good faith search for and produce responsive, non-privileged documents.

27

28

4

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF "fraudulently induc[ed]" YOU to accept employment at FF.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO the EVERGRANDE TRANSACTION.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request on the basis that it is overbroad, unduly

5

burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS supporting YOUR contention that FF "wrongfully terminated" YOUR employment as alleged in paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within

6

Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS supporting YOUR contention in paragraph 1 of YOUR COMPLAINT that FF owes YOU equity securities "worth over $100 million."

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the

7

grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS REFLECTING any "steps" YOU took to "ensure Faraday's compliance with applicable law," as alleged in paragraph 5 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or

8

control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU for "other compensatory damages" as alleged in paragraph 6 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS supporting YOUR contention that FF is liable to YOU for punitive damages as alleged in paragraph 6 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

Copies of YOUR federal and state income tax returns, both personal and business, with accompanying work-sheets, including, but not limited to, Forms 1099, K-I, W-2, W-4, estimated tax forms, extension requests, and any other supporting documents since April 15, 2008.

10

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and entirely irrelevant to the subject matter of this action. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff requests to meet and confer with Defendants in order to better understand what Defendants seek and to narrow this vague and overbroad request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "draft[] . . . policies on technology and intellectual property protection" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**RESPONSE TO REQUENT NO. 9:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the

11

grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "implement[] policies on technology and intellectual property protection" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or

12

control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "oversee[] a wide range of sensitive regulatory and compliance matters" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUESTS FOR PRODUCTION NO. 12:**

All DOCUMENTS REFLECTING YOUR alleged efforts to "build[] up the legal team" of FF between February and October of 2018 as alleged in paragraph 63 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS REFLECTING YOUR efforts to "strengthen and update" FF's "human resources policies" as alleged in paragraph 70 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this request on the basis that it is overbroad, unduly

14

burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS REFLECTING YOUR efforts to "investigate complaints" as alleged in paragraph 71 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within

Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS REFLECTING any legal advice or counsel provided from YOU to FF during YOUR employment with FF.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the

16

grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS supporting YOUR contention that YOU "suggested . . . that Mr. Jia should consider stepping back" from his responsibilities at FF as alleged in paragraph 77 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will

17

continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO YOUR allegation that YOU were told not to "take action" against FF following YOUR termination as alleged in paragraph 87 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO any attempt to gain entry to YOUR California residence without YOUR consent as alleged in paragraphs 91 and 92 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS supporting YOUR allegation that the termination of YOUR employment at FF "severely impacted [YOUR] health, causing physical injury and emotional distress" as alleged in paragraph 93 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all of DOCUMENTS REFLECTING any vacation, traveling, or trip YOU have taken since February 1, 2018 through the filing of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, entirely irrelevant to the subject matter of this action, and vague as to scope. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the

20

discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff requests to meet and confer with Defendants in order to better understand and narrow this overly-broad and vague request.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all of DOCUMENTS YOU posted on social media between February 1, 2018 through the filing of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, entirely irrelevant to the subject matter of this action, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff requests to meet and confer with Defendants in order to better understand whether the request is legitimate and to narrow this request's overly-broad and vague scope.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS supporting YOUR allegation that FF has caused damage upon YOUR "career and earnings prospects" as alleged in paragraph 100 in YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS supporting YOUR inability to obtain employment at "any major law firm" as alleged in paragraph 102 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request

22

on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting YOUR "work responsibilities," as used in paragraph 133 of YOUR COMPLAINT, throughout YOUR employment with FF.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the

23

grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS supporting YOUR contention that YOUR "work responsibilities were reduced dramatically . . . in violation of public policy" as alleged in paragraph 133 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request to the extent that it seeks information that is equally available to Defendants or is in the public record and therefore is unduly burdensome and expensive.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or

control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS REFLECTING any medical treatment that YOU sought or received during YOUR employment at FF.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff requests to meet and confer with Defendants in order to better understand what Defendants are seeking and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS REFLECTING any treatment for any physical health injury that YOU received during or after YOUR employment at FF.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request

25

on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff requests to meet and confer with Defendants in order to better understand what Defendants are seeking and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS REFLECTING any medical treatment sought or received as a result of the "humiliation, mental anguish, as well as physical injury" that YOU allege in paragraph 138 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff requests to meet and confer with Defendants in order to better

understand what Defendants are seeking and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS REFLECTING medical treatment YOU have sought or received, of any kind or nature, including, but not limited to, therapy, counseling, psychiatric consultation or treatment and/or for alcoholism, emotional or mental disorders, or drug abuse since January 1, 2007.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff requests to meet and confer with Defendants in order to better understand what Defendants are seeking and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS sufficient to identify all treating physicians, therapist, psychiatrists, or other medical professionals YOU have sought or received treatment from since January 1, 2007.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis

27

that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information protected by Plaintiff's constitutional privacy rights.

Plaintiff requests to meet and confer with Defendants in order to better understand what Defendants are seeking and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO any effort made by YOU to procure capital funding for FF.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will

continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and any potential source of capital funding.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between YOU and any potential source of capital funding RELATING TO FF.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and The Blackstone Group Inc.

**RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to this request on the basis that it is overbroad, unduly

30

burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and The Blackstone Group Inc. RELATING TO FF.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within

31

Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS REFLECTING any introduction YOU arranged between FF and Goldman Sachs Group, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the

32

grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS between YOU and Goldman Sachs Group, Inc. RELATING TO FF.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to this request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or

33

control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All COMMUNICATIONS between YOU and FF RELATING TO any effort by FF to proceed an initial public offering.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS REFLECTING any advice YOU provided to FF regarding an initial public offering.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO any litigation to which FF was a party during YOUR employment at FF.

35

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS REFLECTING any legal work done by YOU including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation matter between EVelozcity, Inc. and FF's former executives that arose during YOUR employment at FF.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the

36

basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS REFLECTING any legal work YOU performed including, but not limited to, advising, strategizing, drafting, analyzing, or researching RELATING TO the litigation arising from the EVERGRANDE TRANSACTION.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within

Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS REFLECTING any effort made by YOU to gain employment following the end of YOUR employment with FF.

**REQUEST FOR PRODUCTION NO. 43:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.

Plaintiff requests to meet and confer with Defendants in order to better

38

understand what relevant information Defendants seek and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS REFLECTING any solicitation of employment by any employer to YOU following the end of YOUR employment with FF.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff requests to meet and confer with Defendants in order to better understand what relevant information Defendants seek and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS REFLECTING any offers of employment declined by YOU following the end of YOUR employment with FF.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by

39

the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.

Plaintiff requests to meet and confer with Defendants in order to better understand what relevant information Defendants seek and to narrow this vague, overbroad, and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS between YOU and any Defendant prior to YOU starting YOUR employment with FF.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All COMMUNICATIONS between YOU and FF RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and Smart King Ltd., dated January 25, 2018.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-

product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Employment Agreement that YOU entered with FF Global Holdings Ltd. and SMART KING, dated January 25, 2018.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

All COMMUNICATIONS between YOU and FF RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.  Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS between YOU and SMART KING RELATING TO the Director Compensation Agreement that YOU entered with FF Top Holding Ltd., dated February 2, 2018.

**RESPONSE TO REQUEST NO. 50:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges.  Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control.  Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.  Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.  Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All COMMUNICATIONS between YOU and any Defendant RELATING TO the substance of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time.  Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case.  Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by

44

the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as it seeks information shielded by the privacy right and privileges of third parties. Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties. Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request. Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS that YOU forwarded from YOUR former email address, henry.liu@ff.com, to YOUR personal email address RELATING TO the substance of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff objects to this request on the basis that it is overbroad, unduly burdensome, and vague as to scope and time. Plaintiff objects to this request on the basis that it is disproportionate to the needs of this case. Plaintiff objects to this request on the basis that Defendant seeks documents and information that may be shielded by the attorney-client and/or attorney work product privileges. Plaintiff objects to this request to the extent that the documents and/or information sought is not within Plaintiff's custody, possession, or control. Plaintiff objects to the request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

45

objects to this request as it seeks information shielded by the privacy right and privileges of third parties.   Plaintiff objects to this request as it seeks information that is confidential to Plaintiff and/or to third parties.   Plaintiff objects to this request on the grounds and to the extent that it seeks information that is equally available to Defendants or is in the public record, and therefore causes Plaintiff unnecessary burden and expense.

Notwithstanding the foregoing objections, Plaintiff has already and/or will continue to produce on a rolling basis documents within his possession, custody, or control that are responsive to this request.   Except as to attorney-client and work-product privileges, Plaintiff is not withholding and will not withhold any relevant documents responsive to this request.

DATED:  March 18, 2021

FOUNDATION LAW GROUP LLP

By:/s/ Kevin D. Hughes
    KEVIN D. HUGHES
    *Attorneys for Plaintiff/Counter-Defendant HON*

# PROOF OF SERVICE

I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

On March 18, 2021, I served the foregoing document(s) described as:
**PLAINTIFF HONG LIU'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANTS**

___  **BY MAIL** I placed the above document(s) in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_X_  **BY ELECTRONIC MAIL** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

___  **BY OVERNIGHT DELIVERY** I placed the above document(s) in a sealed envelope and placed it for deposit with Golden State Overnight, prepaid for next day delivery, addressed as set forth below.

___  **BY FACSIMILE** I transmitted the above document(s) by facsimile transmission to the fax number(s) set forth below on this date before 5:00 p.m., and received confirmed transmission reports indicating that the document(s) were successfully transmitted.

Lauren E. Grochow                     **Attorneys for Defendants**
Mackenzie Willow-Johnson
Troutman Pepper Hamilton
Sanders LLP
5 Park Plaza, Suite 1400,
Irvine, California 92614

1    I declare under penalty of perjury under the laws of the States of New York and
2    California that the above is true and correct.

3    Executed on March 18, 2021, at New York, New York.
4
5
6                                            /s/ Jake Nachmani
7                                            Jake Nachmani
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 6

**Andrew Sklar**

| | |
|---|---|
| **From:** | Jake Nachmani |
| **Sent:** | Thursday, March 18, 2021 5:04 PM |
| **To:** | Goldman, Jeffrey M.; Willow-Johnson, Mackenzie Lee; Crisp, Kevin; Kessel, Alan J.; Grochow, Lauren; Anziska, Daniel N. |
| **Cc:** | Amiad Kushner; Kevin Hughes; Andrew Sklar |
| **Subject:** | Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Amended Responses to Defendants' Requests for Production of Documents |
| **Attachments:** | 2021-02-24 Faraday's Meet and Confer Letter.pdf; Liu/FF - Joint Stip. re MTC; Liu C.D. Cal. Liu's Amended Responses to Defendants' RFPs 03.18.2021.pdf; 2021-02-24 Faraday's Meet and Confer Letter.pdf |

Counsel,

In connection to the above captioned matter and in response to your letter dated February 24, 2021 ("February 24 Letter", attached) and your email dated March 15, 2021 ("March 15 Email", attached), attached and served upon you are Plaintiff's Amended Responses and Objections to Defendants' First Set of Requests for Production of Documents ("Amended Responses").

We note that of Defendants' 53 individual requests, Plaintiff has and will continue to produce documents pursuant to 42 of those requests.  Indeed and to date, Plaintiff has produced over 1100 pages of responsive documents.  In contrast and to date, Defendants, including FF and Smart King, the corporate employers and the custodians of the overwhelming bulk of relevant documents in this matter, have produced approximately only 400 pages of documents, many of which were in duplicate.  Plaintiff has not and will not withhold documents that are relevant and responsive to Defendants' documents requests but for rightful and good-faith assertions of the attorney-client and work-product privileges.  As Defendants have represented, Plaintiff too takes his discovery obligations with incredible seriousness and will continue to produce responsive, non-privileged documents expeditiously and on a rolling basis.

Plaintiff requests to meet and confer as to the remaining eleven of Defendants' specific requests.  Of those eleven requests, they concern five distinct categories of documents: (i) Plaintiff's tax records (Request 8); (ii) Plaintiff's vacations and/or trips (Request 20); (iii) Plaintiff's social media content (Request 21); (iv) Plaintiff's medical information (Requests 26-30); and (v) Plaintiff's employment after having been terminated by FF (Requests 43-45).  In connection with your February 24, 2021 letter, we would like to discuss these specific request in greater detail and get a better sense of what information Defendants are seeking and why.

We believe Plaintiff's Amended Responses and the representations we have made in this email moot Defendant's potential discovery motion concerning compelling the production of documents and further responses to Defendants' First Set of Requests for Production.  Please confirm this for us.

Additionally, please let us know your availability to discuss these issues and to schedule a meet and confer.

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

# Exhibit 7

**Andrew Sklar**

| | |
|---|---|
| **From:** | Jake Nachmani |
| **Sent:** | Monday, March 22, 2021 2:38 PM |
| **To:** | Grochow, Lauren; Goldman, Jeffrey M.; Kessel, Alan J.; Crisp, Kevin; Willow-Johnson, Mackenzie Lee; Anziska, Daniel N. |
| **Cc:** | Amiad Kushner; Andrew Sklar; Kevin Hughes |
| **Subject:** | Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Production of Documents |

Counsel –

In connection with the above-captioned matter and responsive to Defendants' Requests for Production of Documents, below please find a link to Plaintiff's Second Production of Documents.

https://www.dropbox.com/t/VuU2VpbrXjZSpjlk

The link expires in 7 days.  Please let us if you have any trouble accessing these documents.

Again, we are available and willing to meet and confer with you concerning your requests for production concerning Mr. Liu's medical records, financial records, and social media postings.

Regards,

-Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容