ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar. No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

*[Counsel continued on next page.]*

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
and Defendant and Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>   Plaintiff,<br><br>   v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>   Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.  2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DECLARATION OF JEFFREY M. GOLDMAN IN SUPPORT OF COUNTERCLAIMANT FARADAY&FUTURE INC.'S OPPOSITION TO PLAINTIFF HONG LIU'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO FARADAY&FUTURE INC.'S SECOND AMENDED COUNTERCLAIM**<br><br>[filed concurrently with Opposition to *Ex Parte* Application]<br><br>Discovery Cutoff Date: April 23, 2021<br>Pre-Trial Conf:   Waived<br>Trial Date:   June 8, 2021 |

114501365

DECLARATION OF JEFFREY M. GOLDMAN
IN SUPPORT OF FARADAY&FUTURE'S OPPOSITION TO *EX PARTE* APPLICATION

*[counsel continued.]*

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile:  212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile:  704.998.4051

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

114501365

- ii -

DECLARATION OF JEFFREY M. GOLDMAN
IN SUPPORT OF FARADAY&FUTURE INC.'S OPPOSITION TO *EX PARTE* APPLICATION

# DECLARATION OF JEFFREY M. GOLDMAN

1. I am a partner with Troutman Pepper Hamilton Sanders LLP, counsel of record for Counterclaimant Faraday&Future Inc. ("**FF**") in this action. I make this declaration in support of FF's Opposition to Plaintiff Hong Liu's *Ex Parte* Application for an Extension of Time to Respond to Faraday&Future Inc.'s Second Amended Counterclaim (the "**Application**"). If called and sworn as a witness, I could and would competently testify to the matters set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of an engagement letter between FF and Mayer Brown LLP, designating Mr. Liu as both the "FF Client Team Leader & Main Contact Partner" and the signatory on Mayer Brown LLP's behalf. Confidential financial information has been redacted from Exhibit 1.

3. Attached hereto as **Exhibit 2** is a true and correct copy of an e-mail sent by Jacob Nachmani, Esq. to me and others on March 19, 2021 at or around 6:30 p.m. Pacific Time, requesting that FF meet-and-confer pursuant to Central District of California Local Rule 7-3 in connection with Mr. Liu's intended motion to dismiss FF's Second Amended Counterclaim ("**SACC**"). Attached hereto as **Exhibit 3** is a true and correct copy of my March 22, 2021 letter to Jacob Nachmani, Esq. responding to Exhibit 2 and setting forth FF's positions as to why a motion to dismiss the SACC would be meritless.

4. In Exhibit 2, Mr. Nachmani stated that case law cited in "Sections I.A-E of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Dismiss FF's Amended Counterclaims" supported his position that "many of the SACC's causes of action, including constructive fraud, both counts of breach of fiduciary duty, and unlawful and fraudulent business practices are inadequately pled." Mr. Nachmani similarly pointed to the law referenced in Mr. Liu's Motion to Dismiss FF's Amended Counterclaim in connection with Mr. Liu's claims concerning the pleading standard applicable to FF's claims particular to Mr. Liu's violations of the

1  rules of professional conduct when I met and conferred with him via telephone on
2  March 23, 2021 in connection with (i) Mr. Liu's intended motion to dismiss the
3  SACC (during which time I expressly stated that Mr. Liu had violated Local Rule
4  7-3 and that FF did not waive its position that a motion to dismiss cannot be filed as
5  a result); and (ii) FF's intended motion for judgment on the pleadings.  Other
6  individuals who identified themselves on that phone call included Mr. Liu's counsel
7  Amiad Kushner, Esq. and Andrew Sklar, Esq., and FF's counsel Kevin Crisp, Esq.
8  I am unaware of any other attorneys attending that phone call.

During that same call, Mr. Liu's counsel gave notice of the Application.  I am unaware of any prior request by Mr. Liu for an extension of time to respond to the SACC.  I explained that Mr. Liu could file an Answer on March 25, 2021 since a motion to dismiss would be improper given his failure to timely meet-and-confer under Local Rule 7-3, and then later move for judgment on the pleadings on the same grounds that would support a motion to dismiss, so as to not prejudice FF.  Mr. Liu's counsel did not accept that proposal.

5.    Attached hereto as **Exhibit 4** is a true and correct copy of a letter that I caused to be transmitted to Mr. Liu's counsel Jacob Nachmani, Esq., among others, on March 15, 2021 requesting that he meet-and-confer pursuant to Central District of California Local Rule 7-3 in connection with FF's intended Motion for Judgment on the Pleadings.

6.    Attached hereto as **Exhibit 5** is a true and correct copy of an e-mail sent by Jacob Nachmani, Esq. to me and others on March 16, 2021 in response to my meet-and-confer letter attached hereto as Exhibit 3.

7.    On March 2, 2021, I participated in a telephonic meet-and-confer discussion with Mr. Liu's counsel, Jacob Nachmani, Esq., and my co-counsel, Lauren Grochow, Esq., in connection with Mr. Liu's then-intended motion to dismiss FF's Amended Counterclaim.  During that call, I stated that Local Rule 7-3 requires at least seven days to pass between the meet-and-confer discussion and the

date of filing and, thus, Mr. Liu could not file a motion to dismiss before that seven day period had passed without violating Local Rule 7-3.

8. Attached hereto as **Exhibit 6** are true and correct copies of six deposition notices served by Mr. Liu on March 23, 2021 – the same day that Mr. Liu filed the Application claiming, among other things, the purported need for more time to respond to the SACC in light of "the significant litigation activity occurring in this matter" which has "limit[ed] the resources Plaintiff's counsel has had to prepare Plaintiff's responses to FF's Second Amended Counterclaim." *See* Application, p. 5:18. Additionally, I have reviewed the docket in this action, and it discloses five different attorneys who have appeared for Mr. Liu in this action: Dov Byron Gold; Jacob Nachmani; Kevin D. Hughes; Amiad M. Kushner; and Benjamin S. Taylor (who substituted out of the action effective March 8, 2021).

I declare under penalty of perjury pursuant to the laws of the United States and the state of California that the foregoing is true and correct.

Executed this 24th day of March, 2021, at Culver City, California.

_____
Jeffrey M. Goldman