# EXHIBIT 1

MAYER · BROWN

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10021-1001

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

CONFIDENTIAL & PRIVILEGED

October 20, 2017

Mr. Jerry Jiawei Wang, General Manager,
Global Capital and Investment Banking
Jerry.wang@ff.com;
Mr. Wentao Huang, Board Secretary & Legal VP
Wentao.huang@ff.com;
FF Global Holdings Ltd., Faraday & Future Inc.,
d/b/a Faraday Future
18455 South Figueroa Street
Gardena, CA 90248

Re:     Legal Representation

Dear Jerry and Wentao:

This letter confirms our agreement that FF Global Holdings Ltd., Faraday & Future Inc., d/b/a
Faraday Future (collectively the "Clients" or "you" and each a "Client" or "you") have engaged
Mayer Brown LLP, a limited liability partnership established in the United States (the "Firm" or
"we" or "us"), to provide Clients with legal services and advice in connection with your capital
raising, strategies, regulatory, corporate, securities, intellectual property, litigation, wealth
management matters and on such other tasks and matters as may be instructed by you from time
to time and as we explicitly agree to undertake (the "Matter").

Our engagement on your behalf is limited to the tasks and matters as may be instructed by you
from time to time and as we explicitly agree to undertake. We expect that each subsequent
undertaking by the Firm will be described in a letter or a written e-mail.

This letter and the International Terms of Business (the "International Terms") which contains
conflicts waiver provisions, which are enclosed, govern our ongoing relationship in all matters

Exhibit 1, Page 4

MAYER·BROWN

October 20, 2017
Mr. Jerry Jiawei Wang & Mr. Wentao Huang
Faraday Futures

and supersede all existing agreements or understandings to the contrary.  As is required by the
Firm, your obligations to pay and settle any and all outstanding invoices for past services
provided to you by the Firm, however, remain effective.

As the Firm's designated leader of the FF Client Team, I will be responsible for this engagement
and will use other attorneys and professionals of the Firm as appropriate and cost-effective for
Clients. The Firm's fees for services are based on time spent on specific projects, computed at
our hourly rates for those persons performing the services. ██████████████████████████
██████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████████████████

In view of the expanded scope of the services and the nature of the matters, as a retainer, the
Firm requires that you agree to pay to the Firm upon execution of this letter the sum of
████████████ and please refer to the wire transfer instructions attached to this letter. The
retainer you are paying has been agreed upon between us to be a security retainer.  The retainer
will be deposited into a pooled client trust account.  Under Illinois law, any interest earned on
this account is paid to the Lawyers Trust Fund of Illinois.  Retainer funds shall remain the
property of the Client unless and until applied to statements for fees and costs for rendered
services. The retainer may be applied against our final statement (including any unpaid prior
amounts for the initial matter).  The Firm reserves its rights to request you to replenish the
retainer account and to increase the retainer amount at its discretion.  At the completion of the
representation, any balance remaining in the retainer will be refunded to you promptly.

The undersigned confirms that he or she is authorized to sign this letter on behalf of the
applicable party specified below.

If you have any questions, please call me. If you wish us to proceed on your behalf, please
acknowledge your agreement with the terms of our relationship and sign the enclosed copy and
return it to me. In any event, the Firm will deem your direction to proceed on the Client's behalf
as full acceptance of the terms contained herein.

Very truly yours,

MAYER BROWN LLP

By: _____

2

Exhibit 1, Page 5

MAYER · BROWN

October 20, 2017
Mr. Jerry Jiawei Wang & Mr. Wentao Huang
Faraday Futures

AGREED BY:

FF Global Holdings Ltd., Faraday & Future Inc.,
d/b/a Faraday Future

By:    Chaoying Deng
Title:  Vice President

CC: TVincent@mayerbrown.com

Appendix:
Retainer Wire Transfer Instructions:

3

MAYER·BROWN

October 20, 2017
Mr. Jerry Jiawei Wang & Mr. Wentao Huang
Faraday Futures

### MAYER BROWN LLP

### Retainer Wire Transfer Instructions

| | |
|---|---|
| Wire to: | Bank of America, Illinois<br>231 South LaSalle Street<br>Chicago, Illinois  60697 |
| A.B.A.#: | ███████ |
| SWIFT: | |
| Account Name: | Mayer Brown LLP, Client Trust Account - IOLTA |
| Account #: | ███████ |
| Reference #: | FF Global Holdings Ltd., Faraday & Future Inc.,<br>d/b/a Faraday Future |

4

Exhibit 1, Page 7

# EXHIBIT 2

| | |
|---|---|
| **From:** | Jake Nachmani <jnachmani@seidenlawgroup.com> |
| **Sent:** | Friday, March 19, 2021 6:30 PM |
| **To:** | Goldman, Jeffrey M.; Crisp, Kevin; Kessel, Alan J.; Grochow, Lauren; Willow-Johnson, Mackenzie Lee |
| **Cc:** | Amiad Kushner; Andrew Sklar; Kevin Hughes |
| **Subject:** | Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Local Rule 7-3 Notice |

**EXTERNAL SENDER**

Counsel:

Pursuant to Local Rule 7-3 and in connection with the above-captioned matter, we are writing to inform you that Plaintiff intends to file a motion to dismiss FF's Second Amended Counterclaim (ECF 95) ("SACC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure,  a motion to strike the affirmative defenses pled in FF and Smart King's Second Amended Answers (ECF 93 & 94, respectively) (collectively, "SAAs") under Rule 12(f) of the Federal Rules of Civil Procedure Rule, and a motion for sanctions under U.S.C. § 1927 and the Court's inherent authority to impose such penalties.

As to Plaintiff's 12(b)(6) motion, Plaintiff will seek to dismiss every cause of action set forth in the SACC.  As a preliminary matter and notwithstanding the numerous pleading defects set forth below, for the ***third time***, FF has set forth a wholly implausible theory of liability.  For example, FF scatters droppings of "facts" which, even if true (which they are not) cannot give rise to a colorable cause of action, detailed below.  Moreover, any new purported facts or legal theories set forth in the SACC have been available to FF prior to the inception of this Action and could have been alleged in the initial Counterclaim or the Amended Counterclaim; yet FF has waited no less than 15 months, three pleadings, two motions to dismiss, and an accelerated litigation schedule and jury trial ordered by the Court to raise these new-fangled claims with but three months until trial begins.  Additionally, it is implausible that Smart King, having been represented by Sidley Austin LLP ("Sidley Austin") in the Evergrande Transaction, which valued Smart King at ***$4.5 billion***, was not represented by counsel in connection with the drafting and negotiating of Plaintiff's Employment Agreement; it is implausible that Defendants did not have Sidley Austin (or other competent legal counsel) review and approve of the Employment Agreement when, by its terms, the Employment Agreement promises to give Plaintiff 2% of Smart King pursuant to the Evergrande Transaction.   By the SACC, FF also contradicts allegations set forth in its previous pleadings, warranting dismissal.

Moreover, it is clear to Plaintiff that FF has made numerous allegations in bad faith, knowing that such allegations were false or with reckless disregard for their truth.  Indeed, while FF maintains that Plaintiff allegedly took advantage of FF by purportedly drafting the Employment Agreement by himself, supposedly inducing FF into entering into the Employment on terms that were somehow unfairly actionable to the Company while failing to advise FF to seek the advice of counsel, FF fails to disclose to the Court that during the negotiation and drafting of the Employment Agreement:

- Sidley Austin reviewed and approved of the Employment Agreement's terms (as well as those in the Director Compensation Agreement);
- Jerry Wang (whose English is perfectly sophisticated) negotiated and drafted the Employment Agreement with Plaintiff;
- Plaintiff accepted numerous material terms sought by FF;
- Numerous material terms were initially included in the Employment Agreement's Term Sheet, which was given to Plaintiff by FF as the parties began negotiating the terms of Plaintiff's employment.

Exhibit 2, Page 8

These material omissions constitute a fraud on the Court, render the SACC a frivolous and harassing filing, and warrant sanctions.

Notwithstanding the above-referenced defects, the SACC fails to adequately state a claim. As a preliminary matter, the SACC sounds in fraud and, as a result, many of the SACC's causes of action, including constructive fraud, both counts of breach of fiduciary duty, and unlawful and fraudulent business practices are inadequately pled.  By way of reference and for supporting case law, we direct you to Sections I.A-E of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Dismiss FF's Amended Counterclaim.  (ECF 90-1) ("Motion to Dismiss").

Furthermore, FF's claim for purported violations of New York and California's rules of professional conduct are inadequately pled.  First, the gravamen of these claims – that a company's outside counsel cannot join the company as its GC – is nonsensical and contrary to the general practice of law.  Additionally, the SACC fails to allege how Plaintiff purportedly breached any duty he owed to FF, how he misled FF, and/or what Plaintiff failed to disclose to FF.  These pleading defects are particularly grievous in light of FF's reckless disregard of the facts underlying the negotiation and drafting of the Employment Agreement – facts referenced above which FF has failed to disclose to Court.

FF's claim based on a theory of unconscionability fails, as the SACC does not allege that claims' required elements.

As to Plaintiff's motion to strike, Plaintiff will seek to strike all of FF and Smart King's affirmative defenses for the reasons set forth in Plaintiff's Motion to Dismiss.  By way of a reference to applicable case law, we direct you to Section IV of Plaintiff's Motion to Dismiss.

Potential resolution of this matter can be achieved subject to your withdrawal of the SACC and your affirmative defenses, in addition to payment of legal fees of Plaintiff's counsel.

We are available to discuss this with you on Monday or Tuesday of the coming week, March 22nd or 23rd. Please let us know when you are available.

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

Exhibit 2, Page 9

# EXHIBIT 3

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

troutman.com



**Jeffrey M. Goldman**
D 949.567.3547
F 866.728.3537
jeffrey.goldman@troutman.com

Via E-mail

March 22, 2021

Jake Nachmani
Seiden Law Group, LLP
469 Seventh Avenue, 5thFl.
New York, NY 10018
jnachmani@seidenlegal.com

Re:    **Meet and Confer re Motion to Dismiss Counterclaimant Faraday & Future's Second Amended Cross-Complaint**

Dear Mr. Nachmani:

We write in response to your email below, in which you have threatened to file an unmeritorious motion to dismiss Counterclaimant Faraday & Future's ("Counterclaimant") Second Amended Cross-Complaint ("SAC").

### Liu Has Once Again Violated C.D. Cal. L.R. 7-3

Central District of California Local Rule 7-3 expressly mandates that the meet and confer conference prerequisite to your threatened motion to dismiss be *conducted* no less than seven (7) days *prior* to your March 25, 2021 deadline to file that motion.  As such, your e-mail sent after the close of business on Friday, March 19, 2021, first seeking to coordinate a meet-and-confer call during the week of March 22, 2021, is both untimely and in direct violation of Local Rule 7-3 which required completion of that meet-and-confer conference by no later than Thursday, March 18, 2021.  *See* C.D. Cal. L.R. 7-3.

Notably, this is the second time in less than three weeks that Plaintiff Hong Liu ("Liu") has failed to meet-and-confer at least seven days before his filing deadline in violation of Central District of California Local Rule 7-3's unambiguous requirements, despite having been expressly and repeatedly advised of those requirements by Counterclaimant verbally, in written correspondence, and in a court filing.  Furthermore, Liu's continuing failure and refusal to abide by Central District of California Local Rule 7-3 is prejudicial to Counterclaimant as it is a tactic now transparently being used by Liu to attempt to delay the pleadings from being "closed" in order to prevent Counterclaimant from filing its previously referenced Motion for Judgment on the Pleadings in response to Liu's Complaint.  To that end, in addition to the fact that Liu's threatened Motion to Dismiss will not be heard until April 22, 2021, at the earliest, it also is not clear whether the Court will issue a ruling that day, or how much time the Court would provide (i) Liu to answer the SAC in the event his threatened motion to dismiss is denied; or (ii)

Jake Nachmani
March 22, 2021
Page 2



---

Counterclaimant to amend should that motion be granted.  Accordingly, please let us know immediately whether Liu is willing to agree to extend the current May 11, 2021 motion cut-off date to allow Counterclaimant to file the Motion for Judgment on the Pleadings up to seven days after the pleadings are "closed," absent which Counterclaimant reserve, and will pursue, all appropriate actions available to it in response to Liu's open flouting of Local Rule 7-3, and to redress the obvious and intended prejudice resulting from that violation.

**Liu's Proffered Motion to Dismiss Arguments are Legally Baseless**

Without waiving, and in express reservation of, Counterclaimant's position that the Motion to Dismiss should be stricken or denied by virtue of your violation of Local Rule 7-3, we turn now to your vague allusions to the grounds of Liu's claims.

***First,*** the SAC's causes of action relating to your client's violations of the Rules of Professional Conduct, and the statutory bars on practicing law without a license in California, are clearly *not* grounded in fraud.  Rather, they are properly based on Liu's manifest failures to abide by his ethical obligations and to clear conflicts of interest, the "mere instance" of which—contrary to being subject to any "heightened" pleading standard baldly proclaimed in your letter—*actually* and legally gives rise to a *presumption* of undue influence by Liu, which he cannot rebut here:

> '[A] transaction between an attorney and client which occurs during the relationship and which is advantageous to the attorney is presumed to violate that fiduciary duty and to have been entered into without sufficient consideration and under undue influence.'  (*Lewin v. Anselmo* (1997) 56 Cal.App.4th 694, 701 [65 Cal. Rptr. 2d 682].)  As explained long ago in *Felton v. Le Breton* (1891) 92 Cal. 457, 469 [28 P. 490]: 'While an attorney is not prohibited from having business transactions with his client, yet, inasmuch as the relation of attorney and client is one wherein the attorney is apt to have very great influence over the client, especially in transactions which are a part of or intimately connected with the very business in reference to which the relation exists, such transactions are always scrutinized by courts with jealous care, and are set aside at the mere instance of the client, unless the attorney can show by extrinsic evidence that his client acted with full knowledge of all the facts connected with such transaction, and fully understood their effect; and in any attempt by the attorney to enforce an agreement on the part of the client growing out of such  transaction, the burden of proof is always upon the attorney to show that the dealing was fair and just, and that the client was fully advised.'  (*See also Gold v. Greenwald* (1966) 247 Cal. App. 2d 296, 305 [55 Cal. Rptr. 660].)

*BGJ Assocs. v. Wilson*, 113 Cal. App. 4th 1217, 1227-28 (2003).

Jake Nachmani
March 22, 2021
Page 3



Liu cannot rebut the presumption of his undue influence over Counterclaimant for several reasons, including his indisputable failure to give Counterclaimant "all that reasonable advice against himself that he would have given him against a third person" (*Beery v. State Bar*, 43 Cal. 32 802, 813 (1987)), let alone do so at the pleading stage where all of Counterclaimant's allegations are required to be accepted as true.  Moreover, even assuming, incorrectly, that a heightened pleading standard did hypothetically apply, Counterclaimant clearly met that hypothetical standard by detailing the obligations owed to it by Liu, as well as Liu's failures to abide by those obligations prior to executing the Employment Agreement, legally entitling Counterclaimant to redress Liu's ethical violations through the SAC's causes of actions seeking (i) to rescind or otherwise invalidate the Employment Agreement; as well as (ii) the forfeiture of fees.  *See, e.g., Fair v. Bakhtiari*, 195 Cal. App. 4th 1135, 1153 (2011) ("An attorney may violate the statute and breach his or her fiduciary duties to the client without causing the client damages.  It makes sense to require proof of damages where the client seeks compensatory damages as a tort remedy for breach of fiduciary duty, but not if the client seeks only forfeiture of fees.  The purpose of compensatory damages is to make plaintiffs whole for harm caused by defendants.  Forfeiture of legal fees serves several different purposes.  It deters attorney misconduct and recognizes that damage caused by attorney misconduct is often difficult to assess.  It prevents fiduciaries from profiting from their fiduciary breach and disloyalty.  Like compensatory damages, it compensates clients for harm they have suffered, but it reflects not the harms the clients suffer from the tainted representation, but the decreased value of the representation itself.") (citations omitted).

**Second,** your unsubstantiated contentions as to the timing of the SAC are belied by the Court's recent Order confirming the propriety of Counterclaimant's filing of the SAC as a matter of right and correspondingly denying Liu's immediately prior motion to dismiss as moot.

**Finally,** the SAC's gravamen is *not*, as you claim, "that a company's outside counsel cannot join the company as its GC."  To the contrary, as evident on its face, the gravamen of the SAC is that a "company's outside counsel cannot join the company as its GC" ***unless he complies with the Rules of Professional Responsibility and related statutory authority in negotiating his agreement with the company.***  Put simply, Liu was in a position of trust with Counterclaimant as the lead attorney representing it at Mayer Brown, and was legally required to inform it of each of the matters detailed in the SAC.  Rather than do so, Liu used his ethical violations to financially benefit himself to the detriment of his client, while simultaneously practicing law in California without a license.  As plainly established by the law cited in the SAC, as well as above, all of these matters are properly alleged in the SAC and are legally not subject to dismissal.

## Counterclaimant Did Not Omit Any Necessary Allegations

Contrary to your position, there are no "undisclosed" facts that needed to be pleaded in the SAC.  Counterclaimant has set forth the pertinent and unvarnished facts, and needs not present facts that are irrelevant to the SAC, Liu's attempt to avoid the consequences of his unethical



conduct by manufacturing statements that he would have liked to see in the SAC, notwithstanding.  To that end, and by way of representative example:

Your claim that Sidley Austin "reviewed and approved of the Employment Agreement's terms" is a gross misstatement of fact.  Sidley Austin did not represent Counterclaimant in the transaction with Liu.  Indeed, even assuming, incorrectly, that were not the case, the presence of any independent counsel on Counterclaimant's behalf would not legally condone Liu's violations of the Rules of Professional Conduct.  Moreover, the fact that Liu's false suppositions are premised upon alleged matters to which he purportedly was exposed while serving as Counterclaimant's counsel (either at Mayer Brown or while employed by Counterclaimant), is itself troubling, as well as gives rise to Liu's commission of additional ethical violations, particularly where his use of any privileged information in any way, shape, or form is legally prohibited, and would constitute further breaches of his ethical obligations and of his duty of loyalty.  *See, e.g.,* Cal. R. Prof. Resp. 1.8.2; N.Y. R. Prof. Resp. 1.8(b).  Please be advised that, Iif Liu presents any privileged information in his threatened motion to dismiss, Counterclaimant will pursue any and all available remedies.

Similarly, your claim that Mr. Wang's English is "perfectly sophisticated" is irrelevant, as Counterclaimant properly and accurately alleged that he is not a native English speaker and Liu, who previously communicated with Mr. Wang extensively in Mandarin, cannot deny the truth of that statement, particularly on a motion to dismiss.

Finally, your claim that "numerous material terms were initially included in the Employment Agreement's Term Sheet" and that Counterclaimant "accepted numerous material terms sought by FF," does not obviate Liu's obligations to abide by his ethical obligations.  To the contrary, if anything, it's damning to Liu's defense if he allegedly saw material terms that unfairly benefitted him before a formal agreement was prepared, and thereafter failed to provide the required disclosures, failed to obtain the necessary informed written consent and conflict waivers, and failed to provide all of the reasonable advice against himself that he would have given him against a third person, as all required by law.

### Conclusion

It is our sincere hope that Liu will refrain from filing his threatened, legally spurious motion to dismiss.  Should he proceed to do so, Counterclaimant will have no choice but to pursue all appropriate remedies available to it.  In the hope of persuading Liu to comply with his legal obligations to refrain from filing his threatened motion to dismiss, without waiving, and in

**Jake Nachmani**
March 22, 2021
Page 5



express reservation of, Counterclaimant's rights with respect to Liu's above-referenced violation of Local Rule 7-3, we are available to meet and confer at any time after 10:00 a.m. PST on Tuesday, March 23, 2021.

Sincerely,

Jeffrey M. Goldman

# EXHIBIT 1

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

troutman.com

**troutman pepper**

**Jeffrey M. Goldman**
D 949.567.3547
jeffrey.goldman@troutman.com

<u>**Via E-mail Only**</u>

March 15, 2021

Jake Nachmani, Esq.
Seiden Law Group LLP
469 7th Avenue, 5th Floor
New York, NY  10018

Re:   **Meet and Confer Correspondence Pursuant to Central District of California Local Rule 7-3**

Dear Mr. Nachmani:

I write to institute the Meet and Confer process required by the Central District of California Local Rule 7-3 in connection with a Motion for Judgment on the Pleadings as to Plaintiff's Complaint that our clients, Faraday&Future Inc. ("FF"), Smart King Ltd. ("Smart King"), Jiawei Wang and Chaoying Deng (collectively, "Defendants") intend on filing.  To that end, this correspondence summarizes the governing law requiring the dismissal of each of the Complaint's following alleged causes of action:

1.    <u>**Intentional Infliction of Emotional Distress**</u>

This alleged cause of action is legally required to be dismissed under the California's Worker's Compensation Act which provides the exclusive remedy for Plaintiff Hong Liu's ("Liu") claim for intentional infliction of emotional distress.  *See, e.g., Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008) ("Plaintiffs allege defendants engaged in 'outrageous conduct' that was intended to, and did, cause plaintiffs 'severe emotional distress,' giving rise to common law causes of action for intentional infliction of emotional distress.  The alleged wrongful conduct, however, occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted."); *Thomas v. Stars Entm't LLC*, Case No. 2:15-cv-09239-CAS(MRWx), 2016 WL 844799, *8 (C.D. Cal. Feb. 29, 2016) (where "alleged conduct occurred while plaintiff was either at work, performing functions required by his employment, or attending meetings regarding his work," and where "the majority, if not all, of . . . alleged misconduct relates to . . . efforts to discipline, and ultimately fire, plaintiff," a claim for intentional infliction of emotional distress is based on a "normal part of the employment relationship" and is therefore barred by the Worker's Compensation Act (citations omitted)).

Jake Nachmani, Esq.
March 15, 2021
Page 2



2.      **Breach of Contract**

As detailed in Defendants' Second Amended Counterclaim, the Employment Agreement can conceivably only constitute a valid and enforceable agreement if Liu complied with New York Rules of Professional Conduct 1.5, 1.7, and 1.8, as well as with California Rules of Professional Conduct 3-310, 3-300, and 4-200.

As evident on its face, the Complaint fails to allege Liu's compliance with those rules, and therefore fails to plead the existence of a legally enforceable contract between Liu, Smart King and FF under governing law.  *See, e.g.*, *Fletcher v. Davis*, 33 Cal. 4th 61, 71 (2004) (affirming trial court's sustaining of demurrer to attorney's claim for fees pursuant to a charging lien where attorney failed to allege compliance with and failed to abide by California Rule of Professional Conduct 3-300); *Fletcher v. Gilbert*, Case No. CV 06-05048-SJO (RNB), 2006 U.S. Dist. LEXIS 103689, at *7 (C.D. Cal. Oct. 12, 2006) (finding that "the California Supreme Court [in *Fletcher v. Davis, supra*] assumed that the facts as alleged in plaintiff's Superior Court complaint were true and that plaintiff could not plead facts showing the perfection of a lien on the judgment obtained by his former client or that the defendants in the Superior Court action had knowledge of such a lien."); *Luna & Glushon v. Tri-Valley Corp. (In re Tri-Valley Corp.)*, 2013 Bankr. LEXIS 1783, at *11–12 (Bankr. D. Del. May 1, 2013) ("Based on the decision in *Fletcher* [*v. Davis*], the Court concludes that under California law, attorneys must plead in their complaint that they complied with Rule 3-300 when seeking a declaratory judgment that they have a charging lien for hourly fees.  Here, L&G failed to do so.  The Complaint and the Fee Agreement are silent as to whether or not L&G advised the Debtors in writing of their right to seek the advice of an independent lawyer or whether the Debtors consented after a reasonable opportunity to seek such advise (sic).  The Court will, therefore, grant the Debtors' Motion to Dismiss the Complaint.") Furthermore, Liu cannot amend to fix this pleading deficiency without violating Federal Rule of Civil Procedure 11, since it is not disputable that he failed to abide by the aforementioned rules of professional conduct.

3.      **Section 10(b) of the Exchange Act and Rule 10(b)-5**

Liu's alleged 10(b)-5 is similarly untenable.  That is because the options at issue in the Employment Agreement were not "sold" to Liu.  Moreover, Liu's contention that "[b]y accepting an offer of employment in exchange for receiving securities, Mr. Liu effectively purchased securities" is a *non-sequitur*, particularly where Liu does not identify what it was from Smart King or FF he agreed to forego in exchange for the options.  (Compl., ¶120.)  As held by the U.S. Supreme Court in *International Board of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Daniel*, 439 U.S. 551, 559 (1979):



> In every decision of this Court recognizing the presence of a 'security' under the Securities Acts, the person found to have been an investor chose to give up a specific consideration in return for a separable financial interest with the characteristics of a security. . . .  No portion of an employee's compensation other than the potential pension benefits has any of the characteristics of a security, yet these noninvestment interests cannot be segregated from the possible pension benefits.  Only in the most abstract sense may it be said that an employee 'exchanges' some portion of his labor in return for these possible benefits.  He surrenders his labor as a whole, and in return receives a compensation package that is substantially devoid of aspects resembling a security.  His decision to accept and retain covered employment may have only an attenuated relationship, if any, to perceived investment possibilities of a future pension.  Looking at the economic realities, it seems clear that an employee is selling his labor primarily to obtain a livelihood, not making an investment.

Nor were the options at issue "purchased" by Liu simply because he allegedly gave an "income stream and retirement benefits from his Mayer Brown partnership," (Compl., ¶120), particularly where the undefined and speculative value of Liu's alleged partnership and revenue stream does not constitute any form of legal consideration provided by Liu to Smart King or FF.  *See, e.g.*, *Wyatt v. Cendant Corp.*, 81 F. Supp. 2d 550, 558 (D.N.J. 2000) (no standing where employee does not give anything of value for stock other than employment services); *McLaughlin v. Cendant Corp.*, 76 F. Supp. 2d 539, 550 (D.N.J. 1999) (same); *Fraser v. Fiduciary Trust Co. Int'l*, 417 F. Supp. 2d 310, 318 (S.D.N.Y. 2006) (same).

4. **Fraudulent Inducement and Negligent Misrepresentation**

These claims fail for several reasons.

**First**, Liu's fraudulent inducement claim hinges upon allegations that all Defendants "falsely represented that in December 2017, Evergrande had invested $2 billion in Smart King in a Series A offering that valued Smart King at $4.5 billion.  Defendants also falsely represented that Mr. Liu would be entitled to Directors' and Officers' insurance while working at Faraday." (Compl., ¶ 125.)  The former statement is belied by the Employment Agreement itself attached and incorporated into the Complaint, which expressly provides that Smart King and FF "had successfully completed **first closing** of Series A financing in December 2017, **which is subject to CFIUS approval**. . . ."  (*Id.*, Ex. A, p. 2 (emphasis added).)  In light of the Employment Agreement's patent disclosure that the subject financing had not been completed or approved in its entirety, there neither is, nor can be, any reasonable reliance by Liu on any alleged pre-contractual representations that a definitive investment purported had been made and remitted.



***Second***, the Complaint's fraud claim is implausible under the U.S. Supreme Court's seminal decisions in *Iqbal* and *Twombly*, let alone sufficient under Federal Rule of Civil Procedure 9's heightened pleading standard.  More particularly, it is implausible that Liu would not have joined Smart King and FF had he known that the Series A financing had allegedly not been completed or D&O insurance had not been procured, in light of the egregiously one-sided multi-million dollar package, complete with acceleration clauses, to which he secured Smart King and FF's agreement.  Certainly he will not be able to show that Mayer Brown would have guaranteed him that much money on similar terms.

***Third***, the Complaint fails to allege causation with respect to the fraudulent inducement or the negligence claim.  In particular, Liu has not pled that Smart King and FF were unable to pay all amounts owed on the Employment Agreement or provide options, but rather, that they simply had not paid all amounts allegedly due and owing.  In other words, Liu's claim is that the Employment Agreement was breached and thus money is owed; ***not*** that the Company lacked the ability pay him at the time the parties entered the Employment Agreement.

***Fourth***, and related to the immediately preceding point, the Complaint's alleged fraudulent inducement and negligent misrepresentation claims are subject to the economic loss rule, especially where those claims specifically incorporate, and impermissibly attempt to repackage, Liu's alleged breach of contract claim as torts.  *See, e.g., Aas v. Super. Ct.*, 24 Cal. 4th 627, 643 (2000) (a party "may not ordinarily recovery in tort for breaches of duties that merely restate contractual obligations"), *superseded on other grounds by* Cal. Civ. Code, §§ 895 *et seq.*; *JMP Sec. LLP v. Altair Nanotechnologies, Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ("[N]o tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement."); *Sam Rubin Ent., Inc. v. AARP, Inc.*, No. CV 16-6431-RSWL-SSX, 2016 WL 7336554, at *7 (C.D. Cal. Dec. 15, 2016) (dismissing fraudulent inducement claim under economic loss rule).  Liu additionally neither has, nor can, allege that Smart King's and FF's alleged fraud or negligent misrepresentations purportedly subjected him to liability to third parties thereby further requiring dismissal of the Complaint's fraudulent inducement and negligent misrepresentation claims under the economic loss rule on that separate and independent ground, as well

***Finally***, the negligent misrepresentation claim merely recites the elements of the cause of action without any, much less with the requisite, specificity.  It thus fails to meet the Rule 9 standard, and is legally required to be dismissed.  *See, e.g., Arch Ins. Co. v. Allegiant Prof'l Bus. Servs.*, No. CV 11-1675 CAS (PJWx), 2012 U.S. Dist. LEXIS 56605, at *7 (C.D. Cal. Apr. 23, 2012) ("The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.").  The Complaint's negligent misrepresentation cause of action further fails to adequately allege the identity of the "special relationship" between any of the Defendants, let alone all of them, and Liu (Compl., ¶ 144), and similarly fails to allege any specific facts whatsoever establishing how Chaoying Deng and Jiawei Wang legally can be held personally liable under the Complaint's alleged fraudulent inducement and negligent misrepresentation claims.

Jake Nachmani, Esq.
March 15, 2021
Page 5



5.  **Wrongful Termination in Violation of Public Policy**

The Complaint fails to plausibly state a claim for wrongful termination.  Instead, it only (i) alleges certain concerns Liu had with the way the Company operated; and (ii) recites actions he purportedly took in his capacity as General Counsel.  (*See* Compl., ¶¶ 70–72.)  Those allegations are legally insufficient for at least two independently dispositive reasons.

***First***, Liu has not alleged any statutory or constitutional provision giving rise to a fundamental public policy prerequisite to maintenance of the Complaint's purported Wrongful Termination claim.  *See Stevenson v. Super. Ct.*, 16 Cal. 4d 880, 889–90 (1997).  Likewise, Liu has failed to allege, let alone establish, how any such policy inures to the benefit of the public as opposed to Liu's own personal interests.  *Id.*  Nor has Liu explained how that unalleged policy is "fundamental" and "substantial."  *Id.*

***Second***, Liu fails to offer any explanation, let alone a plausible one, as to how performing his job functions in the Legal Department somehow gives rise to a wrongful termination claim.  Under governing California Supreme Court law, wrongful termination claims brought by in-house counsel not only are disfavored and limited, but also are required to be "grounded in *explicit* and *unequivocal ethical norms* embodied into Rules of Professional Responsibility and *statutes*, and claims which are maintainable by the *non-* attorney employee . . . under circumstances in which the Legislature has manifested a judgment that the principle of professional confidentiality *does not apply*."  *Gen. Dynamics Corp. v. Super. Ct.,* 7 Cal. 4th 1164, 1189–90 (1994) (emphasis in original).  *Id.* (citations omitted).  Despite those legal requirements, Liu neither has identified any such explicit and unequivocal ethical norms or statutes, nor has alleged any circumstance for which the California Legislature has manifested its judgment that a principle of professional confidentiality would not apply.

In fact, by revealing the internal secrets of FF and Smart King in his publicly-filed Complaint while lacking any grounds for believing that confidentiality does not apply, Liu has again violated his ethical responsibilities.  (*See, e.g.*, Compl., ¶¶ 64, 71, 72, 74, 83).  This is true under both California and New York law.  *See, e.g.*, *Strickland v. City of Inglewood*, No. CV 08-1595 ABC(CTx), 2009 U.S. Dist. LEXIS 136870, at *4-5 (C.D. Cal. Apr. 23, 2009) ("California attorneys, such as plaintiff, are constrained by an ethical obligation not to disclose client confidences and secrets. Cal. Bus. & Prof. Code § 6068 (e) (2004). This is a broader prohibition than the evidentiary attorney-client privilege. *Goldstein v. Lees*, 46 Cal. App. 3d 614, 621, 120 Cal. Rptr. 253 (1975). It precludes an attorney from disclosing not only confidential communications made for the purposes of obtaining legal representation, but any information that might be detrimental to a client's interests.  *See Matter of Johnson*, 4 Cal. State Bar Ct. Rptr. 179, 189 (2000) (disclosure of fact that client was a convicted felon); ABA Model Rule of Prof. Conduct 1.6 (a) (2009), and Comment (5) (absent client consent, lawyer prohibited from revealing confidential client information except as necessary to carry out representation); Rest.3d Law Governing Lawyers § 59 (2000) ("confidential client information" is 'information relating to representation of a client, other than information that is generally known'").  Also unlike the attorney-client privilege, the California attorney's duty to preserve client confidences applies equally to ancillary, non-legal business services.  *See* Cal. Prac. Guide Prof. Resp., 7:28.2 (citing Cal. State Bar Form. Opn.

Jake Nachmani, Esq.
March 15, 2021
Page 6



1995-141).  This duty outlives the attorney-client relationship, and it even survives in a wrongful termination case, such as this one, brought by an attorney against her former client.  *See General Dynamics v. Sup. Ct. (Rose)*, 7 Cal. 4th 1164, 1190, 32 Cal. Rptr. 2d 1, 876 P.2d 487 (1994)); *NCK Org., Ltd. v. Bregman*, 542 F.2d 128, 133 (2d Cir. 1976) ("[The] client's privilege in confidential information disclosed to his attorney 'is not nullified by the fact that the circumstances to be disclosed are part of a public record, or that there are other available sources for such information, or by the fact that the lawyer received the same information from other sources.'") (citation omitted); *U.S. v. Mackey*, 405 F. Supp. 854, 865 (E.D.N.Y. 1975) ("Attorneys, in particular, are under a professional ethical obligation to refuse to disclose confidential matters.") (citing A.B.A. Code of Professional Responsibility, Canon 4).

It is for this very reason that "the in-house attorney who publicly exposes the client's secrets will usually find no sanctuary in the courts[,]" and that where, as here, "the elements of a wrongful discharge in violation of fundamental public policy claim cannot, for reasons peculiar to the particular case, be fully established without breaching the attorney-client privilege, ***the suit must be dismissed in the interest of preserving the privilege.***"  *Gen. Dynamics Corp.*, 7 Cal. 4th at 1190 (emphasis added).

Given the foregoing, it is clear that Liu cannot maintain this cause of action, particularly where doing so will necessarily result in his violating both the privilege and his ethical duties of confidentiality.

## 6.   Declaratory Relief

For each of the foregoing reasons, the Complaint's alleged declaratory relief cause of action is correspondingly defective and legally required to be dismissed.  *See, e.g., Renovate Am., Inc. v. Lloyd's Syndicate 1458*, No. 3:19-cv-01456-GPC-WVG, 2019 U.S. Dist. LEXIS 212874, at *14 (S.D. Cal. Dec. 10, 2019) (a declaratory relief request "rises and falls with the substantive claims to that effect" because the "Declaratory Judgment Act creates a remedy for litigants but is not an independent cause of action.") (citation omitted).

Please provide us with the dates and times you are available this week to conduct a telephonic meet-and-confer conference on the foregoing matters.

Thank you in advance for your anticipated cooperation.

Sincerely,

Jeffrey M. Goldman

# EXHIBIT 5

| | |
|---|---|
| **From:** | Jake Nachmani  <jnachmani@seidenlawgroup.com> |
| **Sent:** | Tuesday, March 16, 2021 10:45 AM |
| **To:** | Goldman, Jeffrey M.; Crisp, Kevin; Kessel, Alan J.; Grochow, Lauren; Willow-Johnson, Mackenzie Lee |
| **Cc:** | Amiad Kushner; Andrew Sklar; Kevin Hughes |
| **Subject:** | RE: Liu v. Faraday&Future, Inc., et al. |
| **Attachments:** | 2021-03-15 Letter to J. Nachmani re L.R. 7-3 Meet & Confer re MJOP.pdf |

**EXTERNAL SENDER**

Counsel,

We are in receipt of and have reviewed the below-referenced  (and attached) letter dated March 15, 2021 ("March 15 Letter").  We write in response thereto.

As a preliminary matter, Plaintiff is willing to meet and confer with you on the substance of your motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)").

However and as you should know, a motion under Rule 12(c) may be filed only "*[a]fter the pleadings are closed*."  Fed. R. Civ. P. 12(c).  Because Rule 7(a) of the Federal Rules of Civil Procedure designates a counterclaim as a pleading, the Ninth Circuit holds that, for the purposes of Rule 12(c), the pleadings are closed only when the counterclaim too is closed.  *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).

Here, FF's 12(c) motion is entirely premature, as the pleadings are not closed.  Indeed, FF's filing the Second Amended Counterclaim (ECF 95) ("SACC") has kept the pleadings open, rendering the filing of Defendants' 12(c) motion premature.  Plaintiff has not yet answered and/or moved to dismiss the SACC.  Underscoring the relevance of this, FF relies squarely on the allegations (albeit defective ones) in the SACC as grounds for dismissal of Plaintiff's breach of contract claim.  *See* March 12, 2021 Letter at 2.  Moreover, in the event that Plaintiff moves to dismiss some or all of FF's new-fangled counterclaims, the pleadings will be closed only after the Court resolves that motion, subject to Plaintiff's having filed his reply brief.  Accordingly and for all these reasons, the pleadings are not closed, and FF's motion is untimely; caselaw from within this Circuit is clear on this.  *See Buckhorn v. Hettinger*, 2020 WL 5910070, at *7 (N.D. Cal. Oct. 6, 2020) (denying defendant's motion to dismiss on the pleadings where defendant had also filed a counterclaim which, at the time of defendant's 12(c) motion, plaintiff had not yet answered); *Johnson v. Mazza*, 2016 WL 11505262, at *3 (C.D. Cal. Sept. 20, 2016) (noting that defendants' 12(c) motion was timely only because (i) defendants had filed an answer and (ii) "no counterclaim or cross-claims ha[d] been filed."); *Sebastian Brown Prods. LLC v. Muzooka Inc.*, 2016 WL 949004, at *4 (N.D. Cal. Mar. 14, 2016) (noting that defendants' motion to dismiss complaint under 12(c) was premature because defendants had filed a counterclaim which plaintiff had not yet answered); *IconFind, Inc. v. Google, Inc.*, 2011 WL 4505817, at *1 (E.D. Cal. June 3, 2011) (dismissing defendant's12(c) motion as premature where defendant also filed counterclaims to which plaintiff had not yet responded).

Moreover, given the June 2021 trial date, it is hard to imagine that this motion, whether prematurely brought pursuant to your March 15 Letter or upon disposition of FF's SACC, would not delay trial, providing an additional basis for why this motion should not be brought.

To the extent Defendants can provide controlling case law to the contrary, please share that with us expeditiously.

We are available to meet and confer with you on this motion on Friday, March 19, 2021 or on Monday of next week.

Exhibit 5, Page 21

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

**SEIDEN LAW GROUP** LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

---

**From:** Lybarger, Felisa H. <Felisa.Lybarger@troutman.com>
**Sent:** Tuesday, March 16, 2021 12:08 AM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>; Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Cc:** Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>
**Subject:** Liu v. Faraday&Future, Inc., et al.

Dear Counsel:

Please see the attached letter.

Thank you,

**Felisa H. Lybarger**
**Legal Practice Assistant**
Direct: 949.622.2750 | Internal: 18-2750
felisa.lybarger@troutman.com

**troutman** pepper
5 Park Plaza, Suite 1400
Irvine, CA 92614
troutman.com

Exhibit 5, Page 22

**A HIGHER COMMITMENT TO CLIENT CARE**

Troutman Pepper is a 2020 Mansfield Certified Plus Firm

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

Exhibit 5, Page 23

# EXHIBIT 6

Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email: kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Jake Nachmani (*pro hac vice*)
SEIDEN LAW GROUP LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Tel: 646.766.1914
Email: akushner@seidenlawgroup.com
        jnachmani@seidenlawgroup.com

Attorneys for Plaintiff/Counter-Defendant
Hong Liu

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU, | CASE NO.  2:20-cv-08035-SVW-JPR |
| Plaintiff, | Honorable Stephen V. Wilson |
| v. | |
| FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG. | **NOTICE OF DEPOSITION OF XIAO QIANG WU** |
| Defendants. | |
| FARADAY&FUTURE INC., | |
| Counterclaimant, | |
| v. | |
| HONG LIU, | |
| Counter-Defendant. | |

-1-
NOTICE OF DEPOSITION

1      PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(1) of the Federal

2  Rules of Civil Procedure, Plaintiff/Counter-Defendant Hong Liu ("Plaintiff") will

3  take the deposition of Xiao Qiang Wu ("Wu" or "Deponent") on April 19, 2021,

4  starting at 9:30 A.M. at Foundation Law Group LLP, 1999 Avenue of the Stars,

5  Suite 1100, Los Angeles, CA 90067.

6      The deposition will be taken remotely, by Veritext Virtual, Zoom or other

7  remote service.  The deponent will need to connect via a stable internet connection

8  on a video link.  The deposition will be taken under oath and by oral examination

9  before a certified court reporter and will be recorded by audio/video recording and

10  stenographic means.

11      PLEASE TAKE FURTHER NOTICE that Plaintiff expects the deposition to

12  include material designated "Confidential" under the mutually agreed upon

13  Protective Order that will be in place in this Action.

14      If Deponent requires an interpreter, counsel for deponent shall notify the

15  noticing party in writing fourteen (14) days prior to the scheduled deposition date.

16

17  Dated: March 23, 2021        FOUNDATION LAW GROUP LLP

18                By: /s/ Kevin D. Hughes
                     Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

1
2

## **PROOF OF SERVICE**

3       I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

4       On March 23, 2021, I served the within documents:

5   **NOTICE OF DEPOSITION OF XIAO QIANG WU**

6
by emailing the document listed above to the following individuals in accord with
7   the parties' agreement on email service:

8
Lauren E. Grochow
9   Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400,
10  Irvine, California 92614
Lauren.Grochow@troutman.com
11

12  I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.
13

14  Executed on March 23, 2021, at New York, New York.
15

16

17                          By: /s/ Jake Nachmani

18

19

20

21

22

23

24

25

26

27

28

Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email:  kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Jake Nachmani (*pro hac vice*)
SEIDEN LAW GROUP LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Tel: 646.766.1914
Email:  akushner@seidenlawgroup.com
         jnachmani@seidenlawgroup.com

Attorneys for Plaintiff/Counter-Defendant
Hong Liu

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>          Plaintiff,<br><br>          v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG.<br><br>          Defendants.<br><br>———————————————<br><br>FARADAY&FUTURE INC.,<br><br>          Counterclaimant,<br><br>          v.<br><br>HONG LIU,<br><br>          Counter-Defendant. | CASE NO.  2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br><br>**NOTICE OF DEPOSITION OF QING YE** |

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant Hong Liu ("Plaintiff") will take the deposition of Qing Ye (a/k/a "Bob Ye"; "Ye" or "Deponent") on April 13, 2021, starting at 9:30 A.M. at Foundation Law Group LLP, 1999 Avenue of the Stars, Suite 1100, Los Angeles, CA 90067.

The deposition will be taken remotely, by Veritext Virtual, Zoom or other remote service. The deponent will need to connect via a stable internet connection on a video link. The deposition will be taken under oath and by oral examination before a certified court reporter and will be recorded by audio/video recording and stenographic means.

PLEASE TAKE FURTHER NOTICE that Plaintiff expects the deposition to include material designated "Confidential" under the mutually agreed upon Protective Order that will be in place in this Action.

If Deponent requires an interpreter, counsel for deponent shall notify the noticing party in writing fourteen (14) days prior to the scheduled deposition date.

Dated: March 23, 2021          FOUNDATION LAW GROUP LLP

By: /s/ Kevin D. Hughes
                    Attorneys for Plaintiff

-2-
NOTICE OF DEPOSITION

## **PROOF OF SERVICE**

I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

On March 23, 2021, I served the within documents:

**NOTICE OF DEPOSITION OF QING YE**

by emailing the document listed above to the following individuals in accord with the parties' agreement on email service:

Lauren E. Grochow
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400,
Irvine, California 92614
Lauren.Grochow@troutman.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 23, 2021, at New York, New York.

By: /s/ Jake Nachmani

Exhibit 6, Page 29

Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email:  kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Jake Nachmani (*pro hac vice*)
SEIDEN LAW GROUP LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Tel: 646.766.1914
Email:  akushner@seidenlawgroup.com
          jnachmani@seidenlawgroup.com

Attorneys for Plaintiff/Counter-Defendant
Hong Liu

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU, | CASE NO.  2:20-cv-08035-SVW-JPR |
| Plaintiff, | Honorable Stephen V. Wilson |
| v. | |
| FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG. | **NOTICE OF DEPOSITION OF CHAOYING DENG** |
| Defendants. | |
| FARADAY&FUTURE INC., | |
| Counterclaimant, | |
| v. | |
| HONG LIU, | |
| Counter-Defendant. | |

-1-
NOTICE OF DEPOSITION

1   PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(1) of the Federal

2   Rules of Civil Procedure, Plaintiff/Counter-Defendant Hong Liu ("Plaintiff") will

3   take the deposition of Chaoying Deng ("Deng" or "Deponent") on April 14, 2021,

4   starting at 9:30 A.M. at Foundation Law Group LLP, 1999 Avenue of the Stars,

5   Suite 1100, Los Angeles, CA 90067.

6   The deposition will be taken remotely, by Veritext Virtual, Zoom or other

7   remote service.  The deponent will need to connect via a stable internet connection

8   on a video link.  The deposition will be taken under oath and by oral examination

9   before a certified court reporter and will be recorded by audio/video recording and

10   stenographic means.

11   PLEASE TAKE FURTHER NOTICE that Plaintiff expects the deposition to

12   include material designated "Confidential" under the mutually agreed upon

13   Protective Order that will be in place in this Action.

14   If Deponent requires an interpreter, counsel for deponent shall notify the

15   noticing party in writing fourteen (14) days prior to the scheduled deposition date.

16
17   Dated: March 23, 2021             FOUNDATION LAW GROUP LLP

18                                    By: /s/ Kevin D. Hughes
                                          Attorneys for Plaintiff
19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

On March 23, 2021, I served the within documents:

**NOTICE OF DEPOSITION OF CHAOYING DENG**

by emailing the document listed above to the following individuals in accord with the parties' agreement on email service:

Lauren E. Grochow
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400,
Irvine, California 92614
Lauren.Grochow@troutman.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 23, 2021, at New York, New York.

By: /s/ Jake Nachmani

Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email:  kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Jake Nachmani (*pro hac vice*)
SEIDEN LAW GROUP LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Tel: 646.766.1914
Email:  akushner@seidenlawgroup.com
           jnachmani@seidenlawgroup.com

Attorneys for Plaintiff/Counter-Defendant
Hong Liu

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG.<br><br>　　　　Defendants. | CASE NO.  2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br><br>**NOTICE OF DEPOSITION OF JIAWEI WANG** |
| FARADAY&FUTURE INC.,<br><br>　　　　Counterclaimant,<br><br>　　　　v.<br><br>HONG LIU,<br><br>　　　　Counter-Defendant. | |

-1-
NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant Hong Liu ("Plaintiff") will take the deposition of Jiawei Wang (a/k/a "Jerry Wang"; "Wang" or "Deponent") on April 16, 2021, starting at 9:30 A.M. at Foundation Law Group LLP, 1999 Avenue of the Stars, Suite 1100, Los Angeles, CA 90067.

The deposition will be taken remotely, by Veritext Virtual, Zoom or other remote service.  The deponent will need to connect via a stable internet connection on a video link.  The deposition will be taken under oath and by oral examination before a certified court reporter and will be recorded by audio/video recording and stenographic means.

PLEASE TAKE FURTHER NOTICE that Plaintiff expects the deposition to include material designated "Confidential" under the mutually agreed upon Protective Order that will be in place in this Action.

If Deponent requires an interpreter, counsel for deponent shall notify the noticing party in writing fourteen (14) days prior to the scheduled deposition date.

Dated: March 23, 2021          FOUNDATION LAW GROUP LLP

By: /s/ Kevin D. Hughes
          Attorneys for Plaintiff

## <u>PROOF OF SERVICE</u>

I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

On March 23, 2021, I served the within documents:

**NOTICE OF DEPOSITION OF JIAWEI WANG**

by emailing the document listed above to the following individuals in accord with the parties' agreement on email service:

Lauren E. Grochow
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400,
Irvine, California 92614
Lauren.Grochow@troutman.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 23, 2021, at New York, New York.

By: /s/ Jake Nachmani

1  Kevin D. Hughes (Bar No. 188749)
   FOUNDATION LAW GROUP LLP
2  1999 Avenue of the Stars, Suite 1100
   Los Angeles, CA 90067
3  Tel: 424.253.1266
   Email:  kevin@foundationlaw.com
4
   Amiad Kushner (*pro hac vice*)
5  Jake Nachmani (*pro hac vice*)
   SEIDEN LAW GROUP LLP
6  469 Seventh Avenue, 5th Fl.
   New York, NY 10018
7  Tel: 646.766.1914
   Email:  akushner@seidenlawgroup.com
8          jnachmani@seidenlawgroup.com

9  Attorneys for Plaintiff/Counter-Defendant
   Hong Liu
10
                    **UNITED STATES DISTRICT COURT**
11
                    **CENTRAL DISTRICT OF CALIFORNIA**
12                         **WESTERN DIVISION**

13  HONG LIU,                              | CASE NO.  2:20-cv-08035-SVW-JPR

14        Plaintiff,                       | Honorable Stephen V. Wilson

15        v.

16  FARADAY&FUTURE INC., SMART
    KING LTD., JIAWEI WANG, and
17  CHAOYING DENG.                         | **NOTICE OF DEPOSITION OF**
                                           | **YANFENG WANG**
18        Defendants.

19

20  FARADAY&FUTURE INC.,

21        Counterclaimant,

22        v.

23  HONG LIU,

24        Counter-Defendant.

25

26

27

28
                                -1-
                        NOTICE OF DEPOSITION

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, Plaintiff/Counter-Defendant Hong Liu ("Plaintiff") will take the deposition of Yanfeng Wang (a/k/a "Jummin Wang" or "Michael Wang"; "Wang" or "Deponent") on April 15, 2021, starting at 9:30 A.M. at Foundation Law Group LLP, 1999 Avenue of the Stars, Suite 1100, Los Angeles, CA 90067.

The deposition will be taken remotely, by Veritext Virtual, Zoom or other remote service.  The deponent will need to connect via a stable internet connection on a video link.  The deposition will be taken under oath and by oral examination before a certified court reporter and will be recorded by audio/video recording and stenographic means.

PLEASE TAKE FURTHER NOTICE that Plaintiff expects the deposition to include material designated "Confidential" under the mutually agreed upon Protective Order that will be in place in this Action.

If Deponent requires an interpreter, counsel for deponent shall notify the noticing party in writing fourteen (14) days prior to the scheduled deposition date.

Dated: March 23, 2021          FOUNDATION LAW GROUP LLP

By: /s/ Kevin D. Hughes
          Attorneys for Plaintiff

-2-
NOTICE OF DEPOSITION

1

## __PROOF OF SERVICE__

2

3      I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

4      On March 23, 2021, I served the within documents:

5    **NOTICE OF DEPOSITION OF YANFENG WANG**

6    by emailing the document listed above to the following individuals in accord with the parties' agreement on email service:

7

8

9    Lauren E. Grochow
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400,
10   Irvine, California 92614
Lauren.Grochow@troutman.com

11

12   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

13

14   Executed on March 23, 2021, at New York, New York.

15

16

17                                    By: /s/ Jake Nachmani

18

19

20

21

22

23

24

25

26

27

28

1    Kevin D. Hughes (Bar No. 188749)
     FOUNDATION LAW GROUP LLP
2    1999 Avenue of the Stars, Suite 1100
     Los Angeles, CA 90067
3    Tel: 424.253.1266
     Email:  kevin@foundationlaw.com
4

5    Amiad Kushner (*pro hac vice*)
     Jake Nachmani (*pro hac vice*)
     SEIDEN LAW GROUP LLP
6    469 Seventh Avenue, 5th Fl.
     New York, NY 10018
7    Tel: 646.766.1914
     Email:  akushner@seidenlawgroup.com
8             jnachmani@seidenlawgroup.com

9    Attorneys for Plaintiff/Counter-Defendant
     Hong Liu
10

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU, | CASE NO.  2:20-cv-08035-SVW-JPR |
|        Plaintiff, | Honorable Stephen V. Wilson |
|        v. | |
| FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG. | **NOTICE OF DEPOSITION OF TEDDY KANG** |
|        Defendants. | |
| FARADAY&FUTURE INC., | |
|        Counterclaimant, | |
|        v. | |
| HONG LIU, | |
|        Counter-Defendant. | |

-1-
NOTICE OF DEPOSITION

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(1) of the Federal

2  Rules of Civil Procedure, Plaintiff/Counter-Defendant Hong Liu ("Plaintiff") will

3  take the deposition of Teddy Kang ("Kang" or "Deponent") on April 12, 2021,

4  starting at 9:30 A.M. at Foundation Law Group LLP, 1999 Avenue of the Stars,

5  Suite 1100, Los Angeles, CA 90067.

6    The deposition will be taken remotely, by Veritext Virtual, Zoom or other

7  remote service.  The deponent will need to connect via a stable internet connection

8  on a video link.  The deposition will be taken under oath and by oral examination

9  before a certified court reporter and will be recorded by audio/video recording and

10  stenographic means.

11    PLEASE TAKE FURTHER NOTICE that Plaintiff expects the deposition to

12  include material designated "Confidential" under the mutually agreed upon

13  Protective Order that will be in place in this Action.

14    If Deponent requires an interpreter, counsel for deponent shall notify the

15  noticing party in writing fourteen (14) days prior to the scheduled deposition date.

16

17  Dated: March 23, 2021          FOUNDATION LAW GROUP LLP

18                      By: /s/ Kevin D. Hughes
                            Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

1

2

## **PROOF OF SERVICE**

3          I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

4          On March 23, 2021, I served the within documents:

5     **NOTICE OF DEPOSITION OF TEDDY KANG**

6

7    by emailing the document listed above to the following individuals in accord with the parties' agreement on email service:

8

9    Lauren E. Grochow
     Troutman Pepper Hamilton Sanders LLP
     5 Park Plaza, Suite 1400,

10   Irvine, California 92614
     Lauren.Grochow@troutman.com

11

12   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

13

14   Executed on March 23, 2021, at New York, New York.

15

16

17                              By: /s/ Jake Nachmani

18

19

20

21

22

23

24

25

26

27

28

-3-
NOTICE OF DEPOSITION

Exhibit 6, Page 41