ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:   949.622.2700
Facsimile:   949.622.2739

[*Counsel continued on next page.*]

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG and
Defendant and Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.  2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DISCOVERY MOTION**<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES AND PRODUCTION TO REQUESTS FOR PRODUCTION TO HONG LIU**<br><br>Date:　　April 15, 2021<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 690<br>Judge:　　Hon. Jean P. Rosenbluth<br><br>Discovery Cutoff Date: April 23, 2021<br>Pre-Trial Conf:　　　　Waived<br>Trial Date:　　　　　　June 8, 2021 |

113985158

DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL
FURTHER RESPONSES AND PRODUCTION TO REQUESTS FOR PRODUCTION TO HONG LIU

[*continued counsel*]

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile:  212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile:  704.998.4051

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG and Defendant and Counterclaimant FARADAY&FUTURE INC.

## I.  INTRODUCTION

Flouting his discovery obligations, Plaintiff Hong Liu ("Liu") flat-out refused to produce several different categories of documents directly relevant to his own claims.  Liu then ignored Defendants Faraday&Future Inc., Smart King Ltd., Chaoying Deng, and Jiawei Wang's ("Defendants") Local Rule 37-1 meet and confer letter, detailing why each of his unjustified refusals to produce fail, and he refused to meet and confer as that letter requested, forcing Defendants to draft and serve the Joint Stipulation.  Now, Liu's Joint Stipulation responses prove both that he must be ordered to immediately produce all responsive documents and be sanctioned.

Tellingly, Liu point-blank admits that he is continuing to refuse to produce—without any justification—responsive documents that are directly relevant to his own claims, including:  (i) documents regarding his alleged financial damages (Request for Production ("Request") No. 8); (ii) documents regarding his attempts to mitigate his alleged damages (Request Nos. 20, 43-45); (iii) documents regarding his alleged emotional distress damages (Request Nos. 26-30); (iv) documents regarding specific allegations in his complaint (Request Nos. 10-14, 16-17, 24, 31-32); and (v) his own communications regarding his own allegations and Defendants (Request Nos. 34-42). Liu also continues to refuse to produce a privilege log.  Needless to say, Defendants are entitled to these documents, but as of this filing, Liu still has not produced any of them even though over two months have passed since the Requests' service.  Nor has Liu proffered any cognizable reason why they should not have been produced by now.  Nor is there any such reason.

Instead, Liu offers various excuses that have no basis in either fact or law.  ***First***, Liu claims that, on the same day he returned the Joint Stipulation, he produced certain small portions of the documents at issue here (though none relating to those responsive categories cited above).  This is false.  Liu did send a production link that day, but the link contained no documents whatsoever. (Decl. of Lauren E. Grochow in Support of Supp. Memo. ("Grochow Supp. Decl."), Ex. 1.) Defendants alerted Liu to this fact that very day, and despite two emails about the failure to make the production that was represented to this Court, Liu still has not produced the documents.  (*Id.*, Exs. 1, 2.)  Nor has he explained why he failed to do so, nor has he corrected his representation to this Court.  Of course, even if Liu had made this small production as promised, that still would not

excuse his refusals to produce in response to the categories identified above.

***Second***, Liu states that he will now, after the Joint Stipulation's filing, finally agree to meet and confer. Putting aside the patent impropriety of forcing Defendants to follow the entire Local Rule 37-1 process and file a motion to compel before they will finally (and supposedly) agree to meet and confer, this was a false promise. After the Joint Stipulation's filing, and in a good faith and last-ditch effort to resolve the dispute without the Court's intervention, Defendants took Liu at his word and emailed him proposed times to meet and confer. (*Id.*, Ex 3.) But, yet again, Liu ignored Defendants' invitation and refused to meet and confer.

***Third***, Liu attempts to impugn Defendants' own discovery responses. But while Liu misstates the actual volume of documents produced, notably absent from his contentions are any assertions that Defendants have in any way failed to meet their discovery obligations. That is because, unlike Liu, Defendants are complying with their duties. Though, again, even if that were not the case, as a matter of well-established law, that would not excuse Liu's admitted discovery violations.

This is sanctionable discovery abuse, plain and simple, especially considering that discovery just started after a long transfer fight, but trial is just over two months away, the discovery cutoff is set for a week after this motion's hearing, and depositions actually begin a week before that. Indeed, Liu's tactics are clear: delay to avoid producing documents that would undermine his baseless claims and severely prejudice Defendants' ability to defend themselves. The Federal Rules, due process, and basic fairness mandate that he be ordered to produce all responsive documents immediately. What's more, Liu's unjustified misconduct as well as his serial violations of the Local Rules' meet and confer requirements (his repeated refusals to meet and confer on this motion constitute the 3rd different time that he has failed to do so in this case) underscore the need for sanctions and the payment of Defendants' attorney's fees and costs incurred in filing this motion.

## II. CONTRARY TO LIU'S REPRESENTATIONS AND PROMISES, HE DID NOT MAKE AND HAS NOT MADE ANY ADDITIONAL PRODUCTION, NOR HAS HE MET AND CONFERRED

Despite Liu's statements in the Joint Stipulation, Liu has not in fact made any additional production of documents. Rather, on March 22, 2021, Liu's counsel sent a link to a file transfer site purportedly containing such a production, but the site did not contain any documents. (Grochow Supp. Decl., Ex. 1.) Defendants' counsel promptly alerted Liu to this issue that same day and Liu's counsel responded that they would address it. (*Id*.) On March 25, 2021, having received no production, Defendants' counsel followed up by email regarding the production. (*Id.*, Ex. 2.) But, as of the date of this filing, Liu has yet to produce the documents he represented to the Court had been produced, nor has he responded to Defendants' multiple inquires, nor has he explained why the documents were not produced. (*Id.* ¶ 4.)

In addition, despite Liu's promises to meet and confer regarding his deficient responses and refusals to produce, he has continued to fail to do so and actually ignored—yet again—Defendants' written invitation to meet and confer on these issues. (*Id.* ¶ 5-6, Ex. 3.) This alone is sanctionable conduct.

## III. LIU CONCEDES THAT HIS BOILERPLATE OBJECTIONS FAIL

Defendants' meet and confer correspondence and Joint Stipulation established that, by asserting only boilerplate objections devoid of any specificity to each propounded Request, Liu's objections should be overruled. (Joint Stip. at 7-16.) In response, Liu concedes the point, stating—for the first time—that "Defendants waste pages upon pages discussing a moot point." (*Id*. at 16.) While Liu's belated admission is welcome, had Liu met and conferred as required prior to the Joint Stipulation, the parties could have indeed avoided such waste. At any rate, Liu's objections should thus be stricken.

## IV. LIU STILL ADMITTEDLY REFUSES TO PRODUCE DIRECTLY RELEVANT, NON-PRIVILEGED DOCUMENTS

Liu also continues to refuse to produce documents responsive to Request Nos. 8, 10-14, 16-

17, 20, 24, 26-32, 34-45,[1] standing on his same baseless—and concededly improper—objections, ignoring Defendants' detailed explanations in both their February 24, 2021 meet and confer letter and the Joint Stipulation. Instead, Liu groundlessly asserts that "each and every one of Defendants' [discovery] disputes is moot" (*id.* at 5) by his alleged conduct after receiving the Joint Stipulation and his promises to meet and confer after the Joint Stipulation was filed, the falsity of which is established above. This includes not only his failure to produce any documents as he had stated or his failure to meet and confer as he had promised, but also his continued failure to produce any privilege log. Liu should be ordered to produce all documents responsive to these Requests immediately.[2]

## V. LIU'S MISCHARACTERIZATION OF THE PARTIES' DISCOVERY TO DATE IS BOTH FALSE AND IRRELEVANT

Liu attempts to compare his own discovery efforts with that of Defendants. But, not only are Liu's comparisons not true—for example, he has not produced 1,341 pages and 165 documents (Grochow Supp. Decl. ¶ 7)—and utterly hollow as Liu never has nor can even allege that Defendants have violated their discovery obligations in any way, but such tit-for-tat arguments have no bearing on, and do not excuse, Liu's conceded discovery abuse. *Sandifor v. Cnty. of Los Angeles*, 2019 WL 4137411, at *3 (C.D. Cal. May 8, 2019) (rejecting a "'tit-for-tat' approach to litigation" and noting that the court "w[ould] not consider such arguments . . . ."); *Moore v. Zurich Am. Ins. Co.*, 2016 WL 10987368, at *4 (C.D. Cal. Dec. 1, 2016) ("[T]he Federal Rules do not contain a provision 'authorizing a litigant to behave only as well as his opponent.'") (citations

---

[1] As to Request No. 21 regarding social media, Liu's statements, again, made for the first time in the Joint Stipulation and contradicting his prior written responses, that he "is not withholding any social media-related documents," that he "maintains no relevant social media accounts," and that he has only made one post on a LinkedIn account and will produce that "non-relevant" post, not only do not answer the Request's call but are too little too late. (Joint Stip. at 6.) Had Liu responded that he had no responsive documents in the first instance, or responded at all to the meet and confer letter, the parties may have avoided the Court's intervention on that issue.

[2] Liu's amended responses, served after the Joint Stipulation's service, do not moot the motion or the Local Rule 37-1 process as they have the same objections and responses at issue here and still fail to satisfy the Federal Rules. *See In re Ford Motor Co. Dps6 Powershift Transmission Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 211117, at *23-*24 (C.D. Cal. Oct. 17, 2019).

omitted).

## VI. DEFENDANTS' COSTS AND ATTORNEYS' FEES INCURRED IN BRINGING THIS MOTION SHOULD BE AWARDED AGAINST LIU

Local Rule 37-1 is mandatory. And despite Defendants' reminders, Liu flagrantly refused to meet and confer. (Decl. of Lauren E. Grochow in Support of Joint Stip. ¶¶ 4-8.)[3] Even if Liu had produced documents after receiving the Joint Stipulation (he did not), doing so does not excuse Liu from paying costs and fees related to enforcing those Requests. *See Strategic Partners, Inc. v. FIGS, Inc.*, 2020 WL 2527056, at *8 (C.D. Cal. Feb. 6, 2020) (citing *Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012)). At any rate, Liu admittedly is withholding responsive documents directly relevant to his claims, and every day that passes prejudices Defendants, especially given the extremely tight discovery schedule ordered in this matter. Monetary sanctions must therefore be entered. Fed. R. Civ. P. 37(a)(5)(A) (fees and costs must be awarded). And Defendants reserve the right to seek further sanctions, including but not limited to, evidentiary and terminating sanctions, to remedy any prejudice caused by Liu's undue delay.

## VII. CONCLUSION

Defendants respectfully ask the Court to strike Liu's boilerplate responses, order Liu to immediately produce all responsive documents, and order Liu to pay Defendants' costs and attorneys' fees incurred in bringing this motion.

Dated: April 1, 2021         TROUTMAN PEPPER HAMILTON
                             SANDERS LLP

                             By: /s/ Lauren E. Grochow
                                Alan J. Kessel
                                Jeffrey M. Goldman
                                Kevin A. Crisp
                                Lauren E. Grochow

                                Attorneys for Defendants
                                SMART KING LTD., JIAWEI WANG,
                                and CHAOYING DENG and Defendant
                                and Counterclaimant
                                FARADAY&FUTURE INC.

---

[3] Liu's counsel's assertion that they have "no recollection" of this is belied by the Local Rule 37-1 letter itself (*id.*, Ex. 3) and by declaration filed with the Joint Stipulation (*id.* ¶¶ 5, 7).