# EXHIBIT B

LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609
Telephone: 919.740.9949
Facsimile: 704.998.4051

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
and Defendant and Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU, <br><br> Plaintiff, <br><br> v. <br><br> FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | Case No. 2:20-cv-08035-SVW-JPR <br><br> Honorable Stephen V. Wilson <br><br> **DEFENDANT SMART KING LTD.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)** |

| | |
|---|---|
| PROPOUNDING PARTY: | HONG LIU |
| RESPONDING PARTY: | SMART KING LTD. |
| SET NUMBER: | ONE |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Smart King Ltd. ("Smart King") hereby responds to the First Set of Requests for Admission ("Requests") propounded by Plaintiff Hong Liu ("Liu"), as follows:

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of and in relation to this action. Smart King's responses are subject to their objections to the instructions, objections to the definitions, and specific objections, without waiving and expressly preserving all such objections. Smart King also submits these responses subject to, without intending to waive, and expressly preserving: (a) any objections as to competency, materiality, privilege and admissibility of any of the information provided; and (b) the right to object to any other discovery involving or relating to the subject matter of the Requests responded to herein.

Smart King has not completed its factual and legal investigation, discovery or trial preparation. Consequently, the following responses are given without prejudice to Smart King's right to produce subsequently discovered evidence relating to this action. Smart King reserves its right to amend, modify, or supplement its responses to the Requests as new information is obtained, or as Smart King otherwise deems appropriate or necessary.

## GENERAL OBJECTIONS

The following general objections (collectively, the "General Objections") are made to each and every one of the Requests and are incorporated into each and every one of Smart King's objections and responses to the Requests set forth below. The express assertion of any objection to any of the Requests in the Responses to

Requests section, *infra*, shall not waive, nor shall be construed as a waiver or indication of the inapplicability of, any objection set forth in the Preliminary Statement or in the General Objections. When a response to any of the Requests specifically refers to a response to any earlier Request, that earlier response, including any and all objections, is hereby fully incorporated by reference as if the same had been set forth in length therein.

1. Smart King objects to the Requests, and to each specific Request therein, to the extent that they seek information that is neither relevant to the claim or defense of any party in this action, nor are reasonably calculated to lead to the discovery of admissible evidence.

2. Smart King objects to the Requests, and to each specific Request therein, to the extent that they are overly broad, unduly burdensome, vague and/or ambiguous to the point of oppression.

3. Smart King objects to the Requests, and to each specific Request therein, to the extent that they call for information that is protected by the attorney client privilege, common interest doctrine, attorney work-product doctrine, or any other applicable privilege, doctrine or immunity.

4. Smart King objects to the Requests, and to each specific Request therein, to the extent that they call for information that is confidential and/or proprietary.

5. Smart King objects to the Requests, and to each specific Request therein, to the extent that they call for information protected from discovery by any Constitutional, statutory and/or common law privacy right.

9. Each and every response and objection to each specific Request set forth hereinafter shall be deemed to specifically incorporate the foregoing Preliminary Statement and the General Objections. The express reference to or inclusion of any objection to any Request in no way constitutes, and should not be

construed as a waiver, or admission of the inapplicability of, any other objection.

## OBJECTIONS TO INSTRUCTIONS

Smart King objects to each of the instructions and to the Requests in general, to the extent that they call for or require Smart King to do some act that is not required by the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Central District of California.

## OBJECTIONS TO DEFINITIONS

1. Smart King objects to the terms "YOU" and "YOUR" as used in the Requests on the grounds that the definition is unreasonably broad. Depending upon Liu's intended meaning, the definitions of those terms are vague and, subject to context, are artificially narrow and unreasonably restrictive or unreasonably broad and overreaching. Additionally, Liu's use of these terms, as defined, improperly seeks information protected from discovery based on a Privilege or Privacy. In particular, Smart King objects to these terms to the extent they include counsel for Smart King, other than Liu, or Smart King's experts.

2. Smart King objects to the term "PERSON" and "PERSONS" because the definition is overly broad and unduly burdensome.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiff was granted 20 million options in SMART KING pursuant to the EQUITY INCENTIVE PLAN, with an exercise price of 36 cents per share.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Admitted that Liu was granted 20,000,000 options in Smart King, however, Liu's Employment Agreement with Faraday&Future Inc. ("FF")

was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement, and was therefore terminated, and as such, no options in Smart King putatively available to Liu thereunder vested. Except as admitted, denied.

**REQUEST FOR ADMISSION NO. 2:**

Admit that in or around October 2018, Plaintiff was granted 20 million options in SMART KING pursuant to the EQUITY INCENTIVE PLAN.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Admitted that Liu was granted 20,000,000 options in Smart King, however, Liu's Employment Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement, and was therefore terminated, and as such, no options in Smart King putatively available to Liu thereunder vested. Except as admitted, denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that in or around October 2018, Plaintiff was granted 20 million "equity options" (as that term is used in the EMPLOYMENT AGREEMENT), pursuant to the EMPLOYMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Admitted that Liu was granted 20,000,000 options in Smart King, however, Liu's Employment Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement, and was therefore terminated, and as such, no options in Smart King putatively available to Liu thereunder vested. Except as admitted, denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Plaintiff was never granted "equity options" (as that term is used in the EMPLOYMENT AGREEMENT) pursuant to the EMPLOYMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Plaintiff was never granted "restrictive stocks" (as that term is used in the EMPLOYMENT AGREEMENT) pursuant to the EMPLOYMENT AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 6:**

Admit that all of Plaintiff's options in SMART KING vested upon the termination of his employment at FF.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 7:**

Admit that some or all of Plaintiff's options in SMART KING vested in 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Smart King objects to this request as vague and ambiguous in that it refers to "some or all" of Liu's purported options. Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 8:**

Admit that some or all of Plaintiff's options in SMART KING vested in 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Smart King objects to this request as vague and ambiguous in that it refers to

"some or all" of Liu's purported options. Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that some or all of Plaintiff's options in SMART KING vested in 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Smart King objects to this request as vague and ambiguous in that it refers to "some or all" of Liu's purported options. Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that some or all of Plaintiff's options in SMART KING vested in 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Smart King objects to this request as vague and ambiguous in that it refers to "some or all" of Liu's purported options. Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that none of Plaintiff's options in SMART KING have vested as of the date of YOUR response to this request.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions Smart King responds as follows: Liu's Employment Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of

professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement, and was therefore terminated, and as such, no options in Smart King putatively available to Liu thereunder vested. Except as admitted, denied.

**REQUEST FOR ADMISSION NO. 12:**

Admit that all of Plaintiff's options in SMART KING have been cancelled, terminated, or otherwise invalidated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Smart King objects to phrase "otherwise invalidated" as vague and ambiguous. Smart King also objects to this request as compound as to the phrase "cancelled, terminated, or otherwise invalidated." Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Liu's Employment Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement, and was therefore terminated, and as such, no options in Smart King putatively available to Liu thereunder vested. Except as admitted, denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that some or all of Plaintiff's options in SMART KING were cancelled, terminated, or otherwise invalidated in 2018.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Smart King objects to phrase "otherwise invalidated" as vague and ambiguous. Smart King also objects to this request as compound as to the phrase "cancelled, terminated, or otherwise invalidated." Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Liu's Employment Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and violation of the California Business & Professions Code and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement, and was therefore terminated, and as such, no options in Smart King putatively available to Liu thereunder vested. Except as admitted, denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that some or all of Plaintiff's options in SMART KING were cancelled, terminated, or otherwise invalidated in 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Smart King objects to phrase "otherwise invalidated" as vague and ambiguous. Smart King also objects to this request as compound as to the phrase "cancelled, terminated, or otherwise invalidated." Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and

the Objections to Definitions, FF responds as follows: Liu's Employment Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement, and was therefore terminated, and as such, no options in Smart King putatively available to Liu thereunder vested. Except as admitted, denied.

**REQUEST FOR ADMISSION NO. 15:**

Admit that some or all of Plaintiff's options in SMART KING were cancelled, terminated, or otherwise invalidated in 2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Smart King objects to phrase "otherwise invalidated" as vague and ambiguous. Smart King also objects to this request as compound as to the phrase "cancelled, terminated, or otherwise invalidated." Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Liu's Employment Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF, violations of the rules of professional conduct that governed Liu's actions as FF's counsel and its fiduciary, violation of the California Business & Professions Code, and because the agreement was the product of a constructive fraud, and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor and by virtue of his employment with FF, Liu was in material breach of his Employment Agreement,

1  and was therefore terminated, and as such, no options in Smart King putatively
2  available to Liu thereunder vested.  Except as admitted, denied.

3  **REQUEST FOR ADMISSION NO. 16:**
4  Admit that some or all Plaintiff's options in SMART KING were cancelled,
5  terminated, or otherwise invalidated in 2021.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**
7  Smart King objects to phrase "otherwise invalidated" as vague and
8  ambiguous.  Smart King also objects to this request as compound as to the phrase
9  "cancelled, terminated, or otherwise invalidated."  Subject to and without waiving
10 the foregoing objections, the Preliminary Statement, the General Objections, and
11 the Objections to Definitions, Smart King responds as follows: Liu's Employment
12 Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to
13 Liu's breaches of that agreement, breaches of his fiduciary duties owed to FF,
14 violations of the rules of professional conduct that governed Liu's actions as FF's
15 counsel and its fiduciary, violation of the California Business & Professions Code,
16 and because the agreement was the product of a constructive fraud, and moreover,
17 Liu breached the fiduciary duties he owed FF as its Global Chief Administrative
18 Officer, Global General Counsel, and Global Senior Advisor and by virtue of his
19 employment with FF, Liu was in material breach of his Employment Agreement,
20 and was therefore terminated, and as such, no options in Smart King putatively
21 available to Liu thereunder vested.  Except as admitted, denied.

22 **REQUEST FOR ADMISSION NO. 17:**
23 Admit that none of Plaintiff's options in SMART KING have ever been
24 cancelled, terminated, or otherwise invalidated as of the date of YOUR response to
25 this Request.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**
27 Smart King objects to phrase "otherwise invalidated" as vague and
28 ambiguous.  Smart King also objects to this request as compound as to the phrase

1  "cancelled, terminated, or otherwise invalidated."  Subject to and without waiving

2  the foregoing objections, the Preliminary Statement, the General Objections, and

3  the Objections to Definitions, Smart King responds as follows: Liu's Employment

4  Agreement with FF was and is rescindable, void *ab initio*, and unenforceable due to

5  Liu's breaches of his fiduciary duties, violations of the rules of professional conduct

6  that governed Liu's actions as FF's counsel and its fiduciary, violation of the

7  California Business & Professions Code, and the product of a constructive fraud,

8  and moreover, Liu breached the fiduciary duties he owed FF as its Global Chief

9  Administrative Officer, Global General Counsel, and Global Senior Advisor and by

10  virtue of his employment with FF, Liu was in material breach of his Employment

11  Agreement, and was therefore terminated, and as such, no options in Smart King

12  putatively available to Liu thereunder vested.  Except as admitted, denied.

13  **REQUEST FOR ADMISSION NO. 18:**

14  Admit that following the consummation of the transactions described in

15  Article II ("The Merger; Closing") of the AGREEMENT AND PLAN OF

16  MERGER, Plaintiff will possess options to purchase shares of equity in Property

17  Solutions Acquisition Corp., pursuant to section 3.05 ("Treatment of Outstanding

18  Company Options and Company Warrant") of the AGREEMENT AND PLAN OF

19  MERGER.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

21  Smart King objects to this request on the grounds that it is overly broad and

22  unduly burdensome because it seeks information regarding the AGREEMENT

23  AND PLAN OF MERGER, which is not relevant to any party's claim or defense

24  under Rule 26(b)(1).  Moreover, the AGREEMENT AND PLAN OF MERGER is

25  dated as of January 27, 2021, almost two years after Liu's employment with FF

26  ended such that it has no bearing on any party's claim or defense.  In addition, as of

27  the date of this response, the referenced AGREEMENT AND PLAN OF MERGER

28  is regarding a pending transaction that has yet to be finalized.  Subject to and

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that following the consummation of the respective transactions described in Article II ("The Merger; Closing") and section 3.05 ("Treatment of Outstanding Company Options and Company Warrant") of the AGREEMENT AND PLAN OF MERGER, Plaintiff will not possess options to purchase shares of equity in Property Solutions Acquisition Corp.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Smart King objects to this request as vague and to the extent that it implies that the Liu's lack of options to purchase shares of equity in Property Solutions Acquisition Corps results from the Agreement and Plan of Merger. Smart King further objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1). Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Liu's employment with FF ended such that it has no bearing on any party's claim or defense. In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a pending transaction that has yet to be finalized. Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 20:**

Admit that following the "Closing" of the "Merger," as those terms are defined in Article II of the AGREEMENT AND PLAN OF MERGER, SMART KING will be a wholly-owned subsidiary of PSAC, and none of the Defendants

DEFENDANT SMART KING LTD.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)

will have the ability to grant Plaintiff options to purchase shares of equity in SMART KING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Smart King objects to this request as compound and as vague and ambiguous, especially in its uses of the phrase "ability to grant Plaintiff options to purchase shares of equity in SMART KING," such that Smart King can neither admit nor deny the request. Smart King objects to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1). Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Liu's employment with FF ended such that it has no bearing on any party's claim or defense. In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a pending transaction that has yet to be finalized.

**REQUEST FOR ADMISSION NO. 21:**

Admit that there are currently approximately 20,700,000 outstanding unvested options in SMART KING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Smart King objects to this Request as irrelevant as it seeks information regarding outstanding unvested options that are not related to any party's claim or defense under Rule 26(b)(1). Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Smart King agrees to meet and confer with Liu regarding the relevance of this request.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Plaintiff does not currently hold any outstanding unvested options in SMART KING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Smart King objects to the extent this request insinuates that Liu ever had any enforceable right to any options in Smart King.  Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Plaintiff currently holds 20,000,000 outstanding unvested options in SMART KING.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Smart King responds as follows: Denied.

Dated:  March 15, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: _____
Lauren E. Grochow
Daniel Anziska
Mackenzie L. Willow-Johnson

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
and Defendant and Counterclaimant
FARADAY&FUTURE INC.

# PROOF OF SERVICE

I, Felisa H. Lybarger, declare:

I am a citizen of the United States and employed in Orange County, CA. I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA 92614-2545; email felisa.lybarger@troutman.com.

On March 15, 2021, I served the following document(s) described as:

**DEFENDANT SMART KING LTD.'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION (SET ONE)**

☐ **BY MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

☒ **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

On the following parties:

*SEE ATTACHED SERVICE LIST*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on March 15, 2021, at Irvine, CA.

*/s/ Felisa H. Lybarger*
Felisa H. Lybarger

113067558

**SERVICE LIST**

| | |
|---|---|
| Amiad Kushner<br>Jake Nachmani<br>Seiden Law Group, LLP<br>469 Seventh Avenue, 5thFl.<br>New York, NY 10018<br>Email: akushner@seidenlegal.com<br>        jnachmani@seidenlegal.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |
| Kevin D Hughes<br>Foundation Law Group LLP<br>1999 Avenue of the Stars Suite 1100<br>Los Angeles, CA 90067<br>Email: kevin@foundationlaw.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |

113067558

- 2 -