UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08035-SVW-JPR | Date | 4/7/2021 |
|---|---|---|---|
| Title | *Hong Liu v. Faraday & Future Inc. et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [110]

Before the Court is an ex parte application for a temporary restraining order ("TRO") filed by Plaintiff Hong Liu. For the reasons stated below, the application is DENIED.

On January 25, 2018, Plaintiff entered into an Employment Agreement to become Faraday's General Counsel and Chief Administrative Officer. Declaration of Amiad Kushner, Ex. A ("Agreement") at 1. The Agreement provided a five-year term of employment. *Id.* Plaintiff's compensation included a 2% equity option. *Id.* at 2. Plaintiff alleges that the Agreement required the equity option "immediately and fully" vest upon Plaintiff's early termination. *Id.*

Plaintiff was terminated on February 11, 2019. Declaration of Hong Liu, Dkt. 110-9 ¶ 4. Plaintiff alleges that Defendants failed to honor his equity option. Dkt. 1 ("Compl.") ¶¶ 97-98.

On April 5, 2021, Property Solutions Acquisition Corp. ("PSAC") indicated in an SEC filing that it intends to merge with Faraday shortly. Kushner Decl., Ex. F. The Merger Agreement was publicly filed on January 28, 2021. Declaration of Vijay Sekhon, Dkt. 112-3 ¶¶ 2-3. Under the merger, equity in Smart King, Faraday's parent company, will be cancelled and converted into equity in PSAC. Kushner Decl., Ex. D § 3.05. Plaintiff seeks to enjoin the merger. Dkt. 110-10.

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *See Reno Air Racing*

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08035-SVW-JPR | Date | 4/7/2021 |
|---|---|---|---|
| Title | *Hong Liu v. Faraday & Future Inc. et al.* | | |

*Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  Courts consider whether a plaintiff is likely to succeed on the merits, whether he is likely to suffer irreparable harm in the absence of preliminary relief, whether the balance of equities tips in his favor, and whether an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1]  While other factors are more flexible, a plaintiff must show a likelihood of irreparable harm.  *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction.'" (citation omitted)); *see, e.g.*, *Perfect 10, Inc. v. Google*, 653 F.3d 976, 982 (9th Cir. 2011) (denying injunctive relief based on failure to show irreparable harm).

Here, Plaintiff's inability to exercise his equity option is a fundamentally economic harm. "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (citation omitted); *see also Cotter v. Desert Palnce, Inc.*, 880 F.2d 1142, 1145 (9th Cir. 1989) ("Injuries compensable in monetary damages are 'not normally considered irreparable.'" (citation omitted)). Plaintiff has not shown why future breach of contract damages will be inadequate or unavailable. *See Ryan v. Crown Castle NG Networks Inc.*, 6 Cal. App. 5th 775, 788 (2016) (new trial required for breach of employment contract where jury failed to value stock option package in calculating damages).[2]  Even if Plaintiff had shown damages are inadequate, Plaintiff has not met his burden to demonstrate why specific performance could not be obtained against Faraday's successor for Faraday's breach of contract. Consequently, Plaintiff has failed to show any likelihood of irreparable harm resulting from the consummation of the PSAC merger.

For the foregoing reasons, the ex parte application for a TRO is DENIED.

IT IS SO ORDERED.

---

[1] "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

[2] Plaintiff cites numerous cases for the proposition that specific performance is available to deliver shares that are not publicly available on the market. However, none of the cases involve analogous facts. Here, Faraday is going public through the PSAC merger, and equity in Faraday's parent, Smart King, can easily be valued based on the conversion rate specified in the merger agreement. Kushner Decl., Ex. D §§ 3.01, 3.05. One of Plaintiff's cases recognizes precisely the principle at play here – that "[s]tock in a publicly traded company ... appears fungible," and therefore monetary damages are adequate to remedy an alleged breach. *La Jolla Cove Investors, Inc. v. Sultan Corp., Ltd.*, 2011 WL 4916138, at *2 (S.D. Cal. 2011).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |