# EXHIBIT 1

| | |
|---|---|
| **From:** | Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com> |
| **Sent:** | Monday, March 22, 2021 2:10 PM |
| **To:** | Jake Nachmani; Crisp, Kevin; Kessel, Alan J.; Grochow, Lauren; Willow-Johnson, Mackenzie Lee |
| **Cc:** | Amiad Kushner; Andrew Sklar; Kevin Hughes |
| **Subject:** | RE: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Local Rule 7-3 Notice |
| **Attachments:** | J. Goldman Correspondence re Threatened Motion to Dismiss.pdf |

Jake,

Please review the attached correspondence.

- Jeff

**Jeffrey M. Goldman**
**Partner**
**troutman pepper**
Direct: 949.567.3547 | Internal: 814-3547
jeffrey.goldman@troutman.com

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Monday, March 22, 2021 11:39 AM
**To:** Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com>; Crisp, Kevin <Kevin.Crisp@Troutman.com>; Kessel, Alan J. <Alan.Kessel@Troutman.com>; Grochow, Lauren <Lauren.Grochow@Troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@Troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Local Rule 7-3 Notice

**EXTERNAL SENDER**

Counsel –

Pursuant to the below email, we reiterate our request to discuss with you Plaintiff's to-be-filed motions to dismiss FF's Second Amended Counterclaim, to strike FF and Smart King's affirmative defenses, and for sanctions.

We are available to speak with you later today and tomorrow.  Please let us know your availability.

Regards,

-Jake

**From:** Jake Nachmani
**Sent:** Friday, March 19, 2021 9:30 PM
**To:** Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes

1

Exhibit 1, Page 4

<kevin@foundationlaw.com>
**Subject:** Liu v. Faraday&Future, Inc., et al.,: 2-20-cv-08035-SVW-JPR (C.D. Cal.): Local Rule 7-3 Notice

Counsel:

Pursuant to Local Rule 7-3 and in connection with the above-captioned matter, we are writing to inform you that Plaintiff intends to file a motion to dismiss FF's Second Amended Counterclaim (ECF 95) ("SACC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure,  a motion to strike the affirmative defenses pled in FF and Smart King's Second Amended Answers (ECF 93 & 94, respectively) (collectively, "SAAs") under Rule 12(f) of the Federal Rules of Civil Procedure Rule, and a motion for sanctions under U.S.C. § 1927 and the Court's inherent authority to impose such penalties.

As to Plaintiff's 12(b)(6) motion, Plaintiff will seek to dismiss every cause of action set forth in the SACC.  As a preliminary matter and notwithstanding the numerous pleading defects set forth below, for the ***third time***, FF has set forth a wholly implausible theory of liability.  For example, FF scatters droppings of "facts" which, even if true (which they are not) cannot give rise to a colorable cause of action, detailed below.  Moreover, any new purported facts or legal theories set forth in the SACC have been available to FF prior to the inception of this Action and could have been alleged in the initial Counterclaim or the Amended Counterclaim; yet FF has waited no less than 15 months, three pleadings, two motions to dismiss, and an accelerated litigation schedule and jury trial ordered by the Court to raise these new-fangled claims with but three months until trial begins.  Additionally, it is implausible that Smart King, having been represented by Sidley Austin LLP ("Sidley Austin") in the Evergrande Transaction, which valued Smart King at ***$4.5 billion***, was not represented by counsel in connection with the drafting and negotiating of Plaintiff's Employment Agreement; it is implausible that Defendants did not have Sidley Austin (or other competent legal counsel) review and approve of the Employment Agreement when, by its terms, the Employment Agreement promises to give Plaintiff 2% of Smart King pursuant to the Evergrande Transaction.   By the SACC, FF also contradicts allegations set forth in its previous pleadings, warranting dismissal.

Moreover, it is clear to Plaintiff that FF has made numerous allegations in bad faith, knowing that such allegations were false or with reckless disregard for their truth.  Indeed, while FF maintains that Plaintiff allegedly took advantage of FF by purportedly drafting the Employment Agreement by himself, supposedly inducing FF into entering into the Employment on terms that were somehow unfairly actionable to the Company while failing to advise FF to seek the advice of counsel, FF fails to disclose to the Court that during the negotiation and drafting of the Employment Agreement:

- Sidley Austin reviewed and approved of the Employment Agreement's terms (as well as those in the Director Compensation Agreement);
- Jerry Wang (whose English is perfectly sophisticated) negotiated and drafted the Employment Agreement with Plaintiff;
- Plaintiff accepted numerous material terms sought by FF;
- Numerous material terms were initially included in the Employment Agreement's Term Sheet, which was given to Plaintiff by FF as the parties began negotiating the terms of Plaintiff's employment.

These material omissions constitute a fraud on the Court, render the SACC a frivolous and harassing filing, and warrant sanctions.

Notwithstanding the above-referenced defects, the SACC fails to adequately state a claim. As a preliminary matter, the SACC sounds in fraud and, as a result, many of the SACC's causes of action, including constructive fraud, both counts of breach of fiduciary duty, and unlawful and fraudulent business practices are inadequately pled.  By way of reference and for supporting case law, we direct you to Sections I.A-E of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Dismiss FF's Amended Counterclaim.  (ECF 90-1) ("Motion to Dismiss").

Furthermore, FF's claim for purported violations of New York and California's rules of professional conduct are inadequately pled.  First, the gravamen of these claims – that a company's outside counsel cannot join the company as

2

Exhibit 1, Page 5

its GC – is nonsensical and contrary to the general practice of law.  Additionally, the SACC fails to allege how Plaintiff purportedly breached any duty he owed to FF, how he misled FF, and/or what Plaintiff failed to disclose to FF.  These pleading defects are particularly grievous in light of FF's reckless disregard of the facts underlying the negotiation and drafting of the Employment Agreement – facts referenced above which FF has failed to disclose to Court.

FF's claim based on a theory of unconscionability fails, as the SACC does not allege that claims' required elements.

As to Plaintiff's motion to strike, Plaintiff will seek to strike all of FF and Smart King's affirmative defenses for the reasons set forth in Plaintiff's Motion to Dismiss.  By way of a reference to applicable case law, we direct you to Section IV of Plaintiff's Motion to Dismiss.

Potential resolution of this matter can be achieved subject to your withdrawal of the SACC and your affirmative defenses, in addition to payment of legal fees of Plaintiff's counsel.

We are available to discuss this with you on Monday or Tuesday of the coming week, March 22nd or 23rd. Please let us know when you are available.

Regards,

-Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

SEIDEN LAW GROUP LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.
保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

Exhibit 1, Page 6

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

troutman.com

**Jeffrey M. Goldman**
D 949.567.3547
F 866.728.3537
jeffrey.goldman@troutman.com

Via E-mail

March 22, 2021

Jake Nachmani
Seiden Law Group, LLP
469 Seventh Avenue, 5thFl.
New York, NY 10018
jnachmani@seidenlegal.com

Re:   **Meet and Confer re Motion to Dismiss Counterclaimant Faraday & Future's Second Amended Cross-Complaint**

Dear Mr. Nachmani:

We write in response to your email below, in which you have threatened to file an unmeritorious motion to dismiss Counterclaimant Faraday & Future's ("Counterclaimant") Second Amended Cross-Complaint ("SAC").

**<u>Liu Has Once Again Violated C.D. Cal. L.R. 7-3</u>**

Central District of California Local Rule 7-3 expressly mandates that the meet and confer conference prerequisite to your threatened motion to dismiss be *conducted* no less than seven (7) days *prior* to your March 25, 2021 deadline to file that motion.  As such, your e-mail sent after the close of business on Friday, March 19, 2021, first seeking to coordinate a meet-and-confer call during the week of March 22, 2021, is both untimely and in direct violation of Local Rule 7-3 which required completion of that meet-and-confer conference by no later than Thursday, March 18, 2021.  *See* C.D. Cal. L.R. 7-3.

Notably, this is the second time in less than three weeks that Plaintiff Hong Liu ("Liu") has failed to meet-and-confer at least seven days before his filing deadline in violation of Central District of California Local Rule 7-3's unambiguous requirements, despite having been expressly and repeatedly advised of those requirements by Counterclaimant verbally, in written correspondence, and in a court filing.  Furthermore, Liu's continuing failure and refusal to abide by Central District of California Local Rule 7-3 is prejudicial to Counterclaimant as it is a tactic now transparently being used by Liu to attempt to delay the pleadings from being "closed" in order to prevent Counterclaimant from filing its previously referenced Motion for Judgment on the Pleadings in response to Liu's Complaint.  To that end, in addition to the fact that Liu's threatened Motion to Dismiss will not be heard until April 22, 2021, at the earliest, it also is not clear whether the Court will issue a ruling that day, or how much time the Court would provide (i) Liu to answer the SAC in the event his threatened motion to dismiss is denied; or (ii)

**Jake Nachmani**
March 22, 2021
Page 2



---

Counterclaimant to amend should that motion be granted.  Accordingly, please let us know immediately whether Liu is willing to agree to extend the current May 11, 2021 motion cut-off date to allow Counterclaimant to file the Motion for Judgment on the Pleadings up to seven days after the pleadings are "closed," absent which Counterclaimant reserve, and will pursue, all appropriate actions available to it in response to Liu's open flouting of Local Rule 7-3, and to redress the obvious and intended prejudice resulting from that violation.

**Liu's Proffered Motion to Dismiss Arguments are Legally Baseless**

Without waiving, and in express reservation of, Counterclaimant's position that the Motion to Dismiss should be stricken or denied by virtue of your violation of Local Rule 7-3, we turn now to your vague allusions to the grounds of Liu's claims.

***First,*** the SAC's causes of action relating to your client's violations of the Rules of Professional Conduct, and the statutory bars on practicing law without a license in California, are clearly *not* grounded in fraud.  Rather, they are properly based on Liu's manifest failures to abide by his ethical obligations and to clear conflicts of interest, the "mere instance" of which—contrary to being subject to any "heightened" pleading standard baldly proclaimed in your letter—*actually* and legally gives rise to a *presumption* of undue influence by Liu, which he cannot rebut here:

> '[A] transaction between an attorney and client which occurs during the relationship and which is advantageous to the attorney is presumed to violate that fiduciary duty and to have been entered into without sufficient consideration and under undue influence.'  (*Lewin v. Anselmo* (1997) 56 Cal.App.4th 694, 701 [65 Cal. Rptr. 2d 682].)  As explained long ago in *Felton v. Le Breton* (1891) 92 Cal. 457, 469 [28 P. 490]: 'While an attorney is not prohibited from having business transactions with his client, yet, inasmuch as the relation of attorney and client is one wherein the attorney is apt to have very great influence over the client, especially in transactions which are a part of or intimately connected with the very business in reference to which the relation exists, such transactions are always scrutinized by courts with jealous care, and are set aside at the mere instance of the client, unless the attorney can show by extrinsic evidence that his client acted with full knowledge of all the facts connected with such transaction, and fully understood their effect; and in any attempt by the attorney to enforce an agreement on the part of the client growing out of such  transaction, the burden of proof is always upon the attorney to show that the dealing was fair and just, and that the client was fully advised.'  (*See also Gold v. Greenwald* (1966) 247 Cal. App. 2d 296, 305 [55 Cal. Rptr. 660].)

*BGJ Assocs. v. Wilson*, 113 Cal. App. 4th 1217, 1227-28 (2003).

**Jake Nachmani**
March 22, 2021
Page 3



Liu cannot rebut the presumption of his undue influence over Counterclaimant for several reasons, including his indisputable failure to give Counterclaimant "all that reasonable advice against himself that he would have given him against a third person" (*Beery v. State Bar*, 43 Cal. 32 802, 813 (1987)), let alone do so at the pleading stage where all of Counterclaimant's allegations are required to be accepted as true.  Moreover, even assuming, incorrectly, that a heightened pleading standard did hypothetically apply, Counterclaimant clearly met that hypothetical standard by detailing the obligations owed to it by Liu, as well as Liu's failures to abide by those obligations prior to executing the Employment Agreement, legally entitling Counterclaimant to redress Liu's ethical violations through the SAC's causes of actions seeking (i) to rescind or otherwise invalidate the Employment Agreement; as well as (ii) the forfeiture of fees.  *See, e.g., Fair v. Bakhtiari*, 195 Cal. App. 4th 1135, 1153 (2011) ("An attorney may violate the statute and breach his or her fiduciary duties to the client without causing the client damages.  It makes sense to require proof of damages where the client seeks compensatory damages as a tort remedy for breach of fiduciary duty, but not if the client seeks only forfeiture of fees.  The purpose of compensatory damages is to make plaintiffs whole for harm caused by defendants.  Forfeiture of legal fees serves several different purposes.  It deters attorney misconduct and recognizes that damage caused by attorney misconduct is often difficult to assess.  It prevents fiduciaries from profiting from their fiduciary breach and disloyalty.  Like compensatory damages, it compensates clients for harm they have suffered, but it reflects not the harms the clients suffer from the tainted representation, but the decreased value of the representation itself.") (citations omitted).

**Second,** your unsubstantiated contentions as to the timing of the SAC are belied by the Court's recent Order confirming the propriety of Counterclaimant's filing of the SAC as a matter of right and correspondingly denying Liu's immediately prior motion to dismiss as moot.

**Finally,** the SAC's gravamen is *not*, as you claim, "that a company's outside counsel cannot join the company as its GC."  To the contrary, as evident on its face, the gravamen of the SAC is that a "company's outside counsel cannot join the company as its GC" ***unless he complies with the Rules of Professional Responsibility and related statutory authority in negotiating his agreement with the company.***  Put simply, Liu was in a position of trust with Counterclaimant as the lead attorney representing it at Mayer Brown, and was legally required to inform it of each of the matters detailed in the SAC.  Rather than do so, Liu used his ethical violations to financially benefit himself to the detriment of his client, while simultaneously practicing law in California without a license.  As plainly established by the law cited in the SAC, as well as above, all of these matters are properly alleged in the SAC and are legally not subject to dismissal.

**Counterclaimant Did Not Omit Any Necessary Allegations**

Contrary to your position, there are no "undisclosed" facts that needed to be pleaded in the SAC.  Counterclaimant has set forth the pertinent and unvarnished facts, and needs not present facts that are irrelevant to the SAC, Liu's attempt to avoid the consequences of his unethical



conduct by manufacturing statements that he would have liked to see in the SAC, notwithstanding.  To that end, and by way of representative example:

Your claim that Sidley Austin "reviewed and approved of the Employment Agreement's terms" is a gross misstatement of fact.  Sidley Austin did not represent Counterclaimant in the transaction with Liu.  Indeed, even assuming, incorrectly, that were not the case, the presence of any independent counsel on Counterclaimant's behalf would not legally condone Liu's violations of the Rules of Professional Conduct.  Moreover, the fact that Liu's false suppositions are premised upon alleged matters to which he purportedly was exposed while serving as Counterclaimant's counsel (either at Mayer Brown or while employed by Counterclaimant), is itself troubling, as well as gives rise to Liu's commission of additional ethical violations, particularly where his use of any privileged information in any way, shape, or form is legally prohibited, and would constitute further breaches of his ethical obligations and of his duty of loyalty.  *See, e.g.,* Cal. R. Prof. Resp. 1.8.2; N.Y. R. Prof. Resp. 1.8(b).  Please be advised that, Iif Liu presents any privileged information in his threatened motion to dismiss, Counterclaimant will pursue any and all available remedies.

Similarly, your claim that Mr. Wang's English is "perfectly sophisticated" is irrelevant, as Counterclaimant properly and accurately alleged that he is not a native English speaker and Liu, who previously communicated with Mr. Wang extensively in Mandarin, cannot deny the truth of that statement, particularly on a motion to dismiss.

Finally, your claim that "numerous material terms were initially included in the Employment Agreement's Term Sheet" and that Counterclaimant "accepted numerous material terms sought by FF," does not obviate Liu's obligations to abide by his ethical obligations.  To the contrary, if anything, it's damning to Liu's defense if he allegedly saw material terms that unfairly benefitted him before a formal agreement was prepared, and thereafter failed to provide the required disclosures, failed to obtain the necessary informed written consent and conflict waivers, and failed to provide all of the reasonable advice against himself that he would have given him against a third person, as all required by law.

## Conclusion

It is our sincere hope that Liu will refrain from filing his threatened, legally spurious motion to dismiss.  Should he proceed to do so, Counterclaimant will have no choice but to pursue all appropriate remedies available to it.  In the hope of persuading Liu to comply with his legal obligations to refrain from filing his threatened motion to dismiss, without waiving, and in

Jake Nachmani
March 22, 2021
Page 5



express reservation of, Counterclaimant's rights with respect to Liu's above-referenced violation of Local Rule 7-3, we are available to meet and confer at any time after 10:00 a.m. PST on Tuesday, March 23, 2021.

Sincerely,

Jeffrey M. Goldman

# EXHIBIT 2

**Grochow, Lauren**

| | |
|---|---|
| **From:** | Jake Nachmani <jnachmani@seidenlawgroup.com> |
| **Sent:** | Tuesday, March 30, 2021 4:50 PM |
| **To:** | Goldman, Jeffrey M.; Crisp, Kevin; Kessel, Alan J.; Grochow, Lauren; Willow-Johnson, Mackenzie Lee |
| **Cc:** | Amiad Kushner; Andrew Sklar; Kevin Hughes |
| **Subject:** | Re: Liu v. Faraday&Future, Inc., et al. |

**EXTERNAL SENDER**

Counsel – There is a correction in the last paragraph of the below email which we would like address.  We are resending the updated email in its entirety below …

Counsel –

This email serves to memorialize the meet and confer conference call held on March 23, 2021 concerning Plaintiff's motion to dismiss FF's Second Amended Counterclaim (ECF 95) ("SACC"), Plaintiff's motion for sanctions, and Defendant's motion for judgment on the pleadings.

As a preliminary matter, we raised the issue of your allowing us to have an extension of time to file our motion to dismiss, given the new theories set forth in SACC, the abridged litigation schedule in light of the Court's ordered June 8, 2021 trial date, and, in terms of reciprocity between the parties, the fact that we effectively provided Defendants with more than five weeks to respond to Plaintiff's initial motion to dismiss. You rejected our proposed extension.  Instead, you said that such an extension would be acceptable only if Plaintiff extended the time to file motions beyond the agreed-upon May 11, 2021 cut-off date.  ECF 92.  We explained that we could not agree to that, as Defendants' currently being unable to file their motion for judgment on the pleadings was entirely a situation of Defendants' making: the pleadings remain open here because, at this late date, with approximately less than three months until trial, Defendants have chosen to file a second amended counterclaim, alleging claims and theories which could have been brought at the very inception of this action, in January 2020, and that the current litigation schedule was not only agreed-upon by the parties but initially provided by Defendants themselves.  All of this notwithstanding, the parties could not agree to an arrangement; Plaintiff filed his *ex parte* application for leave for an extension of time (ECF 99), Defendants objected (ECF 104), submitting a 14 page opposition brief, and the Court granted Plaintiff's application. ECF 106.

As to Plaintiff's motion to dismiss the SACC, Plaintiff once again set forth the numerous grounds for his to-be-filed 12(b)(6) motion, including the following:

- The allegations set forth in the SACC are implausible on their face, as detailed in Plaintiff's numerous emails sent pursuant to Local Rule 7-3.
- As to FF's claims concerning purported violations of professional conduct, the facts as alleged simply cannot give rise to liability under those provisions.
- As to FF's claims sounding in fraud, including but not limited to constructive fraud, illegal or fraudulent business practices, and breach of fiduciary duty, once again FF's pleadings fail to meet the requirements of Rule 9(b).

As to the basis for Plaintiff's motion for sanctions, we asked you if the law firm of Sidley Austin reviewed, approved of or helped negotiate any terms of the Employment Agreement.  You responded that, in connection with the Employment Agreement, "Sidley did not represent Faraday."  You did not answer the question we asked, which was significantly more detailed than your broad response.  You did mention that you were concerned that, in connection with our motion to dismiss and for sanctions, we would be using "privileged information."  We explained that any materials we would be using would no longer privileged and that we would have a good faith basis to use those materials.

1

We then turned to discussing Defendants' motion for judgment on the pleadings.

You maintained that Plaintiff's claim for intentional infliction of emotional distress was preempted. We maintained that it was not and that we would not be withdrawing it at that time.  You asked us if we would withdraw our claim under Section 10(b)(5) of the Exchange Act; we said we would not be withdrawing it at that time.  As to the fraudulent inducement and negligent misrepresentation claims, you maintained that these claims are no more than breach of contract claims.  We responded that that analysis was incorrect: these claims are colorable because Defendants made false statements upon which Plaintiff relied, not as is the case with a breach of contract claim because Defendants didn't make good on their promises (*cf.* FF's initial and Amended Counterclaims).  Finally, you mentioned that as to Plaintiff's claim for wrongful termination, it was inappropriate for a company's in-house counsel to bring this claim unless it fell within the narrow scope of *General Dynamics Corporation*, which in your view Plaintiff does not qualify.  Moreover, you added that Plaintiff could not use privileged information to prosecute his wrongful termination claim.

Finally, the call concluded with a discussion concerning the use of privileged information. Citing Defendants' previous reference to the fact that, in Defendants' view, Plaintiff cannot use privileged information in his motion to dismiss or use it to prosecute Plaintiff's wrongful termination claim, we asked if it was Defendants' position that FF could use privileged information to prosecute its breach of contract counterclaim.  It was your position that as to the subject matter of Plaintiff's failure to perform competently on the job for FF, as FF alleges in the SACC, privileged communications were at issue and could be used by FF; however, in your view, all other communications between Plaintiff and FF would be subject to the attorney-client privilege.   We disagreed in full with your position as applied here.

Regards,

-Jake

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Date:** Tuesday, March 30, 2021 at 7:02 PM
**To:** Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com>, Crisp, Kevin <Kevin.Crisp@Troutman.com>, Kessel, Alan J. <Alan.Kessel@Troutman.com>, Grochow, Lauren <Lauren.Grochow@Troutman.com>, Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@Troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>, Andrew Sklar <asklar@seidenlawgroup.com>, Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.

Counsel –

This email serves to memorialize the meet and confer conference call held on March 23, 2021 concerning Plaintiff's motion to dismiss FF's Second Amended Counterclaim (ECF 95) ("SACC"), Plaintiff's motion for sanctions, and Defendant's motion for judgment on the pleadings.

As a preliminary matter, we raised the issue of your allowing us to have an extension of time to file our motion to dismiss, given the new theories set forth in SACC, the abridged litigation schedule in light of the Cour's ordered June 8, 2021 trial date, and, in terms of reciprocity between the parties, the fact that we effectively provided Defendants with more than five weeks to respond to Plaintiff's initial motion to dismiss. You rejected our proposed extension.  Instead, you said that such an extension would be acceptable only if Plaintiff extended the time to file motions beyond the agreed-upon May 11, 2021 cut-off date.  ECF 92. We explained that we could not agree to that, as Defendants' currently being unable to file their motion for judgment on the pleadings was entirely a situation of Defendants' making: the pleadings remain open here because, at this late date, with approximately less than three months until trial, Defendants

have chosen to file a second amended counterclaim, alleging claims and theories which could have been brought at the very inception of this action, in January 2020, and that the current litigation schedule was not only agreed-upon by the parties but initially provided by Defendants themselves.  All of this notwithstanding, the parties could not agree to an arrangement; Plaintiff filed his *ex parte* application for leave for an extension of time (ECF 99), Defendants objected (ECF 104), submitting a 14 page opposition brief, and the Court granted Plaintiff's application. ECF 106.

As to Plaintiff's motion to dismiss the SACC, Plaintiff once again set forth the numerous grounds for his to-be-filed 12(b)(6) motion, including the following:

- The allegations set forth in the SACC are implausible on their face, as detailed in Plaintiff's numerous emails sent pursuant to Local Rule 7-3.
- As to FF's claims concerning purported violations of professional conduct, the facts as alleged simply cannot give rise to liability under those provisions.
- As to FF's claims sounding in fraud, including but not limited to constructive fraud, illegal or fraudulent business practices, and breach of fiduciary duty, once again FF's pleadings fail to meet the requirements of Rule 9(b).

As to the basis for Plaintiff's motion for sanctions, we asked you if the law firm of Sidley Austin reviewed, approved of or helped negotiate any terms of the Employment Agreement.  You responded that, in connection with the Employment Agreement, "Sidley did not represent Faraday."  You did not answer the question we asked, which was significantly more detailed than your broad response.  You did mention that you were concerned that, in connection with our motion to dismiss and for sanctions, we would be using "privileged information."  We explained that any materials we would be using would no longer privileged and that we would have a good faith basis to use those materials.

We then turned to discussing Defendants' motion for judgment on the pleadings.

You maintained that Plaintiff's claim for intentional infliction of emotional distress was preempted. We maintained that it was not and that we would not be withdrawing it at that time.  You asked us if we would withdraw our claim under Section 10(b)(5) of the Exchange Act; we said we would not be withdrawing it at that time.  As to the fraudulent inducement and negligent misrepresentation claims, you maintained that these claims are no more than breach of contract claims.  We responded that that analysis was incorrect: these claims are colorable because Defendants made false statements upon which Plaintiff relied, not as is the case with a breach of contract claim because Defendants didn't make good on their promises (*cf.* FF's initial and Amended Counterclaims).  Finally, you mentioned that as to Plaintiff's claim for wrongful termination, it was inappropriate for a company's in-house counsel to bring this claim unless it fell within the narrow scope of *General Dynamics Corporation*, which in your view Plaintiff does not qualify.  Moreover, you added that Plaintiff could not use privileged information to prosecute his wrongful termination claim.

Finally, the call concluded with a discussion concerning the use of privileged information. Citing Defendants' previous reference to the fact that, in Defendants' view, Plaintiff cannot use privileged information in his motion to dismiss or use it to prosecute Plaintiff's wrongful termination claim, we asked if it was Defendants' position that Plaintiff could not use privileged information to prosecute his breach of contract claim.  It was your position that as to the subject matter of Plaintiff's failure to perform competently on the job for FF, as FF alleges in the SACC, privileged communications were at issue and could be used; however, in your view, all other communications between Plaintiff and FF would be subject to the attorney-client privilege.   We disagreed in full with your position as applied here.

Regards,

-Jake

---

**From:** Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com>
**Sent:** Monday, March 22, 2021 5:28 PM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>; Crisp, Kevin <Kevin.Crisp@Troutman.com>; Kessel, Alan J.

Exhibit 2, Page 10

<Alan.Kessel@Troutman.com>; Grochow, Lauren <Lauren.Grochow@Troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@Troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.

Jake,

As stated in my letter, I am available at any time after 10 am PDT tomorrow, March 23, 2021.

- Jeff


---
Sent from Workspace ONE Boxer

On March 22, 2021 at 2:24:56 PM PDT, Jake Nachmani <jnachmani@seidenlawgroup.com> wrote:

**EXTERNAL SENDER**

Jeff,

We would like to meet and confer with you. When are you available to do so?

Of course, we take issue with your framing of the phrase "threatening." This is not so. We are providing Defendants with notice pursuant our obligations under the Local Rules.

Regards,

Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

SEIDEN LAW GROUP LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

Exhibit 2, Page 11

**From:** Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com>
**Sent:** Monday, March 22, 2021 5:11 PM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>; Crisp, Kevin <Kevin.Crisp@Troutman.com>; Kessel, Alan J. <Alan.Kessel@Troutman.com>; Grochow, Lauren <Lauren.Grochow@Troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@Troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.

Jake,

Let's further discuss the matters discussed in my March 16, 2021 correspondence concerning the Motion for Judgment on the Pleadings when we discuss your threatened motion to dismiss and motion to strike.

Sincerely,

Jeff

**Jeffrey M. Goldman**
**Partner**
**troutman** **pepper**
Direct: 949.567.3547 | Internal: 814-3547
jeffrey.goldman@troutman.com

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Tuesday, March 16, 2021 10:45 AM
**To:** Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com>; Crisp, Kevin <Kevin.Crisp@Troutman.com>; Kessel, Alan J. <Alan.Kessel@Troutman.com>; Grochow, Lauren <Lauren.Grochow@Troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@Troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Subject:** RE: Liu v. Faraday&Future, Inc., et al.

**EXTERNAL SENDER**

Counsel,

We are in receipt of and have reviewed the below-referenced (and attached) letter dated March 15, 2021 ("March 15 Letter"). We write in response thereto.

As a preliminary matter, Plaintiff is willing to meet and confer with you on the substance of your motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Rule 12(c)").

However and as you should know, a motion under Rule 12(c) may be filed only "*[a]fter the pleadings are closed*." Fed. R. Civ. P. 12(c). Because Rule 7(a) of the Federal Rules of Civil Procedure designates a counterclaim as a pleading, the Ninth Circuit holds that, for the purposes of Rule 12(c), the pleadings are closed only when the counterclaim too is closed. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).

Here, FF's 12(c) motion is entirely premature, as the pleadings are not closed. Indeed, FF's filing the Second Amended Counterclaim (ECF 95) ("SACC") has kept the pleadings open, rendering the filing of Defendants' 12(c) motion premature. Plaintiff has not yet answered and/or moved to dismiss the SACC. Underscoring the relevance of this, FF relies squarely on the allegations (albeit defective ones) in the SACC as grounds for dismissal

5

of Plaintiff's breach of contract claim. *See* March 12, 2021 Letter at 2. Moreover, in the event that Plaintiff moves to dismiss some or all of FF's new-fangled counterclaims, the pleadings will be closed only after the Court resolves that motion, subject to Plaintiff's having filed his reply brief. Accordingly and for all these reasons, the pleadings are not closed, and FF's motion is untimely; caselaw from within this Circuit is clear on this. *See Buckhorn v. Hettinger*, 2020 WL 5910070, at *7 (N.D. Cal. Oct. 6, 2020) (denying defendant's motion to dismiss on the pleadings where defendant had also filed a counterclaim which, at the time of defendant's 12(c) motion, plaintiff had not yet answered); *Johnson v. Mazza*, 2016 WL 11505262, at *3 (C.D. Cal. Sept. 20, 2016) (noting that defendants' 12(c) motion was timely only because (i) defendants had filed an answer and (ii) "no counterclaim or cross-claims ha[d] been filed."); *Sebastian Brown Prods. LLC v. Muzooka Inc.*, 2016 WL 949004, at *4 (N.D. Cal. Mar. 14, 2016) (noting that defendants' motion to dismiss complaint under 12(c) was premature because defendants had filed a counterclaim which plaintiff had not yet answered); *IconFind, Inc. v. Google, Inc.*, 2011 WL 4505817, at *1 (E.D. Cal. June 3, 2011) (dismissing defendant's 12(c) motion as premature where defendant also filed counterclaims to which plaintiff had not yet responded).

Moreover, given the June 2021 trial date, it is hard to imagine that this motion, whether prematurely brought pursuant to your March 15 Letter or upon disposition of FF's SACC, would not delay trial, providing an additional basis for why this motion should not be brought.

To the extent Defendants can provide controlling case law to the contrary, please share that with us expeditiously.

We are available to meet and confer with you on this motion on Friday, March 19, 2021 or on Monday of next week.

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本电邮之内容

**From:** Lybarger, Felisa H. <Felisa.Lybarger@troutman.com>
**Sent:** Tuesday, March 16, 2021 12:08 AM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>; Amiad Kushner <akushner@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>
**Cc:** Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>
**Subject:** Liu v. Faraday&Future, Inc., et al.

Dear Counsel:

Please see the attached letter.

Thank you,

**Felisa H. Lybarger**
**Legal Practice Assistant**
Direct: 949.622.2750 | Internal: 18-2750
felisa.lybarger@troutman.com

———————————————

**troutman** **pepper**
5 Park Plaza, Suite 1400
Irvine, CA 92614
troutman.com

———————————————

**A HIGHER COMMITMENT TO CLIENT CARE**

Troutman Pepper is a 2020 Mansfield Certified Plus Firm

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

Exhibit 2, Page 14

# EXHIBIT 3

1 | LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
2 | TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
3 | Irvine, CA  92614-2545
Telephone: 949.622.2700
4 | Facsimile:  949.622.2739

5 | DANIEL N. ANZISKA, *Pro Hac Vice*
daniel.anziska@troutman.com
6 | TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
7 | New York, NY 10022
Telephone: 212.704.6000
8 | Facsimile:  212.704.6288

9 | MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
mackenzie.willow-johnson@troutman.com
10 | TROUTMAN PEPPER HAMILTON SANDERS LLP
305 Church at North Hills Street, Suite 1200
11 | Raleigh, NC 27609
Telephone: 919.740.9949
12 | Facsimile:  704.998.4051

13 | Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
14 | and Defendant and Counterclaimant FARADAY&FUTURE INC.

15 | UNITED STATES DISTRICT COURT

16 | CENTRAL DISTRICT OF CALIFORNIA

17 | WESTERN DIVISION

18 |

19 | HONG LIU,    Case No.  2:20-cv-08035-SVW-JPR

20 | Plaintiff,    Honorable Stephen V. Wilson

21 | v.    **DEFENDANTS FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, AND CHAOYING DENG's REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE) TO PLAINTIFF HONG LIU**

22 | FARADAY&FUTURE INC., SMART KING LTD., JIAWEI
23 | WANG, and CHAOYING DENG,
24 | Defendants.

25 |

26 | AND RELATED COUNTERCLAIM.

27 |

28 |

114229690

DEFENDANTS FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, AND CHAOYING DENG'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE) TO PLAINTIFF HONG LIU

Exhibit 3, Page 15

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

PROPOUNDING PARTY:    Defendants SMART KING LTD., JIAWEI
                      WANG, and CHAOYING DENG and Defendant
                      and Counterclaimant FARADAY&FUTURE INC.

RESPONDING PARTY:     Plaintiff HONG LIU

SET NO.:              THREE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Smart King Ltd., Jiawei Wang, Chaoying Deng and Defendant and Counterclaimant Faraday&Future Inc. (collectively, "Defendants") request that Plaintiff Hong Liu ("Liu"), in accordance with the instructions and definitions set forth herein, serve upon counsel for Defendants responses and responsive documents and things to these Requests within thirty days of service hereof.  Liu is to produce for inspection/copying at the offices of Troutman Pepper Hamilton Sanders, LLP, 5 Park Plaza, Suite 1400, Irvine, California 92614-2545, all documents and other tangible things responsive to the following requests that are in Liu's possession, custody, and control or wherever located, unless otherwise agreed to by counsel for the parties.

If any materials are withheld from production based on a claim of privilege, please list the following for each item claimed to be privileged:  (a) a brief description of the nature and contents of the matter claimed to be privileged; (b) the name, occupation and capacity of the individual(s) from whom the alleged privileged matter was directed; (c) the date the item bears; and (d) the privilege claimed.

## **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to this Request for Production of Documents:

1.      The terms "YOU," "YOUR" and "LIU" shall mean and refer to Plaintiff Hong Liu and his agents, employees, representatives, attorneys or anyone

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

else acting on his behalf.

2.      The term "FF" shall mean and refer to Defendant and Counterclaimant Faraday&Future Inc. and all of its agents, employees, representatives, or anyone else acting on its behalf.

3.      The term "SMART KING" shall mean and refer to Defendant FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King, Ltd. and all of its agents, employees, representatives, or anyone else acting on its behalf.

4.      The term "EMPLOYMENT AGREEMENT" refers to the Employment Agreement dated January 25, 2018 between LIU, FF, and SMART KING.

5.      The term "MAYER" refers to the law firm Mayer Brown, LLP and all of its agents, employees, representatives, or anyone else acting on its behalf.

6.      The terms "DOCUMENT" or "DOCUMENTS" shall be understood to apply to any tangible or intangible record or communication, including electronically stored information, and shall include, without limitation, any kind of written, typewritten, printed, recorded or reproduced material whatsoever, including, without limitation, COMMUNICATIONS, calendars, diaries, journals, notes, memoranda, letters, emails, instant messages, texting messages, blogs, internet or social media postings, reports, summaries, financial statements, police reports, and other financial records, microfilms, photographs, publications, contracts, recordings, information on computer disks, information on computer hard drives, e-mails, electronic media, transcriptions of recordings and business records. The terms "DOCUMENT" or "DOCUMENTS" shall also include, without limitation, originals, duplicates, all file copies, all other copies (with or without notes or changes thereon) no matter how prepared, drafts, working papers, routing slips and similar materials. The terms "DOCUMENT" or "DOCUMENTS" shall also include any file or other container holding, or which at any time held, any

document, as well as any writing or other COMMUNICATION that appears or

appeared on or affixed to such file or container.

7.      The terms "COMMUNICATION" or "COMMUNICATIONS" means

the transmission, whether orally, electronically, or in writing, by any means of a

word, statement, fact, thing, idea, document, instruction, demand or question, and

include any documents which abstract, digest, transcribe or record any such

communication.

8.      The terms "REFLECTING" or "RELATING TO" shall be construed

in the broadest sense to mean consisting of, referring to, pertaining to, reflecting,

constituting, identifying, memorializing, mentioning, evidencing, constituting, or

otherwise relevant to, in any way, in whole or in part, the subject matter referred to

in the request.

9.      The term "INFORMED CONSENT" shall have the same definition as

it does under New York Rules of Professional Conduct 1.0(j), which states:

> "Informed consent" denotes the agreement by a person to
> a proposed course of conduct after the lawyer has
> communicated information for the person to make an
> informed decision, and after the lawyer has adequately
> explained to the person the material risks of the proposed
> course of conduct and reasonably available alternatives.

10.     The singular form of a noun or pronoun includes within its meaning

the plural form of the noun or pronoun used, and vice versa; the use of the feminine

form of a pronoun includes within its meaning the masculine form of the pronoun

used, and vice versa; and the use of any tense of any verb includes within its

meaning all other tenses of the verb used.

11.     Whenever used herein, "and" shall be understood to mean "or" and

vice versa, whenever such construction results in a broader request for information.

12.     If YOU object to any Request for Production in any part, YOU shall

respond fully to the extent not objected to, and shall set forth specifically the

grounds upon which the objection is based.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Exhibit 3, Page 18

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and any third-party RELATING TO the EMPLOYMENT AGREEMENT prior to YOU entering that agreement.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and MAYER regarding YOUR resignation from MAYER.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and MAYER regarding FF following your resignation from MAYER.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and MAYER regarding the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting FF's INFORMED CONSENT to any conflict of interest prior to entering into the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS reflecting SMART KING's INFORMED CONSENT to any conflict of interest prior to entering into the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS disclosing or discussing the potential adverse consequences of the EMPLOYMENT AGREEMENT on FF.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS disclosing or discussing the potential adverse consequences of the EMPLOYMENT AGREEMENT on SMART KING.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS in which YOU advised FF of the desirability of seeking independent counsel with regard to the EMPLOYMENT AGREEMENT.

114229690                                                         4

DEFENDANTS FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, AND CHAOYING DENG'S
REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE) TO PLAINTIFF HONG LIU

Exhibit 3, Page 19

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS in which YOU advised SMART KING of the desirability of seeking independent counsel with regard to the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 11:**

All COMMUNICATIONS supporting or REFLECTING that YOU gave FF a reasonable opportunity to seek the advice of independent counsel prior to entering the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 12:**

All COMMUNICATIONS supporting or REFLECTING that YOU gave SMART KING a reasonable opportunity to seek the advice of independent counsel prior to entering the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS REFLECTING FF's INFORMED CONSENT as to the essential terms of the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS REFLECTING FF's INFORMED CONSENT to any risk that FF undertook in the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS REFLECTING SMART KING's INFORMED CONSENT to any risk that SMART KING undertook in the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS REFLECTING FF's INFORMED CONSENT to YOUR role with regard to the EMPLOYMENT AGREEMENT.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS REFLECTING SMART KING's INFORMED CONSENT to YOUR role with regard to the EMPLOYMENT AGREEMENT.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  **REQUEST FOR PRODUCTION NO. 18:**

2      All DOCUMENTS REFLECTING FF's INFORMED CONSENT to YOU

3  representing FF with regard to the EMPLOYMENT AGREEMENT.

4  **REQUEST FOR PRODUCTION NO. 19:**

5      All DOCUMENTS REFLECTING SMART KING's INFORMED

6  CONSENT to YOU representing SMART KING with regard to the

7  EMPLOYMENT AGREEMENT.

8  **REQUEST FOR PRODUCTION NO. 20:**

9      All DOCUMENTS REFLECTING YOUR disclosure to FF of any conflict of

10 interest with respect to the EMPLOYMENT AGREEMENT.

11 **REQUEST FOR PRODUCTION NO. 21:**

12     All DOCUMENTS REFLECTING YOUR disclosure to SMART KING of

13 any conflict of interest with respect to the EMPLOYMENT AGREEMENT.

14 **REQUEST FOR PRODUCTION NO. 22:**

15     All DOCUMENTS REFLECTING YOUR disclosure to FF that the options

16 that YOU obtained under the EMPLOYMENT AGREEMENT could or would

17 result in YOU having a financial interest in the EMPLOYMENT AGREEMENT.

18 **REQUEST FOR PRODUCTION NO. 23:**

19     All DOCUMENTS REFLECTING YOUR disclosure to SMART KING that

20 the options that YOU obtained under the EMPLOYMENT AGREEMENT could or

21 would result in YOU having a financial interest in the EMPLOYMENT

22 AGREEMENT.

23 **REQUEST FOR PRODUCTION NO. 24:**

24     All DOCUMENTS REFLECTING YOUR registration as FF's in-house

25 counsel with the California State Bar.

26 **REQUEST FOR PRODUCTION NO. 25:**

27     All DOCUMENTS REFLECTING YOUR admission to the California State

28 Bar.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that support or refute YOUR claim for intentional infliction of emotional distress.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that support or refute YOUR claim for breach of contract.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that support or refute YOUR claim for violation of Section 10(b) of The Exchange Act and Rule 10b-5.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that support or refute YOUR claim for fraudulent inducement.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that support or refute YOUR claim for wrongful termination in violation of public policy.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that support or refute YOUR claim for negligent misrepresentation.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that support or refute YOUR claim for declaratory judgment.

Dated:  March 19, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: _____

Lauren E. Grochow
Daniel Anziska
Mackenzie L. Willow-Johnson

Attorneys for Defendants
SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
and Defendant and Counterclaimant
FARADAY&FUTURE INC.

Exhibit 3, Page 22

## PROOF OF SERVICE

I, Felisa H. Lybarger, declare:

I am a citizen of the United States and employed in Orange County, CA.  I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA  92614-2545; email felisa.lybarger@troutman.com.

On March 19, 2021, I served the following document(s) described as:

**DEFENDANTS FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, AND CHAOYING DENG'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET THREE) TO PLAINTIFF HONG LIU**

☐ **BY MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

☒ **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

On the following parties:

*SEE ATTACHED SERVICE LIST*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on March 19, 2021, at Irvine, CA.

_Felisa H. Lybarger_

_____
Felisa H. Lybarger

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

113067558

Exhibit 3, Page 23

## SERVICE LIST

| | |
|---|---|
| Amiad Kushner<br>Jake Nachmani<br>Seiden Law Group, LLP<br>469 Seventh Avenue, 5thFl.<br>New York, NY 10018<br>Email: akushner@seidenlegal.com<br>jnachmani@seidenlegal.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |
| Kevin D Hughes<br>Foundation Law Group LLP<br>1999 Avenue of the Stars Suite 1100<br>Los Angeles, CA 90067<br>Email: kevin@foundationlaw.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

113067558

- 2 -

Exhibit 3, Page 24