1   ALAN J. KESSEL, Bar No. 130707
    alan.kessel@troutman.com
2   JEFFREY M. GOLDMAN, Bar No. 233840
    jeffrey.goldman@troutman.com
3   KEVIN A. CRISP, Bar No. 261023
    kevin.crisp@troutman.com
4   LAUREN E. GROCHOW, Bar No. 293601
    lauren.grochow@troutman.com
5   TROUTMAN PEPPER HAMILTON SANDERS LLP
    5 Park Plaza, Suite 1400
6   Irvine, CA  92614-2545
    Telephone: 949.622.2700
7   Facsimile:  949.622.2739

8   Attorneys for Defendants
    SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
9   and Defendant and Counterclaimant FARADAY&FUTURE INC.

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                      WESTERN DIVISION

13

14  HONG LIU,                          Case No.  2:20-cv-08035-SVW-JPR

15            Plaintiff,               Honorable Stephen V. Wilson

16       v.                            **DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PLAINTIFF AND COUNTER-DEFENDANT'S EVIDENCE SUBMITTED IN SUPPORT OF HIS MOTION TO DISMISS DEFENDANT AND COUNTERCLAIMANT FARADAY&FUTURE INC.'S SECOND AMENDED COUNTERCLAIM, TO STRIKE DEFENDANT AND COUNTERCLAIMANT FARADAY&FUTURE INC.'S AND DEFENDANT SMART KING LTD.'S AFFIRMATIVE DEFENSES, AND FOR SANCTIONS**
17  FARADAY&FUTURE INC.,
    SMART KING LTD., JIAWEI
18  WANG, and CHAOYING DENG,

19            Defendants.

20

21

22

23

24
                                       Date:     May 3, 2021
25                                     Time:     1:30 p.m.
                                       Place:    Courtroom 10A
26  ─────────────────────────
    AND RELATED COUNTERCLAIM.
27

28
    115016601

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

Defendant Smart King Ltd. (**"Smart King"**) and Defendant and Counter-Claimant Faraday&Future Inc. ("**FF**"; together with Smart King, "**Defendants"**) object to, and move to strike, the evidence respectively attached to, and referenced in, Exhibits A-M to the Declarations of Jake Nachmani ("**Nachmani Declaration**") and the Declaration of Hong Liu ("**Liu Declaration**") filed in support of Plaintiff Hong Liu's ("**Liu**") Motion to Dismiss FF's Second Amended Counterclaim, to Strike FF's and Smart King's Affirmative Defenses, and for Sanctions (the "**Motion**"), set for hearing before this Court on May 3, 2021.

I.    **INTRODUCTION**

Liu's Motion, ostensibly brought under Federal Rule of Civil Procedure 12(b)(6), purports to rely on extrinsic documents and declarations from outside the four corners of FF's Second Amended Counterclaim ("**SACC**").  Absent narrowly defined circumstances, extrinsic evidence cannot be offered to support a Rule 12(b)(6) motion, and "the Court generally may not look beyond the four corners of the complaint in ruling on a Rule 12(b)(6) motion, with the exception of documents incorporated into the complaint by reference, and any relevant matters subject to judicial notice."  *See, e.g., Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 794 (N.D. Cal. 2011), citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001); *Gay v. Esquetini*, 2017 WL 10574940, at *2 (C.D. Cal. Feb. 8, 2017)).

Specifically, on a Rule 12(b)(6) motion, the doctrine of incorporation by reference permits the Court to consider documents attached to or alleged in the complaint, so long as the complaint  "necessarily relies" on those documents or their content, "the document's authenticity is uncontested, and the document's relevance is uncontested."    *Fraley*, 830 F. Supp. 3d at 794-95 (citing *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir.2010)); *Lee,* 250 F.3d at 688–89.  "The Court may also take judicial notice of matters that are either: (1) generally known within the trial court's territorial jurisdiction; or (2) capable of accurate and ready

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 1 -

1  determination by resort to sources whose accuracy cannot reasonably be questioned."

2  *Fraley*, 830 F. Supp. 3d at 795, citing Fed. R. Evid. 201(b).

3  None of the extrinsic evidence submitted in support of Liu's Rule 12(b)(6)

4  motion was attached to the SACC, is necessarily relied upon in the SACC, or is

5  subject to judicial notice.  The extrinsic evidence submitted by Liu therefore should

6  be stricken and not considered.  *See Dolin v. Facebook, Inc.*, No. C 18-0950 SBA,

7  2018 WL 2047766, at *3 (N.D. Cal. May 2, 2018) ("Because the Court's review on

8  a Rule 12(b)(6) motion is limited to the pleadings, Plaintiff's reliance on extrinsic

9  evidence is improper") (citing *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

10  Should the Court nevertheless consider the extrinsic evidence submitted by

11  Liu in support of his Rule 12(b)(6) motion, the Court is required to convert the

12  Motion to a motion for summary judgment under Federal Rule of Civil Procedure

13  56.  In such event, Defendants, pursuant to Federal Rule of Civil Procedure 12(d),

14  respectfully request that the Court set a briefing schedule that will allow them to

15  obtain and present discovery via supplemental opposition, including: (i) Liu's

16  deposition presently scheduled for April 19, 2020, at which time he will be providing

17  testimony concerning FF's claims; and (ii) Liu's outstanding discovery responses and

18  production of documents responsive to Defendants' Requests for Production, Set 3.

19  (Decl. of Jeffrey M. Goldman, Ex. 3,  ¶¶ 7-8); *see Swedberg v. Marotzke,* 339 F.3d

20  1139, 1143-44, 1146 (9th Cir. 2003).  Such discovery will enable FF to at least

21  ascertain the following information that would be relevant to opposing a summary

22  judgment motion challenging the SACC:

23  • Liu's positions regarding his failure to provide any of the disclosures to

24  Defendants required by the California and New York Rules of Professional

25  Conduct.

26  • Liu's positions regarding his failure to advise Defendants in writing to

27  obtain independent counsel to represent them in entering the Employment

28  Agreement.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE EVIDENCE SUBMITTED IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR SANCTIONS

- Liu's positions regarding the negotiations that took place between himself and Defendants regarding the Employment Agreement.
- Any documents pertaining to Liu's compliance with the California and New York Rules of Professional Conduct during the time that he served as outside counsel to FF through his former firm Mayer Brown LLP ("**Mayer**"), but prior to his employment at FF.
- Any written disclosures that Liu made to Defendants during the time that he served as outside counsel to FF through his former firm Mayer, but prior to his employment at FF.
- Liu's communications with Mayer regarding the Employment Agreement prior to his entry into that agreement with Defendants.

Additionally, as detailed below, to the extent the Court looks to the "facts" contained within the extrinsic evidence submitted in support of the Motion, under no circumstances can the contents of the following exhibits legally be considered:

- Exhibit A, allegedly representing a translation of a January 22, 2018 text message chain between Jiawei Wang ("**Wang**") and Liu.
- Exhibit B, allegedly representing a translation of a January 25, 2018 text message chain between Wang and Liu.
- Exhibit C, allegedly representing a translation of a January 26, 2018 text message chain between Wang and Liu.
- Exhibit D, January 26, 2018 email chain between Wang and Liu, subject "Further revisions on Share Transfer Agreement."
- Exhibit J, allegedly representing a "Certificate of Registration" from the State Bar of California.

## II.  LIU HAS NOT PROPERLY AUTHENTICATED EXHIBITS A, B, AND C AND EXHIBITS A, B, C, AND D ARE ALSO HEARSAY AND/OR ARE IRRELEVANT

Rule 901 of the Federal Rules of Evidence requires authentication of evidence "as a condition precedent to admissibility," as well as specifically applies to

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

translations.  *See* Fed. R. Evid. 901; *Kesel v. United Parcel Svc., Inc.*, 2002 WL 102606, at *3 (N.D. Cal. Jan. 17, 2002) ("Witness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator") (citing Fed. R. Evid. 604, 901).  Under Rule 604 of the Federal Rules of Evidence, only translators of a certain class are able to provide admissible translations.  Liu provides no evidence that the interpreter who purportedly translated Exhibits A, B, and C is a "qualified" interpreter.  Moreover, Liu fails to detail how he extracted his text messages and does not provide any evidence that they were not altered.  Thus, Exhibits A, B, and C have not been properly authenticated and are legally inadmissible.

Exhibits A, B, and C further constitute inadmissible hearsay.  One of the bedrock principles of the rules of evidence is that an out-of-court statement being offered for "the truth of the matter asserted is inadmissible hearsay" which, absent a recognized exception, cannot legally be admitted.  Fed. R. Evid. 801(c)(2).  "All documentary evidence . . . must be presented in admissible form, generally requiring proper identification and authentication, and admissibility as nonhearsay evidence or under one or more of the exceptions to the hearsay rule, such as the business records exception." *Tesoro Ref. & Mktg. Co. v. Cal. Finest Oil*, 2013 WL 435202, at *3 (S.D. Cal. Feb. 4, 2013).  The text messages are out-of-court statements being offered for the truth of the matters they purportedly assert; *i.e.,* that Defendants reviewed the Employment Agreement before entering it, and, at the last minute, sent it to their outside counsel for review of an entirely different and discrete issue concerning whether the provisions violated another contract with a third party.  Despite Liu declaring that these translations are true and correct copies of the text messages, he does nothing to establish that he is a party to the text messages, or that the messages are accurate reflections of what he said—*i.e.* Liu fails to establish that Exhibits A, B, and C are subject to any hearsay exception.

Even assuming, *arguendo*, that Exhibits A, B, and C actually do state what is reflected in their purported translations, they are legally irrelevant. Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action." None of these exhibits meet either requirement. To the contrary:

1. Exhibit A merely states that a human resources director will be reviewing the Employment Agreement.

2. Exhibit B—which is dated about 24 hours before the execution of the Employment Agreement—provides only that FF's in-house legal department and HR are reviewing the agreement because it involved a five-year employment guarantee and that "all remuneration, conditions, and principles have been confirmed."

3. Exhibit C is the only document that mentions review of any agreement by Sidley Austin LLP ("**Sidley**"), but that text message not only was sent just hours before the Employment Agreement was entered into, but also, on its face, clearly does not evidence that Sidley represented Defendants in the Employment Agreement transaction. Contrary to Liu's efforts to mischaracterize the text message, if anything, Exhibit C shows only that the agreement was already negotiated and that Sidley was only reviewing the agreement to ensure that it did not violate the agreement for Series A funding that Defendants had recently entered into several months earlier in which Sidley had represented Defendants.

None of the above exhibits establish that Liu advised Defendants in writing that: (i) FF may seek the advice of an independent lawyer or that the terms of the Employment Agreement were "fair and reasonable" (as required by N.Y. Rule Prof. Cond. 1.8; and Cal. Rule Prof. Cond. 3-300); or that (ii) Liu otherwise complied with the Rules of Professional Conduct (as required by N.Y. Rule Prof. Cond 1.5 and 1.7; and Cal. Rule Prof. Cond. 3-310 and 4-200). As such, none of those documents are in any way relevant as they have nothing to do with, let alone excuse Liu's manifest

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

failure to comply with the Rules of Professional Conduct by, among other things: (i) advising Defendants, in writing, to seek independent counsel; (ii) providing them with sufficient time to seek that counsel; (iii) disclosing any adverse terms of the transaction to Defendants in writing; (iv) offering FF advice against himself that he would offer as if FF were dealing with a third party; (v) avoiding differing interests with FF; and (vi) charging Defendants an unconscionable fee; and (vii) obtaining Defendants' written consent.

4.     Finally, Exhibit D is irrelevant because it is simply an e-mail chain in which Wang provided Liu with the share transfer provisions from the aforementioned Series A funding agreement, similarly having nothing to do with whether Liu honored his obligations under the Rules of Professional Conduct.  In confirmation of that fact, Liu resorts to misrepresenting the contents of those documents in the Motion, arguing they purportedly memorialize that his and Wang's "mutual[ ] revis[ion] of the Employment Agreement (in English)."  (Mot. at 11:19-21.)  As evident on their face, however, there is no actual revision of the Employment Agreement reflected in Exhibit D, but rather only an invitation to Liu to suggest changes based on the share transfer revisions.

Because Exhibits A, B, and C are not properly authenticated, are hearsay, and are irrelevant, and because Exhibit D is irrelevant, they are not admissible and legally should not be considered by the Court.

## III.   LIU HAS NOT PROPERLY AUTHENTICATED EXHIBIT J WHICH ALSO CONSTITUTES INADMISSIBLE HEARSAY.

Again, Rule 901 of the Federal Rules of Evidence requires authentication of evidence "as a condition precedent to admissibility."  Fed. R. Evid. 901.  "Evidence may be authenticated by presenting testimony from an individual who has sufficient familiarity with the proffered evidence to identify the evidence and inform the court of the circumstances under which the evidence was created."  *United States v. Alvirez*, 831 F.3d 1115, 1123 (9th Cir. 2016), citing *United States v. Pelisamen*, 641

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

115016601

- 6 -

F.3d 399, 411 (9th Cir. 2011).  Notably, neither Liu nor his counsel proffer how they are sufficiently familiar with Exhibit J to authenticate it.  To the contrary, neither Liu nor his counsel provide any information as to how the document was created.  Nor can Liu and his counsel purport to be the creators of Exhibit J, or even attempt to offer any other means of authenticating that document.  *See, e.g., Royal Indem. Group v. Travelers Indem. Co. of Rhode Island*, 2007 WL 9811000, at *2 (N.D. Cal. Dec. 5, 2007) ("absent any competent evidence authenticating the [insurance] certificates or confirming their accuracy, the certificates must be disregarded").  The Court therefore, should not consider Exhibit J under applicable law.  *See, e.g., Hotel Employees & Restaurant Employees Local 2 v. Vista Inn*, 393 F. Supp. 2d 972, 970 (N.D. Cal. 2005) (declining to incorporate an extrinsic document when plaintiff raised evidentiary objections).

Consistent with the governing standards previously set forth above, Exhibit J further constitutes inadmissible hearsay.  *See discussion and authorities cited, supra,* at Section II.  In addition to not being authenticated, it is evident that Liu seeks to submit the unauthenticated Exhibit J for the truth of the matter asserted—namely, to establish that he ultimately became registered with the California State Bar.  Liu, however, does not even attempt to provide a valid hearsay exception prerequisite to Exhibit J's admissibility, thereby independently requiring Exhibits J's exclusion on that separate basis.

These are not merely technical matters.  To the contrary, Liu was paid nearly $50,000 per month during his time at FF.  For any given month that he was not admitted as Registered In House Counsel, he was practicing law without a license, making his pay legally subject to disgorgement.  *See* Cal. Bus. & Prof. Code §§ 17200 (Unfair Competition Law) and 6215 (prohibiting the unlicensed practice of law); *People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 517 (2002) (*as modified on denial of reh'g (Jan. 16, 2003)*) ("'[T]he trial court found appellant had violated section 17200 by engaging in the unauthorized practice of law,

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    a violation of section 6125. This set of circumstances comes within the *unlawful*

2    prong of section 17200.").

3    **IV.    CONCLUSION**

4          For the foregoing reasons, Defendants respectfully request that the Court

5    sustain the above-referenced objections and not consider any of the extrinsic

6    evidence submitted by Liu or his counsel in support of the Motion.

7    Dated:  April 12, 2021                    TROUTMAN PEPPER HAMILTON
                                                SANDERS LLP
8

9                                              By:  /s/ Jeffery M. Goldman
10                                                 Jeffery M. Goldman

11                                             Attorneys for Defendants
                                               SMART KING LTD., JIAWEI
12                                             WANG, and CHAOYING DENG
                                               and Defendant and Counterclaimant
13                                             FARADAY&FUTURE INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE EVIDENCE SUBMITTED IN SUPPORT OF
PLAINTIFF'S MOTION TO DISMISS, MOTION TO STRIKE, AND MOTION FOR SANCTIONS

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545