Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email:   kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
Jnachmani@seidenlawgroup.com
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone:   (646) 766-1914
Facsimile:    (646) 304-5277

*Attorneys for Plaintiff/Counter-Defendant,*
*Hong Liu*

## UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KINGLTD., JIAWEI WANG, and CHAOYING DENG<br><br>Defendants.<br><br>FARADAY&FUTURE INC.,<br><br>Counterclaimant,<br><br>v.<br><br>HONG LIU,<br><br>Counter-Defendant. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**DISCOVERY MATTER:**<br><br>**DECLARATION OF AMIAD KUSHNER IN SUPPORT OF PLAINTIFF HONG LIU'S EXPEDITED MOTION FOR DETERMINATION OF URGENT PRIVILEGE ISSUES AND TO COMPEL PRODUCTION**<br><br>Complaint filed on: January 3, 2020<br>Second Amended Counterclaim filed on: March 11, 2021<br><br>**JUDGE:** **Hon. Jean P. Rosenbluth**<br>**DATE:** **April 23, 2021**<br>**TIME:** **TBD**<br>**CTRM:** **690** |

I, Amiad Kushner, declare as follows:

1.       I am a Partner of the Seiden Law Group LLP, which is counsel of record for Plaintiff Hong Liu ("Plaintiff" or "Liu") in the above- captioned matter. I am admitted to practice before the courts of the State of New York, and I am admitted *pro hac vice* in this matter.   I make this declaration based on my own personal knowledge and documents in possession of my firm.

2.       I make this declaration in support of Plaintiff's motion for a determination of an urgent privilege issue and to compel production.

**<u>Privilege Issues</u>**

3.       On March 15, 2021, Defendants' counsel sent Plaintiff's counsel a meet and confer letter regarding their proposed motion for judgment on the pleadings (attached hereto as Exhibit 1). This letter claimed that Plaintiff's wrongful termination was subject to dismissal as Plaintiff would be disclosing privileged communications between him and his former employer, as well as Defendants' confidential information.

4.       On March 23, 2021, the parties held a meet and confer to discuss Plaintiff's motion to dismiss Defendants' Second Amended Counterclaim and Defendants' motion for judgment on the pleadings. During that meet and confer, Plaintiff asked Defendants if their position were that Defendants could use privileged information at trial to prosecute their breach of contract counterclaim; Defendants answered in the affirmative. On March 30, 2021, my colleague Jake Nachmani sent defense counsel Jeffrey Goldman an e-mail memorializing the March 23, 2021 meet and confer (attached hereto as Exhibit 2).

5.       On April 1, 2021, Defendants e-mailed Jake Nachmani and maintained that Plaintiff cannot use privileged communications to prosecute his breach of contract claim (attached hereto as Exhibit 3). Defendants did not identify any documents produced by

Plaintiff that should be destroyed or barred from being used as exhibits at depositions because they were privileged.

6. On April 13, 2021, I attended the deposition of Qing ("Bob") Ye, one of FF's employees. During the deposition, my colleague Andrew Sklar introduced an exhibit (the "Disputed Exhibit"). Defense counsel, Kevin Crisp, claimed that the Disputed Exhibit was privileged and needed to be destroyed. I stated on the record that the Disputed Exhibit did not contain legal advice. Mr. Crisp continued to insist that the Disputed Exhibit be destroyed and instructed Mr. Ye not to answer any questions about the document. Plaintiff's counsel was thus not able to resume questioning of Mr. Ye on the Disputed Exhibit.

7. During a break in the deposition, the parties conducted a meet and confer, which included a discussion of privilege issues and the Disputed Exhibit. The parties were unable to resolve the privilege issues or issues concerning the Disputed Exhibit.

8. When the deposition resumed, I noted on the record Plaintiff's position that Defendants had waived attorney-client privilege through their assertion of counterclaims against Plaintiff that were predicated upon his alleged mishandling of privileged and confidential matters. I further noted on the record that it was improper for Defendants to selectively disclose privileged communications that favor Defendants' positions in this action while withholding, on privilege grounds, documents that weaken their case.

9. Near the end of the deposition, Defendant questioned Mr. Ye on WeChat messages between himself and Plaintiff. Mr. Ye stated on the record that he had not produced to his counsel WeChat text messages between himself and Plaintiff, and that he no longer had the messages as his phone had been destroyed several weeks prior. Mr. Ye also did not provide his counsel with access to his personal computer.

DECLARATION OF AMIAD KUSHNER
CASE NO.: 2:20-CV-08035-SVW-JPR

10.     On the morning of April 14, 2021, I received a letter from Plaintiff's counsel (attached hereto as Exhibit 4), contending that Plaintiff's attempt to use the Disputed Exhibit at Mr. Ye's deposition subjected Plaintiff's counsel to disqualification.

**Defendants' Production Deficiencies**

11.     Plaintiff's counsel has repeatedly raised the inadequacies of Defendants' production with Defendants' counsel, including specifically raising in Defendants' motion to compel (filed with the Court on March 23, 2021) the fact that the Defendant entities are the custodians of the bulk of the relevant documents in this litigation.

12.     On April 9, 2021, Plaintiff's counsel conducted a meet and confer with Defendants.

13.     On April 13, 2021, at approximately 7:30 am Pacific time, Plaintiff's counsel sent a detailed e-mail memorializing the meet and confer that took place on April 9, including the material gaps in Defendants' production, and demanded the immediate production of the missing documents. On April 14, 2021, at approximately 5:26 pm Pacific time, we received a response to this email from Defendants' counsel (the entire e-mail correspondence is attached hereto as Exhibit 5).

14.     As of April 16, 2021, Defendants have produced 487 documents. Yueting Jia was the custodian for 106 of the produced documents, Jiawei Wang is the custodian for 69 of the produced documents, and Plaintiff himself is the custodian of 232 of the produced documents.   Defendants have produced zero documents from the following custodians who are referenced in the parties pleadings: Qing (Bob) Ye, Xiao Qiang Wu, Teddy Kang, Jarrett Johnson, Yanfeng (Michael Wang), Nick Sampson, Butch Darrow, Dag Reckhorn, Jeff Risher, Peter Savagian.   Defendants have produced no documents for five deponents: Yanfeng Wang, Teddy Kang, Qing Ye, Jarrett Johnson, Ruokun Jia.

15.     Plaintiff has produced 319 documents.

DECLARATION OF AMIAD KUSHNER
CASE NO.: 2:20-CV-08035-SVW-JPR

16.   Attached as Exhibit 6 are true and correct copies of the Defendants' combined privilege logs.

17.   Attached as Exhibit 7 is a true and correct copy of Plaintiff's Request for Production of Documents.

I declare under penalty of perjury that the foregoing is, to the best of my knowledge and belief, true and correct.

Dated:        New York, New York
              April 16, 2021

                                        /s/Amiad Kushner
                                        Amiad Kushner