ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant SMART KING LTD. and Defendant and Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DISCOVERY MATTER:**<br><br>**DECLARATION OF LAUREN E. GROCHOW IN SUPPORT OF OPPOSITION TO PLAINTIFF AND COUNTER-DEFENDANT'S EXPEDITED MOTION FOR DETERMINATION OF URGENT PRIVILEGE ISSUE AND TO COMPEL PRODUCTION** |

I, Lauren E. Grochow, declare as follows:

1. I am an attorney with the law firm Troutman Pepper Hamilton Sanders LLP, counsel for Defendant Smart King, Ltd. ("**Smart King**") and Defendant and Counterclaimant Faraday&Future Inc. ("**Faraday**") (collectively, "**FF**") in the above-captioned action. I have personal knowledge as to all matters set forth herein, and if called to testify as a witness, I could and would do so. I submit this declaration in support of FF's Opposition to Plaintiff and Counter-Defendant Hong Liu's ("**Liu**") Expedited Motion for Determination of Urgent Privilege Issue and to Compel Production (the "**Opposition**").

2. On February 11, 2021, Liu served his First Set of Requests for Production on FF (the "**Requests**"). A true and correct copy of the Requests is attached hereto as **Exhibit 1**.

3. On March 15, 2021, FF responded to Liu's Requests (the "**Responses**"). A true and correct copy of those Responses is attached hereto as **Exhibit 2**.

4. In connection with its efforts to locate, review and produce documents responsive to Liu's Requests, FF prepared and provided Liu with privilege logs on a rolling basis on March 26, 2021, April 2, 2021, and April 16, 2021 (collectively, the "**Privilege Logs**"). These Privilege Logs identify 1,086 documents responsive to Liu's Requests that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine, including documents relating to the following subjects: (i) FF's Series A funding transaction with Evergrande Health Industry Group ("**Evergrande**"); (ii) Liu's the Employment Agreement; (iii) Liu's Director Compensation Agreement; (iv) the Smart King options and the Employee Stock Option Plan; (v) drafts of policies concerning employee's age, race, sex, gender nationality, looks or appearance, or religion prepared by in-house counsel; (vi) the USCIS's site inspection and immigration matters; (vii) labor and employment issues, including employee layoffs and the WARN Act notice, sexual

harassment complaints and investigations, and compliance with labor laws; (viii) FF board of director or management meetings held between September and November 2018; and (ix) Liu's termination. In furtherance of the provision of legal advice, each of these communications was transmitted in confidence between FF and its in house or outside counsel during the course of the attorney-client relationship. True and correct copies of FF's Privilege Logs are attached hereto as **Exhibits 3-5**.

5. As of the date of this Declaration, FF has produced 517 documents to Liu, totaling 4,497 pages. This production includes otherwise privileged documents bearing Bates numbers FF00000371-374, FF00002118, FF00002119, FF00002177-2178, FF00001232-1233, FF00001234, FF00001235-1238, FF00001239-1243, and FF00001244-1246, which relate to Faraday's claim in the Second Amended Counterclaim ("**SACC**") that Liu abdicated responsibility and failed to perform his job duties as Global General Counsel *vis-a-vis* a handful of specifically enumerated matters. (SACC ¶¶ 50, 55-59, 61, 69-70.) FF also has produced other emails within the chains containing these communications to provide surrounding context. Further, FF will produce those otherwise privileged communications which Liu authored pertaining to the subject matters specifically enumerated in the SACC and alleged in support of Faraday's claim that Liu failed to perform his job duties as Global General Counsel.

6. Between March 9, 2021 and April 12, 2021, Liu produced 62 documents containing FF's attorney-client privilege and attorney work product information, thereby revealing, for the first time, that Liu improperly retained FF's privileged information following his termination from the company. Based on the date stamp appearing in the header of least 25 of those documents, it appears Liu printed FF's privileged records between January 18 and 28, 2019, while he was still employed as Faraday's Global General Counsel. Attached to this Declaration as

1  **Exhibit 6** is a further privilege log created by FF's counsel establishing the privileged status of the 62 documents recently produced by Liu.

7.  On April 13, 2021, Liu, through his counsel, deposed FF employee Qing "Bob" Ye (the "**Ye Deposition**").  During the Ye Deposition, Liu's counsel attempted to introduce and question the witness using a privileged email communication between FF and its legal counsel containing legal advice about corporate governance, which document is Bates numbered HLIU001638 and appears on the privilege log attached hereto as Exhibit 6.  Attached to this Declaration as **Exhibit 7** is a true and correct copy of excerpts from the transcript of the Ye Deposition.

8.  On April 13, 2021, my colleague, Jeffery M. Goldman, Esq., transmitted a letter to Liu's counsel concerning his attempted misuse of FF's privileged information during the Ye Deposition.  That letter enclosed, among other things, an earlier March 15, 2021 letter from Mr. Goldman admonishing Liu's counsel against the use of FF's privileged information to prosecute Liu's wrongful termination claim.  A true and correct copy of Mr. Goldman's April 13, 2021 letter and its enclosures are attached hereto as **Exhibit 8**.

9.  On April 14, 2021 Liu, through his counsel, deposed FF employee and Defendant Chaoying Deng (the "**Deng Deposition**").  During the Deng Deposition, Liu's counsel once again sought to introduce and question the witness using a privileged email communication between FF and its legal counsel containing legal advice regarding FF's financial position, which document is Bates numbered HLIU000973 and appears on the privilege log attached hereto as Exhibit 6.  Attached to this Declaration as **Exhibit 9** is a true and correct copy of excerpts from the transcript of the Deng Deposition.

10.  On April 14, 2021, my colleague, Kevin Crisp, Esq., sent Liu's counsel an email detailing (i) Liu's failure to properly meet and confer in compliance with Local Rule 37-1 on Liu's assertion that FF's document production

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

is deficient, and (ii) the status and imminent completion of FF's document production. Attached hereto as **Exhibit 10** is a true and correct copy of Mr. Crisp's April 14, 2021 email.

11. Less than two hours later, Liu's counsel sent FF's attorneys an email threatening to file an *ex parte* application to compel FF's further production of privileged and unspecified non-privileged documents. Liu's counsel subsequently agreed to forego an *ex parte* application in order to seek relief from the presiding Magistrate Judge on an expedited basis. Attached hereto as **Exhibit 11** is a true and correct copy of the April 14, 2021 email correspondence concerning Liu's threatened *ex parte* application.

12. Subject to the objections interposed in the Responses to Liu's Requests, FF in good faith believes that it has produced all non-privileged documents responsive to those Requests, with the exception of Chaoying Deng's text messages with Liu. However, FF is in the process of forensically collecting and processing those text messages through remote means (which process has been delayed by technical difficulties) and anticipates supplementing its production with those records shortly.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 22, 2021 at Laguna Hills, California.

                                                      /s/ Lauren E. Grochow
                                                      Lauren E. Grochow