# EXHIBIT 1

Benjamin Taylor (SBN: 240636)
btaylor@taylorlawfirmpc.com
THE LAW OFFICES OF BENJAMIN TAYLOR
A Professional Corporation
1880 Century Park East, Suite 714
Los Angeles, CA 90067
Telephone:   (310) 201 – 7600
Facsimile:    (310) 201 – 7601

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
jnachmani@seidenlawgroup.com
Seiden Law Group, LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Telephone:   (646) 766 – 1914
Facsimile:    (646) 304 – 5277

*Attorneys for Plaintiff/Counter-Defendant,*
*Hong Liu*

## UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br>          Plaintiff,<br><br>          v.<br><br>FARADAY&FUTURE INC.,<br>SMART KING LTD., JIAWEI<br>WANG, and CHAOYING DENG<br><br>          Defendants. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**PLAINTIFF HONG LIU'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| FARADAY&FUTURE INC.,<br><br>          Counterclaimant,<br><br>          v.<br><br>HONG LIU,<br><br>          Counter-Defendant. | |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Hong Liu ("Plaintiff" or "Liu") requests that Defendants Faraday&Future Inc., Smart King Ltd., Jiawei Wang, Chaoying Deng (collectively, "Defendants"), in accordance with the instructions and definitions set forth herein, produce all documents sought through the requests herein ("Requests") within thirty days of service hereof. Defendants are to produce for inspection/copying at the offices of Seiden Law Group LLP, 469 Seventh Avenue, Fifth Floor, New York, New York 10018, all documents and other tangible things responsive to the Requests that are in Defendants' possession, custody, and control or wherever located, unless otherwise agreed to by counsel for the parties.

If any materials are withheld from production based on a claim of privilege, please list the following for each item claimed to be privileged: (a) a brief description of the nature and contents of the matter claimed to be privileged; (b) the name, occupation and capacity of the individual(s) from whom the alleged privileged matter was directed; (c) the date the item bears; and (d) the privilege claimed.

## DEFINITIONS AND INSTRUCTIONS

1. The terms "ANY," "EACH," and "ALL" shall be read to be all inclusive and to require the production of each and every Document responsive to a particular REQUEST for production in which such term appears.

2. The terms "YOU" and "YOUR," as used herein, shall mean and refer to each of the Defendants and their respective agents, attorneys, affiliates, representatives and/or any other PERSON acting on behalf of such Defendant(s).

3. The words "AND" and "OR" as used herein shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category Documents or information which would not otherwise be within its scope.

4. The terms "COMMUNICATION" or "COMMUNICATIONS" means the transmission, whether orally, electronically, or in writing, by any means of a word,

2

statement, fact, thing, idea, document, instruction, request or question, and include any documents which abstract, digest, transcribe or record any such communication.

5.      As used herein, the term "DOCUMENT" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control.  The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "DOCUMENT" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "DOCUMENT" also includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original.  The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to interpret such data compilations.  Without limitation on the term 'control' as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

6.      The terms "PERSON" or "PERSONS" means both natural persons and entities including, but not limited to, corporations, general and limited partnerships, limited liability companies, joint ventures, sole proprietorships, unincorporated or voluntary associations, trusts, estates, and any public or governmental entities, agencies,

3

departments, bureaus and boards.

7.    The terms "REFLECTING" or "RELATING TO" or "RELATED TO"
shall be construed in the broadest sense to mean consisting of, referring to, pertaining
to, reflecting, constituting, identifying, memorializing, mentioning, evidencing,
constituting, or otherwise relevant to, in any way, in whole or in part, the subject matter
referred to in the request.

8.    The singular form of a noun or pronoun includes within its meaning the
plural form of the noun or pronoun used, and vice versa; the use of the feminine form
of a pronoun includes within its meaning the masculine form of the pronoun used, and
vice versa; and the use of any tense of any verb includes within its meaning all other
tenses of the verb used.

9.    If YOU object to any Request for Production in any part, YOU shall
respond fully to the extent not objected to and shall set forth specifically the grounds
upon which the objection is based.

10.    "ACTION" refers to this legal proceeding, 20-cv-08035-SVW-JPR, filed
by Plaintiff against Defendants, now pending in the United States District Court for the
Central District of California.

11.    "AGREEMENT AND PLAN OF MERGER" refers to the Agreement and
Plan of Merger dated as of January 27, 2021 by and among Property Solutions
Acquisition Corp., PSAC Merger Sub Ltd., and FF Intelligent Mobility Global Holdings
Ltd., as filed with the U.S. Securities and Exchange Commission and available at:
https://www.sec.gov/Archives/edgar/data/1805521/000121390021004766/ea134038e
x2-1_property.htm.

12.    "BANKRUPTCY ACTION" refers to the adversary proceeding 2:20-ap-
01022-VZ filed by Plaintiff against JIA in the United States Bankruptcy Court for the
Central District of California.

13.    "COMPLAINT" refers to the Complaint filed by Plaintiff on January 3,
2020 in the United States District Court for the Southern District of New York, in Case

4

No. 1:20-cv-00019, which case was transferred to the United States District Court for the Central District of California as the above-captioned matter on September 9, 2020.

14. "DIRECTOR COMPENSATION AGREEMENT" refers to the agreement entered into between Plaintiff and JIA (defined below), dated February 2, 2018 and referred to in the agreement as the "Director Compensation Agreement" and attached to the COMPLAINT as Exhibit B thereto.

15. "EMPLOYMENT AGREEMENT" refers to the agreement entered into between Plaintiff and FF, dated January 25, 2018, stating that it "sets forth the terms of condition[s] of employment of Hong Liu . . . ," a copy of which was attached to the COMPLAINT as Exhibit A thereto.

16. "EVERGRANDE" means China Evergrande New Energy Vehicle Group Limited, f/k/a Evergrande Health Industry Group Ltd. and all of its corporate parents, subsidiaries, affiliates, successors, assignees and transferees, including Evergrande Group and Season Smart Limited, as well as Season Smart Limited's corporate parents, subsidiaries, affiliates, successors, assignees and transferees.

17. "EVERGRANDE TRANSACTION" refers to the Series A financing transaction and any and all related and side transactions and dealings entered into between FF Intelligent Mobility Global Holdings Ltd. f/k/a Smart King Ltd. and Evergrande in or about December 2017, and thereafter, to the date of YOUR response to these Requests.

18. "FF" means Faraday&Future Inc. and all of its corporate parents, subsidiaries, affiliates, successors, assignees and transferees, including, without limitation, Smart King Ltd., Season Smart Ltd., FF Top Holding Ltd., FF Peak Holding Limited, Pacific Technology Holding LLC, FF Global Holdings Ltd, LeSee, and City of Sky Limited, as well as those entities' corporate parents, subsidiaries, affiliates, successors, assignees and transferees.

19. The term "JIA" refers to Jia Yueting, a/k/a "YT Jia," FF's former Chief Executive Officer.

20.   "SEASON SMART" means Season Smart Limited and all of its corporate parents, subsidiaries, affiliates, successors, assignees and transferees.

21.   "SMART KING" means FF Intelligent Mobility Global Holdings Ltd., formerly known as Smart King Ltd., and all of its corporate parents, subsidiaries, affiliates, successors, assignees and transferees, including, without limitation, Faraday&Future Inc., Season Smart Ltd., FF Top Holding Ltd., FF Peak Holding Limited, Pacific Technology Holding LLC,  FF Global Holdings Ltd, LeSee, and City of Sky Limited, as well as those entities' corporate parents, subsidiaries, affiliates, successors, assignees and transferees.

22.   "SMART KING OPTIONS" refers to the equity and/or options in Smart King that were required to be given to PLAINTIFF under the terms of the EMPLOYMENT AGREEMENT.

23.    "SPAC Transaction" refers to transaction among FF, Property Solutions Acquisition Corp. PSAC, and PSAC Merger Sub Ltd., as set forth in the AGREEMENT AND PLAN OF MERGER.

24.   "1 PERCENT SMART KING VALUE" refers to the cash amount equal to the value of one percent of the total of Smart King's equity shares promised to Plaintiff by Jia and/or Defendants and any of Defendants' agents or employees, which amount is defined as "Director Compensation" in the DIRECTOR COMPENSATION AGREEMENT.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

All COMMUNICATIONS between YOU AND PLAINTIFF from October 1, 2017 to the date of YOUR responses to these Requests.

**REQUEST NO. 2:**

ALL DOCUMENTS AND COMMUNICATIONS related to PLAINTIFF'S employment at FF, including but not limited to DOCUMENTS AND COMMUNICATIONS relating to (i) the recruitment of PLAINTIFF, (ii) discussion

6

and/or negotiation of the terms of PLAINTIFF'S actual or potential employment with FF, (iii) the scope and dates of PLAINTIFF'S employment with FF, (iv) the duties which PLAINTIFF was obligated to perform in connection with his employment with FF, (v) the compensation, in any form, that PLAINTIFF would receive, received, or is entitled to receive from FF in connection with his employment with FF, (vi) the termination of PLAINTIFF's employment, and (vii) PLAINTIFF'S personnel file.

**REQUEST NO. 3:**

ALL DOCUMENTS AND COMMUNICATIONS related to the EVERGRANDE TRANSACTION, including, without limitation, relating to any amounts invested by EVERGRANDE in FF and any and all related and side transactions and dealings.

**REQUEST NO. 4:**

ALL DOCUMENTS AND COMMUNICATIONS related to the negotiation, formation, drafting, execution, and/or discussion of the EMPLOYMENT AGREEMENT, including as ALL DOCUMENTS AND COMMUNICATIONS related to any terms of PLAINTIFF'S employment with FF or consideration given to Plaintiff in exchange for his employment with FF contained in the EMPLOYMENT AGREEEMENT or any disputes between PLAINTIFF AND DEFENDANTS relating the EMPLOYMENT AGREEMENT.

**REQUEST NO. 5:**

ALL DOCUMENTS AND COMMUNICATIONS related to the negotiation, formation, drafting, execution, and/or discussion of the DIRECTOR COMPENSATION AGREEMENT, including as ALL DOCUMENTS AND COMMUNICATIONS related to any terms of PLAINTIFF'S employment with FF or consideration given to Plaintiff in exchange for his employment with FF contained in the DIRECTOR COMPENSATION AGREEEMENT, or any disputes between

7

PLAINTIFF AND DEFENDANTS relating the DIRECTOR COMPENSATION AGREEMENT.

**REQUEST NO. 6:**

ALL DOCUMENTS AND COMMUNICATIONS related to the SMART KING OPTIONS, including not limited to, any and all drafts or of the September 2018 Resolutions, executed and unexecuted, as referenced in paragraphs 64-66 and 98 of the COMPLAINT, the current and former status of the SMART KING OPTIONS (*e.g.*, vested, unvested, terminated, cancelled, expired, etc.), as well as any and all issuances, grants, vestings, exercisings, givings, assignments, or transfers (with or without valuable consideration) of the SMART KING OPTIONS.

**REQUEST NO. 7:**

ALL COMMUNICATIONS among Defendants and the parties to the AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers, or other professionals working on behalf of such parties) relating to the SMART KING OPTIONS.

**REQUEST NO. 8:**

ALL COMMUNICATIONS among Defendants and the parties to the AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers, or other professionals working on behalf of such parties) relating to Plaintiff's claims in this ACTION.

**REQUEST NO. 9:**

ALL COMMUNICATIONS among Defendants and the parties to the AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers, or other professionals working on behalf of such parties) relating to Plaintiff's claims in the BANKRUPTCY ACTION.

**REQUEST NO. 10:**

ALL COMMUNICATIONS among Defendants and the parties to the AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers, or

other professionals working on behalf of such parties) relating to the EMPLOYMENT AGREEMENT.

**REQUEST NO. 11:**

ALL COMMUNICATIONS among Defendants and the parties to the AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers, or other professionals working on behalf of such parties) relating to the DIRECTOR COMPENSATION AGREEMENT.

**REQUEST NO. 12:**

ALL DOCUMENTS AND COMMUNICATIONS related to the option conversion, as described in § 3.05 of the AGREEMENT AND PLAN OF MERGER, including but not limited to the (i) "Exchange Ratio" (as defined in the Agreement); (ii) the number of shares of "Acquiror Common Stock" (as defined in the Agreement) that will be outstanding immediately following the closing of the SPAC TRANSACTION; and (iii) Schedules 4.06(a), 4.06(b), and 4.06(f) to the AGREEMENT AND PLAN OF MERGER.

**REQUEST NO. 13:**

ALL DOCUMENTS AND COMMUNICATIONS related to a lock-up period in connection with the SPAC TRANSACTION, including but not limited to Exhibit G (Form of Lock-up Agreement) to the AGREEMENT AND PLAN OF MERGER.

**REQUEST NO. 14:**

ALL DOCUMENTS AND COMMUNICATIONS related to FF's ability to issue options and/or shares in FF or in any of FF's subsidiaries, affiliates, or parent companies to Plaintiff or any other PERSON or entity upon the consummation of the transactions contemplated by the AGREEMENT AND PLAN OF MERGER.

**REQUEST NO. 15:**

ALL DOCUMENTS AND COMMUNICATIONS related to the 1 PERCENT SMART KING VALUE, without limitation, all documents affecting the value of the 1 PERCENT SMART KING VALUE to be paid to Plaintiff including but not limited to,

9

any disposal of assets, change of control, governance alteration, organizational restructuring, any domestic and foreign transfer of any technology and intellectual property rights in and outside of the United States, any recorded or non-recorded financial transactions, any related party transactions including but not limited to YOUR directly or indirectly controlled entities, family and friends, any legal and regulatory sanctions, any immigration, discrimination, ethical, labor, regulatory, export controls, IP protection and compliance breaches and violations.

**REQUEST NO. 16:**

ALL DOCUMENTS AND COMMUNICATIONS sufficient to identify any transactions, including but not limited to any merger, acquisition, sale, or disposal of assets, tangible or intangible, resulting in cash available to FF (or its successors and assigns) for the 1 PERCENT SMART KING VALUE.

**REQUEST NO. 17:**

ALL DOCUMENTS AND COMMUNICATIONS sufficient to identify any change in control of FF, resulting in cash available to FF (or its successors and assigns) for the 1 PERCENT SMART KING VALUE.

**REQUEST NO. 18:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the current ownership structure of FF, including FF's parent entities, subsidiaries, and affiliates.

**REQUEST NO. 19:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the anticipated or proposed ownership structure of FF, including FF's parent entities, subsidiaries, and affiliates, following the closing of the SPAC TRANSACTION.

**REQUEST NO. 20:**

ALL DOCUMENTS AND COMMUNICATIONS relating to YOUR policies, formal or informal, for hiring employees, whether permanent or temporary, including policies concerning employees' age, race, sex, gender, nationality, looks or appearance, or religion.

**REQUEST NO. 21:**

ALL DOCUMENTS AND COMMUNICATIONS relating to ANY internal complaints or reports raised by current or former employees of FF's concerning allegations of sexual harassment or hostile work environment, including without limitation ANY internal or external investigations into those allegations and the findings thereof, and ANY remediating actions suggested or implemented as a result.

**REQUEST NO. 22:**

ALL DOCUMENTS AND COMMUNICATIONS relating to DEFENDANTS' attempts to obtain U.S. visas for individuals, including without limitation ALL DOCUMENTS AND COMMUNICATIONS related to the U.S. Citizenship & Immigration Services Division of the Department of Homeland Security May 2018 on-site inspection of FF.

**REQUEST NO. 23:**

ALL DOCUMENTS AND COMMUNICATIONS relating to JIA's threatening to fire any former or current FF employee, including without limitation Nick Sampson and Butch Darrow, FF's former co-founder and Vice President of Quality, respectively.

**REQUEST NO. 24:**

ALL DOCUMENTS AND COMMUNICATIONS relating to JIA's October 18, 2018 firing of numerous FF employees.

**REQUEST NO. 25:**

ALL DOCUMENTS AND COMMUNICATIONS relating to any FF work plan, draft of any FF internal memoranda concerning FF employee layoffs, FF or its employees' compliance with, or potential or actual violation of, U.S. and California labor codes, fiduciary duties, immigration laws, financial controls and reporting, internal controls, and privacy laws.

**REQUEST NO. 26:**

ALL DOCUMENTS AND COMMUNICATIONS relating to any FF board or management meetings held in September through November 2018, including the

11

minutes of those meetings.

**REQUEST NO. 27:**

ALL DOCUMENTS AND COMMUNICATIONS relating to the resignations of Nick Sampson, Peter Savagian, Dag Reckhorn, and Jeff Risher or other senior FF management in or around October 2018.

**REQUEST NO. 28:**

ALL DOCUMENTS AND COMMUNICATIONS relating to PLAINTIFF'S letter to JIA dated January 23, 2019, including but not limited to FF and/or JIA'S attempts to limit PLAINTIFF'S roles and responsibilities at FF and any investigations initiated or done by DEFENDANTS or initiated or done at DEFENDANTS' behest concerning the allegations raised in PLAINTIFF's January 23, 2019 letter.

**REQUEST NO. 29:**

ALL DOCUMENTS AND COMMUNICATIONS relating to PLAINTIFF'S being terminated from his position at FF, including but not limited to ALL DOCUMENT AND COMMUNICATIONS related to purported breaches of the EMPLOYMENT AGREEMENT, DIRECTOR COMPENSATION AGREEMENT, or other terms of PLAINTIFF'S employment with FF, or any threats made by JIA or DEFENDANTS to PLAINTIFF in connection with PLAINTIFF'S challenging the termination of his employment.

**REQUEST NO. 30:**

ALL DOCUMENTS AND COMMUNICATIONS relating to JIA or DEFENDANTS' attempts to access, enter, or survey PLAINTIFF'S California residence, including without limitation DEFENDANTS' attempts (or attempts of individuals acting at Defendants' direction) to access, enter, or survey PLAINTIFF'S California residence.

**REQUEST NO. 31:**

ALL DOCUMENTS AND COMMUNICATIONS relating to any cash and/or equity owed to PLAINTIFF under the EMPLOYMENT AGREEMENT, including but

12

not limited to the $2,400,000 owed to PLAINTIFF as a signing bonus, the approximately $4,000,000 owed to PLAINTIFF as part of PLAINTIFF'S guaranteed annual base salary, and the SMART KING OPTIONS.

**REQUEST NO. 32:**

ALL DOCUMENTS AND COMMUNICATIONS relating to JIA's currently or ever having been a fugitive of justice, his refusing to return to the PRC, or his refusing to cooperate with governmental investigations related to fraud.

**REQUEST NO. 33:**

All DOCUMENTS AND COMMUNICATIONS RELATED TO ANY affirmative defenses YOU have asserted in this action.

DATED:  February 11, 2021          THE LAW OFFICES OF BENJAMIN TAYLOR
                                   A Professional Corporation


                                   By:   /s/ Benjamin Taylor
                                         BENJAMIN TAYLOR
                                         Attorney for Plaintiff/Counter-Defendant
                                         HONG LIU

13

# PROOF OF SERVICE

I am at least eighteen years of age and not a party to this legal action. My business address is: 469 Seventh Avenue, Fifth Floor, New York, NY 10018.

On February 11, 2021, I served the foregoing document(s) described as: **PLAINTIFF HONG LIU'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

___ **BY MAIL** I placed the above document(s) in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ **BY ELECTRONIC MAIL** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

___ **BY OVERNIGHT DELIVERY** I placed the above document(s) in a sealed envelope and placed it for deposit with Golden State Overnight, prepaid for next day delivery, addressed as set forth below.

___ **BY FACSIMILE** I transmitted the above document(s) by facsimile transmission to the fax number(s) set forth below on this date before 5:00 p.m., and received confirmed transmission reports indicating that the document(s) were successfully transmitted.

Lauren E. Grochow                    **Attorneys for Defendants**
Mackenzie Willow-Johnson
Troutman Pepper Hamilton
Sanders LLP
5 Park Plaza, Suite 1400,
Irvine, California 92614

1

2

I declare under penalty of perjury under the laws of the States of New York and California that the above is true and correct.

3

4

Executed on February 11, 2021, at New York, New York.

5

6

7

/s/ Jake Nachmani

Jake Nachmani

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

1  LAUREN E. GROCHOW, Bar No. 293601
   lauren.grochow@troutman.com
2  TROUTMAN PEPPER HAMILTON SANDERS LLP
   5 Park Plaza, Suite 1400
3  Irvine, CA 92614-2545
   Telephone: 949.622.2700
4  Facsimile: 949.622.2739

5  DANIEL N. ANZISKA, *Pro Hac Vice*
   daniel.anziska@troutman.com
6  TROUTMAN PEPPER HAMILTON SANDERS LLP
   875 Third Avenue
7  New York, NY 10022
   Telephone: 212.704.6000
8  Facsimile: 212.704.6288

9  MACKENZIE L. WILLOW-JOHNSON, *Pro Hac Vice*
   mackenzie.willow-johnson@troutman.com
10 TROUTMAN PEPPER HAMILTON SANDERS LLP
   305 Church at North Hills Street, Suite 1200
11 Raleigh, NC 27609
   Telephone: 919.740.9949
12 Facsimile: 704.998.4051

13 Attorneys for Defendants
   SMART KING LTD., JIAWEI WANG, and CHAOYING DENG
14 and Defendant and Counterclaimant FARADAY&FUTURE INC.

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                    WESTERN DIVISION

18

19 HONG LIU,                          Case No. 2:20-cv-08035-SVW-JPR

20          Plaintiff,                Honorable Stephen V. Wilson

21     v.                             **DEFENDANTS' RESPONSE TO**
                                      **PLAINTIFF'S REQUEST FOR**
22 FARADAY&FUTURE INC.,               **PRODUCTION OF DOCUMENTS**
   SMART KING LTD., JIAWEI            **(SET ONE)**
23 WANG, and CHAOYING DENG,

24          Defendants.

25 ────────────────────────────
   AND RELATED COUNTERCLAIM.
26

27

28

113398245

DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    PROPOUNDING PARTY:      HONG LIU

2    RESPONDING PARTY:      FARADAY&FUTURE INC., SMART KING

3                                   LTD., JIAWEI WANG, and CHAOYING DENG

4    SET NUMBER:            ONE

5       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

6 Defendants Faraday&Future Inc. ("FF"), Smart King Ltd., Jiawei Wang, and

7 Chaoying Deng (collectively, "Defendants") hereby respond to the First Set of

8 Requests for Production of Documents ("Requests") propounded by Plaintiff Hong

9 Liu ("Liu"), as follows:

10                       **PRELIMINARY STATEMENT**

11       These responses are made solely for the purpose of and in relation to this

12 action.  Defendants' responses are subject to their general and specific objections,

13 without waiving and expressly preserving all such objections.  Defendants also

14 submit these responses subject to, without intending to waive, and expressly

15 preserving: (a) any objections as to competency, relevancy, materiality, privilege

16 and admissibility of any of the information provided; and (b) the right to object to

17 any other discovery involving or relating to the subject matter of the Requests

18 responded to herein.

19       Defendants have not completed their factual and legal investigation,

20 discovery or trial preparation.  Consequently, the following responses are given

21 without prejudice to Defendants' right to produce at a later time subsequently

22 discovered evidence relating to this action.  Defendants reserve their right to

23 amend, modify, or supplement its responses to the Requests as new information is

24 obtained, or as Defendants otherwise deem appropriate or necessary.

25                        **GENERAL OBJECTIONS**

26       The following general objections (collectively, the "General Objections") are

27 made to each and every one of the Requests and are incorporated into each and

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

every one of Defendants' objections and responses to the Requests set forth below. The express assertion of any objection to any of the Requests in the Responses to Requests section, *infra*, shall not waive, nor shall be construed as a waiver or indication of the inapplicability of, any objection set forth in the Preliminary Statement or in the General Objections.  When a response to any of the Requests specifically refers to a response to any earlier Request, that earlier response, including any and all objections, is hereby fully incorporated by reference as if the same had been set forth in length therein.

1.     Defendants object to the Requests, and to each specific Request therein, to the extent that they seek information that is neither relevant to the claim or defense of any party in this action, nor are reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendants object to the Requests, and to each specific Request therein, to the extent that they are overly broad, unduly burdensome, vague and/or ambiguous to the point of oppression.

3.     Defendants object to the Requests, and to each specific Request therein, to the extent that they call for documents and/or information that is protected by the attorney client privilege, common interest doctrine, attorney work-product doctrine, or any other applicable privilege, doctrine or immunity.

4.     Defendants object to the Requests, and to each specific Request therein, to the extent that they call for documents and/or information that is confidential and/or proprietary.

5.     Defendants object to the Requests, and to each specific Request therein, to the extent that they call for documents and/or information protected from discovery by any Constitutional, statutory and/or common law privacy right.

6.     Defendants object to the Requests, and to each specific Request therein, to the extent that they call for the production of documents and/or

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

information already in possession of Plaintiff or his counsel, or equally available to them, on the grounds that such request is unnecessary, unduly burdensome and oppressive; constitutes annoyance, harassment and oppression of Defendants; and goes beyond the obligations imposed or authorized by law.

7.   In responding to the Requests, and to each specific Request therein, Defendants do not waive: (i) any objections to the admissibility of, competency of, relevancy of, materiality of or privilege attaching to any information provided; or (ii) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the requests herein.  Nothing contained herein constitutes or should be construed as an admission relative to the existence or non-existence of any fact or information.  An objection or answer provided in response to any Request herein in no way constitutes and should not be construed as an admission of the relevancy or admissibility of any document or information. Defendants expressly do not concede the relevancy or materiality of the Requests, of any specific Request therein, or of the subject matter to which any of the Requests refer.

8.   The burdens of producing the requested information in the form specified, if any, by Plaintiff, *i.e.*, as ESI, outweighs any benefits of such a production; will be cumulative or  duplicative of information in Plaintiff's possession; and is available from other more convenient sources.

9.   Each and every response and objection to each specific Request set forth hereinafter shall be deemed to specifically incorporate the foregoing Preliminary Statement and the General Objections.  The express reference to or inclusion of any objection to any Request in no way constitutes, and should not be construed as a waiver, or admission of the inapplicability of, any other objection.

## OBJECTIONS TO INSTRUCTIONS

Defendants object to each of the instructions and to the Requests in general, to the extent that they call for or require Defendants to do some act that is not required by the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Central District of California.

## OBJECTIONS TO DEFINITIONS

1.      Defendants object to the terms "YOU" and "YOUR" as used in the Requests on the grounds that the definition is unreasonably broad.  Depending upon Liu's intended meaning, the definitions of those terms are vague and, subject to context, are artificially narrow and unreasonably restrictive or unreasonably broad and overreaching.  Additionally, Liu's use of these terms, as defined, improperly seeks information protected from discovery based on a Privilege or Privacy.  In particular, Defendants object to these terms to the extent they include counsel for Defendants, other than Liu, or potential expert testimony.  Defendants will search for information responsive to a given request in the files of: (a) Defendants' designated custodians, and (b) files located elsewhere in Defendants' corporate headquarters that would reasonably likely contain responsive, non-cumulative, reasonably accessible Documents and electronically stored information.  The foregoing reflects Defendants' "Scope" objection and position.

2.      Defendants object to the terms "COMMUNICATION" and "COMMUNICATIONS" because the definition is unreasonably broad and therefore the Requests, if any, to which the term applies are unreasonably burdensome.  Defendants further object to the term "COMMUNICATION" and "COMMUNICATIONS" to the extent that they seek communications protected by a Privilege.

3.      Defendants object to the terms "DOCUMENT" and "DOCUMENTS" because the definition is overly broad and unduly burdensome, and further object to

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the extent that the definition imposes obligations on Liu beyond those required under Federal Rules of Civil Procedure 26 and 34, and the applicable Local Rules of the United States District Court for the Central District of California. Defendants also object to the terms "DOCUMENT" and "DOCUMENTS" to the extent that those terms include DOCUMENTS protected by a Privilege or Privacy.

4.      Defendants object to the term "broadest sense" within the definition of "REFLECTING" and "RELATING TO" and "RELATED TO" as overly broad and to the extent it seeks information not relevant to any party's claim or defense and not proportional to the needs of the case.

5.      Defendants object to the term "PERSON" and "PERSONS" because the definition is overly broad and unduly burdensome.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All COMMUNICATIONS between YOU AND PLAINTIFF from October 1, 2017 to the date of YOUR responses to these Requests.

### RESPONSE TO REQUEST NO. 1:

Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it includes COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), such as menus exchanged for any working lunch(es) and routine administrative announcements sent to multiple recipients.  Further, Defendants object to this request to the extent it seeks "all" documents such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A).  In addition, Defendants object on the grounds that this request seeks COMMUNICATIONS protected by attorney-client privilege by the nature of Liu's role at FF.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants

1  will produce all non-privileged documents in its possession, custody, or control

2  related to this action and responsive to this request.

3  **REQUEST NO. 2:**

4          ALL DOCUMENTS AND COMMUNICATIONS related to PLAINTIFF'S

5  employment at FF, including but not limited to DOCUMENTS AND

6  COMMUNICATIONS relating to (i) the recruitment of PLAINTIFF, (ii) discussion

7  and/or negotiation of the terms of PLAINTIFF'S actual or potential employment

8  with FF, (iii) the scope and dates of PLAINTIFF'S employment with FF, (iv) the

9  duties which PLAINTIFF was obligated to perform in connection with his

10  employment with FF, (v) the compensation, in any form, that PLAINTIFF would

11  receive, received, or is entitled to receive from FF in connection with his

12  employment with FF, (vi) the termination of PLAINTIFF's employment, and (vii)

13  PLAINTIFF'S personnel file.

14  **RESPONSE TO REQUEST NO. 2:**

15          Defendants object on the grounds that this request seeks

16  COMMUNICATIONS protected by attorney-client privilege or work product

17  doctrine.

18          Subject to and without waiving the foregoing objections, the Preliminary

19  Statement, the General Objections, and the Objections to Definitions, Defendants

20  will produce all non-privileged documents in its possession, custody, or control

21  related to this action and responsive to this request.

22  **REQUEST NO. 3:**

23          ALL DOCUMENTS AND COMMUNICATIONS related to the

24  EVERGRANDE TRANSACTION, including, without limitation, relating to any

25  amounts invested by EVERGRANDE in FF and any and all related and side

26  transactions and dealings.

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**RESPONSE TO REQUEST NO. 3:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it includes DOCUMENTS and COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), such as publicly-available articles regarding the transaction. Further, Defendants object to this request to the extent it seeks "all" DOCUMENTS and COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A). Defendants object to the term "EVERGRANDE" as overly broad to the extent it includes "all . . . corporate parents, subsidiaries, affiliates, successors, assignees and transferees . . . as well as Season Smart Limited's corporate parents, subsidiaries, affiliates, successors, assignees and transferees" Defendants further do not have knowledge of all such entities that may meet this definition. In addition, Defendants object that the term "side transactions and dealings" is vague and ambiguous: the phrase is not defined and it is unclear what comprises "side transactions and dealings." In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce all non-privileged documents in its possession, custody, or control related to this action and responsive to this request.

**REQUEST NO. 4:**

ALL DOCUMENTS AND COMMUNICATIONS related to the negotiation, formation, drafting, execution, and/or discussion of the EMPLOYMENT AGREEMENT, including as ALL DOCUMENTS AND COMMUNICATIONS related to any terms of PLAINTIFF'S employment with FF or consideration given to Plaintiff in exchange for his employment with FF contained in the

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPLOYMENT AGREEMENT or any disputes between PLAINTIFF AND

DEFENDANTS relating the EMPLOYMENT AGREEMENT.

**RESPONSE TO REQUEST NO. 4:**

Defendants object on the grounds that this request seeks DOCUMENTS and

COMMUNICATIONS protected by attorney-client privilege and work product

doctrine.

Subject to and without waiving the foregoing objections, the Preliminary

Statement, the General Objections, and the Objections to Definitions, Defendants

will produce all non-privileged documents in its possession, custody, or control

related to this action and responsive to this request.

**REQUEST NO. 5:**

ALL DOCUMENTS AND COMMUNICATIONS related to the negotiation,

formation, drafting, execution, and/or discussion of the DIRECTOR

COMPENSATION AGREEMENT, including as ALL DOCUMENTS AND

COMMUNICATIONS related to any terms of PLAINTIFF'S employment with FF

or consideration given to Plaintiff in exchange for his employment with FF

contained in the DIRECTOR COMPENSATION AGREEMENT, or any disputes

between PLAINTIFF AND DEFENDANTS relating the DIRECTOR

COMPENSATION AGREEMENT.

**RESPONSE TO REQUEST NO. 5:**

Defendants object to this request on the grounds that it is overly broad and

unduly burdensome because it seeks information regarding the DIRECTOR

COMPENSATION AGREEMENT, which is not relevant to any party's claim or

defense under Rule 26(b)(1) and with Defendants understand to be void,

rescindable, and unenforceable.  In addition, Defendants object on the grounds that

this request seeks DOCUMENTS and COMMUNICATIONS protected by

attorney-client privilege and work product doctrine.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will meet and confer with Liu to determine what documents, if any, may be relevant to the parties' claims and defenses.

**REQUEST NO. 6:**

ALL DOCUMENTS AND COMMUNICATIONS related to the SMART KING OPTIONS, including not limited to, any and all drafts or of the September 2018 Resolutions, executed and unexecuted, as referenced in paragraphs 64-66 and 98 of the COMPLAINT, the current and former status of the SMART KING OPTIONS (e.g., vested, unvested, terminated, cancelled, expired, etc.), as well as any and all issuances, grants, vestings, exercisings, givings, assignments, or transfers (with or without valuable consideration) of the SMART KING OPTIONS.

**RESPONSE TO REQUEST NO. 6:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the SMART KING OPTIONS, which is not relevant to any party's claim or defense under Rule 26(b)(1), including information relating to third parties who may have such options.   In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege.   Further, Defendants object to this request to the extent it seeks "all" DOCUMENTS and COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A).   Defendants object to the term "SMART KING OPTIONS" on the grounds that it is argumentative and misstates facts by claiming "options in Smart King that were required to be given to PLAINTIFF under the terms of the EMPLOYMENT AGREEMENT."   Defendants' position is that the EMPLOYMENT AGREEMENT is void, rescindable, and enforceable and, thus, no options were "required" to be given to PLAINTIFF thereunder.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    Subject to and without waiving the foregoing objections, the Preliminary

2  Statement, the General Objections, and the Objections to Definitions, Defendants

3  will produce all non-privileged documents relating to the SMART KING

4  OPTIONS as they relate to Liu.

5  **REQUEST NO. 7:**

6    ALL COMMUNICATIONS among Defendants and the parties to the

7  AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers,

8  or other professionals working on behalf of such parties) relating to the SMART

9  KING OPTIONS.

10  **RESPONSE TO REQUEST NO. 7:**

11    Defendants object to this request on the grounds that it is overly broad and

12  unduly burdensome because it seeks information regarding the SMART KING

13  OPTIONS that is not relevant to any party's claim or defense under Rule 26(b)(1).

14  In addition, Defendants object on the grounds that this request seeks

15  COMMUNICATIONS protected by attorney-client privilege, such as "counsel."

16  Further, Defendants object to this request to the extent it seeks "all"

17  COMMUNICATIONS such that it lacks specificity and reasonable particularity, as

18  required by Fed. R. Civ. P. 34(b)(1)(A).  Moreover, this request improperly seeks

19  information in the possession of third-parties, like investment bankers or "other"

20  undefined "professionals," and not within Defendants' possession, custody, or

21  control.

22    Subject to and without waiving the foregoing objections, the Preliminary

23  Statement, the General Objections, and the Objections to Definitions, Defendants

24  will meet and confer with Liu to determine what documents, if any, may be relevant

25  to the parties' claims and defenses.

26  **REQUEST NO. 8:**

27    ALL COMMUNICATIONS among Defendants and the parties to the

28  AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers,

or other professionals working on behalf of such parties) relating to Plaintiff's

claims in this ACTION.

**RESPONSE TO REQUEST NO. 8:**

Defendants object to this request on the grounds that it is overly broad and

unduly burdensome because it seeks information regarding the AGREEMENT

AND PLAN OF MERGER, which is not relevant to any party's claim or defense

under Rule 26(b)(1).  Moreover, the AGREEMENT AND PLAN OF MERGER is

dated as of January 27, 2021, almost two years after Plaintiff's employment with

FF ended such that it has no bearing on any party's claim or defense.  In addition,

as of the date of this response, the referenced AGREEMENT AND PLAN OF

MERGER is regarding a pending transaction that has yet to be finalized.

Defendants also object on the grounds that this request seeks

COMMUNICATIONS protected by attorney-client privilege, such as "counsel."

Further, Defendants object to this request to the extent it seeks "all"

COMMUNICATIONS such that it lacks specificity and reasonable particularity, as

required by Fed. R. Civ. P. 34(b)(1)(A).  Moreover, this request improperly seeks

information in the possession of third-parties, like investment bankers or "other"

undefined "professionals," and not within Defendants' possession, custody, or

control.

Subject to and without waiving the foregoing objections, the Preliminary

Statement, the General Objections, and the Objections to Definitions, Defendants

will produce the AGREEMENT AND PLAN OF MERGER and all final exhibits

thereto.

**REQUEST NO. 9:**

ALL COMMUNICATIONS among Defendants and the parties to the

AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers,

or other professionals working on behalf of such parties) relating to Plaintiff's

claims in the BANKRUPTCY ACTION.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**RESPONSE TO REQUEST NO. 9:**

Defendants object to this request as an improper attempt to use discovery in this ACTION to achieve discovery in another lawsuit, the BANKRUPTCY ACTION. *See Hukman v. Sw. Airlines Co.*, No. 18CV1204-GPC (RBB), 2019 WL 2289390, at *3 (S.D. Cal. May 28, 2019) ("A party is not permitted to exploit the liberal federal discovery rules to obtain information for purposes unrelated to the case at hand, including for use in other lawsuits." (internal citations omitted)).  In addition, Defendants object to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1).  Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Plaintiff's employment with FF ended such that it has no bearing on any party's claim or defense.  In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a still pending transaction that has yet to be finalized. Furthermore, Defendants object on the grounds that this request seeks COMMUNICATIONS protected by attorney-client privilege, such as "counsel." Lastly, Defendants object to this request to the extent it seeks "all" COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A).  Moreover, this request improperly seeks information in the possession of third-parties, like investment bankers or "other" undefined "professionals," and not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce the AGREEMENT AND PLAN OF MERGER and all final exhibits thereto.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST NO. 10:**

ALL COMMUNICATIONS among Defendants and the parties to the AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers, or other professionals working on behalf of such parties) relating to the EMPLOYMENT AGREEMENT.

**RESPONSE TO REQUEST NO. 10:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1). Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Plaintiff's employment with FF ended such that it has no bearing on any party's claim or defense or the EMPLOYMENT AGREEMENT. In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a still pending transaction that has yet to be finalized. In addition, Defendants object on the grounds that this request seeks COMMUNICATIONS protected by attorney-client privilege, such as "counsel." Further, Defendants object to this request to the extent it seeks "all" COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A). Moreover, this request improperly seeks information in the possession of third-parties, like investment bankers or "other" undefined "professionals," and not within Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce the AGREEMENT AND PLAN OF MERGER and all final exhibits thereto.

**REQUEST NO. 11:**

ALL COMMUNICATIONS among Defendants and the parties to the AGREEMENT AND PLAN OF MERGER (including counsel, investment bankers, or other professionals working on behalf of such parties) relating to the DIRECTOR COMPENSATION AGREEMENT.

**RESPONSE TO REQUEST NO. 11:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1). Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Plaintiff's employment with FF ended such that it has no bearing on any party's claim or defense. In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a still pending transaction that has yet to be finalized. Further, any communications regarding the DIRECTOR COMPENSATION AGREEMENT, whether within the context of the AGREEMENT AND PLAN OF MERGER or otherwise, are not relevant to any party's claim or defense under Rule 26(b)(1) as neither party brings a claim premised thereon. In addition, Defendants object on the grounds that this request seeks COMMUNICATIONS protected by attorney-client privilege, such as "counsel." Further, Defendants object to this request to the extent it seeks "all" COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A).

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce the AGREEMENT AND PLAN OF MERGER and all final exhibits thereto.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST NO. 12:**

ALL DOCUMENTS AND COMMUNICATIONS related to the option conversion, as described in § 3.05 of the AGREEMENT AND PLAN OF MERGER, including but not limited to the (i) "Exchange Ratio" (as defined in the Agreement); (ii) the number of shares of "Acquiror Common Stock" (as defined in the Agreement) that will be outstanding immediately following the closing of the SPAC TRANSACTION; and (iii) Schedules 4.06(a), 4.06(b), and 4.06(f) to the AGREEMENT AND PLAN OF MERGER.

**RESPONSE TO REQUEST NO. 12:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1). Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Plaintiff's employment with FF ended such that it has no bearing on any party's claim or defense. In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a still pending transaction that has yet to be finalized and the SPAC TRANSACTION has not yet occurred. In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege and the work-product doctrine. Further, Defendants object to this request to the extent it seeks "all" DOCUMENTS and COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A).

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce the AGREEMENT AND PLAN OF MERGER and all final exhibits thereto.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST NO. 13:**

ALL DOCUMENTS AND COMMUNICATIONS related to a lock-up period in connection with the SPAC TRANSACTION, including but not limited to Exhibit G (Form of Lock-up Agreement) to the AGREEMENT AND PLAN OF MERGER.

**RESPONSE TO REQUEST NO. 13:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome because it seeks information regarding the SPAC TRANSACTION, as described in the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1). Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Plaintiff's employment with FF ended such that it has no bearing on any party's claim or defense. In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a still pending transaction that has yet to be finalized and the SPAC TRANSACTION has not yet occurred. Accordingly, these matters have no bearing on either party's claims or defenses arising from the EMPLOYMENT AGREEMENT. Further, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege and the work-product doctrine. And, Defendants object to this request to the extent it seeks "all" DOCUMENTS and COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A).

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce the AGREEMENT AND PLAN OF MERGER and all final exhibits thereto.

**REQUEST NO. 14:**

ALL DOCUMENTS AND COMMUNICATIONS related to FF's ability to issue options and/or shares in FF or in any of FF's subsidiaries, affiliates, or parent companies to Plaintiff or any other PERSON or entity upon the consummation of the transactions contemplated by the AGREEMENT AND PLAN OF MERGER.

**RESPONSE TO REQUEST NO. 14:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome because it seeks information "contemplated by" the AGREEMENT AND PLAN OF MERGER, which is not relevant to any party's claim or defense under Rule 26(b)(1). Moreover, the AGREEMENT AND PLAN OF MERGER is dated as of January 27, 2021, almost two years after Plaintiff's employment with FF ended such that it has no bearing on any party's claim or defense. In addition, as of the date of this response, the referenced AGREEMENT AND PLAN OF MERGER is regarding a pending transaction that has yet to be finalized. In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege and the work-product doctrine. Further, Defendants object to this request to the extent it seeks "all" DOCUMENTS and COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A). Lastly, Defendants object that this request is vague, ambiguous, and overly broad in that they cannot determine what information it actually seeks.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce the AGREEMENT AND PLAN OF MERGER and all final exhibits thereto.

**REQUEST NO. 15:**

ALL DOCUMENTS AND COMMUNICATIONS related to the 1 PERCENT SMART KING VALUE, without limitation, all documents affecting the

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

value of the 1 PERCENT SMART KING VALUE to be paid to Plaintiff including, but not limited to, any disposal of assets, change of control, governance alteration, organizational restructuring, any domestic and foreign transfer of any technology and intellectual property rights in and outside of the United States, any recorded or non-recorded financial transactions, any related party transactions including but not limited to YOUR directly or indirectly controlled entities, family and friends, any legal and regulatory sanctions, any immigration, discrimination, ethical, labor, regulatory, export controls, IP protection and compliance breaches and violations.

**RESPONSE TO REQUEST NO. 15:**

Defendants object to this request on the grounds that it seeks information that is not relevant to any party's claim or defense under Rule 26(b)(1) since it requests information regarding the 1 PERCENT SMART KING VALUE under the DIRECTOR COMPENSATION AGREEMENT.  The DIRECTOR COMPENSATION AGREEMENT is not at issue in this action.  Defendants object to this request as an improper attempt to use discovery in this ACTION to achieve discovery in another lawsuit, the BANKRUPTCY ACTION.  *See Hukman v. Sw. Airlines Co.*, No. 18CV1204-GPC (RBB), 2019 WL 2289390, at *3 (S.D. Cal. May 28, 2019) ("A party is not permitted to exploit the liberal federal discovery rules to obtain information for purposes unrelated to the case at hand, including for use in other lawsuits." (internal citations omitted)).  In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege and the work-product doctrine.  Further, Defendants object that this request is vague, ambiguous, and overly broad because it seeks information "including, but not limited to, any disposal of assets, change of control, governance alteration, organizational restructuring, any domestic and foreign transfer of any technology and intellectual property rights in and outside of the United States, any recorded or non-recorded financial transactions, any related party transactions including but not limited to YOUR directly or indirectly

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

113398245

- 18 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

controlled entities, family and friends, any legal and regulatory sanctions, any immigration, discrimination, ethical, labor, regulatory, export controls, IP protection and compliance breaches and violations." This far-reaching definition does not appear to provide any meaningful litmus test for what relevant information is responsive. For example, it requests information regarding "intellectual property rights **in and outside** of the United States[.]" (emphasis added.)

**REQUEST NO. 16:**

ALL DOCUMENTS AND COMMUNICATIONS sufficient to identify any transactions, including but not limited to any merger, acquisition, sale, or disposal of assets, tangible or intangible, resulting in cash available to FF (or its successors and assigns) for the 1 PERCENT SMART KING VALUE.

**RESPONSE TO REQUEST NO. 16:**

Defendants object to this request on the grounds that it seeks information that is not relevant to any party's claim or defense under Rule 26(b)(1) since it requests information regarding the 1 PERCENT SMART KING VALUE under the DIRECTOR COMPENSATION AGREEMENT. The DIRECTOR COMPENSATION AGREEMENT is not at issue in this action. Defendants object to this request as an improper attempt to use discovery in this ACTION to achieve discovery in another lawsuit, the BANKRUPTCY ACTION. *See Hukman v. Sw. Airlines Co.*, No. 18CV1204-GPC (RBB), 2019 WL 2289390, at *3 (S.D. Cal. May 28, 2019) ("A party is not permitted to exploit the liberal federal discovery rules to obtain information for purposes unrelated to the case at hand, including for use in other lawsuits." (internal citations omitted)). In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege and the work-product doctrine. Further, Defendants object that this request is vague, ambiguous, and overly broad because it seeks information regarding any transactions "resulting in case available to FF (or tis successor or assigns) for the 1 PERCENT SMART KING VALUE," which

arguably covers every transaction without limitation as to time that generated revenue for FF.  This far-reaching definition does not appear to provide any meaningful litmus test for what relevant information is responsive.

**REQUEST NO. 17:**

ALL DOCUMENTS AND COMMUNICATIONS sufficient to identify any change in control of FF, resulting in cash available to FF (or its successors and assigns) for the 1 PERCENT SMART KING VALUE.

**RESPONSE TO REQUEST NO. 17:**

Defendants object to this request on the grounds that it seeks information that is not relevant to any party's claim or defense under Rule 26(b)(1) since it requests information regarding the 1 PERCENT SMART KING VALUE and any potential "resulting in cash available" under the DIRECTOR COMPENSATION AGREEMENT.  The DIRECTOR COMPENSATION AGREEMENT is not at issue in this action.  Defendants object to this request as an improper attempt to use discovery in this ACTION to achieve discovery in another lawsuit, the BANKRUPTCY ACTION.  *See Hukman v. Sw. Airlines Co.*, No. 18CV1204-GPC (RBB), 2019 WL 2289390, at *3 (S.D. Cal. May 28, 2019) ("A party is not permitted to exploit the liberal federal discovery rules to obtain information for purposes unrelated to the case at hand, including for use in other lawsuits." (internal citations omitted)).  In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege and the work-product doctrine.  Further, Defendants object that this request is vague, ambiguous, and overly broad because it seeks information regarding any transactions "resulting in case available to FF (or tis successor or assigns) for the 1 PERCENT SMART KING VALUE," which arguably covers every transaction without limitation as to time that generated revenue for FF.  This far-reaching definition does not appear to provide any meaningful litmus test for what relevant information is responsive.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 20 -

DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

**REQUEST NO. 18:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the current ownership structure of FF, including FF's parent entities, subsidiaries, and affiliates.

**RESPONSE TO REQUEST NO. 18:**

Defendants object to this request as overly broad and unduly burdensome because it seeks information, the current ownership structure of FF, that is not relevant to any party's claim or defense under Rule 26(b)(1). FF's current ownership structure is not in dispute.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce all non-privileged documents in its possession, custody, or control related to this action and responsive to this request.

**REQUEST NO. 19:**

DOCUMENTS AND COMMUNICATIONS sufficient to identify the anticipated or proposed ownership structure of FF, including FF's parent entities, subsidiaries, and affiliates, following the closing of the SPAC TRANSACTION.

**RESPONSE TO REQUEST NO. 19:**

Defendants object to this request as overly broad and unduly burdensome because it seeks information, the hypothetical future ownership structure of FF, that is not relevant to any party's claim or defense under Rule 26(b)(1). The SPAC TRANSACTION has not yet occurred, thus Defendants object to this interrogatory as irrelevant because FF's ownership structure is not in dispute and as overly broad because it seeks conjecture regarding the future ownership based on a not-yet-closed transaction.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

will produce all non-privileged documents in its possession, custody, or control related to this action and responsive to this request.

**REQUEST NO. 20:**

ALL DOCUMENTS AND COMMUNICATIONS relating to YOUR policies, formal or informal, for hiring employees, whether permanent or temporary, including policies concerning employees' age, race, sex, gender, nationality, looks or appearance, or religion.

**RESPONSE TO REQUEST NO. 20:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it includes DOCUMENTS and COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), because Plaintiff has not alleged that he encountered any purported discrimination on the basis of his age, race, sex, gender, nationality, looks or appearance, or religion.  In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.  Defendants further object that this request is not limited to a reasonable time period relevant to the parties claims and defenses.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce all non-privileged documents in its possession, custody, or control related to this action and responsive to this request, but limited to time that Liu was employed by FF.

**REQUEST NO. 21:**

ALL DOCUMENTS AND COMMUNICATIONS relating to ANY internal complaints or reports raised by current or former employees of FF's concerning allegations of sexual harassment or hostile work environment, including without limitation ANY internal or external investigations into those allegations and the

- 22 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

findings thereof, and ANY remediating actions suggested or implemented as a result.

**RESPONSE TO REQUEST NO. 21:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it includes DOCUMENTS and COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), because Plaintiff has not alleged that he encountered any purported sexual harassment nor does he limit this request to any complaints or reports that he purportedly investigated, as would potentially relate to claims regarding his legal capabilities.  In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.  Defendants further object that this request calls for information protected by confidentiality and/or privacy rights, including those of third parties.  Defendants further object that this request is not limited to a reasonable time period relevant to the parties claims and defenses.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants agree to meet and confer with Liu to determine whether there are any non-privileged documents responsive to this request that are relevant to the parties claims and defenses that may be produced.

**REQUEST NO. 22:**

ALL DOCUMENTS AND COMMUNICATIONS relating to DEFENDANTS' attempts to obtain U.S. visas for individuals, including without limitation ALL DOCUMENTS AND COMMUNICATIONS related to the U.S. Citizenship & Immigration Services Division of the Department of Homeland Security May 2018 on-site inspection of FF.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**RESPONSE TO REQUEST NO. 22:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it includes DOCUMENTS and COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), because Plaintiff has not alleged that he required any such visa for his own employment. In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine. Defendants further object that this request calls for information protected by confidentiality and/or privacy rights, including those of third parties. Defendants further object that this request is not limited to a reasonable time period relevant to the parties claims and defenses.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants agree to meet and confer with Liu to determine whether there are any non-privileged documents responsive to this request that are relevant to the parties claims and defenses that may be produced.

**REQUEST NO. 23:**

ALL DOCUMENTS AND COMMUNICATIONS relating to JIA's threatening to fire any former or current FF employee, including without limitation Nick Sampson and Butch Darrow, FF's former co-founder and Vice President of Quality, respectively.

**RESPONSE TO REQUEST NO. 23:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks DOCUMENTS and COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), because it seeks information regarding other former FF employees who are not parties to this ACTION. In addition, Defendants object to the characterization "threatening to fire" as misleading and argumentative. In addition,

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.  Defendants further object that this request calls for information protected by confidentiality and/or privacy rights, including those of third parties.  Defendants further object that this request is not limited to a reasonable time period relevant to the parties claims and defenses.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants agree to meet and confer with Liu to determine whether there are any non-privileged documents responsive to this request that are relevant to the parties claims and defenses that may be produced.

**REQUEST NO. 24:**

ALL DOCUMENTS AND COMMUNICATIONS relating to JIA's October 18, 2018 firing of numerous FF employees.

**RESPONSE TO REQUEST NO. 24:**

Defendants object to this request on the grounds that it is overly broad and unduly burdensome to the extent it seeks DOCUMENTS and COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), because it seeks information regarding JIA's purported actions, even though he is not a party to this ACTION.  Defendants also object to the characterization "firing of numerous FF employees."  In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.  Defendants further object that this request calls for information protected by confidentiality and/or privacy rights, including those of third parties.  Defendants further object that this request is not limited to a reasonable time period relevant to the parties claims and defenses.

1   Subject to and without waiving the foregoing objections, the Preliminary

2   Statement, the General Objections, and the Objections to Definitions, Defendants

3   agree to meet and confer with Liu to determine whether there are any non-

4   privileged documents responsive to this request that are relevant to the parties

5   claims and defenses that may be produced.

6   **REQUEST NO. 25:**

7   ALL DOCUMENTS AND COMMUNICATIONS relating to any FF work

8   plan, draft of any FF internal memoranda concerning FF employee layoffs, FF or its

9   employees' compliance with, or potential or actual violation of, U.S. and California

10  labor codes, fiduciary duties, immigration laws, financial controls and reporting,

11  internal controls, and privacy laws.

12  **RESPONSE TO REQUEST NO. 25:**

13  Defendants object to this request on the grounds that it is overly broad and

14  unduly burdensome to the extent it seeks DOCUMENTS and

15  COMMUNICATIONS regarding the distinct categories of employee layoffs and

16  "potential or actual violation of" various laws and duties.  Defendants also object

17  that this request improperly seeks information regarding individuals who are not

18  party to this ACTION and whose employment, or lack thereof, is not in dispute.

19  Accordingly, this request seeks information that is not related to the claims and

20  defenses at issue in this action under Fed. R. Civ. P. 26(b)(1).  Moreover, Plaintiff

21  fails to place any temporal limit on this request as would suggest relevance to the

22  claims and defenses at issue here and Defendants object on that ground.  Further,

23  Defendants object on the grounds that this request seeks DOCUMENTS and

24  COMMUNICATIONS protected by attorney-client privilege or work-product

25  doctrine.  Defendants further object that this request calls for information protected

26  by confidentiality and/or privacy rights, including those of third parties.

27  Subject to and without waiving the foregoing objections, the Preliminary

28  Statement, the General Objections, and the Objections to Definitions, Defendants

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

agree to meet and confer with Liu to determine whether there are any non-

privileged documents responsive to this request that are relevant to the parties

claims and defenses that may be produced.

**REQUEST NO. 26:**

ALL DOCUMENTS AND COMMUNICATIONS relating to any FF board

or management meetings held in September through November 2018, including the

minutes of those meetings.

**RESPONSE TO REQUEST NO. 26:**

Defendants object to this request on the grounds that it is overly broad and

unduly burdensome to the extent it seeks DOCUMENTS and

COMMUNICATIONS regarding board or management meetings regardless of

whether Plaintiff purportedly attended or not, such that this request is not related to

the claims and defenses at issue in this ACTION.  Further, the board or

management meetings are not in dispute such that this request seeks irrelevant

information.  In addition, Defendants object on the grounds that this request seeks

DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or

work-product doctrine.

Subject to and without waiving the foregoing objections, the Preliminary

Statement, the General Objections, and the Objections to Definitions, Defendants

will produce all non-privileged documents in its possession, custody, or control

related to this action and responsive to this request.

**REQUEST NO. 27:**

ALL DOCUMENTS AND COMMUNICATIONS relating to the

resignations of Nick Sampson, Peter Savagian, Dag Reckhorn, and Jeff Risher or

other senior FF management in or around October 2018.

**RESPONSE TO REQUEST NO. 27:**

Defendants object to this request on the grounds that it is overly broad and

unduly burdensome to the extent it seeks DOCUMENTS and

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

COMMUNICATIONS that are not relevant to any party's claim or defense under Rule 26(b)(1), because it seeks information regarding nonparties Nick Sampson, Peter Savagian, Dag Reckhorn, and Jeff Risher.  In addition, Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.  Defendants further object that this request calls for information protected by confidentiality and/or privacy rights, including those of third parties.  Defendants further object that this request is not limited to a reasonable time period relevant to the parties claims and defenses.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants agree to meet and confer with Liu to determine whether there are any non-privileged documents responsive to this request that are relevant to the parties claims and defenses that may be produced.

**REQUEST NO. 28:**

ALL DOCUMENTS AND COMMUNICATIONS relating to PLAINTIFF's letter to JIA dated January 23, 2019, including but not limited to FF and/or JIA'S attempts to limit PLAINTIFF'S roles and responsibilities at FF and any investigations initiated or done by DEFENDANTS or initiated or done at DEFENDANTS' behest concerning the allegations raised in PLAINTIFF's January 23, 2019 letter.

**RESPONSE TO REQUEST NO. 28:**

Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.  Defendants further object to the extent that this request vaguely refers to a letter that is not attached or described beyond the date of that letter.  Defendants also object that the referenced "attempts to limit PLAINTIFF'S roles and

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

1   responsibilities at FF and any investigations" is vague and ambiguous and lacks

2   specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A).

3        Subject to and without waiving the foregoing objections, the Preliminary

4   Statement, the General Objections, and the Objections to Definitions, and subject to

5   Defendants reasonable interpretation of this vague request, Defendants will produce

6   all non-privileged and responsive documents in their possession, custody, and

7   control, to the extent such documents exist.

8   **REQUEST NO. 29:**

9        ALL DOCUMENTS AND COMMUNICATIONS relating to PLAINTIFF's

10   being terminated from his position at FF, including but not limited to ALL

11   DOCUMENT AND COMMUNICATIONS related to purported breaches of the

12   EMPLOYMENT AGREEMENT, DIRECTOR COMPENSATION AGREEMENT,

13   or other terms of PLAINTIFF'S employment with FF, or any threats made by JIA

14   or DEFENDANTS to PLAINTIFF in connection with PLAINTIFF'S challenging

15   the termination of his employment.

16   **RESPONSE TO REQUEST NO. 29:**

17        Defendants object to this request on the grounds that it is overly broad and

18   unduly burdensome because it seeks information relating to the DIRECTOR

19   COMPENSATION AGREEMENT, which is not relevant to any party's claim or

20   defense under Rule 26(b)(1).  Moreover, Defendants object on the grounds this

21   request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-

22   client privilege or work product doctrine.  Defendants further object to the extent

23   that the term "threats" is argumentative.

24        Subject to and without waiving the foregoing objections, the Preliminary

25   Statement, the General Objections, and the Objections to Definitions, Defendants

26   will produce all non-privileged documents in its possession, custody, or control

27   relating to Liu's separation from FF and the reason for that separation, including his

28   breaches of the Employment Agreement.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST NO. 30:**

ALL DOCUMENTS AND COMMUNICATIONS relating to JIA or DEFENDANTS' attempts to access, enter, or survey PLAINTIFF'S California residence, including without limitation DEFENDANTS' attempts (or attempts of individuals acting at Defendants' direction) to access, enter, or survey PLAINTIFF'S California residence.

**RESPONSE TO REQUEST NO. 30:**

Defendants object to this request on the grounds that it assumes facts not in evidence.  Defendants further object to this request on the grounds that the terms "access, enter, or survey" are vague and ambiguous.  Defendants further object on the grounds this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants respond that, to the extent the term "access" means to visit or otherwise meet Liu at his California residence, Defendants will produce all non-privileged documents in their possession, custody, or control, to the extent they exist, and relate to Defendants attempts to visit or otherwise meet Liu at his California residence.

**REQUEST NO. 31:**

ALL DOCUMENTS AND COMMUNICATIONS relating to any cash and/or equity owed to PLAINTIFF under the EMPLOYMENT AGREEMENT, including but not limited to the $2,400,000 owed to PLAINTIFF as a signing bonus, the approximately $4,000,000 owed to PLAINTIFF as part of PLAINTIFF'S guaranteed annual base salary, and the SMART KING OPTIONS.

**RESPONSE TO REQUEST NO. 31:**

Defendants object to the term "SMART KING OPTIONS" on the grounds that it misstates facts by claiming "options in Smart King that were required to be given to PLAINTIFF under the terms of the EMPLOYMENT AGREEMENT."

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

1  Defendants object to this request as improper and argumentative because they do

2  now "owe" anything to Plaintiff and there was no "guaranteed base salary," as the

3  EMPLOYMENT AGREEMENT is void, rescindable, and enforceable such that no

4  payments were owed to PLAINTIFF thereunder.  In addition, Defendants object on

5  the grounds that this request seeks DOCUMENTS and COMMUNICATIONS

6  protected by attorney-client privilege or work-product doctrine.  Further,

7  Defendants object to this request to the extent it seeks "all" DOCUMENTS and

8  COMMUNICATIONS such that it lacks specificity and reasonable particularity, as

9  required by Fed. R. Civ. P. 34(b)(1)(A).

10      Subject to and without waiving the foregoing objections, the Preliminary

11  Statement, the General Objections, and the Objections to Definitions, Defendants

12  agree to meet and confer with Liu to determine what Liu is specifically seeking

13  under this request.

14  **REQUEST NO. 32:**

15      ALL DOCUMENTS AND COMMUNICATIONS relating to JIA's currently

16  or ever having been a fugitive of justice, his refusing to return to the PRC, or his

17  refusing to cooperate with governmental investigations related to fraud.

18  **RESPONSE TO REQUEST NO. 32:**

19      Defendants object to this request on the grounds that it is overly broad and

20  unduly burdensome to the extent it seeks DOCUMENTS and

21  COMMUNICATIONS that are not relevant to any party's claim or defense under

22  Rule 26(b)(1), because it seeks information regarding JIA's purported conduct even

23  though he is not a party to this ACTION.  Defendants object that the term "fugitive

24  of justice" is not only vague and ambiguous, but harassing and argumentative.  In

25  addition, JIA is not a party to this action, making such DOCUMENTS AND

26  COMMUNICATIONS irrelevant.  In addition, Defendants object on the grounds

27  that this request seeks DOCUMENTS and COMMUNICATIONS protected by

28  attorney-client privilege or work-product doctrine.  Further, Defendants object to

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

this request to the extent it seeks "all" DOCUMENTS and COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A) and because discovery is ongoing and Defendants continue to search for responsive information; as such, Defendants reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants agree to meet and confer with Liu to determine what Liu is specifically seeking under this request that could be within Defendants' possession, custody, or control.

**REQUEST NO. 33:**

All DOCUMENTS AND COMMUNICATIONS RELATED TO ANY affirmative defenses YOU have asserted in this action.

**RESPONSE TO REQUEST NO. 33:**

Defendants object on the grounds that this request seeks DOCUMENTS and COMMUNICATIONS protected by attorney-client privilege or work-product doctrine.  Further, Defendants object to this request to the extent it seeks "all" DOCUMENTS and COMMUNICATIONS such that it lacks specificity and reasonable particularity, as required by Fed. R. Civ. P. 34(b)(1)(A) and because discovery is ongoing and Defendants continue to search for responsive information; as such, Defendants reserve the right to supplement this response.

Subject to and without waiving the foregoing objections, the Preliminary Statement, the General Objections, and the Objections to Definitions, Defendants will produce all non-privileged documents in its possession, custody, or control related to this action and responsive to this request.

1 | Dated:  March 15, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: _____
Lauren E. Grochow
Daniel Anziska
Mackenzie L. Willow-Johnson

Attorneys for Defendants
SMART KING LTD., JIAWEI
WANG, and CHAOYING DENG
and Defendant and Counterclaimant
FARADAY&FUTURE INC.

- 33 -

DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**PROOF OF SERVICE**

I, Felisa H. Lybarger, declare:

I am a citizen of the United States and employed in Orange County, CA.  I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA  92614-2545; email felisa.lybarger@troutman.com.

On March 15, 2021, I served the following document(s) described as:

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

☐  **BY MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

☒  **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

On the following parties:

*SEE ATTACHED SERVICE LIST*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on March 15, 2021, at Irvine, CA.

_____
Felisa H. Lybarger

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

113067558

## SERVICE LIST

| | |
|---|---|
| Amiad Kushner<br>Jake Nachmani<br>Seiden Law Group, LLP<br>469 Seventh Avenue, 5thFl.<br>New York, NY 10018<br>Email:  akushner@seidenlegal.com<br>        jnachmani@seidenlegal.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |
| Kevin D Hughes<br>Foundation Law Group LLP<br>1999 Avenue of the Stars Suite 1100<br>Los Angeles, CA 90067<br>Email: kevin@foundationlaw.com | *Attorneys for Plaintiff and Counter-Defendant HONG LIU* |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

113067558

- 2 -

# EXHIBIT 3

| Entry No. | ProdBeg | ProdEnd | Custodian | Date_Master | From/Author | To | CC | BCC | Doc Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | Jia, YT | 12/4/2018 | Liu, Henry | Mok, Tin; Wang, Jerry; Ye, Bob; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Ma, XiaoOu; Aydt, Matthias; Jia, YT | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| | | | Jia, YT | 12/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| | | | Jia, YT | 12/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 2 | | | Jia, YT | 12/4/2018 | Ye, Bob | Liu, Henry; Mok, Tin; Wang, Jerry; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Ma, XiaoOu; Aydt, Matthias; Jia, YT | | | Outlook Message File | Attorney - Client Privilege | Attachment to email, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 12/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 12/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 3 | | | Jia, YT | 12/4/2018 | Wang, Terry | Jia, YT; Qiang, Johnson; Agosta, Michael | Chen, Chris; Wang, Scott; Polonski, Ron; Cuyler, Mark; Mok, Tin; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | | | Jia, YT | 12/4/2018 | Skibbe, Sheryl | Chen, Chris; Wang, Scott; Polonski, Ron; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Ma, XiaoOu | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 5 | | | Jia, YT | 12/4/2018 | Chen, Chris | Wang, Scott; Polonski, Ron; Skibbe, Sheryl; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Ma, XiaoOu | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | | | Jia, YT | | 12/4/2018 | Skibbe, Sheryl | Wang, Scott; Polonski, Ron; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 7 | | | Jia, YT | | 12/4/2018 | Skibbe, Sheryl | Chen, Chris; Wang, Scott; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | | | Jia, YT | | 12/4/2018 | Chen, Chris | Skibbe, Sheryl; Wang, Scott; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 9 | | | Jia, YT | | 12/4/2018 | Wang, Scott | Polonski, Ron; Skibbe, Sheryl; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | | | Jia, YT | | 12/4/2018 | Polonski, Ron | Skibbe, Sheryl; Wang, Scott; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 11 | | | Jia, YT | | 12/4/2018 | Skibbe, Sheryl | Wang, Scott; Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | | | Jia, YT | | 12/4/2018 | Wang, Scott | Cuyler, Mark; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Skibbe, Sheryl; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 13 | | | Jia, YT | | 12/4/2018 | Hashim, Waqar | Bethell, Phil; Cuyler, Mark; Wang, Scott; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Skibbe, Sheryl; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | | | Jia, YT | | 12/4/2018 | Bethell, Phil | Cuyler, Mark; Wang, Scott; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Skibbe, Sheryl; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 15 | | | Jia, YT | | 12/4/2018 | Cuyler, Mark | Wang, Scott; Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Skibbe, Sheryl; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 16 | | | Jia, YT | 12/4/2018 | Wang, Scott | Mok, Tin; Agosta, Michael; Aydt, Matthias; Rao, Hong; Ucar, Pablo; Cuyler, Mark; Polonski, Ron; Wang, Jerry; Johnson, Jarret; Deng, Chaoying; Ning, Xiaoyang; Ma, Xiao; Skibbe, Sheryl; Chen, Maoxin; Nguyen, Vince; Qiang, Johnson; Lee-Blythe, Ann; Hashim, Waqar; Bethell, Phil; Lu, Allen; Liu, Henry; Jia, YT | Chen, Chris; Ma, XiaoOu | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 17 | | | Jia, YT | 12/1/2018 | Wang, Jerry | Sekhon, Vijay S. | Buckfire, Kenneth; He, Shan; Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian; Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 18 | | | Jia, YT | 12/1/2018 | Wang, Jerry | Sekhon, Vijay S. | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Ken; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 19 | | | Jia, YT | 12/1/2018 | Wang, Jerry | Sekhon, Vijay S. | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 20 | | | Jia, YT | 11/21/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu; Wang, Jerry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | FF00000537 | FF00000538 | Jia, YT | 11/13/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney client communications from outside counsel and in house counsel redacted from board meeting minutes |
| 22 | | | Jia, YT | 11/10/2018 | Sekhon, Vijay S. | Wang, Jerry; Johnson, Jarret | Liu, Henry; Deng, Chaoying; Jia, Ruokun; Jia, YT; Ye, Bob; Buckfire, Ken; Agosta, Michael | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 23 | | | Jia, YT | 11/10/2018 | Wang, Jerry | Johnson, Jarret | Sekhon, Vijay S.; Liu, Henry; Deng, Chaoying; Jia, Ruokun; Jia, YT; Ye, Bob; Buckfire, Kenneth; Agosta, Michael | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 24 | | | Jia, YT | 11/10/2018 | Wang, Jerry | Johnson, Jarret | Sekhon, Vijay S.; Liu, Henry; Deng, Chaoying; Jia, Ruokun; Jia, YT; Ye, Bob; Buckfire, Kenneth; Agosta, Michael | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 25 | | | Jia, YT | 11/5/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu; Zhang, Jennifer | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence reflecting Plaintiff forwarding legal advice from outside counsel at Mayer Brown regarding Evergrande |

| 26 | | | Jia, YT | | 10/26/2018 | Timmons, Brian | Ye, Bob; Eisner, Ian; Hsieh, Charles; Bian, Feifei; Schecter, Daniel; Rhie, John; Sekhon, Vijay S.; Page, Chris; Bickley, Christopher; Meeson, Nigel; Ellison, Robert; Yang, Ingloong; Wang; Chen, Chris; Liu, Henry; Wang, Terry; Mok, Tin | Ma, Maggie; Johnson, Jarret; Agosta, Michael; Jia, YT; Ma, XiaoOu; Zhang, Jennifer | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 27 | | | Jia, YT | | 10/25/2018 | Wang, Jerry | Timmons, Brian; Ye, Bob; Eisner, Ian; Hsieh, Charles; Bian, Feifei; Schecter, Daniel; Rhie, John; Sekhon, Vijay S.; Page, Chris; Bickley, Christopher; Meeson, Nigel; Ellison, Robert; Yang, Ingloong; Liu, Henry; Chen, Chris; Wang, Terry; Mok, Tin | Ma, Maggie; Johnson, Jarret; Agosta, Michael; Jia, YT; Ma, XiaoOu; Zhang, Jennifer | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 28 | | | Jia, YT | | 10/25/2018 | Timmons, Brian | Ye, Bob; Eisner, Ian; Hsieh, Charles; Bian, Feifei; Schecter, Daniel; Rhie, John; Sekhon, Vijay S.; Page, Chris; Bickley, Christopher; Meeson, Nigel; Ellison, Robert; Yang, Ingloong; Wang, Jerry; Liu, Henry; Chen, Chris; Wang, Terry; Mok, Tin | Ma, Maggie; Johnson, Jarret; Agosta, Michael; Jia, YT; Ma, XiaoOu; Zhang, Jennifer | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | | | Jia, YT | 10/25/2018 | Wang, Jerry | Ye, Bob; Eisner, Ian; Timmons, Brian; Hsieh, Charles; Bian, Feifei; Schecter, Daniel; Rhie, John; Sekhon, Vijay S.; Page, Chris; Bickley, Christopher; Meeson, Nigel; Ellison, Robert; Yang, Ingloong | Ma, Maggie; Johnson, Jarret; Agosta, Michael; Jia, YT; Ma, XiaoOu; Zhang, Jennifer; Liu, Henry; Chen, Chris; Wang, Terry; Mok, Tin | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 30 | FF00000546 | FF00000574 | Jia, YT | 10/25/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney client privileged communications from in house counsel redacted from board meeting minutes |
| 31 | | | Jia, YT | 10/25/2018 | Chen, Chris | Chun, James; Wang, Terry; Ye, Bob; Bian, Feifei; Schecter, Daniel; Sekhon, Vijay S.; Page, Chris; Bickley, Christopher; Meeson, Nigel; Ellison, Robert; Timmons, Brian; Yang, Ingloong; Wang, Jerry; Hsieh, Charles; Liu, Henry; Mok, Tin; Rhie, John | Eisner, Ian; Ma, Maggie; Johnson, Jarret; Agosta, Michael; Jia, YT; Ma, XiaoOu; Zhang, Jennifer; Watson, Duncan | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 32 | | | Jia, YT | 10/25/2018 | Rhie, John | Chen, Chris; Chun, James; Wang, Terry; Ye, Bob; Bian, Feifei; Schecter, Daniel; Sekhon, Vijay S.; Page, Chris; Bickley, Christopher; Meeson, Nigel; Ellison, Robert; Timmons, Brian; Yang, Ingloong; Wang, Jerry; Hsieh, Charles; Liu, Henry; Mok, Tin | Eisner, Ian; Ma, Maggie; Johnson, Jarret; Agosta, Michael; Jia, YT; Ma, XiaoOu; Zhang, Jennifer; Watson, Duncan | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No | | | Author | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | | | Jia, YT | 10/25/2018 | Chun, James | Wang, Terry; Rhie, John; Ye, Bob; Bian, Feifei; Schecter, Daniel; Sekhon, Vijay S.; Page, Chris; Bickley, Christopher; Meeson, Nigel; Ellison, Robert; Timmons, Brian; Yang, Ingloong; Wang, Jerry; Hsieh, Charles; Liu, Henry; Chen, Chris; Mok, Tin | Eisner, Ian; Ma, Maggie; Johnson, Jarret; Agosta, Michael; Jia, YT; Ma, XiaoOu; Zhang, Jennifer; Watson, Duncan | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 10/25/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 34 | | | Jia, YT | 10/22/2018 | Eisner, Ian | Timmons, Brian; Wang, Jerry | Rosenberg, Lee; Sekhon, Vijay S.; Hsieh, Charles; Rhie, John; Schecter, Daniel; Liu, Henry; Johnson, Jarret; Agosta, Michael; Jia, YT; Deng, Chaoying; Risher, Jeff; Ma, Maggie; Ye, Bob; Liu, Lee; Mok, Tin; Bian, Feifei; Watson, Duncan; Brebner, Tom | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 35 | | | Jia, YT | 10/22/2018 | Wang, Jerry | Timmons, Brian | Rosenberg, Lee; Sekhon, Vijay S.; Hsieh, Charles; Rhie, John; Schecter, Daniel; Liu, Henry; Eisner, Ian; Johnson, Jarret; Agosta, Michael; Jia, YT; Deng, Chaoying; Risher, Jeff; Ma, Maggie; Ye, Bob; Liu, Lee; Mok, Tin; Bian, Feifei; Watson, Duncan; Brebner, Tom | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 36 | | | Jia, YT | 10/11/2018 | Skibbe, Sheryl | Jia, YT; Wang, Jerry | Agosta, Michael; Qiang, Johnson; Liu, Henry; Eisner, Ian; Johnson, Jarret; Hsu, Kelly | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence reflecting Plaintiff forwarding Legal advice from inhouse counsel regarding labor and employment |
| | | | Jia, YT | 10/11/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |

| | | | | | | | | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 37 | | | Jia, YT | 10/1/2018 | Hsu, Kelly | Jia, YT; Wang, Jerry; Qiang, Johnson | Agosta, Michael; Ma, XiaoOu; Jia, Ruokun; Deng, Chaoying; Sampson, Nick; Skibbe, Sheryl; Eisner, Ian; Johnson, Jarret; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice; Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Jia, YT | 10/1/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |
| | | | Jia, YT | 9/29/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |
| 38 | | | Jia, YT | 9/29/2018 | Hsu, Kelly | Wang, Jerry; Qiang, Johnson; Jia, YT; Ma, XiaoOu | Agosta, Michael; Jia, Ruokun; Deng, Chaoying; Sampson, Nick; Skibbe, Sheryl; Eisner, Ian; Johnson, Jarret; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence reflecting Plaintiff forwarding Legal advice from inhouse counsel regarding labor and employment advice |
| | | | Jia, YT | 9/29/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |
| | | | Jia, YT | 9/29/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 39 | | | Jia, YT | | 9/11/2018 | Sekhon, Vijay S. | Wang, Jerry | Liu, Henry; Johnson, Jarret; Hsieh, Charles; Eisner, Ian; Agosta, Michael; Jia, YT; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 40 | | | Jia, YT | | 9/11/2018 | Wang, Jerry | Sekhon, Vijay S. | Liu, Henry; Johnson, Jarret; Hsieh, Charles; Eisner, Ian; Agosta, Michael; Jia, YT; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 9/11/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 41 | | | Jia, YT | | 9/6/2018 | Deng, Chaoying | Liu, Henry | Jia, YT | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 42 | | | Jia, YT | | 9/3/2018 | Liu, Henry | Timmons, Brian; Sekhon, Vijay S.; Perlson, David | Wang, Jerry; Jia, YT; Agosta, Michael; Johnson, Jarret; Deng, Chaoying; Kirpalani, Susheel; Rosenberg, Lee; Eisner, Ian; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| 43 | | | Jia, YT | | 9/3/2018 | Liu, Henry | Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Perlson, David | Wang, Jerry; Jia, YT; Agosta, Michael; Johnson, Jarret; Deng, Chaoying; Timmons, Brian; Kirpalani, Susheel; Rosenberg, Lee | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 44 | | | Jia, YT | | 8/23/2018 | Sekhon, Vijay S. | Wang, Jerry; Deng, Chaoying; Liu, Henry; Jia, YT; Peng, Jianjun; Xia, James | Agosta, Michael; Huang, Wentao; Chen, Min; Fong, Jimmy; Bian, Feifei; Boo, Bee Chun; Tan, Sze Shing | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Jia, YT | | 8/23/2018 | | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |
| | | | Jia, YT | | 8/23/2018 | | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |
| | | | Jia, YT | | 8/23/2018 | | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |
| | | | Jia, YT | | 8/23/2018 | | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 45 | | | Jia, YT | 8/1/2018 | Jia, YT | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 46 | | | Jia, YT | 6/18/2018 | Liu, Henry | Jia, YT | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence reflecting Plaintiff forwarding legal advice from outside counsel |
| 47 | | | Jia, YT | 6/12/2018 | Liu, Henry | Jia, YT; Deng, Chaoying | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees reflecting Plaintiff forwarding legal advice from outside counsel |
| 48 | | | Jia, YT | 5/31/2018 | Liu, Henry | Jia, YT; Deng, Chaoying; Ma, XiaoOu | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees reflecting Plaintiff forwarding legal advice from outside counsel at Mayer Brown regarding immigration |
| | | | Jia, YT | 5/30/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding routine legal advice regarding immigration |
| 49 | | | Jia, YT | 8/1/2018 | Jia, YT | Liu, Henry | | Jia, YT | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice regarding immigration |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 50 | FF00000666 | FF00000671 | Jia, YT | 12/9/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attorney client privileged communications with outside counsel redacted from draft board meeting minutes |
| 51 | FF00000672 | FF00000685 | Jia, YT | 12/1/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attorney-client privilege communication by in house counsel redacted from board meeting minutes |
| 52 | FF00000686 | FF00000714 | Jia, YT | 12/1/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attorney client privileged communications from outside counsel and in house counsel redacted from board meeting minutes |
| 53 | FF00000751 | FF00000751 | Jia, YT | 11/8/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney-client privileged communication redacted from board meeting agenda |
| 54 | | | Liu, Henry | 8/27/2018 | Piccio, Victorina | Piccio, Victorina; Qiang, Johnson; Kim, Grace; Wang, Jerry; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice;  Email string or correspondence reflecting Plaintiff forwarding legal advice from outside counsel |
| | | | Liu, Henry | 2/22/2017 | | | | Adobe Portable Document Format | Work Product | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment advice |
| 55 | | | Liu, Henry | 1/2/2019 | Liu, Henry | Bian, Feifei | Sekhon, Vijay S.; Johnson, Jarret | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 1/2/2019 | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 56 | | | Liu, Henry | 10/27/2018 | Johnson, Jarret | Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding labor and employment advice |
| | | | Liu, Henry | 10/3/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 57 | | | Liu, Henry | 10/26/2018 | Fischer, Max C. | Skibbe, Sheryl; Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Mackay, Aimee G. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act. |
| 58 | | | Liu, Henry | 10/25/2018 | Skibbe, Sheryl | Fischer, Max C.; Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Mackay, Aimee G. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act. |
| 59 | | | Liu, Henry | 10/25/2018 | Skibbe, Sheryl | Fischer, Max C.; Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Mackay, Aimee G. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act. |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 60 | | | Liu, Henry | | 10/25/2018 | Fischer, Max C. | Skibbe, Sheryl; Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Mackay, Aimee G. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act. |
| 61 | | | Liu, Henry | | 10/24/2018 | Skibbe, Sheryl | Mackay, Aimee G. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Fischer, Max C.; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act. |
| 62 | | | Liu, Henry | | 10/24/2018 | Mackay, Aimee G. | Skibbe, Sheryl | Liu, Henry; Hsu, Kelly; Eisner, Ian; Fischer, Max C.; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act. |
| 63 | | | Liu, Henry | | 10/24/2018 | Fischer, Max C. | Skibbe, Sheryl; Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Mackay, Aimee G. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 64 | | | Liu, Henry | 10/24/2018 | Skibbe, Sheryl | Fischer, Max C.; Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| | | | Liu, Henry | 10/24/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| 65 | | | Liu, Henry | 10/24/2018 | Skibbe, Sheryl | Fischer, Max C.; Sekhon, Vijay S. | Hsu, Kelly; Eisner, Ian; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding Warn Act. |
| | | | Liu, Henry | 10/24/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| 66 | | | Liu, Henry | 10/23/2018 | Skibbe, Sheryl | Agosta, Michael; Liu, Henry | Hsu, Kelly; Eisner, Ian; Fritz, Brian; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 10/23/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| 67 | | | Liu, Henry | 10/18/2018 | Skibbe, Sheryl | Agosta, Michael; Liu, Henry | Hsu, Kelly | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| | | | Liu, Henry | 10/18/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| 68 | | | Liu, Henry | 10/11/2018 | Skibbe, Sheryl | Agosta, Michael; Qiang, Johnson; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| | | | Liu, Henry | 10/11/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice regarding WARN Act |
| 69 | FF00000782 | FF00000793 | Liu, Henry | 10/3/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney client privileged communication redacted from board meeting minutes |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 70 | | | Liu, Henry | | 10/5/2018 | Bian, Feifei | Liu, Henry | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 10/5/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 10/5/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | | 10/5/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | | 10/5/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande and Labor and Employment advice |
| | | | Liu, Henry | | 10/5/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 72 | | | Liu, Henry | | 10/5/2018 | Bian, Feifei | Liu, Henry | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 8/22/2018 | Sekhon, Vijay S. | Wang, Jerry; Liu, Henry; Huang, Wentao | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/22/2018 | Sekhon, Vijay S. | Wang, Jerry; Liu, Henry; Huang, Wentao | Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/22/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/22/2018 | | | | | XML File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/17/2018 | Sekhon, Vijay S. | Wang, Jerry | Liu, Henry; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege & Work Product | Attorney client privileged email attached to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/23/2018 | Sekhon, Vijay S. | Wang, Jerry | Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege & Work Product | Attorney client privileged email attached to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/1/2018 | Sekhon, Vijay S. | Liu, Henry; Wang, Jerry; Jia, YT; Agosta, Michael; Johnson, Jarret; Eisner, Ian; Deng, Chaoying | Sekhon, Vijay S.; Bian, Feifei; Timmons, Brian; Perlson, David; Kirpalani, Susheel; Rosenberg, Lee | | Outlook Message File | Attorney - Client Privilege & Work Product | Attorney client privileged email attached to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 73 | | | Liu, Henry | 10/5/2018 | Johnson, Jarret | Wang, Jerry | Bian, Feifei; Eisner, Ian; Liu, Henry; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/3/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 74 | | | Liu, Henry | 9/22/2018 | Sekhon, Vijay S. | Perlson, David; Wang, Jerry | Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying; Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 75 | | | Liu, Henry | 9/22/2018 | Perlson, David | Wang, Jerry | Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying; Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 76 | | | Liu, Henry | 9/21/2018 | Duffee, David K. | Wang, Jerry; Perlson, David; Timmons, Brian; Rosenberg, Lee; Browder, Vanessa K.; Bakst, David S.; Sekhon, Vijay S.; Bian, Feifei | Agosta, Michael; Johnson, Jarret; Eisner, Ian; Hsieh, Charles; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 77 | | | Liu, Henry | 9/21/2018 | Wang, Jerry | Perlson, David; Timmons, Brian; Rosenberg, Lee; Duffee, David K.; Browder, Vanessa K.; Bakst, David S.; Sekhon, Vijay S.; Bian, Feifei | Agosta, Michael; Johnson, Jarret; Eisner, Ian; Hsieh, Charles; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 78 | | | Liu, Henry | 9/21/2018 | Perlson, David | Wang, Jerry | Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying; Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 79 | | | Liu, Henry | 9/21/2018 | Wang, Jerry | Perlson, David | Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying; Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 80 | | | Liu, Henry | 9/21/2018 | Wang, Jerry | Perlson, David; Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying | Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 81 | | | Liu, Henry | 9/21/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying | Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 82 | | | Liu, Henry | 9/20/2018 | Bian, Feifei | Timmons, Brian; Perlson, David; Rosenberg, Lee; Wang, Jerry; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying; Rhie, John; Sampson, Nick; Jia, Ruokun | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/20/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 83 | | | Liu, Henry | 9/20/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying | Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 84 | | | Liu, Henry | 9/20/2018 | Wang, Jerry | Perlson, David; Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying | Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 85 | | | Liu, Henry | 9/20/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Johnson, Jarret; Hsieh, Charles; Bian, Feifei; Liu, Henry; Agosta, Michael; Browder, Vanessa K.; Duffee, David K.; Deng, Chaoying | Timmons, Brian; Rosenberg, Lee; Rhie, John; Worcester, Corey | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 86 | | | Liu, Henry | 9/19/2018 | Bian, Feifei | Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Browder, Vanessa K.; Assmus, Richard M.; Duffee, David K. | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/19/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 87 | | | Liu, Henry | 9/19/2018 | Bian, Feifei | Wang, Jerry; Liu, Henry; Johnson, Jarret; Eisner, Ian; Timmons, Brian; Perlson, David | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 88 | | | Liu, Henry | 9/19/2018 | Bian, Feifei | Wang, Jerry; Liu, Henry; Johnson, Jarret; Eisner, Ian; Timmons, Brian; Perlson, David | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 89 | | | Liu, Henry | 9/18/2018 | Wang, Jerry | Bian, Feifei; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Browder, Vanessa K.; Assmus, Richard M.; Duffee, David K. | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | From | Date | To | CC | Recipients | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 9/18/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 90 | | | Liu, Henry | 9/18/2018 | Duffee, David K. | Bian, Feifei; Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Browder, Vanessa K.; Assmus, Richard M.; Bakst, David S. | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 91 | | | Liu, Henry | 9/18/2018 | Duffee, David K. | Bian, Feifei; Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Browder, Vanessa K.; Assmus, Richard M.; Bakst, David S. | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 92 | | | Liu, Henry | 9/18/2018 | Bian, Feifei | Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Browder, Vanessa K.; Assmus, Richard M.; Duffee, David K. | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | | | | | | Format | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 9/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 93 | | | Liu, Henry | 9/18/2018 | Bian, Feifei | Wang, Jerry | Duffee, David K.; Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/18/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 94 | | | Liu, Henry | 9/17/2018 | Browder, Vanessa K. | Browder, Vanessa K.; Duffee, David K.; Bian, Feifei; Wang, Jerry | Sekhon, Vijay S.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/17/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 9/17/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 95 | | | Liu, Henry | 9/17/2018 | Browder, Vanessa K. | Duffee, David K.; Bian, Feifei; Wang, Jerry | Sekhon, Vijay S.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/17/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/17/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 96 | | | Liu, Henry | 9/17/2018 | Duffee, David K. | Bian, Feifei; Wang, Jerry | Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/17/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 97 | | | Liu, Henry | 9/17/2018 | Bian, Feifei | Wang, Jerry | Duffee, David K.; Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 98 | | | Liu, Henry | 9/17/2018 | Wang, Jerry | Bian, Feifei | Duffee, David K.; Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 99 | | | Liu, Henry | 9/17/2018 | Bian, Feifei | Wang, Jerry | Duffee, David K.; Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/17/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 100 | | | Liu, Henry | 9/17/2018 | Wang, Jerry | Bian, Feifei | Duffee, David K.; Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 101 | | | Liu, Henry | 9/16/2018 | Bian, Feifei | Wang, Jerry; Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 102 | | | Liu, Henry | 9/16/2018 | Wang, Jerry | Bian, Feifei; Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 103 | | | Liu, Henry | 9/16/2018 | Bian, Feifei | Sekhon, Vijay S.; Browder, Vanessa K.; Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/16/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/16/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email  seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 104 | | | Liu, Henry | 9/16/2018 | Bian, Feifei | Sekhon, Vijay S.; Browder, Vanessa K.; Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/16/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/16/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 105 | | | Liu, Henry | 9/16/2018 | Bian, Feifei | Sekhon, Vijay S.; Browder, Vanessa K.; Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 9/16/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/16/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 106 | | | Liu, Henry | 9/16/2018 | Sekhon, Vijay S. | Browder, Vanessa K.; Bian, Feifei; Wang, Jerry; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M. | Duffee, David K.; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/16/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 107 | | | Liu, Henry | 9/15/2018 | Wang, Jerry | Bian, Feifei; Sekhon, Vijay S.; Liu, Henry; Hsieh, Charles; Agosta, Michael; Ma, Maggie; Johnson, Jarret; Eisner, Ian; Assmus, Richard M.; Duffee, David K.; Browder, Vanessa K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/14/2018 | Wang, Jerry | Peng, Jianjun; Deng, Chaoying; Liu, Henry; Xia, James | Jia, YT; Agosta, Michael; Perlson, David; Johnson, Jarret; Zhang, Jennifer; Ma, XiaoOu; Timmons, Brian; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Hsieh, Charles; Duffee, David K.; Browder, Vanessa K.; Bakst, David S. | Outlook Message File | Attorney - Client Privilege & Work Product | Attorney client privileged email attachmed to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/15/2018 | | | | Portable Network Graphics | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 9/14/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 108 | | | Liu, Henry | 9/14/2018 | Bian, Feifei | Liu, Henry; Timmons, Brian | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/14/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 109 | | | Liu, Henry | 9/14/2018 | Perlson, David | Liu, Henry | Bian, Feifei; Timmons, Brian; Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 110 | | | Liu, Henry | 9/14/2018 | Sekhon, Vijay S. | Bian, Feifei; Liu, Henry; Timmons, Brian | Wang, Jerry; Deng, Chaoying; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 111 | | | Liu, Henry | 9/14/2018 | Bian, Feifei | Liu, Henry; Timmons, Brian | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/14/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | | | Author | Date | From | To | Recipients | | Format | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 9/14/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/14/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 112 | | | Liu, Henry | 9/14/2018 | Perlson, David | Liu, Henry | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Bian, Feifei; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 113 | | | Liu, Henry | 9/14/2018 | Sekhon, Vijay S. | Liu, Henry; Timmons, Brian; Bian, Feifei | Wang, Jerry; Deng, Chaoying; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 114 | | | Liu, Henry | 9/13/2018 | Timmons, Brian | Bian, Feifei | Wang, Jerry; Liu, Henry; Deng, Chaoying; Sekhon, Vijay S.; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 115 | | | Liu, Henry | 9/13/2018 | Timmons, Brian | Liu, Henry | Perlson, David; Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Bian, Feifei; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| 116 | | | Liu, Henry | 9/13/2018 | Sekhon, Vijay S. | Bian, Feifei; Wang, Jerry; Liu, Henry; Deng, Chaoying | Perlson, David; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 117 | | | Liu, Henry | 9/13/2018 | Bian, Feifei | Wang, Jerry; Liu, Henry; Deng, Chaoying | Sekhon, Vijay S.; Perlson, David; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/13/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/13/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 118 | | | Liu, Henry | 9/13/2018 | Perlson, David | Liu, Henry | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Bian, Feifei; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 119 | | | Liu, Henry | 9/13/2018 | Wang, Jerry | Liu, Henry; Deng, Chaoying | Sekhon, Vijay S.; Bian, Feifei; Perlson, David; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/13/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | From | Date | To | CC | Recipients | File Format | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 9/13/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 120 | | | Liu, Henry | 9/13/2018 | Duffee, David K. | Bian, Feifei; Perlson, David; Timmons, Brian; Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Ma, XiaoOu; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael; Deng, Chaoying | Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 121 | | | Liu, Henry | 9/13/2018 | Bian, Feifei | Perlson, David; Timmons, Brian; Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Ma, XiaoOu; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael; Deng, Chaoying | Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/13/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 122 | | | Liu, Henry | 9/12/2018 | Eisner, Ian | Timmons, Brian; Sekhon, Vijay S. | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Agosta, Michael; Perlson, David; Bian, Feifei; Rhie, John; Cunningham, Daniel; Worcester, Corey | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | | | From | Date | To | CC | Recipients | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 123 | | | Liu, Henry | 9/12/2018 | Wang, Jerry | Eisner, Ian | Sekhon, Vijay S.; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Agosta, Michael; Perlson, David; Timmons, Brian; Bian, Feifei; Savagian, Peter; Sampson, Nick; Reckhorn, Dag; Aydt, Matthias; Ucar, Pablo; Darrow, Butch; Mok, Tin; Gobber, Christian | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/12/2018 | | | | | Portable Network Graphics | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 124 | | | Liu, Henry | 9/12/2018 | Timmons, Brian | Eisner, Ian; Sekhon, Vijay S. | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Agosta, Michael; Perlson, David; Bian, Feifei; Rhie, John; Cunningham, Daniel; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 125 | | | Liu, Henry | 9/12/2018 | Eisner, Ian | Timmons, Brian; Sekhon, Vijay S. | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Agosta, Michael; Perlson, David; Bian, Feifei; Rhie, John; Cunningham, Daniel; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 126 | | | Liu, Henry | 9/12/2018 | Sekhon, Vijay S. | Timmons, Brian | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Eisner, Ian; Agosta, Michael; Perlson, David; Bian, Feifei; Rhie, John; Cunningham, Daniel; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 127 | | | Liu, Henry | 9/12/2018 | Timmons, Brian | Sekhon, Vijay S. | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Eisner, Ian; Agosta, Michael; Perlson, David; Bian, Feifei; Rhie, John; Cunningham, Daniel; Worcester, Corey | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 128 | | | Liu, Henry | | 9/12/2018 | Sekhon, Vijay S. | Timmons, Brian | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Eisner, Ian; Agosta, Michael; Perlson, David; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 129 | | | Liu, Henry | | 9/12/2018 | Timmons, Brian | Sekhon, Vijay S.; Bian, Feifei | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Eisner, Ian; Agosta, Michael; Perlson, David | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 130 | | | Liu, Henry | | 9/12/2018 | Sekhon, Vijay S. | Timmons, Brian; Bian, Feifei | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Eisner, Ian; Agosta, Michael; Perlson, David | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 131 | | | Liu, Henry | | 9/11/2018 | Timmons, Brian | Bian, Feifei | Sekhon, Vijay S.; Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Eisner, Ian; Agosta, Michael; Perlson, David | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 132 | | | Liu, Henry | | 9/11/2018 | Bian, Feifei | Sekhon, Vijay S.; Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Perlson, David; Timmons, Brian; Rosenberg, Lee; Eisner, Ian; Agosta, Michael | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 133 | | | Liu, Henry | | 9/11/2018 | Bian, Feifei | Sekhon, Vijay S.; Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Eisner, Ian; Agosta, Michael; Perlson, David; Timmons, Brian | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 134 | | | Liu, Henry | | 9/11/2018 | Bian, Feifei | Sekhon, Vijay S.; Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Perlson, David; Timmons, Brian; Rosenberg, Lee; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 135 | | | Liu, Henry | | 9/11/2018 | Sekhon, Vijay S. | Liu, Henry; Wang, Jerry; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Perlson, David; Timmons, Brian; Rosenberg, Lee; Eisner, Ian; Agosta, Michael | Bian, Feifei | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 136 | | | Liu, Henry | | 9/11/2018 | Sekhon, Vijay S. | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Perlson, David; Timmons, Brian; Rosenberg, Lee; Eisner, Ian; Agosta, Michael | Sekhon, Vijay S.; Bian, Feifei | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 137 | | | Liu, Henry | | 9/11/2018 | Sekhon, Vijay S. | Wang, Jerry; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Perlson, David; Timmons, Brian; Rosenberg, Lee; Eisner, Ian; Agosta, Michael | Sekhon, Vijay S.; Bian, Feifei | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| 138 | | | Liu, Henry | | 9/3/2018 | Wang, Jerry | Peng, Jianjun; Deng, Chaoying; Liu, Henry; Xia, James | Jia, YT; Agosta, Michael; Huang, Wentao; Chen, Min; Fong, Jimmy; Sekhon, Vijay S.; Bian, Feifei; Perlson, David; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 139 | | | Liu, Henry | | 8/31/2018 | Eisner, Ian | Liu, Henry; Wang, Jerry | Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 140 | | | Liu, Henry | | 8/31/2018 | Wang, Jerry | Chen, Jerry; Eisner, Ian; Liu, Henry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 141 | | | Liu, Henry | | 8/31/2018 | Chen, Jerry | Eisner, Ian; Liu, Henry; Johnson, Jarret | Wang, Jerry | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 142 | | | Liu, Henry | | 8/31/2018 | Bian, Feifei | Perlson, David; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 143 | | | Liu, Henry | 8/31/2018 | Eisner, Ian | Perlson, David; Wang, Jerry; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 144 | | | Liu, Henry | 8/31/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 145 | | | Liu, Henry | 8/31/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/31/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 146 | | | Liu, Henry | 8/31/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 147 | | | Liu, Henry | 8/31/2018 | Wang, Jerry | Eisner, Ian; Liu, Henry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 148 | | | Liu, Henry | 8/31/2018 | Eisner, Ian | Liu, Henry; Chen, Jerry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 149 | | | Liu, Henry | 8/31/2018 | Eisner, Ian | Liu, Henry; Wang, Jerry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 150 | | | Liu, Henry | 8/31/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 151 | | | Liu, Henry | 8/31/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 152 | | | Liu, Henry | 8/31/2018 | Sekhon, Vijay S. | Wang, Jerry; Perlson, David; Eisner, Ian; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 153 | | | Liu, Henry | | 8/31/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/31/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 154 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Eisner, Ian; Sekhon, Vijay S.; Wang, Jerry; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 155 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Eisner, Ian; Sekhon, Vijay S.; Wang, Jerry; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 156 | | | Liu, Henry | | 8/31/2018 | Eisner, Ian | Perlson, David; Sekhon, Vijay S.; Wang, Jerry; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 157 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 158 | | | Liu, Henry | | 8/31/2018 | Wang, Jerry | Perlson, David; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 159 | | | Liu, Henry | | 8/31/2018 | Wang, Jerry | Perlson, David; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 160 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 161 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Sekhon, Vijay S.; Eisner, Ian; Wang, Jerry; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 162 | | | Liu, Henry | | 8/31/2018 | Wang, Jerry | Perlson, David; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 163 | | | Liu, Henry | | 8/30/2018 | Sekhon, Vijay S. | Perlson, David; Eisner, Ian; Wang, Jerry; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 164 | | | Liu, Henry | | 8/30/2018 | Sekhon, Vijay S. | Perlson, David; Wang, Jerry; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret; Judah, James; Rhie, John; Lyons, Duane | Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/30/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 165 | | | Liu, Henry | | 8/30/2018 | Perlson, David | Sekhon, Vijay S.; Eisner, Ian; Wang, Jerry; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 166 | | | Liu, Henry | | 8/30/2018 | Eisner, Ian | Liu, Henry; Wang, Jerry | Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 167 | | | Liu, Henry | | 8/30/2018 | Sekhon, Vijay S. | Perlson, David; Eisner, Ian; Wang, Jerry; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 168 | | | Liu, Henry | | 8/30/2018 | Perlson, David | Eisner, Ian; Wang, Jerry; Sekhon, Vijay S.; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 169 | | | Liu, Henry | | 8/30/2018 | Eisner, Ian | Perlson, David; Wang, Jerry; Sekhon, Vijay S.; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 170 | | | Liu, Henry | | 8/30/2018 | Eisner, Ian | Liu, Henry; Wang, Jerry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/30/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 171 | | | Liu, Henry | | 8/30/2018 | Bian, Feifei | Perlson, David; Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/9/2018 | Tan, Sze Shing | Bian, Feifei | Wang, Jerry; Fong, Jimmy; Chen, Min; Sekhon, Vijay S.; Huang, Wentao; Boo, Bee Chun | | Outlook Message File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/30/2018 | | | | | JFIF JPEG Bitmap | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 172 | | | Liu, Henry | 8/30/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 173 | | | Liu, Henry | 8/30/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/30/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 174 | | | Liu, Henry | 8/30/2018 | Eisner, Ian | Wang, Jerry; Liu, Henry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 175 | | | Liu, Henry | 8/30/2018 | Wang, Jerry | Perlson, David; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 176 | | | Liu, Henry | 8/30/2018 | Johnson, Jarret | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Perlson, David; Timmons, Brian; Liu, Henry | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 8/21/2018 | Fong, Jimmy | Johnson, Jarret | Chen, Min; Peng, Jianjun; Fong, Jimmy; Liu, Henry; Wang, Jerry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 177 | | | Liu, Henry | 8/30/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 178 | | | Liu, Henry | 8/30/2018 | Wang, Jerry | Sekhon, Vijay S.; Eisner, Ian; Perlson, David; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 179 | | | Liu, Henry | 8/30/2018 | Perlson, David | Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 180 | | | Liu, Henry | 8/30/2018 | Eisner, Ian | Liu, Henry; Wang, Jerry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 181 | | | Liu, Henry | 8/30/2018 | Sekhon, Vijay S. | Eisner, Ian; Perlson, David; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 182 | | | Liu, Henry | 8/30/2018 | Eisner, Ian | Perlson, David; Sekhon, Vijay S.; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 183 | | | Liu, Henry | 8/30/2018 | Johnson, Jarret | Eisner, Ian; Wang, Jerry; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 184 | | | Liu, Henry | 8/30/2018 | Eisner, Ian | Wang, Jerry; Liu, Henry | Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 185 | | | Liu, Henry | 8/30/2018 | Wang, Jerry | Eisner, Ian; Liu, Henry | Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 186 | | | Liu, Henry | 8/30/2018 | Eisner, Ian | Wang, Jerry; Liu, Henry | Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 187 | | | Liu, Henry | | 8/30/2018 | Wang, Jerry | Johnson, Jarret; Sekhon, Vijay S.; Perlson, David; Eisner, Ian; Timmons, Brian; Liu, Henry | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 188 | | | Liu, Henry | | 8/30/2018 | Johnson, Jarret | Wang, Jerry; Sekhon, Vijay S.; Perlson, David; Eisner, Ian; Timmons, Brian; Liu, Henry | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 189 | | | Liu, Henry | | 8/30/2018 | Wang, Jerry | Sekhon, Vijay S.; Perlson, David; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 190 | | | Liu, Henry | | 8/30/2018 | Sekhon, Vijay S. | Perlson, David; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 191 | | | Liu, Henry | | 8/30/2018 | Perlson, David | Sekhon, Vijay S.; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 192 | | | Liu, Henry | | 8/30/2018 | Sekhon, Vijay S. | Perlson, David; Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Bian, Feifei; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 193 | | | Liu, Henry | | 8/30/2018 | Perlson, David | Eisner, Ian; Timmons, Brian; Liu, Henry; Johnson, Jarret | Lyons, Duane; Sekhon, Vijay S.; Bian, Feifei; Judah, James; Wang, Jerry; Rhie, John | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/30/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 194 | | | Liu, Henry | | 8/29/2018 | Eisner, Ian | Timmons, Brian; Liu, Henry; Johnson, Jarret | Perlson, David; Lyons, Duane; Sekhon, Vijay S.; Bian, Feifei; Judah, James; Wang, Jerry | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 195 | | | Liu, Henry | | 8/29/2018 | Timmons, Brian | Liu, Henry; Johnson, Jarret; Eisner, Ian | Perlson, David; Lyons, Duane; Sekhon, Vijay S.; Bian, Feifei; Judah, James | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 196 | | | Liu, Henry | | 8/27/2018 | Eisner, Ian | Perlson, David; Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 197 | | | Liu, Henry | | 8/27/2018 | Sekhon, Vijay S. | Perlson, David; Wang, Jerry; Eisner, Ian; Bian, Feifei; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian; Eisner, Ian | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 198 | | | Liu, Henry | | 8/27/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 199 | | | Liu, Henry | | 8/27/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 200 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 201 | | | Liu, Henry | | 8/27/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 202 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/27/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 203 | | | Liu, Henry | | 8/27/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/27/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 204 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 205 | | | Liu, Henry | | 8/27/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 206 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 207 | | | Liu, Henry | | 8/27/2018 | Sekhon, Vijay S. | Perlson, David; Wang, Jerry; Eisner, Ian; Bian, Feifei; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 208 | | | Liu, Henry | | 8/27/2018 | Perlson, David | Wang, Jerry; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 209 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 210 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 8/27/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email  seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 211 | | | Liu, Henry | 8/27/2018 | Perlson, David | Eisner, Ian; Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 212 | | | Liu, Henry | 8/27/2018 | Perlson, David | Eisner, Ian; Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 213 | | | Liu, Henry | 8/27/2018 | Eisner, Ian | Wang, Jerry; Perlson, David; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/27/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email  seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 214 | | | Liu, Henry | 8/27/2018 | Sekhon, Vijay S. | Wang, Jerry; Johnson, Jarret; Perlson, David; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Rhie, John; Kirpalani, Susheel | Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 215 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Sekhon, Vijay S.; Johnson, Jarret; Perlson, David; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Rhie, John; Kirpalani, Susheel | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 216 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/27/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email  seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 217 | | | Liu, Henry | | 8/26/2018 | Johnson, Jarret | Wang, Jerry; Sekhon, Vijay S.; Perlson, David; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Rhie, John; Kirpalani, Susheel | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 218 | | | Liu, Henry | | 8/26/2018 | Perlson, David | Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 219 | | | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/26/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 220 | | | Liu, Henry | 8/26/2018 | Wang, Jerry | Eisner, Ian; Liu, Henry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 221 | | | Liu, Henry | 8/26/2018 | Eisner, Ian | Liu, Henry; Johnson, Jarret; Wang, Jerry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/26/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email  seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 222 | | | Liu, Henry | 8/26/2018 | Wang, Jerry | Sekhon, Vijay S.; Perlson, David; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 223 | | | Liu, Henry | 8/26/2018 | Wang, Jerry | Perlson, David; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 224 | | | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/26/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 225 | | | Liu, Henry | 8/22/2018 | Sekhon, Vijay S. | Wang, Jerry; Liu, Henry; Huang, Wentao | Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/22/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Attachment to email  discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 226 | FF00000804 | FF00000805 | Liu, Henry | 8/22/2018 | Wang, Jerry | Sekhon, Vijay S.; Huang, Wentao; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege |  Attorney client privileged communications with outside counsel redacted from email chain regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 227 | FF00000806 | FF00000807 | Liu, Henry | | 8/22/2018 | Sekhon, Vijay S. | Wang, Jerry; Huang, Wentao; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged communications with outside counsel redacted from email chain regarding Evergrande |
| 228 | | | Liu, Henry | | 8/17/2018 | Sekhon, Vijay S. | Wang, Jerry | Liu, Henry; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande and Labor and Employment advice |
| 229 | | | Liu, Henry | | 8/16/2018 | Wang, Jerry | Johnson, Jarret; Liu, Henry; Sekhon, Vijay S.; Mendenhall, James | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/16/2018 | Caccia, Fernando | Laraba, Kaileia | Asten, Andrea; Ucar, Pablo | | Outlook Message File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/16/2018 | LaBrecque, Kevin | Ucar, Pablo | | | Outlook Message File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 230 | | | Liu, Henry | | 8/16/2018 | Johnson, Jarret | Liu, Henry; Wang, Jerry; Sekhon, Vijay S.; Mendenhall, James | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | | 8/16/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |

| # | Bates Begin | Bates End | Author | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 8/16/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/15/2018 | Sekhon, Vijay S. | Wang, Jerry; Liu, Henry | Mendenhall, James; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/16/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 231 | | | Liu, Henry | 8/15/2018 | Bian, Feifei | Liu, Henry; Sekhon, Vijay S.; Mendenhall, James | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 232 | FF00000832 | FF00000833 | Liu, Henry | 7/17/2018 | Wang, Jerry | Liu, Henry | Huang, Wentao; Hsieh, Charles | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged email in chain seeking advice from in house counsel regarding Evergrande redacted from email chain |
| 233 | | | Liu, Henry | 7/14/2018 | Sekhon, Vijay S. | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice from Mayer Brown |
| | | | Liu, Henry | 7/12/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding routine legal advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 234 | | | Liu, Henry | | 7/3/2018 | Gilliam, Sandy | Liu, Henry; Ma, XiaoOu | He, Shan; Jiang, DG; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice regarding immigration |
| | | | Liu, Henry | | 7/3/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email  seeking, providing, discussing or forwarding legal advice regarding routine legal advice regarding immigration |
| 235 | | | Liu, Henry | | 6/21/2018 | Deng, Chaoying | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence reflecting Plaintiff forwarding legal advice from outside counsel regarding immigration |
| | | | Liu, Henry | | 6/20/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email  discussing and/or reflecting legal advice and/or edits from an attorney regarding routine legal advice regarding immigration. |
| 236 | | | Liu, Henry | | 6/20/2018 | Pack, James | Liu, Henry | Jolly, Amrita | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding routine legal advice regarding immigration. |
| | | | Liu, Henry | | 6/20/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Attachment to email  discussing and/or reflecting legal advice and/or edits from an attorney regarding routine legal advice regarding immigration |

| No. | Bates Begin | Bates End | Author | Date | | | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 237 | | | Liu, Henry | 2/22/2018 | LV, Allen | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice from Mayer Brown |
| 238 | | | Liu, Henry | 11/6/2018 | Liu, Henry | Sekhon, Vijay S.; Johnson, Jarret; Agosta, Michael; Risher, Jeff | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from outside counsel regarding bankruptcy matters |
| 239 | | | Liu, Henry | 11/5/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 11/5/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 240 | | | Liu, Henry | 11/5/2018 | Liu, Henry | Recht, Philip R. | Kantor, Mickey | | Outlook Message File | Attorney - Client Privilege | Email correspondence reflecting Plaintiff's receipt of outside counsel's work product regarding Evergrande |
| 241 | | | Liu, Henry | 11/5/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email correspondence reflecting Plaintiff's receipt of outside counsel's work product regarding Evergrande |
| 42 | FF00001139 | FF00001167 | Liu, Henry | 10/25/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney-client privileged communication from in house counsel redacted from board meeting minutes |
| 243 | FF00001168 | FF00001169 | Liu, Henry | 10/25/2018 | Liu, Henry | Agosta, Michael; Risher, Jeff | | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged topics redacted from notice of board meeting |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 244 | | | Liu, Henry | 10/25/2018 | Liu, Henry | Risher, Jeff | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 245 | | | Liu, Henry | 9/27/2018 | Liu, Henry | Ma, Xiao; Savagian, Peter; Agosta, Michael | Reckhorn, Dag; Wang, Jerry; Mok, Tin; Qiang, Johnson; Eisner, Ian; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 246 | | | Liu, Henry | 9/27/2018 | Liu, Henry | Savagian, Peter; Agosta, Michael; Ma, Xiao | Reckhorn, Dag; Wang, Jerry; Mok, Tin; Qiang, Johnson; Eisner, Ian; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 247 | | | Liu, Henry | 9/26/2018 | Liu, Henry | Reckhorn, Dag | Savagian, Peter | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 248 | | | Liu, Henry | 9/14/2018 | Liu, Henry | Bian, Feifei; Timmons, Brian | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 249 | | | Liu, Henry | | 9/14/2018 | Liu, Henry | Bian, Feifei; Timmons, Brian | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 250 | | | Liu, Henry | | 9/14/2018 | Liu, Henry | Timmons, Brian | Perlson, David; Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Bian, Feifei; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 251 | | | Liu, Henry | | 9/14/2018 | Liu, Henry | Timmons, Brian; Bian, Feifei | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Perlson, David; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 252 | | | Liu, Henry | | 9/14/2018 | Liu, Henry | Perlson, David | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Bian, Feifei; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 253 | | | Liu, Henry | | 9/13/2018 | Liu, Henry | Perlson, David | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Bian, Feifei; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 254 | | | Liu, Henry | 9/13/2018 | Liu, Henry | Wang, Jerry; Deng, Chaoying | Sekhon, Vijay S.; Bian, Feifei; Perlson, David; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 255 | | | Liu, Henry | 9/12/2018 | Liu, Henry | Wang, Jerry; Eisner, Ian | Sekhon, Vijay S.; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Agosta, Michael; Perlson, David; Timmons, Brian; Bian, Feifei; Savagian, Peter; Sampson, Nick; Reckhorn, Dag; Aydt, Matthias; Ucar, Pablo; Darrow, Butch; Mok, Tin; Gobber, Christian | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 256 | | | Liu, Henry | 9/11/2018 | Liu, Henry | Sekhon, Vijay S.; Wang, Jerry; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Perlson, David; Timmons, Brian; Rosenberg, Lee; Eisner, Ian; Agosta, Michael | Sekhon, Vijay S.; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 257 | | | Liu, Henry | 8/30/2018 | Liu, Henry | Skibbe, Sheryl; Hsu, Kelly | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 258 | | | Liu, Henry | 8/16/2018 | Liu, Henry | Ngo-Bonnici, Monique | Cao, Eddie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 259 | | | Liu, Henry | 8/15/2018 | Liu, Henry | Wang, Jerry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 260 | | | Liu, Henry | 8/14/2018 | Liu, Henry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 261 | | | Liu, Henry | 8/14/2018 | Liu, Henry | Jiang, DG | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence reflecting Plaintiff forwarding legal advice from outside counsel |
| | | | Liu, Henry | 8/14/2018 | | | | | Adobe Portable Document Format | Work Product | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 262 | | | Liu, Henry | 8/12/2018 | Liu, Henry | Mendenhall, James | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 263 | | | Liu, Henry | 8/10/2018 | Liu, Henry | Skibbe, Sheryl; Hsu, Kelly | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 264 | | | Liu, Henry | 8/7/2018 | Liu, Henry | Bakst, David S.; Duffee, David K. | de Bernier, Paul C.; Loeb, Marjorie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 265 | | | Liu, Henry | 8/7/2018 | Liu, Henry | Bakst, David S.; Duffee, David K. | de Bernier, Paul C.; Loeb, Marjorie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 266 | | | Liu, Henry | 7/31/2018 | Liu, Henry | Bakst, David S.; Duffee, David K. | de Bernier, Paul C.; Loeb, Marjorie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 267 | | | Liu, Henry | 7/31/2018 | Liu, Henry | Duffee, David K. | Bakst, David S.; de Bernier, Paul C.; Loeb, Marjorie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 268 | | | Liu, Henry | 7/25/2018 | Liu, Henry | Duffee, David K. | Loeb, Marjorie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 269 | | | Liu, Henry | 7/20/2018 | Liu, Henry | Huang, Jason; Skibbe, Sheryl; Jiang, DG; Wang, Jerry | Deng, Chaoying; Qiang, Johnson; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 270 | | | Liu, Henry | 7/20/2018 | Liu, Henry | Mendenhall, James; Wang, Jerry; Huang, Wentao; Sekhon, Vijay S. | Shoyer, Andrew W.; Fernandez, Jen | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 271 | | | Liu, Henry | 7/19/2018 | Liu, Henry | Wang, Jerry; Huang, Jason; Huang, Wentao | Deng, Chaoying; Jiang, DG; Qiang, Johnson | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 272 | | | Liu, Henry | 7/19/2018 | Liu, Henry | Skibbe, Sheryl | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 273 | | | Liu, Henry | 7/18/2018 | Liu, Henry | Skibbe, Sheryl | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 274 | | | Liu, Henry | 7/18/2018 | Liu, Henry | Yang, Yoyo | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence reflecting Plaintiff forwarding Legal advice from inhouse counsel |
| 275 | | | Liu, Henry | 7/15/2018 | Liu, Henry | Mendenhall, James; Wang, Jerry; Huang, Wentao; Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 276 | | | Liu, Henry | 7/10/2018 | Liu, Henry | Hsu, Kelly; Gilliam, Sandy; Wang, Jerry | Skibbe, Sheryl; Wang, Jerry; Dong, Raymond; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 277 | | | Liu, Henry | 7/10/2018 | Liu, Henry | Carter, Rachel; Pack, James | Irwin, Elise; Doctorovich, Fred; Jolly, Amrita | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding labor and employment advice |
| 278 | | | Liu, Henry | 6/12/2018 | Liu, Henry | Mendenhall, James; Huang, Wentao; Wang, Jerry | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 279 | | | Liu, Henry | | 6/12/2018 | Liu, Henry | Mendenhall, James; Huang, Wentao; Wang, Jerry | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 280 | | | Liu, Henry | | 6/12/2018 | Liu, Henry | Mendenhall, James; Huang, Wentao; Wang, Jerry | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 281 | | | Liu, Henry | | 5/29/2018 | Liu, Henry | Kim, Grace; Jiang, DG | Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 282 | | | Liu, Henry | | 5/28/2018 | Liu, Henry | Huang, Wentao; Wang, Jerry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 283 | | | Liu, Henry | | 5/28/2018 | Liu, Henry | Huang, Wentao; Wang, Jerry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 284 | | | Liu, Henry | 5/25/2018 | Liu, Henry | Teng, Wang | Wang, Jerry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees reflecting Plaintiff forwarding Legal advice from inhouse counsel |
| 285 | | | Liu, Henry | 5/25/2018 | Liu, Henry | Kantor, Mickey | Recht, Philip R.; Mendenhall, James; Keeler, Timothy; Sekhon, Vijay S.; Wang, Jerry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 286 | | | Liu, Henry | 5/25/2018 | Liu, Henry | Kantor, Mickey; Mendenhall, James | Recht, Philip R. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 287 | | | Liu, Henry | 4/23/2018 | Liu, Henry | Mendenhall, James | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 288 | | | Liu, Henry | 4/23/2018 | Liu, Henry | Mendenhall, James; Huang, Wentao | Wang, Jerry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 289 | | | Liu, Henry | 4/23/2018 | Liu, Henry | Huang, Wentao; Mendenhall, James | Wang, Jerry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 290 | | | Liu, Henry | 3/23/2018 | Liu, Henry | Kantor, Mickey; Recht, Philip R. | Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/23/2018 | | | | | Microsoft Office PowerPoint Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande; Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande; Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 291 | | | Liu, Henry | 3/5/2018 | Liu, Henry | Huang, Wentao; Xu, Lillian | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice and internal policies |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 292 | | | Liu, Henry | 3/5/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding routine legal advice from Mayer Brown |
| 293 | | | Liu, Henry | 2/22/2018 | Liu, Henry | LV, Allen | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding routine legal advice from Mayer Brown |
| | | | Liu, Henry | 2/21/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email discussing and/or reflecting legal advice and/or edits from an attorney regarding routine legal advice from Mayer Brown |

# EXHIBIT 4

| Entry No. | ProdBeg | ProdEnd | Custodian | Date_Master | Email_From | Email_To | Email_CC | Email_BCC | Doc_Type | Privilege_Determination | Privilege_Log_Category |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | FF00001978 | FF00001982 | Deng, Chaoying | 12/20/2017 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney client privileged information redacted from invoices |
| 2 | FF00001983 | FF00001988 | Deng, Chaoying | 12/20/2017 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney-client privileged information redacted from invoices |
| 3 | FF00001989 | FF00001996 | Deng, Chaoying | 12/20/2017 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney client privileged information redacted from invoices |
| 4 | FF00001997 | FF00002002 | Deng, Chaoying | 12/20/2017 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney client privileged information redacted from invoices |
| 5 | FF00002003 | FF00002007 | Deng, Chaoying | 12/20/2017 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attorney client privileged information redacted from invoices |
| 6 | | | Wang, Jerry | 1/26/2018 | Wang, Jerry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Wang, Jerry | 1/25/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 7 | | | Wang, Jerry | 1/25/2018 | Wang, Jerry | Huang, Wentao; Xu, Lillian | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 8 | | | Wang, Jerry | 1/26/2018 | Wang, Jerry | Bian, Feifei | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 9 | | | Wang, Jerry | 1/30/2018 | Wang, Jerry | Sekhon, Vijay S.; Bian, Feifei | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 10 | | | Wang, Jerry | 1/26/2018 | Wang, Jerry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Wang, Jerry | 1/26/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 11 | | | Wang, Jerry | 1/29/2018 | Wang, Jerry | Sekhon, Vijay S. | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 12 | | | Wang, Jerry | 1/25/2018 | Wang, Jerry | Xu, Lillian | Huang, Wentao | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Wang, Jerry | 1/25/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 13 | | | Wang, Jerry | 1/30/2018 | Wang, Jerry | Bian, Feifei | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergramde |

| # | | | | Date | | | | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Wang, Jerry | 1/30/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 14 | | | Wang, Jerry | 1/29/2018 | Wang, Jerry | Sekhon, Vijay S. | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 15 | | | Wang, Jerry | 1/31/2018 | Wang, Jerry | Sekhon, Vijay S.; Bian, Feifei | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 16 | | | Wang, Jerry | 1/27/2018 | Wang, Jerry | Sekhon, Vijay S. | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 17 | | | Wang, Jerry | 1/29/2018 | Wang, Jerry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 18 | | | Wang, Jerry | 1/30/2018 | Wang, Jerry | Sekhon, Vijay S.; Bian, Feifei | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Wang, Jerry | 1/30/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 19 | | | Wang, Jerry | 1/26/2018 | Wang, Jerry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Wang, Jerry | 1/26/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Wang, Jerry | 1/26/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 20 | | | Wang, Jerry | 1/30/2018 | Wang, Jerry | Sekhon, Vijay S.; Bian, Feifei | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Wang, Jerry | 1/30/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 21 | | | Wang, Jerry | 1/27/2018 | Wang, Jerry | Sekhon, Vijay S. | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 22 | | | Wang, Jerry | 1/30/2018 | Wang, Jerry | Bian, Feifei; Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No | Bates Begin | Bates End | Author | Date | From | To | CC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 23 | | | Jia, YT | 10/3/2018 | Wang, Jerry | Ellison, Robert | Johnson, Jarret; Rosenberg, Lee; Page, Chris; dlee@applebyglobal.com; Liu, Henry; Eisner, Ian; Jia, YT; Ma, Maggie; Agosta, Michael; Hsieh, Charles; Rhie, John; Cunningham, Daniel; Yang, Ingloong; Meeson, Nigel; Bickley, Christopher; Watson, Duncan; Ye, Bob; Schecter, Daniel; Sekhon, Vijay S.; Sampson, Nick; Jia, Ruokun | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 10/3/2018 | Wang, Jerry | Morrissey, Elaine | Sekhon, Vijay S.; Bian, Feifei; Johnson, Jarret; Eisner, Ian; Liu, Henry; Sampson, Nick; Jia, Ruokun; Deng, Chaoying; Jia, YT; Timmons, Brian; Schecter, Daniel; Ellison, Robert; Rhie, John; Page, Chris; Meeson, Nigel; dlee@applebyglobal.com | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 10/3/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 24 | | | Jia, YT | 10/3/2018 | Wang, Jerry | Ellison, Robert | Bian, Feifei; Timmons, Brian; Johnson, Jarret; Rosenberg, Lee; Page, Chris; dlee@applebyglobal.com; Liu, Henry; Eisner, Ian; Jia, YT; Ma, Maggie; Agosta, Michael; Hsieh, Charles; Rhie, John; Cunningham, Daniel; Yang, Ingloong; Meeson, Nigel; Bickley, Christopher; Watson, Duncan; Ye, Bob; Schecter, Daniel; Sekhon, Vijay S.; Yang, Ingloong | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 25 | | | Jia, YT | 10/3/2018 | Ellison, Robert | Wang, Jerry | Bian, Feifei; Timmons, Brian; Johnson, Jarret; Rosenberg, Lee; Page, Chris; dlee@applebyglobal.com; Liu, Henry; Eisner, Ian; Jia, YT; Ma, Maggie; Agosta, Michael; Hsieh, Charles; Rhie, John; Cunningham, Daniel; Yang, Ingloong; Meeson, Nigel; Bickley, Christopher; Watson, Duncan; Ye, Bob; Schecter, Daniel; Sekhon, Vijay S.; Yang, Ingloong | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 26 | | | Jia, YT | 10/1/2018 | Wang, Jerry | Timmons, Brian; Schecter, Daniel; Sekhon, Vijay S. | Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie; Hsieh, Charles; Agosta, Michael | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 27 | | | Jia, YT | 8/27/2018 | Agosta, Michael | Chen, Min; Peng, Jianjun; Huang, Wentao; Fong, Jimmy | Agosta, Michael; Liu, Henry; Wang, Jerry; Jia, YT | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 28 | FF00002078 | FF00002079 | Jia, YT | 7/19/2018 | Huang, Wentao | Liu, Henry; Wang, Jerry; Jia, YT | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged communications redacted from email chain regarding Evergrande |
| 29 | | | Liu, Henry | 12/4/2018 | Agosta, Michael | Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | From | Date | To | CC | BCC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 30 | | | Liu, Henry | 12/3/2018 | Liu, Henry | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 31 | | | Liu, Henry | 12/3/2018 | Liu, Henry | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 32 | | | Liu, Henry | 10/27/2018 | Aydt, Matthias | Liu, Henry; Cao, Eddie; Savagian, Peter; Reckhorn, Dag; Ucar, Pablo; Mok, Tin; Agosta, Michael; Rao, Hong; Liu, Lee; Hashim, Waqar | Bassey, Jessica; Csercse, Lori; Qiang, Johnson; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 33 | | | Liu, Henry | 10/26/2018 | Cao, Eddie | Savagian, Peter; Reckhorn, Dag; Ucar, Pablo; Mok, Tin; Liu, Henry; Agosta, Michael; Rao, Hong; Liu, Lee; Aydt, Matthias; Hashim, Waqar | Bassey, Jessica; Csercse, Lori; Qiang, Johnson; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| | | | Liu, Henry | 10/26/2018 | | | | | Microsoft Office Excel Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 34 | | | Liu, Henry | 10/25/2018 | Sekhon, Vijay S. | Johnson, Jarret; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 10/25/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 35 | | | Liu, Henry | 10/25/2018 | Sekhon, Vijay S. | Johnson, Jarret | Liu, Henry; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 10/25/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 36 | | | Liu, Henry | 10/24/2018 | Skibbe, Sheryl | Fischer, Max C.; Sekhon, Vijay S. | Hsu, Kelly; Eisner, Ian; Liu, Henry; Mackay, Aimee G. | | Outlook Message File | Attorney - Client Privilege | Email chain involving both in-house and outside counsel regarding legal advice regarding labor and employment issues. |
| 37 | | | Liu, Henry | 10/19/2018 | Timmons, Brian | Wang, Jerry | Sekhon, Vijay S.; Rosenberg, Lee; Hsieh, Charles; Rhie, John; Schecter, Daniel; Liu, Henry; Eisner, Ian; Johnson, Jarret; Agosta, Michael; Jia, YT; Deng, Chaoying; Risher, Jeff; Ma, Maggie; Ye, Bob; Liu, Lee; Mok, Tin; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 38 | | | Liu, Henry | 10/19/2018 | Wang, Jerry | Timmons, Brian | Sekhon, Vijay S.; Rosenberg, Lee; Hsieh, Charles; Rhie, John; Schecter, Daniel; Liu, Henry; Eisner, Ian; Johnson, Jarret; Agosta, Michael; Jia, YT; Deng, Chaoying; Risher, Jeff; Ma, Maggie; Ye, Bob; Liu, Lee; Mok, Tin; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Bates Begin | Bates End | Author | Date | From | To | CC | BCC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 39 | | | Liu, Henry | 10/19/2018 | Timmons, Brian | Wang, Jerry | Sekhon, Vijay S.; Rosenberg, Lee; Hsieh, Charles; Rhie, John; Schecter, Daniel; Liu, Henry; Eisner, Ian; Johnson, Jarret; Agosta, Michael; Jia, YT; Deng, Chaoying; Risher, Jeff; Ma, Maggie; Ye, Bob; Liu, Lee; Mok, Tin; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 40 | | | Liu, Henry | 9/27/2018 | Wang, Jerry | Eisner, Ian | Liu, Henry; Johnson, Jarret; Ma, XiaoOu; Ma, Maggie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 41 | | | Liu, Henry | 9/24/2018 | Eisner, Ian | Liu, Henry | Skibbe, Sheryl; Fritz, Brian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 42 | | | Liu, Henry | 9/9/2018 | Browder, Vanessa K. | Wang, Jerry; Johnson, Jarret; Hsieh, Charles | Liu, Henry; Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/9/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| | | | Liu, Henry | 9/9/2018 | | | | | Adobe Portable Document Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 43 | FF00002121 | FF00002126 | Liu, Henry | 9/9/2018 | Browder, Vanessa K. | Bian, Feifei; Wang, Jerry | Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Attorney client communications redacted from email chain regarding Evergrande |
| 44 | | | Liu, Henry | 9/9/2018 | Bian, Feifei | Wang, Jerry | Liu, Henry; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Browder, Vanessa K.; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Attorney client communications redacted from email chain regarding Evergrande |
| | | | Liu, Henry | 9/9/2018 | | | | | Microsoft Word 97 - 2003 Document | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| | | | Liu, Henry | 9/9/2018 | | | | | Adobe Portable Document Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| | | | Liu, Henry | 9/9/2018 | | | | | Adobe Portable Document Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 45 | | | Liu, Henry | 9/8/2018 | Wang, Jerry | Sekhon, Vijay S.; Bian, Feifei | Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Liu, Henry; Browder, Vanessa K. | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged communication redacted from email chain regarding Evergrande |
| 46 | | | Liu, Henry | 9/7/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 47 | | | Liu, Henry | 9/7/2018 | | | | | Adobe Portable Document Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 48 | | | Liu, Henry | 9/5/2018 | Hsieh, Charles | Sekhon, Vijay S.; Bian, Feifei; Bakst, David S.; Duffee, David K. | Wang, Jerry; Liu, Henry; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged communication redacted from email chain regarding Evergrande |
| 49 | | | Liu, Henry | 9/5/2018 | Sekhon, Vijay S. | Wang, Jerry; Johnson, Jarret; Liu, Henry; Hsieh, Charles; Bakst, David S.; Duffee, David K. | Bian, Feifei; Zhao, Faye | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | From | Date | | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|
| 50 | Liu, Henry | 8/27/2018 | Wang, Jerry | Peng, Jianjun; Deng, Chaoying; Liu, Henry; Xia, James | Jia, YT; Agosta, Michael; Huang, Wentao; Chen, Min; Fong, Jimmy; Sekhon, Vijay S.; Bian, Feifei; Boo, Bee Chun; Tan, Sze Shing; Perlson, David; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | Liu, Henry | 8/27/2018 | Agosta, Michael | Wang, Jerry | Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | Liu, Henry | 8/24/2018 | | | | | Microsoft Office Excel Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 51 | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 52 | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | Liu, Henry | 8/26/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 53 | Liu, Henry | 8/26/2018 | Perlson, David | Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 54 | Liu, Henry | 8/26/2018 | Wang, Jerry | Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | Liu, Henry | 8/26/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 55 | Liu, Henry | 8/26/2018 | Sekhon, Vijay S. | Perlson, David; Wang, Jerry; Bian, Feifei; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | | | | Author | Date | | Recipients | | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 56 | | | | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 57 | | | | Liu, Henry | 8/26/2018 | Wang, Jerry | Perlson, David; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | | Liu, Henry | 8/24/2018 | Jia, YT | Wang, Jerry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | | Liu, Henry | 8/26/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 58 | | | | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 59 | | | | Liu, Henry | 8/26/2018 | Wang, Jerry | Bian, Feifei; Perlson, David; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | | Liu, Henry | 8/26/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 60 | | | | Liu, Henry | 8/26/2018 | Eisner, Ian | Bian, Feifei; Perlson, David; Wang, Jerry; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 61 | | | | Liu, Henry | 8/26/2018 | Bian, Feifei | Perlson, David; Wang, Jerry; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | | Liu, Henry | 8/26/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | | | Author | Date | From | To | CC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 62 | | | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian; Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/26/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 63 | | | Liu, Henry | 8/26/2018 | Wang, Jerry | Perlson, David; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Bian, Feifei; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 64 | | | Liu, Henry | 8/26/2018 | Perlson, David | Wang, Jerry; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Bian, Feifei; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 65 | | | Liu, Henry | 8/26/2018 | Wang, Jerry | Sekhon, Vijay S.; Perlson, David; Lyons, Duane; Liu, Henry; Eisner, Ian; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel | Bian, Feifei; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 66 | | | Liu, Henry | 8/23/2018 | Sekhon, Vijay S. | Wang, Jerry; Liu, Henry | Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/23/2018 | | | | Microsoft Word 97 - 2003 Document | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/23/2018 | | | | Microsoft Word 97 - 2003 Document | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/23/2018 | | | | Microsoft Word 97 - 2003 Document | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/23/2018 | | | | Microsoft Word 97 - 2003 Document | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 67 | | | Liu, Henry | 8/23/2018 | Wang, Jerry | Deng, Chaoying; Liu, Henry; Jia, YT; Peng, Jianjun; Xia, James | Agosta, Michael; Huang, Wentao; Chen, Min; Fong, Jimmy; Sekhon, Vijay S.; Bian, Feifei; Boo, Bee Chun; Tan, Sze Shing | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/22/2018 | Sekhon, Vijay S. | Wang, Jerry; Huang, Wentao; Liu, Henry | Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice from outside counsel regarding Evergrande |

| # | | | | Date | From | To | CC | | File Format | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 8/22/2018 | Jia, Ruokun | Agosta, Michael; Wang, Jerry; Liu, Henry; Huang, Wentao | Jia, YT | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/22/2018 | | | | | Microsoft Office Excel Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 68 | | | Liu, Henry | 8/20/2018 | Wang, Jerry | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 69 | | | Liu, Henry | 7/23/2018 | Pack, James | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 70 | | | Liu, Henry | 7/10/2018 | Gilliam, Sandy | Huang, Wentao | Hsu, Kelly; Liu, Henry; Skibbe, Sheryl; Wang, Jerry; Dong, Raymond | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 2/14/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 12/18/2017 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 4/5/2018 | | | | | Microsoft Office PowerPoint Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 7/10/2018 | Coustar, Pascal | Gilliam, Sandy | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 5/4/2017 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 7/10/2018 | | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 71 | | | Liu, Henry | 7/10/2018 | Pack, James | Liu, Henry | Dong, Raymond | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 72 | | | Liu, Henry | 7/10/2018 | Carter, Rachel | Pack, James | Irwin, Elise; Doctorovich, Fred; Jolly, Amrita; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 73 | | | Liu, Henry | 6/25/2018 | Pack, James | Liu, Henry | Irwin, Elise; Lowe, Jeffrey; Doctorovich, Fred | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 74 | | | Liu, Henry | 6/23/2018 | Xia, Becky | Pack, James | Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 75 | | | Liu, Henry | 6/22/2018 | Pack, James | Liu, Henry | Xia, Becky | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 76 | | | Liu, Henry | 6/11/2018 | Deng, Chaoying | Pack, James | Jolly, Amrita; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 77 | | | Liu, Henry | 6/11/2018 | Pack, James | Deng, Chaoying | Jolly, Amrita; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 78 | | | Liu, Henry | 6/8/2018 | Recht, Philip R. | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 79 | | | Liu, Henry | 6/8/2018 | Recht, Philip R. | Liu, Henry; Deng, Chaoying | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 80 | | | Liu, Henry | 6/5/2018 | Alnajafi, Nada | Huang, Wentao | Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding routine legal advice |
| 81 | | | Liu, Henry | 6/4/2018 | Huang, Wentao | Alnajafi, Nada | Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding routine legal advice |
| 82 | | | Liu, Henry | 6/4/2018 | Recht, Philip R. | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 83 | | | Liu, Henry | 6/1/2018 | Gilliam, Sandy | He, Shan; Liu, Henry; Huang, Wentao | Jiang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 84 | | | Liu, Henry | 6/1/2018 | He, Shan | Liu, Henry; Huang, Wentao | Jiang, DG; Gilliam, Sandy | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| | | | Liu, Henry | 6/1/2018 | | | | | Adobe Portable Document Format | Work Product | Document attached to email, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 85 | | | Liu, Henry | 4/17/2018 | Sekhon, Vijay S. | Wang, Jerry | Huang, Wentao; Liu, Henry; Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 86 | | | Liu, Henry | 3/26/2018 | Walker, Amanda | Ngo-Bonnici, Monique | Liu, Henry; Huang, Wentao; Carlston, Mats; Chui, Audrey Shen | Outlook Message File | Attorney- Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding employment advice |
| | | | Liu, Henry | 7/5/2017 | | | | Microsoft Office PowerPoint Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor advice |
| 87 | | | Liu, Henry | 3/26/2018 | Walker, Amanda | Jiang, DG | Suzuki, Michelle; Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 7/5/2017 | | | | Microsoft Office PowerPoint Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 88 | | | Liu, Henry | 3/15/2018 | Mendenhall, James | Huang, Wentao; Wang, Jerry; Liu, Henry | Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/9/2018 | Lefevre, Callie C. | CFIUS@treasury.gov | Hanson, Stephen; Barber, Robin; Mendenhall, James; Lis, Sylwia A.; Hunter, Rod; Andreeff, Daniel | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/9/2018 | Lefevre, Callie C. | CFIUS@treasury.gov | Hanson, Stephen; Barber, Robin; Mendenhall, James; Lis, Sylwia A.; Hunter, Rod; Andreeff, Daniel | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 3/15/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | Date | From | To | CC | | Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 89 | | | Liu, Henry | 2/28/2018 | Recht, Philip R. | Xu, Lillian; Liu, Henry | Huang, Wentao; Fritz, Brian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 90 | | | Liu, Henry | 2/28/2018 | Xu, Lillian | Liu, Henry; Recht, Philip R. | Huang, Wentao; Fritz, Brian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 91 | | | Liu, Henry | 2/28/2018 | Recht, Philip R. | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 92 | | | Liu, Henry | 2/23/2018 | Wang, Terry | Wang, Jerry; Doering, Sascha; Liu, Henry; Recht, Philip R. | LV, Allen; Walker, Justin | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 93 | | | Liu, Henry | 2/23/2018 | Loeb, Marjorie | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 94 | | | Liu, Henry | 2/23/2018 | Loeb, Marjorie | Walker, Amanda; Recht, Philip R.; Kugler, Andrew T. | Liu, Henry; Walker, Justin; Gates, Mary Ann | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 95 | | | Liu, Henry | 2/23/2018 | Kugler, Andrew T. | Recht, Philip R. | Walker, Amanda; Loeb, Marjorie; Liu, Henry; Walker, Justin | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 96 | | | Liu, Henry | 2/23/2018 | Recht, Philip R. | Walker, Amanda | Kugler, Andrew T.; Loeb, Marjorie; Liu, Henry; Walker, Justin | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 97 | | | Liu, Henry | 2/22/2018 | Walker, Amanda | Recht, Philip R.; Kugler, Andrew T.; Loeb, Marjorie | Liu, Henry; Walker, Justin | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 98 | | | Liu, Henry | 2/22/2018 | Loeb, Marjorie | Wang, Jerry; Kugler, Andrew T.; Recht, Philip R.; Liu, Henry | LV, Allen; Walker, Justin; Wang, Terry; Doering, Sascha; Walker, Amanda | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 99 | | | Liu, Henry | 2/22/2018 | Wang, Jerry | Walker, Amanda | Doering, Sascha; Liu, Henry; LV, Allen; Walker, Justin; Wang, Terry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 | | | Liu, Henry | 2/22/2018 | Walker, Amanda | Wang, Jerry | Doering, Sascha; Liu, Henry; LV, Allen; Walker, Justin; Wang, Terry | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 1/29/2018 | | | | | Microsoft Office Excel Open XML Format | | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 101 | | | Liu, Henry | 2/22/2018 | Wang, Jerry | Kugler, Andrew T.; Recht, Philip R.; Liu, Henry | LV, Allen; Walker, Justin; Wang, Terry; Doering, Sascha; Walker, Amanda; Loeb, Marjorie | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 102 | | | Liu, Henry | 2/22/2018 | Kugler, Andrew T. | Wang, Jerry; Recht, Philip R.; Liu, Henry | LV, Allen; Walker, Justin; Wang, Terry; Doering, Sascha; Walker, Amanda; Loeb, Marjorie | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 103 | | | Liu, Henry | 2/22/2018 | Wang, Jerry | Recht, Philip R.; Liu, Henry | LV, Allen; Walker, Justin; Wang, Terry; Doering, Sascha; Walker, Amanda; Loeb, Marjorie; Kugler, Andrew T. | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 104 | | | Liu, Henry | 2/22/2018 | Wang, Jerry | Recht, Philip R.; Liu, Henry | LV, Allen; Walker, Justin; Wang, Terry; Doering, Sascha; Walker, Amanda; Loeb, Marjorie; Kugler, Andrew T. | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 105 | | | Liu, Henry | 2/22/2018 | Recht, Philip R. | Liu, Henry | LV, Allen; Walker, Justin; Wang, Jerry; Wang, Terry; Doering, Sascha; Walker, Amanda; Loeb, Marjorie; Kugler, Andrew T. | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 2/21/2018 | | | | | Microsoft Office Word Open XML Format | | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 2/22/2018 | | | | | Microsoft Office PowerPoint Open XML Format | | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 106 | | | Liu, Henry | 1/28/2019 | Liu, Henry | Liu, Henry | | | Outlook Message File | | Attorney - Client Privilege | Email between Faraday&Future in house counsel regarding privileged information relating to companies legal engagements and work being done by outside and in house counsel forwarded by Plaintiff to his personal email address |
| 107 | | | Liu, Henry | 1/28/2019 | Liu, Henry | Johnson, Jarret | | | Outlook Message File | | Attorney - Client Privilege | Email between Faraday&Future in house counsel regarding privileged information relating to companies legal engagements and work being done by outside and in house counsel |
| 108 | | | Liu, Henry | 1/26/2019 | Liu, Henry | Johnson, Jarret | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 109 | | | Liu, Henry | 12/19/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 12/19/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Document attached to email including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 12/19/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Document attached to email including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 110 | | | Liu, Henry | 12/10/2018 | Liu, Henry | Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 12/10/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 111 | | | Liu, Henry | 12/3/2018 | Liu, Henry | Liu, Henry | | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 112 | | | Liu, Henry | 12/3/2018 | Liu, Henry | Liu, Henry | | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 113 | | | Liu, Henry | 11/21/2018 | Liu, Henry | Kantor, Mickey | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 114 | | | Liu, Henry | 11/21/2018 | Liu, Henry | Kantor, Mickey; Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 115 | | | Liu, Henry | 11/21/2018 | Liu, Henry | Kantor, Mickey; Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 116 | | | Liu, Henry | 11/11/2018 | Liu, Henry | Stern, Jeffrey; Carlston, Mats G. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 117 | | | Liu, Henry | 11/6/2018 | Liu, Henry | Sekhon, Vijay S.; Agosta, Michael; Buckfire, Kenneth; Wang, Jerry; Jia, Ruokun; Deng, Chaoying; Ye, Bob; Hsieh, Charles | Nappo, Jim; Moshinsky, Vladimir | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 118 | | | Liu, Henry | 10/30/2018 | Liu, Henry | Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |

| # | Bates Begin | Bates End | Custodian | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 119 | | | Liu, Henry | 10/27/2018 | Liu, Henry | Cao, Eddie; Savagian, Peter; Reckhorn, Dag; Ucar, Pablo; Mok, Tin; Agosta, Michael; Rao, Hong; Liu, Lee; Aydt, Matthias; Hashim, Waqar | Bassey, Jessica; Csercse, Lori; Qiang, Johnson; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 120 | FF00002163 | FF00002164 | Liu, Henry | 10/27/2018 | Liu, Henry | Risher, Jeff | | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged communication with board of directors redacted from email chain |
| 121 | FF00002166 | FF00002167 | Liu, Henry | 10/27/2018 | Liu, Henry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged communication to Board redacted from email chain |
| 122 | | | Liu, Henry | 10/27/2018 | Liu, Henry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/26/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 123 | | | Liu, Henry | 10/26/2018 | Liu, Henry | Recht, Philip R.; Kantor, Mickey | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 124 | | | Liu, Henry | 10/20/2018 | Liu, Henry | Sekhon, Vijay S.; Risher, Jeff | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/15/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/15/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 125 | | | Liu, Henry | 10/20/2018 | Liu, Henry | Skibbe, Sheryl; Hsu, Kelly | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 126 | | | Liu, Henry | 10/19/2018 | Liu, Henry | Skibbe, Sheryl; Eisner, Ian; Johnson, Jarret; Lund, Skyler | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 127 | | | Liu, Henry | 10/19/2018 | Liu, Henry | Skibbe, Sheryl; Eisner, Ian; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 128 | | | Liu, Henry | 10/19/2018 | Liu, Henry | Skibbe, Sheryl; Eisner, Ian; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 129 | | | Liu, Henry | 10/18/2018 | Liu, Henry | Skibbe, Sheryl; Eisner, Ian; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding layoffs |
| 130 | | | Liu, Henry | 10/7/2018 | Liu, Henry | Eisner, Ian; Sekhon, Vijay S.; Wang, Jerry; Schecter, Daniel; Timmons, Brian; Johnson, Jarret | Mok, Tin; Chen, Chris | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Bates Begin | Bates End | Author | Date | Custodian | Recipients | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 131 | | | Liu, Henry | 10/7/2018 | Liu, Henry | Sekhon, Vijay S.; Eisner, Ian; Wang, Jerry; Schecter, Daniel; Timmons, Brian; Johnson, Jarret | Mok, Tin; Chen, Chris | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 132 | | | Liu, Henry | 10/7/2018 | Liu, Henry | Wang, Jerry; Sekhon, Vijay S.; Schecter, Daniel; Timmons, Brian; Johnson, Jarret; Eisner, Ian | Mok, Tin; Chen, Chris | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 133 | | | Liu, Henry | 9/30/2018 | Liu, Henry | Shen, Edward | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees reflecting Plaintiff forwarding Legal advice from inhouse counsel |
| 134 | | | Liu, Henry | 9/14/2018 | Liu, Henry | Perlson, David | Wang, Jerry; Deng, Chaoying; Sekhon, Vijay S.; Bian, Feifei; Timmons, Brian; Browder, Vanessa K.; Johnson, Jarret; Hsieh, Charles; Duffee, David K.; Rosenberg, Lee; Kirpalani, Susheel; Eisner, Ian; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 135 | | | Liu, Henry | 9/9/2018 | Liu, Henry | Sekhon, Vijay S.; Duffee, David K.; Hsieh, Charles; Wang, Jerry; Johnson, Jarret | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 136 | | | Liu, Henry | 9/8/2018 | Liu, Henry | Assmus, Richard M. | Duffee, David K.; Bakst, David S.; Browder, Vanessa K.; Lund, Skyler; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 137 | | | Liu, Henry | 9/7/2018 | Liu, Henry | Duffee, David K. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 138 | FF00002134 | FF00002136 | Liu, Henry | 9/7/2018 | Liu, Henry | Browder, Vanessa K.; Hsieh, Charles; Duffee, David K.; Sekhon, Vijay S.; Bian, Feifei | Wang, Jerry; Johnson, Jarret; Bakst, David S. | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged emails redacted from email chain |
| 139 | FF00002137 | FF00002146 | Liu, Henry | 9/6/2018 | Liu, Henry | Duffee, David K. | Bian, Feifei; Hsieh, Charles; Wang, Jerry; Sekhon, Vijay S.; Bakst, David S.; Browder, Vanessa K.; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Attorney client privileged emails redacted from email chain |
| 140 | | | Liu, Henry | 9/6/2018 | Liu, Henry | Bian, Feifei; Johnson, Jarret; Wang, Jerry; Bakst, David S. | Hsieh, Charles; Sekhon, Vijay S.; Duffee, David K.; Browder, Vanessa K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 141 | | | Liu, Henry | 9/5/2018 | Liu, Henry | Recht, Philip R. | Bakst, David S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 142 | FF00002147 | FF00002150 | Liu, Henry | 9/5/2018 | Liu, Henry | Hsieh, Charles | Wang, Jerry; Johnson, Jarret; Duffee, David K.; Bakst, David S.; Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege & Work Product | Attorney client privileged emails redacted from chain |
| 143 | | | Liu, Henry | 9/5/2018 | Liu, Henry | Hsieh, Charles | Johnson, Jarret; Bian, Feifei; Zhao, Faye; Duffee, David K.; Bakst, David S.; Wang, Jerry; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Bates Begin | Bates End | Author | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 144 | | | Liu, Henry | 9/5/2018 | Liu, Henry | Hsieh, Charles | Johnson, Jarret; Bian, Feifei; Zhao, Faye; Duffee, David K.; Bakst, David S.; Wang, Jerry; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 145 | | | Liu, Henry | 9/5/2018 | Liu, Henry | Hsieh, Charles; Wang, Jerry; Bakst, David S.; Duffee, David K. | Johnson, Jarret; Sekhon, Vijay S.; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 146 | | | Liu, Henry | 9/5/2018 | Liu, Henry | Wang, Jerry; Bakst, David S.; Duffee, David K. | Hsieh, Charles; Johnson, Jarret | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 147 | | | Liu, Henry | 9/5/2018 | Liu, Henry | Johnson, Jarret; Sekhon, Vijay S.; Wang, Jerry | Eisner, Ian; Hsieh, Charles; Perlson, David; Timmons, Brian; Rosenberg, Lee; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 148 | | | Liu, Henry | 9/4/2018 | Liu, Henry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 149 | | | Liu, Henry | 9/4/2018 | Liu, Henry | Sekhon, Vijay S. | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 150 | | | Liu, Henry | 9/3/2018 | Liu, Henry | Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 151 | | | Liu, Henry | 9/3/2018 | Liu, Henry | Sekhon, Vijay S. | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 152 | FF00002151 | FF00002156 | Liu, Henry | 9/2/2018 | Liu, Henry | Wang, Jerry; Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 153 | FF00002157 | FF00002162 | Liu, Henry | 9/2/2018 | Liu, Henry | Wang, Jerry; Sekhon, Vijay S. | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 154 | | | Liu, Henry | 8/24/2018 | Liu, Henry | Qiang, Johnson; Wang, Jerry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 8/24/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| 155 | | | Liu, Henry | 8/16/2018 | Liu, Henry | Mendenhall, James; Johnson, Jarret; Wang, Jerry; Sekhon, Vijay S. | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding Evergrande |
| 156 | | | Liu, Henry | 8/15/2018 | Liu, Henry | Wang, Jerry | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande;  Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees reflecting Plaintiff forwarding legal advice from outside counsel |
| 157 | | | Liu, Henry | 8/15/2018 | Liu, Henry | Sekhon, Vijay S.; Mendenhall, James; Bian, Feifei | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 158 | | | Liu, Henry | 7/30/2018 | Liu, Henry | Kantor, Mickey | Recht, Philip R. | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 159 | | | Liu, Henry | 7/25/2018 | Liu, Henry | Pack, James | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 160 | | | Liu, Henry | 6/25/2018 | Liu, Henry | Huang, Wentao | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 161 | | | Liu, Henry | 6/20/2018 | Liu, Henry | Pack, James | Jolly, Amrita | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 162 | | | Liu, Henry | 6/12/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 163 | | | Liu, Henry | 6/12/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 164 | | | Liu, Henry | 6/12/2018 | Liu, Henry | Fuentes, Pearl; Recht, Philip R.; Virtue, Paul W. | Kantor, Mickey | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 165 | | | Liu, Henry | 6/12/2018 | Liu, Henry | Fuentes, Pearl; Recht, Philip R.; Virtue, Paul W. | Kantor, Mickey | | Outlook Message File | | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 166 | | | Liu, Henry | 6/12/2018 | Liu, Henry | Fuentes, Pearl; Recht, Philip R.; Virtue, Paul W. | Kantor, Mickey | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 167 | | | Liu, Henry | 6/11/2018 | Liu, Henry | Kantor, Mickey | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 168 | | | Liu, Henry | 6/11/2018 | Liu, Henry | Kantor, Mickey; Recht, Philip R.; Virtue, Paul W. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 169 | | | Liu, Henry | 6/8/2018 | Liu, Henry | Carter, Rachel | Jiang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 170 | | | Liu, Henry | 6/8/2018 | Liu, Henry | Recht, Philip R.; Deng, Chaoying | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 171 | | | Liu, Henry | 6/8/2018 | Liu, Henry | Carter, Rachel | Jiang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 172 | | | Liu, Henry | 6/8/2018 | Liu, Henry | Deng, Chaoying; Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 173 | | | Liu, Henry | 6/6/2018 | Liu, Henry | Recht, Philip R. | Deng, Chaoying | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 174 | | | Liu, Henry | 6/6/2018 | Liu, Henry | Recht, Philip R. | Deng, Chaoying | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 175 | | | Liu, Henry | 6/4/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 176 | | | Liu, Henry | 6/4/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 177 | | | Liu, Henry | 6/1/2018 | Liu, Henry | He, Shan; Skibbe, Sheryl | Jiang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 178 | | | Liu, Henry | 5/31/2018 | Liu, Henry | He, Shan; Skibbe, Sheryl | Jiang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 179 | | | Liu, Henry | 5/31/2018 | Liu, Henry | Skibbe, Sheryl; He, Shan | Jiang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 180 | | | Liu, Henry | 5/31/2018 | Liu, Henry | He, Shan | Skibbe, Sheryl; Jiang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 181 | | | Liu, Henry | 5/25/2018 | Liu, Henry | He, Shan | Huang, Wentao; Wang, Jerry; Gilliam, Sandy; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 182 | | | Liu, Henry | 5/23/2018 | Liu, Henry | Cao, Eddie; Jiang, DG | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 183 | | | Liu, Henry | 5/23/2018 | Liu, Henry | He, Shan | Skibbe, Sheryl; Ngo-Bonnici, Monique | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 184 | | | Liu, Henry | 5/22/2018 | Liu, Henry | Ngo-Bonnici, Monique; Skibbe, Sheryl; He, Shan | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 185 | | | Liu, Henry | 5/22/2018 | Liu, Henry | Sekhon, Vijay S. | He, Shan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 186 | | | Liu, Henry | 5/22/2018 | Liu, Henry | Sekhon, Vijay S. | He, Shan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 187 | | | Liu, Henry | 5/21/2018 | Liu, Henry | Sekhon, Vijay S. | He, Shan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| | | | Liu, Henry | 5/21/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 188 | | | Liu, Henry | 5/10/2018 | Liu, Henry | Ngo-Bonnici, Monique | Jiang, DG; Deng, Chaoying | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |

# EXHIBIT 5

| No. | ProdBeg | ProdEnd | Custodian | Date_Master | Email_From | Email_To | Email_CC | Email_BCC | Doc_Type | Privilege_Determination | Privilege_Log_Category |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | Jia, YT | 12/11/2018 | Wang, Jerry | Aydt, Matthias; Liu, Henry; Mok, Tin; Ye, Bob; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Ma, XiaoOu; Jia, YT | Zhang, Jennifer; Xu, Rebecca | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 2 | | | Jia, YT | 12/4/2018 | Liu, Henry | Mok, Tin; Wang, Jerry; Ye, Bob; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Ma, XiaoOu; Aydt, Matthias; Jia, YT | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 12/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 12/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 3 | | | Jia, YT | 12/3/2018 | Timmons, Brian | Moshinsky, Vladimir; Deng, Chaoying; Sekhon, Vijay S.; Wang, Jerry; Jia, YT; Johnson, Jarret; Liu, Henry; Jia, Ruokun; Ye, Bob; Rosenberg, Lee; Rhie, John; Watson, Duncan; Buckfire, Kenneth; Nappo, Jim; Agosta, Michael; Eisenberg, R.; Hollerbach, A.; McShea, Kevin; Craige, Christina M. | Bian, Feifei; IB - Project Mobility | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 4 | | | Jia, YT | 12/2/2018 | Moshinsky, Vladimir | Deng, Chaoying; Sekhon, Vijay S.; Wang, Jerry; Jia, YT; Johnson, Jarret; Liu, Henry; Jia, Ruokun; Ye, Bob; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Buckfire, Kenneth; Nappo, Jim; Agosta, Michael; Eisenberg, R.; Hollerbach, A.; McShea, Kevin; Craige, Christina M. | Bian, Feifei; IB - Project Mobility | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 5 | | | Jia, YT | 12/2/2018 | Sekhon, Vijay S. | Deng, Chaoying; Wang, Jerry; Jia, YT; Johnson, Jarret; Liu, Henry; Jia, Ruokun; Ye, Bob; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Moshinsky, Vladimir; Buckfire, Kenneth; Nappo, Jim | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 6 | | | Jia, YT | 12/2/2018 | Timmons, Brian | Nappo, Jim | Sekhon, Vijay S.; Wang, Jerry; Jia, YT; Johnson, Jarret; Deng, Chaoying; Liu, Henry; Jia, Ruokun; Ye, Bob; Rosenberg, Lee; Rhie, John; Watson, Duncan; Moshinsky, Vladimir; Buckfire, Kenneth; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 7 | | | Jia, YT | 12/1/2018 | Sekhon, Vijay S. | Wang, Jerry; Jia, YT; Johnson, Jarret; Deng, Chaoying; Liu, Henry; Jia, Ruokun; Ye, Bob; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Moshinsky, Vladimir; Buckfire, Kenneth; Nappo, Jim | Bian, Feifei; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 12/1/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 8 | | | Jia, YT | 12/1/2018 | Ye, Bob | Deng, Chaoying; Wang, Jerry; Sekhon, Vijay S. | Buckfire, Kenneth; He, Shan; Jia, Ruokun; Liu, Henry; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Custodian | Date | Author/From | To | CC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|
| 9 | Jia, YT | 12/1/2018 | Johnson, Jarret | Sekhon, Vijay S.; Buckfire, Kenneth; Wang, Jerry; He, Shan; Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Agosta, Michael; Hsieh, Charles; Fritz, Brian | Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 10 | Jia, YT | 12/1/2018 | Liu, Henry | Deng, Chaoying; Wang, Jerry; Sekhon, Vijay S. | Buckfire, Kenneth; He, Shan; Jia, Ruokun; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian; Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 11 | Jia, YT | 12/1/2018 | Sekhon, Vijay S. | Deng, Chaoying; Wang, Jerry | Buckfire, Kenneth; He, Shan; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian; Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 12 | Jia, YT | 12/1/2018 | Deng, Chaoying | Wang, Jerry; Sekhon, Vijay S. | Buckfire, Kenneth; He, Shan; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian; Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 13 | Jia, YT | 12/1/2018 | Sekhon, Vijay S. | Wang, Jerry | Buckfire, Kenneth; He, Shan; Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian; Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 14 | Jia, YT | 12/1/2018 | Sekhon, Vijay S. | Buckfire, Kenneth; Wang, Jerry; He, Shan; Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Risting, Jonathan; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian | Bian, Feifei; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
|  | Jia, YT | 12/1/2018 |  |  |  | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 15 | Jia, YT | 12/1/2018 | Buckfire, Kenneth | Wang, Jerry; Sekhon, Vijay S.; He, Shan | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan; Timmons, Brian; Schecter, Daniel; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 16 | Jia, YT | 12/1/2018 | Wang, Jerry | Sekhon, Vijay S.; He, Shan | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan; Timmons, Brian; Schecter, Daniel; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 17 | Jia, YT | 12/1/2018 | He, Shan | Wang, Jerry; Sekhon, Vijay S. | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan; Timmons, Brian; Schecter, Daniel; Rosenberg, Lee; Rhie, John; Watson, Duncan; Johnson, Jarret; Agosta, Michael; Hsieh, Charles; Fritz, Brian | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | | | Jia, YT | 12/1/2018 | Deng, Chaoying | Sekhon, Vijay S. | Jia, YT; Liu, Henry; Wang, Jerry; Jia, Ruokun; Ye, Bob; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 19 | | | Jia, YT | 12/1/2018 | Sekhon, Vijay S. | Wang, Jerry | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 20 | | | Jia, YT | 12/1/2018 | Wang, Jerry | Sekhon, Vijay S. | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 21 | | | Jia, YT | 12/1/2018 | Sekhon, Vijay S. | Wang, Jerry | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 22 | | | Jia, YT | 12/1/2018 | Wang, Jerry | Sekhon, Vijay S. | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan; Timmons, Brian; Schecter, Daniel; Rosenberg, Lee; Rhie, John; Watson, Duncan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 23 | | | Jia, YT | 12/1/2018 | Wang, Jerry | Sekhon, Vijay S. | Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan; Johnson, Jarret; Hsieh, Charles | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 24 | | | Jia, YT | 11/30/2018 | Sekhon, Vijay S. | Wang, Jerry; Deng, Chaoying; Jia, Ruokun; Liu, Henry; Ye, Bob; Jia, YT | Sekhon, Vijay S.; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Bian, Feifei; Risting, Jonathan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 25 | | | Jia, YT | 11/27/2018 | Sekhon, Vijay S. | Timmons, Brian | Bian, Feifei; Deng, Chaoying; Liu, Henry; Wang, Jerry; Jia, Ruokun; Ye, Bob; Jia, YT; Agosta, Michael; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Rosenberg, Lee; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 26 | | | Jia, YT | 11/27/2018 | Timmons, Brian | Sekhon, Vijay S. | Bian, Feifei; Deng, Chaoying; Liu, Henry; Wang, Jerry; Jia, Ruokun; Ye, Bob; Jia, YT; Agosta, Michael; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Rosenberg, Lee | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 27 | | | Jia, YT | 11/27/2018 | Sekhon, Vijay S. | Bian, Feifei; Timmons, Brian; Deng, Chaoying | Liu, Henry; Wang, Jerry; Jia, Ruokun; Ye, Bob; Jia, YT; Agosta, Michael; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Rosenberg, Lee; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 28 | | | Jia, YT | 11/27/2018 | Bian, Feifei | Timmons, Brian; Deng, Chaoying; Sekhon, Vijay S. | Liu, Henry; Wang, Jerry; Jia, Ruokun; Ye, Bob; Jia, YT; Agosta, Michael; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Rosenberg, Lee | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 29 | | | Jia, YT | 11/27/2018 | Timmons, Brian | Deng, Chaoying; Bian, Feifei | Liu, Henry; Wang, Jerry; Jia, Ruokun; Ye, Bob; Jia, YT; Agosta, Michael; Buckfire, Kenneth; Moshinsky, Vladimir; Nappo, Jim; Rosenberg, Lee | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 30 | | | Jia, YT | 11/19/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Presentation reflecting legal advice from counsel and information collected at counsel's direction regarding Evergrande |

| # | Bates Begin | Bates End | Author | Date | To | Recipients | CC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 31 | | | Jia, YT | 11/19/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Presentation reflecting legal advice from counsel and information collected at counsel's direction regarding Evergrande |
| 32 | | | Jia, YT | 11/19/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Draft document reflecting legal advice from counsel regarding Evergrande |
| 33 | | | Jia, YT | 11/11/2018 | Sekhon, Vijay S. | Johnson, Jarret; Liu, Henry; Wang, Jerry; Deng, Chaoying; Jia, Ruokun; Jia, YT; Ye, Bob; Buckfire, Kenneth; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 34 | | | Jia, YT | 11/8/2018 | Coustar, Pascal | Agosta, Michael; Sekhon, Vijay S.; Peng, Jianjun; Xia, James; Liu, Henry; Wang, Jerry; Deng, Chaoying; Jia, Ruokun; Jia, YT; Ye, Bob | Johnson, Jarret; Buckfire, Kenneth | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 35 | | | Jia, YT | 11/8/2018 | Sekhon, Vijay S. | Peng, Jianjun; Xia, James; Liu, Henry; Wang, Jerry; Deng, Chaoying; Jia, Ruokun; Jia, YT; Ye, Bob | Johnson, Jarret; Buckfire, Kenneth; Agosta, Michael; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 36 | | | Jia, YT | 11/5/2018 | Liu, Henry | Wang, Jerry; Jia, YT; Ma, XiaoOu; Zhang, Jennifer; Agosta, Michael; Risher, Jeff | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 11/5/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 37 | | | Jia, YT | 11/5/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu; Zhang, Jennifer; Wang, Jerry; Agosta, Michael; Risher, Jeff | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 11/5/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 38 | | | Jia, YT | 11/5/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu; Zhang, Jennifer | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 39 | FF00002218 | FF00002219 | Jia, YT | 10/25/2018 | Johnson, Jarret | Xia, James; Peng, Jianjun; Liu, Henry; Sampson, Nick; Wang, Jerry; Deng, Chaoying; Jia, Ruokun | Jia, YT | Outlook Message File | Attorney - Client Privilege | Attorney-client privileged communication redacted from email regarding board meeting |
| 40 | | | Jia, YT | 10/10/2018 | Liu, Henry | Timmons, Brian; Schilling, John; Chen, Chris; Jia, YT; Deng, Chaoying; Wang, Jerry; Eisner, Ian | Rhie, John; Watson, Duncan; Perlson, David; Rosenberg, Lee; Fabiani, Mark | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 41 | | | Jia, YT | 10/4/2018 | Liu, Lee | Sampson, Nick; Eisner, Ian; Jia, YT; Liu, Henry; Wang, Jerry; Agosta, Michael; Hsieh, Charles; Deng, Chaoying; Savagian, Peter; Reckhorn, Dag; Aydt, Matthias; Mok, Tin; CEO Office; Gujjari, Rajesh; Ferguson, Steve; Darrow, Butch; Qiang, Johnson; Ucar, Pablo; Jia, Ruokun; Chen, Chris; Lu, Allen; Gobber, Christian; Schilling, John; Zhu, Dan; Meka, Koti; Ye, Bob; Wang, Terry | FF Legal | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 42 | | | Jia, YT | | 10/4/2018 | Ellison, Robert | Wang, Jerry; Schecter, Daniel; Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia | Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Yang, Ingloong; Kwan, ChiHo | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 43 | | | Jia, YT | | 10/3/2018 | Ellison, Robert | Wang, Jerry; Schecter, Daniel; Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia | Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Yang, Ingloong; Kwan, ChiHo | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 44 | | | Jia, YT | | 10/3/2018 | Wang, Jerry | Schecter, Daniel; Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia | Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 45 | | | Jia, YT | | 10/1/2018 | Wang, Jerry | Timmons, Brian; Schecter, Daniel; Sekhon, Vijay S. | Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie; Hsieh, Charles; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 9/28/2018 | Wang, Jerry | Rosenberg, Lee | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 9/28/2018 | | | | | JFIF JPEG Bitmap | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 8/21/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 8/22/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 10/1/2018 | Peng, Jianjun | Wang, Jerry; Liu, Henry; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Xia, James; Fong, Jimmy | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 9/30/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 46 | | | Jia, YT | | 10/1/2018 | Eisner, Ian | Wang, Jerry; Johnson, Jarret | Liu, Henry; Jia, YT; Zhang, Mia; Ma, Maggie; Hsieh, Charles; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 47 | | | Jia, YT | | 10/1/2018 | Wang, Jerry | Eisner, Ian; Johnson, Jarret | Liu, Henry; Jia, YT; Zhang, Mia; Ma, Maggie; Hsieh, Charles; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | | 10/1/2018 | Peng, Jianjun | Wang, Jerry; Liu, Henry; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Xia, James; Fong, Jimmy | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | Author | Date | From | To | CC | | File Format | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jia, YT | 9/30/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 48 | | | Jia, YT | 10/1/2018 | Sekhon, Vijay S. | Wang, Jerry; Timmons, Brian; Schecter, Daniel | Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie; Hsieh, Charles; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 49 | | | Jia, YT | 10/1/2018 | Wang, Jerry | Timmons, Brian; Schecter, Daniel; Sekhon, Vijay S. | Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie; Hsieh, Charles; Agosta, Michael | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 10/1/2018 | Peng, Jianjun | Wang, Jerry; Liu, Henry; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Xia, James; Fong, Jimmy | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 9/30/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 9/30/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 50 | | | Jia, YT | 10/1/2018 | Wang, Jerry | Timmons, Brian | Schecter, Daniel; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 51 | | | Jia, YT | 9/30/2018 | Timmons, Brian | Wang, Jerry | Schecter, Daniel; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 52 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Timmons, Brian | Schecter, Daniel; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 53 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Timmons, Brian | Schecter, Daniel; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 54 | | | Jia, YT | 9/30/2018 | Schecter, Daniel | Wang, Jerry; Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia | Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 55 | | | Jia, YT | 9/30/2018 | Timmons, Brian | Wang, Jerry | Schecter, Daniel; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | Date | From | To | CC | Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|
| 56 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Timmons, Brian; Schecter, Daniel | Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 57 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Deng, Chaoying; Liu, Henry; Jia, YT | Eisner, Ian; Johnson, Jarret; Agosta, Michael; Zhang, Mia; Zhang, Jennifer; He, Shan; Jia, Ruokun | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 58 | | | Jia, YT | 9/30/2018 | Sekhon, Vijay S. | Wang, Jerry | Timmons, Brian; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 59 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Sekhon, Vijay S. | Timmons, Brian; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 60 | | | Jia, YT | 9/30/2018 | Sekhon, Vijay S. | Wang, Jerry; Timmons, Brian; Schecter, Daniel | Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 61 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Timmons, Brian; Schecter, Daniel | Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 62 | | | Jia, YT | 9/30/2018 | Timmons, Brian | Schecter, Daniel | Wang, Jerry; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 63 | | | Jia, YT | 9/30/2018 | Schecter, Daniel | Wang, Jerry | Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 64 | | | Jia, YT | 9/30/2018 | Schecter, Daniel | Wang, Jerry | Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 65 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Schecter, Daniel | Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 66 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Schecter, Daniel | Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Zhang, Jennifer; He, Shan | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Begin | End | Custodian | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 67 | | | Jia, YT | 9/30/2018 | Schecter, Daniel | Wang, Jerry; Timmons, Brian; Sekhon, Vijay S.; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia | Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 68 | | | Jia, YT | 9/30/2018 | Wang, Jerry | Timmons, Brian; Sekhon, Vijay S.; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia | Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 69 | | | Jia, YT | 9/29/2018 | Timmons, Brian | Wang, Jerry | Sekhon, Vijay S.; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Hage, Taylor; Ma, XiaoOu; Zhang, Jennifer; He, Shan; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 70 | | | Jia, YT | 9/29/2018 | Wang, Jerry | Timmons, Brian | Sekhon, Vijay S.; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Hage, Taylor; Ma, XiaoOu; Zhang, Jennifer; He, Shan; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 71 | | | Jia, YT | 9/29/2018 | Timmons, Brian | Wang, Jerry | Sekhon, Vijay S.; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Hage, Taylor; Ma, XiaoOu; Zhang, Jennifer; He, Shan; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 72 | | | Jia, YT | 9/29/2018 | Wang, Jerry | Timmons, Brian | Sekhon, Vijay S.; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Hage, Taylor; Ma, XiaoOu; Zhang, Jennifer; He, Shan; Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 73 | | | Jia, YT | 9/29/2018 | Timmons, Brian | Wang, Jerry; Sekhon, Vijay S.; Schecter, Daniel; Eisner, Ian; Liu, Henry; Johnson, Jarret; Agosta, Michael; Bian, Feifei; Jia, YT; Zhang, Mia; Hage, Taylor; Ma, XiaoOu; Zhang, Jennifer; He, Shan | Perlson, David; Rhie, John; Watson, Duncan; Rosenberg, Lee; Ellison, Robert; Ma, Maggie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 74 | | | Jia, YT | 9/25/2018 | Liu, Henry | Wang, Jerry; Agosta, Michael; Eisner, Ian; Zhang, Mia; Jia, YT; Ma, XiaoOu | Fritz, Brian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 75 | | | Jia, YT | 9/21/2018 | Liu, Henry | Agosta, Michael; Wang, Jerry; Tran, Thai; Gilliam, Sandy; Kim, Grace; Johnson, Jarret | Ma, Maggie; Jiaang, DG; Qiang, Johnson; Ma, XiaoOu; Jia, YT; Hsieh, Charles; Deng, Chaoying | | Outlook Message File | Attorney - Client Privilege | |
| 76 | | | Jia, YT | 9/21/2018 | Liu, Henry | Wang, Jerry; Tran, Thai; Gilliam, Sandy; Kim, Grace; Johnson, Jarret | Ma, Maggie; Jiaang, DG; Qiang, Johnson; Ma, XiaoOu; Jia, YT; Agosta, Michael; Hsieh, Charles; Deng, Chaoying | | Outlook Message File | Attorney - Client Privilege | |
| 77 | | | Jia, YT | 9/21/2018 | Jiaang, DG | Wang, Jerry | Tran, Thai; Gilliam, Sandy | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 78 | FF00002254 | FF00002256 | Jia, YT | 9/14/2018 | Reckhorn, Dag | Wang, Jerry; Hsieh, Charles; Eisner, Ian; Johnson, Jarret; Liu, Henry; Jia, YT | | | Outlook Message File | Attorney - Client Privilege | |
| 79 | | | Jia, YT | 9/13/2018 | Wang, Jerry | Jia, YT; Liu, Henry; Agosta, Michael; Savagian, Peter; Mok, Tin; Gobber, Christian; Reckhorn, Dag; Ucar, Pablo; Sampson, Nick; Deng, Chaoying; Liu, Lee | Ma, XiaoOu; Eisner, Ian; Johnson, Jarret; Jia, Ruokun; Hsieh, Charles; Sekhon, Vijay S.; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | Author | Date | From | To | CC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|
| | Jia, YT | 7/18/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 80 | Jia, YT | 9/6/2018 | Liu, Henry | Deng, Chaoying | Jia, YT | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 81 | Jia, YT | 9/5/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 82 | Jia, YT | 9/4/2018 | Liu, Henry | Perlson, David; Wang, Jerry | Eisner, Ian; Timmons, Brian; Sekhon, Vijay S.; Jia, YT; Agosta, Michael; Johnson, Jarret; Deng, Chaoying; Kirpalani, Susheel; Rosenberg, Lee; Bian, Feifei; Ma, XiaoOu | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 83 | Jia, YT | 9/2/2018 | Liu, Henry | Perlson, David; Sekhon, Vijay S. | Eisner, Ian; Wang, Jerry; Jia, YT; Agosta, Michael; Johnson, Jarret; Deng, Chaoying; Bian, Feifei; Timmons, Brian; Kirpalani, Susheel; Rosenberg, Lee | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 84 | Jia, YT | 9/2/2018 | Liu, Henry | Sekhon, Vijay S.; Eisner, Ian; Wang, Jerry; Jia, YT; Agosta, Michael; Johnson, Jarret; Deng, Chaoying | Bian, Feifei; Timmons, Brian; Perlson, David; Kirpalani, Susheel; Rosenberg, Lee | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 85 | Jia, YT | 8/30/2018 | Liu, Henry | Johnson, Jarret; Gulati, Prashant; Wang, Scott | Jia, YT; Ma, XiaoOu; Eisner, Ian | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 86 | Jia, YT | 8/14/2018 | Liu, Henry | Wang, Jerry | Jia, YT | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | Jia, YT | 8/14/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 87 | Jia, YT | 8/13/2018 | Liu, Henry | Wang, Jerry | Jia, YT | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 88 | Jia, YT | 8/13/2018 | Liu, Henry | Wang, Jerry | Jia, YT | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | Jia, YT | 8/13/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 89 | Jia, YT | 8/10/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 90 | | | Jia, YT | 8/1/2018 | Liu, Henry | Jia, YT | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 91 | | | Jia, YT | 7/2/2018 | Liu, Henry | Eisner, Ian | Jia, YT; Ma, XiaoOu; Jiaang, DG; Huang, Wentao; Skibbe, Sheryl; Fritz, Brian; Quach, John; Cao, Eddie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 92 | | | Jia, YT | 6/11/2018 | Liu, Henry | Jia, YT; Deng, Chaoying | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 93 | | | Jia, YT | 6/11/2018 | Liu, Henry | Jia, YT | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 94 | | | Jia, YT | 6/11/2018 | Liu, Henry | Jia, YT | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 95 | | | Jia, YT | 6/9/2018 | Liu, Henry | Jia, YT | Deng, Chaoying | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 96 | | | Jia, YT | 6/4/2018 | Liu, Henry | Deng, Chaoying | Jia, YT | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 97 | | | Jia, YT | 4/27/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu; Jiaang, DG | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 98 | | | Jia, YT | 3/12/2018 | Jia, YT | Liu, Henry | Ma, XiaoOu; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 99 | | | Jia, YT | 3/12/2018 | Liu, Henry | Jia, YT; Ma, XiaoOu | Huang, Wentao | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 100 | | | Jia, YT | 9/16/2018 | Jia, YT | Jia, Ruokun | | Jia, YT | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 9/16/2018 | | | | | HTML Document | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Jia, YT | 9/16/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Bates Begin | Bates End | Custodian | Date | From | To | CC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jia, YT | 9/16/2018 | | | | HTML Document | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 101 | | | Jia, YT | 11/19/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Presentation reflecting legal advice regarding Evergrande |
| 102 | | | Jia, YT | 11/19/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Draft document reflecting legal advice from counsel regarding Evergrande |
| 103 | | | Jia, YT | 11/19/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Presentation reflecting legal advice regarding Evergrande |
| 104 | | | Liu, Henry | 1/9/2019 | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 105 | | | Liu, Henry | 11/30/2018 | Ma, Maggie | Liu, Henry; Johnson, Jarret; Fritz, Brian; Wang, Jerry; Jia, Ruokun; Deng, Chaoying; Ye, Bob; Jia, YT; Ma, XiaoOu; He, Shan; Xu, Rebecca | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 106 | | | Liu, Henry | 11/29/2018 | Ma, Maggie | Johnson, Jarret; Fritz, Brian; Wang, Jerry; Jia, Ruokun; Deng, Chaoying; Liu, Henry; Ye, Bob; Jia, YT; Ma, XiaoOu; He, Shan; Xu, Rebecca | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 107 | | | Liu, Henry | 11/21/2018 | Mendenhall, James | Kantor, Mickey | Recht, Philip R.; Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 108 | FF00002446 | FF00002450 | Liu, Henry | 10/24/2018 | Johnson, Jarret | Sekhon, Vijay S. | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/24/2018 | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 109 | | | Liu, Henry | 10/24/2018 | Skibbe, Sheryl | Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Fischer, Max C. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence discussing and/or reflecting legal advice from an attorney regarding labor and employment advice |
| 110 | | | Liu, Henry | 10/24/2018 | Skibbe, Sheryl | Sekhon, Vijay S. | Liu, Henry; Hsu, Kelly; Eisner, Ian; Fischer, Max C. | Outlook Message File | Attorney - Client Privilege | |
| 111 | | | Liu, Henry | 10/24/2018 | Sekhon, Vijay S. | Skibbe, Sheryl | Liu, Henry; Hsu, Kelly; Eisner, Ian; Fischer, Max C. | Outlook Message File | Attorney - Client Privilege | |
| 112 | | | Liu, Henry | 10/22/2018 | Schilling, John | Gulati, Prashant; Skibbe, Sheryl; Jang, Mimi; Chen, Chris; Liu, Lee; Mok, Tin; Qiang, Johnson; Wang, Terry; Wang, Jerry; Agosta, Michael; Risher, Jeff; Liu, Henry | Eisner, Ian; Johnson, Jarret; Hsu, Kelly | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 113 | | | Liu, Henry | 10/22/2018 | Gulati, Prashant | Schilling, John; Skibbe, Sheryl; Jang, Mimi; Chen, Chris; Liu, Lee; Mok, Tin; Qiang, Johnson; Wang, Terry; Wang, Jerry; Agosta, Michael; Risher, Jeff; Liu, Henry | Eisner, Ian; Johnson, Jarret; Hsu, Kelly | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 114 | | | Liu, Henry | 10/19/2018 | Wang, Jerry | Rosenberg, Lee | Sekhon, Vijay S.; Timmons, Brian; Hsieh, Charles; Rhie, John; Schecter, Daniel; Liu, Henry; Eisner, Ian; Johnson, Jarret; Agosta, Michael; Jia, YT; Deng, Chaoying; Risher, Jeff; Ma, Maggie; Ye, Bob; Liu, Lee; Mok, Tin; Bian, Feifei | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | Date | | | | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 115 | | | Liu, Henry | 10/19/2018 | Wang, Jerry | Sekhon, Vijay S. | Rosenberg, Lee; Hsieh, Charles; Timmons, Brian; Rhie, John; Schecter, Daniel; Liu, Henry; Eisner, Ian; Johnson, Jarret; Agosta, Michael; Jia, YT; Deng, Chaoying; Risher, Jeff; Ma, Maggie; Ye, Bob; Liu, Lee; Mok, Tin; Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 116 | | | Liu, Henry | 10/18/2018 | Skibbe, Sheryl | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 117 | | | Liu, Henry | 10/18/2018 | Recht, Philip R. | Liu, Henry | Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | |
| 118 | | | Liu, Henry | 10/13/2018 | Wang, Jerry | Johnson, Jarret; Sekhon, Vijay S.; Timmons, Brian; Bian, Feifei | Hsieh, Charles; Eisner, Ian; Schecter, Daniel; Liu, Henry; Deng, Chaoying; Agosta, Michael; Jia, Ruokun; Juneja, Fahad | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/13/2018 | Wang, Jerry | Xia, James; Peng, Jianjun | Johnson, Jarret; Liu, Henry; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Agosta, Michael; Hsieh, Charles | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/13/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/13/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/13/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/13/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 119 | | | Liu, Henry | 10/13/2018 | Johnson, Jarret | Sekhon, Vijay S.; Wang, Jerry; Timmons, Brian; Bian, Feifei | Hsieh, Charles; Eisner, Ian; Schecter, Daniel; Liu, Henry; Deng, Chaoying; Agosta, Michael; Jia, Ruokun; Juneja, Fahad | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 120 | | | Liu, Henry | 10/13/2018 | Timmons, Brian | Sampson, Nick; Eisner, Ian; Johnson, Jarret | Liu, Henry; Deng, Chaoying; Wang, Jerry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/3/2018 | | | | | Adobe Portable Document Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/3/2018 | | | | | Adobe Portable Document Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | Date | | | | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 10/3/2018 | | | | | Adobe Portable Document Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/3/2018 | | | | | Adobe Portable Document Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 121 | | | Liu, Henry | 10/12/2018 | Wang, Jerry | Timmons, Brian; Johnson, Jarret; Schecter, Daniel | Sekhon, Vijay S.; Bian, Feifei; Hsieh, Charles; Eisner, Ian; Liu, Henry; Deng, Chaoying; Agosta, Michael; Jia, Ruokun | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | Johnson, Jarret | Timmons, Brian | Sekhon, Vijay S.; Bian, Feifei; Wang, Jerry; Hsieh, Charles | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | | | | | Microsoft Word 97 - 2003 Document | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/11/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/11/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | Gilliam, Sandy | Hsieh, Charles; Warczak, Jim; Bian, Feifei; Garvin, Raisa; Wang, Jerry; Johnson, Jarret | Sekhon, Vijay S.; Eisner, Ian; Del Prete, Keith; Prokop, Edward C.; Martinson, Pamela; Zhao, Faye; Juneja, Fahad | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 10/11/2018 | Schecter, Daniel | Wang, Jerry; Yang, Ingloong; Ellison, Robert | Johnson, Jarret; Agosta, Michael; Cunningham, Daniel; Eisner, Ian; Timmons, Brian; Rosenberg, Lee; Rhie, John; Watson, Duncan; Bian, Feifei; Hsieh, Charles; Sekhon, Vijay S.; Liu, Henry; Ma, Maggie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 10/12/2018 | | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 122 | | | Liu, Henry | 10/8/2018 | Timmons, Brian | Perlson, David | Eisner, Ian; Liu, Henry; Wang, Jerry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 123 | | | Liu, Henry | 10/7/2018 | Meeson, Nigel | Sekhon, Vijay S.; Johnson, Jarret | Mok, Tin; Chen, Chris; Page, Chris; Bickley, Christopher; Liu, Henry; Eisner, Ian; Wang, Jerry; Schecter, Daniel; Timmons, Brian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 124 | | | Liu, Henry | 10/7/2018 | Timmons, Brian | Sekhon, Vijay S. | Johnson, Jarret; Mok, Tin; Chen, Chris; Meeson, Nigel; Page, Chris; Bickley, Christopher; Liu, Henry; Eisner, Ian; Wang, Jerry; Schecter, Daniel | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 125 | | | Liu, Henry | 10/7/2018 | Sekhon, Vijay S. | Timmons, Brian; Deng, Chaoying | Wang, Jerry; Bian, Feifei; Schecter, Daniel; Watson, Duncan; Johnson, Jarret; Rhie, John; Eisner, Ian; Hsieh, Charles; Liu, Henry; Agosta, Michael; Mok, Tin; Sampson, Nick; Jia, Ruokun; Cunningham, Daniel; Page, Chris; Meeson, Nigel; Yang, Ingloong; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 126 | | | Liu, Henry | 10/7/2018 | Sekhon, Vijay S. | Johnson, Jarret | Mok, Tin; Chen, Chris; Meeson, Nigel; Page, Bickley, Christopher; Liu, Henry; Eisner, Ian; Wang, Jerry; Schecter, Daniel; Timmons, Brian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 127 | | | Liu, Henry | 10/7/2018 | Johnson, Jarret | Sekhon, Vijay S.; Liu, Henry; Eisner, Ian; Wang, Jerry; Schecter, Daniel; Timmons, Brian | Mok, Tin; Chen, Chris | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 128 | | | Liu, Henry | 10/7/2018 | Deng, Chaoying | Wang, Jerry; Timmons, Brian | Bian, Feifei; Sekhon, Vijay S.; Schecter, Daniel; Watson, Duncan; Johnson, Jarret; Rhie, John; Eisner, Ian; Hsieh, Charles; Liu, Henry; Agosta, Michael; Mok, Tin; Sampson, Nick; Jia, Ruokun; Cunningham, Daniel; Page, Chris; Meeson, Nigel; Yang, Ingloong; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 129 | | | Liu, Henry | 10/7/2018 | Sekhon, Vijay S. | Wang, Jerry; Timmons, Brian | Bian, Feifei; Schecter, Daniel; Watson, Duncan; Johnson, Jarret; Rhie, John; Eisner, Ian; Hsieh, Charles; Liu, Henry; Agosta, Michael; Mok, Tin; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Cunningham, Daniel; Page, Chris; Meeson, Nigel; Yang, Ingloong; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 130 | | | Liu, Henry | 10/7/2018 | Sampson, Nick | Wang, Jerry | Timmons, Brian; Bian, Feifei; Sekhon, Vijay S.; Schecter, Daniel; Watson, Duncan; Johnson, Jarret; Rhie, John; Eisner, Ian; Hsieh, Charles; Liu, Henry; Agosta, Michael; Mok, Tin; Deng, Chaoying; Jia, Ruokun; Cunningham, Daniel; Page, Chris; Meeson, Nigel; Yang, Ingloong; Ellison, Robert | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Begin Bates | End Bates | Custodian | Date | Author | To | CC | Document Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 131 | | | Liu, Henry | 10/7/2018 | Wang, Jerry | Timmons, Brian | Bian, Feifei; Sekhon, Vijay S.; Schecter, Daniel; Watson, Duncan; Johnson, Jarret; Rhie, John; Eisner, Ian; Hsieh, Charles; Liu, Henry; Agosta, Michael; Mok, Tin; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Cunningham, Daniel; Page, Chris; Meeson, Nigel; Yang, Ingloong; Ellison, Robert | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 132 | | | Liu, Henry | 10/6/2018 | Sekhon, Vijay S. | Wang, Jerry; Timmons, Brian | Bian, Feifei; Schecter, Daniel; Watson, Duncan; Johnson, Jarret; Rhie, John; Eisner, Ian; Hsieh, Charles; Liu, Henry; Agosta, Michael; Mok, Tin; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Cunningham, Daniel; Page, Chris; Meeson, Nigel | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 133 | | | Liu, Henry | 10/6/2018 | Wang, Jerry | Timmons, Brian | Bian, Feifei; Sekhon, Vijay S.; Schecter, Daniel; Watson, Duncan; Johnson, Jarret; Rhie, John; Eisner, Ian; Hsieh, Charles; Liu, Henry; Agosta, Michael; Mok, Tin; Sampson, Nick; Deng, Chaoying; Jia, Ruokun; Cunningham, Daniel; Page, Chris; Meeson, Nigel | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 134 | FF00002616 | FF00002620 | Liu, Henry | 9/7/2018 | Sekhon, Vijay S. | Wang, Jerry; Hsieh, Charles; Bian, Feifei; Bakst, David S.; Duffee, David K.; Browder, Vanessa K. | Liu, Henry; Johnson, Jarret | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 135 | FF00002621 | FF00002625 | Liu, Henry | 9/7/2018 | Wang, Jerry | Hsieh, Charles; Bian, Feifei; Bakst, David S.; Duffee, David K.; Browder, Vanessa K.; Sekhon, Vijay S. | Liu, Henry; Johnson, Jarret | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 136 | FF00002626 | FF00002633 | Liu, Henry | 9/6/2018 | Bian, Feifei | Duffee, David K. | Hsieh, Charles; Wang, Jerry; Sekhon, Vijay S.; Bakst, David S.; Browder, Vanessa K.; Liu, Henry; Johnson, Jarret | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/6/2018 | | | | Adobe Portable Document Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 137 | FF00002634 | FF00002637 | Liu, Henry | 9/6/2018 | Wang, Jerry | Sekhon, Vijay S.; Bian, Feifei; Hsieh, Charles; Bakst, David S.; Duffee, David K.; Browder, Vanessa K. | Liu, Henry; Johnson, Jarret | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/6/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| | | | Liu, Henry | 9/6/2018 | | | | Adobe Portable Document Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 138 | | | Liu, Henry | 9/6/2018 | Browder, Vanessa K. | Liu, Henry; Wang, Jerry; Johnson, Jarret; Hsieh, Charles; Lund, Skyler | Sekhon, Vijay S.; Bian, Feifei; Duffee, David K.; Bakst, David S.; Assmus, Richard M. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/6/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| | | | Liu, Henry | 9/6/2018 | | | | Adobe Portable Document Format | Work Product | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding Evergrande |
| 139 | | | Liu, Henry | 9/6/2018 | Johnson, Jarret | Lund, Skyler | Wang, Jerry; Liu, Henry; Hsieh, Charles; Sekhon, Vijay S.; Bian, Feifei; Bakst, David S.; Duffee, David K. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 140 | FF00004243 | FF00004244 | Liu, Henry | 9/5/2018 | Johnson, Jarret | Bakst, David S.; Duffee, David K. | Sekhon, Vijay S.; Bian, Feifei; Liu, Henry; Wang, Jerry; Hsieh, Charles | Outlook Message File | Attorney - Client Privilege | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 141 | | | Liu, Henry | 9/5/2018 | Wang, Jerry | Johnson, Jarret; Liu, Henry; Hsieh, Charles; Bakst, David S.; Duffee, David K. | Bian, Feifei; Zhao, Faye; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 142 | | | Liu, Henry | 9/5/2018 | Sekhon, Vijay S. | Bakst, David S.; Wang, Jerry; Bian, Feifei; Johnson, Jarret; Liu, Henry | Hsieh, Charles | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 143 | | | Liu, Henry | 9/5/2018 | Bakst, David S. | Wang, Jerry; Bian, Feifei; Johnson, Jarret; Liu, Henry | Sekhon, Vijay S.; Hsieh, Charles | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 144 | | | Liu, Henry | 9/4/2018 | Wang, Jerry | Sekhon, Vijay S.; Bian, Feifei | Liu, Henry; Eisner, Ian; Hsieh, Charles; Johnson, Jarret; Perlson, David; Timmons, Brian; Rosenberg, Lee | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 1/26/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 1/26/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 7/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 145 | | | Liu, Henry | 9/4/2018 | Wang, Jerry | Hsieh, Charles; Johnson, Jarret; Sekhon, Vijay S. | Bian, Feifei; Liu, Henry; Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 1/26/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 1/26/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 7/18/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 9/4/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| # | | | | | Date | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 146 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Eisner, Ian; Wang, Jerry | Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 147 | | | Liu, Henry | | 8/31/2018 | Sekhon, Vijay S. | Eisner, Ian; Perlson, David; Wang, Jerry | Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John; Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 148 | | | Liu, Henry | | 8/31/2018 | Eisner, Ian | Perlson, David; Wang, Jerry | Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 149 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Wang, Jerry | Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 150 | | | Liu, Henry | | 8/31/2018 | Wang, Jerry | Eisner, Ian; Perlson, David | Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 151 | | | Liu, Henry | | 8/31/2018 | Eisner, Ian | Perlson, David; Wang, Jerry | Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 152 | | | Liu, Henry | | 8/31/2018 | Wang, Jerry | Perlson, David | Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 153 | | | Liu, Henry | | 8/31/2018 | Perlson, David | Wang, Jerry | Eisner, Ian; Sekhon, Vijay S.; Liu, Henry; Timmons, Brian; Lyons, Duane; Bian, Feifei; Johnson, Jarret; Judah, James; Rhie, John | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 154 | | | Liu, Henry | | 8/29/2018 | Timmons, Brian | Eisner, Ian | Liu, Henry; Johnson, Jarret; Perlson, David; Lyons, Duane; Sekhon, Vijay S.; Bian, Feifei; Judah, James; Wang, Jerry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 155 | | | Liu, Henry | | 8/27/2018 | Wang, Jerry | Perlson, David; Eisner, Ian; Bian, Feifei; Sekhon, Vijay S.; Lyons, Duane; Liu, Henry; Judah, James; Johnson, Jarret; Rhie, John; Kirpalani, Susheel; Timmons, Brian | Eisner, Ian | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 156 | | | Liu, Henry | | 8/22/2018 | Bian, Feifei | Wang, Jerry; Huang, Wentao; Sekhon, Vijay S.; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 157 | | | Liu, Henry | | 8/22/2018 | Sekhon, Vijay S. | Wang, Jerry; Huang, Wentao; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 158 | | | Liu, Henry | | 8/22/2018 | Sekhon, Vijay S. | Huang, Wentao; Wang, Jerry; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| # | | | Custodian | Date | Author | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 159 | | | Liu, Henry | 8/22/2018 | Wang, Jerry | Huang, Wentao; Sekhon, Vijay S.; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 160 | | | Liu, Henry | 8/22/2018 | Huang, Wentao | Sekhon, Vijay S.; Wang, Jerry; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 161 | | | Liu, Henry | 8/22/2018 | Sekhon, Vijay S. | Huang, Wentao; Wang, Jerry; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 162 | | | Liu, Henry | 8/22/2018 | Huang, Wentao | Sekhon, Vijay S.; Wang, Jerry; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 163 | | | Liu, Henry | 8/22/2018 | Huang, Wentao | Bian, Feifei; Sekhon, Vijay S.; Wang, Jerry; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 164 | | | Liu, Henry | 8/22/2018 | Sekhon, Vijay S. | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/22/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/22/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/22/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 165 | | | Liu, Henry | 8/22/2018 | Bian, Feifei | Sekhon, Vijay S.; Wang, Jerry; Liu, Henry; Huang, Wentao | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 166 | | | Liu, Henry | 8/22/2018 | Sekhon, Vijay S. | Wang, Jerry; Liu, Henry; Huang, Wentao | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 167 | | | Liu, Henry | 8/22/2018 | Wang, Jerry | Sekhon, Vijay S.; Huang, Wentao; Liu, Henry | Bian, Feifei | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 168 | | | Liu, Henry | 8/21/2018 | Bian, Feifei | Wang, Jerry | Sekhon, Vijay S.; Liu, Henry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 8/21/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/21/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | Bian, Feifei | Huang, Wentao; Wang, Jerry | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 169 | | | Liu, Henry | 8/21/2018 | Wang, Jerry | Bian, Feifei | Sekhon, Vijay S.; Liu, Henry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | Bian, Feifei | Huang, Wentao; Wang, Jerry | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |

| # | | | | Date | | | | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/21/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 170 | | | Liu, Henry | 8/16/2018 | Sekhon, Vijay S. | Johnson, Jarret; Liu, Henry; Wang, Jerry; Mendenhall, James | | | Outlook Message File | Attorney - Client Privilege & Work Product | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 171 | | | Liu, Henry | 8/16/2018 | Mendenhall, James | Wang, Jerry; Sekhon, Vijay S.; Liu, Henry; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 172 | | | Liu, Henry | 8/16/2018 | Wang, Jerry | Sekhon, Vijay S.; Liu, Henry; Mendenhall, James; Johnson, Jarret | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 173 | | | Liu, Henry | 8/9/2018 | Liu, Henry | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 174 | | | Liu, Henry | 8/3/2018 | Karlovac, Harvey | Huang, Wentao; Liu, Henry; Wu, Li | Hsu, Kelly; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 7/12/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 7/12/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 8/3/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| | | | Liu, Henry | 8/3/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 175 | | | Liu, Henry | | 7/26/2018 | Huang, Wentao | Dong, Raymond; Liu, Henry; Tran, Thai; Gilliam, Sandy; Hsu, Kelly; Walker, Justin; Fritz, Brian; Lund, Skyler; Kim, Jung; Alnajafi, Nada; Bullock, Wesley; Zhang, Mia; Younkins, Karen; Johnson, Jarret; Karlovac, Harvey; Eisner, Ian; Chen, Jerry | Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 176 | | | Liu, Henry | | 7/24/2018 | Duffee, David K. | Liu, Henry | Loeb, Marjorie | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 177 | | | Liu, Henry | | 7/17/2018 | Gujjari, Rajesh | Gilliam, Sandy; Jang, Mimi; Karlovac, Harvey; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott; Jackson, Marissa | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 178 | | | Liu, Henry | | 7/17/2018 | Karlovac, Harvey | Jang, Mimi; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 179 | | | Liu, Henry | | 7/17/2018 | Karlovac, Harvey | Jang, Mimi; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 180 | | | Liu, Henry | | 7/17/2018 | Gulati, Prashant | Jang, Mimi; Gilliam, Sandy; Karlovac, Harvey; Gujjari, Rajesh; Liu, Henry | Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 181 | | | Liu, Henry | | 7/17/2018 | Jang, Mimi | Gilliam, Sandy; Karlovac, Harvey; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 182 | | | Liu, Henry | | 7/17/2018 | Gilliam, Sandy | Karlovac, Harvey; Jang, Mimi; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 183 | | | Liu, Henry | | 7/17/2018 | Karlovac, Harvey | Jang, Mimi; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 184 | | | Liu, Henry | | 7/17/2018 | Karlovac, Harvey | Jang, Mimi; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 185 | | | Liu, Henry | | 7/17/2018 | Gilliam, Sandy | Jang, Mimi; Karlovac, Harvey; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 186 | | | Liu, Henry | | 7/17/2018 | Jang, Mimi | Gilliam, Sandy; Karlovac, Harvey; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |

| # | | | Author | Date | Recipient | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 187 | | | Liu, Henry | 7/17/2018 | Gilliam, Sandy | Jang, Mimi; Karlovac, Harvey; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 188 | | | Liu, Henry | 7/17/2018 | Karlovac, Harvey | Jang, Mimi; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 189 | | | Liu, Henry | 7/17/2018 | Jang, Mimi | Karlovac, Harvey; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 190 | | | Liu, Henry | 7/17/2018 | Karlovac, Harvey | Jang, Mimi; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott; Karlovac, Harvey | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 191 | | | Liu, Henry | 7/17/2018 | Jang, Mimi | Karlovac, Harvey; Gilliam, Sandy; Gujjari, Rajesh; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 192 | | | Liu, Henry | 7/17/2018 | Gilliam, Sandy | Karlovac, Harvey; Gujjari, Rajesh; Jang, Mimi; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 193 | | | Liu, Henry | 7/17/2018 | Karlovac, Harvey | Gilliam, Sandy; Gujjari, Rajesh; Jang, Mimi; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 194 | | | Liu, Henry | 7/17/2018 | Gilliam, Sandy | Gujjari, Rajesh; Jang, Mimi; Karlovac, Harvey; Liu, Henry | Gulati, Prashant; Dong, Raymond; Wang, Scott | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 7/12/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 7/12/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 195 | | | Liu, Henry | 7/16/2018 | Karlovac, Harvey | Huang, Wentao; Lund, Skyler; Wang, Gary | Gujjari, Rajesh; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| | | | Liu, Henry | 7/12/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 196 | | | Liu, Henry | 7/11/2018 | Huang, Wentao | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |

| # | | | | | | | | | | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| 197 | | Liu, Henry | 7/3/2018 | He, Shan | Gilliam, Sandy; Liu, Henry; Ma, XiaoOu | Jiaang, DG; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 198 | | Liu, Henry | 7/3/2018 | Gilliam, Sandy | Liu, Henry; Ma, XiaoOu | He, Shan; Jiaang, DG; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 199 | | Liu, Henry | 7/3/2018 | Ma, XiaoOu | Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 200 | | Liu, Henry | 7/3/2018 | Ma, XiaoOu | Liu, Henry | He, Shan; Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 201 | | Liu, Henry | 6/23/2018 | Wang, Jerry | Mendenhall, James; Huang, Wentao; Liu, Henry; Johnson, Jarret | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 202 | | Liu, Henry | 6/22/2018 | Wang, Jerry | Mendenhall, James; Huang, Wentao; Liu, Henry; Johnson, Jarret | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 203 | | Liu, Henry | 6/22/2018 | Mendenhall, James | Wang, Jerry; Huang, Wentao; Liu, Henry; Johnson, Jarret | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 204 | | Liu, Henry | 6/22/2018 | Wang, Jerry | Mendenhall, James; Huang, Wentao; Liu, Henry; Johnson, Jarret | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 205 | | Liu, Henry | 6/22/2018 | Mendenhall, James | Wang, Jerry; Huang, Wentao; Liu, Henry; Johnson, Jarret | Sekhon, Vijay S. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 206 | | Liu, Henry | 6/6/2018 | Recht, Philip R. | Liu, Henry | Deng, Chaoying | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 207 | | Liu, Henry | 6/1/2018 | Gilliam, Sandy | Huang, Wentao; Sekhon, Vijay S.; Page, Chris; Bian, Feifei | He, Shan; Wang, Jerry; Liu, Henry | | Outlook Message File | Attorney - Client Privilege & Work Product | |
| 208 | | Liu, Henry | 6/1/2018 | Gilliam, Sandy | Huang, Wentao; He, Shan | Wang, Jerry; Liu, Henry | | Outlook Message File | Attorney - Client Privilege & Work Product | |
| 209 | | Liu, Henry | 6/1/2018 | Huang, Wentao | Sekhon, Vijay S.; Page, Chris; Bian, Feifei | He, Shan; Gilliam, Sandy; Wang, Jerry; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | |
| | | Liu, Henry | 5/31/2018 | | | | | Open XML Format | Attorney - Client Privilege | |
| | | Liu, Henry | 12/19/2016 | | | | | Document Format | Attorney - Client Privilege | |
| 210 | | Liu, Henry | 6/1/2018 | Huang, Wentao | He, Shan; Gilliam, Sandy | Wang, Jerry; Liu, Henry | | Outlook Message File | Attorney - Client Privilege & Work Product | |
| | | Liu, Henry | 12/19/2016 | | | | | Document Format | Attorney - Client Privilege | |
| 211 | | Liu, Henry | 6/1/2018 | He, Shan | Gilliam, Sandy; Huang, Wentao | Wang, Jerry; Liu, Henry | | Outlook Message File | Attorney - Client Privilege & Work Product | |
| 212 | | Liu, Henry | 6/1/2018 | He, Shan | Gilliam, Sandy | Liu, Henry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | |
| 213 | | Liu, Henry | 6/1/2018 | Gilliam, Sandy | He, Shan | Liu, Henry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | |
| 214 | | Liu, Henry | 6/1/2018 | He, Shan | Jiaang, DG; Skibbe, Sheryl; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | |

| # | Bates Begin | Bates End | Custodian | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 5/31/2018 | | | | | Microsoft Office Excel Open XML Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 215 | | | Liu, Henry | 6/1/2018 | He, Shan | Jiaang, DG; Skibbe, Sheryl; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 216 | FF00004277 | FF00004281 | Liu, Henry | 6/1/2018 | Jiaang, DG | Skibbe, Sheryl; He, Shan; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege & Work Product | |
| 217 | | | Liu, Henry | 6/1/2018 | Skibbe, Sheryl | Jiaang, DG; He, Shan; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege & Work Product | |
| 218 | | | Liu, Henry | 6/1/2018 | Jiaang, DG | He, Shan; Liu, Henry; Skibbe, Sheryl | | | Outlook Message File | Attorney - Client Privilege | |
| 219 | | | Liu, Henry | 6/1/2018 | He, Shan | Liu, Henry; Skibbe, Sheryl | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | |
| | | | Liu, Henry | 5/31/2018 | | | | | Open XML Format | Work Product | |
| 220 | | | Liu, Henry | 5/31/2018 | Gilliam, Sandy | He, Shan | Liu, Henry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 221 | | | Liu, Henry | 5/31/2018 | He, Shan | Gilliam, Sandy | Liu, Henry; Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | |
| | | | Liu, Henry | 5/31/2018 | | | | | Open XML Format | Work Product | |
| | | | Liu, Henry | 5/31/2018 | | | | | Open XML Format | Work Product | |
| 222 | | | Liu, Henry | 5/31/2018 | He, Shan | Liu, Henry; Skibbe, Sheryl | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege & Work Product | |
| | | | Liu, Henry | 5/31/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | |
| 223 | | | Liu, Henry | 5/31/2018 | Skibbe, Sheryl | He, Shan; Liu, Henry | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | |
| 224 | | | Liu, Henry | 5/31/2018 | He, Shan | Skibbe, Sheryl; Liu, Henry | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | |
| 225 | | | Liu, Henry | 5/31/2018 | Skibbe, Sheryl | He, Shan; Liu, Henry | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | |
| 226 | | | Liu, Henry | 5/31/2018 | He, Shan | Liu, Henry | Skibbe, Sheryl; Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | |
| | | | Liu, Henry | 5/31/2018 | | | | | Document Format | Work Product | |
| | | | Liu, Henry | 5/31/2018 | | | | | Open XML Format | Work Product | |
| 227 | | | Liu, Henry | 5/31/2018 | | | | | Microsoft Office Excel Open XML Format | Work Product | Document drafted by attorney in connection with immigration matter. |
| 228 | | | Liu, Henry | 5/31/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Document drafted by attorney in connection with immigration matter |
| 229 | | | Liu, Henry | 5/31/2018 | | | | | Microsoft Office Excel Open XML Format | Work Product | Document drafted by attorney in support of immigration matter |
| 230 | | | Liu, Henry | 5/31/2018 | | | | | Microsoft Office Word Open XML Format | Work Product | Document drafted by attorney in support of immigration matter |
| 231 | FF00004282 | FF00004284 | Liu, Henry | 5/30/2018 | Wang, Jerry | He, Shan | Huang, Wentao; Gilliam, Sandy; Skibbe, Sheryl; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 232 | FF00004285 | FF00004288 | He, Shan | 5/30/2018 | Huang, Wentao; Wang, Jerry | Gilliam, Sandy; Skibbe, Sheryl; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 233 | | | Liu, Henry | 5/29/2018 | Huang, Wentao | He, Shan; Wang, Jerry | Gilliam, Sandy; Skibbe, Sheryl; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 234 | | | Liu, Henry | 5/29/2018 | He, Shan | Huang, Wentao; Wang, Jerry | Gilliam, Sandy; Skibbe, Sheryl; Liu, Henry | | Outlook Message File | Work Product | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 235 | | | Liu, Henry | 5/29/2018 | He, Shan | Pack, James | Skibbe, Sheryl; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 236 | | | Liu, Henry | 5/29/2018 | He, Shan | Pack, James | Skibbe, Sheryl; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 237 | | | Liu, Henry | 5/25/2018 | He, Shan | Liu, Henry | Huang, Wentao; Wang, Jerry; Gilliam, Sandy; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 238 | | | Liu, Henry | 5/25/2018 | Alnajafi, Nada | Sampson, Nick; Wang, Scott; Liu, Henry; Gulati, Prashant | Gilliam, Sandy; Dong, Raymond | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding internal policies |

| # | | | | Date | | | | | File Format | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 5/25/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding internal policies |
| 239 | | | Liu, Henry | 5/23/2018 | He, Shan | Skibbe, Sheryl; Liu, Henry | | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 240 | | | Liu, Henry | 5/23/2018 | He, Shan | Ngo-Bonnici, Monique; Liu, Henry; Skibbe, Sheryl | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 241 | | | Liu, Henry | 5/23/2018 | Skibbe, Sheryl | Liu, Henry; He, Shan | | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | | | Liu, Henry | 5/23/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 242 | | | Liu, Henry | 5/23/2018 | He, Shan | Carter, Rachel | Liu, Henry; Ngo-Bonnici, Monique; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 243 | | | Liu, Henry | 5/23/2018 | Carter, Rachel | He, Shan | Liu, Henry; Ngo-Bonnici, Monique; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| | | | Liu, Henry | 5/23/2018 | Carter, Rachel | charles.k.wofford@uscis.dhs.gov | | | Outlook Message File | Attorney - Client Privilege | Email attached to email string or correspondence, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| | | | Liu, Henry | 5/17/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| | | | Liu, Henry | 5/17/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| 244 | | | Liu, Henry | 5/23/2018 | He, Shan | Carter, Rachel | Liu, Henry; Ngo-Bonnici, Monique; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| | | | Liu, Henry | 5/17/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| | | | Liu, Henry | 5/17/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| 245 | | | Liu, Henry | 5/23/2018 | He, Shan | Ngo-Bonnici, Monique; Liu, Henry | Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege & Work Product | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 246 | | | Liu, Henry | 5/23/2018 | Ngo-Bonnici, Monique | Liu, Henry | He, Shan; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege & Work Product | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 247 | | | Liu, Henry | 5/23/2018 | He, Shan | Liu, Henry | Skibbe, Sheryl; Ngo-Bonnici, Monique | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 248 | | | Liu, Henry | 5/23/2018 | He, Shan | Ngo-Bonnici, Monique | Skibbe, Sheryl; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | | | Liu, Henry | 5/14/2018 | Yang, Lijie | Tan, Kaydence Yun; He, Shan; charles.k.wofford@uscis.dhs.gov | | | Outlook Message File | Attorney - Client Privilege | Email attached to email for the purpose of obtaining or discussing legal advice regarding immigration matter |
| 249 | | | Liu, Henry | 5/23/2018 | He, Shan | Ngo-Bonnici, Monique; Liu, Henry | Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 250 | | | Liu, Henry | 5/23/2018 | Ngo-Bonnici, Monique | Liu, Henry | Skibbe, Sheryl; He, Shan | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 251 | | | Liu, Henry | 5/23/2018 | Skibbe, Sheryl | He, Shan; Liu, Henry; Ngo-Bonnici, Monique | | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |

| No. | Author | Date | To | CC | BCC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|
| 252 | Liu, Henry | 5/23/2018 | He, Shan | Skibbe, Sheryl; Liu, Henry; Ngo-Bonnici, Monique | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 253 | Liu, Henry | 5/23/2018 | Skibbe, Sheryl | He, Shan; Liu, Henry; Ngo-Bonnici, Monique | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 254 | Liu, Henry | 5/22/2018 | Ngo-Bonnici, Monique | He, Shan; Liu, Henry; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 255 | Liu, Henry | 5/22/2018 | He, Shan | Skibbe, Sheryl; Liu, Henry; Ngo-Bonnici, Monique | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | Liu, Henry | 5/14/2018 | He, Shan | Liu, Henry; Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | Liu, Henry | 5/17/2018 | Ngo-Bonnici, Monique | He, Shan | Liu, Henry; Jiaang, DG | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | Liu, Henry | 5/17/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| | Liu, Henry | 5/17/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| 256 | Liu, Henry | 5/22/2018 | Skibbe, Sheryl | He, Shan; Liu, Henry; Ngo-Bonnici, Monique | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 257 | Liu, Henry | 5/22/2018 | He, Shan | Liu, Henry; Ngo-Bonnici, Monique; Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 258 | Liu, Henry | 5/22/2018 | Sekhon, Vijay S. | He, Shan; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | Liu, Henry | 5/22/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| | Liu, Henry | 5/22/2018 | | | | Adobe Portable Document Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| 259 | Liu, Henry | 5/22/2018 | He, Shan | Sekhon, Vijay S.; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | Liu, Henry | 5/16/2018 | | | | Microsoft Office PowerPoint Open XML Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| 260 | Liu, Henry | 5/22/2018 | Ngo-Bonnici, Monique | Skibbe, Sherry; Liu, Henry; He, Shan | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 261 | Liu, Henry | 5/22/2018 | Sekhon, Vijay S. | Liu, Henry | He, Shan | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 262 | Liu, Henry | 5/22/2018 | Sekhon, Vijay S. | Liu, Henry | He, Shan; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | Liu, Henry | 5/22/2018 | | | | Microsoft Office Word Open XML Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| | Liu, Henry | 5/22/2018 | | | | Adobe Portable Document Format | Work Product | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| 263 | Liu, Henry | 5/22/2018 | Jiaang, DG | Liu, Henry; Ngo-Bonnici, Monique | He, Shan | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 264 | Liu, Henry | 5/21/2018 | Sekhon, Vijay S. | Liu, Henry | He, Shan | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 265 | Liu, Henry | 5/18/2018 | Sekhon, Vijay S. | Wang, Jerry; Huang, Wentao; Liu, Henry; Hsieh, Charles | Mendenhall, James; Sekhon, Vijay S. | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | Liu, Henry | 12/31/2009 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |

| No. | Bates Begin | Bates End | Custodian | Date | From | To | CC | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Liu, Henry | 5/17/2018 | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 266 | | | Liu, Henry | 5/18/2018 | Wang, Jerry | Coustar, Pascal; Agosta, Michael | Huang, Wentao; Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 5/18/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| | | | Liu, Henry | 5/18/2018 | | | | Microsoft Word 97 - 2003 Document | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande |
| 267 | | | Liu, Henry | 5/17/2018 | He, Shan | Liu, Henry; Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 268 | | | Liu, Henry | 5/17/2018 | He, Shan | Liu, Henry; Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 269 | | | Liu, Henry | 5/17/2018 | He, Shan | Jiaang, DG; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 270 | | | Liu, Henry | 5/16/2018 | Jiaang, DG | Liu, Henry; He, Shan | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 271 | | | Liu, Henry | 5/16/2018 | He, Shan | Ngo-Bonnici, Monique | Liu, Henry; Jiaang, DG | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 272 | | | Liu, Henry | 5/16/2018 | Ngo-Bonnici, Monique | Liu, Henry | Jiaang, DG | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 273 | | | Liu, Henry | 5/15/2018 | He, Shan | Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | | | Liu, Henry | 3/23/2017 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Attachment to email seeking, providing, discussing or forwarding legal advice regarding immigration |
| 274 | FF00004295 | FF00004296 | Liu, Henry | 5/15/2018 | Ngo-Bonnici, Monique | Jiaang, DG | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 275 | FF00004298 | FF00004300 | Liu, Henry | 5/14/2018 | Jiaang, DG | Ngo-Bonnici, Monique | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 276 | | | Liu, Henry | 5/14/2018 | Ngo-Bonnici, Monique | Liu, Henry | Jiaang, DG | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 277 | | | Liu, Henry | 5/14/2018 | He, Shan | Liu, Henry; Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| | | | Liu, Henry | 5/14/2018 | Yang, Lijie | Tan, Kaydence Yun; He, Shan; charles.k.wofford@uscis.dhs.gov | | Outlook Message File | Attorney - Client Privilege | Email attached to email transmitted for the purpose of seeking/discussing legal advice regarding immigration matter |
| 278 | | | Liu, Henry | 5/14/2018 | Huang, Wentao | Liu, Henry; Agosta, Michael; Wang, Jerry | Coustar, Pascal; Gilliam, Sandy | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 279 | FF00004389 | FF00004391 | Liu, Henry | 5/10/2018 | Ngo-Bonnici, Monique | Jiaang, DG | Liu, Henry; Tan, Kaydence Yun | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 280 | FF00004392 | FF00004393 | Liu, Henry | 5/9/2018 | Ngo-Bonnici, Monique | Jiaang, DG | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |
| 281 | FF00004395 | FF00004396 | Liu, Henry | 5/8/2018 | Jiaang, DG | Ngo-Bonnici, Monique | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email reflecting FF employees and counsel seeking/discussing legal advice regarding immigration matter |

| # | | | | Date | From | To | CC | | File Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 282 | | | Liu, Henry | 5/3/2018 | Fritz, Brian | Ngo-Bonnici, Monique; Kim, Grace | Jiaang, DG; Liu, Henry; Huang, Wentao; Carlston, Mats G. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 283 | | | Liu, Henry | 5/3/2018 | Ngo-Bonnici, Monique | Kim, Grace; Fritz, Brian | Jiaang, DG; Liu, Henry; Huang, Wentao; Carlston, Mats G. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 284 | | | Liu, Henry | 4/19/2018 | Ngo-Bonnici, Monique | Jiaang, DG; Cao, Eddie | Liu, Henry; Huang, Wentao; Carlston, Mats G. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment advice |
| 285 | | | Liu, Henry | 3/18/2018 | Sekhon, Vijay S. | Huang, Wentao | Wang, Jerry; Jiaang, DG; Liu, Henry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding corporate governance |
| 286 | | | Liu, Henry | 3/2/2018 | Dong, Raymond | Miller, George K.; Liu, Henry; Goodstein, Barbara | Duffee, David K. | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding capital markets |
| 287 | | | Liu, Henry | 2/22/2018 | Wang, Jerry | Doering, Sascha; Liu, Henry; Recht, Philip R. | Lu, Allen; Walker, Justin; Wang, Terry | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice |
| 288 | | | Liu, Henry | 1/15/2019 | Liu, Henry | Piccio, Victorina | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 289 | | | Liu, Henry | 11/30/2018 | Liu, Henry | Ma, Maggie | | Liu, Henry | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 290 | | | Liu, Henry | 9/21/2018 | Liu, Henry | Bian, Feifei | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding ESOP policy |
| | | | Liu, Henry | 9/19/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to attorney client privileged email seeking, providing, discussing or forwarding legal advice regarding ESOP policy |
| | | | Liu, Henry | 9/19/2018 | | | | | Microsoft Office PowerPoint Open XML Format | Attorney - Client Privilege | Attachment to attorney client privileged email seeking, providing, discussing or forwarding legal advice regarding ESOP policy |
| 291 | | | Liu, Henry | 9/19/2018 | Liu, Henry | Tran, Thai | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding ESOP policy |
| | | | Liu, Henry | 8/15/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Attachment to attorney client privileged email seeking, providing, discussing or forwarding legal advice regarding ESOP policy |
| | | | Liu, Henry | 8/15/2018 | | | | | Microsoft Office PowerPoint Open XML Format | Attorney - Client Privilege | Attachment to attorney client privileged email seeking, providing, discussing or forwarding legal advice regarding ESOP policy |

| # | BatesBegin | BatesEnd | Author | Date | | From | To | | Doc Type | Privilege | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 292 | | | Liu, Henry | 5/29/2018 | Liu, Henry | Jiaang, DG; He, Shan; Skibbe, Sheryl | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 293 | | | Liu, Henry | 5/23/2018 | Liu, Henry | He, Shan; Ngo-Bonnici, Monique | Skibbe, Sheryl | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 294 | | | Liu, Henry | 5/23/2018 | Liu, Henry | Jiaang, DG | Huang, Wentao | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 295 | | | Liu, Henry | 5/23/2018 | Liu, Henry | Skibbe, Sheryl; He, Shan; Ngo-Bonnici, Monique | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 296 | | | Liu, Henry | 5/22/2018 | Liu, Henry | He, Shan; Ngo-Bonnici, Monique; Skibbe, Sheryl | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 297 | | | Liu, Henry | 5/22/2018 | Liu, Henry | He, Shan | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 298 | FF00004399 | FF00004402 | Liu, Henry | 5/22/2018 | Liu, Henry | Skibbe, Sheryl; Ngo-Bonnici, Monique; He, Shan | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 299 | FF00004403 | FF00004406 | Liu, Henry | 5/22/2018 | Liu, Henry | Skibbe, Sherry; Ngo-Bonnici, Monique; He, Shan | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 300 | | | Liu, Henry | 5/17/2018 | Liu, Henry | He, Shan; Jiaang, DG | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 301 | | | Liu, Henry | 5/17/2018 | Liu, Henry | Jiaang, DG; He, Shan | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 302 | | | Liu, Henry | 5/14/2018 | Liu, Henry | Ngo-Bonnici, Monique | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 303 | | | Liu, Henry | 5/14/2018 | Liu, Henry | Ngo-Bonnici, Monique | Jiaang, DG | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding immigration |
| 304 | | | Liu, Henry | 3/30/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege | Draft document reflecting legal advice from counsel regarding immigration |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 305 | | | Liu, Henry | | 3/1/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 306 | | | Liu, Henry | | 3/1/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 307 | | | Liu, Henry | | 3/1/2018 | Liu, Henry | Fritz, Brian | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 308 | | | Liu, Henry | | 3/1/2018 | Liu, Henry | Fritz, Brian | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 309 | | | Liu, Henry | | 3/1/2018 | Liu, Henry | Fritz, Brian | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 310 | | | Liu, Henry | | 3/1/2018 | Liu, Henry | Fritz, Brian | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 311 | | | Liu, Henry | | 3/1/2018 | Liu, Henry | Recht, Philip R. | | | Outlook Message File | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding litigation |
| 312 | | | Ye, Bob | | 2/10/2019 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding labor and employment matter |
| 313 | FF00004413 | FF00004497 | Wang, Jerry | | 12/20/2017 | | | | | Adobe Portable Document Format | Attorney - Client Privilege | Document discussing and/or reflecting legal advice and/or edits from an attorney regarding routine legal advice |

# EXHIBIT 6

Log of Privileged Documents Produced by Plaintiff Hong Liu

| ProdEnd | Custodian | Date_Sort | From/Author | To | CC | BCC | Doc Type | Privilege | Description | Print Date |
|---|---|---|---|---|---|---|---|---|---|---|
| HLIU000527 | Liu, Henry | 7/12/2018 | | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Document discussing and/or reflecting legal advice and/or edits from FF's legal department regarding FF's Acceptable Use Policy for Company Devices | |
| HLIU000542 | Liu, Henry | 7/17/2018 | Justin Walker | | | | Microsoft Office PowerPoint | Attorney - Client Privilege & Work Product | Document discussing and/or reflecting legal advice and/or edits from FF's legal department FF's Legal Action Plan relating to its Sales Model | |
| HLIU000584 | Liu, Henry | 8/22/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Document discussing and/or reflecting legal advice and/or edits from FF's legal department regarding FF's Export-Import Compliance Policy | |
| HLIU000632 | Liu, Henry | 9/19/2018 | Sandy Gilliam | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU000664 | Liu, Henry | 10/3/2018 | Jarret Johnson (FF in-house counsel) | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU000666 | Liu, Henry | 10/5/2018 | Kent Dose | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Document discussing and/or reflecting legal advice and/or edits from FF Legal Department to Senior Executives at FF advising on corporate governance and recording communications | |
| HLIU000670 | Liu, Henry | 10/5/2018 | Kent Dose | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Document discussing and/or reflecting legal advice and/or edits from FF's Legal Department to Senior Executives at FF advising on corporate governance and labor and employment issues | |
| HLIU000683 | Liu, Henry | 10/9/2018 | jarret.johnson | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU000780 | Liu, Henry | 11/26/2018 | | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU000831 | Liu, Henry | 1/10/2019 | | | | | Microsoft Word | Attorney - Client Privilege & Work Product | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU000834 | Liu, Henry | 1/18/2019 | Feifei Bian (Outside Counsel with Sidley) | Wang, Jerry; Huang, Wentao (FF In-House Counsel) | Liu, Henry (FF In-House Counsel); Sekhon, Vijay (Outside Counsel with Sidley) | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | 1/18/2019 |
| HLIU000918 | Liu, Henry | 1/18/2019 | Feifei Bian (Outside Counsel with Sidley) | Perlson, David (Outside Counsel with Quinn Emanuel); Lyons, Duane (Outside Counsel with Quinn Emanuel) | Sekhon, Vijay (Outside Counsel with Sidley); Wang, Jerry; Liu, Henry (FF's In-House Counsel); Eisner, Ian (FF's In-House Counsel); Judah, James (Outside Counsel with Quinn Emanuel); Johnson, Jaret (FF's In-House Counsel); Rhie, John (Outside Counsel with Quinn Emanuel); Kirpalani, Susheel (Outside Counsel with Quinn Emanuel) | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | 1/18/2019 |
| HLIU000921 | Liu, Henry | 1/18/2019 | Feifei Bian (Outside Counsel with Sidley) | Gilliam, Sandy (FF's In-House Counsel); Sekhon, Vijay (Outside Counsel with Sidley); Wang, Jerry | Liu, Henry (FF In-House Counsel) | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Employee Stock Option Plan | 1/18/2019 |
| HLIU000934 | Liu, Henry | 1/18/2019 | Henry Liu | | | | Microsoft Office Word Open XML Format | Attorney - Client Privilege & Work Product | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Employee Stock Option Plan | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| HLIU000935 | Liu, Henry | 1/18/2019 | Feifei Bian (Outside Counsel with Sidley) | Wang, Jerry; Liu, Henry (FF's In-House Counsel); Johnson, Jaret (FF's In-House Counsel) | Sekhon, Vijay (Outside Counsel with Sidley) | Adobe Portable Document Format | Attorney - Client Privilege | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | 1/18/2019 |
| HLIU000937 | Liu, Henry | 1/18/2019 | Feifei Bian (Outside Counsel with Sidley) | Liu, Henry (FF's In-House Counsel); Wang, Jerry | Sekhon, Vijay (Outside Counsel with Sidley) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Employee Stock Option Plan | 1/18/2019 |
| HLIU000939 | Liu, Henry | 1/18/2019 | Feifei Bian (Outside Counsel with Sidley) | Liu, Henry (FF's In-House Counsel); Wang, Jerry | Sekhon, Vijay (Outside Counsel with Sidley) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Employee Stock Option Plan | 1/18/2019 |
| HLIU000940 | Liu, Henry | 1/18/2019 | Feifei Bian (Outside Counsel with Sidley) | Timmons, Brian (Outside Counsel with Quinn Emanuel); Perlson, David (Outside Counsel with Quinn Emanuel); Rosenberg, Lee (Outside Counsel with Quinn Emanuel); Rhie, John (Outside Counsel with Quinn Emanuel); Schecter, Daniel | Johnson, Jaret (FF's In-House Counsel); Eisner, Ian (FF's In-House Counsel); Wang, Jerry; Liu, Henry (FF's In-House Counsel); Sekhon, Vijay (Outside Counsel with Sidley) | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Email string or correspondence discussing and/or reflecting board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | 1/18/2019 |
| HLIU000944 | Liu, Henry | 1/22/2019 | Jia, Yueting | Wang, ScoD | Liu, Henry (FF's In-House Counsel); Qiang, Johnson | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding routine legal advice regarding legality of recording communications | 1/22/2019 |
| HLIU000947 | Liu, Henry | 1/22/2019 | Deng, Chaoying | Huang, Wentao (FF's In-House Counsel); Liu, Henry (FF's In-House Counsel); Wang, Jerry | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice from outside counsel regarding banking laws | 1/22/2019 |
| HLIU000951 | Liu, Henry | 1/22/2019 | Deng, Chaoying | Huang, Jason | Skibbe, Sheryl; Wang, Jerry; Liu, Henry (FF's In-House Counsel); Jiang, DG; Qiang, Johnson; Huang, Wentao (FF's In-House Counsel); | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding sexual harassment complaints and investigations | 1/22/2019 |
| HLIU000957 | Liu, Henry | 1/22/2019 | Skibbe, Sheryl (FF's In-House Counsel) | Qiang, Johnson; Kim, Grace | Wang, ScoD; Liu, Henry (FF's In-House Counsel); Hsu, Kelly (FF's In-House Counsel); Eisner, Ian (FF's In-House Counsel) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and Faraday&Future Inc. employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | 1/22/2019 |
| HLIU000963 | Liu, Henry | 1/22/2019 | Skibbe, Sheryl (FF's In-House Counsel) | Wang, Jerry | Dang, Chaoying; Qiang, Johnson; Huang, Wentao (FF's In-House Counsel); Liu, Henry (FF's In-House Counsel); Huang, Jason; Jiang, DG | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, or attachment to same, including counsel and Faraday&Future employees, seeking, providing, discussing or forwarding legal advice regarding sexual harassment complaints and investigations | 1/22/2019 |
| HLIU000973 | Liu, Henry | 1/27/2019 | Sekhon, Vijay (Outside Counsel with Sidley) | Liu, Henry (FF's In-House Counsel) | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding FF's financial position | 1/27/2019 |
| HLIU000996 | Liu, Henry | 2/12/2019 | Liu, Henry | Liu, Henry | | Adobe Portable Document Format | Attorney - Client Privilege | Email string with correspondence to FF's In-House Legal Counsel (Jarret Johnson) summarizing work by the Faraday&Future in house legal department | 1/28/2019 |
| HLIU001051 | Liu, Henry | 5/6/2019 | Liu, Henry | Liu, Henry | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and Faraday&Future Inc. employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | 1/26/2019 |
| HLIU001121 | Liu, Henry | 10/27/2019 | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU001432 | Liu, Henry | 01/30/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege | Document discussing and/or reflecting legal advice and/or edits from outside counsel elating to the Employee Stock Option Plan and drafts of related policy documents | 1/18/2019 |

Log of Privileged Documents Produced by Plaintiff Hong Liu

| HLIU001451 | Liu, Henry | 5/10/2018 | Mario Nunez | | | Microsoft Office PowerPoint | Attorney - Client Privilege & Work Product | Presentation to FF management regarding corporate governance and legal strategy | |
|---|---|---|---|---|---|---|---|---|---|
| HLIU001482 | Liu, Henry | 7/31/2018 | Microsoft Office User | | | Microsoft Office PowerPoint | Attorney - Client Privilege & Work Product | Presentation to FF management regarding corporate governance and legal strategy | |
| HLIU001497 | Liu, Henry | 8/2/2018 | Microsoft Office User | | | Microsoft Office PowerPoint | Attorney - Client Privilege & Work Product | Presentation to FF management regarding corporate governance and legal strategy | |
| HLIU001501 | Liu, Henry | 8/10/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Memoranda to Senior Executives at FF advising on corporate governance, labor and employment issues, and recording communications | |
| HLIU001575 | Henry Liu | 10/23/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU001581 | Liu, Henry | 10/24/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU001589 | Liu, Henry | 10/24/2018 | | | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU001637 | Liu, Henry | 1/18/2019 | Fefei, Bian (Outside Counsel with Sidley) | Gilliam, Sandy (FF In-House Counsel); Sekhon, Vijay (Outside Counsel with Sidley); Wang, Jerry | Liu, Henry | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Employee Stock Option Plan | 1/18/2019 |
| HLIU001638 | Liu, Henry | 1/22/2019 | Liu, Henry (FF In-House Counsel) | Ma, XiaoOu; Wang, Jerry; Chien, Chris; Agosta, Michael; Hsieh, Charles, Qiang, Johnson; Ma, Xiao; Skibbe, Sheryl (FF In-House Counsel); Deng, Chaoying; Jia, Ruokun; Cao, Eddie; Ye, Bob; Glossinger, Jesse | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding corporate governance | 1/22/2019 |
| HLIU001646 | Liu, Henry | 1/22/2019 | Deng, Chaoying | Liu, Henry (FF In-House Counsel) | Qiang, Johnson | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding routine legal matters | 1/22/2019 |
| HLIU001653 | Liu, Henry | 1/22/2019 | Wang, Jerry | Skibbe, Sheryl (FF In-House Counsel) | Deng, Chaoying; Qiang, Johnson; Huang, Wentao; Liu, Henry; Huang, Jason, Jiang, DG | Adobe Portable Document Format | Attorney -Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment issues | 1/22/2019 |
| HLIU001655 | Liu, Henry | 1/22/2019 | Skibbe, Sheryl (FF In-House Counsel) | Huang, Wentao (FF In-House Counsel) | Liu, Henry (FF In-House Counsel); Hsu, Kelly (FF In-House Counsel) | Adobe Portable Document Format | Attorney -Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding labor and employment issues | 1/22/2019 |
| HLIU001660 | Liu, Henry | 2/12/2019 | | | | Adobe Portable Document Format | Attorney -Client Privilege | Text messages, including counsel and FF employee, seeking, providing, discussing or forwarding legal advice regarding corporate governance | |
| HLIU001661 | Liu, Henry | 2/12/2019 | | | | Adobe Portable Document Format | Attorney -Client Privilege | Text messages, including counsel and Faraday&Future Inc. employee, seeking, providing, discussing or forwarding legal advice regarding corporate governance | |
| HLIU001662 | Liu, Henry | 2/12/2019 | | | | Adobe Portable Document Format | Attorney -Client Privilege | Text messages, including counsel and Faraday&Future Inc. employee, seeking, providing, discussing or forwarding legal advice regarding corporate governance | |

Log of Privileged Documents Produced by Plaintiff Hong Liu

| Bates | Custodian | Date | From | To | CC | File Type | Privilege | Description | Date |
|---|---|---|---|---|---|---|---|---|---|
| HLIU001663 | Liu, Henry | 2/20/2019 | Sekhon, Vijay (Outside Counsel with Sidley) | Liu, Henry (FF In-House Counsel) | | Adobe Portable Document Format | Attorney - Client Privilege | Text messages, including counsel and Faraday&Future Inc. employee, seeking, providing, discussing or forwarding legal advice regarding corporate governance | 1/26/2019 |
| HLIU001798 | Liu, Henry | 1/3/2020 | Juneja, Fahad (Outside Counsel with Sidley | Johnson, Jarret (FF In-House Counsel); Liu, Henry (FF In-House Counsel); Sampson, Nick ; Risher, Jeff | Sekhon, Vijay (Outside Counsel with Sidley); Bian Feifei (Outside Counsel with Sidley); Craige, Christina (Outside Counsel); Conlan, James (Outside Counsel with Sidley); Gumport, Anna | Adobe Portable Document Format | Attorney - Client Privilege | Board meeting minutes, including drafts of those minutes, disclosing privileged information brought before the Board of Directors | |
| HLIU001799 | Liu, Henry | 1/3/2020 | Sekhon, Vijay (Outside Counsel with Sidley); | Boo, Bee Chun (Outside counsel with Baker); Tan, Sze Shing (Outside counsel with Baker); yueyunran@evergrande.com | Sampson, Nick; Liu, Henry (FF In-House Counsel); Johnson, Jarret (FF In-House Counsel); Risher, Jeff; Craige, Christina (outside counsel) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding furloughs and/or WARN Act notice | |
| HLIU001800 | Liu, Henry | 1/3/2020 | Sekhon, Vijay (Outside Counsel with Sidley) | Sampson, Nick; Liu, Henry (FF In-House Counsel); jrisher@icloud.com; Tan, Sze Shing (Outside counsel with Baker); jamexsia@evergrande.com | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001802 | Liu, Henry | 1/3/2020 | Sekhon, Vijay (Outside Counsel with Sidley) | Liu, Henry (FF In-House Counsel); Risher, Jeff; Sampson, Nick; | Sekhon, Vijay (Outside Counsel with Sidley) | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001803 | Liu, Henry | 1/3/2020 | Sampson, Nick | jamexsia@evergrande.com; minchen@evergrande.com; jfong@evergrande.com; pengjianjun@evergrande.com | Liu, Henry (FF In-House Counsel); Sampson, Nick; Risher, Jeff | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and Faraday&Future Inc. employees, seeking, providing, discussing or forwarding legal advice regarding furloughs and/or WARN Act notice | |
| HLIU001806 | Liu, Henry | 1/3/2020 | Risher, Jeff | Sekhon, Vijay (Outside Counsel with Sidley); Sampson, Nick; Liu, Henry (FF In-House Counsel) | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and Faraday&Future Inc. employees, seeking, providing, discussing or forwarding legal advice regarding corporate governance | |
| HLIU001807 | Liu, Henry | 1/3/2020 | Sekhon, Vijay (Outside Counsel with Sidley) | Sampson, Nick | Liu, Henry (FF In-House Counsel); Risher, Jeff; Tan, Sze Shing (Outside counsel with Baker); jamexsia@evergrande.com; Boo, Bee Chun (Outside counsel with Baker) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001809 | Liu, Henry | 1/3/2020 | Sekhon, Vijay | Risher, Jeff; Savagian, Peter; Rekhon, Dag; Liu, Henry (FF In-House Counsel) | Bian, Feifei (Outside Counsel with Sidley); Juneja, Fahad (Outside Counsel with Sidley); Craige, Christina (Outside Counsel); Conlan, James (Outside Counsel with Sidley) | Adobe Portable Document Format | Attorney - Client Privilege | Text messages, including counsel and FF employee, seeking, providing, discussing or forwarding legal advice regarding corporate governance | |
| HLIU001811 | Liu, Henry | 1/3/2020 | Sekhon, Vijay (Outside Counsel with Sidley) | Johnson, Jarret (FF In-House Counsel); Liu, Henry (FF In-House Counsel); Sampson, Nick | Risher, Jeff | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001813 | Liu, Henry | 1/3/2020 | Risher, Jeff | Liu, Henry (FF In-House Counsel); Sampson, Nick | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001814 | Liu, Henry | 1/3/2020 | Risher, Jeff | Liu, Henry (FF In-House Counsel); Sampson, Nick | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001818 | Liu, Henry | 1/3/2020 | Sekhon, Vijay (Outside Counsel with Sidley) | Sampson, Nick; Risher, Jeff | Liu, Henry (FF In-House Counsel) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001820 | Liu, Henry | 1/3/2020 | Sekhon, Vijay (Outside Counsel with Sidley) | Liu, Henry (FF In-House Counsel) | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |

Log of Privileged Documents Produced by Plaintiff Hong Liu

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| HLIU002120 | Liu, Henry | 3/30/2021 | Bian, Feifei (Outside Counsel with Sidley) | Perlson, David (Outside Counsel with Quinn Emanuel); Lyons, Duane (Outside Counsel with Quinn Emanuel) | Sekhon, Vijay (Outside Counsel with Sidley); Wang, Jerry; Liu, Henry (FF In-House Counsel); Eisner, Ian (FF In-House Counsel); Judah, James (FF In-House Counsel); Rhie, John (Outside Counsel with Sidley); Kirpalani, Susheel (Outside Counsel with Sidley) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | 1/18/2019 |
| HLIU002122 | Liu, Henry | 3/30/2021 | Henry, Liu | Johnson, Jarret (FF In-House Counsel) | | Adobe Portable Document Format | Attorney - Client Privilege & Work Product | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | 1/26/2019 |
| HLIU002320 | Liu, Henry | 4/3/2021 | Risher, Jeff | Sekhon, Vijay (Outside Counsel with Sidley); Sampson, Nick; Liu, Henry (FF In-House Counsel) | | Adobe Portable Document Format | Attorney - Client Privilege | Text messages, including counsel and FF employee, seeking, providing, discussing or forwarding legal advice regarding corporate governance | |
| HLIU002321 | Liu, Henry | 4/3/2021 | Risher, Jeff | Sampson, Nick; Liu, Henry (FF In-House Counsel); Sekhon, Vijay (Outside Counsel with Sidley) | | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU002322 | Liu, Henry | 4/3/2021 | Sekhon, Vijay (Outside Counsel with Sidley) | Sampson, Nick | Liu, Henry (FF In-House Counsel); Risher, Jeff; Tan, Sze Shing (Outside counsel with Baker); jamesxia@evergrande.com; Boo, Bee Chun (Outside counsel with Baker); yueyunran@evergrande.com; minchen@evergrande.com; jfong@evergrande.com; pengjianjun@evergrande.com; Bian, Feifei (outside counsel); Juneja, Fahad (Outside Counsel with Sidley; Craige, Christina (outside counsel); Conlan, James (outside counsel) | Adobe Portable Document Format | Attorney - Client Privilege | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | |
| HLIU001007 | Liu, Henry | 2/12/2019 | Liu, Henry (FF In-House Counsel) | Johnson, Jarret (FF In-House Counsel) | | Adobe Portable Document Format | Attorney Client Privilege & Work Product | Email string or correspondence, including counsel and FF employees, seeking, providing, discussing or forwarding legal advice regarding Evergrande | 1/26/2019 |

# EXHIBIT 7

Page 1

1           UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA

2  - - - - - - - - - - - - - - - - x

    HONG LIU,                   :

3                          :      Case Number

        Plaintiff,        :  2:20-cv-08035

4                          :    SVW-JPR

        vs.                 :

5                          :

    FARADAY&FUTURE INC., SMART    :

6  KING LTD., JIAWEI WANG, and    :

    CHAOYING DENG,          :

7                          :

        Defendants.      :

8  - - - - - - - - - - - - - - - - x

    FARADAY&FUTURE INC.,       :

9                          :

        Counterclaimant,    :

10                         :

        vs.                 :

11                         :

    HONG LIU,                  :

12                         :

        Counter-Defendant.  :

13                         :

  - - - - - - - - - - - - - - - - x

14

    *Portions of the transcript are designated

15  confidential*

16           Veritext Virtual Zoom Videotaped

17  Deposition of QING "BOB" YE, taken on Tuesday,

18  April 13, 2021, held in Los Angeles, California,

19  commencing at 9:40 a.m., Pacific Standard Time,

20  before Jamie I. Moskowitz, a Certified Court

21  Reporter and Certified Livenote Reporter.

22

23

24

25

Page 6

1     THE VIDEOGRAPHER:  We are on the
2  record at 9:40 a.m. Pacific Daylight Time on
3  April 13th, 2021.  This is the video recorded
4  deposition of Qing "Bob" Ye in the matter of
5  Hong Liu versus Faraday Future Inc. et al.
6  This deposition is being held remotely via Zoom
7  video conference.  My name is Pat Ruffner from
8  the firm Veritext, and I'm the videographer.
9  The court reporter is Jamie Moskowitz, also
10  from the firm Veritext.
11     Will counsel please identify
12  themselves and who they represent.
13     COURT REPORTER:  Counsel, I have you
14  all noted on the appearance page.
15     THE VIDEOGRAPHER:  Okay.  Sounds good.
16  And will the court reporter please swear in the
17  interpreters and the witness.
18     BO HUANG, a Mandarin interpreter,
19  after having been first duly sworn to translate
20  English to Mandarin, interpreted as follows:
21     SAMUEL CHONG, a Mandarin interpreter,
22  after having been first duly sworn to translate
23  English to Mandarin, interpreted as follows:
24     QING "BOB" YE, after having been first
25  duly sworn, was examined and testified as

Page 7

1  follows:
2  EXAMINATION
3  BY MR. SKLAR:
4     Q     Good morning.  Thank you for joining
5  us, Mr. Ye.  My name is Andrew Sklar.  I'm an
6  attorney for Mr. Hang Liu, who is the plaintiff in
7  this action.  If I refer to Mr. Liu, I'm referring
8  to the plaintiff in this action.  Do you understand?
9     A     Yes.
10     Q     Thank you.  Mr. Ye, we have made an
11  interpreter available for you.  If at any point you
12  are not sure about what any of my questions mean,
13  whether it's because there's a translation issue or
14  for any other reason, will you let me know?
15     A     Okay.
16     COURT REPORTER:  Excuse me, Andrew.
17  Can I just request, possibly, that the witness
18  does not keep putting himself on mute due to
19  the slight delay, and the first word is not
20  always crystal clear?
21     MR. SKLAR:  Thank you, Mr. Ye.
22  I'm sorry.  What was the answer to my
23  last question?
24     COURT REPORTER:  Okay.
25     THE WITNESS:  What's -- what's your

Page 8

1  last question?
2     MR. SKLAR:  Sorry.  Could you read
3  that back, Jamie?
4     (Whereupon, the testimony was read
5  back as requested.)
6     THE WITNESS:  Yeah.  Okay, yeah.
7     MR. SKLAR:  All right.  Thank you.
8  BY MR. SKLAR:
9     Q     Did you bring any notes with you to
10  this deposition?
11     A     Can I ask for interpreter?
12  Translation?
13     MR. CRISP:  Yeah.  Why don't we have
14  the interpreter translate all the questions
15  going forward, please?
16     THE WITNESS:  No.
17  BY MR. SKLAR:
18     Q     Thank you.  Are you communicating with
19  anyone during this deposition that is not currently
20  on the screen?
21     A     No.
22     Q     Thank you.  Do you have anything else
23  on your screen, currently, other than the video for
24  this deposition?
25     A     WeChat, but I can close -- yeah,

Page 9

1  WeChat.
2     COURT REPORTER:  I'm sorry.  I cannot
3  understand that.  Can you please repeat that?
4     MR. SKLAR:  Yes, please.
5     COURT REPORTER:  "We have, but I
6  cannot" -- can I please have that answer,
7  repeated?
8     MR. SKLAR:  Mr. Ye, please let me know
9  when you have closed WeChat, and then I will
10  resume questioning.
11     THE WITNESS:  Do I have to -- do I
12  have to close the browser?
13     MR. CRISP:  I think he might be asking
14  about the browser that has the link that led
15  him into this Zoom.
16     MR. SKLAR:  No, you do not need to
17  close the browser, but please exit WeChat.
18     THE WITNESS:  I have done that.
19  BY MR. SKLAR:
20     Q     Thank you.  And then I would just like
21  to note for the record that I said "but please close
22  WeChat" not, "for example, WeChat"?
23     A     All right.  I have exited from my
24  computer.
25     Q     Thank you.  Are you taking any

3 (Pages 6 - 9)

Page 18

1  we're all careful.
2       MR. SKLAR:  I understand.  We can mark
3  anything confidential if need be, and I think
4  this relates to discoverability, not
5  admissibility though.
6       MR. CRISP:  Agreed.  Although privacy
7  rights also block discovery, again, in the case
8  law interpreted in the California constitution
9  and privacy rights thereunder, among other
10  things.  But yes, we need to mark this
11  discussion regarding Bob's employment agreement
12  and the existence of one and anything that
13  comes hereafter as confidential.  And do you
14  want to just ask the question, again?  That
15  might be the easiest way.
16 BY MR. SKLAR:
17  Q     Is your employment agreement in
18 writing?
19  A     Yes.
20  Q     Are you a stockholder in Faraday?
21  A     I do have options.
22  Q     Thank you.
23       MR. SKLAR:  I'm going to present now
24  Exhibit 1.  Claudia, can you please email that
25  to everyone on this list.

Page 19

1       (Whereupon, Exhibit 1 was marked for
2  Identification.)
3 BY MR. SKLAR:
4  Q     Mr. Ye, this is the minutes of -- or
5 this will be marked as Exhibit 1.  This is the
6 Minutes of a Special Meeting of the Board of
7 Directors of the company on October 24th.  Do you
8 recognize this?
9       MR. CRISP:  We're going to need to
10  pause right here, Andrew.  This document is
11  marked as confidential.  It's just popped on my
12  screen.  I did not receive a copy of this
13  before now.  This is Exhibit 1; is that right,
14  Andrew?
15       MR. SKLAR:  Yes.
16       MR. CRISP:  Okay.  Exhibit 1 appears
17  to be minutes of a board meeting marked
18  confidential, so this document needs to be
19  marked confidential as part of this transcript.
20  Any discussion about it needs to be marked
21  confidential.  And this may be a good point,
22  Andrew, to discuss our prior concerns that we
23  have communicated multiple times regarding
24  Mr. Liu's use of his former client's
25  confidences and for privileged information in

Page 20

1  pursuit of his claims against the company.
2       Under the General Dynamics case that
3  we have cited, as well as other cases
4  thereunder, under Business and professions Code
5  Section 6068(3), which regards the duty of
6  confidentiality under the Evidence Code
7  Section 954, which concerns attorney/client
8  privilege, under former rule 3-600, now rule
9  1.13 of the Rules of Professional Conduct
10  regarding the organization of a client, Mr. Liu
11  cannot use confidential information of his
12  former client to pursue his claims against the
13  company, absent certain exceptions that
14  certainly are not present here, at the very
15  least, have not been shown to be present.
16       In addition, use of privileged
17  information subjects his counsel to
18  disqualification under, among other cases,
19  RICO v. Mitsubishi.  So I would just warn you,
20  I haven't looked at this document yet, so I
21  don't know if this is necessarily confidential
22  information of that like, or privileged
23  information of that like.
24       But if it's about to be disclosed to
25  someone, that may be a further breach of the

Page 21

1  various rules and case law that I have just
2  described, and that we have described before.
3  And we reserve all rights and remedies with
4  respect thereto.
5       MR. SKLAR:  Thank you for that.  This
6  was actually produced by Faraday as a document
7  that Bob Ye was at -- at the board -- he was at
8  the meeting for.  And I would just like to say
9  that this isn't oral argument.  I understand if
10  you have objections.  If you would like to, we
11  can call a magistrate judge about this.  But
12  right now, it's a deposition, and I would not
13  like you to keep obstructing the deposition.
14       MR. CRISP:  Well, I'm not obstructing
15  the deposition.  I'm putting my objection on
16  the record so that we can preserve all rights,
17  and so that we can hopefully try to keep from
18  the company's confidences and privileged
19  information from being abused.
20       Now, you say --
21       MR. SKLAR:  No.  Thank you.  You have
22  already -- you put your -- you have done that
23  now, and I would like to move on.
24       MR. CRISP:  Hold on, because you said
25  something that does need to be addressed, which

6 (Pages 18 - 21)

Page 50

1  it just -- again, just to help you out, Andrew,
2  I'm not sure, you know, who -- who he's
3  reporting to might help with the vagueness in
4  the question.
5         But then it might help us circumscribe
6  some of the privilege issues.  But -- so same
7  objection regarding privilege.
8         Please only answer, Bob, to the extent
9  you have any knowledge outside of any
10 communications with the company's counsel.
11        THE WITNESS:  I don't recall.
12 BY MR. SKLAR:
13   Q      Thank you.
14        Mr. Ye, when was the first time that
15 you learned of who Mr. Liu is?
16        MR. CRISP:  Objection, vague.
17        THE WITNESS:  I don't recall.
18 BY MR. SKLAR:
19   Q      Mr. Ye, when did you first meet
20 Mr. Liu?
21   A      I don't quite recall the date.  I
22 don't even recall when he started the job.
23   Q      Thank you.
24        Did you and Mr. Liu -- or were you
25 working at Faraday during the same time that Mr. Liu

Page 51

1  was working at Faraday?  Or for the -- for the --
2  sorry.  Let me rephrase that question.
3         Did you and Mr. Liu work at Faraday
4  together in 2018?
5         THE INTEPRETER:  Mr. Ye, can you
6  repeat the answer cause audio is a bit --
7         MR. CRISP:  Yes, you can ask him to
8  repeat that.
9         THE WITNESS:  I believe so, yes.  In
10 2018, I was working in the company.  But as to
11 when Henry joined the company, how long he was
12 already with the company in 2018, I don't
13 recall.
14 BY MR. SKLAR:
15   Q      Thank you.
16        Were you friendly with Mr. Liu?
17        COURT REPORTER:  I'm sorry.  Were you
18 what?
19        MR. SKLAR:  Friendly.
20        COURT REPORTER:  Thank you.
21        MR. CRISP:  Objection, vague.
22        THE WITNESS:  It was a normal working
23 relationship.
24 BY MR. SKLAR:
25   Q      Thank you.

Page 52

1         Did you -- do you believe that
2  Henry -- or that Mr. Liu.  Sorry.  Please scratch
3  Henry -- or strike Henry.
4         Do you believe that Mr. Liu had the
5  credentials to do his job duties?
6         MR. CRISP:  Objection, vague,
7  foundation.
8         THE WITNESS:  I don't know that part
9  very well.
10 BY MR. SKLAR:
11   Q      Was -- was Mr. Liu respected in the
12 office?
13        MR. CRISP:  Objection, vague, calls
14 for speculation.
15        THE WITNESS:  I think everyone in the
16 office was respected.  The work relationship in
17 the offices was relatively harmonious.
18 BY MR. SKLAR:
19   Q      Thank you.
20        Did you work directly with Mr. Liu on
21 any projects?
22   A      I don't recall.
23   Q      Did you ever file an official -- an
24 official complaint against Mr. Liu?  And I would;
25 like to specify, I mean, an official complaint to

Page 53

1  Faraday?
2         MR. CRISP:  Objection, vague.
3         THE WITNESS:  Do I have to answer the
4  question?  Well, the answer is no.  I don't
5  recall.  I don't quite recall it.
6  BY MR. SKLAR:
7    Q      Thank you.  Just to remind, Mr. Ye,
8  unless your counsel tells you to not answer a
9  question, you must answer the question to the best
10 of your ability.
11   A      Well, that is understood.  I did what
12 I did out of habit.
13   Q      Thank you.
14        MR. SKLAR:  Now, I'm going to have
15 Claudia pull up Exhibit 4, and email Exhibit 4
16 to the rest of the team.  It is only one page.
17        (Whereupon, Exhibit 4 was marked for
18 Identification.)
19 BY MR. SKLAR:
20   Q      Mr. Ye, please let me know once you've
21 reviewed this document.
22   A      I'm done reading it.
23   Q      Thank you very much.
24        Mr. Ye, do you know what Mr. Liu's job
25 requirements and duties -- or what Mr. Liu's job

14 (Pages 50 - 53)

Page 54

1  responsibilities were while at Faraday?
2      A      It appears that he served for a period
3  of time as JC -- GC -- he served for period of time
4  as GC, and he was responsible for a period of time
5  of functional affairs.  But I just don't recall when
6  or how long he served those functions.
7          MR. CRISP:  Andrew, I've now read this
8  document that is Exhibit 4.  It appears to have
9  been produced by Mr. Liu, in this case, without
10  marking it confidential or marking it
11  privileged.  It appears to me that it could
12  contain privileged information.  We would at
13  this point ask you to certainly mark this
14  confidential with respect to this deposition,
15  if we're going to have a discussion about this
16  document.  I don't know if we are.  That
17  question wasn't about this document.  Then
18  we'll need to mark that confidential, and then
19  we'll need to be very careful about privilege.
20          And then, again, it's not entirely
21  clear to me the content of this particular
22  communication from Mr. Liu to what appears to
23  be company executives and directors, but it
24  does -- at least at first glance, appear to
25  contain some advice, which would make it

Page 55

1  privileged; in which case we're going to have
2  to ask that Mr. Liu return this document and
3  destroy all copies of it.
4          MR. SKLAR:  Thank you.  I would like
5  to say first that Bob Ye is on this email.
6  It's relevant to the action.  If you have any
7  privilege concerns, we can discuss those
8  afterwards, and you can mark it confidential on
9  here.  I would request, though, that you not
10  make any more speaking objections during this.
11          MR. CRISP:  Well, to be fair, I'm
12  making an objection.  I am protecting my
13  client's privilege.  As you know, privilege is
14  a very important issue in this case.  It keeps
15  coming up.  And as to Mr. Ye being on the
16  communication, that may answer the question as
17  to whether or not this information may or may
18  not have been confidential with respect to this
19  witness.  That does not answer the privilege
20  question.
21          If this is -- if this is privileged
22  material that Mr. Liu has taken from the
23  company, right, the company is right now
24  requesting that it be returned and that he
25  destroy all copies of it.  We are not waiving

Page 56

1  privilege as to this communication.
2          MR. SKLAR:  We can discuss this after
3  the deposition, then.
4          MR. CRISP:  Then we need to remove
5  this from the screen.  This is a privileged
6  document.
7          MR. SKLAR:  So to be clear, the past
8  documents that Faraday produced were allowed
9  even if they were privileged, but documents
10  that Henry produced are not allowed?  So it can
11  only be used as a shield and not as a sword?
12          MR. CRISP:  That is not at all what is
13  happening.
14          MR. SKLAR:  So are Faraday's
15  privileged documents allowed to be used?
16          MR. CRISP:  No.  Only -- any doc --
17  no.  No.  If they're privileged, they're
18  privileged, of course.
19          MR. SKLAR:  The past documents that
20  Faraday had marked confidential, which were
21  communications between Henry Liu, those were
22  not allowed to be produced.
23          MR. CRISP:  If -- and I'm not saying
24  this has happened, but if there has been a
25  waiver of privilege as to any particular

Page 57

1  document, we can discuss that.  What I'm
2  telling you is, is this is the first time I'm
3  seeing this document.  It appears to me to be
4  privileged.  It appears to me that Mr. Liu took
5  it with him when he left the company, and he
6  still has it in his possession.  And I'm asking
7  that it be destroyed and that he return all
8  copies of it.
9          If you think there's been a waiver as
10  to the privilege of --
11          THE WITNESS:  I ask for a two-minute
12  break.
13          MR. CRISP:  Andrew, it sounds like the
14  witness is asking for a short break.
15          MR. SKLAR:  That's fine.  Let's come
16  back in 5 minutes.
17          THE VIDEOGRAPHER:  Off the record at
18  11:45 a.m.
19          (Whereupon, a break was taken.)
20          THE VIDEOGRAPHER:  On the record at
21  1:03 p.m.
22          MR. KUSHNER:  Before we proceed with
23  questioning --
24          (Whereupon, a discussion was held off
25  the record.)

15 (Pages 54 - 57)

Page 58

1     MR. KUSHNER:  Before we resume the
2 questioning, I just want to put something on
3 the record very briefly.
4     During the break, counsel for the
5 parties discussed some privileged-related
6 issues that arose at this deposition.  It
7 became very clear, to the extent it hasn't
8 already been clear, that there are significant
9 disputes among the parties with respect to
10 privilege in this action.
11     Plaintiff believes that the defendants
12 in the case have implicitly waived
13 attorney/client privilege through their
14 assertion of counterclaims against the
15 plaintiff, which have directly placed at issue
16 plaintiff's handling of privileged and
17 confidential matters.
18     It's also plaintiff's belief that it
19 is improper for defendants to selectively
20 disclose communications, privileged
21 communications, that favor their positions in
22 the case while concealing documents that weaken
23 their case, purportedly on the grounds of
24 attorney/client privilege.
25     Plaintiff's counsel reserves rights

Page 59

1 with respect to all privileged matters, and
2 while we certainly will not at this deposition
3 ask a question or demand an answer to a
4 question after defendants' counsel has
5 instructed the witness not to answer the
6 question, on privilege grounds, we -- we
7 reserve the right to seek relief from the court
8 with respect to what we believe to be improper
9 assertions of privilege.
10     Having said all of that, we would like
11 to proceed with this deposition and with
12 discovery expeditiously.  To the -- to the
13 extent that there are privileged issues that
14 need to be raised with the court, we think that
15 the parties should meet and confer on
16 appropriate mechanism to raise the issues with
17 the court.
18     And to the extent it becomes
19 impossible for us to proceed with this
20 deposition due to a dispute on privilege, we
21 may need to seek the assistance of the court
22 before proceeding with the remainder of the
23 deposition.  Thank you.
24     MR. CRISP:  Thank you, Amiad.  I'll
25 just very briefly respond only to the extent on

Page 60

1 a few points.  Amiad, you and I did speak off
2 the record on a meet and confer regarding a
3 separate motion about some of these issues.
4 Obviously, we disagree regarding the scope of
5 any waiver of attorney/client privilege.  I
6 will note, again, as I said on our -- on our
7 phone call, that the issues raised by this case
8 and the issues with privilege and
9 confidentiality, we raise those issues and have
10 been raising those issues with you for some
11 time.
12     We are confident in our position on
13 that this -- you know, there have been plenty
14 of time to prepare to take this witness'
15 deposition, and to do so using documents that
16 are properly the subject of this case.
17     While obviously, you know, I can't
18 stop you from asking the court to intervene,
19 and you have a right to whatever remedies you
20 have, you certainly have.
21     I just would note for the record that,
22 you know, the witness has provided himself
23 today.  He's here to testify, and, you know, we
24 don't agree that he should be brought back for
25 any reason that we have seen so far, at least.

Page 61

1 And that's it.  There's no reason for us to
2 waste everybody's time going back and forth
3 making records.
4     MR. SKLAR:  Thank you, Kevin.  So --
5     COURT REPORTER:  Andrew --
6     MR. SKLAR:  -- we'll get back to the
7 deposition.
8     COURT REPORTER:  Andrew, are you in
9 the same room as somebody else?  You're getting
10 feedback from your audio.
11     MR. SKLAR:  I am, but anyone else in
12 the room is muted.  Am I still getting
13 feedback?
14     COURT REPORTER:  No.
15     MR. SKLAR:  Okay.  Thank you.
16     So we would like to continue the
17 deposition on Exhibit 4.
18     MR. CRISP:  Exhibit 4 is privileged.
19 I told you before the break it's privileged.  I
20 asked you to destroy all copies of it.  I will
21 repeat that request.
22     MR. SKLAR:  So I would like to make
23 sure that it is your position that these
24 documents which have Mr. Ye and Mr. Liu on
25 them, which you consider privileged, cannot be

16 (Pages 58 - 61)

Page 62

```
 1   used at this deposition?
 2        MR. CRISP:  I'm saying Exhibit 4,
 3   which I can see is a privileged document, we
 4   have not waived privilege as to that.  It's the
 5   first time we're seeing it today.  It appears
 6   to have been in Mr. Liu's possession, and, you
 7   know, it -- it does appear that Mr. Liu took
 8   privileged information with him when he left
 9   the company.
10        We're seeing this one for the first
11   time today, and I'm telling you that it's
12   privileged.  And -- and we're not waiving on
13   that, and I'm asserting privilege.  And I'm
14   asking you to destroy all copies of it.
15        MR. KUSHNER:  Kevin, sorry -- I'm
16   echoing.
17        Kevin, setting aside the issue of
18   whether or not this document should be
19   destroyed or whether it should have been
20   produced, are -- are you saying that we can't
21   ask the witness questions about this document
22   right now?
23        MR. CRISP:  Well, that would entail
24   you not destroying it.  And --
25        MR. KUSHNER:  Sorry.  Kevin, I can't
```

Page 63

```
 1   hear you, Kevin.
 2        MR. CRISP:  Can you hear me now?
 3        Okay.  You know, you sitting there
 4   holding the document and putting the document
 5   in front of the witness, a document that over
 6   which we are asserting privilege would entail,
 7   yes, using the document and not destroying it.
 8   So yeah, that is what I'm saying.
 9        I'm saying that document is
10   privileged.  We are asserting privilege.  I am
11   repeating my request from before the break.
12   All copies of it should be destroyed
13   immediately.
14        MR. KUSHNER:  Yeah, Kevin, I'm not
15   sure you answered the question.  The question
16   is:  Can we ask the witness questions about the
17   document at this deposition, you know,
18   reserving our respected positions as to
19   propriety of this document having been
20   produced.
21        MR. CRISP:  That document is
22   privileged.  If you refuse to destroy it, you
23   will be violating the protective order.  You
24   will be violating California ethics
25   requirements.  I'm asserting privilege over it.
```

Page 64

```
 1   The company is asserting privilege.  The
 2   company has not waived privilege of that
 3   document.  It should not be in your possession
 4   it should not be Mr. Liu's possession.
 5        He obviously took privileged material,
 6   the company's property, and the company
 7   controls the privilege.  And the company is
 8   asserting the privilege.  I'm asking you again,
 9   please destroy all copies of it that you have
10   right now.
11        MR. KUSHNER:  Again, Kevin, you're not
12   answering the question.  The question is:
13   Whether you are allowing us to ask the witness
14   questions about this document at this
15   deposition.
16        MR. CRISP:  I'm asking you to destroy
17   it right now.  And if you use information from
18   it, I will warn you further, just as I warned
19   earlier to Mr. Sklar when this -- when the
20   previous document came up, that the use of
21   privileged information subject to
22   disqualification.
23        So now you're asking can you use
24   privileged information, and I'm warning you not
25   to.  And I will seek disqualification.
```

Page 65

```
 1        MR. KUSHNER:  Okay.  Kevin, I'm going
 2   to -- I'm going to clarify the nature of the
 3   privilege -- the nature of the privilege
 4   objection in a moment.
 5        But just so the record is clear, to
 6   the extent defendants object to us showing the
 7   witness a document on the basis of privilege or
 8   object to the witness answering a certain
 9   question on the basis of privilege, and a court
10   later rules that the assertion of the privilege
11   of the objection was improper, we reserve the
12   right to recall the witness to ask the witness
13   questions that the witness was instructed not
14   to answer.
15        MR. CRISP:  I -- I understand that you
16   reserve that right, and we can disagree as to
17   whether or not you have that right.  I'm not
18   going to argue that you've waived by moving on.
19   Obviously, at this point, I -- I disagree that
20   there would be any right to bring this witness
21   back, but that's, you know, perhaps a -- an
22   argument for a different day in front of a --
23   in front of tribunal, right?
24        But, yeah, I -- I would not argue that
25   you waive the right to call the witness back
```

17 (Pages 62 - 65)

Page 66

1  if, in fact, a court so orders the witness to
2  come back.
3         MR. KUSHNER:  Okay.  Now with -- with
4  respect -- with respect to the document that we
5  have now shown the witness, it's the document
6  that begins with the Bates number HLiu 1638.
7         MR. CRISP:  Yup.
8         MR. KUSHNER:  Just for the record, is
9  this the document that you are asserting should
10 not have been produced because it's privileged?
11        MR. CRISP:  Well, we did not produce
12 this document.  In fact, we made sure of that
13 over the break.  It appears this document was
14 taken by Mr. Liu with him, company property,
15 when he left, and it was disclosed to you.
16        And so, again, I warn you that using
17 privileged information is subject to
18 disqualification.  And I will repeat my request
19 that you and Henry destroy all copies of this
20 document immediately.
21        MR. KUSHNER:  What -- what is your
22 basis -- what is your basis for asserting that
23 this document is privileged?
24        MR. CRISP:  It is a communication
25 between counsel and client, and it provides --

Page 67

1  appears to be providing legal advice.
2         MR. KUSHNER:  Where do you see legal
3  advice in this document?
4         MR. CRISP:  Well, we are not going to
5  discuss this, especially in front of the
6  witness that we've just decided cannot and
7  should not see this information.
8         MR. KUSHNER:  But just so the record
9  is clear, we don't see any basis to assert
10 attorney/client privilege over this document.
11 Anything to the extent that there is or could
12 have been basis to assert the privilege, the
13 privilege was waived through the assertion of
14 your client's overbroad counterclaims.
15        But what I -- what I would propose
16 that we do for the remainder of this deposition
17 is the following:  To the extent we show the
18 witness an exhibit that you believe should --
19 should not have been produced or should be
20 destroyed and can't be shown to the witness,
21 we -- we will not ask questions about the
22 document or -- or continue to show to the
23 witness.
24        And we will meet and confer with you
25 and your firm after the deposition as to the

Page 68

1  proper mechanism to raise the privilege issue
2  with the court, and potentially recall the
3  witness to be asked about the documents if the
4  court agrees with the plaintiff.
5         MR. CRISP:  So as we discussed off the
6  record and over the break, you know -- and
7  again, I know I'm repeating myself, Amiad.  But
8  now that it's on the record, I am going to
9  repeat what I said over the break, now on the
10 record, which is to say we have raised these
11 issues to you for weeks.  We recognized that
12 these were going to be issues and tried to
13 solve them with you.  We tried to do them in a
14 normal way, including on -- a motion for
15 judgment on the pleadings.
16        So, you know, we will argue -- you
17 know, assuming nothing changes, you know, I
18 think that's one of the arguments why the
19 witness should not be required to prepare
20 himself and appear twice when these issues
21 should have been resolved previously.
22        So, you know, putting aside -- I
23 understand you reserve all rights to ask the
24 court to come back.  That's fine.  You know, we
25 disagree that should happen, and we can have

Page 69

1  that argument down the road.
2  **As far as going forward, which we also**
3  **discussed on the break, if I see a document**
4  **that is privileged, I am going to assert**
5  **privilege, and in accordance with California**
6  **ethical rules and the protective order in this**
7  **case, I'm going to ask that it be destroyed**
8  **immediately.  And I'm going to ask that you not**
9  **use any information from it.  And I will warn**
10 **you again, that using privileged information**
11 **subjects you to disqualification.**
12        MR. KUSHNER:  Okay.  We're going to
13 proceed with questions.
14        COURT REPORTER:  You're on mute,
15 Andrew.
16        MR. SKLAR:  Thank you very much.
17 We'll move on to the next set of questions now.
18 BY MR. SKLAR:
19    Q    Mr. Ye, as far as you know, did
20 Henry's, or did Mr. -- my apologies.  Let me start
21 over.
22        Mr. Ye, as far as you know, did
23 Mr. Liu's job duties include working with the
24 New York Stock Exchange?
25    A    I don't know that part very well.

18 (Pages 66 - 69)

Page 70

1    Q      Thank you.
2           MR. SKLAR:  I will now ask Claudia
3    Varner to pull up Exhibit Number 5, and email
4    that to everyone on this video chat.
5           (Whereupon, Exhibit 5 was marked for
6    Identification.)
7           MR. SKLAR:  Claudia, please go to
8    Page 2 for Mr. Ye, and back to Page 1, please.
9    Thank you.
10          THE WITNESS:  I'm done reviewing it.
11   BY MR. SKLAR:
12   Q      Thank you.
13          Do you remember seeing this email?
14   A      I believe I did, but I do not have any
15   recollection about this email.
16   Q      Mr. Ye, do you know who Mark
17   Cunningham is?
18   A      Not quite.
19   Q      Do you agree with Henry -- or
20   Mr. Liu's assertion at the top of the email that
21   says, "Relationships with the NYSE is of vital
22   importance to the ultimate success of the company"?
23          MR. CRISP:  Objection, vague, calls
24   for speculation.
25          THE WITNESS:  As someone who is in the

Page 71

1    business of BD, relationship with all partners
2    are important, but as to whether the
3    relationship with a particular partner is of
4    vital importance is hard to say.
5    BY MR. SKLAR:
6    Q      So just to be clear, are you -- are
7    you saying that relationship with the New York Stock
8    Exchange, it is -- it's hard to say whether that's
9    important?
10          MR. CRISP:  Objection.
11          THE WITNESS:  What I mean to say is
12   the relationship with NYSE, all the
13   relationships with other -- a -- partners, they
14   are all important.  But as to how important or
15   to what extent the importance is, that is hard
16   to say.
17   BY MR. SKLAR:
18   Q      Thank you.
19          Was it out of the ordinary for Mr. Liu
20   to handle meetings with figures such as the New York
21   Stock Exchange?
22          MR. CRISP:  Objection, vague.
23          THE WITNESS:  I don't quite know
24   whether this is out of ordinary.
25          COURT REPORTER:  Whether this is out

Page 72

1    of ordinary, or --
2           THE INTERPRETER:  Yes.
3           COURT REPORTER:  Okay. thank you.
4           THE INTERPRETER:  Yes.
5    BY MR. SKLAR:
6    Q      Mr. Ye, do you remember if this
7    meeting ever occurred?
8           MR. CRISP:  Objection, vague.
9           THE WITNESS:  I don't.
10   BY MR. SKLAR:
11   Q      Thank you.
12          MR. SKLAR:  I will ask Ms. Varner to
13   pull up Exhibit 6, and circulate that to
14   everyone at this deposition.
15          (Whereupon, Exhibit 6 was marked for
16   Identification.)
17          THE WITNESS:  Is there a next page?
18   BY MR. SKLAR:
19   Q      Mr. Ye, this is a four-page document.
20   Please let us know when you're ready to scroll to
21   the next page.
22          THE WITNESS:  Next page, please.  I
23   think I want to revisit the second page.
24   BY MR. SKLAR:
25   Q      Mr. Ye, if you would like to scroll,

Page 73

1    yourself, through this document, you can request
2    remote control over the document.
3    A      I'm done reading it.
4    Q      Thank you.
5           Were you on -- sorry.
6           MR. SKLAR:  Ms. Varner, can you go to
7    the page starting FF1112?
8    BY MR. SKLAR:
9    Q      Mr. Ye, were you on this team call
10   with Mr. Cunningham?
11   A      I don't believe so.
12   Q      Thank you.
13          MR. SKLAR:  Ms. Varner, please scroll
14   back up to Page 1.
15   BY MR. SKLAR:
16   Q      Mr. Ye, do you feel that Mr. Liu
17   handled the situation in an appropriate manner?
18          MR. CRISP:  Objection, vague,
19   foundation.
20          THE WITNESS:  To tell you honestly,
21   there's no way for me to make a comment on
22   that, because from the beginning through to the
23   end of this email, I was not on it until the
24   very end when this document was forwarded to
25   me.

19 (Pages 70 - 73)

Page 74

1 BY MR. SKLAR:
2      Q      Thank you, Mr. Ye.  But my question
3 wasn't at the time whether you believed you handled
4 this in an appropriate manner.  My question is:  Now
5 looking at the document, do you believe that Henry
6 handled the situation in an appropriate manner?
7            MR. CRISP:  Objection, vague,
8 foundation.
9            THE WITNESS:  Well, I have to maintain
10   what I previously said, because they are all
11   very normal communications in this email
12   thread.  So it is very hard for me to judge
13   what you mean by "appropriate."
14 BY MR. SKLAR:
15     Q      Mr. Ye, did Henry normally communicate
16 with financial institutions?
17            MR. CRISP:  Objection, vague, calls
18 for speculation.
19            THE WITNESS:  I believe he did.  As to
20   how often he did that, I don't know.
21 BY MR. SKLAR:
22     Q      Mr. Ye, do you think that action such
23 as speaking with Mark Cunningham, at the New York
24 Stock Exchange, would help prepare Faraday for an
25 IPO?

Page 75

1            MR. CRISP:  Objection, vague, lack of
2   foundation.
3            THE WITNESS:  This is just a handshake
4   with each other for the first meeting.  Well,
5   then people, all people at the FF -- let me
6   take that back.  I mean, all the things that
7   people at FF did were of help to the company's
8   IPO.
9         So there's no way for me to make a
10   judgment.
11 BY MR. SKLAR:
12     Q      Thank you.
13            MR. SKLAR:  I would now like to -- for
14   Ms. Varner to circulate Exhibit Number 7, and
15   pull up Exhibit Number 7 on the screen.
16         (Whereupon, Exhibit 7 was marked for
17   Identification.)
18 BY MR. SKLAR:
19     Q      Mr. Ye, what I'm now showing you are
20 WeChat messages between Mr. Liu and yourself.  Do
21 you recognize these messages?
22     A      Not quite because as far as WeChat
23 communications are concerned, I have changed my
24 cellular phones three or four times already.
25     Q      Mr. Ye, why does you changing your

Page 76

1 cellular phone affect if you remember these
2 messages?
3            MR. CRISP:  Objection, misstates the
4   witness' testimony.
5            THE WITNESS:  I have not changed my
6   cellular phones for these messages.  My son
7   smashed two or three of my cell phones.  Even
8   the screens broke.
9 BY MR. SKLAR:
10     Q      Thank you, Mr. Ye.
11            MR. SKLAR:  I'll now ask Ms. Varner to
12   scroll to HLiu 3022, and these are
13   communications on October 10th, 2018.
14            MR. CRISP:  Andrew, just asking, do
15   you have a translated copy of this?
16            MR. SKLAR:  No, I do not have a
17   translated copy of this.
18            MR. CRISP:  Okay.  Just for the
19   record, just in case something happens here and
20   it's argued that I didn't do something that I
21   should have done in response to seeing this
22   document, I'll note that other than it appears
23   to be Henry Liu's name, Bob's name, that this
24   document is probably in Mandarin, I would
25   guess, and so just noting it for the record.

Page 77

1            MR. SKLAR:  Thank you.
2 BY MR. SKLAR:
3      Q      Related to the October 10th, 2018
4 messages, what were you asking Mr. Liu about?
5      A      A friend's company wanted to do some
6 financing, so I asked Mr. Liu whether he had his
7 previous connections, which were able to help out in
8 this regard.
9      Q      Thank you.
10         And what was Mr. Liu's response?
11            MR. CRISP:  Objection, vague.
12            THE WITNESS:  Looking at the WeChat,
13   he recommended East West Bank.
14            COURT REPORTER:  East West Bank?
15            THE INTERPRETER:  Yes.
16            MR. SKLAR:  I just want to go back on
17   the record for a second, and it says for
18   Mr. Ye's response to my previous question, a
19   parent's company wanted to do some financing.
20            THE INTERPRETER:  No, a friend's
21   company, a friend's company.
22            MR. SKLAR:  Thank you.  The record
23   still says "parent's."  I believe it should say
24   "friend's."
25            THE INTERPRETER:  Yes.  If -- if --

20 (Pages 74 - 77)

Page 78

1    that -- that is caused by the audio.  Sorry.
2           MR. SKLAR:  Thank you.
3  BY MR. SKLAR:
4    Q      Mr. Ye, who was your friend's company?
5    A      Blitz.
6           COURT REPORTER:  Spell that, please.
7           THE INTERPRETER:  B-l-i-t-z, Blitz.
8           COURT REPORTER:  Okay.  Thank you.
9  BY MR. SKLAR:
10   Q      Thank you.  And what does the message
11 say about Lucid?
12   A      Do you need to reread the information
13 in the text or you have a translated version of it?
14          MR. CRISP:  Yeah, Andrew, are you
15 asking him to read the message back to you?
16          MR. SKLAR:  I'm asking for him to tell
17 me what he thinks Mr. Liu is talking about in
18 relation to Lucid in the document.
19          MR. CRISP:  The entire document?
20 Okay.
21          MR. SKLAR:  Only in the portion that
22 specifies Lucid.  I believe it is the third
23 bullet point.
24          MR. CRISP:  Okay.  You want to reask
25 the question because it seemed to me like you

Page 79

1    were asking him to read the document to you.
2           MR. SKLAR:  Yes.
3  BY MR. SKLAR:
4    Q      Mr. Ye, what is your interpretation of
5  what Mr. Liu is talking to you about in the third
6  bullet point referencing Lucid?
7           MR. CRISP:  Objection, vague, calls
8  for speculation.
9           THE WITNESS:  Yes, I understand.
10 Which message from Mr. Liu are you talking
11 about?  Are you talking about the message at
12 1430 where Mr. Liu indicates thumbs up or
13 something else?
14          COURT REPORTER:  Indicates --
15 indicates what?
16          THE INTERPRETER:  Thumbs up.
17          COURT REPORTER:  Okay.
18 BY MR. SKLAR:
19   Q      Actually, my apologies.  I was
20 actually referring to the message that you had asked
21 Mr. Liu in bullet point 3 about Lucid.  My
22 apologies.
23          MR. CRISP:  Objection, vague,
24 compound.
25          THE WITNESS:  My understanding is this

Page 80

1    is a brief account of this project.
2  BY MR. SKLAR:
3    Q      Mr. Ye, what is the project that
4  you're referring to?
5    A      A project that seeks financing.
6    Q      Thank you.  Was this comment for you
7  to ask Mr. Liu about fundraising questions?
8    A      This is something that's not related
9  to our work, so this is just to inquire to Mr. Liu
10 as to whether he had any channels of previous
11 connections as to whether the -- the appropriate
12 resources could be found.
13   Q      Thank you, Mr. Ye, but I'm not
14 specifically asking about this document.  I'm asking
15 if around October 10th, 2018, was it common for you
16 to ask Mr. Liu fundraising questions?
17          MR. CRISP:  Objection, vague.
18          THE WITNESS:  It's hard for me to make
19 a comment on that or to judge that.
20 BY MR. SKLAR:
21   Q      Mr. Ye, was this the only time where
22 you asked Mr. Liu whether he had any channels of
23 previous connections as to whether the appropriate
24 resources could be found?
25          MR. CRISP:  Objection, vague,

Page 81

1    misstates the evidence.
2           THE WITNESS:  I don't believe so.
3  BY MR. SKLAR:
4    Q      Thank you.
5           MR. SKLAR:  Ms. Varner, I would like
6  to scroll down in the document to page Liu 3024
7  and 3025, or I guess 3024 for right now.  Thank
8  you.
9  BY MR. SKLAR:
10   Q      Mr. Ye, what is Beach Point?
11   A      I believe it was either a fund or a
12 financial institution.
13   Q      In these communications, did Mr. Liu
14 say that he would do anything concerning Beach
15 Point?
16          MR. SKLAR:  And, Ms. Varner, please
17 scroll to the next page.
18          MR. CRISP:  Objection, vague.
19          MR. SKLAR:  Ms. Varner, please scroll
20 back up one page.  Thank you.
21          THE WITNESS:  Looking at the WeChat
22 messages, Mr. Liu says that he was going --
23 Mr. Liu says he was going to help push it
24 forward, or he was going to remind the other
25 party.

21 (Pages 78 - 81)

Page 82

1 BY MR. SKLAR:
2    Q     Thank you.
3          MR. SKLAR:  Ms. Varner, please scroll
4    to the next page, which is 3025.  Thank you.
5 BY MR. SKLAR:
6    Q     Mr. Ye, does Mr. Liu discuss
7 contacting any other financial institutions in his
8 message on November 10th?
9    A     He writes that he is going to get in
10 touch with an investment bank in New York.
11   Q     Thank you.  And concerning his email
12 or his messages between November 10th and
13 November 13th, does Mr. Liu ever get in contact with
14 these financial institutions?
15         MR. CRISP:  Objection, vague, calls
16   for speculation.
17         THE WITNESS:  I don't quite recall
18   that part.
19 BY MR. SKLAR:
20   Q     Mr. Ye, does Mr. Liu discuss emails
21 from any financial institutions?
22         MR. CRISP:  Objection, vague, best
23   evidence.
24         THE WITNESS:  Would you please restate
25   the question?

Page 83

1 BY MR. SKLAR:
2    Q     Mr. Ye, what does Mr. Liu discuss
3 concerning King Street and Anchorage?
4          MR. CRISP:  Objection, vague, best
5    evidence.
6          THE WITNESS:  On WeChat, he says,
7    "Please see emails re King Street and
8    Anchorage."
9 BY MR. SKLAR:
10   Q     Thank you.
11         And Mr. Ye, what is your response to
12 Mr. Liu's message?
13   A     "Received, thanks, thanks."
14         COURT REPORTER:  Thanks who?
15         MR. SKLAR:  Thank you.
16         THE INTERPRETER:  Thanks.  Thanks.
17         COURT REPORTER:  Spell -- thanks?
18         THE INTERPRETER:  No.  Two thanks --
19   thanks.  Thanks.
20         COURT REPORTER:  Can you spell that?
21         THE INTERPRETER:  Thank you.  Thank
22   you.
23         MR. SKLAR:  Yeah.  He's just saying
24   "thanks, thanks."
25         COURT REPORTER:  Oh, okay.  Thank you.

Page 84

1    I'm sorry.
2          THE INTERPRETER:  Yeah.  Yeah.  It's
3    the audio.  Yeah.  I know.
4 BY MR. SKLAR:
5    Q     Mr. Ye, do you remember Mr. Liu
6 introducing you to any other financial institutions?
7    A     Other than the ones mentioned on here,
8 I do not recall the others.
9    Q     Mr. Ye, to be clear:  Does that mean
10 you were saying that Henry did not introduce you to
11 any other financial institutions?
12   A     What I said was other than the ones
13 referenced in here as to whether he has introduced
14 any others to me or not, my recollection is not
15 clear.
16   Q     Thank you, Mr. Ye.
17         Mr. Ye, have you given your WeChat
18 messages to your attorneys in relation to this
19 litigation?
20         THE INTERPRETER:  Mr. Ye, can you
21 please repeat that?
22         THE WITNESS:  No, I don't believe so,
23 because my -- my cell phone was not changed
24 until about three weeks ago, because at that
25 time, my cellular phone was totally smashed.

Page 85

1    It could not be even turned on.  So I have
2 changed to a new phone.
3          MR. CRISP:  Andrew, I'm not sure if
4    we're at a stopping point.  It appears that my
5    son has decided to start skateboarding in the
6    garage.  Now would be a great moment if I could
7    go and ask him to stop.  And then I believe Bob
8    might have needed -- I think he previously --
9    was it 2 o'clock?  I think that Bob might have
10   needed to -- to do something as well.
11         So maybe now is a good moment to just
12   pause.
13         MR. SKLAR:  Yeah.  So we have on the
14   time right now, 2:02.  Let's regroup at 2:15 if
15   that works.
16         THE WITNESS:  May I be allowed to come
17   back at 2:20 because I have to try to put my
18   son to sleep?
19         MR. SKLAR:  Yes, of course.  2:20 is
20   fine.  If you need more time, we can make it
21   2:25.
22         INTERPRETER CHONG:  And also, this is
23   Samuel Chong, the check interpreter.  I have to
24   leave to -- I have to assist with another
25   interpretation assignment.

22 (Pages 82 - 85)

# EXHIBIT 8

**Grochow, Lauren**

| | |
|---|---|
| **From:** | Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com> |
| **Sent:** | Tuesday, April 13, 2021 9:41 PM |
| **To:** | Amiad Kushner |
| **Cc:** | Jake Nachmani; Crisp, Kevin; Kessel, Alan J. |
| **Subject:** | Liu adv. Faraday&Future Inc., et al. - Correspondence Re: Disqualification of Seiden Law Group |
| **Attachments:** | FF - April 13, 2021 Correspondence.pdf |

Mr. Kushner:

Please review the attached correspondence as soon as possible.

Sincerely,

Jeff

**Jeffrey M. Goldman**
Partner
**troutman pepper**
Suite 1400 | 5 Park Plaza
Irvine, California 92614-5955
p: 949.567.3547 | f: 866.728.3537 | bio

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

troutman.com

**Jeffrey M. Goldman**
D 949.567.3547
F 866.728.3537
jeffrey.goldman@troutman.com

April 13, 2021

<u>Via E-Mail</u>

Amiad Kushner, Esq.
Seiden Law Group, LLP
469 7th Avenue, 5th Floor
New York, NY 10018

Re:     **Hong Liu v. Faraday&Future Inc., et al., and related counterclaim**
          **Case No: 20-CV-08035-SVW-JPR**
          <u>*Demand for Return and Non-Use of Privileged and Confidential Documentation*</u>

Dear Mr. Kushner:

Earlier today, at the deposition of Bob Ye in the above-referenced action, your colleague conducting the deposition utilized documents that are protected from disclosure by virtue of the attorney-client privilege, the attorney work product doctrine, and client confidentiality rights possessed by my clients, Faraday&Future and Smart King Ltd. (collectively, "FF"). FF's counsel, Kevin Crisp, Esq., stated and objected on the record that Plaintiff Hong Liu ("Liu") and your law firm, Seiden Law Group, LLP ("Seiden"), have no right to possess FF's privileged and/or confidential documentation, much less utilize the same in deposition or otherwise in this case.

We hereby demand that Seiden and Liu return to this office any privileged documents, documents protected by the attorney work product doctrine, and/or documents reflecting client confidences in your or Liu's possession ("Privileged Documents"), and to destroy any remaining copies of the Privileged Documents. To the extent your firm or Liu has shared any Privileged Documents with any third parties, such copies much also be destroyed.

Be advised that the possession of the Privileged Documents by Liu and Seiden, as well as your failure to notify us of the same – not to mention Seiden's use of certain of those Privileged Documents during today's deposition – blatantly and intentionally violates *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807 (2007) and subjects Seiden to disqualification in this action.

**Amiad Kushner, Esq.**
**Seiden Law Group LLP**
April 13, 2021
Page 2



---

*Rico* requires that:

> 'When a lawyer who receives materials that obviously appear to be
> subject to an attorney-client privilege or otherwise clearly appear to
> be confidential and privileged and where it is reasonably apparent
> that the materials were provided or made available through
> inadvertence, the lawyer receiving such materials should refrain
> from examining the materials any more than is necessary to
> ascertain if the materials are privileged, and shall immediately notify
> the sender if he or she possesses material that appears to be
> privileged.  The parties may then proceed to resolve the situation
> by agreement or may resort to the Court for guidance with the
> benefit of protective orders and other judicial intervention as may
> be justified.'

*Id.* at 817 (quoting *State Fund Comp. Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656-57
(1999)).

We also demand that the parties stipulate that the court reporter for Mr. Ye's deposition
shall return to FF's counsel any Privileged Document marked at Mr. Ye's deposition and that the
exhibit and any portion of the deposition during which Mr. Ye was examined regarding the
document be placed under seal, as to the original and all copies of the deposition.

Liu was not entitled to retain Privileged Documents after he left FF, much less utilize them
to the detriment of FF in violation of his ethical obligations.  What makes this all the more galling
is that we informed your office a month ago, on March 15, 2021, in my meet-and-confer
correspondence in connection with our anticipated Motion for Judgment on the Pleadings about
this crucial privilege issue.  *See* Exh. 1 hereto.  In particular, we quoted *General Dynamics
Corporation v. Superior Court*, 7 Cal. 4th 1164, 1190 (1994), to specifically advise you that the
"the in-house attorney who publicly exposes the client's secrets will usually find no sanctuary in
the Courts" and that where, as here, "the elements of a wrongful discharge in violation of public
fundamental policy claim cannot, for reasons peculiar to the particular case, be fully established
without breaching the attorney-client privilege ***the suit must be dismissed at the interest of
preserving the privilege***."  (emphasis added).  We discussed *General Dynamics* during the
telephonic meet-and-confer discussion concerning our intended Motion for Judgment on the
Pleadings, and neither Mr. Nachmani nor anyone else from Seiden provided any substantive
response or rejoinder.

**Amiad Kushner, Esq.**
**Seiden Law Group LLP**
April 13, 2021
Page 3



Put simply, you have come into possession of privileged information and used it for your own ends in this litigation.  Liu, having served as FF's Global General Counsel, is well aware that these documents are privileged.  Your and Liu's conduct requires disqualification of your firm, pursuant to *Rico* and *Clark v. Superior Court*, 196 Cal. App. 4th 37 (2011).  I have included both opinions with this correspondence for your review as Exhibits 2 and 3 hereto.

*Clark* warrants particular attention.  In *Clark*, an attorney, Clark, left his employer, VeriSign, and took privileged documents with him.  He then shared those documents with his attorney and used them support his action against VeriSign.  The Court determined that this was improper, that the Clark's attorney had violated his obligations under *Rico*, and that, "once the examination showed a document had been transmitted between an attorney representing VeriSign and either an officer or employee of VeriSign, that examination would suffice to ascertain the materials are privileged, and any further examination would exceed the permissible limits."  *Id.* at 53 (citation omitted).  The Court affirmed the *Clark* attorney's disqualification.

**We expect your agreement to confirm return and destruction of all Privileged Documents by no later than 5:00 p.m. PT on April 14, 2021.**

We also intend to move to disqualify Seiden in light of its review, analysis, and use of the Privileged Documents.  Until resolution by agreement or by the Court, the Privileged Documents may not be used or reviewed for any purpose.

Govern yourselves accordingly, and please let us hear from you immediately.

Sincerely,

/s/ Jeffrey M. Goldman
Jeffrey M. Goldman

cc:     Jake Nachmani, Esq.
        Alan J. Kessel, Esq.
        Kevin Crisp, Esq.

**Amiad Kushner, Esq.**
**Seiden Law Group LLP**
April 13, 2021
Page 4



**EXHIBIT 1**

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

troutman.com

**Jeffrey M. Goldman**
D 949.567.3547
jeffrey.goldman@troutman.com

<u>**Via E-mail Only**</u>

March 15, 2021

Jake Nachmani, Esq.
Seiden Law Group LLP
469 7th Avenue, 5th Floor
New York, NY  10018

**Re:    Meet and Confer Correspondence Pursuant to Central District of California Local Rule 7-3**

Dear Mr. Nachmani:

I write to institute the Meet and Confer process required by the Central District of California Local Rule 7-3 in connection with a Motion for Judgment on the Pleadings as to Plaintiff's Complaint that our clients, Faraday&Future Inc. ("FF"), Smart King Ltd. ("Smart King"), Jiawei Wang and Chaoying Deng (collectively, "Defendants") intend on filing.  To that end, this correspondence summarizes the governing law requiring the dismissal of each of the Complaint's following alleged causes of action:

**1.    Intentional Infliction of Emotional Distress**

This alleged cause of action is legally required to be dismissed under the California's Worker's Compensation Act which provides the exclusive remedy for Plaintiff Hong Liu's ("Liu") claim for intentional infliction of emotional distress.  *See, e.g., Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008) ("Plaintiffs allege defendants engaged in 'outrageous conduct' that was intended to, and did, cause plaintiffs 'severe emotional distress,' giving rise to common law causes of action for intentional infliction of emotional distress.  The alleged wrongful conduct, however, occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted."); *Thomas v. Stars Entm't LLC*, Case No. 2:15-cv-09239-CAS(MRWx), 2016 WL 844799, *8 (C.D. Cal. Feb. 29, 2016) (where "alleged conduct occurred while plaintiff was either at work, performing functions required by his employment, or attending meetings regarding his work," and where "the majority, if not all, of . . . alleged misconduct relates to . . . efforts to discipline, and ultimately fire, plaintiff," a claim for intentional infliction of emotional distress is based on a "normal part of the employment relationship" and is therefore barred by the Worker's Compensation Act (citations omitted)).



---

2.      **Breach of Contract**

As detailed in Defendants' Second Amended Counterclaim, the Employment Agreement can conceivably only constitute a valid and enforceable agreement if Liu complied with New York Rules of Professional Conduct 1.5, 1.7, and 1.8, as well as with California Rules of Professional Conduct 3-310, 3-300, and 4-200.

As evident on its face, the Complaint fails to allege Liu's compliance with those rules, and therefore fails to plead the existence of a legally enforceable contract between Liu, Smart King and FF under governing law.  *See, e.g.*, *Fletcher v. Davis*, 33 Cal. 4th 61, 71 (2004) (affirming trial court's sustaining of demurrer to attorney's claim for fees pursuant to a charging lien where attorney failed to allege compliance with and failed to abide by California Rule of Professional Conduct 3-300); *Fletcher v. Gilbert*, Case No. CV 06-05048-SJO (RNB), 2006 U.S. Dist. LEXIS 103689, at *7 (C.D. Cal. Oct. 12, 2006) (finding that "the California Supreme Court [in *Fletcher v. Davis, supra*] assumed that the facts as alleged in plaintiff's Superior Court complaint were true and that plaintiff could not plead facts showing the perfection of a lien on the judgment obtained by his former client or that the defendants in the Superior Court action had knowledge of such a lien."); *Luna & Glushon v. Tri-Valley Corp. (In re Tri-Valley Corp.)*, 2013 Bankr. LEXIS 1783, at *11–12 (Bankr. D. Del. May 1, 2013) ("Based on the decision in *Fletcher* [*v. Davis*], the Court concludes that under California law, attorneys must plead in their complaint that they complied with Rule 3-300 when seeking a declaratory judgment that they have a charging lien for hourly fees.  Here, L&G failed to do so.  The Complaint and the Fee Agreement are silent as to whether or not L&G advised the Debtors in writing of their right to seek the advice of an independent lawyer or whether the Debtors consented after a reasonable opportunity to seek such advise (sic).  The Court will, therefore, grant the Debtors' Motion to Dismiss the Complaint.") Furthermore, Liu cannot amend to fix this pleading deficiency without violating Federal Rule of Civil Procedure 11, since it is not disputable that he failed to abide by the aforementioned rules of professional conduct.

3.      **Section 10(b) of the Exchange Act and Rule 10(b)-5**

Liu's alleged 10(b)-5 is similarly untenable.  That is because the options at issue in the Employment Agreement were not "sold" to Liu.  Moreover, Liu's contention that "[b]y accepting an offer of employment in exchange for receiving securities, Mr. Liu effectively purchased securities" is a *non-sequitur*, particularly where Liu does not identify what it was from Smart King or FF he agreed to forego in exchange for the options.  (Compl., ¶120.)  As held by the U.S. Supreme Court in *International Board of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Daniel*, 439 U.S. 551, 559 (1979):



> In every decision of this Court recognizing the presence of a 'security' under the Securities Acts, the person found to have been an investor chose to give up a specific consideration in return for a separable financial interest with the characteristics of a security. . . . No portion of an employee's compensation other than the potential pension benefits has any of the characteristics of a security, yet these noninvestment interests cannot be segregated from the possible pension benefits. Only in the most abstract sense may it be said that an employee 'exchanges' some portion of his labor in return for these possible benefits. He surrenders his labor as a whole, and in return receives a compensation package that is substantially devoid of aspects resembling a security. His decision to accept and retain covered employment may have only an attenuated relationship, if any, to perceived investment possibilities of a future pension. Looking at the economic realities, it seems clear that an employee is selling his labor primarily to obtain a livelihood, not making an investment.

Nor were the options at issue "purchased" by Liu simply because he allegedly gave an "income stream and retirement benefits from his Mayer Brown partnership," (Compl., ¶120), particularly where the undefined and speculative value of Liu's alleged partnership and revenue stream does not constitute any form of legal consideration provided by Liu to Smart King or FF. *See, e.g.*, *Wyatt v. Cendant Corp.*, 81 F. Supp. 2d 550, 558 (D.N.J. 2000) (no standing where employee does not give anything of value for stock other than employment services); *McLaughlin v. Cendant Corp.*, 76 F. Supp. 2d 539, 550 (D.N.J. 1999) (same); *Fraser v. Fiduciary Trust Co. Int'l*, 417 F. Supp. 2d 310, 318 (S.D.N.Y. 2006) (same).

**4.    Fraudulent Inducement and Negligent Misrepresentation**

These claims fail for several reasons.

*First*, Liu's fraudulent inducement claim hinges upon allegations that all Defendants "falsely represented that in December 2017, Evergrande had invested $2 billion in Smart King in a Series A offering that valued Smart King at $4.5 billion. Defendants also falsely represented that Mr. Liu would be entitled to Directors' and Officers' insurance while working at Faraday." (Compl., ¶ 125.) The former statement is belied by the Employment Agreement itself attached and incorporated into the Complaint, which expressly provides that Smart King and FF "had successfully completed ***first closing*** of Series A financing in December 2017, ***which is subject to CFIUS approval*** . . . ." (*Id.*, Ex. A, p. 2 (emphasis added).) In light of the Employment Agreement's patent disclosure that the subject financing had not been completed or approved in its entirety, there neither is, nor can be, any reasonable reliance by Liu on any alleged pre-contractual representations that a definitive investment purported had been made and remitted.



**Second**, the Complaint's fraud claim is implausible under the U.S. Supreme Court's seminal decisions in *Iqbal* and *Twombly*, let alone sufficient under Federal Rule of Civil Procedure 9's heightened pleading standard.  More particularly, it is implausible that Liu would not have joined Smart King and FF had he known that the Series A financing had allegedly not been completed or D&O insurance had not been procured, in light of the egregiously one-sided multi-million dollar package, complete with acceleration clauses, to which he secured Smart King and FF's agreement.  Certainly he will not be able to show that Mayer Brown would have guaranteed him that much money on similar terms.

**Third**, the Complaint fails to allege causation with respect to the fraudulent inducement or the negligence claim.  In particular, Liu has not pled that Smart King and FF were unable to pay all amounts owed on the Employment Agreement or provide options, but rather, that they simply had not paid all amounts allegedly due and owing.  In other words, Liu's claim is that the Employment Agreement was breached and thus money is owed; *not* that the Company lacked the ability pay him at the time the parties entered the Employment Agreement.

**Fourth**, and related to the immediately preceding point, the Complaint's alleged fraudulent inducement and negligent misrepresentation claims are subject to the economic loss rule, especially where those claims specifically incorporate, and impermissibly attempt to repackage, Liu's alleged breach of contract claim as torts.  *See, e.g., Aas v. Super. Ct.*, 24 Cal. 4th 627, 643 (2000) (a party "may not ordinarily recovery in tort for breaches of duties that merely restate contractual obligations"), *superseded on other grounds by* Cal. Civ. Code, §§ 895 *et seq.*; *JMP Sec. LLP v. Altair Nanotechnologies, Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012) ("[N]o tort cause of action will lie where the breach of duty is nothing more than a violation of a promise which undermines the expectations of the parties to an agreement."); *Sam Rubin Ent., Inc. v. AARP, Inc.*, No. CV 16-6431-RSWL-SSX, 2016 WL 7336554, at *7 (C.D. Cal. Dec. 15, 2016) (dismissing fraudulent inducement claim under economic loss rule).  Liu additionally neither has, nor can, allege that Smart King's and FF's alleged fraud or negligent misrepresentations purportedly subjected him to liability to third parties thereby further requiring dismissal of the Complaint's fraudulent inducement and negligent misrepresentation claims under the economic loss rule on that separate and independent ground, as well

**Finally**, the negligent misrepresentation claim merely recites the elements of the cause of action without any, much less with the requisite, specificity.  It thus fails to meet the Rule 9 standard, and is legally required to be dismissed.  *See, e.g., Arch Ins. Co. v. Allegiant Prof'l Bus. Servs.*, No. CV 11-1675 CAS (PJWx), 2012 U.S. Dist. LEXIS 56605, at *7 (C.D. Cal. Apr. 23, 2012) ("The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."). The Complaint's negligent misrepresentation cause of action further fails to adequately allege the identity of the "special relationship" between any of the Defendants, let alone all of them, and Liu (Compl., ¶ 144), and similarly fails to allege any specific facts whatsoever establishing how Chaoying Deng and Jiawei Wang legally can be held personally liable under the Complaint's alleged fraudulent inducement and negligent misrepresentation claims.

Jake Nachmani, Esq.
March 15, 2021
Page 5



5.      **Wrongful Termination in Violation of Public Policy**

The Complaint fails to plausibly state a claim for wrongful termination.  Instead, it only (i) alleges certain concerns Liu had with the way the Company operated; and (ii) recites actions he purportedly took in his capacity as General Counsel.  (*See* Compl., ¶¶ 70–72.)  Those allegations are legally insufficient for at least two independently dispositive reasons.

*First*, Liu has not alleged any statutory or constitutional provision giving rise to a fundamental public policy prerequisite to maintenance of the Complaint's purported Wrongful Termination claim.  *See Stevenson v. Super. Ct.*, 16 Cal. 4d 880, 889–90 (1997).  Likewise, Liu has failed to allege, let alone establish, how any such policy inures to the benefit of the public as opposed to Liu's own personal interests.  *Id.*  Nor has Liu explained how that unalleged policy is "fundamental" and "substantial."  *Id.*

*Second*, Liu fails to offer any explanation, let alone a plausible one, as to how performing his job functions in the Legal Department somehow gives rise to a wrongful termination claim.  Under governing California Supreme Court law, wrongful termination claims brought by in-house counsel not only are disfavored and limited, but also are required to be "grounded in *explicit* and *unequivocal ethical norms* embodied into Rules of Professional Responsibility and *statutes*, and claims which are maintainable by the *non-* attorney employee . . . under circumstances in which the Legislature has manifested a judgment that the principle of professional confidentiality *does not apply*." *Gen. Dynamics Corp. v. Super. Ct.,* 7 Cal. 4th 1164, 1189–90 (1994) (emphasis in original).  *Id.* (citations omitted).  Despite those legal requirements, Liu neither has identified any such explicit and unequivocal ethical norms or statutes, nor has alleged any circumstance for which the California Legislature has manifested its judgment that a principle of professional confidentiality would not apply.

In fact, by revealing the internal secrets of FF and Smart King in his publicly-filed Complaint while lacking any grounds for believing that confidentiality does not apply, Liu has again violated his ethical responsibilities.  (*See, e.g.*, Compl., ¶¶ 64, 71, 72, 74, 83).  This is true under both California and New York law.  *See, e.g., Strickland v. City of Inglewood*, No. CV 08-1595 ABC(CTx), 2009 U.S. Dist. LEXIS 136870, at *4-5 (C.D. Cal. Apr. 23, 2009) ("California attorneys, such as plaintiff, are constrained by an ethical obligation not to disclose client confidences and secrets. Cal. Bus. & Prof. Code § 6068 (e) (2004). This is a broader prohibition than the evidentiary attorney-client privilege. *Goldstein v. Lees*, 46 Cal. App. 3d 614, 621, 120 Cal. Rptr. 253 (1975).  It precludes an attorney from disclosing not only confidential communications made for the purposes of obtaining legal representation, but any information that might be detrimental to a client's interests.  *See Matter of Johnson*, 4 Cal. State Bar Ct. Rptr. 179, 189 (2000) (disclosure of fact that client was a convicted felon); ABA Model Rule of Prof. Conduct 1.6 (a) (2009), and Comment (5) (absent client consent, lawyer prohibited from revealing confidential client information except as necessary to carry out representation); Rest.3d Law Governing Lawyers § 59 (2000) ("confidential client information" is 'information relating to representation of a client, other than information that is generally known'").  Also unlike the attorney-client privilege, the California attorney's duty to preserve client confidences applies equally to ancillary, non-legal business services.  *See* Cal. Prac. Guide Prof. Resp., 7:28.2 (citing Cal. State Bar Form. Opn.

Jake Nachmani, Esq.
March 15, 2021
Page 6



1995-141).  This duty outlives the attorney-client relationship, and it even survives in a wrongful termination case, such as this one, brought by an attorney against her former client.  *See General Dynamics v. Sup. Ct. (Rose)*, 7 Cal. 4th 1164, 1190, 32 Cal. Rptr. 2d 1, 876 P.2d 487 (1994)); *NCK Org., Ltd. v. Bregman*, 542 F.2d 128, 133 (2d Cir. 1976) ("[The] client's privilege in confidential information disclosed to his attorney 'is not nullified by the fact that the circumstances to be disclosed are part of a public record, or that there are other available sources for such information, or by the fact that the lawyer received the same information from other sources.'") (citation omitted); *U.S. v. Mackey*, 405 F. Supp. 854, 865 (E.D.N.Y. 1975) ("Attorneys, in particular, are under a professional ethical obligation to refuse to disclose confidential matters.") (citing A.B.A. Code of Professional Responsibility, Canon 4).

It is for this very reason that "the in-house attorney who publicly exposes the client's secrets will usually find no sanctuary in the courts[,]" and that where, as here, "the elements of a wrongful discharge in violation of fundamental public policy claim cannot, for reasons peculiar to the particular case, be fully established without breaching the attorney-client privilege, ***the suit must be dismissed in the interest of preserving the privilege.***"  *Gen. Dynamics Corp.*, 7 Cal. 4th at 1190 (emphasis added).

Given the foregoing, it is clear that Liu cannot maintain this cause of action, particularly where doing so will necessarily result in his violating both the privilege and his ethical duties of confidentiality.

## 6.    Declaratory Relief

For each of the foregoing reasons, the Complaint's alleged declaratory relief cause of action is correspondingly defective and legally required to be dismissed.  *See, e.g., Renovate Am., Inc. v. Lloyd's Syndicate 1458*, No. 3:19-cv-01456-GPC-WVG, 2019 U.S. Dist. LEXIS 212874, at *14 (S.D. Cal. Dec. 10, 2019) (a declaratory relief request "rises and falls with the substantive claims to that effect" because the "Declaratory Judgment Act creates a remedy for litigants but is not an independent cause of action.") (citation omitted).

Please provide us with the dates and times you are available this week to conduct a telephonic meet-and-confer conference on the foregoing matters.

Thank you in advance for your anticipated cooperation.

Sincerely,

Jeffrey M. Goldman

**Amiad Kushner, Esq.**
**Seiden Law Group LLP**
April 13, 2021
Page 5



**EXHIBIT 2**

 Caution
As of: April 14, 2021 3:31 AM Z

# *Rico v. Mitsubishi Motors Corp.*

Supreme Court of California

December 13, 2007, Filed

S123808

**Reporter**
42 Cal. 4th 807 *; 171 P.3d 1092 **; 68 Cal. Rptr. 3d 758 ***; 2007 Cal. LEXIS 13892 ****

ZERLENE RICO et al., Plaintiffs and Appellants, v. MITSUBISHI MOTORS CORPORATION et al., Defendants and Respondents.

**Prior History: [****1]** Court of Appeal of California, Fourth Appellate District, Division Two, No. E033616, San Bernardino County, Superior Court No. RCV39233, Ben T. Kayashima, Judge.

*Rico v. Mitsubishi Motors Corp., 116 Cal. App. 4th 51 [10 Cal. Rptr. 3d 601, 2004 Cal. App. LEXIS 219] (Cal. App. 4th Dist., 2004)*

**Disposition:** The judgment of the intermediate appellate court was affirmed.

# Core Terms

disqualification, inadvertence, deposition, privileged, plaintiffs', documents, trial court, session, confidential, impressions, work product, circumstances, cases, attorney's work product, work product doctrine, discovery, defense expert, legal research, prepare, printed

# Case Summary

**Procedural Posture**
Various plaintiffs sued defendant automobile manufacturer after a sport utility vehicle rolled over while being driven on a freeway. The trial court entered an order granting a defense motion to disqualify plaintiffs' legal team and experts. The California Court of Appeal, Fourth Appellate District, Division Two, affirmed the disqualification order. Plaintiffs sought review.

**Overview**
An attorney representing plaintiffs obtained through inadvertence notes of one of the defense attorneys and used them during a deposition to impeach a defense expert. The notes were written in a dialogue style and summarized conversations between defense counsel and defense experts. The court concluded that plaintiffs' attorney should not have read the document any more closely than was necessary to ascertain that it was privileged. Once it became apparent that the content was privileged, plaintiffs' attorney should have immediately notified defense counsel and tried to resolve the situation. The notes were absolutely protected work product under *Code Civ. Proc., § 2018.030*, because they contained the ideas of the defense attorney and his legal team about the case. Disqualification was the proper remedy. After reviewing the notes, plaintiffs' attorney made copies and disseminated them to plaintiffs' experts and other attorneys. Plaintiffs' attorney acted unethically in making full use of the confidential document. Without disqualification of plaintiffs' legal team and their experts, the damage caused by plaintiffs' attorney's use and dissemination of the notes was irreversible.

42 Cal. 4th 807, *807; 171 P.3d 1092, **1092; 68 Cal. Rptr. 3d 758, ***758; 2007 Cal. LEXIS 13892, ****1

**Outcome**

The judgment of the intermediate appellate court was affirmed.

# LexisNexis® Headnotes

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN1*[🔻] **Work Product Doctrine, Scope of Protection**

See *Code Civ. Proc., § 2018.030*.

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN2*[🔻] **Work Product Doctrine, Scope of Protection**

The legislature has declared that it is state policy to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases. *Code Civ. Proc., § 2018.020, subd. (a)*. In addition, the legislature has declared its intent to prevent attorneys from taking undue advantage of their adversary's industry and efforts. *Code Civ. Proc., § 2018.020, subd. (b)*.

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN3*[🔻] **Work Product Doctrine, Scope of Protection**

The codified work product doctrine absolutely protects from discovery writings that contain an attorney's impressions, conclusions, opinions, or legal research or

theories. *Code Civ. Proc., § 2018.030, subd. (a)*. The protection extends to an attorney's written notes about a witness's statements. When a witness's statement and the attorney's impressions are inextricably intertwined, the work product doctrine provides that absolute protection is afforded to all of the attorney's notes.

Civil Procedure > ... > Discovery > Privileged Communications > Attorney-Client Privilege

Evidence > Privileges > Attorney-Client Privilege > Scope

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN4*[🔻] **Privileged Communications, Attorney-Client Privilege**

When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged. The parties may then proceed to resolve the situation by agreement or may resort to the court for guidance with the benefit of protective orders and other judicial intervention as may be justified.

Civil Procedure > ... > Discovery > Privileged Communications > Attorney-Client Privilege

Evidence > Privileges > Attorney-Client Privilege > Scope

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN5*[🔻] **Privileged Communications, Attorney-Client Privilege**

An attorney has an obligation not only to protect his or her client's interests but also to respect the legitimate

42 Cal. 4th 807, *807; 171 P.3d 1092, **1092; 68 Cal. Rptr. 3d 758, ***758; 2007 Cal. LEXIS 13892, ****1

interests of fellow members of the bar, the judiciary, and the administration of justice. An attorney is held to a reasonable standard of professional conduct when confidential or privileged materials are inadvertently disclosed.

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN6*[⬇] **Work Product Doctrine, Scope of Protection**

In applying the rule regarding an attorney who receives privileged documents through inadvertence, courts must consider whether reasonably competent counsel, knowing the circumstances of the litigation, would have concluded the materials were privileged, how much review was reasonably necessary to draw that conclusion, and when counsel's examination should have ended.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Attorneys > Disqualification of Counsel

*HN7*[⬇] **Standards of Review, Abuse of Discretion**

An appellate court reviews a trial court's disqualification order for abuse of discretion.

Civil Procedure > ... > Discovery > Privileged Communications > Attorney-Client Privilege

Evidence > Privileges > Attorney-Client Privilege > General Overview

Civil Procedure > Attorneys > Disqualification of Counsel

*HN8*[⬇] **Privileged Communications, Attorney-Client Privilege**

Mere exposure to an adversary's confidences is insufficient, standing alone, to warrant an attorney's disqualification.

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN9*[⬇] **Work Product Doctrine, Scope of Protection**

When a writing is protected under the absolute attorney work product privilege, courts do not invade upon the attorney's thought processes by evaluating the content of the writing. Once it is apparent that the writing contains an attorney's impressions, conclusions, opinions, legal research or theories, the reading stops and the contents of the document for all practical purposes are off limits. In the same way, once the court determines that the writing is absolutely privileged, the inquiry ends. Courts do not make exceptions based on the content of the writing.

Civil Procedure > ... > Privileged Communications > Work Product Doctrine > Scope of Protection

*HN10*[⬇] **Work Product Doctrine, Scope of Protection**

Under the work product doctrine, a writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances. *Code Civ. Proc., § 2018.030, subd. (a).* With respect to such a writing, the legislature intends that the crime or fraud exception only apply in any official investigation by a law enforcement agency or proceeding or action brought by a public prosecutor if the services of the lawyer were sought or obtained to enable or aid anyone to commit a crime or fraud. *Code Civ. Proc., § 2018.050.*

# Headnotes/Summary

**Summary**

CALIFORNIA OFFICIAL REPORTS SUMMARY

Various plaintiffs sued an automobile manufacturer after

42 Cal. 4th 807, *807; 171 P.3d 1092, **1092; 68 Cal. Rptr. 3d 758, ***758; 2007 Cal. LEXIS 13892, ****1

a sport utility vehicle rolled over while being driven on a freeway. Through inadvertence, an attorney representing plaintiffs obtained notes of one of the defense attorneys and used them during a deposition to impeach a defense expert. The notes were written in a dialogue style and summarized conversations between defense counsel and defense experts. The trial court entered an order granting a defense motion to disqualify plaintiffs' legal team and experts. (Superior Court of San Bernardino County, No. RCV39233, Ben T. Kayashima, Judge.) The Court of Appeal, Fourth Dist., Div. Two, No. E033616, affirmed the disqualification order.

The Supreme Court affirmed the judgment of the Court of Appeal. The court concluded that plaintiffs' attorney should not have read the document any more closely than was necessary to ascertain that it was privileged. Once it became apparent that the content was privileged, plaintiffs' attorney should have immediately notified defense counsel and tried to resolve the situation. The notes were absolutely protected work product under *Code Civ. Proc., § 2018.030*, because they contained the ideas of the defense attorney and his legal team about the case. Disqualification was the proper remedy. After reviewing the notes, plaintiffs' attorney made copies and disseminated them to plaintiffs' experts and other attorneys. Plaintiffs' attorney acted unethically in making full use of the confidential document. Without disqualification of plaintiffs' legal team and their experts, the damage to the defense caused by plaintiffs' attorney's use and dissemination of the notes was irreversible. (Opinion by Corrigan, J., expressing the unanimous view of the court.) **[*808]**

**Headnotes**

CALIFORNIA OFFICIAL REPORTS HEADNOTES

**CA(1)[⬇]** (1)

**Discovery and Depositions § 35—Privileges—Work Product.**

The Legislature has declared that it is state policy to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases (*Code Civ. Proc., § 2018.020, subd. (a)*). In addition, the Legislature has declared its intent to prevent attorneys from taking undue advantage of their adversary's industry and efforts (*Code Civ. Proc., § 2018.020, subd. (b)*).

**CA(2)[⬇]** (2)

**Discovery and Depositions § 35—Privileges—Work Product—Attorney's Notes—Witness's Statements.**

The codified work product doctrine absolutely protects from discovery writings that contain an attorney's impressions, conclusions, opinions, or legal research or theories (*Code Civ. Proc., § 2018.030, subd. (a)*). The protection extends to an attorney's written notes about a witness's statements. When a witness's statement and the attorney's impressions are inextricably intertwined, the work product doctrine provides that absolute protection is afforded to all of the attorney's notes.

**CA(3)[⬇]** (3)

**Discovery and Depositions § 34.2—Attorney-client Privilege—Inadvertent Disclosure.**

When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged. The parties may then proceed to resolve the situation by agreement or may resort to the court for guidance with the benefit of protective orders and other judicial intervention as may be justified.

**CA(4)[⬇]** (4)

**Discovery and Depositions § 34.2—Attorney-client Privilege—Inadvertent Disclosure—Reasonable Standard of Professional Conduct.**

An attorney has an obligation not only to protect his or her client's interests but also to respect the legitimate interests of fellow members of the bar, the judiciary, and the administration of justice. An attorney is held to a reasonable standard of professional conduct when confidential or privileged materials are inadvertently disclosed.

**[*809] CA(5)[⬇]** (5)

42 Cal. 4th 807, *809; 171 P.3d 1092, **1092; 68 Cal. Rptr. 3d 758, ***758; 2007 Cal. LEXIS 13892, ****1

**Discovery and Depositions § 34.2—Attorney-client Privilege—Inadvertent Disclosure.**

In applying the rule regarding an attorney who receives privileged documents through inadvertence, courts must consider whether reasonably competent counsel, knowing the circumstances of the litigation, would have concluded the materials were privileged, how much review was reasonably necessary to draw that conclusion, and when counsel's examination should have ended.

*CA(6)*[⤓] (6)

**Discovery and Depositions § 34.2—Attorney-client Privilege—Disqualification.**

Mere exposure to an adversary's confidences is insufficient, standing alone, to warrant an attorney's disqualification.

*CA(7)*[⤓] (7)

**Discovery and Depositions § 34.2—Attorney-client Privilege—Inadvertent Disclosure—Use of Notes to Impeach Expert—Disqualification.**

In a case in which an automobile manufacturer was sued by various plaintiffs after a sport utility vehicle rolled over while being driven on a freeway, disqualification of plaintiffs' legal team and experts was proper, where one of plaintiffs' attorneys obtained through inadvertence notes of one of the defense attorneys and used them during a deposition to impeach a defense expert. Plaintiffs' attorney acted unethically in making full use of the confidential document. Without disqualification of plaintiffs' legal team and their experts, the damage caused by plaintiffs' attorney's use and dissemination of the notes was irreversible.

[*Cal. Forms of Pleading and Practice (2007) ch. 72, Attorney Practice and Ethics, § 72.33*; 1 Kiesel et al., Matthew Bender Practice Guide: Cal. Pretrial Civil Procedure (2007) § 3.06; 1 Witkin, Cal. Procedure (5th ed. 2008) Attorneys, § 539; 2 Witkin, Cal. Evidence (4th ed. 2000) Witnesses, § 76.]

*CA(8)*[⤓] (8)

**Discovery and Depositions § 34.2—Attorney-client Privilege—Content of Document.**

When a writing is protected under the absolute attorney work product privilege, courts do not invade upon the attorney's thought processes by evaluating the content of the writing. Once it is apparent that the writing contains an attorney's impressions, conclusions, opinions, legal research or theories, the reading stops and the contents of the document for all practical purposes are off limits. In the same way, once the court determines that the writing is absolutely privileged, the inquiry ends. Courts do not make exceptions based on the content of the writing.

*CA(9)*[⤓] (9)

**Discovery and Depositions § 35—Privileges—Work Product—Crime or Fraud Exception.**

Under the work product doctrine, a writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances (*Code Civ. [*810] Proc., § 2018.030, subd. (a)*). With respect to such a writing, the Legislature intends that the crime or fraud exception only apply in any official investigation by a law enforcement agency or proceeding or action brought by a public prosecutor if the services of the lawyer were sought or obtained to enable or aid anyone to commit a crime or fraud (*Code Civ. Proc., § 2018.050*).

**Counsel:** Pine & Pine, Norman Pine, Beverly Pine; Law Offices of Raymond Paul Johnson, Raymond Paul Johnson, Robert A. Balbuena, Michelle M. West; Law Offices of Jack L. Mattingly and Jack L. Mattingly for Plaintiffs and Appellants.

Yukevich & Sonnett, James J. Yukevich, Alexander G. Calfo, Stephanie A. Hingle; Bingham McCutchen, Leslie G. Landau,[*] Claudia Y. Sanchez; Snell & Wilmer, Michael D. Zimmerman, Richard A. Derevan and Michael S. McIntosh for Defendants and Respondents.

Hugh F. Young, Jr., and Harvey M. Grossman for the Product Liability Advisory Council, Inc., as Amicus

_____

[*] Reporter's Note: Appeared only in the Court of Appeal prior to being appointed a judge of the Contra Costa County Superior Court on September 26, 2003, and withdrawing as counsel.

Curiae on behalf of Defendants and Respondents.

**Judges:** Opinion by Corrigan, J., expressing the unanimous view of the court.

**Opinion by:** Corrigan

# Opinion

[**1094] [***760] CORRIGAN, J.—Here we consider what action is required of an attorney who receives privileged documents through inadvertence and whether the remedy of disqualification is appropriate. We conclude that, under the authority of *State Comp. Ins. Fund v. WPS, Inc.* (1999) 70 Cal. App. 4th 644 [82 Cal. Rptr. 2d 799] (*State Fund*), an attorney [****2] in these circumstances may not read a document any more closely than is necessary to ascertain that it is privileged. Once it becomes apparent that the content is privileged, counsel must immediately notify opposing counsel and try to resolve the situation. We affirm the disqualification order under the circumstances presented here.

[*811]

### [***761] FACTUAL BACKGROUND

Two Mitsubishi corporations [1] (collectively, Mitsubishi or defendants), and the California Department of Transportation (Caltrans), were sued by various plaintiffs after a Mitsubishi Montero rolled over while being driven on a freeway. Subsequently, Mitsubishi representatives met with their lawyers, James Yukevich and Alexander Calfo, and two designated defense experts to discuss their litigation strategy and vulnerabilities. Mitsubishi's case manager, Jerome Rowley, also attended the meeting. Rowley and Yukevich had worked together over a few years. Yukevich asked Rowley to take notes at the meeting and indicated specific areas to be summarized. The trial

court later found that Rowley, who had typed the notes on Yukevich's computer, had acted as Yukevich's paralegal. At the end of the six-hour session, Rowley returned the computer and never [****3] saw a printed version of the notes. Yukevich printed only one copy of the notes, which he later edited and annotated. Yukevich never intentionally showed the notes to anyone, and the court determined that the [**1095] sole purpose of the document was to help Yukevich defend the case.

The notes are written in a dialogue style and summarize conversations among Yukevich, Calfo, and the experts. They are dated, but not labeled "confidential" or "work product." The printed copy of these compiled and annotated notes is the document at issue here. [2]

Less than two weeks after the strategy session, Yukevich deposed plaintiffs' expert witness, Anthony Sances, at the offices of plaintiffs' counsel, Raymond Johnson. Yukevich, court reporter Karen Kay, and Caltrans counsel Darin Flagg were told that Johnson and Sances would be late for the deposition. After waiting in the conference room for some time, Yukevich [****4] went to the restroom, leaving his briefcase, computer, and case file in the room. The printed document from the strategy session was in the case file. While Yukevich was away, Johnson and Sances arrived. Johnson asked Kay and Flagg to leave the conference room. Kay and Flagg's departure left only plaintiffs' representatives and counsel in the conference room. Yukevich returned to find Kay and Flagg standing outside. Yukevich waited approximately five minutes, then knocked and asked to retrieve his briefcase, computer, and file. After a brief delay, he was allowed to do so.

[*812]

Somehow, Johnson acquired Yukevich's notes. Johnson maintained that they were accidentally given to him by the court reporter. Yukevich insisted that they were taken from his file while only Johnson and plaintiffs' team were in the conference room. As a result, Mitsubishi moved to disqualify plaintiffs' attorneys and experts. The trial court ordered an evidentiary hearing to determine how Johnson obtained the document.

The court reporter was deposed and denied any specific

---

[1] Mitsubishi Motors Corporation and Mitsubishi Motor Sales of America, Inc.

[2] Because the document was confidential, the court ordered it sealed along with relevant portions of the reporter's transcript where the contents of the document were discussed. The document has remained sealed since that time.

recollection of the Sances deposition. She could not testify what she had done with the deposition exhibits that night and could only relate her **[****5]** general practice. She said she generally collects exhibits and puts them in a plastic covering. She did not remember ever having given exhibits to an attorney. She also testified that she had never seen the document in question. If documents other **[***762]** than exhibits remain on a conference table, she leaves them there. The trial court found that the Sances deposition took place over approximately eight hours. It was a document-intense session and documents were placed on the conference table.

Another member of plaintiffs' legal team submitted a declaration supporting Johnson's assertion that he received the document from the reporter. The court ultimately concluded that the defense had failed to establish that Johnson had taken the notes from Yukevich's file. It thus ruled that Johnson came into the document's possession through inadvertence.

The court found the 12-page document was dated, but not otherwise labeled. It contained notations by Yukevich. Johnson admitted that he knew within a minute or two that the document related to defendants' case. He knew that Yukevich did not intend to produce it and that it would be a "powerful impeachment document." Nevertheless, Johnson made a copy **[****6]** of the document. He scrutinized and made his own notes on it. He gave copies to his cocounsel and his experts, all of whom studied the document. Johnson specifically discussed the contents of the document with each of his experts.

A week after he acquired Yukevich's notes, Johnson used them during the deposition of defense expert Geoffrey Germane. [3] The notes purportedly indicate that the defense experts made statements at the strategy session that were inconsistent with their deposition testimony. Johnson used the document while questioning Germane, asking about Germane's participation in the strategy session.

**[*813]**

Defense Counsel Calfo defended the Germane deposition. Yukevich did not attend. **[**1096]** Calfo had never seen the document and was not given a copy during the deposition. When he asked about the document's source, Johnson vaguely replied that "It was

put in Dr. Sances' file." Calfo repeatedly objected to the "whole line of inquiry with respect to an unknown document." He specifically said, "I don't even know where this exhibit came from."

Only after the deposition did Johnson give a **[****7]** copy of the document to Calfo, who contacted Yukevich. When Yukevich realized that Johnson had his only copy of the strategy session notes and had used it at the deposition, he and Calfo wrote to Johnson demanding the return of all duplicates. The letter was faxed the day after Germane's deposition. The next day, defendants moved to disqualify plaintiffs' legal team and their experts on the ground that they had become privy to and had used Yukevich's work product. As a result, they complained, Johnson's unethical use of the notes and his revelation of them to cocounsel and experts irremediably prejudiced defendants.

The trial court concluded that the notes were absolutely privileged by the work product rule. [4] The court also held that Johnson had acted unethically by examining the document more closely than was necessary to determine that its contents were confidential, by failing to notify Yukevich that he had a copy of the document, and by surreptitiously using it to gain maximum adversarial value from it. The court determined that Johnson's violation of the work product rule had prejudiced the defense and "the bell cannot be **[***763]** 'unrung' by use of in limine orders." Accordingly, **[****8]** the court ordered plaintiffs' attorneys and experts disqualified. [5]

Plaintiffs appealed the disqualification order. The Court of Appeal affirmed.

---

[3] Johnson also used the document at the subsequent deposition of defense expert Dennis Schneider.

[4] The trial court also held that the document fell under the attorney-client privilege. The Court of Appeal held to the contrary. That issue is not before us and we express no view thereon.

[5] The court continued the case to provide plaintiffs an opportunity to retain new counsel. The court noted that it did not appear that plaintiffs were made privy to the document's contents, so disqualification would be an effective remedy, because there was no issue about plaintiffs providing new counsel with the information. The court also imposed a gag order on all who attended the hearing on the motion to disqualify, specifically instructing plaintiffs' counsel and experts to keep the contents of the document confidential and not reveal any information about the document to plaintiffs and their new attorneys.

42 Cal. 4th 807, *813; 171 P.3d 1092, **1096; 68 Cal. Rptr. 3d 758, ***763; 2007 Cal. LEXIS 13892, ****8

## DISCUSSION

### Attorney Work Product

Plaintiffs contend that the Court of Appeal erred by holding that the entire document was protected as attorney work product. We reject that contention.

 **[\*814]**

The Legislature has protected attorney work product **[\*\*\*\*9]** under *California Code of Civil Procedure* [6] *section 2018.030*, [7] which provides, *HN1*[⬆] "(a) A writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances. [¶] (b) The work product of an attorney, other than a writing described in subdivision (a), is not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice."

*HN2*[⬆] *CA(1)*[⬆] **(1)** The Legislature has declared **[\*\*\*\*10]** that it is state policy to "[p]reserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases." (*§ 2018.020, subd. (a)*.) In addition, the Legislature declared its intent to "[p]revent attorneys **[\*\*1097]** from taking undue advantage of their adversary's industry and efforts." (*§ 2018.020, subd. (b)*.)

*CA(2)*[⬆] **(2)** Thus, *HN3*[⬆] the codified work product doctrine absolutely protects from discovery writings that contain an "attorney's impressions, conclusions, opinions, or legal research or theories." (*§ 2018.030, subd. (a)*; see *Wellpoint Health Networks, Inc. v. Superior Court (1997) 59 Cal.App.4th 110, 120 [68 Cal. Rptr. 2d 844]*.) The protection extends to an attorney's

[6] Unless otherwise indicated, further undesignated statutory references are to the Code of Civil Procedure.

[7] We note that the Court of Appeal relied on former section 2018 in setting forth the work product rule. Section 2018 was repealed. (Stats. 2004, ch. 182, § 22, operative July 1, 2005.) The Legislature replaced it with *sections 2018.010–2018.080*. *Section 2018.040* provides the Legislature did not intend to make any changes to the work product doctrine, referring to the new statutes as a "restatement of existing law" that is "not intended to expand or reduce the extent to which work product is discoverable under existing law in any action."

written notes about a witness's statements. (See *Rodriguez v. McDonnell Douglas Corp. (1978) 87 Cal. App. 3d 626, 649 [151 Cal. Rptr. 399]* (*Rodriguez*); see also *Dowden v. Superior Court (1999) 73 Cal.App.4th 126, 135 [86 Cal. Rptr. 2d 180]*.) "[A]ny such notes or recorded statements taken by defendants' counsel would be protected by the absolute work product privilege because they would reveal counsel's 'impressions, conclusions, **[\*\*\*\*11]** opinions, or legal research or theories' within the meaning of [the work product doctrine]." (*Nacht & Lewis Architects, Inc. v. Superior Court (1996) 47 Cal.App.4th 214, 217 [\*\*\*764] [54 Cal. Rptr. 2d 575]*.) When a witness's statement and the attorney's impressions are inextricably intertwined, the work product doctrine provides that absolute protection is afforded to all of the attorney's notes. (*Rodriguez, supra, 87 Cal. App. 3d at p. 648*.)

 **[\*815]**

Plaintiffs urge that the document is not work product because it reflects the statements of declared experts. They are incorrect. The document is not a transcript of the August 28, 2002 strategy session, nor is it a verbatim record of the experts' own statements. It contains Rowley's summaries of points from the strategy session, made at Yukevich's direction. Yukevich also edited the document in order to add his own thoughts and comments, further inextricably intertwining his personal impressions with the summary. (See *Rodriguez, supra, 87 Cal. App. 3d at pp. 647–648*.) In this regard, the trial court found: "As to the content of the document, although it doesn't contain overt statements setting forth the lawyer's conclusions, its very existence is owed to the lawyer's thought **[\*\*\*\*12]** process. The document reflects not only the strategy, but also the attorney's opinion as to the important issues in the case. Directions were provided by Mr. Yukevich as to the key pieces of information to be recorded, and Mr. Yukevich also added his own input as to the important details, by inserting other words in the notes. The attorney's impressions of the case were the filter through which all the discussions at the conference were passed through on the way to the page." The court concluded, "[T]his court determines that the attorney's directions to record only portions of the conference specific to the attorney's concerns in the litigation are sufficient to support the finding that the notes are covered by the absolute work product [doctrine], as the choices in statements to record show the thought process and are too intertwined with the document."

Although the notes were written in dialogue format and

42 Cal. 4th 807, *815; 171 P.3d 1092, **1097; 68 Cal. Rptr. 3d 758, ***764; 2007 Cal. LEXIS 13892, ****12

contain information attributed to Mitsubishi's experts, the document does not qualify as an *expert's* report, writing, declaration, or testimony. The notes reflect the *paralegal's* summary along with *counsel's* thoughts and impressions about the case. The document was absolutely protected **[****13]** work product because it contained the ideas of Yukevich and his legal team about the case. (*§ 2018.030, subd. (a).*) [8]

*Ethical Duty Owed upon Receipt of Attorney Work Product*

Because the document is work product we consider what ethical duty Johnson owed once he received it. Plaintiffs rely on **[**1098]** *Aerojet-General Corp. v.* **[*816]** *Transport Indemnity Insurance (1993) 18 Cal.App.4th 996 [22 Cal. Rptr. 2d 862]* (*Aerojet*) to argue that because the document **[****14]** was inadvertently received, Johnson was dutybound to use the nonprivileged portions of it to his clients' advantage. This **[***765]** argument fails. *Aerojet* is distinguishable because there are no "unprivileged portions" of the document.

A review of *Aerojet, supra, 18 Cal.App.4th 996*, demonstrates that it does not assist plaintiffs. Aerojet's insurance brokers had sent a package of materials to Aerojet's risk manager. The risk manager sent them on to Aerojet's attorney, DeVries. Among these documents was a memo from an attorney at an opposing law firm. It was never ascertained how opposing counsel's memo found its way into the package of documents. The memo revealed the existence of a witness whom DeVries ultimately deposed. When opposing counsel learned that DeVries had received the memo and thus discovered the witness, counsel sought sanctions. The trial court imposed monetary sanctions under *section 128.5, subdivision (a)*. (*Aerojet, at pp. 1001–1002.*) The

Court of Appeal reversed the sanctions order.

The *Aerojet* court first noted that DeVries was free of any wrongdoing in his initial receipt of the document. The court also observed that the existence and identification of the witness was not **[****15]** privileged. "Nor can 'the identity and location of persons having knowledge of relevant facts' be concealed under the attorney work product rule … . [Citation.]" (*Aerojet, supra, 18 Cal.App.4th at p. 1004.*) The defendants claimed no prejudice to their case as a result of the witness's disclosure. Indeed, they prevailed at trial. (*Ibid.*) Because counsel was blameless in his acquisition of the document *and because* the information complained of was not privileged, DeVries was free to use it. (*Id. at p. 1005.*) Plaintiffs' reliance on *Aerojet* founders on the facts that distinguish it. Here, Yukevich's notes were absolutely protected by the work product rule. Thus, Johnson's reliance on *Aerojet* is unavailing, particularly in light of the clear standard set out in *State Fund, supra, 70 Cal.App.4th 644*.

In *State Fund, supra, 70 Cal.App.4th 644*, the plaintiff sent the defendant's attorney (Telanoff) three boxes of documents that were identical to the documents provided during discovery. Inadvertently, the plaintiff also sent 273 pages of forms entitled, " 'Civil Litigation Claims Summary,' " marked as " 'ATTORNEY-CLIENT COMMUNICATION/ATTORNEY WORK PRODUCT,' " and with the warning, " 'DO **[****16]** NOT CIRCULATE OR DUPLICATE.' " (*Id. at p. 648.*) In addition, "[t]he word 'CONFIDENTIAL' [was] repeatedly printed around the perimeter of the first page of the form." (*Ibid.*) When counsel discovered the **[*817]** mistake and demanded return of the documents, Telanoff refused. The trial court, relying on American Bar Association (ABA) Formal Ethics Opinion No. 92-368 (Nov. 10, 1992), imposed monetary sanctions.

The Court of Appeal framed the issue as follows: "[W]hat is a lawyer to do when he or she receives through the inadvertence of opposing counsel documents plainly subject to the attorney-client privilege?" (*State Fund, supra, 70 Cal.App.4th at p. 651.*) After determining that the documents were privileged and that inadvertent disclosure did not waive the privilege, the court discussed an attorney's obligation. The Court of Appeal disagreed that the ABA opinion should regulate Telanoff's conduct. The court noted that the ABA Model Rules of Professional Conduct on which the opinion was based "do not establish ethical standards in California, as they have not been adopted in California and have no legal force

---

[8] We also reject plaintiffs' contention that defendants waived their right to assert the protection of the work product doctrine because they failed to make a proper objection at Germane's deposition. The record shows that at Germane's deposition, defendants' counsel, Calfo, did not know Johnson was using the document, so he could not raise a specific objection based on the work product doctrine. In fact, when asked how Johnson obtained the document, Johnson told Calfo, "It was put in Dr. Sances' file." Also, Calfo did make numerous objections to the document's use, including those where he stated that he objected "to the exhibit as a whole" because it lacked foundation and "to this whole line of inquiry with respect to an unknown document." Accordingly, there was no waiver.

of their own. [Citations.]" (*State Fund, at pp. 655–656*.) Likewise, the court held **[***766]** that an "ABA formal opinion does not **[****17]** establish an obligatory standard of conduct imposed on California lawyers." (*Id. at p. 656*.) Thus, under the circumstances "Telanoff should not have been sanctioned for engaging in conduct which has been condemned by an ABA formal opinion, but which has not been condemned by any decision, statute or [r]ule of [p]rofessional [c]onduct applicable in this state." (*Ibid.*)

**[**1099]** ***CA(3)***[] **(3)** The *State Fund* court went on to articulate the standard to be applied prospectively: ***HN4***[] "When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged. The parties may then proceed to resolve the situation by agreement or may resort to the court for guidance with the benefit of protective orders and other judicial intervention as may be justified." (*State Fund, supra, 70 Cal.App.4th at pp. 656–657*.) **[****18]** To ensure that its decision was clear in setting forth the applicable standard in these cases, the court explicitly stated that it "declared the standard governing the conduct of California lawyers" in such instances. (*Id. at p. 657*.)

The existing *State Fund* rule is a fair and reasonable approach. [9] The rule supports the work product doctrine (*§ 2018.030*), and is consistent with the **[*818]** state's policy to "[p]reserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases" and to "[p]revent attorneys from taking undue advantage of their adversary's industry and efforts." (*§ 2018.020, subds. (a)*, *(b)*.)

The *State Fund* rule also addresses the practical problem of inadvertent disclosure in the context of today's reality that document production may involve massive numbers of documents. A contrary holding could severely disrupt the discovery process. As amicus curiae the Product Liability Advisory Council, Inc., argues, "Even apart from the inadvertent disclosure problem, the party responding to a request for mass production must engage in a laborious, time consuming process. If the document producer is confronted with the additional prospect that any privileged documents inadvertently produced will become fair game for the opposition, the minute screening and re-screening that inevitably would follow not only would add enormously to that burden but would slow the pace of discovery to a degree sharply at odds with the general goal of expediting litigation."

***CA(4)***[] **(4)** Finally, we note that ***HN5***[] "[a]n attorney has an obligation not only to protect his **[***767]** client's interests but also to respect the legitimate **[****20]** interests of fellow members of the bar, the judiciary, and the administration of justice." (*Kirsch v. Duryea (1978) 21 Cal.3d 303, 309 [146 Cal. Rptr. 218, 578 P.2d 935]*.) The *State Fund* rule holds attorneys to a reasonable standard of professional conduct when confidential or privileged materials are inadvertently disclosed.

***CA(5)***[] **(5)** Here, it is true that Yukevich's notes were not so clearly flagged as confidential as were the forms in *State Fund, supra, 70 Cal.App.4th 644*. But, as the Court of Appeal observed, "[T]he absence of prominent notations of confidentiality does not make them any less privileged." The *State Fund* rule is an objective standard.***HN6***[] In applying the rule, courts must consider whether reasonably competent counsel, knowing the circumstances of the litigation, would have concluded the materials were privileged, how much review was reasonably necessary to draw that conclusion, and when counsel's examination should have ended. (*Id. at pp. 656–657*.)

**[*819]**

The standard was properly and easily applied here. Johnson admitted that after a minute or two of review he realized the notes related to the case and that Yukevich did not **[**1100]** intend to reveal them. Johnson's own admissions and subsequent conduct clearly

---

[9] We also reject plaintiffs' contention that ***State Fund, supra, 70 Cal.App.4th 644***, only applies to materials protected by the attorney-client privilege. The Court of Appeal held that there was no distinction "between the attorney-client privilege and the work product privilege in this context [because] … [t]he *State Fund* standard applies to documents that are plainly privileged and confidential, regardless of whether they **[****19]** are privileged under the attorney-client privilege, the work product privilege, or any other similar doctrine that would preclude discovery based on the confidential nature of the document." We agree.

42 Cal. 4th 807, *819; 171 P.3d 1092, **1100; 68 Cal. Rptr. 3d 758, ***767; 2007 Cal. LEXIS 13892, ****20

demonstrate that **[****21]** he violated the *State Fund* rule. We note, however, that such admissions are not required for the application of the objective standard in evaluating an attorney's conduct.

*Disqualification of Counsel and Experts*

The court properly applied the *State Fund* rule and determined that Johnson violated it. The next question is whether disqualification was the proper remedy. **HN7**[↑] We review the court's disqualification order for abuse of discretion. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143 [86 Cal. Rptr. 2d 816, 980 P.2d 371].)

**CA(6)**[↑] **(6)** The *State Fund* court held that **HN8**[↑] " '[m]ere exposure' " to an adversary's confidences is insufficient, standing alone, to warrant an attorney's disqualification. (*State Fund, supra,* 70 Cal.App.4th at p. 657.) The court counseled against a draconian rule that " '[could] nullify a party's right to representation by chosen counsel any time inadvertence or devious design put an adversary's confidences in an attorney's mailbox.' " (*Ibid.*) However, the court, did not "rule out the possibility that in an appropriate case, disqualification might be justified if an attorney inadvertently receives confidential materials and fails to conduct himself or herself in the manner **[****22]** specified above, assuming other factors compel disqualification." (*Ibid.*)

**CA(7)**[↑] **(7)** After reviewing the document, Johnson made copies and disseminated them to plaintiffs' experts and other attorneys. In affirming the disqualification order, the Court of Appeal stated, "The trial court settled on disqualification as the proper remedy because of the unmitigable damage caused by Johnson's dissemination and use of the document." Thus, "the record shows that Johnson not only failed to conduct himself as required under *State Fund, [supra,* 70 Cal.App.4th 644,]* but also acted unethically in making full use of the confidential document." The Court of Appeal properly concluded that such use of the document undermined the defense experts' opinions and placed defendants at a great disadvantage. Without disqualification of plaintiffs' counsel and their experts, the damage caused by Johnson's use and dissemination of the notes was irreversible. Under the **[***768]** circumstances presented in this case, the trial court did not abuse its discretion by ordering disqualification for violation of the *State Fund* rule.

**[*820]**

Plaintiffs attempt to justify Johnson's use of the document by accusing the defense experts of giving false **[****23]** testimony during their depositions. Plaintiffs allege that the statements attributed to the experts in the document contradicted their deposition statements and that the experts lied about the technical evidence involved in the case. As an initial matter, we are not persuaded that any of the defense experts ever actually adopted as their own the statements attributed to them. The document is not a verbatim transcript of the strategy session, but Rowley's summary of points that Yukevich directed him to note. Yukevich then edited the document, adding his own thoughts and comments. As the trial court observed, the document was an interpretation and summary of what others thought the experts were saying. [10]

**CA(8)**[↑] **(8)** Moreover, we agree with the Court of Appeal that, **HN9**[↑] "when a writing is protected under the absolute attorney work product privilege, courts do not invade upon the attorney's thought processes by evaluating the content of the writing. Once [it is apparent] that the writing contains an attorney's impressions, conclusions, opinions, legal research or theories, the reading stops and the contents of the document for all practical purposes are off limits. In the same way, once the court determines that the writing is **[**1101]** absolutely privileged, the inquiry ends. Courts do not make exceptions based on the content of the writing." Thus, "regardless of its potential impeachment value, Yukevich's personal notes should never have been subject to opposing counsel's scrutiny and use."

**CA(9)**[↑] **(9)** We also reject plaintiffs' argument that the crime or fraud exception should apply to privileged work product in this civil proceeding. **HN10**[↑] Under the work product doctrine "[a] writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories *is not discoverable under any circumstances.*" (*§ 2018.030, subd. (a),* italics

---

[10] While Johnson was testifying on direct examination at the hearing on the motion to disqualify, the court interjected: "The difficulty with that concept [that Germane's direct statement is contained in the document at issue] is that you're assuming it's a direct quote." Soon after the court further stated, "No, listen to me very carefully. You're assuming all along that this is a direct quotation from the so-called experts, the four that you recognize. Whereas, in truth, it may be **[****24]** that it is an interpretation of what someone said through somebody else's mind."

42 Cal. 4th 807, *820; 171 P.3d 1092, **1101; 68 Cal. Rptr. 3d 758, ***768; 2007 Cal. LEXIS 13892, ****24

**[****25]** added.) With respect to such a writing, the Legislature intended that the crime or fraud exception only apply "in any official investigation by a law enforcement agency or proceeding or action brought by a public prosecutor … if the services of the lawyer were sought or obtained to enable or aid anyone to commit … a crime or fraud." (*§ 2018.050*.) By its own terms, the crime or fraud exception does not apply here.

**[*821]**

DISPOSITION

We affirm the Court of Appeal's judgment.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.

---

End of Document

Jeffrey Goldman

**Amiad Kushner, Esq.**
**Seiden Law Group LLP**
April 13, 2021
Page 6



**EXHIBIT 3**

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

KeyCite Yellow Flag - Negative Treatment

Declined to Extend by Sanchez Ritchie v. Energy, S.D.Cal., August 13, 2014

196 Cal.App.4th 37
Court of Appeal, Fourth District, Division 1,
California.

Grant L. CLARK, Petitioner,
v.
The SUPERIOR COURT of San Diego County,
Respondent;
Verisign, Inc., et al., Real Parties in Interest.

No. D058568.
|
June 2, 2011.
|
Rehearing Denied June 22, 2011.
|
Review Denied Aug. 17, 2011.

**Synopsis**

**Background:** Former employee brought action against employer for breach of contract and securities fraud. Employer moved to disqualify employee's attorneys. The Superior Court, San Diego County, No. 37-2009-00081864-CU-WT-CTL, William R. Nevitt, Jr., J., granted the disqualification motion. Employee petitioned for writ of mandate.

**Holdings:** The Court of Appeal, McDonald, J., held that:

[1] evidence supported finding that employee gave his attorneys numerous documents subject to employer's attorney-client privilege;

[2] in camera review was not a prerequisite to trial court's determination that the documents were privileged;

[3] evidence supported finding that employee's attorneys excessively reviewed the documents; and

[4] disqualifying law firm was proper remedy.

Petition denied.

West Headnotes (15)

[1]   **Appeal and Error**⚷–Disqualification

A trial court's ruling on an attorney disqualification motion is reviewed under the deferential abuse of discretion standard.

2 Cases that cite this headnote

[2]   **Appeal and Error**⚷–Disqualification
**Attorneys and Legal Services**⚷–Discretion of court

In exercising its discretion on an attorney disqualification motion, the trial court must make a reasoned judgment that complies with applicable legal principles and policies, and the order is subject to reversal only when there is no reasonable basis for the trial court's decision.

6 Cases that cite this headnote

[3]   **Appeal and Error**⚷–Counsel

In deciding whether a trial court abused its discretion on an attorney disqualification motion, courts are bound by the substantial evidence rule; the trial court's order is presumed correct, all intendments and presumptions are indulged to support it, conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive.

16 Cases that cite this headnote

[4]   **Appeal and Error**⚷–Disqualification

Where there are no express findings on an

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

attorney disqualification motion, courts must review the trial court's exercise of discretion based on implied findings that are supported by substantial evidence.

9 Cases that cite this headnote

**[5]    Attorneys and Legal Services**—Inherent power or jurisdiction

A trial court's authority to disqualify an attorney derives from its inherent power to "control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." West's Ann.Cal.C.C.P. § 128(a)(5).

4 Cases that cite this headnote

**[6]    Attorneys and Legal Services**—Relation of remedy to client's right to counsel of choice

When ruling on an attorney disqualification motion, the paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar, and the important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of the judicial process. West's Ann.Cal.C.C.P. § 128(a)(5).

7 Cases that cite this headnote

**[7]    Attorneys and Legal Services**—Labor and Employment

Trial court's finding that employee gave his attorneys numerous documents subject to employer's attorney-client privilege, in disqualifying the attorneys' law firm from representing employee in breach of contract and securities fraud litigation, was supported by substantial evidence, including employer's

counsel's declaration that all of the disputed communications involved an officer or employee of employer transmitting a communication to an attorney for employer or persons working at the attorney's direction, and evidence that employee himself had designated some of the documents as attorney-client privileged while he worked for employer. West's Ann.Cal.C.C.P. § 128(a)(5).

23 Cases that cite this headnote

**[8]    Privileged Communications and Confidentiality**—In camera review

In camera review of employer's documents was not a prerequisite to trial court's determination that the documents were privileged, in disqualifying employee's attorneys from representing employee in breach of contract and securities fraud litigation for excessively reviewing the documents. West's Ann.Cal.C.C.P. § 128(a)(5).

7 Cases that cite this headnote

**[9]    Privileged Communications and Confidentiality**—Professional Character of Employment or Transaction

To determine whether a communication is covered by the attorney-client privilege, the focus of the inquiry is the dominant purpose of the relationship between the parties to the communication; when the party claiming the privilege shows the dominant purpose of the relationship between the parties to the communication was one of attorney-client, the communication is protected by the privilege.

20 Cases that cite this headnote

**[10]    Mandamus**—Scope of inquiry and powers of court

Clark v. Superior Court, 196 Cal.App.4th 37 (2011)

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

Employee's failure to present a summary of all of the evidence presented at the trial court hearing most favorably to the judgment forfeited the argument that no substantial evidence supported trial court's finding that employee's counsel excessively reviewed employer's attorney-client privileged materials, for purposes of employee's petition for writ of mandate challenging the disqualification of employee's counsel from representing him in breach of contract and securities fraud litigation.

3 Cases that cite this headnote

[11]  **Appeal and Error** Sufficiency of evidence; verdict, findings, and judgment

Failure to set forth in a brief all of the material evidence on an issue waives a claim of insufficiency of the evidence.

20 Cases that cite this headnote

[12]  **Attorneys and Legal Services** Labor and Employment

Trial court's finding that employee's attorneys violated their obligation to refrain from examining attorney-client privileged materials any more than was essential to ascertain if the materials were privileged, in disqualifying the attorneys' law firm from representing employee in breach of contract and securities fraud litigation, was supported by substantial evidence, including evidence that the attorneys' initial review of the documents examined the content of each document in sufficient detail to allow them to determine the documents' subject matter for categorization, and evidence that after being warned that they possessed privileged documents attorneys performed a subsequent review to determine whether the dominant purpose of an e-mail was business or legal advice, which necessarily involved an assessment of its contents. West's Ann.Cal.C.C.P. § 128(a)(5).

See *Cal. Jur. 3d, Evidence, § 515*; *Vapnek et al., Cal. Practice Guide: Professional Responsibility (The Rutter Group 2010) ¶¶ 4:239.20, 7:150.1 (CAPROFR Ch. 4-D, 7-B)*; *1 Witkin, Cal. Procedure (5th ed. 2008) Attorneys, § 539*.

11 Cases that cite this headnote

[13]  **Attorneys and Legal Services** Receipt of or Access to Privileged Information

A lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged must (1) refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and (2) immediately notify the sender that he or she possesses material that appears to be privileged.

13 Cases that cite this headnote

[14]  **Attorneys and Legal Services** Labor and Employment

Trial court acted within its discretion in disqualifying the law firm that represented employee in breach of contract and securities fraud litigation as a remedy for the firm's excessive review of documents covered by employer's attorney-client privilege, where firm retained the documents for over nine months, and the inevitable questions about the sources of firm's knowledge could undermine the public trust and confidence in the integrity of the adjudicatory process. West's Ann.Cal.C.C.P. § 128(a)(5).

1 Cases that cite this headnote

[15]  **Attorneys and Legal Services** Labor and

Clark v. Superior Court, 196 Cal.App.4th 37 (2011)

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

Employment

Trial court's finding that there was a genuine likelihood that employee's attorneys' review of employer's attorney-client privileged materials could affect the outcome of the proceedings, in disqualifying the attorneys' former law firm from representing employee in litigation against employer, was supported by substantial evidence, including evidence that employee used a privileged memo as the basis for a securities fraud claim, and that questions employee posed to employer's former chief executive officer might have derived from a privileged legal opinion from an outside law firm. West's Ann.Cal.C.C.P. § 128(a)(5).

3 Cases that cite this headnote

**Attorneys and Law Firms**

\*\*364 Higgs, Fletcher & Mack, San Diego, John Morris, Steven J. Cologne, Thomas W. Ferrell, Sam Sherman and Victoria E. Fuller for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, Los Angeles, Nancy L. Abell, Thomas A. Zaccaro, Eleanor K. Mercado and Kai S. Bartolomei for Real Parties in Interest.

**Opinion**

McDONALD, J.

\*41 Grant Clark seeks a writ of mandate directing the Superior Court of San Diego County to vacate its November 8, 2010, order disqualifying Clark's chosen law firm of Higgs, Fletcher & Mack LLP (Higgs) from continuing to represent Clark in his action against real parties in interest VeriSign, Inc., et al. (Verisign). VeriSign sought the disqualification order because Higgs allegedly received from Clark numerous documents protected by the attorney-client privilege held by VeriSign, and Higgs thereafter (1) excessively reviewed the documents, (2) did not immediately return the documents and (3) affirmatively employed the documents to pursue Clark's lawsuit against VeriSign. VeriSign asserted these actions violated Higgs's obligations under

*Rico v. Mitsubishi Motors Corp.* (2007) 42 Cal.4th 807, 68 Cal.Rptr.3d 758, 171 P.3d 1092 (*Rico* ) and *State Comp. Ins. Fund v. WPS, Inc.* (1999) 70 Cal.App.4th 644, 82 Cal.Rptr.2d 799 (*State Fund* ) and warranted disqualification of Higgs as Clark's counsel in this action. The trial court found, on disputed facts, Higgs had received and excessively reviewed privileged documents, disqualification was warranted because there was a genuine likelihood Higgs's conduct could affect the outcome of the litigation, and the paramount concern of protecting the public trust in the administration of justice and integrity of the bar outweighed any infringement of Clark's right to the counsel of his choice.

In this writ proceeding, Clark asserts the disqualification order was an abuse of discretion. Clark's principal argument is that VeriSign's claim of privilege as to the contested documents is "highly suspect," and he asserts there was no substantial evidence on which the court could conclude Higgs violated its obligations under *Rico* and *State Fund* until it had first conducted an in camera review of the contested documents to determine whether the documents were *in fact* privileged. Second, Clark asserts that, even assuming some or all of the documents were privileged, there is no evidence to support the conclusion that Higgs did not properly discharge its obligations under *Rico* and *State Fund.* Finally, Clark asserts that disqualification was an overly draconian remedy because there was no evidence to support the conclusion that Higgs's review of the privileged documents provided Clark with any \*42 unfair advantage that would undermine the integrity of the judicial proceedings, and any taint could have been cured by a \*\*365 protective order, thereby preserving Clark's right to counsel of his choice.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Parties*

VeriSign provides internet infrastructure services. Clark is an active member of the California State Bar with experience in litigation, and had also acted as in-house and general counsel for corporations.

Clark v. Superior Court, 196 Cal.App.4th 37 (2011)

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

#### B. *The Parties' Relationship*

In late September 2007 VeriSign hired Clark as its chief administrative officer. In conjunction with his employment, Clark signed VeriSign's nondisclosure agreement, which included a provision that he would not remove VeriSign's confidential or privileged information and would return all confidential or privileged information to VeriSign on termination of his employment.

In late 2008, Clark was informed by VeriSign that Clark's position was being eliminated. Clark's employment was terminated effective December 31, 2008. In January 2009, Clark filed his lawsuit against VeriSign. Clark was represented by Higgs.

#### C. *The March and April 2009 Correspondence*

On March 25, 2009, Mr. Cologne (an attorney with Higgs representing Clark in the lawsuit against VeriSign) sent a letter to VeriSign's counsel stating Clark intended to assert an additional claim based on allegations that "deception and delay [surround] the termination of [William] Roper," VeriSign's former chief executive officer. Cologne's letter stated the deception "played out against the backdrop of a June 4, 2008[,] internal memorandum from Ken Bond, Senior Vice President in charge of investor relations."

Counsel for VeriSign suspected Cologne was referring to an e-mail sent by Bond (senior vice president in charge of investor relations) to Richard **\*43** Goshorn (VeriSign's general counsel) and Susan Insley (VeriSign's director of internal audit acting under the direction of VeriSign's law department) concerning a confidential internal investigation. VeriSign, believing the so-called "Bond memo" was a privileged communication Clark had improperly taken from VeriSign in violation of the nondisclosure agreement,[1] demanded in a letter to Cologne dated March 31, 2009, that Clark immediately return all of VeriSign's documents, including any attorney-client privileged information, and to cease and desist using that information or documents. When Cologne was silent in response to VeriSign's demand,[2] VeriSign's attorney again wrote to Cologne reiterating its demand that Clark return confidential or privileged documents and cease using the documents, and

specifically referred to *Rico* and the obligations imposed by that case. Clark and Higgs responded by denying any improper conduct, and apparently did not return any materials to VeriSign.

**\*\*366** D. *The Discovery of Clark's Possession of Privileged Documents*

In mid-February 2010, Clark produced documents pursuant to VeriSign's discovery demand. VeriSign thereafter determined Clark's production included numerous privileged documents, many of which were prominently marked "Attorney–Client Privileged," "Prepared at Request of Counsel," and/or "Highly Confidential." VeriSign also determined Clark was in possession of other confidential documents taken in violation of the nondisclosure agreement.

In mid-March 2010, VeriSign's counsel wrote to Higgs demanding Clark return the privileged materials (which it identified by Bates numbers), return the other documents VeriSign contended were confidential or proprietary, and cease using any privileged or confidential information to pursue Clark's lawsuit. Clark's response did not include an agreement to return the privileged documents. Although Clark subsequently agreed to return the documents he characterized as "irrelevant," and later agreed to destroy most of the documents VeriSign identified as protected by the attorney-client privilege, Higgs thereafter indicated it would be unable to destroy the documents because VeriSign's motion to compel Clark to answer certain deposition **\*44** questions required that he retain those documents for use in opposing the motion to compel answers. By the fall of 2010, Higgs had neither returned nor destroyed the allegedly privileged documents.

#### E. *The Use of the Privileged Documents*

In the fall of 2010, the court granted VeriSign's motion to compel Clark to answer certain deposition questions. At his October 1, 2010, deposition, Clark conceded certain documents contained privileged information but stated that his counsel would decide whether to seek their admission at trial. More importantly, Clark conceded he used the Bond memo as the basis for one of the securities fraud claims he was pursuing against VeriSign, and apparently was relying on another privileged document in support of his breach of contract and securities fraud

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

claims.

F. *The Motion to Disqualify*
Promptly after completing Clark's deposition, VeriSign moved to disqualify Higgs and for ancillary relief. VeriSign argued Clark and Higgs had improperly obtained, retained, reviewed and used privileged documents, and had obtained an improper advantage from that conduct, in violation of the requirements imposed by *Rico, supra,* 42 Cal.4th 807, 68 Cal.Rptr.3d 758, 171 P.3d 1092 and *State Fund, supra,* 70 Cal.App.4th 644, 82 Cal.Rptr.2d 799. In support of the motion, VeriSign provided (among other things) a declaration from Goshorn attesting to the circumstances surrounding (and privileged nature of) the disputed communications.

Clark opposed the motion, asserting the standards imposed and remedies available under *State Fund* and *Rico* have no application unless the documents are *inadvertently* provided to opposing counsel by the attorneys for the party holding the privilege. Clark alternatively argued that no sanctions may be imposed absent a showing the documents obtained by Higgs were actually privileged, and the showing made by VeriSign was insufficient to show that the dominant purpose of each communication was for legal, rather than business, advice. Clark finally asserted Higgs did not misuse any of the material obtained and there was no proof VeriSign had suffered any disadvantage as a result of Higgs's review of the documents.

**367 G. *The Challenged Disqualification Order*
The trial court granted the motion to disqualify Higgs. The court first found Higgs had received numerous documents from Clark subject to the attorney-client privilege, some of which "bore obvious indicia of the privilege held by *45 VeriSign," were "explicitly marked as privileged by Mr. Clark while he was employed by VeriSign," and/or were conceded to be privileged by Clark.[3]

The court, after noting Higgs had a "duty not to review these documents more than was reasonably necessary to make the determination that they are privileged and to immediately notify VeriSign that they were in possession of VeriSign's privileged documents," specifically found

that "[d]espite repeated warnings from VeriSign's counsel, [Higgs's] review exceeded this limit" and also found "[Higgs] did not immediately notify VeriSign that [it was] in possession of the documents."

The court concluded Higgs's conduct warranted disqualification as well as other ancillary relief. The court recognized that when ruling on a disqualification motion, which requires resolution of the tension between the client's right to choose his or her counsel and the need to maintain ethical standards, the paramount concern must be to preserve the public trust in the scrupulous administration of justice. The court resolved the conflict by concluding Clark's right to counsel of his choice "does not trump the policy behind protecting the attorney-client privilege from being undermined." Accordingly, the court ordered that (1) Higgs be disqualified, (2) the documents be returned, and (3) Higgs be enjoined from discussing the contents of the documents with anyone or providing Higgs's work product in the action to either Clark or any representative of Clark. The court ruled these measures were prophylactic, not punitive, and were necessary to protect VeriSign's rights as well as the integrity of the judicial proceedings, and found there " 'exists a *genuine likelihood that the ... misconduct of* [*Higgs* ] *will affect the outcome of the proceedings before the court.*' " (*Oaks Management Corporation v. Superior Court* (2006) 145 Cal.App.4th 453, 467, 51 Cal.Rptr.3d 561.)

H. *The Writ Petition*
Clark timely filed this writ petition, requesting we vacate the order disqualifying Higgs from acting as Clark's attorney. We issued an order to show cause, and the parties have fully briefed this matter.

**46** In this writ proceeding, Clark raises three claims. First, he argues VeriSign's claim of privilege as to the contested documents is "highly suspect," and asserts it was improper for the court to conclude Higgs violated its obligations under *Rico* without reviewing the contested documents to determine whether they were in fact privileged. Second, Clark asserts that, even assuming some or all of the documents were in fact privileged, there is no evidence to support the conclusion that Higgs did not properly discharge its obligations under *Rico*. Finally, he asserts disqualification was an overly draconian remedy because there was no evidence to support the conclusion that Higgs's review of the privileged documents provided Clark with any unfair advantage that would undermine the integrity of the judicial proceedings, and any taint or prejudice could have been cured by a

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

protective **368 order preserving Clark's right to counsel of his choice.

## II

## LEGAL STANDARDS

A. *Standard of Review*

[1] [2] A trial court's ruling on a disqualification motion is reviewed under the deferential abuse of discretion standard. (*People ex rel Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143–1144, 86 Cal.Rptr.2d 816, 980 P.2d 371 (*SpeeDee* ); *McPhearson v. Michaels Co.* (2002) 96 Cal.App.4th 843, 851, 117 Cal.Rptr.2d 489; *City National Bank v. Adams* (2002) 96 Cal.App.4th 315, 322, 117 Cal.Rptr.2d 125.) "In exercising its discretion, the trial court must make a reasoned judgment that complies with applicable legal principles and policies." (*Strasbourger Pearson Tulcin Wolff Inc. v. Wiz Technology, Inc.* (1999) 69 Cal.App.4th 1399, 1403, 82 Cal.Rptr.2d 326 (*Strasbourger* ); accord *McPhearson,* at p. 851, 117 Cal.Rptr.2d 489.) "The order is subject to reversal only when there is no reasonable basis for the trial court's decision." (*Federal Home Loan Mortgage Corp. v. La Conchita Ranch Co.* (1998) 68 Cal.App.4th 856, 860, 80 Cal.Rptr.2d 634 (*Federal Home* ).)

[3] [4] "In deciding whether the trial court abused its discretion, '[w]e are ... bound ... by the substantial evidence rule.' " (*Strasbourger, supra,* 69 Cal.App.4th at p. 1403, 82 Cal.Rptr.2d 326.) The trial court's order is " 'presumed correct; all intendments and presumptions are indulged to support [it]; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial *47 court's resolution of any factual disputes arising from the evidence is conclusive.' " (*Ibid.*; accord, *Koo v. Rubio's Restaurants, Inc.* (2003) 109 Cal.App.4th 719, 728, 135 Cal.Rptr.2d 415.) Hence, we presume the trial court found in VeriSign's favor on "all disputed factual issues." (*Strasbourger,* at p. 1403, 82 Cal.Rptr.2d 326.) Further, "where there are no express findings, we must review the trial court's exercise of discretion based on implied findings that are supported by substantial evidence." (*Federal Home, supra,* 68 Cal.App.4th at p. 860, 80 Cal.Rptr.2d 634.) "In viewing the evidence, we look only to the evidence supporting the prevailing party. [Citation.] We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact. [Citation.] Where the trial court has drawn reasonable inferences from the evidence, we have no power to draw different inferences, even though different inferences may also be reasonable." (*Ibid.*) "If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial evidence." (*SpeeDee, supra,* 20 Cal.4th at p. 1143, 86 Cal.Rptr.2d 816, 980 P.2d 371; accord *City National Bank v. Adams, supra,* 96 Cal.App.4th at p. 322, 117 Cal.Rptr.2d 125.)

B. *Legal Standards for Disqualification*

[5] A trial court's authority to disqualify an attorney derives from its inherent power to "control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." (Code Civ. Proc., § 128, subd. (a)(5); *SpeeDee,* 20 Cal.4th at p. 1145, 86 Cal.Rptr.2d 816, 980 P.2d 371; see also *Oaks Management Corporation v. Superior Court, supra,* 145 Cal.App.4th at p. 462, 51 Cal.Rptr.3d 561.) "The power is frequently exercised on a showing that disqualification **369 is required under professional standards governing ... potential adverse use of confidential information." (*Responsible Citizens v. Superior Court* (1993) 16 Cal.App.4th 1717, 1723–1724, 20 Cal.Rptr.2d 756.)

[6] A disqualification motion involves a conflict between a client's right to counsel of his or her choice, on the one hand, and the need to maintain ethical standards of professional responsibility, on the other. (*City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 846, 43 Cal.Rptr.3d 771, 135 P.3d 20.) Although disqualification necessarily impinges on a litigant's right to counsel of his or her choice, the decision on a disqualification motion "involves more than just the interests of the parties." (*SpeeDee, supra,* 20 Cal.4th at p. 1145, 86 Cal.Rptr.2d 816, 980 P.2d 371.) When ruling on a disqualification motion, "[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to counsel of one's choice must yield to

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

ethical considerations that **48** affect the fundamental principles of our judicial process." ( *SpeeDee,* at p. 1145, 86 Cal.Rptr.2d 816, 980 P.2d 371; see also *Jessen v. Hartford Casualty Ins. Co.* (2003) 111 Cal.App.4th 698, 705–706, 3 Cal.Rptr.3d 877.)

The *SpeeDee* court recognized that one of the fundamental principles of our judicial process is the attorney-client privilege: "Protecting the confidentiality of communications between attorney and client is fundamental to our legal system. The attorney-client privilege is a hallmark of our jurisprudence that furthers the public policy of ensuring ' "the right of every person to freely and fully confer and confide in one having knowledge of the law, and skilled in its practice, in order that the former may have adequate advice and a proper defense." ' [Quoting *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 599, 208 Cal.Rptr. 886, 691 P.2d 642.]" ( *SpeeDee, supra,* 20 Cal.4th at p. 1146, 86 Cal.Rptr.2d 816, 980 P.2d 371.) Because it is this privilege that was the touchstone for the trial court's disqualification ruling, we outline the rules developed for safeguarding that privilege.

### C. *Rico and State Fund*

In *State Fund, supra,* 70 Cal.App.4th 644, 82 Cal.Rptr.2d 799, the court evaluated the ethical obligations of a lawyer when that lawyer comes into possession of privileged materials without the holder of the privilege having waived it. ( *Id.* at pp. 654–655, 82 Cal.Rptr.2d 799.) The court, to "protect the sanctity of the attorney-client privilege and to discourage unprofessional conduct" ( *id* at p. 657, 82 Cal.Rptr.2d 799), ruled that:

"the obligation of an attorney receiving privileged documents due to the inadvertence of another is as follows: When a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged and where it is reasonably apparent that the materials were provided or made available through inadvertence, the lawyer receiving such materials should refrain from examining the materials any more than is essential to ascertain if the materials are privileged, and shall immediately notify the sender that he or she possesses material that appears to be privileged." ( *Id.* at p. 656, 82 Cal.Rptr.2d 799.)

In *Rico,* the court adopted the obligations articulated in *State Fund* and extended them to materials protected by the attorney work product privilege, noting those obligations were rooted in the attorney's obligation to " 'respect the legitimate **370** interests of fellow members of the bar, the judiciary, and the administration of justice.' " ( *Rico, supra,* 42 Cal.4th at p. 818, 68 Cal.Rptr.3d 758, 171 P.3d 1092.) *Rico* also addressed the question of remedy when the attorney, having obtained privileged documents, did not comply with those obligations. *Rico* echoed *State Fund's* caution that " ' "[m]ere exposure" ' to an adversary's confidences is insufficient, standing alone, to warrant an attorney's disqualification" ( *Rico,* at p. 819, 68 Cal.Rptr.3d 758, 171 P.3d 1092, quoting *State Fund,* at p. 657, 82 Cal.Rptr.2d 799), **49** because *Rico* agreed such a "a draconian rule ... ' "[could] nullify a party's right to representation by chosen counsel any time inadvertence or devious design put an adversary's confidences in an attorney's mailbox." ' " ( *Rico,* at p. 819, 68 Cal.Rptr.3d 758, 171 P.3d 1092.) *Rico* also stated, however, that " 'in an appropriate case, disqualification might be justified if an attorney inadvertently receives confidential materials and fails to conduct himself or herself in the manner specified above, assuming other factors compel disqualification.' " ( *Ibid.*)

III

ANALYSIS

### A. *Substantial Evidence Supports the Finding Higgs Received Privileged Documents from Clark*

[7] The trial court expressly found Clark gave Higgs numerous documents subject to the attorney-client privilege. Substantial evidence supports this finding: some of the documents were explicitly designated *by Clark* as attorney-client privileged while he was employed by Verisign; Higgs acknowledged (during the May through July correspondence between counsel attempting to resolve the document issues) that a substantial portion of the documents were privileged; and Higgs conceded at oral argument below that some of the documents were privileged. Additionally, for the documents Clark did not concede were privileged,

VeriSign's counsel provided a declaration stating the identities of the parties to each of the sets of communications (one of whom was invariably either an in-house attorney or outside counsel) and the general nature of the purpose of the communication (all of which involved obtaining legal advice on a variety of subjects).

In *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 101 Cal.Rptr.3d 758, 219 P.3d 736 (*Costco* ), the court explained that when a trial court examines a claim that a communication is protected by the attorney-client privilege, "[t]he party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., *a communication made in the course of an attorney-client relationship.* [Citations.] Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." ( *Id.* at p. 733, 101 Cal.Rptr.3d 758, 219 P.3d 736, italics added.) Here, VeriSign's showing provided substantial evidence from which the court could have found each of the contested documents involved communications between a VeriSign employee and a VeriSign attorney in the course of an attorney-client relationship.

[8] **\*50** Clark's principal contention is that an in camera review of the documents was a *prerequisite* to determining whether the documents were in fact privileged. Clark asserts that under **\*\*371** *2,022 Ranch v. Superior Court* (2003) 113 Cal.App.4th 1377, 7 Cal.Rptr.3d 197 (*2,022 Ranch* ) the determination of privilege turns on the "dominant purpose" of each communication. Clark relies on the portion of the *2,022 Ranch* opinion in which the court stated:

"In certain instances it is difficult to determine if the attorney-client privilege ... attaches to a communication, particularly where there may be more than one purpose for that communication: ' " 'Where it is clear that the communication has but a single purpose, there is little difficulty in concluding that the privilege should be applied or withheld accordingly. If it appears that the communication is to serve a dual purpose, one for transmittal to an attorney "in the course of professional employment" and one not related to that purpose, the question presented to the trial court is as to *which purpose predominates*....' "

[Citation.]' ( *Travelers Ins. Companies v. Superior Court* (1983) 143 Cal.App.3d 436, 452, 191 Cal.Rptr.

871, italics added.) This 'dominant purpose' test not only looks to the dominant purpose for the communication, but also to the dominant purpose of the attorney's *work*. [Citations.] Thus, 'the attorney-client privilege [would] not apply without qualification where the attorney was merely acting as a negotiator for the client [citation], or merely gave business advice [citation], or was merely acting as a trustee for the client.' " (*2,022 Ranch,* at pp. 1390–1391, 7 Cal.Rptr.3d 197.)

Clark asserts that, because the dominant purpose of the communications could only be ascertained by examining the contents of each specific communication in camera, and no examination proceeding was involved here, there was no evidence to permit the conclusion any of the documents were privileged.[4] However, Clark's argument ignores that the *Costco* court, after observing "Evidence Code section 915 prohibits disclosure of the information claimed to be privileged as a confidential communication between attorney and client 'in order to rule on the claim of privilege' " ( *Costco, supra,* 47 Cal.4th at pp. 731–732, 101 Cal.Rptr.3d 758, 219 P.3d 736), stated "because the privilege protects a *transmission* irrespective of its content, there should be no need to examine the content in order to rule on a claim of privilege." ( *Id.* at p. 739, 101 Cal.Rptr.3d 758, 219 P.3d 736.) *Costco* went on to state **\*51** that, "[b]ecause we hold that a court may not order disclosure of a communication claimed to be privileged to allow a ruling on the claim of privilege, we disapprove two cases plaintiffs have cited in support of the trial court's orders," including *2,022 Ranch.* ( *Costco,* at p. 739, 101 Cal.Rptr.3d 758, 219 P.3d 736.) *Costco,* reviewing the approach advocated in *2,022 Ranch,* noted the *2,022 Ranch* court:

"distinguished communications reporting the results of factual investigations from those reflecting the rendering of legal advice, held only the latter were privileged, and ordered the trial court to review each of the communications to **\*\*372** determine its dominant purpose. [Citation.] In this respect, the court erred. The proper procedure would have been for the trial court first to determine the dominant purpose *of the relationship* between the insurance company and its in-house attorneys, i.e., was it one of attorney-client or one of claims adjuster-insurance corporation (as some of the evidence suggested, [citation] ). The corporation, having the burden of establishing the preliminary fact that the communications were made during the course of an attorney-client relationship [citation], was free to *request* an in camera review of the communications to

aid the trial court in making that determination, but the trial court could not *order* disclosure of the information over the corporation's objection. If the trial court determined the communications were made during the course of an attorney-client relationship, the communications, including any reports of factual material, would be privileged, even though the factual material might be discoverable by some other means. If the trial court instead concluded that the dominant purpose of the relationship was not that of attorney and client, the communications would not be subject to the attorney-client privilege and therefore would be generally discoverable." ( *Costco,* at pp. 739–740, 101 Cal.Rptr.3d 758, 219 P.3d 736.)

[9] We interpret *Costco's* disapproval of *2,022 Ranch* as making clear that, to determine whether a communication is privileged, the focus of the inquiry is the dominant purpose of the relationship between the parties to the communication. Under that approach, when the party claiming the privilege shows the dominant purpose of the relationship between the parties to the communication was one of attorney-client, the communication is protected by the privilege.

Employing *Costco's* approach, there was substantial evidence to support the trial court's finding that *all* of the disputed communications, including the so-called Bond memo, were privileged communications because VeriSign's declarations established all of the disputed communications involved an officer or employee of VeriSign transmitting a communication to an attorney for VeriSign (either Goshorn[5] or other attorneys) or persons working at the *52 attorney's direction. Although Clark continues to assert the Bond memo e-mail was not privileged, he conceded below that the Bond memo was sent by an employee of VeriSign to both Goshorn (VeriSign's attorney) and Insley (who (as the director of internal audit for VeriSign) was reporting directly to Goshorn.[6] Clark's argument—that the Bond memo was not privileged because " 'the *dominant purpose of the e-mail* was Mr. Bond's expression of frustration ... concerning a VeriSign investigation' "—appears irreconcilable with *Costco's* admonition that the relevant inquiry is not the *content* of the communication but is instead the *relationship* of the communicators. We conclude there was substantial evidence to support the trial **373 court's finding that all of the disputed communications were privileged communications.

B. *Substantial Evidence Supports the Finding that*

*Higgs Excessively Reviewed Privileged Materials*

[10] Higgs, after coming into possession of the privileged documents, was obligated not to review these documents more than was reasonably necessary to make the determination that they were privileged and to immediately notify VeriSign that it was in possession of VeriSign's privileged documents. The trial court found Higgs violated those obligations because (1) "[d]espite repeated warnings from VeriSign's counsel, [Higgs's] review exceeded this limit," and (2) "[Higgs] did not immediately notify VeriSign that [it was] in possession of the documents." Clark appears to argue that no substantial evidence supports the conclusion that Higgs excessively reviewed privileged documents in violation of the obligations imposed by *State Fund* and *Rico*. Clark's argument appears to be that Higgs obtained the documents from Clark properly, made no effort to hide that the documents were in its possession, met and conferred with VeriSign to resolve VeriSign's claims of privilege, and "responsibly sequestered" the disputed documents while this process was ongoing without excessively reviewing the documents, thus complying with its obligations.

[11] As a preliminary matter, Clark has waived this contention because, rather than presenting a summary of *all* of the evidence presented at the hearing below most favorably to the judgment, Clark only discusses the evidence *he* presented on this issue.[7] "Failure to set forth [all of] the material evidence on an issue waives a claim of insufficiency of the evidence." *53 ( *Brockey v. Moore* (2003) 107 Cal.App.4th 86, 96, 131 Cal.Rptr.2d 746.) When parties assert a challenge to the trial court's decision based on the absence of substantial supporting evidence, they " 'are required to set forth in their brief *all* the material evidence on the point and *not merely their own* evidence. Unless this is done the error is deemed to be waived.' " ( *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881, 92 Cal.Rptr. 162, 479 P.2d 362.) By discussing only evidence tending to support his position, Clark has waived his right to challenge the sufficiency of the evidence to support the court's conclusions. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246, 19 Cal.Rptr.3d 416, *Brockey v. Moore, supra,* 107 Cal.App.4th at pp. 96–97, 131 Cal.Rptr.2d 746.)

[12] [13] More importantly, even if the argument had not been waived, there is substantial evidence that Higgs's actions violated *State Fund* and *Rico*. Those cases make clear that "a lawyer who receives materials that obviously appear to be subject to an attorney-client privilege or otherwise clearly appear to be confidential and privileged ... [must (1) ] refrain from examining the materials any

Clark v. Superior Court, 196 Cal.App.4th 37 (2011)

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

more than is essential *to ascertain if the materials are privileged,* and [ (2) ] immediately notify the sender that he or she possesses material that appears to be privileged." ( **374 *State Fund, supra,* 70 Cal.App.4th at p. 656, 82 Cal.Rptr.2d 799.) Under *Costco,* once the examination showed a document had been transmitted between an attorney representing VeriSign and either an officer or employee of VeriSign, that examination would suffice to ascertain the materials are privileged, and any further examination would exceed permissible limits. ( *Costco, supra,* 47 Cal.4th at p. 733, 101 Cal.Rptr.3d 758, 219 P.3d 736.) There is evidence to support the finding that Higgs's review exceeded those limitations: Higgs's initial review also examined the content of each document in sufficient detail to allow Higgs to "determine their subject matter for categorization," and Higgs's subsequent review (occurring after VeriSign warned that Higgs possessed privileged documents) was focused on "whether the dominant purpose of the e-mail was business or legal advice," which necessarily involved an assessment of its contents.[8] There was also some evidence from which a trial court could have concluded Higgs affirmatively used some of the substantive information contained in the privileged documents to question witnesses or to support Clark's claims, and Clark concedes **54** Higgs employed the Bond memo to craft a claim against VeriSign, which necessarily required an excessive review of the content of that memo beyond what would be permissible to determine the memo was privileged under *Costco.* We conclude substantial evidence supports the finding Higgs violated its obligations as outlined in *State Fund* and *Rico.*

### C. *The Selected Remedy Was Not an Abuse of Discretion*

The *Rico* court also addressed the question of remedy when the attorney, having obtained privileged documents, violated the obligations imposed under *State Fund.* Although *Rico* echoed *State Fund's* caution that " ' "[m]ere exposure" ' to an adversary's confidences is insufficient, standing alone, to warrant an attorney's disqualification" ( *Rico, supra,* 42 Cal.4th at p. 819, 68 Cal.Rptr.3d 758, 171 P.3d 1092, quoting *State Fund, supra,* 70 Cal.App.4th at p. 657, 82 Cal.Rptr.2d 799), *Rico* also stated that " 'in an appropriate case, disqualification might be justified if an attorney inadvertently receives confidential materials and fails to conduct himself or herself in the manner specified above, assuming other factors compel disqualification.' " (*Ibid.*)

[14] Clark asserts the trial court erred when it concluded the appropriate remedy for the violations was to disqualify Higgs. However, Clark does not suggest the court *misunderstood* the applicable legal principles guiding its discretionary decision.[9] Instead, Clark disagrees with *how* the court exercised its discretion, specifically **375** arguing there was no showing of any "risk of prejudice" from Higgs's review and use of the privileged documents.

When exercising its discretion, a trial court must "make a reasoned judgment that complies with applicable legal principles and policies" ( *Strasbourger, supra,* 69 Cal.App.4th at p. 1403, 82 Cal.Rptr.2d 326), and we will reverse "only when there is no reasonable basis for the trial court's decision." ( *Federal Home, supra,* 68 Cal.App.4th at p. 860, 80 Cal.Rptr.2d 634.) "In deciding whether the trial court abused its discretion, '[w]e are ... bound ... by the substantial evidence rule.' " ( *Strasbourger,* at p. 1403, 82 Cal.Rptr.2d 326.)

The trial court's order, expressly "designed to be prophylactic, not punitive," found disqualification was necessary "not only to protect the rights of VeriSign but also to preserve the integrity of the judicial proceedings," and **55** further found there was a "genuine likelihood" that Higgs's review of the privileged materials could affect the outcome of the proceedings. The former finding, which reflects a sensitivity to *SpeeDee's* admonition that the "paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar" ( *SpeeDee, supra,* 20 Cal.4th at p. 1145, 86 Cal.Rptr.2d 816, 980 P.2d 371), has substantial evidentiary support. On this record, a trier of fact could conclude Higgs's continued representation of Clark could trigger doubts over the integrity of the judicial process because whenever Higgs's advocacy against VeriSign began to touch on matters contained in the privileged documents that Higgs retained (for over nine months) and excessively reviewed, the inevitable questions about the sources of Higgs's knowledge (even if Higgs in fact obtained such knowledge from legitimate sources) could undermine the public trust and confidence in the integrity of the adjudicatory process.[10]

[15] The latter finding—that there was a "genuine likelihood" Higgs's review of the privileged materials could affect the outcome of the proceedings—also has some evidentiary support. Certainly, Higgs's review and use of the Bond memo had a direct and immediate impact on the legal posture of Clark's case. Moreover, even if the Bond memo were later determined to be discoverable, there were other documents (also found to be privileged

Case 2:20-cv-08035-SVW-JPR   Document 124-2   Filed 04/22/21   Page 237 of 256   Page ID
#:2489

Clark v. Superior Court, 196 Cal.App.4th 37 (2011)

125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693...

by the trial court) the trial court could have found had been used by Clark to develop or support his case against VeriSign.[11] Finally, and contrary to Higgs's apparent contention that disqualification is improper absent an affirmative showing of existing injury from the misuse of privileged documents, disqualification is proper as a prophylactic measure to prevent future prejudice to the opposing party from information the attorney should not have **376 possessed. (See Chronometrics, Inc. v. Sysgen, Inc. (1980) 110 Cal.App.3d 597, 607–608, 168 Cal.Rptr. 196; accord, Gregori v. Bank of America (1989) 207 Cal.App.3d 291, 308–309, 254 Cal.Rptr. 853.) On this record, we do not find the trial court so exceeded the bounds of reason that its decision to disqualify Higgs, rather than to select some other remedy, was an abuse of discretion.

*56 DISPOSITION

The petition is denied. The stay issued by this court on November 23, 2010, will be vacated 10 days after the opinion is final as to this court. Real parties in interest shall recover costs in the writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

WE CONCUR: BENKE, Acting P.J., and NARES, J.

**All Citations**

196 Cal.App.4th 37, 125 Cal.Rptr.3d 361, 2011 IER Cases 24,354, 11 Cal. Daily Op. Serv. 6693, 2011 Daily Journal D.A.R. 8023

## Footnotes

1    VeriSign was not certain Higgs was in possession of the Bond memo because a copy was not attached to Cologne's letter, and it was not until VeriSign deposed Clark in October 2010 that Clark confirmed the "memorandum" to which Cologne referred was in fact the Bond memo.

2    Cologne's response was limited to asking whether each of VeriSign's board members was (1) aware of VeriSign's allegations, and (2) agreed with VeriSign's attorney's demand for return of the documents.

3    The court ordered Higgs to return all hard copies of 36 specified documents, which it identified by the Bates Stamp numbers, and erase all electronic copies of those documents. The 36 documents the court ordered Higgs to return included all of the documents VeriSign, in its numerous letters to Higgs, had consistently contended were privileged.

4    Clark also cites Chicago Title Ins. Co. v. Superior Court (1985) 174 Cal.App.3d 1142, 1151, 220 Cal.Rptr. 507 for the proposition that the "dominant purpose" test is particularly important when examining communications involving in-house counsel because the attorney-client privilege is inapplicable when the business portions of an in-house attorney's communication are not clearly separable from the legal portions of the communication. However, the cited pages contain no such discussion. Moreover, the core conclusion of the *Chicago Title* court was that "given the peculiar surrounding circumstances in the case at bench, the ... attorney client privilege [was] impliedly waived." ( Id. at p. 1154, 220 Cal.Rptr. 507.) *Chicago Title* has no bearing on the present action because there is no claim that VeriSign waived the privilege as to any of the documents.

5    VeriSign produced evidence that Goshorn was VeriSign's general counsel, and his primary responsibility was to serve as VeriSign's chief legal officer to provide legal counsel and advice to VeriSign and its officers and employees. Clark apparently provided no competent evidence suggesting Goshorn ever acted in a nonlegal capacity for VeriSign, or that he was acting in a nonlegal capacity with respect to the communications at issue in this matter.

6    VeriSign's showing below confirmed Insley was assisting an investigation under the direction and control of VeriSign's law department and, in that capacity, had interviewed Bond in connection with the "Roper

Investigation."

[7]   In Clark's brief filed in connection with this writ proceeding, the argument asserting Higgs's handling of the documents was proper cites *only* to the evidence contained (1) in *Clark's* declaration filed in opposition to the disqualification motion, (2) in the declarations of *Clark's attorneys* filed in opposition to the disqualification motion, and (3) in the *exhibits filed by Clark* in opposition to the disqualification motion. Clark makes no reference to any of VeriSign's evidence, or any effort to present that evidence most favorably to the trial court's findings.

[8]   Indeed, in Higgs's April 27, 2010, letter concerning the disputed documents, it stated (1) "many of the documents were irrelevant to this lawsuit" and would be gladly returned by Clark, and (2) one of the documents authored by Goshorn "is not a confidential document as Mr. Goshorn is giving business and not legal advice." We are uncertain how such a content-specific characterization of those documents could have been proffered by Higgs *without* an in-depth examination of the content of those documents.

[9]   The record shows the trial court clearly understood the guiding principles. In its ruling, the trial court expressly stated that it "recognize[d] that 'disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility. [Citation.] The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process.' [Quoting *SpeeDee, supra, 20 Cal.4th at p. 1145, 86 Cal.Rptr.2d 816, 980 P.2d 371*.]"

[10]   For example, VeriSign submitted a transcript from Roper's deposition taken in September 2010 by an attorney with Higgs. That attorney asked Roper questions VeriSign argued were "derive[d] from a privileged legal opinion from an outside law firm that VeriSign obtained in September 2007," which Clark had taken and turned over to Higgs. Although Higgs's opposition below claimed the questions did *not* derive from that document, this is but one example of the type of concerns that could have reasonably led the trial court to conclude that disqualification for prophylactic purposes was appropriate.

[11]   First, as discussed above, the questions posed to Roper may have derived from a privileged legal opinion from an outside law firm. Second, when Clark was questioned in his deposition about various aspects of his claims against VeriSign, he indicated he could not verify that he would not offer certain of the privileged documents into evidence to support his claims.

---

**End of Document**                                            © 2021 Thomson Reuters. No claim to original U.S. Government Works.

---

# EXHIBIT 9

CONFIDENTIAL

Page 1

1            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
2     - - - - - - - - - - - - - - - - x
      HONG LIU,                        :
3                                      :      Case Number
             Plaintiff,                :    2:20-cv-08035
4                                      :       SVW-JPR
             vs.                       :
5                                      :
      FARADAY&FUTURE INC., SMART       :
6     KING LTD., JIAWEI WANG, and      :
      CHAOYING DENG,                   :
7                                      :
             Defendants.               :
8     - - - - - - - - - - - - - - - - x
      FARADAY&FUTURE INC.,             :
9                                      :
             Counterclaimant,          :
10                                     :
             vs.                       :
11                                     :
      HONG LIU,                        :
12                                     :
             Counter-Defendant.        :
13    - - - - - - - - - - - - - - - - x

14
15        *This transcript is designated confidential*
16
17            Veritext Virtual Zoom Videotaped
18    Deposition of CHAOYING DENG, taken on Wednesday,
19    April 14, 2021, held in Rancho Palos Verdes,
20    California, commencing at 1:57 p.m., Pacific
21    Standard Time, before Jamie I. Moskowitz, a
22    Certified Court Reporter and Certified Livenote
23    Reporter.
24
25

CONFIDENTIAL

Page 6

1        TABLE OF CONTENTS
2  Chaoying Deng
3
   Examination
4
   By Mr. Nachmani...................Page 6
5
   Reporter Certificate...............Page 117
6
   Notice to Read and Sign............Page 116
7
   Index of Exhibits..................Page 3
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 7

1        THE VIDEOGRAPHER:  We are on the
2  record at 1:57 p.m. Pacific daylight time on
3  April 14th, 2021.  This is the video recorded
4  deposition of Chaoying Deng, in the matter of
5  Hong Liu versus Faraday Future Inc. et al.,
6  filed in United States District Court Central
7  District of California.  This deposition is
8  being held remotely via Zoom video conference.
9        My name is Pat Ruffner from the firm
10  Veritext, I'm the videographer.  The court
11  reporter, Jamie Moskowitz, from the firm
12  Veritext.  All counsel present will be
13  reflected on the stenographic record.
14        And will the reporter please swear in
15  the witness?
16        CHAOYING DENG, after having been first
17  duly sworn, was examined and testified as
18  follows:
19  EXAMINATION
20  BY MR. NACHMANI:
21     Q     Good afternoon, Ms. Deng.  Can you
22  hear me okay?
23     A     Maybe I should turn up the volume.
24        (Whereupon, a discussion was held off
25  the record.)

Page 8

1        COURT REPORTER:  Can we go off my
2  steno record?
3        THE VIDEOGRAPHER:  Going off the
4  record to troubleshoot this.
5        (Whereupon, a discussion was held off
6  the record.)
7        THE VIDEOGRAPHER:  Do you want to go
8  off the record?
9        MR. NACHMANI:  Yes, please.
10        THE VIDEOGRAPHER:  Off the record at
11  1:59.
12        (Whereupon, a short break was taken.)
13        THE VIDEOGRAPHER:  On the record at
14  2:03 p.m.
15  BY MR. NACHMANI:
16     Q     Good afternoon, Ms. Deng.  My name is
17  Jake Nachmani.  I'm an attorney for plaintiff Hong
18  Liu in this action.  Thank you for joining us today.
19        If at any point -- I'm going to be
20  asking you a series of questions.  If at any point
21  you don't understand what they mean, please let me
22  know.
23     A     Okay.
24     Q     If you don't understand a question,
25  say you don't understand.  I'll do my best to

Page 9

1  rephrase it.
2        Are you on any medications right now?
3     A     I just had my second dose of COVID.
4     Q     Of COVID; is that right?
5     A     Yes.
6     Q     Congratulations.  How do you feel?
7     A     Nothing, yet.
8     Q     I meant, do you feel relieved?
9     A     I am, yes.
10     Q     Good.
11     A     I am.
12     Q     Yeah.  I understand.
13        Is -- is there any reason why you
14  can't give truthful testimony today?
15     A     No.
16     Q     Have you ever been deposed before?
17     A     Yes.
18     Q     When?  I said when.
19     A     Oh, I can't remember.  It was in the
20  past, a few -- a few times.
21     Q     Within the last year?
22     A     Not within last year.
23     Q     Within the last three years?
24     A     Yeah, I would say.
25     Q     Okay.  Well, the rules of the road are

3 (Pages 6 - 9)

CONFIDENTIAL

Page 94

1      THE WITNESS:  I don't know.  I mean,
2  other people had other peoples' opinion.  You
3  know, people do things under circumstances.  I
4  don't understand.  He came to FF literally.
5  You can interview as many employee -- as many
6  executives as you want to, and I don't think
7  anyone will give him a -- give him a high mark
8  of anything in professional way, in personal
9  way.
10 Q      Okay.
11     THE WITNESS:  Claudia, can we turn to
12 the next exhibit, please.
13     (Whereupon, Exhibit 19 was marked for
14 Identification.)
15     MR. NACHMANI:  I'd like to submit as
16 Exhibit 20 --
17     MS. VARNER:  Nineteen.
18     MR. NACHMANI:  Oh, excuse me,
19 Exhibit 19, a document beginning the -- the
20 Bates range HLIU973.
21     THE WITNESS:  Can you make it a little
22 larger?
23     MR. CRISP:  Jake, I'm having trouble
24 seeing -- there we go.
25     THE WITNESS:  I'm good now.

Page 95

1      MR. CRISP:  Jake, is this a privileged
2  document?
3      MR. NACHMANI:  I don't think so.
4      MR. CRISP:  Why do you not think so?
5  This is outside counsel emailing the company.
6      COURT REPORTER:  I'm sorry.  Emailing?
7  I'm sorry.  Emailing?
8      MR. CRISP:  Emailing the company.
9      Why don't we take that off the screen
10 and let me look at a version here?  And, Jake,
11 why is this not a privileged document?
12     MR. NACHMANI:  Why do you think it is,
13 is -- is more of a question, right?  I don't
14 understand.
15     MR. CRISP:  Well, the first thing is,
16 is this is an email from the company that says
17 outside counsel to the company, so that's the
18 first clue.
19     So under -- you know, to begin with,
20 under California ethics rule, the moment you
21 see that, you're supposed to put this away
22 unless it's not privileged.  So I'm asking you
23 what's your basis for thinking this is not
24 privileged.
25     MR. NACHMANI:  Well, we think it falls

Page 96

1  under an exception under General Dynamics.
2      MR. CRISP:  Oh, I'm sorry.  So which
3  exception is that?
4      MR. NACHMANI:  Well, there is an
5  exception that allows us to defend ourselves,
6  and, you know, we have a claim for retaliation.
7  We have an -- we have an opportunity to use,
8  arguably, privileged documents in support of
9  our defense of these arguments.
10     MR. CRISP:  So just to be clear, this
11 document has been used to prepare and litigate
12 your claim for wrongful termination and the
13 other employment claims in this case; is that
14 correct?
15     MR. NACHMANI:  That's not what I'm
16 saying.  I'm asking -- I haven't said anything
17 like that.  We can -- we can withdraw -- if
18 you're asserting that this document is
19 privileged and can't be looked at, we'll
20 withdraw it.  That's fine.  Put it on the
21 record.
22     MR. CRISP:  No.  No.  No.  No.  No.
23 No.  I want to know --
24     MR. NACHMANI:  We withdraw it.  No, we
25 understand.  I heard the privilege.  That's

Page 97

1  fine.
2      MR. CRISP:  I want to know what your
3  basis is for not refusing to look at this
4  document the moment you saw that it was outside
5  counsel to the company, because so far, all
6  I've heard is you want to use it to prosecute
7  Henry's claims.
8      MR. NACHMANI:  I'm saying -- I'm
9  saying we can withdraw it.
10     MR. CRISP:  No, I know.  And you
11 alluded to an exception to General Dynamics,
12 and the exception that you appear to state was
13 that it can be used to prosecute the claim.
14 But that sort of misses the point of General
15 Dynamics, right?
16     The point of General Dynamics is you
17 cannot use the -- those documents, including
18 even confidential information to prosecute the
19 claims.  The exception that exists is the crime
20 fraud exception.
21     MR. NACHMANI:  We believe the
22 exception is broader.
23     MR. CRISP:  The crime fraud exception?
24     MR. NACHMANI:  No.  The -- we believe
25 that there are more exceptions and that you're

25 (Pages 94 - 97)

CONFIDENTIAL

Page 98

1   narrowly construing the exception to only
2   interpret it as the crime fraud exception.
3   However --
4           MR. CRISP:  Do you contend that
5   there's been any waiver with respect to
6   privilege on this document?
7           MR. NACHMANI:  Yes.
8           MR. CRISP:  Knowing waiver by the
9   company?  And what is the basis for that?
10          MR. NACHMANI:  You're saying that
11  every -- it's -- it is our position that you
12  have put at issue a breach that -- that our
13  client breached his various fiduciary duties to
14  the company.  And we believe we have evidence
15  that demonstrates that he was acting loyally to
16  the company.  It may not have been --
17          MR. CRISP:  So is that the reason why
18  when you saw this document in preparing for
19  this deposition, you did not immediately --
20          MR. NACHMANI:  I can't answer the
21  question why.
22          MR. CRISP:  -- destroy all copies of
23  it and notify us that you had a copy of a
24  document that appeared to be privileged but
25  that you wanted to argue waiver?

Page 99

1           MR. NACHMANI:  I can't -- I -- I --
2   that is not a question I'm prepared to answer.
3           MR. CRISP:  When did you first see
4   this document, Jake?
5           MR. NACHMANI:  I don't know.  Am I
6   being deposed?
7           MR. CRISP:  I -- I'm just asking
8   questions.
9           MR. NACHMANI:  I don't know.  I don't
10  know the answer to that.
11          MR. CRISP:  We -- we went through this
12  yesterday.  We sent a letter yesterday asking
13  you to destroy all privileged documents in
14  accordance with your ethical obligations under
15  the California rules.  Under those obligations,
16  the moment you see a document that has even an
17  attorney on it and the company on the other
18  side, you are to put it in an envelope and
19  destroy all copies and let us know if you want
20  to contend waiver.  That has not happened.
21  So yes, this document --
22          MR. NACHMANI:  I believe we have -- I
23  believe we have a hearing on this tomorrow, and
24  we can raise this issue then.  But for now --
25          MR. CRISP:  You say we have a hearing

Page 100

1   on this tomorrow.  We have a hearing on my
2   motion to compel tomorrow.  Have you submitted
3   a motion without noticing me?
4           MR. NACHMANI:  Excuse me.  I haven't
5   done anything.
6           MR. CRISP:  Okay.
7           MR. NACHMANI:  But I believe -- I
8   believe the issue of the scope of privilege and
9   how you are asserting it may be brought up
10  tomorrow.
11          MR. CRISP:  Is that correct?  Are you
12  trying to give me notice of a motion right now?
13          MR. NACHMANI:  I'm not giving you
14  notice of anything.
15          MR. CRISP:  Okay.  I'm just -- just
16  asking because I had no idea that -- that
17  that our assertion of privilege had anything to
18  do with your failure to produce documents that
19  is at issue tomorrow.
20          MR. NACHMANI:  You're complaining the
21  issue, Kevin.
22          MR. CRISP:  No.  So here's the thing.
23  This document is privileged.  I will repeat the
24  same thing I repeated yesterday, the same thing
25  that was repeated in a letter we sent

Page 101

1   immediately after the deposition yesterday.
2   You are required by your ethical obligations to
3   destroy all privileged documents.
4           MR. NACHMANI:  I understand.
5           MR. CRISP:  You think there's been a
6   waiver.  Your duties are to immediately upon
7   noticing that any document has any counsel,
8   in-house or outside on it, because it could
9   potentially be privileged, to seal it in an
10  envelope and to notify us that you intend to
11  ask the court to rule that it's been waived.
12  Anything short of that subjects you to
13  disqualification.  I am going to meet and
14  confer with you right now.
15          MR. NACHMANI:  I'm not having a meet
16  and confer during this deposition.
17          MR. CRISP:  I'm going to have a meet
18  and confer right now.
19          MR. NACHMANI:  I'm going to withdraw
20  the exhibit, and we can talk about it later.
21          MR. CRISP:  The exigencies of this
22  case mandate it.
23          MR. NACHMANI:  No, they don't right
24  now.  We're right in the middle of -- in the
25  middle -- I am deposing -- I am deposing a

26 (Pages 98 - 101)

CONFIDENTIAL

Page 102

1  witness right now.  I am happy to withdraw this
2  so I can conduct this -- so I can conduct this
3  deposition, and we can talk about that later.
4       MR. CRISP:  Your firm and local
5  counsel and anyone else who's worked for you is
6  subject to disqualification for failing to
7  follow your ethical obligation with respect to
8  privileged documents in this case.
9       We have put you on notice of that.  We
10  sent you a letter last night that gave you a
11  deadline of 6 minutes ago to confirm that you
12  were going to destroy all documents.  We have
13  not heard back.
14       MR. NACHMANI:  Okay.  We're going to
15  take a break, Kevin.
16       MR. CRISP:  I will have a meet and
17  confer on a motion to disqualify.
18       MR. NACHMANI:  We're going to take a
19  break.  I understand what you're saying.  We're
20  going to take a break.  Let's lower the volume,
21  and we'll come back.  But for now, we're not
22  going to meet and confer.  I understand what
23  you're saying.  I would like to continue
24  deposing this witness, moving on from this
25  exhibit.  And this issue can be put on ice for

Page 103

1  the -- for the period of time.  Is that okay
2  with you?
3       MR. CRISP:  How much longer, and I'm
4  not going to hold you to it.  I just want to
5  schedule here because it's dinner time here.  I
6  know it's not in New York.
7       MR. NACHMANI:  We -- it's dinner time
8  here too, Kevin.  We waited for you too, so
9  let's not turn this into an issue of, you know,
10  what -- inconvenient timing.
11       MR. CRISP:  I'm just asking how long
12  of a break we should have, Jake.
13       MR. NACHMANI:  Okay.  Well, I'm
14  telling you, let's take a some-minute break,
15  and we'll come back.  We're near -- we're near
16  the end of this, and we can have dinner after.
17       MR. CRISP:  So -- so -- Chaoying -- so
18  that we can plan, when you say, "near the end
19  of this," how much longer do you think we have?
20  And again, nothing I'm going to hold you to.
21  Just -- just trying to have an idea.
22       MR. NACHMANI:  Twenty minutes.
23       MR. CRISP:  Okay.
24       MR. NACHMANI:  Is that fair?
25       MR. CRISP:  Absolutely.  Thank you,

Page 104

1  Jake.  We'll see you in about 10 minutes.
2       THE WITNESS:  Thank you.
3       THE VIDEOGRAPHER:  Off the record at
4  5:08 p.m.
5       (Whereupon, a short break was taken.)
6       THE VIDEOGRAPHER:  On the record at
7  5:31 p.m.
8       MR. CRISP:  Jake, you might be on mute
9  if you're talking.
10  BY MR. NACHMANI:
11  Q      Ms. Deng, thanks for coming back.
12       MR. NACHMANI:  I'd like to introduce
13  as Exhibit 20 the following document.
14       (Whereupon, Exhibit 20 was marked for
15  Identification.)
16       MR. NACHMANI:  This is a document
17  that's with the Bates stamp FF1235, and there
18  are multiple pages, I believe, four.
19       THE WITNESS:  So am I supposed to read
20  all the pages?
21  BY MR. NACHMANI:
22  Q      No.  Let's just start off with the
23  first email at top, Ms. Deng.  Do you know what
24  Brusa is, B-r-u-s-a, in the subject of the first
25  email?

Page 105

1       MR. CRISP:  Objection, foundation,
2  calls for speculation.
3       THE WITNESS:  No, I don't.
4  BY MR. NACHMANI:
5  Q      Okay.  Do you know who Matthias Hartz
6  is, in the email dated May 31st, 2018, at 7:02 a.m.
7  Pacific Standard Time, on that same page?
8       MR. CRISP:  Objection, foundation.
9       THE WITNESS:  I know Matthias.
10  BY MR. NACHMANI:
11  Q      And does he have a @brusa.biz email
12  account?
13       MR. CRISP:  Objection.
14       THE WITNESS:  Sorry.  Sorry.  I keep
15  thinking Matthias, our Matthias.  No.  I don't
16  know this person.
17  BY MR. NACHMANI:
18  Q      Okay.  That makes more sense.
19       When Mr. Liu responds in the top
20  email, when he says, "Safety regulations are
21  important," do you have any sense of what he may be
22  talking about?
23       MR. CRISP:  Objection, foundation,
24  calls for speculation.
25       THE WITNESS:  No, I don't.

27 (Pages 102 - 105)

# EXHIBIT 10

**Grochow, Lauren**

| | |
|---|---|
| **From:** | Crisp, Kevin <Kevin.Crisp@Troutman.com> |
| **Sent:** | Wednesday, April 14, 2021 5:26 PM |
| **To:** | 'Amiad Kushner'; Jake Nachmani; Goldman, Jeffrey M.; Kessel, Alan J.; Grochow, Lauren; Willow-Johnson, Mackenzie Lee; Dov B. Gold |
| **Cc:** | Michael Stolper; Andrew Sklar; Kevin Hughes; Nathaniel Francis; Claudia Varner |
| **Subject:** | RE: Liu v. Faraday&Future Inc. et al., 2:20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confer |

Jake and Amiad,

We write to address your correspondence below.  As an initial matter, regarding our call yesterday in response to Judge Rosenbluth's minute order to meet and confer on *Plaintiff's* deficient responses and lack of production to FF's Second Set of Requests Production, Plaintiff agreed to produce all documents at issue in Defendants' pending motion to compel except that RFP 20 would be limited to vacation travel and travel related to securing new employment and RFPs 29 and 30 would be limited to January 1, 2012 to present. Further, you represented that Plaintiff does not maintain and has never maintained since his termination any social media accounts other than LinkedIn, you represented that Plaintiff has only made one post on LinkedIn since his termination, and you said that would be produced.

As to timing, you said Plaintiff's production would be complete by April 26, 2021. I asked if Plaintiff could complete his production earlier than that, and you said no. I said that while I understood your position, we believed documents should be produced as soon as possible, and that given Plaintiff has already had two-and-a-half months to produce the documents, and given the exigencies of the case, the documents should likely be produced sooner. Upon further reflection, given that you are asking to produce documents after the discovery cutoff of April 23, 2021, and given the deposition of Plaintiff is scheduled to take place April 19, 2021, and to allow Defendants to prepare for that critical deposition, we are forced to demand that Plaintiff all documents on or before April 17, 2021, and if necessary, the hearing on Defendants' motion to compel, we do intend to notify Judge Rosenbluth of these deadlines to support our request.

In addition, at the very end of yesterday's court-ordered meet and confer regarding our motion to compel, you attempted to raise the issues set forth Jake's email below. I said that, due to our attendance at yesterday's deposition (the lunch break of which was used to conduct the court-ordered meet and confer) we had not had a chance to review it, but we would respond as soon as we could.

Regarding Jakes' email, the purported summary therein of a prior call omits that, during that call, I did not just insist on earlier notice, but explained that Plaintiff was required, under Local Rule 37-1, to provide FF with a detailed meet and confer letter setting forth Plaintiff's perceived issues with FF's production and that Plaintiff had not complied with this requirement. We note that the email below still fails to meet Local Rule 37-1's requirements to, before the parties' telephonic discussion, first serve a letter that "identif[ies] each issue and/or discovery request in dispute, state[s] briefly as to each such issue/request the moving party's position (and provide[s] any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specif[ies] the terms of the discovery order to be sought." In particular, there is no mention of any discrete issues on which Plaintiff might move, there is no authority for Plaintiff's position, and there certainly is no proposed discovery order.

Further, your comparison of the size of Plaintiff's production to the size of FF's production is irrelevant and inaccurate.  As explained in Defendants' Supplemental Memorandum to their currently pending motion to compel, courts in this district do not look fondly upon such tit-for-tat arguments.  *See Sandifor v. Cnty. of Los Angeles*, 2019 WL 4137411, at *3 (C.D. Cal. May 8, 2019) (rejecting a "'tit-for-tat' approach to litigation" and noting that the court "w[ould] not consider such arguments . . . ."); *Moore v. Zurich Am. Ins. Co.*, 2016 WL 10987368, at *4 (C.D. Cal. Dec. 1, 2016)  ("[T]he Federal Rules do not contain a provision 'authorizing a litigant

to behave only as well as his opponent.'") (citations omitted).  Moreover, your count of the documents and pages that FF produced, fails to account for FF's detailed and lengthy privilege logs, which my colleague, Lauren Grochow, informed you during our call would be supplemented, as FF is still rounding out its production.

Regarding WhatsApp communications, as my colleague Jeffrey Goldman, explained in his April 4 email, FF intends to produce additional text communications but is experiencing a delay due to logistics.  In addition, because your client predominantly communicated with our client in Mandarin, there has been further delay due to the need to translate those documents for privilege review.  We are working to resolve these issues as quickly as possible and will produce the texts, to which Plaintiff has equal access to in any event, as soon as possible.

Regarding internal communications concerning Plaintiff's hiring or termination, FF has produced all emails in its possession, and has logged or will have logged shortly, all those that are privileged.  As we have repeated *ad nauseum*, Plaintiff is not entitled to FF's documents that are protected by the attorney client privilege or work product doctrine.  *See, e.g., Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 734 (2009) ("The attorney-client privilege attaches to a confidential communication between the attorney and the client and bars discovery of the communication irrespective of whether it includes unprivileged material.").  Thus, such documents all have been, or will be shortly, properly logged.  And as to Sidley Austin's limited involvement with regard to the Employment Agreement, there is no "hiding the ball."  Again, as we have explained repeatedly, Sidley Austin did not represent FF in the Employment Agreement transaction with Liu, and your repeated and improper efforts to invade the privilege is only compounded by your continued violation of your obligations under *Rico v. Mitsubishi*, 42 Cal. 4th 807 (2007), as discussed in Mr. Goldman's April 13, 2021 email, which subjects your firm to disqualification in this matter.  Do not construe our discussions regarding any unrelated discovery issues as a waiver of FF's position in this regard.

Regarding purported issues relating to sexual harassment or immigration, it is frankly incredible that you continue to insist that FF produce any such documents.  As we have repeatedly explained, including during yesterday's call and during yesterday's deposition, under binding, black letter law, Plaintiff is not entitled to FF's privileged documents to prove his claims against FF.  *See, e.g., General Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164, 1190 (1994).  That Plaintiff served as FF's General Counsel (*i.e.* the head of FF's legal department) and was privy to such privileged documents, does not allow him to violate his ethical duties to FF by exposing its privileged or even confidential communications.  We, once again, direct you to FF's privilege log reflecting documents that might be relevant to purported sexual harassment and immigration issues, and, more importantly, the logs reflection of FF's in-house and outside counsel handling those issues and making the communications regarding them unquestionable protected by the privilege.

Regarding Defendants' ongoing document production, we are working to get you the remaining documents that FF has to produce, including the text messages and the supplemental privilege log, as soon as possible.  In the meantime, please let us know if you still insist on meeting and conferring on any of the issues presented in your emails.  If so, and to be clear, it is our position that the required meet and confer letter under Local Rule 37-1 has not been received, nor has the required telephonic meeting taken place, and the truth is, we trust this correspondence clarifies all alleged issues with Defendants' document production and obviates any need to further discuss these issues at all.  In addition, and consistent with Local Rule 37-1, we trust that you will provide us with any legal authorities supporting your remaining contentions.

Finally, regarding Mr. Kushner's emails accusing FF of not collecting and producing Bob Ye's WeChat messages, Plaintiff never requested such messages in his document requests, and regardless, as Mr. Ye testified and as the text messages that Plaintiff produced on the eve of Mr. Ye's deposition reflect, Mr. Ye had no relevant messages on his phone, which was accidentally destroyed some time ago.  Further, FF has had a litigation hold in place for its employees, including Mr. Ye, since at least the start of this litigation that covered Mr. Ye as well as any of his potentially relevant documents, and the fact that Mr. Ye no longer has communications (again, according to Mr. Ye's testimony, none of which were in any way relevant much less responsive to any of Plaintiffs' demands) on his *personal* device, is of no moment whatsoever. It certainly does not support the baseless accusations of deficiencies in Defendants' document preservation or production lobbed by Mr. Kushner's emails.

Regards,

Kevin

**Kevin Crisp**
**Partner**
Direct: 949.567.3537 | Internal: 814-3537
kevin.crisp@troutman.com

**troutman pepper**
Suite 1200, 4 Park Plaza
Irvine, CA 92614-2524
troutman.com

**A HIGHER COMMITMENT TO CLIENT CARE**

Troutman Sanders and Pepper Hamilton have combined to become Troutman Pepper (Troutman Pepper Hamilton Sanders LLP). Troutman Pepper offers expanded capabilities and practice strengths while continuing to deliver powerful solutions to clients' legal and business issues with a higher commitment to client care.

---

**From:** Amiad Kushner <akushner@seidenlawgroup.com>
**Sent:** Tuesday, April 13, 2021 9:11 PM
**To:** Crisp, Kevin <Kevin.Crisp@Troutman.com>; Jake Nachmani <jnachmani@seidenlawgroup.com>; Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com>; Kessel, Alan J. <Alan.Kessel@Troutman.com>; Grochow, Lauren <Lauren.Grochow@Troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@Troutman.com>; Dov B. Gold <dgold@seidenlawgroup.com>
**Cc:** Michael Stolper <mstolper@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Nathaniel Francis <nfrancis@seidenlawgroup.com>; Claudia Varner <cvarner@seidenlawgroup.com>
**Subject:** Re: Liu v. Faraday&Future Inc. et al., 2:20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confer

**EXTERNAL SENDER**

Kevin,

Thank you.  Please include in your response whether, and when, your clients were instructed to preserve all documents and information relating to this matter.

Regards,

Amiad Kushner
Partner, Head of Litigation
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Office: (646) 766-1914
Mobile: (646) 275-2485
www.seidenlawgroup.com

---

**From:** Crisp, Kevin <Kevin.Crisp@Troutman.com>
**Sent:** Tuesday, April 13, 2021, 10:34 PM
**To:** Amiad Kushner; Jake Nachmani; Goldman, Jeffrey M.; Kessel, Alan J.; Grochow, Lauren; Willow-Johnson, Mackenzie

Lee; Dov B. Gold
**Cc:** Michael Stolper; Andrew Sklar; Kevin Hughes; Nathaniel Francis; Claudia Varner
**Subject:** RE: Liu v. Faraday&Future Inc. et al., 2:20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confer


Amiad and Jake,

We have received your emails below sent today. The positions laid out in each of them are not well-founded. We will respond as appropriate as soon as possible tomorrow.

Regards,

Kevin

---

**From:** Amiad Kushner <akushner@seidenlawgroup.com>
**Sent:** Tuesday, April 13, 2021 7:10 PM
**To:** Jake Nachmani <jnachmani@seidenlawgroup.com>; Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com>; Kessel, Alan J. <Alan.Kessel@Troutman.com>; Crisp, Kevin <Kevin.Crisp@Troutman.com>; Grochow, Lauren <Lauren.Grochow@Troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@Troutman.com>; Dov B. Gold <dgold@seidenlawgroup.com>
**Cc:** Michael Stolper <mstolper@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Nathaniel Francis <nfrancis@seidenlawgroup.com>; Claudia Varner <cvarner@seidenlawgroup.com>
**Subject:** RE: Liu v. Faraday&Future Inc. et al., 2:20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confer

**EXTERNAL SENDER**

Counsel:

I write further to Jake's emails below concerning the material deficiencies in Defendants' production.  The staggering deficiencies in Defendants' production need to be addressed immediately, particularly given the accelerated schedule in this action and the fact that numerous depositions are pending.  In addition to these egregious production deficiencies, we will need to address whether Defendants have complied with their obligations with respect to document preservation and collection, particularly in view of Mr. Ye's extraordinary admission on the record today that his texts were not provided to counsel (and that his phone was mysteriously destroyed in the past several weeks).  At a minimum, given the grave deficiencies in Defendants' production, plaintiff reserves the right to re-call Defendants' deponents so that we can conduct examinations with the benefit of the documents that we are entitled to receive and which hitherto have not been produced.  We request an immediate response on these issues so that we can seek immediate relief from the Court.

Regards,

Amiad


**Amiad Kushner**
Partner, Head of Litigation
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
(646) 275-2485
akushner@seidenlawgroup.com

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Tuesday, April 13, 2021 8:37 PM
**To:** Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>; Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Dov B. Gold <dgold@seidenlawgroup.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Michael Stolper <mstolper@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Nathaniel Francis <nfrancis@seidenlawgroup.com>; Claudia Varner <cvarner@seidenlawgroup.com>
**Subject:** RE: Liu v. Faraday&Future Inc. et al., 2:20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confer

Counsel,

Following up on our meet and confer call from earlier today, please let us know when you will be able to provide us with an update as to the production issues referenced below.

Regards,

-Jake

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

**From:** Jake Nachmani
**Sent:** Tuesday, April 13, 2021 10:30 AM
**To:** Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>; Kessel, Alan J. <Alan.Kessel@troutman.com>; Crisp, Kevin <Kevin.Crisp@troutman.com>; Grochow, Lauren <Lauren.Grochow@troutman.com>; Willow-Johnson, Mackenzie Lee <Mackenzie.Willow-Johnson@troutman.com>; Dov B. Gold <dgold@seidenlawgroup.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>; Michael Stolper <mstolper@seidenlawgroup.com>; Andrew Sklar <asklar@seidenlawgroup.com>; Kevin Hughes <kevin@foundationlaw.com>; Nathaniel Francis <nfrancis@seidenlawgroup.com>; Claudia Varner <cvarner@seidenlawgroup.com>
**Subject:** Liu v. Faraday&Future Inc. et al., 2:20-cv-08035-SVW-JPR (C.D. Cal.): Meet and Confer

Counsel,

In connection to Magistrate Judge Rosenbluth's April 12, 2021 Order (ECF 114) requiring the parties to meet and confer, and in response to our meet and confer of last Friday, April 9, 2021, we wanted to provide you with specific notice that Defendants' production to date has been defective.

In that regard and by way of context, during the April 9 meet and confer, we raised the topic of Defendants' defective production to date. When I raised this topic and was about to inquire into it, I was stopped by Mr. Crisp who abruptly said, "Nope. No, no, no, no, no," refusing to listen to our concerns. Indeed, Mr. Crisp stated that he would not entertain any objections because, by raising them, we were purportedly "passively aggressively" "insulting" your firm's work product and that, in order to raise this topic, we needed to have had provided you with earlier notice. Notwithstanding the absurdity of this response, the appropriateness of our raising this issue during a meet and confer concerning discovery-related issues, and our prior notice of our wanting to raise this issue, we specifically set forth the below for your review prior to our meet and confer this afternoon.

To date, Defendants' production has been woefully defective.  Defendants have produced merely 487 documents, comprising only 4202 pages. When asked during the meet and confer whether Defendants would be producing more documents, Ms. Grochow, who was on the call with Mr. Crisp, indicated that Defendants would be producing only "straggling" documents.  By way of comparison, Plaintiff has produced 319 documents, comprised of 3205 pages.  It strains credulity to believe that Defendants, two of which are the corporate custodians of the bulk of relevant documents in this matter and who would be in possession of all documents related to Plaintiff's employment with FF, are not withholding relevant documents.

Indeed, Defendants' production to date reveals significant gaps, demonstrating the self-serving nature of your production.  For example:

- Where are all of the text messages (and WhatsApp communications) between Jiawei Wang and Plaintiff concerning the drafting of the Employment and Director Compensation Agreements? We produced these messages and attached them as exhibits to our motion to dismiss. They are relevant to our defense of your counterclaims concerning Plaintiff's purported breach of the codes professional conduct, breach of fiduciary duty, and constructive fraud. They should be produced. Do so.

- There are no internal communications concerning Plaintiff's being hired or terminated by FF.  It is implausible that Defendants did not internally discuss Plaintiff's being hired by FF prior to his joining the Company and the terms of Plaintiff's employment, including but not limited to his being granted equity in Smart King.  It is equally implausible that Defendants did not discuss Plaintiff's being fired – either during his employment or afterwards.  Produce these documents.

- There are no contemporaneous internal communications concerning Plaintiff's purported sub-standard job performance while employed by FF.  If, as FF alleges, Plaintiff was not qualified, surely there would be communications between Defendants and/or among FF personnel regarding this or at minimum a formal or informal assessment of Plaintiff's performance.  Produce these documents.  Indeed, as Plaintiff alleges he was eminently qualified and performed more than adequately, you must produce those documents as well.

- Where is the trove of documents concerning the drafting and negotiation of the Employment and Director Compensation Agreements?  Plaintiff attached numerous emails between himself and Defendant Wang reflecting the extensive back and forth the parties had as to the terms of Plaintiff's employment and Sidley Austin's involvement in regards to Plaintiff's employment negotiations. To date, Defendants have produced only those documents that self-servingly reflect the fiction that Plaintiff dictated terms of his employment – and that FF accepted those terms – while failing to disclose Sidley Austin's involvement.  Stop hiding the ball; produce these documents.

6

- Where are the documents concerning sexual improprieties and claims of hostile work environment that occurred during the course of Plaintiff's employment with FF that Plaintiff reported?

- Where are the documents concerning FF's misuse of visa applications that occurred while at FF that occurred during the course of Plaintiff's employment with FF that Plaintiff reported?

We hope that today's meet and confer is productive and amicable.

Regards,

-Jake


Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com



CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.

# EXHIBIT 11

**Grochow, Lauren**

| | |
|---|---|
| **From:** | Goldman, Jeffrey M. <Jeffrey.Goldman@Troutman.com> |
| **Sent:** | Wednesday, April 14, 2021 9:54 PM |
| **To:** | Amiad Kushner; Jake Nachmani; Crisp, Kevin |
| **Cc:** | Kevin Hughes; Michael Stolper; Andrew Sklar |
| **Subject:** | Re: Call w/Amiad |

Amiad:

This will respond to your notice of Plaintiff's *ex parte* application sent after the close of business today at 6:22 p.m. PST/9:22 p.m. EST.

Your *ex parte* notice states that Plaintiff will be "seeking a two week extension of all discovery deadlines in order that the[ ] [discovery] issues [set forth in Paragraphs (1)-(3) of that notice] can be addressed."  Please be advised that Defendants will stipulate both to the requested two week extension and to the concomitant postponement of each of the remaining depositions scheduled to take place between tomorrow through April 23, 2021, along with all other discovery deadlines including Mr. Liu's Independent Medical Examination and expert/rebuttal reports, consistent with the Court's September 14, 2020 New Case Order [Dkt. 55] permitting the parties to stipulate to such extensions of the Scheduling Order.

Please also be advised that Defendants further will stipulate to an expedited briefing schedule before Magistrate Judge Rosenbluth required to hear and adjudicate each of the issues set forth in Paragraphs (1)-(3) of Plaintiff's *ex parte* notice under the Court's September 14, 2020 New Case Order, which expedited briefing schedule not only can be discussed and entered by Magistrate Judge Rosenbluth at tomorrow's hearing on Defendants' Motion to Compel, but also plainly eliminates any conceivable need for emergency, *ex parte* relief.

Finally, please be advised that should Plaintiff proceed with its *ex parte* application notwithstanding Defendants' proposal of each of the foregoing stipulations, Defendants will have no choice but to oppose that application and to seek the imposition of all appropriate sanctions and other relief available to them to redress Plaintiff's dilatory, bad faith and frivolous conduct in again impermissibly requesting *ex parte* relief in violation of the governing law and facts of this case.  It is my sincere hope that Defendants will not be forced to pursue those alternatives.

Thank you in advance for your anticipated cooperation.

Sincerely,

Jeff

**Jeffrey M. Goldman**
Partner
**troutman pepper**
Suite 1400 | 5 Park Plaza
Irvine, California 92614-5955
p: 949.567.3547 | f: 866.728.3537 | bio

**From:** Amiad Kushner <akushner@seidenlawgroup.com>
**Sent:** Wednesday, April 14, 2021 6:22 PM
**To:** Jake Nachmani; Crisp, Kevin; Goldman, Jeffrey M.
**Cc:** Kevin Hughes; Michael Stolper; Andrew Sklar
**Subject:** RE: Call w/Amiad

**EXTERNAL SENDER**

Kevin and Jeff:

I have left voicemails with each of you tonight, but my calls have not been returned.

Pursuant to Local Rule 7-19.1, I write to notify you that Plaintiff will be filing tonight an ex parte application for determination of an urgent privilege issue and for an order compelling production.  We will be seeking an order requiring Defendants to (1) immediately identify any document produced by Plaintiff over which they claim privilege, (2) not assert the privilege over any communications that Defendants have placed in issue through their counterclaims, (3) produce the outstanding documents requested by Plaintiff that have not yet been produced.  We will also be seeking a two week extension of all discovery deadlines in order that these issues can be addressed.

The grounds for our application have been extensively discussed in multiple meet and confers among our firms.  With respect to the privilege issue, as we have indicated repeatedly including on the record at Mr. Ye's deposition, Defendants cannot use the privilege as a sword and a shield in this case.  Defendants cannot assert the privilege over any communications that Defendants have placed in issue through their counterclaims (or selectively use privileged documents to support their claims while withholding documents which undermine their claims as purportedly privileged). Defendants have implicitly waived the privilege through their counterclaims.

Further, as we have extensively detailed in our meet and confers and related correspondence, Defendants' document production in this action is woefully inadequate – less than 500 documents.   After meeting and conferring extensively over this issue (and reviewing your latest email on this issue tonight), it is clear that Defendants are not meeting their discovery obligations and judicial relief is necessary.

Defendants have until 4 pm tomorrow to submit any response to Plaintiff's application.  Please let us know if you intend to oppose all or any portion of this application.

Respectfully,

**Amiad Kushner**
Partner, Head of Litigation
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
(646) 275-2485
akushner@seidenlawgroup.com

---

**From:** Jake Nachmani <jnachmani@seidenlawgroup.com>
**Sent:** Wednesday, April 14, 2021 8:58 PM

2

**To:** Crisp, Kevin <Kevin.Crisp@Troutman.com>; Goldman, Jeffrey M. <Jeffrey.Goldman@troutman.com>
**Cc:** Amiad Kushner <akushner@seidenlawgroup.com>
**Subject:** Call w/Amiad

Kevin,

Amiad has not heard back from Jeff regarding his call. Please have Jeff call him back now; alternatively, if Jeff is unavailable, please call Amiad.

Thank you.

Jake Nachmani, Esq.
Counsel
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Office: (646) 766-1723
Mobile: (323) 810-0044
www.seidenlawgroup.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容