Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email:  kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
Jnachmani@seidenlawgroup.com
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone:   (646) 766-1914
Facsimile:    (646) 304-5277

*Attorneys for Plaintiff/Counter-Defendant,*
*Hong Liu*

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG<br><br>Defendants. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF HONG LIU'S EXPEDITED MOTION FOR DETERMINATION OF URGENT PRIVILEGE ISSUE AND TO COMPEL PRODUCTION**<br><br>Complaint filed on:<br>January 3, 2020<br><br>Second Amended Counterclaim filed on:<br>March 11, 2021 |
| FARADAY&FUTURE INC.,<br><br>Counterclaimant,<br><br>v.<br><br>HONG LIU,<br><br>Counter-Defendant. | **JUDGE:**   **Hon. Jean P. Rosenbluth**<br>**DATE:**     **April 29, 2021**<br>**TIME:**     **2:30 P.M.**<br>**CTRM:**     **690** |

Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu"), by his undersigned counsel, submits this supplemental memorandum of points and authorities in further support of his Motion for Determination of Urgent Privilege Issue and to Compel Production (ECF 120) ("Motion") and the Court's April 26, 2021 order (ECF 128) (the "Order") granting the Motion based on the current state of the pleadings.[1]  For the reasons set forth in the Motion, Plaintiff's oral argument during the Court's April 26, 2021 hearing, and herein, the Order should not be modified based solely upon Defendants' dismissal with prejudice (after the Order was issued) of their fifth and sixth counterclaims.

## PRELIMINARY STATEMENT

As the Court correctly recognized at the April 26, 2021 hearing on the Motion, Defendants' counterclaims placed at issue every aspect of Plaintiff's performance during his employment with FF.  As such, the Court held that Defendants had waived the privilege as to all attorney-client communications relating to Plaintiff's performance during his employment.[2]  Because the Motion was focused on Defendants' then-existing counterclaims, the Court did not have the benefit of Plaintiff's briefing on the issue of whether Defendants *also* waived the privilege through other claims or defenses they have asserted in this action, including FF and Smart King's affirmative defenses.

During the April 26, 2021 hearing and in response to the Court's indication that Defendants had completely waived the privilege through their counterclaims, Defendants' counsel raised the hypothetical possibility that Defendants might dismiss their fifth and sixth counterclaims in at attempt to limit the scope of the waiver.

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Complaint (ECF 1) and in Plaintiff's Motion.  "¶__" are references to paragraphs in the Complaint.  "SAA ¶__" are references to paragraphs in the respective sections alleging affirmative defenses in FF and Smart King's Second Amended Answers (ECF 93 & 94, respectively) ("Second Amended Answers").  Unless otherwise noted, all emphasis is added; all internal quotations and citations are omitted.
[2] The Court also found that Defendants had waived the privilege with respect to other issues, including the role of Sidley Austin in reviewing Plaintiff's employment agreement.

Plaintiff's counsel noted that the Motion was directed to the then-existing state of the pleadings and that Defendants were impermissibly seeking an advisory opinion. The Court declined to provide a definitive ruling on how it *might* rule if Defendants dismissed their fifth and sixth counterclaims. However, in its Order, the Court ordered the parties "to meet and confer today to try to resolve the broader privilege-waiver issues among themselves and, to the extent they do so, must file an appropriate stipulation by no later than April 28."

In accordance with the Order, counsel for the parties met and conferred on April 26, 2021. During that meet and confer, Defendants' counsel indicated that while Defendants would dismiss their fifth and sixth counterclaims, Defendants intended to continue to litigate ***through their defenses in this action*** the identical issues pled in those counterclaims. In response, Plaintiff's counsel informed Defendants' counsel that if Defendants continued to place Plaintiff's performance at issue – whether through counterclaims, affirmative defenses, or otherwise – the privilege would still be waived.

On the evening of April 26, the parties entered into a stipulation dismissing the fifth and sixth counterclaims with prejudice. ECF 130. On April 27, counsel for Defendants requested by email that this Court hold a hearing on whether the Order's finding of a privilege waiver should be modified in light of the dismissal of these counterclaims. For the reasons set forth below, the Order should not be modified – and certainly not based solely upon the dismissal of fifth and sixth counterclaims.

## **ARGUMENT**

### **I.    DEFENDANTS HAVE WAIVED THE PRIVILEGE BY ASSERTING THEIR AFFIRMATIVE DEFENSES**

It is a well-settled "rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation." *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003). This rule applies "where the client asserts ***a claim or defense*** that places at issue the nature of the privileged material." *Id.* at 719; *see also Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6168035, at *10

(C.D. Cal. June 12, 2018) ("The Court agrees that by asserting the [affirmative] defense, Defendants necessarily place privileged information regarding their [affirmative] defense at issue in the lawsuit. Defendants cannot use privileged communications as both a sword to assert the [affirmative] defense and a shield to prevent [plaintiff] from discovering information relevant to the defense—but that is exactly what they are attempting to do here."); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6138160, at *5 (C.D. Cal. Jan. 24, 2018) ("the Court finds that by asserting these affirmative defenses, Defendants have impliedly waived the attorney-client privilege because they have placed the information supporting those defenses at issue in this lawsuit."); *Apple Inc. v. Samsung Elecs*. Co., 306 F.R.D. 234, 241 (N.D. Cal. 2015) ("Samsung put the [privileged] documents at issue by raising affirmative defenses"); *Int'l Rectifier Corp. v. IXYS Corp.*, 2002 WL 35649417, at *5 (C.D. Cal. Apr. 1, 2002) (waiver had occurred because defendant "may not assert its equitable affirmative defenses while at the same time asserting the privilege with respect to the communications and information from counsel that are vital to [plaintiff's] response to those defenses"); *Fox v. California Sierra Fin. Servs.*, 120 F.R.D. 520, 530 (N.D. Cal. 1988) ("By asserting affirmative defenses, defendants have placed the information supporting those affirmative defenses at issue in this lawsuit. The general rule is that placing privileged communications at issue in a lawsuit waives the privilege for such communications"); *Fox v. Cty. of Tulare*, 2013 WL 5347463, at *1, n. 4 (E.D. Cal. Sept. 23, 2013) ("The Court rejected Defendants' suggestion that privileges are only waived when communications are used offensively but not when used defensively").

Here, FF and Smart King raised a panoply of affirmative defenses in their Second Amended Answers which squarely put at issue Plaintiff's performance. For example:

- Fifth Affirmative Defense for Reasonable, Good Faith, Non-Discriminatory, And Non-Retaliatory: "***Liu was terminated for his failure to perform under his roles as FF's Global General Counsel, Global Chief Administrative Officer, and Global Senior Advisor. Liu was also terminated for his serious breaches of contract and the***

*fiduciary duties that he owed to FF, including, but not limited to, the duties of loyalty, care, and competence*." SAA ¶5

- Seventh Affirmative Defense for Breach Of Fiduciary Duty: "Liu's Complaint is barred, in whole or in part, on the ground that Liu violated the fiduciary duties that he owed to FF during his employment with FF . . . *Liu breached his duty of care when he, among other things, failed to act as a reasonably careful Global General Counsel, Global Chief Administrative Officer, and Global Senior Advisor would have acted under the same or similar circumstances. Liu also breached his duty of loyalty by failing to take action in the best interests of FF. Liu breached his duty of loyalty to FF by, among other things, abstaining, refusing and failing to undertake necessary tasks and actions as FF's Global General Counsel, Global Chief Administrative Officer, and Global Senior Advisor, to further his own self interests.*" SAA ¶7.

- Eighth Affirmative Defense For Recission Based On Breach Of Fiduciary Duty: "*Liu's Complaint and the claims therein fail to the extent that they rely upon the Employment Agreement, which, because of Liu's breaches of the fiduciary duties that he owed to FF and as described under FF's Fifth and Sixth Affirmative Defenses, is rescindable.*" SAA ¶8

- Eleventh Affirmative Defense for Breach By Plaintiff: "Liu's Complaint is barred, in whole or in part, due to Liu's breaches of the Employment Agreement as detailed in FF's SAC and incorporated herein. *Liu's failure to perform his duties as a Senior Board Member of Smart King, Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor of FF, constitute breaches of the Employment Agreement, excusing any purported nonperformance by FF.*" SAA ¶11.

- Nineteenth Affirmative Defense Of Equitable Estoppel: "Liu's Complaint is barred, in whole or in part, by the doctrine of estoppel. When FF entered into the Employment Agreement with Liu, Liu made multiple representations of material fact, upon which FF detrimentally relied. *However, once that agreement was entered and Liu began his employment at FF, Liu was unable or unwilling to perform, acting contrary to his prior asserted material representations*. Therefore, Liu

must be equitably estopped from relying upon and enforcing the Employment Agreement." SAA ¶19.

- **Twentieth Affirmative Defense Of Conditions Precedent:** "Liu's Complaint is barred, in whole or in part, because he failed to meet certain conditions precedent to FF's obligations under the Employment Agreement. *Liu's performance of his job duties was a condition precedent to receiving payment for such duties. However, Liu refused or failed to fulfill his job duties under his roles with FF and to fulfill the promises that he made to FF to induce FF to hire him.* Accordingly, there was a failure of these conditions precedent to Liu receiving any benefits under the Employment Agreement." SAA ¶20.

- **Twenty-First Affirmative Defense Of Intervening Superseding Causes:** "Liu's Complaint is barred, in whole or in part, because any alleged harm was due to intervening and/or supervening causes. *Liu's complained of damages were proximately caused by his own failure to perform his job duties, as detailed in FF's SAC and incorporated herein*, which constitutes an intervening or superseding cause of the damages he alleges in the Complaint." SAA ¶21.

- **Twenty-Second Affirmative Defense:** "*Liu acted in bad faith when he refused to perform job functions and act in FF's best interest, despite a fiduciary duty to do so*." SAA ¶22.

- **Twenty-Seventh Affirmative Defense Of Breach Of The Implied Covenant Of Good Faith And Fair Dealing:** "Liu's Complaint is barred, in whole or in part, on the ground that Liu breached the implied covenant of good faith and fair dealing in the Employment Agreement. *Liu's failure or refusal to perform did not constitute a direct breach of the Employment Agreement, his conduct frustrated the purpose of that agreement, destroying and injuring FF's right to receive the benefits of that agreement*." SAA ¶27.

Under these circumstances, FF and Smart King's affirmative defenses (like FF's now-dismissed fifth and sixth counterclaims) put at issue the entirety of Plaintiff's performance while he was employed by FF. Accordingly, Defendants have waived the privilege as to attorney-client communications concerning Plaintiff's employment

performance.  There is no reason for the Court to modify its Order based on the dismissal of the fifth and sixth counterclaims.

## II.    DEFENDANTS CANNOT BELATEDLY "CLAW BACK" THEIR WAIVER, BECAUSE PLAINTIFF WAS AND CONTINUES TO BE PREJUDICED BY THEIR IMPROPER PRIVILEGE ASSERTIONS

Even if the Court is inclined to revisit the scope of Defendants' waiver, it is too late for Defendants to put the privilege genie back in the bottle.  Parties cannot withdraw claims in order to "retract" a waiver after having already benefited from their assertion of privilege.  *See Apple Inc. v. Samsung Elecs. Co,*, 2015 WL 3863249, at *11-12 (N.D. Cal. June 19, 2015) (noting that precedent does not allow a party to "withdraw arguments after that party had already advanced, and benefited from, the arguments … Samsung, having already benefited from its arguments to Judge Grewal about the contents of the privileged documents, cannot now seek to withdraw those arguments").

Here, throughout this litigation, Defendants have employed a strategy of attacking Plaintiff using selective disclosures of privileged and confidential materials, while denying Plaintiff access to any privileged and confidential materials that support his case.  For example, as the Court correctly recognized at the April 26 hearing, Defendants selectively leaked information about Sidley Austin's review of Plaintiff's employment agreement in support of their counterclaim concerning Plaintiff's alleged violation of attorney ethics rules during the negotiation of that agreement, without providing any discovery that would allow Plaintiff to test Defendants' assertions about Sidley Austin's role.

Since the Order was issued, Defendants have doubled down on this strategy.  Indeed, ***just hours after the Order was issued***, on the evening of April 26, Defendants filed a motion for summary judgment seeking judgment on all of Plaintiff's remaining claims and requiring Plaintiff to respond by May 3, 2021, less than a week from today.  In their brief in support of the motion, Defendants claim that the "the uncontroverted

facts" require the dismissal of all of Plaintiff's claims.   ECF 131-1, at 1.  Nowhere in their summary judgment motion do Defendants acknowledge that (as demonstrated in the Motion) they are selectively and improperly withholding over a thousand documents under the guise of "privilege" that are required to be produced by May 5, 2021 under the Order.  Nor do Defendants acknowledge that depositions in this action have been abruptly shut down on the eve of trial based upon Defendants' continued improper assertions of Privilege.  Plaintiff's ability to respond to Defendants' motion (and obtain critical discovery and prepare for trial)  has been unduly prejudiced by Defendants' gamesmanship regarding privilege.  Having gained a significant advantage in briefing and trial preparation by cutting off Plaintiff's access to discovery based upon meritless privilege assertions, Defendants cannot now "retract" their waiver.

## CONCLUSION

For all of the foregoing reasons, the Order should not be modified.  To the extent the Court considers any modification of the Order to limit the scope of a privilege waiver, the Court should require (as a condition of any such modification) that Defendants immediately dismiss with prejudice any remaining claims or defenses that place Plaintiff's performance during his employment at issue.

DATED:  April 27, 2021

FOUNDATION LAW GROUP LLP

By:/s/ Kevin D. Hughes
        KEVIN D. HUGHES
        *Counsel for Plaintiff/Counter-*
        *Defendant Hong Liu*

MEMORANDUM OF POINTS AND AUTHORITIES

SEIDEN LAW GROUP LLP


By: /s/ Amiad Kushner
        AMIAD KUSHNER
        JAKE NACHMANI
        *Counsel for Plaintiff/Counter-
        Defendant Hong Liu*

MEMORANDUM OF POINTS AND AUTHORITIES

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

Dated: April 27, 2021                              /s/ Kevin D. Hughes

Kevin D. Hughes

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-10-

MEMORANDUM OF POINTS AND AUTHORITIES