Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email: kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
Jnachmani@seidenlawgroup.com
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone:   (646) 766-1914
Facsimile:    (646) 304-5277

*Attorneys for Plaintiff/Counter-Defendant,
Hong Liu*

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>                 Plaintiff,<br><br>                 v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG<br><br>                 Defendants.<br><br>FARADAY&FUTURE INC.,<br><br>                 Counterclaimant,<br><br>                 v.<br><br>HONG LIU,<br><br>                 Counter-Defendant. | Case No: 2:20-cv-08035-SVW-JPR<br><br>**PLAINTIFF HONG LIU'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS FARADAY&FUTURE, INC. AND SMART KING LTD.'S  MOTION FOR SUMMARY JUDGMENT**<br><br>Filed concurrently with a Memorandum of Points and Authorities, the Declaration of Jake Nachmani, and [Proposed] Order<br><br>Motion filed on: April 26, 2021<br><br>Hearing Date: May 24, 2021<br><br>Judge:       Hon. Stephen V. Wilson<br>Trial Date:  June 8, 2021 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu"), by his undersigned counsel, will and hereby does apply *ex parte* (the "Application") for an extension of time to file his opposition to defendants Faraday&Future Inc.'s ("FF") and FF Intelligent Mobility Global Holdings Ltd.'s (f/k/a Smart King Ltd. ("Smart King") and collectively with FF, "Defendants") motion for summary judgment, filed pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF 131) (the "Motion").  Plaintiff requests that his time to file an opposition to the Motion be postponed until May 12, 2021, which would be seven days after the May 5, 2021 deadline set by Magistrate Judge Rosenbluth in her April 26, 2021 Order (ECF 128) for Defendants to produce outstanding documents.

This Application is made pursuant to Local Rule 7-19 and is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jake Nachmani and the exhibits attached thereto, the Proposed Order, the pleadings and records on file herein, and upon all other arguments and evidence that may be presented to this Court.

Dated: April 27, 2021

Respectfully submitted,

FOUNDATION LAW GROUP LLP

By:/s/ Kevin D. Hughes
*Attorneys for Plaintiff/Counter-
Defendant Hong Liu*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu)" hereby applies *ex parte* pursuant to Local Rule 7-19 for an extension of time to file his opposition to Defendants' Motion for Summary Judgment (ECF 131) ("Motion") until May 12, 2021, which is seven days after the May 5, 2021 deadline set by Magistrate Judge Rosenbluth in her April 26, 2021 Order (ECF 128) ("April 26 Order") for Defendants to produce outstanding documents.[1]

Plaintiff's opposition to the Motion is currently due on May 3, 2021, less than a week from today. Plaintiff would be unduly prejudiced if he had to respond to the Motion by May 3, particularly because, as the parties informed Your Honor and as explained below, a significant privilege dispute arose which has abruptly shut down document and deposition discovery. On April 26, 2021, following expedited briefing and an oral argument on this privilege issue, Magistrate Judge Rosenbluth found that Defendants had waived the privilege and ordered Defendants to produce by May 5, 2021 over 1000 documents which Defendants had improperly withheld, including documents that Plaintiff believes are relevant to the Motion. *See* April 26 Order.

Plaintiff seeks this relief for good cause and for a number of reasons.

*First*, without being granted a sufficient extension of time to oppose Defendants' Motion, Plaintiff will be left without the benefit of critical discovery to which he is entitled and which is directly relevant to the Motion. As referenced above, discovery has been delayed due to a significant privilege issue which led the parties to stipulate

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Complaint (ECF 1) and Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Dismiss FF's Second Amended Counterclaim (ECF 108-1). "SACC ¶__" are references to paragraphs in FF's Second Amended Counterclaim. "SAA ¶__" are references to paragraphs in FF and Smart King's Second Amended Answers (ECF 93 & 94) ("Second Amended Answers"). References to "Ex. __" are exhibits to the Declaration of Jake Nachmani. Unless otherwise noted, all emphasis is added, and all internal quotations and citations are omitted.

on April 15, 2021 to a three-week extension of the litigation schedule.  In support of

that stipulation, Defendants' counsel submitted a Declaration informing this Court that:

> On April 15, 2021 . . . the parties discussed with Judge
> Rosenbluth that a significant dispute has arisen between the
> Parties relating to the applicability and scope of the attorney-
> client privilege and attorney work product doctrine in this
> case, which the Parties agree should be resolved before
> proceeding with the approximately ten depositions that are
> currently scheduled to occur before the April 23, 2021 fact
> discovery deadline. Judge Rosenbluth has granted expedited
> briefing on this privilege issue, but indicated that her schedule
> is such that she will not be able to resolve this issue until April
> 23 at the earliest. Under the circumstances, the parties have
> agreed to reschedule the approximately ten depositions that
> had been scheduled to occur on or before April 23 . . .  As a
> result, additional time is needed to complete these
> approximately ten depositions. Under the circumstances, the
> Parties respectfully submit these facts as good cause for the
> three week extension requested herein.

ECF 119-1.

On April 16, 2021, Plaintiff filed an Expedited Motion for Determination of

Urgent Privilege Isuse (ECF 120) ("Privilege Motion").  In the Privilege Motion,

Plaintiff set forth that Defendants were improperly withholding a trove of relevant

documents from production based on improper assertions of privilege, including

documents relating to the involvement of Sidley Austin LLP ("Sidley Austin") in

reviewing Plaintiff's employment agreement.  Plaintiff detailed that, because FF had by

its Second Amended Counteclaim ("SACC") placed at issue *all aspects* of Plaintiff's

performance as FF's General Counsel, Defendants had waived the privilege over all

attorney-client communications relating to Plaintiff's performance. *See* Plaintiff's

Privilege Motion at 11-14.

Significantly, the withheld documents include documents relating to Sidley

Austin's review of Plaintiff's employment agreement, which are of particular relevance

to Defendants' now-pending Motion for Summary Judgment.  In the Privilege Motion,

Plaintiff set forth that Defendants' selective disclosures regarding Sidley Austin's role in reviewing Plaintiff's employment agreements had waived any privilege as to Sidley Austin role concerning Plaintiff's employment agreements. *See* Plaintiff's Privilege Motion at 9, 13-14. Plaintiff explained that unless he can obtain access to these communications, he will be unable to defend himself against Defendants' claims, including their claim that Plaintiff drafted his employment agreements by himself in purported violation of the Rules of Professional Conduct. *See id*. at 2-3, 13.

Magistrate Judge Rosenbluth agreed with Plaintiff. On April 26, 2021, Judge Rosenbluth granted Plaintiff's Privilege Motion in its entirety, holding that Defendants had waived privilege over FF's communications with Sidley Austin concerning the employment agreement and that FF's counterclaims put at issue *all aspects of Plaintiff's employment with FF*, triggering an unlimited waiver of the attorney-client privilege as to *all* attorney-client communications relating to Plaintiff's performance during his employment. *See* April 26 Order. Of critical relevance to Defendants' now-pending Motion for Summary Judgment, Judge Rosenbluth ordered Defendants to produce all attorney-client communications concerning Sidley Austin's role in connection with the negotiation, drafting, and review of Plaintiff's employment agreements with FF. *See id.* The Court further ordered Defendants to produce numerous previously-witheld documents (comprising over 1000 documents on Defendants' privilege logs) in two tranches: the first to be made no later than April 30, 2021; the second is to be made no later than May 5, 2021 (unless the April 26 Order is stayed by the Court).[2]

Notwithstanding the express terms of the April 26 Order and the fact that the parties had previously informed Your Honor that discovery was abruptly halted by the

---

[2] On April 27, 2021, counsel for Defendants requested that Judge Rosenbluth hold a hearing on whether the April 26 Order's finding of a privilege waiver should be modified in light of Defendants' dismissal of their fifth and sixth counterclaims. Ex. A. In response to Defendants' request, Plaintiff's filed a Supplemental Memorandum of Points and Authorities in Support of the Privilege Motion (ECF 133), demonstrating that no modification of the April 26 Order is warranted.

privilege issue, Defendants filed their Motion ***mere hours after the April 26 Order was issued***, maintaining that the "the uncontroverted facts" require the dismissal of all of Plaintiff's claims. ECF 131-1 at 1. By filing their Motion now, Defendants seek to place Plaintiff in an untenable position, forcing Plaintiff to respond before he can obtain the critical discovery to which he is entitled, including the over a thousand documents ordered to be produced under the April 26 Order.

Without an extension, Plaintiff's response to the Motion will be due May 3, 2021, before Plaintiff receives the full production mandated by the April 26 Order. Under that Order, Defendants' document production is required to be completed on May 5, 2021. Accordingly, Plaintiff would have ***no opportunity*** to review these critical documents before his opposition brief is due. If an extension of time were ever warranted, it is here under these circumstances.

*Second*, an extension is also warranted in order to avoid duplicative briefing on legal issues already before the Court, a ruling on which may moot Defendants' Motion. Plaintiff's fully-briefed Motion to Dismiss the SACC (ECF 108, 115, 121) concerns identical issues raised by Defendants in their Summary Judgment Motion. For example:

- In the SACC, FF maintains that Plaintiff purportedly violated various Rules of Professional Conduct, including New York Rules of Professional Conduct 1.5, 1.7, and 1.8(a) and California Rules of Professional Conduct 3-300, 3-31, and 4-200. *See* SACC ¶¶45, 49, 76-98.

- In Plaintiff's Motion to Dismiss, Plaintiff sets forth why the SACC failed to adequately state a claim under FF's cited provisions of the Rules of Professional Conduct (ECF 108 at 5-9; ECF 121 at 3-5).

- In Defendants Summary Judgment Motion, Defendants repeat the same contentions they made in opposing Plaintiff's Motion to Dismiss, *i.e.*, that Plaintiff's purported violations of the Rules of Professional Conduct warrant a finding that the Employment Agreement be held unenforceable. *See* Motion at 11-19.

In ruling on Plaintiff's Motion to Dismiss, if the Court determines that FF has failed to adequately state a cause of action under the cited provisions of the Rules of Professional Conduct, Defendants' identical arguments on summary judgment would fail, mandating the denial of summary judgment on those grounds.

For all of the above reasons and notwithstanding the many other critical deadlines Plaintiff must meet and discovery in which Plaintiff must engage prior to this action's imminent June 8 trial date, Defendants' requiring Plaintiff to respond to their Summary Judgment Motion while Plaintiff's Motion to Dismiss is *sub judice* is prejudicial to Plaintiff and wasteful of the Court's resources.  An extension of time is warranted.

**Local Rule 7-19.1 Statement**

On April 27, 2021, just hours after Defendants filed their Motion for Summary Judgment, counsel for Plaintiff emailed Defendants' counsel, requesting an extension of time to respond to Defendants' Motion for Summary Judgment. Ex. B. Eleven hours later, Defendants counsel rejected Plaintiff's request. Ex. C.  Within the hour of Defendants' counsel's response and pursuant to Local Rule 7-19, Plaintiff's counsel contacted Defendants' counsel by email and advised them of Plaintiff's intent to file this Application and this Application's substance. Ex. D. Plaintiff's counsel informed counsel for Defendants of the 3:00 p.m. deadline on the next business day following service to file an opposition.  *Id.*  Plaintiff's counsel also inquired if counsel for Defendants intended to oppose the Application.  *Id.*  Defendants counsel objects to this Application.

Pursuant to Local Rule 7-19, the name, address, telephone number, and e-mail address of counsel for the opposing party is as follows:

KEVIN CRISP
kevin.crisp@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.567.3537
Facsimile:   949.622.2739

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff's *ex parte* application for an extension of time to respond to Defendants' Motion for Summary Judgment should be granted. Plaintiff's time to respond to the Motion shall be extended to May 12, 2021.

DATED:  April 27, 2021

FOUNDATION LAW GROUP LLP

By:<u>/s/ Kevin D. Hughes</u>
    KEVIN D. HUGHES
    *Attorneys for Plaintiff/Counter-Defendant*
    *Hong Liu*

SEIDEN LAW GROUP LLP

By: <u>/s/ Amiad Kushner</u>
    AMIAD KUSHNER
    JAKE NACHMANI
    *Attorneys for Plaintiff/Counter-Defendant*
    *Hong Liu*

EX PARTE APPLICATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System").  The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

Dated: April 27, 2021                                    /s/ Kevin D. Hughes

                                                                    Kevin D. Hughes