# EXHIBIT B

COURTCALL TELECONFERENCE - April 26, 2021

Page 1

```
 1                 UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
 2                       WESTERN DIVISION

 3                          --oOo--

 4       BEFORE THE HONORABLE JEAN P. ROSENBLUTH, JUDGE

 5                          --oOo--

 6     _____
                                    )
 7     HONG LIU,                    )
                                    )
 8            Plaintiff,            )
                                    )
 9        v.                        ) CASE NO.
                                    ) CV20-08035-SVW (JPRx)
10                                  )
       FARADAY & FUTURE INC., et    )
11     al.,                         )
                                    )
12            Defendants.           )
                                    )
13     _____)

14

15

16

17     DUE TO COVID-19 PANDEMIC RULES, THIS REMOTE HEARING WAS

18            CONDUCTED VIA COURTCALL TELECONFERENCE

19                  Monday, April 26, 2021

20                        8:33 a.m.

21

22

23

24

25     REPORTED BY:  TERESA KENWORTHY, CSR No. 6673
```

```
 1        REMOTE APPEARANCES VIA COURTCALL TELECONFERENCE

 2

 3    For the Plaintiff:

 4
              SEIDEN LAW GROUP LLP
 5            BY:  AMIAD M. KUSHNER, ESQ.
              BY:  KEVIN D. HUGHES, ESQ.
 6            22 Eighth Avenue, Suite 1704
              New York, NY 10001
 7            212-523-0686

 8

 9    For the Defendants:

10
              TROUTMAN PEPPER HAMILTON SANDERS LLP
11            BY:  JEFFREY M. GOLDMAN, ESQ.
              BY:  PAUL B. GEORGE, ESQ.
12            BY:  ALAN J. KESSEL, ESQ.
              BY:  KEVIN A. CRISP, ESQ.
13            BY:  LAUREN E. GROCHOW, ESQ.
              5 Park Plaza, Suite 1400
14            Irvine, California 92614-2545
              949-622-2700
15

16

17                       --oOo--

18

19

20

21

22

23

24

25
```

COURTCALL TELECONFERENCE - April 26, 2021

Page 3

```
1         REPORTED REMOTELY VIA COURTCALL TELECONFERENCE
2                     Monday, April 26, 2021
3                          8:33 a.m.
4        BEFORE THE HONORABLE JEAN P. ROSENBLUTH, JUDGE
5                           --oOo--
6         THE CLERK:  The United States District Court is
7    now in session.  The Honorable Jean P. Rosenbluth,
8    United States Magistrate Judge presiding.
9         Calling Case No. CV20-08035-SVW (JPRx), Hong Liu
10   versus Faraday & Future Inc., et al.
11        Counsel, please state your appearances for the
12   record.
13        MR. KUSHNER:  Good morning, Your Honor.  This
14   is Amiad Kushner from Seidan Law Group for the
15   plaintiff.
16        THE COURT:  All right.  Hello.
17        MR. GOLDMAN:  Good morning, Your Honor.  This
18   is Jeff Goldman for defendants, Faraday & Future,
19   Inc., Smart King Ltd.
20        THE COURT:  Hello to you as well.
21        MR. GEORGE:  Good morning, Your Honor.  This is
22   Paul George on behalf of defendants.
23        THE COURT:  Hello.
24        MR. KESSEL:  Good morning, Your Honor.
25   Alan Kessel on behalf of defendants and counterclaimant.
```

```
 1    any such motion which in any event would have to be
 2    decided by the district judge.  And my job is just to
 3    assess what discovery is warranted in light of the
 4    current pleading and the current counsel, I guess I
 5    should say.
 6         And if you do file such a motion, right now it is
 7    speculative, but if you do file such a motion, you can
 8    always ask the district judge to stay my discovery
 9    order, but right now I'm just ignoring that.
10         The same thing with your arguments about General
11    Dynamics, that case says that in the situations that you
12    have outlined, those claims have to be dismissed.  Well,
13    I don't know.  I did glance at some of the prior
14    motions.  I don't recall seeing that you moved to
15    dismiss on that basis, but if you had, I think the
16    district judge must have denied it.  But if you haven't,
17    then again that's speculative.  That's for the district
18    judge to decide.
19         And if you do file such a motion and/or if you
20    got one pending and the judge grants it, then you can
21    seek some kind of stay of my discovery order, but right
22    now I'm ignoring that.
23         As to plaintiff's waiver argument, clearly
24    defense understands because they said they will produce
25    some of this information.  They do understand at least
```

| | |
|---|---|
| 1 | to some degree some waiver has taken place. |
| 2 | So we need to talk about when those documents are |
| 3 | going to be produced, but I have to say I don't think |
| 4 | the waiver is as limited as the defendants are trying to |
| 5 | make it out to be. |
| 6 | And certain of your counterclaims, like the fifth |
| 7 | and the sixth counterclaims you are essentially saying |
| 8 | that Mr. Liu did nothing right while he was there, and |
| 9 | you are seeking disgorgement of all funds that you paid |
| 10 | to him during his employment, which would seem to me to |
| 11 | indicate that you are claiming that he did everything |
| 12 | wrong. |
| 13 | So it does seem to me that you can't -- you have |
| 14 | waived the privilege issue pretty much to everything. |
| 15 | And we can talk about that.  But if you got rid of |
| 16 | perhaps your fifth and sixth, and I would have to look |
| 17 | back at some of the later counterclaims, maybe the |
| 18 | waiver would be more limited, but right now it seems to |
| 19 | me to be pretty broad. |
| 20 | I don't understand -- and maybe since you folks |
| 21 | agreed on it, I must be missing something, but I don't |
| 22 | understand why at our last hearing we had to put off |
| 23 | when the plaintiff's production that I granted was due, |
| 24 | and I didn't see anybody address in their pleadings when |
| 25 | plaintiff should have to produce the documents that I |

```
 1    previously ordered.  So we can talk about that.
 2          Again, this is what happens when there is a short
 3    briefing schedule and we are doing things on the fly,
 4    but defendants have made certain arguments about
 5    plaintiff failing to comply with Rule 37.  I thought you
 6    had waived any such argument, because plaintiff was
 7    going to file an ex parte and then you agreed that you
 8    would not -- you could do something in between an
 9    ex parte and a fully noticed motion, which is that you
10    are agreeing to have this expedited motion briefing
11    schedule, and I made the point that, you know, that
12    doesn't mean that he didn't create the crisis that is
13    requiring this expedition.  And I believe that
14    defendants' counsel said, well, that's true, but we are
15    agreeing to give that up, you know, we will agree to the
16    briefing schedule.
17          So I think your arguments about Rule 37 and meet
18    and confer and all that are just out the window because
19    you agreed to this.  I'm not sure why I agreed to it,
20    because I spent a lot of time over the weekend working
21    on this, but in any event that's about -- those are my
22    conclusions.  And I'm happy to hear from anybody who
23    wants to speak.  And again, please remember to introduce
24    yourself.
25          I should say one other thing.  I am as I warned
```

```
 1    the sixth counterclaims that would need to be dropped.
 2    And then I would think that the scope of the waiver is
 3    broader than you contend but less than everything.
 4         MR. GOLDMAN:  Broader in what sense?
 5         THE COURT:  Like I just said, that I think that
 6    they have a right to the stuff concerning Sidley and I
 7    think that they have a right also to any privileged
 8    stuff concerning Mr. Liu's termination, because in my
 9    mind that goes to -- could go conceivably to also
10    encompass what he was hired to do, why he was being
11    fired, what you think he hasn't done, et cetera,
12    et cetera.
13         So that to me then anything about his termination
14    book ends would be the employment agreement.
15         MR. KUSHNER:  This is Amiad Kushner again.
16         Defendants' counsel is now raising hypotheticals
17    about what might or might not happen if they might or
18    might not drop claims.  I think they are asking for an
19    advisory opinion impermissibly.
20         If they withdraw claims, we can deal with that,
21    but at the moment all the counterclaims are there, at
22    the moment they are blocking discovery of materials that
23    Your Honor has noted they have waived through their
24    counterclaims.
25         THE COURT:  Right.
```

COURTCALL TELECONFERENCE - April 26, 2021

Page 26

```
 1         Wait, I need to get off the phone.  So it is
 2   clear to me that you folks need to meet and confer.  You
 3   need to figure out what you are going to do about this.
 4         And again, we can't go into all this right now,
 5   but if defendants drop claims five and six, I'm happy to
 6   define what I then think is the scope of the waiver of
 7   the privilege would be, but I'm going to set dates, but
 8   I need to wrap this up unfortunately.
 9         MR. KESSEL:  Your Honor, Alan Kessel.  One last
10   question.
11         If we stipulate or get a ruling from Judge Wilson
12   that limits counterclaims five and six the way that we
13   have delineated both in the complaint and in the
14   opposition, can we also come back to you to in that
15   sense to further define what's required to be produced
16   on our end?
17         THE COURT:  You can, but I don't feel that I
18   have much else I can do other than set some dates
19   before Judge Wilson rules.
20         For all I know he is going to issue an order
21   today on plaintiff's motion to dismiss the
22   counterclaims.  I just don't know.  So a lot of moving
23   parts.  I can only do -- as the plaintiff is correct, I
24   can only rule on what's before me now.  And then if
25   things change based on what Judge Wilson does, please
```

```
 1    call free to call Ms. Martinez.
 2           But be mindful, please, that we work with all the
 3    district judges and we all have different ways of doing
 4    things.
 5           I am going to be reluctant to issue any kind of
 6    order that, you know, more than minimally interferes
 7    with schedules that Judge Wilson has set.  So just keep
 8    that in mind.
 9           So here's what I'm going to do, here's what I am
10    going to do:  So first, the plaintiff's previously
11    ordered production all of it must be completed by this
12    Thursday, which is April 29th.
13           The privilege waiver production that defendants
14    agreed to in their filing must be completed by
15    April 30th.
16           If defendant filed some -- my order about -- look
17    I'm sorry, I'm getting ahead of myself.
18           The production of all other stuff being withheld
19    as privileged concerning anything relating to Mr. Liu's
20    employment with defendants is due by May 5th.  I'm
21    staying that order until April 28th for defendants
22    either to -- well, you folks are ordered to meet and
23    confer either today or tomorrow -- well, I will say
24    today.  You are ordered to meet and confer today.  And
25    if you can reach some sort of agreement about amending
```

```
 1    the counterclaims, fine.  You have to get that on file
 2    before Wednesday.  If you can't, then defendants have
 3    until Wednesday to file something before Judge Wilson
 4    that they deem appropriate seeking a further stay and
 5    seeking to amend the counterclaim.
 6           I should also say, too, you know, under whatever
 7    it is, Local Rule -- I'm sorry, I can't remember what it
 8    is off the top of my head, but you can seek review of my
 9    order entirely before the district judge.  That rule
10    gives you 14 days to do that, but you would have to do
11    it earlier, because I am -- given the late stage of
12    these proceedings, I'm setting dates that fall before
13    that.
14           Again, I'm not telling you what to do, but that's
15    another option for you.
16           And if Judge Wilson issued some kind of ruling
17    somewhere along the way that you think would change how
18    I dealt with this stuff, you can call up Ms. Martinez
19    and we can try to set something up, but again, I am
20    going to be hesitant to do anything that interferes with
21    his schedule and by that when I extend things out to
22    produce discovery, that essentially interferes with his
23    schedule.
24           So is that clear?
25           And I will say, too, and again plaintiff is right
```

```
 1    this is sort of advisory at this point, but if you drop
 2    the fifth and sixth counterclaims entirely, it would
 3    seem to me that the waiver of the privilege would be
 4    more limited and it would be broader than -- again,
 5    broader than defendants conceded it would be the stuff
 6    they already concede, plus anything from Sidley relating
 7    to, you know, how Mr. Liu was hired and the employment
 8    agreement and anything relating to his termination.
 9         All right.
10         MR. GOLDMAN:  This is Jeff Goldman, just two
11    points of clarification, please, before we get off.
12         THE COURT:  Sure.
13         MR. GOLDMAN:  With respect to the documents
14    that are on the privileged log that will be produced
15    in the event we don't reach a stipulation or dismiss
16    our claims, we just want to make clear that the
17    privilege log has a lot of documents that don't really
18    relate to Liu but are between other people.
19         THE COURT:  Right.
20         MR. GOLDMAN:  So it is not everything, it is
21    just stuff that relates to Liu?
22         THE COURT:  Yes, I was trying to say that.  I
23    maybe wasn't very articulate.
24         MR. GOLDMAN:  I just wanted to make it clear.
25    That's all.
```

COURTCALL TELECONFERENCE - April 26, 2021

Page 30

```
 1        With respect to Sidley, we would strongly contest
 2   that that's been waived.  The internal communications
 3   between my client and Sidley are not waived.
 4        All that's been produced in this case about text
 5   messages between Mr. Liu and the lead negotiator for our
 6   client with respect to the negotiation of the employment
 7   agreement, and while certain topics were identified as
 8   to what was under review, certainly the content was
 9   never disclosed, nor the content of the defense to any
10   other of the causes of action.
11        THE COURT:  You have represented and plaintiff
12   quoted these portions, I would have to find it, but
13   you have represented that Sidley said this or Sidley
14   only did that, whatever, they have a right to test
15   that.  So you can't make representations and say all
16   Sidley did was this.  They get to see what your
17   communications were with Sidley at the time to make
18   sure that's accurate.
19        MR. GOLDMAN:  This is Jeff Goldman.
20        The representations that were made were
21   descriptions of the text messages that were produced.
22   We agree that the text messages are fair game leading up
23   to the negotiations, but the substance of the
24   conversations, those are privileged.  That has not been
25   waived in any respect.
```

```
 1              THE COURT:  Why not?  I don't understand why
 2      not.
 3              MR. GOLDMAN:  Because there is a difference
 4      between the subject matter and the content.  If we
 5      told Mr. Liu for example, hey, I sent the agreement to
 6      Sidley, they are looking at it for one issue.  That
 7      doesn't mean you get to say, okay, let me see what
 8      Sidley's legal advice was on that issue.  It means I
 9      guess the fact that it was being sent is at issue, but
10      it is not really relevant to the claim, because any
11      advice and the fact of the communication is not a
12      defense to the claims that we brought for Mr. Liu's
13      ethical violations.
14              THE COURT:  But why is it not, because you are
15      saying he violated all sorts of ethical stuff?  What
16      if your communications with Sidley include Sidley
17      saying, oh no, this wouldn't be an ethical violation.
18      I don't know.
19              MR. GOLDMAN:  Because Sidley's advice about
20      whether something is or is not an ethical violation
21      even assuming that exists is irrelevant as to whether
22      Mr. Liu gave the proper disclosures before he got
23      consent.  It is an objective standard.
24              THE COURT:  Well, I am not sure I think it is
25      irrelevant.  You are very right that maybe it is
```

| | |
|---|---|
| 1 | inadmissible, but that's different. |
| 2 | MR. GOLDMAN: Well, it is privileged. |
| 3 | THE COURT: But it is a question of whether you |
| 4 | waived that privilege, because you are asserting that |
| 5 | in the employment contract Mr. Liu violated all sorts |
| 6 | of ethical canons. |
| 7 | He claims that he told you -- or it wasn't in |
| 8 | writing I guess, but he said or somebody said, we are |
| 9 | going to get Sidley to look this over and decide, you |
| 10 | know, whether the employment -- if there's any conflict, |
| 11 | et cetera.  And so it seems to me that he has a right to |
| 12 | know and that you by claiming that he violated all these |
| 13 | ethical rules, including that he didn't put in writing |
| 14 | that you should get some outside counsel to look at it |
| 15 | or whatever, that he has a right to see what went on |
| 16 | between you and Sidley, that you waived that privilege. |
| 17 | MR. GOLDMAN: Your Honor, this is Jeff Goldman |
| 18 | again. |
| 19 | It is not a waiver and it is not relevant.  He is |
| 20 | the one that produced the text messages and decided to |
| 21 | include them in the motion to the Court.  This is the |
| 22 | problem with doing all this on a truncated notice.  He |
| 23 | is the one that provided those communications to the |
| 24 | Court to show that there was some discussion with |
| 25 | Sidley.  It is not a defense to anything. |

```
 1              THE COURT:  I've got to go.
 2              Plaintiff is right that right now this is all
 3    advisory, because I am finding that all of the privilege
 4    is waived based on the fifth and sixth counterclaims.
 5              I can't decide this issue right now.  I've got to
 6    say I tend to think you are wrong, but right now it is
 7    advisory anyway.
 8              If something happens and you need to come back to
 9    me on that one limited issue, we can do that, but I'm
10    still leaving those dates for production in place.
11              So if you come back to me in five days because
12    you guys have stipulated or you have dismissed your
13    counterclaims or they have been amended or whatever and
14    I take up this issue, I'm still leaving that May 5th
15    date.
16              So even if I don't get you on the phone until
17    May 3rd, if I find that you are wrong, you are going to
18    have to produce by May 5th.  All right?
19              MR. KUSHNER:  Thank you, Your Honor.
20              MR. GOLDMAN:  Thank you, Your Honor.
21              THE COURT:  All right.  Okay.
22              Let me just look at my notes to make sure there
23    is nothing else.
24              And please if I have not covered something that I
25    should have, please let me know, but I think I have
```

COURTCALL TELECONFERENCE - April 26, 2021

Page 34

```
 1     covered everything.
 2            And I'm sorry to rush you folks along.
 3            All right.  So nothing further from anyone?
 4            MR. GOLDMAN:  No, Your Honor, not for the
 5     defendants.
 6            THE COURT:  All right.  Thank you, we will get
 7     our minutes out as soon as we can.
 8            MR. KUSHNER:  Thank you, Your Honor.
 9            MR. GOLDMAN:  Thank you, Your Honor.
10            (Time noted:  9:16 a.m.)
11
                        --oOo--
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1   STATE OF CALIFORNIA

2   COUNTY OF PLACER

3

4           I, TERESA KENWORTHY, Certified Shorthand

5   Reporter, in and for the State of California,

6   Certificate No. 6673, do hereby certify:

7           That said proceedings were taken before me

8   at the time and place therein set forth and were taken

9   down by me in shorthand and thereafter transcribed

10  into typewriting under my direction and supervision;

11          I further certify that I am neither counsel

12  for, nor related to, any party to said action, nor in

13  any way interested in the outcome thereof.

14          In witness whereof, I have hereunto

15  subscribed my name.

16

17  Dated: April 27, 2021

18

19

20

21  _____

22  Teresa Kenworthy, CSR No. 6673

23

24

25