ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendant
SMART KING LTD. and Defendant and
Counterclaimant FARADAY&FUTURE INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>            Plaintiff,<br><br>      v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:20-cv-08035-SVW-JPR<br><br>**DISCOVERY MATTER**<br><br>The Honorable Jean P. Rosenbluth<br><br>**[PROPOSED] ORDER MODIFYING APRIL 26, 2021 ORDER RE: PRIVILEGE ISSUES**<br><br>[Filed concurrently with Defendants' Supplemental Brief]<br><br>Date:   April 29, 2021<br>Time:  2:30 p.m.<br>Place:  Courtroom 690 |

#115571159v1

The Court has considered the parties' respective papers, evidence, and argument in connection with Defendant Smart King Ltd.'s ("**Smart King**") and Defendant and Counterclaimant Faraday&Future, Inc.'s ("**Faraday**") (collectively, "**FF**") request that the Court modify its April 26, 2021 Order regarding the production of FF's privileged information in this action (the "**April 26 Order**").  Having done so, and good cause appearing therefor, the Court hereby finds and modifies its April 26 Order as follows:

Faraday's stipulation to the dismissal of the Second Amended Counterclaim's ("**SACC**") Fifth and Sixth Counterclaims, and stipulation to the dismissal of the SACC's Eighth Counterclaim to the extent it seeks declaratory relief based upon the Fifth and Sixth Counterclaims, and FF's proposed stipulated dismissal and amendment of its Affirmative Defenses, as reflected in **Exhibit A** attached to FF's April 28, 2021 Supplemental Brief, exclusively limit both FF's waiver of the attorney-client privilege and its ordered production of privileged information to the matters specifically enumerated and alleged in Paragraphs 55-59, 61, 65-66, and 69-70 of the SACC, which matters form the exclusive basis of FF's Fifth Affirmative Defense for Reasonable, Good Faith, Non-Discriminatory, and Non-Retaliatory Termination. Those specifically enumerated matters are Plaintiff and Counterdefendant Hong Liu's ("**Liu**") alleged (i) failure to lead FF to an IPO; (ii) failure to connect FF with investment banks; (iii) failure to assist FF when its Series A investor, Evergrande Health Industry Group backed-out of its funding commitment; (iv) failure to provide substantive advice as to the EVelozcity litigation, vendor concerns regarding indemnification, the records of internal FF meetings, and a potential reduction in FF's workforce; and (v) harassment of FF's equity incentive program manager and threat to fire FF's outside legal counsel when it declined to provide him with grants at improper exercise prices.

FF's waiver does not extend to, nor is FF required to produce, any privileged information regarding the "compliance issues and violations of law" alleged in

support of Liu's Complaint's Fourth Cause of Action for Wrongful Termination. *See, e.g.*, Dkt. No. 1-1 [Compl.] at ¶¶ 5, 63, 69, 71, 75, 83, and 132-133.

IT IS SO ORDERED.

DATED: _____

The Honorable Jean P. Rosenbluth
United States Magistrate Judge