UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08035-SVW-JPR | Date | April 29, 2021 |
|---|---|---|---|
| Title | *Hong Liu v. Faraday & Future Inc. et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSES [108]

Before the Court is a motion to dismiss the Second Amended Counterclaim (SACC) and strike affirmative defenses in the Second Amended Answer (SAA). The motion is GRANTED IN PART and DENIED IN PART. The Court briefly explains its reasoning below.

The parties have stipulated to dismiss with prejudice Defendant's breach of fiduciary duty counterclaim. Dkt. 130. The Court accordingly considers Plaintiff's arguments regarding this theory as a motion to strike the affirmative defense of breach of fiduciary duty based on violations of the Rules of Professional Conduct. Dkt. 93, at 15-16.

The Court finds that the SAA sufficiently alleges breach of fiduciary duty and violation of the Rules of Professional Conduct as a defense to enforcement of the Employment Agreement. Defendant asserts numerous violations of both the California and New York Rules of Professional Conduct. The Court does not address every alleged violation, because only one would suffice to uphold the affirmative defense. The Court finds that Defendant plausibly alleges that Defendant violated California Rule of Professional Conduct 3-300. *See generally BGJ Assocs. v. Wilson*, 113 Cal. App. 4th 1217 (2003) (finding business contract between attorney and client unenforceable where attorney did not rebut presumption of undue influence). Defendant alleges that, despite serving as Defendant's outside

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08035-SVW-JPR | Date | April 29, 2021 |
|---|---|---|---|
| Title | *Hong Liu v. Faraday & Future Inc. et al.* | | |

counsel, Plaintiff negotiated an employment agreement to serve as Defendant's in-house counsel with terms that were not fair and reasonable to Defendant because they provided Plaintiff with excessive remuneration.[1]  Defendant also alleges Plaintiff failed to comply with Rule 3-300's disclosure requirements.  Whether Plaintiff actually engaged in conduct violating this rule, or others, and whether any ethical violations render the employment agreement unenforceable, are questions that can only be fully addressed with the benefit of a factual record on summary judgment.  Accordingly, the motion to strike this affirmative defense is denied.

For the same reason, the Court denies the motion to dismiss the UCL claim, which is derivative of the alleged ethical violations.  *See People ex rel. Herrera v. Stender*, 212 Cal. App. 4th 614, 632 (2012) (concluding violations of the Rules of Professional Conduct could be enforced as unlawful business practices under section 17200).

The Court denies Plaintiff's motion to dismiss the constructive fraud claim.  "To state a claim for constructive fraud, a party must allege (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage."  *Dealertrack, Inc. v. Huber*, 460 F. Supp. 2d 1177, 1183 (C.D. Cal. 2006) (citing *Assilzadeh v. Cal. Fed. Bank*, 82 Cal. App. 4th 399, 414 (2000)).  "Most acts by an agent in breach of his fiduciary duties constitute constructive fraud."  *Assilzadeh*, 82 Cal. App. 4th at 415.  The particularity requirement of Rule 9(b) still applies to constructive fraud claims.  *See William Morris Endeavor Entmt., LLC v. Writers Guild of Am.*, 478 F. Supp. 3d 932, 943-44 (C.D. Cal. 2020) ("[T]o plead the circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative examples of ... representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information.").  "[R]eliance need not be pled with particularity under Rule 9(b) because it is a condition of the mind."  *In re NJOY, Inc. Consumer Class Action Ltig.*, 2013 WL 12586074, at *7 (C.D. Cal. 2013) (discussing disagreement among district courts).

---

[1] As one example, Defendant alleges the agreement entitled Plaintiff to immediate vesting of equity options worth 2% of the company even if Plaintiff was adjudicated by a court to have breached his fiduciary duty.  SACC ¶ 43(d).

:

Initials of Preparer            PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08035-SVW-JPR | Date | April 29, 2021 |
|---|---|---|---|
| Title | *Hong Liu v. Faraday & Future Inc. et al.* | | |

    Defendant has plausibly alleged the elements of constructive fraud and has done so with the particularity required by Rule 9(b). Defendant alleges a fiduciary relationship, namely an attorney-client relationship; a breach of duty, namely a failure to make disclosures under applicable ethical rules, *see*, *e.g.*, *William Morris Endeavor Entmt.*, 478 F. Supp. 3d at 944 (constructive fraud properly alleged based in part on failure to disclose conflicts of interest); *Vaxiion Therapeutics, Inc. v. Foley & Lardner LLP*, 2008 WL 5122196, at *13 (S.D. Cal. 2008) (denying summary judgment on constructive fraud claim based on undisclosed conflict of interest); justifiable reliance, which, as discussed above, is a condition of mind that need not be alleged with particularity; and damages. Accordingly, the motion to dismiss Defendant's constructive fraud claim must be denied.

    The Court finds that Defendant fails to plausibly allege unconscionability. As an initial matter, Defendant's pleading of unconscionability comes in the form of a cause of action for rescission. However, rescission is not properly a cause of action. *See Kaui Scuba Ctr., Inc. v. Padi Ams., Inc.*, 2011 WL 13227827, at *6 (C.D. Cal. 2011) ("Rescission is a remedy, not a cause of action." (citations omitted)). Even if the Court considered the unconscionability pleading on the merits, the Court would find that it lacks plausibility.

    To properly allege unconscionability, both procedural and substantive unconscionability must be present, although they can be present in different degrees. *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015) (quoting *Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). "The procedural element of unconscionability focuses on 'oppression or surprise due to unequal bargaining power.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev.*, 55 Cal. 4th 223, 246 (2012)). "The oppression that creates procedural unconscionability arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." *Id.* (quoting *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347-48 (2015)). Surprise is defined as "the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Gatton v. T–Mobile USA, Inc.*, 152 Cal. App. 4th 571, 581 (2007) (citation and quotations omitted).

    Plaintiff cannot plausibly plead oppression or surprise. Defendant was at the time of contracting a well-resourced corporation, having just received a multi-billion dollar valuation, and had ready access

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08035-SVW-JPR | Date | April 29, 2021 |
|---|---|---|---|
| Title | *Hong Liu v. Faraday & Future Inc. et al.* | | |

to counsel.  Defendant fails to allege any facts demonstrating a lack of meaningful choice, or that it was less than equal in bargaining power to Plaintiff.  Moreover, the relevant terms of the employment agreement were not buried in fine print but were clearly set forth in an instrument just three pages in length.  *See Cotchett, Pitre & McCarthy v. Universal Paragon Corp.*, 187 Cal. App. 4th 1405, 1420 (2010) (no procedural unconscionability in fee agreement with "sophisticated corporate client" with access to counsel and "equal bargaining power").

Defendant argues that the agreement is procedurally unconscionable because its personnel negotiating the agreement were not native English speakers.  However, courts have been skeptical of such arguments.  *See*, *e.g.*, *Vargas v. Delivery Outsourcing, LLC*, 2016 WL 946112, at *9 (N.D. Cal. 2016).  Moreover, Defendant's allegation that Plaintiff took advantage of a language barrier is not plausible under these circumstances.  Defendant had ample resources to either translate the agreement or engage a negotiator who was a native English speaker.

Consequently, Defendant has failed to plausibly allege unconscionability.[2]

For the foregoing reasons, the Court orders as follows:
- Plaintiff's motion is denied as to Defendant's defenses to enforcement based on breach of fiduciary duty and ethical violations, as well as to the UCL claim.
- Plaintiff's motion is denied as to Defendant's constructive fraud claim.
- Plaintiff's motion is granted as to Defendant's unconscionability claim.
- Plaintiff's motion is denied as moot as to Defendant's breach of contract claim because the claim has been voluntarily dismissed.  Dkt. 130.

Plaintiff is ordered to answer the SACC no later than May 12, 2021.

IT IS SO ORDERED.

---

[2] The Court notes that it does not and need not analyze at this stage whether the agreement constitutes an "unconscionable" fee in violation of California Rules of Professional Conduct 4-200.  *See Cotchett, Pitre & McCarthy*, 187 Cal. App. 4th at 1420 (applying substantive/procedural framework to attorney fee agreement); *Shaffer v. Superior Court*, 33 Cal. App. 4th 933, 1000 (1995) ("We see no reason not to apply [the substantive/procedural framework] to the claim of an unconscionable legal fee.  However, we are also assisted by Rule 4-200 of the Rules of Professional Conduct....").

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |