## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.  **CV 20-8035-SVW (JPRx)**                      Date: **May 3, 2021**
Title: <u>**Hong Liu v. Faraday & Future Inc. et al.**</u>
============================================================

**DOCKET ENTRY: Order Granting in Part Defendants' Request for Reconsideration of April 26, 2021 Order**
============================================================

PRESENT:

#### HON. <u>JEAN P. ROSENBLUTH</u>, U.S. MAGISTRATE JUDGE

| <u>Bea Martinez</u> | <u>      n/a      </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:            ATTORNEYS PRESENT FOR DEFENDANTS:
　　　None present　　　　　　　　　　　　　　　None present

**PROCEEDINGS: (IN CHAMBERS)**

On April 16, 2021, Plaintiff filed an "urgent" motion seeking to compel production of certain documents and asking the Court to resolve an attorney-client-privilege dispute that had arisen between the parties.  Plaintiff's motion argued exclusively that Defendants' counterclaims had put at issue the entirety of Plaintiff's former employment with them and that they had therefore waived any privilege as to production of documents concerning that employment; Plaintiff's motion nowhere argued that Defendants' affirmative <u>defenses</u> had done the same.  On April 26, after receiving and considering the expedited briefing on the matter, the Court heard argument and found that based on certain of Defendants' counterclaims, they had broadly waived any privilege concerning the full scope of Plaintiff's employment.  The Court specifically advised Defendants that if they dismissed those counterclaims it would reconsider the scope of the privilege waiver.

Later that same day the parties filed a stipulation dismissing the counterclaims the Court had identified as broadly waiving the privilege.  Defendants then requested a hearing for the Court to reconsider its order concerning the scope of the privilege waiver, and the Court agreed to hear the matter quickly, on April 29.  Each side filed briefing before the expedited hearing.  In Plaintiff's briefing, he argued for the first time that Defendants' defenses had also waived their claims of privilege.

MINUTES FORM 11                                    Initials of Deputy Clerk: bm
CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.:     **CV 20-8035-SVW (JPRx)**                                    **May 3, 2021**
              **Hong Liu v. Faraday & Future Inc. et al.**                  **Page 2**

_____

At the April 29 hearing, the Court found that Plaintiff had forfeited any right to rely on Defendants' affirmative defenses to show privilege waiver because he had not raised that argument until after the Court had already ruled on his urgent motion.[1]  See C.D. Cal. R. 7-18 (discussing necessary showings for reconsideration); Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is not appropriate when party simply failed to fully support its position first time around).  The Court took under submission Defendants' request to reconsider its prior ruling that they had broadly waived any privilege concerning Plaintiff's employment, promising at the parties' request to read Defendants' April 26 summary-judgment motion and to reread Apple Inc. v. Samsung Elecs. Co., No. 11-CV-01846-LHK, 2015 WL 3863249 (N.D. Cal. June 19, 2015) (discussing generally use of privilege as both sword and shield), and General Dynamics Corp. v. Super. Ct., 7 Cal. 4th 1164, 1170, 1190 (1994) (holding that tort-based retaliatory-discharge claim by former in-house counsel "must be dismissed" if it is "incapable of complete resolution without breaching the attorney-client privilege").

A party waives attorney-client privilege by raising a claim or defense that places at issue the nature of the privileged material.  Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003).  But the scope of the waiver must be limited to the contours of the privileged material the party has put at issue.  Id. at 720.  By dismissing the counterclaims that explicitly put at issue the entire scope of Plaintiff's employment,

_____

[1] In their briefing filed before the April 29 hearing, Defendants disputed that the defenses cited by Plaintiff waived any privilege but also offered to dismiss or amend them to cure any problem.  (See, e.g., Defs.' Suppl. Br. at 2-3.)  Although the Court did not reach the issue, it noted that the defenses were more "general" than the explicit counterclaims it had previously found had waived the privilege broadly.  It also noted that in light of its finding that Plaintiff had forfeited any ability to rely on the defenses to argue waiver, it was up to Defendants (and Judge Wilson) whether they nonetheless dismissed or amended them.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

| | | |
|---|---|---|
| Case No.: | **CV 20-8035-SVW (JPRx)** | **May 3, 2021** |
| | **Hong Liu v. Faraday & Future Inc. et al.** | **Page 3** |

_____

Defendants have narrowed the breadth of their privilege waiver.  Plaintiff argues that under <u>Apple</u>, it's too late for them to do so because they have "already advanced, and benefited from, the arguments."  (Pl.'s Suppl. Mem. at 6 (citing <u>Apple</u>, 2015 WL 3863249, at *11)).  But Plaintiff has never satisfactorily identified how Defendants have so benefited — unlike Samsung in <u>Apple</u>, which had "already submitted privileged documents for *in camera* review, already put the contents of these documents at issue, and already succeeded in avoiding greater sanctions," 2015 WL 3863249, at *12.  With one discrete exception discussed below, Defendants have not done any of these things.

Plaintiff argued at the April 29 hearing that Defendants' April 26 summary-judgment motion contended that Plaintiff had failed at every aspect of his job with Defendants, thereby waiving the privilege as to the entire scope of his employment.  The Court has carefully reviewed the motion, and its contentions concerning Plaintiff's wrongdoing are much more limited.  First, Defendants argue that Plaintiff's retaliatory-termination claim must be dismissed under <u>General Dynamics</u> because it cannot be proved without violating the privilege.[2]  (Summ. J. Mot. at 7-10, 19-24.)  But that argument — the merits of which can only be decided by the District Judge — concerns Plaintiff's use of privileged material, not Defendants'.  Thus, it has no bearing on Defendants' waiver of privilege.  Indeed, as Defendants point out, it would turn <u>General Dynamics</u> on its head if by seeking to dismiss Plaintiff's retaliatory-termination claim under it Defendants somehow effectuated a wholesale waiver of the privilege.

Plaintiff is correct, however, that Defendants' second argument in the motion — that he "solicited, negotiated, drafted, and procured his Employment Agreement" only by "violat[ing] his ethical and fiduciary duties to [Defendants] under the applicable Rules of Professional Conduct and related statutory and decisional law" (<u>id.</u> at 1)  — does put

_____

[2] Plaintiff argued at the April 29 hearing that Defendants' summary-judgment motion is untimely because it could have been filed much earlier in the litigation.  That, of course, is for Judge Wilson to decide.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

| | | |
|---|---|---|
| Case No.: | **CV 20-8035-SVW (JPRx)** | **May 3, 2021** |
| | **Hong Liu v. Faraday & Future Inc. et al.** | **Page 4** |

--------------------------------------------------------------------

at issue the parties' conduct and knowledge during the creation of the Employment Agreement and thus waives the privilege to that extent. Indeed, for that same reason the Court previously found that Defendants' remaining counterclaims, which also concern Plaintiff's conduct related to the Employment Agreement, waived any privilege as to Defendants' communications with its outside counsel, Sidley Austin, about it, and the Court's reading of the summary-judgment motion only confirms that that ruling was correct.[3]

Moreover, as Plaintiff points out, Defendants have previously acknowledged, in opposing his motion to dismiss their counterclaims, that Sidley reviewed the Employment Agreement, but they claim that it did so "solely to determine whether it caused any violation of [Defendants'] agreement with" one of its investors, not to "determine whether the terms of the Employment Agreement were fair and reasonable" to them. (Pl.'s Urgent Mot. at 13 (citing Defs.' Opp'n Mot. Dismiss, ECF No. 115).) Defendants cannot rely on their privileged communications to advance arguments in their favor and then prevent Plaintiff from testing the accuracy of their representations by withholding those documents. See, e.g., Apple, 2015 WL 3863249, at *12. Under these circumstances, Defendants have waived any privilege as to their communications with Sidley concerning the Employment Agreement. They have also waived the privilege as to documents and communications concerning Plaintiff's termination, as such documents might reasonably be expected to discuss whether his firing resulted from the ethical violations about which Defendants now complain. Defendants' summary-

_____

[3] Defendants imply that their claims concerning the Employment Agreement are limited to allegations that Plaintiff violated his "affirmative duty to advise [them] in writing to seek independent legal counsel in connection with the Employment Agreement." (Defs.' Suppl. Br. at 9.) But Defendants clearly allege many more ethical lapses and violations on Plaintiff's part in negotiating and finalizing the Employment Agreement than just that. (See, e.g., Summ. J. Mot. at 4-7, 13-19.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

| | | |
|---|---|---|
| Case No.: | **CV 20-8035-SVW (JPRx)** | **May 3, 2021** |
| | **Hong Liu v. Faraday & Future Inc. et al.** | **Page 5** |

_____

judgment motion does not, however, mention any aspect of Plaintiff's job performance once he procured his employment and thus cannot possibly have waived the privilege on any such topics, Plaintiff's arguments to the contrary notwithstanding.

Defendants argue various points about the merits of Plaintiff's first cause of action (and by extension of their counterclaims concerning the Employment Agreement) (see Defs.' Suppl. Br. at 9-10), but they confuse what might be admissible at any trial and who will prevail with what information the parties are entitled to in discovery. For purposes of the latter, the Court is guided by Federal Rule of Civil Procedure 26(b), which states that material is discoverable if it is "relevant to any party's claim" and "proportional to the needs of the case." What Defendants and their outside counsel might have discussed in negotiating, finalizing, and agreeing to the Employment Agreement is clearly relevant to Defendants' counterclaims concerning it, and Defendants have never argued that discovery concerning the Employment Agreement, including that involving Sidley, is not proportional to the needs of the case. Indeed, it lies at the heart of most of the disputed claims and counterclaims.

At the April 29 hearing, Plaintiff argued for the first time that Defendants had benefited from their privilege arguments by propounding open-ended discovery requests calling for production of documents that would otherwise have been privileged, which Plaintiff then produced.[4] Thus, Plaintiff argues, Defendants should not now be able to limit the scope of the privilege waiver by withdrawing certain counterclaims. Indeed, based on Defendants' then-extant counterclaims five and six, which they have since dismissed, Plaintiff might have been led to produce documents that are no longer at

---

[4] This argument appears nowhere in Plaintiff's supplemental memorandum, which was filed after Defendants had dismissed the offending counterclaims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

| | | |
|---|---|---|
| Case No.: | **CV 20-8035-SVW (JPRx)** | **May 3, 2021** |
| | **Hong Liu v. Faraday & Future Inc. et al.** | **Page 6** |

_____

issue.[5] But Plaintiff has not developed this argument in any way — by identifying such discovery requests or the documents he produced as a result — and did not raise it in his original urgent motion or his supplemental memorandum, and the Court therefore declines to consider it at this late date.   See, e.g., Lee v. Postmates, Inc., No. 18-cv-03421-JCS, 2018 WL 4961802, at *5 (N.D. Cal. Oct. 15, 2018) (declining to consider argument raised for first time at hearing); Greene v. Wal-Mart Stores, Inc., No. 2:15–cv–00677–JAD–NJK, 2016 WL 829981, at *3 (D. Nev. Jan. 26, 2016) (noting that argument raised for first time at hearing was waived because opposing counsel would not have opportunity to effectively challenge it), accepted by 2016 WL 829977 (D. Nev. Mar. 3, 2016).

      For all these reasons, the Court GRANTS IN PART Defendants' request for reconsideration of the April 26 order and finds that Defendants have waived any attorney-client privilege concerning the solicitation, negotiation, drafting, and procurement of the Employment Agreement as well as Plaintiff's termination.   The privilege has also been waived as to those areas Defendants previously acknowledged were waived.   (See Defs.' Opp'n Urgent Mot. at 17-18, 20.)   The privilege is otherwise intact.   Defendants should have already produced on April 30 all responsive documents concerning the areas as to which they agreed the privilege was waived.   The remainder – concerning their communications with outside counsel or anyone else about the Employment Agreement and Plaintiff's termination – remain due on May 5.

      cc: Judge Wilson

---

      [5] The likelihood that Plaintiff produced such documents is at least somewhat mitigated by the pendency at the time of his motion to dismiss most of Defendants' counterclaims, which Judge Wilson has since granted in part and denied in part.