Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email:  kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
Jnachmani@seidenlawgroup.com
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone:   (646) 766-1914
Facsimile:    (646) 304-5277

*Attorneys for Plaintiff/Counter-Defendant,
Hong Liu*

# UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

**Case No:** 2:20-cv-08035-SVW-JPR

**PLAINTIFF HONG LIU'S
*EX PARTE* APPLICATION
FOR CLARIFICATION OF THE
COURT'S MAY 3, 2021 ORDER AND
RELATED RELIEF**

Complaint filed on: January 3, 2020

Second Amended Counterclaim filed on: March 11, 2021

Judge: Hon. Stephen V. Wilson
Magistrate Judge: Honorable Jean P. Rosenbluth

Trial Date:   June 8, 2021

| | |
|---|---|
| HONG LIU, | |
| Plaintiff, | |
| v. | |
| FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG | |
| Defendants. | |
| FARADAY&FUTURE INC., | |
| Counterclaimant, | |
| v. | |
| HONG LIU, | |
| Counter-Defendant. | |

EX PARTE APPLICATION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu"), by his undersigned counsel, will and hereby does apply *ex parte* (the "Application") for clarificiation of the the Court's May 3, 2021 Order (ECF 146) and compels defendants Faraday&Future Inc., Smart King Ltd., Jiawei Wang, and Chaoying Deng (collectively, "Defendants") to immediately produce any and all documents which Defendants continue to withhold but are required to be produced under the Court's orders dated April 26, 2021 (ECF 128) and May 3, 2021 and for in camera review of documents listed on Defendants' privilege log.

This Application is made pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7-19 and is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Amiad Kushner and the exhibits attached thereto, the Proposed Order, the pleadings and records on file herein, and upon all other arguments and evidence that may be presented to this Court.

Dated: May 6, 2021

                                                          Respectfully submitted,

                                                          FOUNDATION LAW GROUP LLP

                                                          By:/s/ Kevin D. Hughes
                                                          *Attorneys for Plaintiff/Counter-Defendant Hong Liu*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu)" hereby applies *ex parte* pursuant to Local Rules 7-19 and 79-6.2 and Rule 37 of the Federal Rules of Civil Procedure for an order (i) compelling defendants Faraday&Future Inc. ("FF"), Smart King Ltd. ("Smart King"), Jiawei Wang, and Chaoying Deng (collectively, "Defendants") to immediately produce all documents which Defendants continue to withhold but are subject to the Court's April 26, 2021 and May 3, 2021 Orders (ECF 128 & 146, respectively) ("April 26 Order" and "May 3 Order", respectively); and (ii) granting *in camera* review of the documents listed on Defendants' privilege log.[1] Plaintiff seeks this relief for good cause and for number of reasons.[2]

## PRELIMINARY STATEMENT

As a result of the Court's May 3 Order, Defendants have produced only 93 additional documents, a fraction of the well over 1,000 documents withheld on their privilege log alone. Despite the Court's unambiguous Order requiring production of multiple categories of documents as a result of Defendants' waivier of privilege, Defendants continue to improperly withhold documents, as evidenced by the fact that Defendants produced only a few dozen documents on the night of the Court's May 5, 2021 production deadline. Plaintiff seeks relief on an urgent basis given that numerous depositions are scheduled for the week of May 10 to 14 and that Plaintiff would be prejudiced if Defendants do not produce missing documents immediately.

---

[1] References to "Kushner Decl." are to the Declaration of Amiad Kushner and the exhibits attached thereto. Unless otherwise noted, all emphasis is added and all internal citations are omitted.

[2] Plaintiff is proceeding *ex parte* given the impending discovery cut off date and the exigency created by the fact that numerous depositions are scheduled to occur next week and Plaintiff's opposition to FF's motion for summary judgement is due no later than May 12, 2021. *See U.S. Rubber Recycling, Inc. v. ECORE Intl.*, 2011 WL 13127557, at *2 (C.D. Cal. Oct. 5, 2011) (granting *ex parte* motion to compel where defendant failed to produce documents or failed to timely produce documents).

Pursuant to the Court's April 26 and May 3 Orders, the Court held that privilege was waived with respect to (1) Plaintiff's termination, (2) the negotiation and drafting of the Employment Agreement, and (3) a list of specifically enumerated categories by which Defendants allege that Plaintiff failed to provide advice or otherwise perform his employment duties. Defendants have failed to comply with the Court's Orders in a number of material ways.

*First*, Defendants have produced no internal communications relating to Plaintiff's termination. It strains credulity to believe that no such documents exist. Indeed, Plaintiff produced a document indicating that Defendants prepared a "script" that was read to Plaintiff at his termination meeting on February 11, 2019. Defendants failed to produce that script or any communications relating to it.

*Second*, Defendants have unilaterally created arbitrary and sweeping carve-outs from the Court's May 3 Order, such that, in Defendants' view, not all documents relating to the solicitation, negotiation, drafting, and procurement of Plaintiff's employment agreements must be produced. As the Court is likely aware, Plaintiff concurrently negotiated and signed *two* employment-related agreements with Defendants before he was hired, one of which was entitled "Employment Agreement" and the other entitled "Director Compensation Agreement" (these agreements were signed on January 26, 2018, and February 2, 2018, respectively). The parties considered these two agreements to be part of a single transaction; indeed, the Director Compensation Agreement *expressly incorporates the terms of the Employment Agreement*.[3] Sidley Austin concurrently reviewed both agreements. Nevertheless, by their most recent Court-ordered productions, Defendants have arbitrarily redacted all

---

[3] *See* Director Compensation Agreement at ¶1 ("The vesting of the Director Compensation is subject to the same vesting conditions as provided and agreed in the Employment Agreement between [Plaintiff] and [FF] dated January 25, 2018."); *id.* at ¶ 3 (providing that upon an early termination of Plaintiff, any unpaid Director Compensation should be immediately vested under the same terms as provided in the Employment Agreement).

privilege communications relating to the Director Compensation Agreement, even where Sidley Austin provided comments on that agreement and the Employment Agreement simultaneously *in the same email.*

*Third*, the Court held that Defendants had waived the privilege with respect to specific areas where Defendants alleged that Plaintiff had failed to provide advice or otherwise perform his employment duties, such as Plaintiff's alleged failure to assist FF in its funding dispute with Evergrande. As revealed during the parties' meet and confer discussions on the evening of May 6, 2021, Defendants have arbitrarily limited their production to (i) communications on which Plaintiff is copied, and (ii) communications which, according to Defendants' subjective and unilateral labeling, concern Plaintiff's advice on the matter at issue. Not surprisingly, the result has been that Defendants have produced almost no documents in response to the Court's May 3 Order.

For all these reasons and as more fully explained herein, the Court should (i) clarify the scope of its Orders to the extent necessary to resolve the disputes among the parties with respect to the Orders; (ii) order Defendants to produce additional documents to the extent their production to date does not comply with the Court's orders as clarified, and (iii) review documents withheld by Defendants *in camera* in order to test whether Defendants have complied with the Court's order.

## ARGUMENT

The Court has ordered Defendants to produce numerous categories of documents as a result of Defendants' broad privilege waiver. For example, the Court ordered Defendants to produce documents as to which they conceded the attorney-client privilege was waived, including the following categories of documents: Plaintiff's purportedly "(i) failing to lead FF to an IPO; (ii) failing to connect FF with any investment bank; (iii) failing to assist FF when its Series A investor, Evergrande, backed-out of its funding commitment; and (iv) failing to provide substantive legal advice with respect to the EVelozcity litigation, vendor concerns regarding indemnification, the recording of internal meetings, and a potential reduction in FF's

workforce, as reflected in Liu's communications quoted verbatim in the SACC. (SACC ¶¶ 50, 55-59, 61, 69-70.)." ECF 124 at 17-18; *see* April 26 Order ("The production Defendants have agreed to make (see Opp'n at 17-18, 20) must be made by no later than April 30."). The Court also ordered the production of all withheld documents concerning Plaintiff's purported "harassment of FF's equity program manager and threat to fire outside counsel unless it illegally inflated his stock options." ECF 124 at 18.[4]  Moreover, the Court specifically held in its April 26, 2021 hearing that "***pretty much anything related to Evergrande is waived***." April 26, 2021 Tr. at 9:6; 11: 9 ("***Evergrande waived***").

By its May 3 Order, as a result of the parties' supplemental briefing and April 29, 2021 hearing, the Court provided additional details as to the documents which Defendants had to produce as a result of their privilege waiver.  In addition to highlighting that Defendants had to have already produced the previously withheld documents concerning the purported five categories of "Enumerated Failures," ("Defendants should have already produced on April 30 all responsive documents concerning the areas as to which they agreed the privilege was waived") (May 6 Order at 6), the Court ordered that Defendants "***have waived any attorney-client privilege concerning the solicitation, negotiation, drafting, and procurement of the Employment Agreement as well as Plaintiff's termination***."  Furthermore, the Court held that "Defendants have waived any privilege as to their communications with Sidley concerning the Employment Agreement. They have also waived the privilege as to documents and communications concerning Plaintiff's termination, as such documents might reasonably be expected to discuss whether his firing resulted from the ethical violations about which Defendants now complain." May Order at 4.

Accordingly and taken collectively, the Court ordered production of all of the following documents:

---

[4] Defendants have referred to these five categories of documents as Plaintiff's purported "Enumerated Failures."  ECF 137 at 3; *see also* ECF 124 at 17.

- All documents concerning the solicitation, negotiation, drafting and procurement of the Employment Agreement;

- All documents concerning Plaintiff's termination;

- All documents concerning the funding dispute with Evergrande;

- All documents concerning Sidley Austin's role in connection with the Employment Agreement (*see, e.g.*, Tr. April 26, 2021 Hearing at 29:6-8); and

- All documents concerning Defendants' purported bases for terminating Plaintiff including his purportedly (i) failing to lead FF to an IPO; (ii) failing to connect FF with any investment bank; (iii) failing to assist FF when its Series A investor, Evergrande, backed-out of its funding commitment; (iv) failing to provide substantive legal advice with respect to the EVelozcity litigation, vendor concerns regarding indemnification, the recording of internal meetings, and a potential reduction in FF's workforce; and (v) Plaintiff's purported harassment of FF's equity program manager and threat to fire outside counsel unless it illegally inflated his stock options.

As set forth below, Defendants' productions following the Court's April 26 and May 3 Orders are woefully defective, as Defendants continue to withhold relevant documents in contempt of the Court's orders. Indeed and by way of comparison, over the course of this litigation, Plaintiff has produced ***1583 documents across 8287 pages***. Defendants, the corporate custodians in this action, have produced only ***627 documents across 5262 pages***; their total production pursuant to the Court's April 26 and May 3 Orders consisted of merely ***92 documents across 624 pages***. There is no legitimate basis why Plaintiff's production should dwarf Defendants'. Kushner Decl. ¶ 3.

During a meet and confer with Defendants on May 6, 2021 concerning Defendants' April 30th and May 5th production of documents, Defendants admitted that they were taking an intentionally narrow view of the Court's Orders compelling production. Kushner Decl. ¶ 28. Specifically, Defendants conceded that, notwithstanding the Court's broad language ordering production, they would not

produce any documents unless Plaintiff was a sender or receiver of an email which contained (according to Defendants' unilateral and subjective interpretation) legal advice. Kushner Decl. ¶ 28. By interpreting the Orders in this artificially narrow manner, Defendants have undoubtedly omitted documents that provide critical context which would enable Plaintiff to defend against Defendants' allegations, including the context in which Plaintiff provide or received legal advice.

The following examples demonstrate Defendants' misapplication of the Court's Orders, causing Plaintiff to be denied the relevant discovery to which he is entitled.

### Evergrande Documents

The Court by its April 26 and May 3 Orders ordered Defendants to produced all documents concerning the Evergrande funding dispute. *See* April 26, 2021 Tr. at 9:6; May 6 Order. Defendants in their own right have conceded that they had waived all documents concerning Evergrande's backing out of its funding commitment to FF.

However, Defendants have failed to comply with the Court's orders, producing a mere fraction of the documents. The relevant time period by which Evergrande backed out of its funding commitments to FF was August 31, 2018 through December 31, 2018. In Defendants' privilege log, Defendants have referenced Evergrande no less than 638 times. Of those 638 entries, 571 of them are dated from within this relevant time period. And yet by their productions from April 30 and May 5, Defendants have produced less than sixty documents concerning Evergrande; Defendants have produced roughly only ten percent of all the documents on Defendants' privilege log relating to Evergrande during the relevant time period.

The remainder of these documents must be produced, and Defendants' privilege log should be subject to in camera review.

### Termination

To date, Defendants have produced zero documents concerning Plaintiff's termination. Indeed, notwithstanding the Court's April 26 and May 3 Orders, Defendants have failed to produce a single internal document as to the circumstances

or reasons for why Plaintiff was terminated. Defendants have no excuse for this. These documents must be produced.

**Employment Agreement Documents**

As to documents relating to Plaintiff's employment, which the Court unambiguously ordered to be produced (as to both the negotiation, drafting, and solicitation of the Employment Agreement and Sidley Austin's role in the negotiations with Plaintiff), Plaintiff has reason to believe that documents are being withheld. Plaintiff has produced a picture taken by Plaintiff of a laptop at Defendants termination meeting which states that Bob Ye of Faraday "gave pre-written message." Ex. __. However, this "pre-written message" as well as any communications relating to this statement have not been produced by Defendants.

**Documents Concerning Plaintiff's Purported "Enumerated Failures"**

Pursuant to the Court's April 26 Order, Defendants were ordered to produce all documents concerning the five categories of purported "Enumerated Failures" which Defendants are using as a basis to support their counterclaims and as affirmative defenses.

Defendants have conceded that they have waived all privileges related to Plaintiff's purported failure to "provide substantive legal advice with respect to . . . a potential reduction in FF's workforce." *See* ECF 124 at 17-18. Furing October 2018, Plaintiff, having learned that FF would be laying off a substantial number of its employees and wanting to ensure that FF complied with its federal and state employment-law related obligations, ordered multiple legal memoranda to be drafted reflecting FF's reduction in labor and its duty to comply with the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"). However, Defendant's April 30 and May 5 production do not contain a single one of these memoranda. Notably Defendant's privilege log contains seventeen documents mentioning the WARN Act (Ex. 5), while only nine documents produced by Defendants on April 30, 2021 and May

5, 2021 contain any mention of the WARN Act. These remaining document need to be produced or, at minimum, reviewed in camera.

## LOCAL RULE 7-19.1 STATEMENT

Pursuant to Local Rule 7-19.1, Plaintiff's counsel contacted Defendants' counsel by phone on May 6, 2021 and advised them of Plaintiff's intent to file this Application and this Application's substance. Plaintiff's counsel informed counsel for Defendants of the 4:00 p.m. deadline on the next business day following service to file an opposition. Plaintiff's counsel also inquired if counsel for Defendants intended to oppose the Application; Defendants intend to oppose this Application.

## CONCLUSION

For all of these reasons and as more fully explained herein, the Court should (1) clarify the scope of its orders to the extent necessary to resolve the disputes among the parties with respect to the scope of such orders, (2) order Defendants to produce additional documents to the extent their production to date does not comply with the Court's orders as clarified by the Court, and (3) review a sample of documents withheld by Defendants *in camera* in order to determine whether Defendants have complied with the Court's orders.

DATED: May 6, 2021

FOUNDATION LAW GROUP LLP

By: /s/ Kevin D. Hughes
    KEVIN D. HUGHES
    *Counsel for Plaintiff/Counter-Defendant Hong Liu*

SEIDEN LAW GROUP LLP


By: /s/ Amiad Kushner
 AMIAD KUSHNER
 *Counsel for Plaintiff/Counter-Defendant Hong Liu*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

Dated: May 6, 2021                               /s/ Kevin D. Hughes
                                                 Kevin D. Hughes

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-12-