# EXHIBIT 1

COURTCALL TELECONFERENCE - April 26, 2021

```
 1                  UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
 2                       WESTERN DIVISION

 3                         --oOo--

 4         BEFORE THE HONORABLE JEAN P. ROSENBLUTH, JUDGE

 5                         --oOo--

 6     _____
                                   )
 7     HONG LIU,                   )
                                   )
 8              Plaintiff,         )
                                   )
 9         v.                      ) CASE NO.
                                   ) CV20-08035-SVW (JPRx)
10                                 )
       FARADAY & FUTURE INC., et   )
11     al.,                        )
                                   )
12              Defendants.        )
                                   )
13     _____)

14

15

16

17     DUE TO COVID-19 PANDEMIC RULES, THIS REMOTE HEARING WAS

18              CONDUCTED VIA COURTCALL TELECONFERENCE

19                    Monday, April 26, 2021

20                        8:33 a.m.

21

22

23

24

25     REPORTED BY:  TERESA KENWORTHY, CSR No. 6673
```

COURTCALL TELECONFERENCE - April 26, 2021

1           REMOTE APPEARANCES VIA COURTCALL TELECONFERENCE

2

3      For the Plaintiff:

4
               SEIDEN LAW GROUP LLP
5              BY:  AMIAD M. KUSHNER, ESQ.
               BY:  KEVIN D. HUGHES, ESQ.
6              22 Eighth Avenue, Suite 1704
               New York, NY 10001
7              212-523-0686

8

9      For the Defendants:

10
               TROUTMAN PEPPER HAMILTON SANDERS LLP
11             BY:  JEFFREY M. GOLDMAN, ESQ.
               BY:  PAUL B. GEORGE, ESQ.
12             BY:  ALAN J. KESSEL, ESQ.
               BY:  KEVIN A. CRISP, ESQ.
13             BY:  LAUREN E. GROCHOW, ESQ.
               5 Park Plaza, Suite 1400
14             Irvine, California 92614-2545
               949-622-2700
15

16

17                      --o0o--

18

19

20

21

22

23

24

25

COURTCALL TELECONFERENCE - April 26, 2021

1       REPORTED REMOTELY VIA COURTCALL TELECONFERENCE

2                    Monday, April 26, 2021

3                          8:33 a.m.

4       BEFORE THE HONORABLE JEAN P. ROSENBLUTH, JUDGE

5                           --oOo--

6           THE CLERK:  The United States District Court is

7       now in session.  The Honorable Jean P. Rosenbluth,

8       United States Magistrate Judge presiding.

9           Calling Case No. CV20-08035-SVW (JPRx), Hong Liu

10      versus Faraday & Future Inc., et al.

11          Counsel, please state your appearances for the

12      record.

13          MR. KUSHNER:  Good morning, Your Honor.  This

14      is Amiad Kushner from Seidan Law Group for the

15      plaintiff.

16          THE COURT:  All right.  Hello.

17          MR. GOLDMAN:  Good morning, Your Honor.  This

18      is Jeff Goldman for defendants, Faraday & Future,

19      Inc., Smart King Ltd.

20          THE COURT:  Hello to you as well.

21          MR. GEORGE:  Good morning, Your Honor.  This is

22      Paul George on behalf of defendants.

23          THE COURT:  Hello.

24          MR. KESSEL:  Good morning, Your Honor.

25      Alan Kessel on behalf of defendants and counterclaimant.

COURTCALL TELECONFERENCE - April 26, 2021

```
1           THE COURT:  Hello.
2           MR. CRISP:  Good morning, Your Honor.  Kevin
3    Crisp on behalf of the defendants.
4           MS. GROCHOW:  Good morning, Your Honor.
5    Lauren Grochow on behalf of defendants and
6    counterclaimant.
7           THE COURT:  Hello
8           MR. HUGHES.  Good morning, Your Honor.  Kevin
9    Hughes on behalf of plaintiff.
10          THE COURT:  All right.  Hello to you as well.
11          Since we have so many folks here if you can
12   identify yourself before you speak, I would appreciate
13   it.
14          So I obviously haven't had as much time as I
15   might have liked to prepare this, particularly given
16   that my remote access to my work computer wasn't working
17   over the weekend for whatever reason, but I got here
18   very early this morning and I had prepared on Friday as
19   well.  So I feel that I have a pretty good handle on
20   this.
21          So I thought I would give you my thoughts and
22   then I will hear from whoever would like to speak.
23          So I understand and appreciate defendants'
24   argument about plaintiff's counsel's disqualification,
25   but I am going to ignore that because you haven't filed
```

COURTCALL TELECONFERENCE - April 26, 2021

1   any such motion which in any event would have to be

2   decided by the district judge.  And my job is just to

3   assess what discovery is warranted in light of the

4   current pleading and the current counsel, I guess I

5   should say.

6           And if you do file such a motion, right now it is

7   speculative, but if you do file such a motion, you can

8   always ask the district judge to stay my discovery

9   order, but right now I'm just ignoring that.

10          The same thing with your arguments about General

11  Dynamics, that case says that in the situations that you

12  have outlined, those claims have to be dismissed.  Well,

13  I don't know.  I did glance at some of the prior

14  motions.  I don't recall seeing that you moved to

15  dismiss on that basis, but if you had, I think the

16  district judge must have denied it.  But if you haven't,

17  then again that's speculative.  That's for the district

18  judge to decide.

19          And if you do file such a motion and/or if you

20  got one pending and the judge grants it, then you can

21  seek some kind of stay of my discovery order, but right

22  now I'm ignoring that.

23          As to plaintiff's waiver argument, clearly

24  defense understands because they said they will produce

25  some of this information.  They do understand at least

COURTCALL TELECONFERENCE - April 26, 2021

1      to some degree some waiver has taken place.

2              So we need to talk about when those documents are

3      going to be produced, but I have to say I don't think

4      the waiver is as limited as the defendants are trying to

5      make it out to be.

6              And certain of your counterclaims, like the fifth

7      and the sixth counterclaims you are essentially saying

8      that Mr. Liu did nothing right while he was there, and

9      you are seeking disgorgement of all funds that you paid

10     to him during his employment, which would seem to me to

11     indicate that you are claiming that he did everything

12     wrong.

13             So it does seem to me that you can't -- you have

14     waived the privilege issue pretty much to everything.

15     And we can talk about that.  But if you got rid of

16     perhaps your fifth and sixth, and I would have to look

17     back at some of the later counterclaims, maybe the

18     waiver would be more limited, but right now it seems to

19     me to be pretty broad.

20             I don't understand -- and maybe since you folks

21     agreed on it, I must be missing something, but I don't

22     understand why at our last hearing we had to put off

23     when the plaintiff's production that I granted was due,

24     and I didn't see anybody address in their pleadings when

25     plaintiff should have to produce the documents that I

COURTCALL TELECONFERENCE - April 26, 2021

1      previously ordered.  So we can talk about that.

2           Again, this is what happens when there is a short

3      briefing schedule and we are doing things on the fly,

4      but defendants have made certain arguments about

5      plaintiff failing to comply with Rule 37.  I thought you

6      had waived any such argument, because plaintiff was

7      going to file an ex parte and then you agreed that you

8      would not -- you could do something in between an

9      ex parte and a fully noticed motion, which is that you

10     are agreeing to have this expedited motion briefing

11     schedule, and I made the point that, you know, that

12     doesn't mean that he didn't create the crisis that is

13     requiring this expedition.  And I believe that

14     defendants' counsel said, well, that's true, but we are

15     agreeing to give that up, you know, we will agree to the

16     briefing schedule.

17          So I think your arguments about Rule 37 and meet

18     and confer and all that are just out the window because

19     you agreed to this.  I'm not sure why I agreed to it,

20     because I spent a lot of time over the weekend working

21     on this, but in any event that's about -- those are my

22     conclusions.  And I'm happy to hear from anybody who

23     wants to speak.  And again, please remember to introduce

24     yourself.

25          I should say one other thing.  I am as I warned

COURTCALL TELECONFERENCE - April 26, 2021

1    you on criminal duty today and I set this for 8:30

2    because things don't usually start rolling until later,

3    but I don't have a ton of time and I'm fairly confident

4    that in the middle of this hearing I'm going to start

5    seeing search warrants pile up in my in-box in which

6    case we are just going to have to be done.

7          So start talking somebody.

8          MR. KUSHNER:  Your Honor, this is Amiad Kushner

9    for the plaintiff, if I may just begin and then let

10   defendants respond.

11         I think Your Honor has just given some very clear

12   guidance on our range of issues that were raised in our

13   motion.  And we appreciate that.

14         Your Honor has indicated that there has been a

15   waiver and I think you said it was pretty broad, but

16   while obviously you know that is plaintiff's position

17   that we argued for in our motion, I think that what we

18   would like is to have some definition around that and

19   some clarity as to the next steps, particularly given

20   the enormous number of documents that are currently

21   being withheld.

22         I would like if I may, Your Honor, I just want to

23   highlight the issue of documents relating to the

24   Evergrande relationship that are currently being held as

25   privileged, because I think this is perhaps the largest

1    category of documents at issue.

2         THE COURT:  Just to interrupt you, I do have

3    specific notes about what I think specifically has

4    been waived.  I thought I would hear from defendants

5    first, but I do have down in my notes that, you know,

6    pretty much anything related to Evergrande is waived.

7         So go ahead.  I agree with you.

8         MR. KUSHNER:  Okay.  That's very helpful,

9    Your Honor.

10        Does Your Honor have any questions for the

11   plaintiff at this time?

12        THE COURT:  Not at this time.

13        We do need to talk about when all this stuff is

14   going to be produced, because we are running out of

15   time.

16        Am I correct that the discovery cutoff was

17   Friday; is that right?  Or not?

18        MR. KUSHNER:  Originally the parties agreed on

19   April 23rd fact discovery cutoff.

20        As Your Honor recalls, you know, from the last

21   hearing, you know, we the parties decided that we were

22   going to submit a proposed stipulation extending the

23   schedule by three weeks to Judge Wilson.

24        The parties submitted that stipulation and

25   extended the fact discovery deadline by three weeks, but

COURTCALL TELECONFERENCE - April 26, 2021

1    Judge Wilson has not acted on the stipulation.

2    Although, in the meantime the parties have agreed

3    amongst themselves that they will abide by the

4    stipulation with respect to all dates that did not

5    require, you know, direct court involvement.  So we have

6    agreed that the fact discovery cutoff is extended by

7    three weeks.

8         And to answer Your Honor's question about when

9    plaintiff will complete plaintiff's production, that

10   will be by this Thursday consistent with Your Honor's

11   minute order of April 12th, which contemplated that we

12   would complete it within two weeks of the hearing on

13   this motion -- I'm sorry, the hearing that we had last

14   time on the 15th.

15        THE COURT:  All right.  I don't remember that

16   at all, but that's fine.  If you are going to produce

17   everything by Thursday, I think that's fine.  But

18   certainly if defendants disagree I can hear from them.

19        You know, maybe it will be helpful -- before I

20   hear from defendants, let me say that your fifth and

21   sixth counterclaims and perhaps some of the other later

22   ones and the fact that you are seeking disgorgement of

23   all funds that you paid Mr. Liu, it does make it seem to

24   me given some of the language -- I know those are

25   general allegations, but they are incorporated by

COURTCALL TELECONFERENCE - April 26, 2021

1    reference in the counterclaims where you are basically

2    saying he did nothing right.

3         So it seems to me you have waived the privilege

4    as to his hiring, as to his termination, as to Sidley's

5    role.  You can't make representations as plaintiff

6    points out about the limits of what Sidley did without

7    producing discovery for them to be able to check that

8    that's accurate.

9         Evergrande waived, Raising and Restructuring

10   Capital waived, EVelozcity waived, you know, in addition

11   to the stuff that you list that you concede that you

12   waived.

13        So in my mind there is not a lot -- now, if you

14   got rid of your fifth and sixth and I would have to look

15   maybe some of these other later counterclaims, maybe I

16   would find that the waiver was more limited to this

17   hiring and firing and Sidley and a couple of other

18   things, but right now those counterclaims still exist.

19   So we could structure some kind of order where, you

20   know -- I mean, obviously I'm going to hear from you

21   first, but, you know, you have to produce X discovery

22   unless before that time you dismiss certain

23   counterclaims.

24        Anyway, go ahead.  I'm happy to hear from

25   defendants.

COURTCALL TELECONFERENCE - April 26, 2021

1           MR. GOLDMAN:  Good morning, Your Honor.  This

2      is Jeff Goldman for the defendant.

3           So we made clear in our opposition briefing,

4      which of course we had to do on an extremely truncated

5      schedule, that the fifth and sixth counterclaims are not

6      all encompassing.  In fact, we stated there, we stated

7      in our counterclaims and we are stating now that those

8      claims which are just defensive in nature in response to

9      their improperly filed wrongful termination claim are

10     limited to really five or six instances.

11          THE COURT:  Well, that's what they say.  I

12     mean, let me find if I can.

13          In first place you are seeking disgorgement of

14     all funds that you paid him.

15          Then, No. 5, let me get to it, you re-allege

16     paragraph 1 through 112, and that includes the stuff

17     that plaintiff quoted about how Mr. Liu did nothing

18     right the entire time he was there.  I forget the exact

19     language.  So that includes that.  And then his conduct

20     during his employment blah, blah, blah and then you are

21     seeking disgorgement of all funds.

22          Since you reincorporate those allegations, I

23     don't see how it doesn't cover everything.

24          But go ahead.

25          MR. GOLDMAN:  Sure.  With respect to the fifth

COURTCALL TELECONFERENCE - April 26, 2021

1     cause of action, we don't seek disgorgement of all

2     funds.  If the Court finds the employment history is

3     enforceable and not void, we plead that Evergrande has

4     been damaged by those breaches of his fiduciary duties

5     and are not to be proven at trial and that's because

6     we have specifically enumerated what those breaches

7     are in the complaint; his failure to lead us to an

8     IPO, his failure to connect my client to any

9     investment bank.

10         With respect to Evergrande, all we pleaded

11    specifically in the complaint that he has done is failed

12    to assist my client when his Series A investor,

13    Evergrande, backed out of its funding commitment.

14         We specified that he failed to provide

15    substantive legal advice with respect to one particular

16    piece of litigation.  He failed to provide substantive

17    legal advice on vendor concerns regarding

18    indemnification.

19         THE COURT:  Before you list all this stuff, can

20    you respond to my question about you have incorporated

21    by reference into counterclaim five and counterclaim

22    six every preceding allegation which includes the

23    language that plaintiff quoted -- I can find it if you

24    want me to -- about how basically everything Mr. Liu

25    did was wrong.  So how is that not all encompassing?

COURTCALL TELECONFERENCE - April 26, 2021

Page 14

1          MR. GOLDMAN:  Well, it is because of the

2     principle that the specific controls the general, Your

3     Honor.

4          We provided federal authority, state authority

5     and secondary authority to the proposition that if there

6     is a general allegation within the complaint that it is

7     specifically limited by specific allegations in

8     misconduct.

9          THE COURT:  But does that apply when you

10    incorporate by reference a paragraph that says he did

11    nothing right?

12         I mean, counterclaim five and six are very

13    nonspecific.  They don't say specifically what you are

14    alleging he did wrong.

15         Now you are listing off all these things that you

16    say are what five and six are about, but that's not what

17    five and six say.  What five and six say is that we

18    incorporate by reference everything that came before

19    this.

20         If you want to seek leave to amend, you can make

21    five and six more specific, but right now they are

22    basically hopelessly broad.

23         MR. GOLDMAN:  Your Honor, we are happy to

24    stipulate to amend the complaint to limit it to just

25    these allegations that we pointed out in paragraphs 50

COURTCALL TELECONFERENCE - April 26, 2021

1    through 66, which are also incorporated into these
2    causes of action.
3         The intention here was not to have an all
4    encompassing he did everything wrong so everything is
5    fair game counterclaim.
6         The intention was in response to the improperly
7    filed wrongful termination claim, which required us to
8    prove legitimate reasons why he was terminated if it
9    survives, to identify the specific things that he did
10   wrong in breach of the contract and breach of fiduciary
11   duty.
12        THE COURT:  Maybe that was your intention, but
13   I'm an objective reader and I've got to say
14   plaintiff's interpretation is not unreasonable.
15        MR. GOLDMAN:  I think that it is unreasonable
16   in light of the specific controlling the general.
17        As I said, Your Honor, we are willing to amend
18   the complaint to limit it to just these breaches as
19   opposed to saying everything is at issue.
20        THE COURT:  That's fine and you can take
21   whatever steps you want to to do that, but like as
22   with your General Dynamics and your arguments about
23   counsel, right now that's just speculation, and I'm
24   not in charge of that, the district judge is.
25        So my discovery rulings have to be based on what

COURTCALL TELECONFERENCE - April 26, 2021

1    the pleadings say now and what the state of the case is
2    now.  And then to the extent it changes, you can seek
3    from either me or the district judge a modification of
4    any order that I make.
5         So right now -- but, you know I think if you
6    wanted to incorporate into counterclaim five only
7    paragraph 50 through whatever, then that's what it
8    should say.  It shouldn't say that it incorporates by
9    reference every other paragraph as well.
10        MR. GOLDMAN:  Okay.  Your Honor, I understand
11   your point.  And what I would ask is that any
12   discovery order be held in abeyance, because we are
13   going to go on an ex parte on an application to amend
14   to make sure that the complaint is consistent with
15   what I just said, because we are on a very truncated
16   schedule.  We have a trial June 8th.  And we are going
17   to have to get that at least before your order for
18   production of documents.
19        THE COURT:  I am fine to give you a very short
20   stay, but I'm not going to -- and I think -- maybe I'm
21   wrong, but isn't there a pending motion by plaintiff
22   to dismiss your counterclaim?
23        MR. GOLDMAN:  There is, which is yet another
24   reason why this discovery motion is premature, because
25   if it is successful, well, his claims are out.

COURTCALL TELECONFERENCE - April 26, 2021

Page 17

1      THE COURT:  Right.  And because you have

2  agreed, although we haven't done it yet, you have

3  agreed to produce some discovery, it is also a little

4  premature in that sense.

5      But, you know, plaintiff is on good ground

6  because time is running out here as you just said

7  yourself.  And they need this stuff from you.

8      Let me ask you this:  As to the documents that

9  you have agreed to produce, the stuff that you have

10  outlined that you agree that you have waived the

11  privilege, when can you produce that?

12      MR. GOLDMAN:  We can produce -- and Ms. Grochow

13  is on the line so she can correct me, but I think we

14  can produce that within the next couple of days.

15      MS. GROCHOW:  I would ask by the end of the

16  week, I'm sorry.  If by the end of the week, please.

17      THE COURT:  All right.  So defendants'

18  production of the privileged material they have agreed

19  to produce, and I think it is listed somewhere, must

20  be completed by Friday, whatever that is, April 30th

21  or whatever.

22      Okay.  And then I think at this point, though, I

23  am going to make a broader order concerning what you

24  have to disclose, but I will stay that order for -- how

25  long would you like it stayed?

COURTCALL TELECONFERENCE - April 26, 2021

1        MR. GOLDMAN:  I suppose we need it stayed until

2    there is either a stipulation reached by opposing

3    counsel about the scope of our amendment or a ruling

4    on our application to the Court.

5        THE COURT:  What I am willing to do is to stay

6    it until you file such a motion.  And in that motion,

7    you need to ask Judge Wilson for a stay, because

8    Judge Wilson, he likes to keep things moving.  Maybe

9    he will grant you a further stay, but I want to

10   interfere with his schedule as little as possible.

11       So I will give you X days to file that motion,

12   but then that motion has to include a request from him

13   for any further stay or something like that, because I'm

14   not going to give you some stay that goes on until he

15   rules on your thing.  I'm just not going to do that yet.

16       So by when do you think you can file your motion?

17       MR. GOLDMAN:  Let's see, I think that we can

18   get the motion on file again by the end of the week by

19   the 30th, I guess assuming that meets the meet and

20   confer requirement.  We can have it filed by the 30th

21   if that's agreeable to the other side.

22       THE COURT:  Let me ask them.

23       Mr. Kushner or someone else or Mr. Hughes, is

24   that all right with you?

25       MR. KUSHNER:  This is Amiad Kushner.  Thank

1    you, Your Honor.

2          We think the end of the week, it is just too

3    long.  As Mr. Goldman indicated, we have a trial date of

4    June 8th.  There is ten depositions that were noticed

5    and then taken off calendar because of this privilege

6    issue.  I think Your Honor's order -- what you said on

7    the record today is pretty clear.

8          I think that their arguments against the waiver

9    just lack merit.  You know, if they want to solve this

10   problem, they can drop the counterclaims right now on

11   the record and allow us to keep moving with this case.

12          A further delay is not warranted.  I think until

13   the end of the week to put in a motion on issues that

14   have already been extensively briefed before Your Honor

15   and when we have all these depositions that need to

16   occur, it is just too long.

17          THE COURT:  How about until Wednesday?  Because

18   I've got to say, I dropped everything to do this for

19   you folks.  So I appreciate plaintiff's arguments.

20          So how about I give you three days, Mr. Goldman,

21   until Wednesday?

22          MR. GOLDMAN:  Obviously we would like more

23   time, but if that's your inclination, Your Honor, we

24   will abide by it.

25          THE COURT:  All right.  Thank you.  All right.

COURTCALL TELECONFERENCE - April 26, 2021

1          And, you know, obviously -- so what I am

2     contemplating doing is finding that defendants have

3     waived the privilege entirely as to the course and scope

4     and actions of Mr. Liu's employment with them based on

5     these counterclaims.  And I'm going to set a date for --

6     you've already said defendants are going to produce the

7     stuff they have agreed to produce by April 30th, but I'm

8     going to set some dates for the rest of the production.

9          If defendants don't file any motion to amend the

10    counterclaims by Wednesday, then that date will stay in

11    effect.  But if they do file it, then that should

12    include a request of Judge Wilson to, you know, extend

13    the stay.  And you can put in there that I said to do it

14    that way, that I was only willing to stay it until

15    Wednesday.  And then you have to seek a further stay

16    from him.

17         So by what date then -- and I understand -- I

18    know plaintiff is going to say it should be as soon as

19    possible, but I want to give Judge Wilson a chance to

20    consider defendants' stay a request from him.  So what

21    if I -- stay a request to him.

22         So what if I set the date for the rest of the

23    privileged production to be whatever a week later on

24    April 30th is May whatever unless Judge Wilson grants

25    the stay.

1            So I would make that May 7th.  So that's what I
2      intend to do.
3            Does anybody want to speak to that?
4            MR. KUSHNER:  This is Amiad Kushner again.
5            I think if you are saying that all the documents
6      currently being withheld is privileged need to be
7      produced by May 7th --
8            THE COURT:  I kind of don't know.  What defense
9      has already agreed to produce that is privileged,
10     which there is a fair amount of it, they are going to
11     produce by April 30th.
12            Actually, what I meant to say, I'm sorry, then
13     I'm going to set a date for May 5th for the rest it, not
14     May 7th.  That will give Judge Wilson a week to rule on
15     any request they make of him to stay it further.
16            MR. KESSEL:  Your Honor, this is Alan Kessel.
17     I'm a little bit confused insofar as it appears that
18     plaintiff's counsel is unwilling to stipulate to the
19     prescribed limitation on the fifth and sixth
20     counterclaims.  And I just want to, A, confirm that and,
21     B, understand the basis for it, because particularly
22     with their motion to dismiss pending, I don't see any
23     reason why everyone is running into court on an ex parte
24     basis or otherwise when we can limit the claim by
25     stipulation and then the Court can rule on their motion

COURTCALL TELECONFERENCE - April 26, 2021

1    to dismiss.   I mean, we are asking for something that

2    should be agreed to.

3         THE COURT:  You guys can meet and confer after

4    this call if you want to talk about that.  And if they

5    agree to it, then you can file something, but I don't

6    have time right now to get into what is essentially a

7    meet and confer on the phone.  I understand your

8    point.

9         So what I will do, I will order you folks to meet

10   and confer, you know, later today about that proposal,

11   but right now I need to set some dates.  And I have to

12   get off the phone.  I'm sorry, but I have duties.

13        So let's just talk about if you have to, you are

14   going to either --

15        (Paul George has left the conference).

16        THE COURT:  Okay.

17        I'm going to order you to meet and confer today

18   concerning amending the counterclaim.  If you can't

19   agree, then your motion to amend them has to be filed by

20   the 30th before Judge Wilson -- I'm sorry, by the 28th

21   before Judge Wilson in which you would have to seek a

22   further stay of my order that the stuff you agreed to

23   produce has to be produced by April 30th and the rest of

24   the privileged stuff you withheld as privileged would

25   have to be produced by May 5th unless Judge Wilson

1    grants a further stay.

2         MR. GOLDMAN:  So are you envisioning then if

3    there is an ex parte application for a stay, because

4    if plaintiffs were not to stipulate to what we are

5    talking about, which seems to being, you know,

6    patently unreasonable, but be that as it may, then the

7    motion would be pending before Judge Wilson, I guess

8    you are saying it has to be on an ex parte basis.  And

9    if so, can we represent that to the Court?  Because if

10   it is on regular notice or anything other than on an

11   expedited basis, there is no way it is going to be

12   determined by May 5th.

13        THE COURT:  I have to tell you that this is not

14   that unusual when people are going to seek a review,

15   which is essentially what's happening of a magistrate

16   judge's discovery order, they often times will ask for

17   a stay and often times the magistrate judge will give

18   a stay for a limited time and then you have to seek

19   any further stay from the district judge.

20        I'm not going to tell you how to run your

21   lawsuit, but if plaintiff doesn't stipulate to an

22   amendment of the counterclaims, then you are going to

23   have to file some kind of motion or ex parte or whatever

24   you think is appropriate, and you can do it as one

25   document or two before Judge Wilson that seeks to amend

COURTCALL TELECONFERENCE - April 26, 2021

1    the counterclaims and that seeks a stay of my discovery

2    order.

3              MR. GOLDMAN:  And one --

4              THE COURT:  Go ahead.

5              MR. GOLDMAN:  One further clarification.  If we

6    were to drop just hypothetically the fifth and sixth

7    counterclaims, is it the Court's opinion that no

8    further production is required?

9              THE COURT:  I would have to look a little more

10   carefully.  I remember reading and thinking up to the

11   fifth counterclaim that I agreed with you, but then I

12   -- let me just look real quickly.

13             So it seems to me that the earlier counterclaims

14   are about his engagement, his employment.  And I don't

15   agree that it is quite as limited as you think it is to

16   those counterclaims, because I do think that they have a

17   right to get the discovery concerning Sidley and I do

18   think that they have a right to also get the stuff about

19   his termination.

20             But let me look.  So that's the first four.

21             And then the fifth is much broader.  And the

22   sixth is much broader.  So that's back to the employment

23   contract.  That's more about the employment agreement as

24   well.

25             So I would say that it is really the fifth and

COURTCALL TELECONFERENCE - April 26, 2021

1    the sixth counterclaims that would need to be dropped.

2    And then I would think that the scope of the waiver is

3    broader than you contend but less than everything.

4         MR. GOLDMAN:  Broader in what sense?

5         THE COURT:  Like I just said, that I think that

6    they have a right to the stuff concerning Sidley and I

7    think that they have a right also to any privileged

8    stuff concerning Mr. Liu's termination, because in my

9    mind that goes to -- could go conceivably to also

10   encompass what he was hired to do, why he was being

11   fired, what you think he hasn't done, et cetera,

12   et cetera.

13        So that to me then anything about his termination

14   book ends would be the employment agreement.

15        MR. KUSHNER:  This is Amiad Kushner again.

16        Defendants' counsel is now raising hypotheticals

17   about what might or might not happen if they might or

18   might not drop claims.  I think they are asking for an

19   advisory opinion impermissibly.

20        If they withdraw claims, we can deal with that,

21   but at the moment all the counterclaims are there, at

22   the moment they are blocking discovery of materials that

23   Your Honor has noted they have waived through their

24   counterclaims.

25        THE COURT:  Right.

1          Wait, I need to get off the phone.  So it is

2     clear to me that you folks need to meet and confer.  You

3     need to figure out what you are going to do about this.

4          And again, we can't go into all this right now,

5     but if defendants drop claims five and six, I'm happy to

6     define what I then think is the scope of the waiver of

7     the privilege would be, but I'm going to set dates, but

8     I need to wrap this up unfortunately.

9          MR. KESSEL:  Your Honor, Alan Kessel.  One last

10    question.

11          If we stipulate or get a ruling from Judge Wilson

12    that limits counterclaims five and six the way that we

13    have delineated both in the complaint and in the

14    opposition, can we also come back to you to in that

15    sense to further define what's required to be produced

16    on our end?

17          THE COURT:  You can, but I don't feel that I

18    have much else I can do other than set some dates

19    before Judge Wilson rules.

20          For all I know he is going to issue an order

21    today on plaintiff's motion to dismiss the

22    counterclaims.  I just don't know.  So a lot of moving

23    parts.  I can only do -- as the plaintiff is correct, I

24    can only rule on what's before me now.  And then if

25    things change based on what Judge Wilson does, please

1    call free to call Ms. Martinez.

2          But be mindful, please, that we work with all the

3    district judges and we all have different ways of doing

4    things.

5          I am going to be reluctant to issue any kind of

6    order that, you know, more than minimally interferes

7    with schedules that Judge Wilson has set.  So just keep

8    that in mind.

9          So here's what I'm going to do, here's what I am

10   going to do:  So first, the plaintiff's previously

11   ordered production all of it must be completed by this

12   Thursday, which is April 29th.

13         The privilege waiver production that defendants

14   agreed to in their filing must be completed by

15   April 30th.

16         If defendant filed some -- my order about -- look

17   I'm sorry, I'm getting ahead of myself.

18         The production of all other stuff being withheld

19   as privileged concerning anything relating to Mr. Liu's

20   employment with defendants is due by May 5th.  I'm

21   staying that order until April 28th for defendants

22   either to -- well, you folks are ordered to meet and

23   confer either today or tomorrow -- well, I will say

24   today.  You are ordered to meet and confer today.  And

25   if you can reach some sort of agreement about amending

1    the counterclaims, fine.  You have to get that on file

2    before Wednesday.  If you can't, then defendants have

3    until Wednesday to file something before Judge Wilson

4    that they deem appropriate seeking a further stay and

5    seeking to amend the counterclaim.

6        I should also say, too, you know, under whatever

7    it is, Local Rule -- I'm sorry, I can't remember what it

8    is off the top of my head, but you can seek review of my

9    order entirely before the district judge.  That rule

10   gives you 14 days to do that, but you would have to do

11   it earlier, because I am -- given the late stage of

12   these proceedings, I'm setting dates that fall before

13   that.

14       Again, I'm not telling you what to do, but that's

15   another option for you.

16       And if Judge Wilson issued some kind of ruling

17   somewhere along the way that you think would change how

18   I dealt with this stuff, you can call up Ms. Martinez

19   and we can try to set something up, but again, I am

20   going to be hesitant to do anything that interferes with

21   his schedule and by that when I extend things out to

22   produce discovery, that essentially interferes with his

23   schedule.

24       So is that clear?

25       And I will say, too, and again plaintiff is right

COURTCALL TELECONFERENCE - April 26, 2021

```
 1    this is sort of advisory at this point, but if you drop
 2    the fifth and sixth counterclaims entirely, it would
 3    seem to me that the waiver of the privilege would be
 4    more limited and it would be broader than -- again,
 5    broader than defendants conceded it would be the stuff
 6    they already concede, plus anything from Sidley relating
 7    to, you know, how Mr. Liu was hired and the employment
 8    agreement and anything relating to his termination.
 9         All right.
10         MR. GOLDMAN:  This is Jeff Goldman, just two
11    points of clarification, please, before we get off.
12         THE COURT:  Sure.
13         MR. GOLDMAN:  With respect to the documents
14    that are on the privileged log that will be produced
15    in the event we don't reach a stipulation or dismiss
16    our claims, we just want to make clear that the
17    privilege log has a lot of documents that don't really
18    relate to Liu but are between other people.
19         THE COURT:  Right.
20         MR. GOLDMAN:  So it is not everything, it is
21    just stuff that relates to Liu?
22         THE COURT:  Yes, I was trying to say that.  I
23    maybe wasn't very articulate.
24         MR. GOLDMAN:  I just wanted to make it clear.
25    That's all.
```

COURTCALL TELECONFERENCE - April 26, 2021

1        With respect to Sidley, we would strongly contest

2    that that's been waived.  The internal communications

3    between my client and Sidley are not waived.

4        All that's been produced in this case about text

5    messages between Mr. Liu and the lead negotiator for our

6    client with respect to the negotiation of the employment

7    agreement, and while certain topics were identified as

8    to what was under review, certainly the content was

9    never disclosed, nor the content of the defense to any

10   other of the causes of action.

11       THE COURT:  You have represented and plaintiff

12   quoted these portions, I would have to find it, but

13   you have represented that Sidley said this or Sidley

14   only did that, whatever, they have a right to test

15   that.  So you can't make representations and say all

16   Sidley did was this.  They get to see what your

17   communications were with Sidley at the time to make

18   sure that's accurate.

19       MR. GOLDMAN:  This is Jeff Goldman.

20       The representations that were made were

21   descriptions of the text messages that were produced.

22   We agree that the text messages are fair game leading up

23   to the negotiations, but the substance of the

24   conversations, those are privileged.  That has not been

25   waived in any respect.

COURTCALL TELECONFERENCE — April 26, 2021

1         THE COURT:  Why not?  I don't understand why

2    not.

3         MR. GOLDMAN:  Because there is a difference

4    between the subject matter and the content.  If we

5    told Mr. Liu for example, hey, I sent the agreement to

6    Sidley, they are looking at it for one issue.  That

7    doesn't mean you get to say, okay, let me see what

8    Sidley's legal advice was on that issue.  It means I

9    guess the fact that it was being sent is at issue, but

10   it is not really relevant to the claim, because any

11   advice and the fact of the communication is not a

12   defense to the claims that we brought for Mr. Liu's

13   ethical violations.

14        THE COURT:  But why is it not, because you are

15   saying he violated all sorts of ethical stuff?  What

16   if your communications with Sidley include Sidley

17   saying, oh no, this wouldn't be an ethical violation.

18   I don't know.

19        MR. GOLDMAN:  Because Sidley's advice about

20   whether something is or is not an ethical violation

21   even assuming that exists is irrelevant as to whether

22   Mr. Liu gave the proper disclosures before he got

23   consent.  It is an objective standard.

24        THE COURT:  Well, I am not sure I think it is

25   irrelevant.  You are very right that maybe it is

1    inadmissible, but that's different.

2         MR. GOLDMAN:  Well, it is privileged.

3         THE COURT:  But it is a question of whether you

4    waived that privilege, because you are asserting that

5    in the employment contract Mr. Liu violated all sorts

6    of ethical canons.

7         He claims that he told you -- or it wasn't in

8    writing I guess, but he said or somebody said, we are

9    going to get Sidley to look this over and decide, you

10   know, whether the employment -- if there's any conflict,

11   et cetera.  And so it seems to me that he has a right to

12   know and that you by claiming that he violated all these

13   ethical rules, including that he didn't put in writing

14   that you should get some outside counsel to look at it

15   or whatever, that he has a right to see what went on

16   between you and Sidley, that you waived that privilege.

17        MR. GOLDMAN:  Your Honor, this is Jeff Goldman

18   again.

19        It is not a waiver and it is not relevant.  He is

20   the one that produced the text messages and decided to

21   include them in the motion to the Court.  This is the

22   problem with doing all this on a truncated notice.  He

23   is the one that provided those communications to the

24   Court to show that there was some discussion with

25   Sidley.  It is not a defense to anything.

COURTCALL TELECONFERENCE - April 26, 2021

1       THE COURT:  I've got to go.

2           Plaintiff is right that right now this is all

3    advisory, because I am finding that all of the privilege

4    is waived based on the fifth and sixth counterclaims.

5           I can't decide this issue right now.  I've got to

6    say I tend to think you are wrong, but right now it is

7    advisory anyway.

8           If something happens and you need to come back to

9    me on that one limited issue, we can do that, but I'm

10   still leaving those dates for production in place.

11          So if you come back to me in five days because

12   you guys have stipulated or you have dismissed your

13   counterclaims or they have been amended or whatever and

14   I take up this issue, I'm still leaving that May 5th

15   date.

16          So even if I don't get you on the phone until

17   May 3rd, if I find that you are wrong, you are going to

18   have to produce by May 5th.  All right?

19          MR. KUSHNER:  Thank you, Your Honor.

20          MR. GOLDMAN:  Thank you, Your Honor.

21          THE COURT:  All right.  Okay.

22          Let me just look at my notes to make sure there

23   is nothing else.

24          And please if I have not covered something that I

25   should have, please let me know, but I think I have

COURTCALL TELECONFERENCE - April 26, 2021

Page 34

```
1     covered everything.

2            And I'm sorry to rush you folks along.

3            All right.  So nothing further from anyone?

4            MR. GOLDMAN:  No, Your Honor, not for the

5     defendants.

6            THE COURT:  All right.  Thank you, we will get

7     our minutes out as soon as we can.

8            MR. KUSHNER:  Thank you, Your Honor.

9            MR. GOLDMAN:  Thank you, Your Honor.

10           (Time noted:  9:16 a.m.)

11
                             --oOo--
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    STATE OF CALIFORNIA

2    COUNTY OF PLACER

3

4          I, TERESA KENWORTHY, Certified Shorthand

5    Reporter, in and for the State of California,

6    Certificate No. 6673, do hereby certify:

7          That said proceedings were taken before me

8    at the time and place therein set forth and were taken

9    down by me in shorthand and thereafter transcribed

10   into typewriting under my direction and supervision;

11         I further certify that I am neither counsel

12   for, nor related to, any party to said action, nor in

13   any way interested in the outcome thereof.

14         In witness whereof, I have hereunto

15   subscribed my name.

16

17   Dated: April 27, 2021

18

19

20

21

22   Teresa Kenworthy, CSR No. 6673

23

24

25