ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendant SMART KING LTD. and
Defendant and Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>Defendants. | Case No. 2:20-cv-08035-SVW-JPR<br><br>Honorable Jean P. Rosenbluth<br><br>**DISCOVERY MATTER**<br><br>**FARADAY & FUTURE INC. AND SMART KING LTD.'S OPPOSITION TO PLAINTIFF AND COUNTERDEFENDANT HONG LIU'S *EX PARTE* APPLICATION FOR CLARIFICATION OF THE COURT'S MAY 3, 2021 ORDER AND RELATED RELIEF** |
| AND RELATED COUNTERCLAIM. | |

*Side text (vertical):* TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

115811757

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................. 1

II.     ARGUMENT ..................................................................................................... 3

    A.    The May 3 Order Is Unambiguous and Requires No "Clarification." ........................................................................................ 3

    B.    There is No Legal or Factual Basis for Reconsidering the May 3 Order or for Compelling FF's Production of Additional Privileged Documents ............................................................... 6

        1.    There is No Emergency Justifying Liu's Disguised Ex Parte Motion for Reconsideration of the May 3 Order ............. 6

        2.    Liu Fails to Offer Any Substantive Justification for Reconsidering the May 3 Order or for Compelling FF's Production of Additional Privileged Documents ..................... 9

        3.    Liu Cannot Legally Obtain Reconsideration Through In Camera Review of FF's Privileged Information ..................... 15

III.    CONCLUSION ............................................................................................. 16

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Azmi v. Jordan's Meats, Inc.*,
  456 F.3d 228 (1st Cir. 2006) ...............................................................11

*Brown v. Wells Fargo Bank, N.A.*,
  No. CV 16-642-DMG, 2018 U.S. Dist. LEXIS 217598 (C.D. Cal.
  Dec. 27, 2018) .......................................................................................7

*Carroll v. Nakatani*,
  342 F.3d 934 (9th Cir. 2003) ................................................................7

*Copeland v. Bank of Am., N.A.*,
  690 Fed. App'x 460 (9th Cir. 2017) ....................................................14

*Costco Wholesale Corp. v. Super. Ct.*,
  47 Cal. 4th 725 (2009) ........................................................................16

*Fox Searchlight, Inc. v. Paladino*,
  89 Cal. App. 4th 294 (2001) .................................................................6

*General Dynamics Corp. v. Super. Ct.*,
  7 Cal. 4th 1164 (1994) ................................................................*passim*

*In re Glumetza Antitrust Litig.*,
  No. 19-CV-05822-WHA-RMI, 2020 WL 3498067 (N.D. Cal. June
  29, 2020) ........................................................................................13, 16

*Insight Glob., LLC v. Beacon Hill Staffing Grp., LLC*,
  No. 17CV00309BLFVKD, 2018 WL 6573081 (N.D. Cal. Dec. 13,
  2018) ....................................................................................................16

*Johnson v. Boys & Girls Clubs of S. Puget Sound*,
  191 Fed. App'x 541 (9th Cir, 2006) ....................................................11

*King v. United Parcel Service, Inc.*,
  152 Cal. App. 4th 426 (2007) ..............................................................11

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ...............................................................13

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Cir. 2009) ......................................................................... 7

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
   883 F. Supp. 488 (C.D. Cal. 1995) ............................................................... 9

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
   No. 14-cv-03657-SI, 2019 U.S. Dist. LEXIS 180948 (N.D. Cal.
   Oct. 17, 2019) ............................................................................................... 6

*Moore v. Zurich Am. Ins. Co.*,
   2016 WL 10987368 (C.D. Cal. Dec. 1, 2016) ............................................. 15

*Nat'l Academy of Recording Arts & Sci., Inc. v. On Point Events, LP*,
   256 F.R.D. 678 (C.D. Cal. 2009) ................................................................ 15

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
   318 F. Supp. 2d 968 (C.D. Cal. 2004) ........................................................... 7

*Purecircle United States v. Sweegen, Inc.*,
   No. 8:18-cv-01679-JVS, 2020 U.S. Dist. LEXIS 133148 (C.D. Cal.
   June 17, 2020) ............................................................................................. 14

*Sandifor v. Cnty. of Los Angeles*,
   2019 WL 4137411 (C.D. Cal. May 8, 2019) ............................................... 15

*United States v. Westlands Water Distr.*,
   134 F. Supp. 2d 1111 (E.D. Cal. 2001) ......................................................... 7

**Other Authorities**

L.R. 7-18 ............................................................................................................... 7

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- iii -

Defendant Smart King Ltd. ("**Smart King**") and Defendant and Counterclaimant Faraday&Future, Inc. ("**Faraday**") (together, "**FF**" or "**Defendants**") respectfully submit the following Opposition to Plaintiff and Counterdefendant Hong Liu's ("**Liu**" or "**Plaintiff**") *Ex Parte* Application for Clarification of the Court's May 3 Order and Related Relief ("**Application**").

## I. INTRODUCTION

Under the guise of "clarifying" the Court's unambiguous May 3, 2021 Order ("**May 3 Order**") limiting the scope of any privilege waiver in this case, Liu's Application not only impermissibly seeks (i) "emergency," *ex parte reconsideration* of the May 3 Order; but also (ii) *reversal* of its legally dispositive holdings that:

1. "[I]t would turn *General Dynamics* on its head if by seeking to dismiss Plaintiff's retaliatory-termination claim under [that law], Defendants somehow effectuated a wholesale waiver of the privilege";

2. "Plaintiff ha[s] forfeited any right to rely on Defendants' affirmative defenses to show privilege waiver because he had not raised that argument until after the Court had already ruled" on his Expedited Motion for Determination of Urgent Privilege Issue and to Compel Production (the "**Expedited Motion**"); and

3. In light of Faraday's dismissal of the Fifth and Sixth Counterclaims of its Second Amended Counterclaim ("**SACC**"), FF exclusively has waived the privilege over three categories of issues, and subsequently is required to produce only: (i) the documents FF agreed to produce on pages 17-18 and 20 of its Opposition to Liu's Expedited Motion ("**Opp. to Expedited Motion**") concerning Liu's specifically enumerated job performance failures (the "**Enumerated Failures**"); and (ii) the documents "concerning the solicitation, negotiation, drafting, and procurement" of Liu's January 25, 2018 Employment Agreement with FF ("**Employment Agreement**"); and (iii) "Plaintiff's termination."[1]

Contrary to seeking to "clarify" any of those unambiguous rulings, Liu instead

---

[1] *See* Dkt. No. 146 [May 3 Order] at pp. 2, 6.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

demands that the Court wholesale revisit and nullify them for the sole and admitted purpose of "enabling Plaintiff to" provide the presiding District Judge with supposedly "critical context which would" allegedly allow Liu to address FF's defensive "allegations" that:  (a) it terminated him for a legitimate, non-retaliatory reason; and that (b) Liu's Employment Agreement was procured in violation of his ethical duties—*i.e.*, the *same procedurally forfeited and substantively baseless arguments in favor of a sweeping privilege waiver Liu previously raised, and this Court previously considered and unequivocally rejected, in the May 3 Order*.

Despite failing to identify any particular document Liu believes the Court should reconsider and modify its May 3 Order to encompass, the Application nevertheless appears to broadly seek:  (i) *all* documents and communications on FF's privilege log referencing Evergrande or the WARN Act, irrespective of whether they were authored by Liu or reflect his provision of legal advice to FF; as well as (ii) *all* documents and communications between FF and its outside counsel Sidley Austin LLP ("**Sidley**") regarding Liu's negotiation of the entirely separate Director Compensation Agreement ("**Director Agreement**") that is not part of the Employment Agreement, and to which FF neither is a party nor is at issue in this case.  As established below, the documented facts and governing law *omitted* from the Application could hardly be more clear that FF has strictly complied with the plain language and express requirements of this Court's May 3 Order, and that there is no justification for reconsidering and enlarging the scope of the privilege waiver delineated by that Order, let alone doing so an "emergency" *ex parte* basis where Liu alone is responsible for creating any alleged exigent circumstances purportedly giving rise to his Application.

Put simply, Liu's Application—representing merely the latest iteration of his serial use and abuse of the *ex parte* process—is required to be denied.[2]

---

[2] Liu has filed four *ex parte* applications and an additional expedited request for discovery relief since March 23, 2021, all as a result of his own dilatory conduct in prosecuting this action, including, but not limited to, his failure to serve any

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## II.  ARGUMENT

### A.  The May 3 Order Is Unambiguous and Requires No "Clarification."

In stark contrast to the entire premise of Liu's Application, the Court's May 3 Order neither is ambiguous, nor in need of any alleged clarification. To the contrary, the express contours and limits of FF's privilege waiver and corresponding document production obligations not only are evident on the face of that Order itself, but also is are further confirmed by the following documented facts:

**First**, in the Opp. to Expedited Motion, FF agreed to produce "*those otherwise privileged communications which Liu authored pertaining to the subject matters specifically enumerated and alleged in support of Faraday's* [then-extant Fifth and Sixth Counterclaims for breach of contract and breach of fiduciary duty (the "**Alternative Breach Claims**")]" *in Paragraphs 50, 55-59, 61, and 69-70 of the Second Amended Counterclaim* (the "**Agreed Privilege Waiver Documents**")— namely, Liu's Enumerated Failures to: "lead FF to an IPO"; "connect FF with any investment bank"; "assist FF when it Series A investor, Evergrande, backed out of its funding commitment"; and "provide substantive legal advice with respect to the EVelozcity litigation, vendor concerns regarding indemnification, the record of internal meetings, and a potential reduction in FF's workforce." In so agreeing, FF further made clear that "[t]o the extent any of these [Agreed Privilege Waiver Documents] also reflect privileged information concerning the alleged 'compliance issues and violations of law' at the heart of Liu's wrongful termination claim . . . FF [would] redact that irrelevant, privileged information."[3]

**Second**, the Court's April 26, 2021 Order ("**April 26 Order**") found that "*[t]he production Defendants ha[d] agreed to make*" in their Opp. to Expedited

---

document requests at all until February 11, 2021—*i.e.*, more than a year after he filed his January 3, 2020 Complaint.

[3] *See* Dkt. No. 124 [Opp. to Expedited Motion] at pp. 17:18-18:5, 20:1-3, 20:26-28; *see also id.* at pp. 2:27-3:3.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*Motion—that is, the Agreed Privilege Waiver Documents—was required to "be made by no later than April 30"* (the "**April 30 Agreed Privilege Waiver Production**").[4] By contrast, the April 26 Order required "[t]he rest of the withheld production concerning Liu's employment with Defendants . . ." arising from the Alternative Breach Claims to] "be made by May 5[,]" to, among other things, allow Defendants to consider dismissing the Alternative Breach Claims, in which event the Court "specifically advised Defendants that . . . it would reconsider the scope of the privilege waiver."[5]

**Third**, in response to the Court's express finding that (i) the scope of the privilege waiver found in its April 26 Order was based exclusively upon the breadth of Faraday's then-extant Alternative Breach Claims, and that (ii) FF could seek a modification of the April 26 Order if Faraday dismissed those claims,[6] Faraday stipulated to the dismissal of the SACC's Alternative Breach Claims.[7]

**Fourth**, following the dismissal of the SACC's Alternative Breach Claims, Liu filed a Supplemental Memorandum in support of his Expedited Motion ("**Liu's Supp. Expedited Motion Memo.**") arguing—*for the very first time*—that Faraday's dismissal of those claims was purportedly irrelevant to the scope of FF's privilege waiver because FF's "affirmative defenses . . . [allegedly] put at issue the entirety of [Liu's] job performance while he was employed by FF" and thereby "waived privilege as to [all] attorney-client communications concerning [Liu's] employment performance."[8]  In response, FF filed a Supplemental Brief requesting that the Court modify its April 26 Order in light of Faraday's dismissal of the Alternative Breach Claims, and in accordance with the Court's express findings ("**FF's Supp. Expedited**

---

[4] *See* Dkt. No. 128 [April 26 Order] at p. 1.

[5] *Id.* at p. 1; *see also* Dkt. No. 146 [May 3 Order] at p. 1.

[6] *See* concurrently filed Declaration of Lauren E. Grochow ("**Grochow Decl.**"), Ex. 3 [Tr. of 4/26/21 Hearing] at pp. 6:6-19, 26:9-19, 33:2-14.

[7] *See* Dkt. No. 130 [Order Dismissing Alternative Breach Claims].

[8] *See* Dkt. No. 133 [Liu's Supp. Expedited Motion Memo.] at pp. 3:32-6:2.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Motion Brief**").[9]

**Fifth**, after considering the parties' respective supplemental filings and the argument of counsel during a further April 29, 2021 hearing, the Court issued its detailed May 3 Order modifying the April 26 Order, and holding and requiring that:

- "[I]t would turn *General Dynamics* on its head if by seeking to dismiss Plaintiff's retaliatory-termination claim under [that case law], Defendants somehow effectuated a wholesale waiver of the privilege";

- "Plaintiff had forfeited any right to rely on Defendant's affirmative defenses to show privilege waiver because he had not raised that argument until after the Court had already ruled on his urgent [Expedited] [M]otion";

- "By dismissing the counterclaims that explicitly put at issue the entire scope of Plaintiff's employment, Defendants have narrowed the breadth of their privilege waiver" to "those areas" and documents concerning Liu's job performance that FF "previously acknowledged were waived" in its Opp. to Expedited Motion—*i.e.*, the Enumerated Failures and Agreed Privilege Waived Documents.  By contrast, FF's "privilege is otherwise intact" with respect to information concerning Liu's job performance;

- "Defendants also have waived any attorney-client privilege concerning the solicitation, negotiation, drafting, and procurement of [Liu's] Employment Agreement" (the "**Employment Agreement Documents**"), "as well as Plaintiff's termination" (the "**Termination Documents**"); and

- Because FF "ha[d] already produced" the Agreed Privilege Waiver Documents on April 30, the *only* production that "remain[ed] due on May 5" concerned FF's "communications without outside counsel or anyone else about the Employment Agreement and Plaintiff's termination."[10]

Consistent with the Court's unambiguous April 26 and May 3 Orders, FF produced all 287 pages of Agreed Privilege Waiver Documents on April 30, consisting of all documents and communications authored by Liu pertaining to the Enumerated Failures, including the complete email chains containing any

---

[9] *See* Dkt. No. 137 [FF's Supp. Expedited Motion Brief]; *see also* Dkt. No. 146 [May 3 Order] at p. 1.

[10] *See* Dkt. No. 146 [May 3 Order] at pp. 2-6.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

communications sent by Liu on those delineated topics.[11]  FF thereafter produced the Employment Agreement Documents on May 5, 2021.[12]  Because, following a reasonably diligent search, FF was unable to locate any Termination Documents in its possession, custody, or control, none of those non-existent records were produced.[13]  As such, there are no further documents within the ambit of, and required to be produced under, the explicit terms of the Court's May 3 Order.  Nor, as further established below, is there any aspect of that Order that requires clarification or reconsideration whatsoever, let alone one which remotely requires this Court to condone Liu's transparent gambit to once-again attempt to impose a limitless privilege waiver so that he can use otherwise legally prohibited evidence to prosecute his Complaint in violation of governing law.[14]

**B.** **There is No Legal or Factual Basis for Reconsidering the May 3 Order or for Compelling FF's Production of Additional Privileged Documents**

**1.** **There is No Emergency Justifying Liu's Disguised *Ex Parte* Motion for Reconsideration of the May 3 Order**

Courts in the Ninth Circuit disfavor disguised reconsideration motions, and Liu's Application should be no exception.  *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2019 U.S. Dist. LEXIS 180948, at *16 (N.D. Cal. Oct. 17, 2019) (criticizing filing that was "in essence a disguised motion

---

[11] *See* Grochow Decl., ¶ 6.

[12] *Id.* at ¶ 8.

[13] *Id.* at ¶ 9.

[14] *See General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1170, 1190 (1994) (holding that a "retaliatory discharge claim" asserted by in-house counsel "may not proceed" and "must be dismissed" if it is "incapable of complete resolution without breaching the attorney-client privilege."); *Fox Searchlight, Inc. v. Paladino*, 89 Cal. App. 4th 294, 309 (2001) (recognizing that *General Dynamics* stands for the rule that in-house counsel can only maintain "a [suit for breach of contract or wrongful termination] provided it can be established without breaching the attorney-client privilege or unduly endangering the values lying at the heart of the professional relationship.") (brackets in original).

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

for reconsideration" that failed to comply with the applicable rules); *Brown v. Wells Fargo Bank, N.A.*, No. CV 16-642-DMG (AGRx), 2018 U.S. Dist. LEXIS 217598, at \*7 n.5 (C.D. Cal. Dec. 27, 2018) (criticizing a "poorly disguised and procedurally improper motion for reconsideration.").   That is particularly true where reconsideration is an "extraordinary remedy, to be used sparingly[,]" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), and where "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also* C.D. Cal. L.R. 7-18.

Moreover, in light of the Court's previous forfeiture finding and holding in its May 3 Order, it is of particular import that a motion for reconsideration further (i) "may not be used to raise arguments or present evidence for the first time when they reasonably could have been raised earlier[,]" (*id.*); (ii) as "a vehicle to reargue the motion or to present evidence which should have been raised before." *United States v. Westlands Water Distr.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); or "be made on the grounds that" a party "disagrees with the Court's application of legal precedent." *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004).

Here, there is no legal or factual basis for the Court to (i) reconsider, let alone reverse, its May 3 Order; or to (ii) compel FF's production of further privileged information based upon waiver arguments which Liu has forfeited and/or which the Court has already rejected. *See Westlands*, 134 F. Supp. 2d at 1131; *Pegasus Satellite Television*, 318 F. Supp. 2d at 981.   That is particularly true where Liu does not merely seek reconsideration in the ordinary course, but rather demands issuance of that "extraordinary remedy" via an *ex parte* Application in patent disregard and violation of the Court's clear mandate that *ex parte* relief is legally unavailable absent

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

"extraordinary" circumstances,[15] and "should not be used as a way to 'cut in line' ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *In Re: Intermagnetics Am., Inc.*, 101 Bankr. 191, 193 (C.D. Cal. 1989).  Notably, in addition to failing to demonstrate that his Application is supported by any "extraordinary circumstances" not of his own making, Liu also cannot do so where:

- He commenced this action on January 3, 2020, but inexplicably waited more than a year until February 11, 2021 before serving any document requests on FF;

- On March 15, 2021, FF concurrently served Liu with responses to those requests and a detailed meet and confer letter, both of which expressly advised Liu that his production demands and Complaint impermissibly required the disclosure and use of privileged information in violation of *General Dynamics*;

- On March 26, 2021, FF served Liu with a 73-page privilege log, consistent with FF's privilege objections and the obvious privilege issues implicated by Liu's allegation that he was wrongfully terminated in retaliation for communicating supposed legal and compliance issues to FF management in his capacity as the company's chief in-house lawyer;[16]

- On March 31, 2021, FF sent Liu a further meet and confer letter reiterating its privilege objections and the corresponding impropriety of Liu's discovery requests and claims under *General Dynamics*;

- Rather than timely raising and seeking guidance from the Court on these privilege issues, Liu instead waited until April 14, 2021—after he had taken three depositions and had seven more on calendar in the following nine days before the April 23, 2021 discovery cutoff (and with expert discovery scheduled thereafter and trial looming on June 8, 2021)—to raise any objection at all to Defendants' assertion of the privilege, and thereafter sought to unilaterally use privileged information he illicitly pilfered and concealed from FF to question witnesses during April 13 and 14, 2021

---

[15] *See* Dkt. No. 55 [New Case Order].

[16] FF subsequently provided further privilege logs on April 2 and 16, 2021, consistent with its privilege objections.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

1   depositions for the admitted and prohibited purpose of prosecuting his
2   wrongful termination claim;[17]

3   • In response to FF's objection to that misconduct, Liu first sought relief from
4     this Court on April 16, 2021, resulting in FF's April 30 Agreed Privilege
5     Waiver Production consisting of all documents authored by Liu concerning
      the Enumerated Failures and the complete email chains containing those
6     communications;[18] and

7   • Liu then inexplicably waited yet another week before filing the instant
8     Application after midnight, claiming that FF's April 30 Agreed Privilege
9     Waiver Production was somehow deficient, and seeking to expand FF's
      privilege waiver beyond the limits clearly delineated by the Court's May 3
10    Order.[19]

11      Contrary to Liu's apparent belief, this Court is not at his beck-and-call to

12  immediately resolve privilege issues implicated by his own long-pending claims

13  *seriatum,* and then immediately reconsider those rulings whenever Liu subjectively

14  disagrees with them.  While Liu may effectively be "standing in a crowded theater

15  and shouting, 'Fire!,'" the truth is that there is none other than the one he lit with his

16  own match through his own dilatory conduct.  *See Mission Power Eng'g Co. v. Cont'l*

17  *Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("[l]awyers must understand that

18  filing an ex parte motion" is "the equivalent of standing in a crowded theater and

19  shouting, 'Fire!  There had better be a fire.").  On that basis alone, Liu's

20  "emergency" *ex parte* Application is required to be denied.

21         **2.    Liu Fails to Offer Any Substantive Justification for**
22                **Reconsidering the May 3 Order or for Compelling FF's**
                  **Production of Additional Privileged Documents**
23

24      In addition to its manifest procedural impropriety, the Application further is

25  _____

26  [17] *See* Grochow Decl., ¶¶ 2-3 and Ex. 1 at 19:21-20:23,54:7-57:10, 61:18-64:25,
    69:2-11, Ex. 2 95:15-24, 96:4-9, 99:11-20, 101:5-14.

27  [18] *See id.*, ¶ 6; *see also* Dkt. No. 120-1 [Memo. of Points & Authorities in Support of
    Expedited Motion].

28  [19] *See* Dkt. No. 147.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    required to be denied because Liu neither does, nor can, adduce any substantively

2    valid justification for reconsidering and reversing the Court's May 3 Order and

3    correspondingly compelling FF to produce additional privileged documents beyond

4    what the Court previously ordered produced.

5        **First**, in contrast to Liu's unsubstantiated proclamation that he is broadly

6    entitled to documents concerning the Enumerated Failures to "enabl[e] [him] to"

7    provide the presiding District Judge with allegedly "critical context" in response to

8    FF's defensive "allegations" concerning his job performance, "including the context

9    in which [he] provided or received legal advice" for FF,[20] the *reality* is that Liu's

10   professed desire and need to provide such "context" is nothing more than a

11   transparent and legally futile re-packaging of his *procedurally forfeited, substantively*

12   *meritless and previously rejected* argument that FF somehow effectuated a wholesale

13   privilege waiver by moving for summary judgment under *General Dynamics,* and

14   reserving its right to interpose run-of-the-mill affirmative defenses in the event Liu's

15   wrongful termination claim survives that motion.[21]   *Indeed, it would yet-again*

16   *impermissibly "turn General Dynamics on its head" if in-house counsel were*

17   *precluded from using privileged information to prove its wrongful termination claim*

18   *in the first instance, but nonetheless could vitiate the privilege entirely and use*

19   *otherwise prohibited evidence for any purpose under the guise of providing*

20   *"context" in response to a former employer's General Dynamics motion or standard*

21   *no-retaliation defense.*[22]

22   _____

23   [20] *See* Application at pp. 6:27-7:6.

24   [21] *See* Dkt. No. 133 [Liu's Supp. Expedited Motion Memo.] at pp. 3:23-6:2 (arguing FF effectuated a wholesale privilege waiver by interposing defenses that Plaintiff supposedly is entitled to rebut with all of FF's relevant privileged information).

25   [22] This is particularly true where the California Supreme Court recognized that an

26   employer can "always . . . challenge [a] plaintiff's claim by demonstrating" a lawful reason for termination without losing the protections of or wholesale waiving the

27   attorney-client privilege. *See General Dynamics v. Super. Ct.*, 7 Cal. 4th 1164, 1192 (1994). FF has extensively briefed the holding, consequences, and import of *General*

28   *Dynamics* several times before this Court. Accordingly, rather than reiterate that same analysis again here, FF respectfully refers the Court to its analysis of *General*

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Second**, to the extent Liu contends that he is entitled to use FF's privileged information to contextualize and justify *his* supposed reasons for committing the Enumerated Failures, that is a *non-sequitur* because the key factual question under Liu's wrongful termination claim is *FF's motivations, not Liu's*.  *See, e.g., King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426, 433-434 (2007) (a "plaintiff's subjective beliefs in an employment discrimination case" are irrelevant, and the proffered evidence of pretext "must relate to the motivation of the decision makers to prove, by nonspeculative evidence, an actual causal link between prohibited motivation and termination."); *Johnson v. Boys & Girls Clubs of S. Puget Sound*, 191 Fed. App'x 541, 545 n. 2 (9th Cir, 2006) (self-serving assertions regarding job performance are "insufficient" to establish a pretextual reason for discharge); *Azmi v. Jordan's Meats, Inc.*, 456 F.3d 228, 246 (1st Cir. 2006) ("In assessing pretext, a court's focus must be on the perception of the decisionmaker, that is, whether the employer believed its stated reason to be credible.").  Put simply and as previously recognized by the Court in its May 3 Order, it is the Enumerated Failures put at issue by FF that define the scope of the privilege waiver; *not* Liu.[23]

**Third**, whereas Liu asserts the Court's April 26 and May 3 Orders have already imposed a blanket, wholesale waiver concerning "the Evergrande funding dispute" requiring the disclosure (and authorizing Liu's use) of "all" privileged information,[24] the undeniable facts studiously ignored and omitted by the Application plainly establish that:

- Although the Court remarked on April 26 that its preliminary "notes" indicated "pretty much anything related to Evergrande [was] waived" based

---

*Dynamics* in its Supp. Expedited Motion Brief.  *See* Dkt. No. 137 at pp. 4:16-8:3.

[23] *See* Dkt. No. 146 at p. 2 (citing *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003; and holding that "the scope of the waiver must be limited to the contours of the privileged material the party has put at issue.").

[24] *See* Application at p. 7:10-13.

upon Faraday's then-extant Alternative Breach Claims,[25] the Court later clarified during the same hearing that, even in light of those claims, FF was not required to produce documents from its privilege log "that don't really relate to Liu but are between other people."[26]; and subsequently

- Not only modified and limited the scope of its April 26 Order and FF's privilege waiver, but also expressly held in the May 3 Order that, as to the Liu's job performance, FF exclusively had waived the privilege only as to the Enumerated Failures, and was correspondingly only required to produce the Agreed Privilege Waiver Documents—that is, the documents and communications Liu authored concerning the Enumerated Failures, including his "failure to assist FF in its funding dispute with Evergrande."[27]

Consistent with the Court's *actual* ruling, FF produced all documents and communications evidencing Liu provision of, or his being asked to provide, assistance with the Evergrande funding dispute between August and December 2019. All other documents on FF's privilege log referencing Evergrande fall outside the scope of those Agreed Privilege Waiver Documents and the Court's May 3 Order, and were therefore properly withheld as a matter of law.[28]

**Fourth**, Liu similarly argues FF has failed to produce eight (8) documents on its privilege log referencing the WARN Act which he speculates are related to his Enumerated Failure to provide FF with substantive legal advice regarding a potential

---

[25] *See* Grochow Decl., Ex. 3 [4/26/21 Hearing Tr.] at pp. 6:6-19, 26:9-19, 33:2-14,

[26] *See id.* at 29:10-23.

[27] *See* Dkt. No. 146 [May 3 Order] at p. 6 (finding the "privilege has also been waived as to those areas Defendants previously acknowledged were waived" on pages 17-18 and 20 of their Opp. to Expedited Motion, which pages specifically discussed and identified the Agreed Waiver Privilege Documents concerning Liu's Enumerated Failures; Dkt. No. 124 [Opp. to Expedited Motion] at pp. 17:18-18:9, 20:1-4 (discussing and identifying the Agreed Waiver Privilege Documents concerning Liu's Enumerated Failures]; App. 6:4-7 (admitting the Court only found a privilege waiver with respect to Plaintiff's "failure to assist FF in its funding dispute with Evergrande," but as to no other part of the Evergrande transaction.

[28] *See* Grochow Decl., ¶ 7; *see also* Dkt. No. 146 at p. 2 (citing *Bittaker,* 331 F.3d at 719, and holding that "the scope of the waiver must be limited to the contours of the privileged material the party has put at issue.")...

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION

workforce reduction.[29]  However, none of those documents was actually authored by Liu,[30] nor has FF located any document or communication evidencing Liu ordering the preparation of privileged legal memoranda concerning the WARN Act.

**Fifth**, Liu contends FF has wrongfully withheld communications with Sidley regarding the negotiation of his Director Agreement, in manifest disregard of the facts that:

- The May 3 Order expressly and exclusively held that FF had waived the privilege as to communications with Sidley "concerning the solicitation, negotiation, drafting, and procurement of *the Employment Agreement*"; *not* the Director Agreement;[31]

- The Director Agreement (i) is solely between Liu and non-party Yueting Jia, and *not* FF; (ii) is not incorporated in, attached to, or referenced by the Employment Agreement; and (iii) is not alleged in support of Liu's Complaint's breach of employment agreement claim.[32]  Thus, it cannot credibly be argued that the Employment Agreement is even partially comprised of, much less synonymous with, the Director Agreement; and

- Despite being well-aware of the existence of his Director Agreement at all times, Liu failed to seek the production of privileged documents and communications regarding that contract in his Expedited Motion or Supp. Expedited Motion Memo., such that his novel request for those records at the eleventh hour has been legally forfeited. *See, e.g., Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 809 (9th Cir. 2000) (noting that reconsideration is not appropriate when party simply failed to full support its position first time around).

---

[29] *See* Application at 8:24-9:2.

[30] *See* Grochow Decl., ¶ 7.  Importantly, Liu fails to identify any other documents from FF's privilege log or otherwise concerning the Enumerated Failures that supposedly were required to be produced but were instead wrongfully withheld. However, he cannot "in seriousness . . . expect the [Court] to dig through privilege logs and bates numbers to ferret out which documents" he purportedly believes should have been produced. *See In re Glumetza Antitrust Litig.*, No. 19-CV-05822-WHA-RMI, 2020 WL 3498067, at *16 n.10 (N.D. Cal. June 29, 2020).

[31] *See* Dkt. No. 146 [May 3 Order] at p. 6; *see also id.* at pp. 3-5 (repeatedly referencing the "Employment Agreement" between Liu and FF, and omitting any reference to Director Agreement.

[32] *See* Dkt. No. 1-2 [Complaint] at ¶¶ 110-116 and attached Ex. B at pp. 1, 3.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Sixth**, Liu's postulation that FF is withholding a supposed "script" or "pre-written message" used by Bob Ye during Liu's February 2019 termination meeting is based exclusively upon an illicitly-obtained image of an unidentified individual's laptop screen.[33]   That screen image, however, has not been authenticated by any competent individual.  Nor is there any credible evidence before this Court regarding how and when the image was obtained and what it purportedly shows.  Indeed, Liu not only tellingly fails to submit any declaration of his *own* establishing that Mr. Ye actually read from or otherwise used a "script" or "pre-written message" during Liu's termination meeting, but also *omits* any mention of Mr. Ye's express disavowal of that allegation during his sworn deposition testimony.[34]   Accordingly, this Court neither can, nor should, credit Liu's baseless speculation that FF is withholding that non-existent document.  *See, e.g., Copeland v. Bank of Am., N.A.*, 690 Fed. App'x 460, 460 (9th Cir. 2017) (district court properly declined to consider unauthenticated documents).

**Seventh**, Liu complains FF has not produced any Termination Documents.[35] However, had Liu properly met and conferred on that issue, he would have known that FF has already produced all Termination Documents in its possession, custody, or control, and Liu's subjective belief that additional documentation should exist is legally incapable of supporting a motion to compel.  *See, e.g., Purecircle United States v. Sweegen, Inc.*, No. 8:18-cv-01679-JVS (JDEx), 2020 U.S. Dist. LEXIS 133148, at *28 (C.D. Cal. June 17, 2020) ("Defendants' speculation that other responsive documents exist but are being withheld is not, without more, grounds to compel a further production.").

---

[33] *See* Application at pp. 3:7-11, 8:4-11.

[34] *See* Dkt. No. 147-1 [A. Kushner Decl. in support of Application] at ¶ 21 (Liu's counsel improperly attempting to authenticate "a picture that he [Liu] [allegedly] took during the February 11, 2019 meeting"] and Ex. 2 attached thereto; *see also* Grochow Decl., ¶ 9, Ex. 1 [Ye Dep. Tr.] at pp. 107:18-22.

[35] *See* Application at pp. 7:26-8:2.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Finally**, Liu suggests this Court should reconsider and reverse its May 3 Order and compel the production of further privileged documents merely because his production supposedly outnumbers the 5,262 pages of records provided by FF in this action.[36]  In addition to the fact that 473 documents of Liu's production consist of privileged materials he illicitly pilfered from FF and then secretly retained before attempting to use in this litigation,[37] this is precisely the type of "tit-for-tat" argument and approach to discovery that cannot be condoned. *See Sandifor v. Cnty. of Los Angeles*, 2019 WL 4137411, at *3 (C.D. Cal. May 8, 2019) (rejecting a "'tit-for-tat' approach to litigation" and noting that the court "w[ould] not consider such arguments . . . ."); *Moore v. Zurich Am. Ins. Co.*, 2016 WL 10987368, at *4 (C.D. Cal. Dec. 1, 2016)  ("[T]he Federal Rules do not contain a provision 'authorizing a litigant to behave only as well as his opponent.'"); *Nat'l Academy of Recording Arts & Sci., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 689 (C.D. Cal. 2009) ("discovery is not conducted on a 'tit-for-tat' basis").

In sum, Liu has failed to proffer any competent legal or factual basis for reconsideration of the May 3 Order at all, much less any for reversal of that Order to compel the production and authorize his use of additional privileged documents.

### 3.    Liu Cannot Legally Obtain Reconsideration Through *In Camera* Review of FF's Privileged Information

In a last-ditch effort to procure the emergency reconsideration and reversal of the May 3 Order, Liu demands that documents on FF's privileged log be subjected to *in camera* review so the Court can determine whether FF has complied with its production obligations.[38]  In so demanding, however, Liu notably fails to cite any law supporting such a procedure.  Nor  can he do so where California state and federal

---

[36] *See* Application at p. 6:19-22.

[37] *See* Grochow Decl., ¶ 12.

[38] *See* Application at pp. 2:8-9, 4:17-18, 7:24, 8:2, 8:14-17.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

court law could hardly be more clear that "a court [cannot] order[] in camera review of information claimed to be privileged in order to rule on the claim of privilege[,]" let alone the stunningly intrusive, undefined, and unwarranted review that Liu demands. *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 739 (2009); s*ee also Insight Glob., LLC v. Beacon Hill Staffing Grp., LLC*, No. 17CV00309BLFVKD, 2018 WL 6573081, at *5 (N.D. Cal. Dec. 13, 2018) (same). Accordingly, the Court must decline Liu's invitation to invade FF's attorney-client privilege in violation of governing law.[39]

## III.   CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that Liu's Application be denied in its entirety.

Dated:  May 10, 2021

Respectfully submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

By:  /s/ Lauren E. Grochow

Lauren E. Grochow
Attorneys for Defendant
SMART KING LTD. and Defendant and Counterclaimant
FARADAY&FUTURE INC.

---

[39] Even if such a review were permissible, which it is not, Liu has not identified a single entry on the privilege log with which he takes issue.  He cannot "in seriousness . . . expect the [Court] to dig through privilege logs and bates numbers to ferret out which documents" he means to include in his baseless claim that responsive documents are yet to be produced. *In re Glumetza Antitrust Litig.*, No. 19-CV-05822-WHA-RMI, 2020 WL 3498067, at *16 n.10 (N.D. Cal. June 29, 2020).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION