Kevin D. Hughes (Bar No. 188749)
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266
Email:   kevin@foundationlaw.com

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
Jnachmani@seidenlawgroup.com
Seiyerden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone:   (646) 766-1914
Facsimile:   (646) 304-5277

*Attorneys for Plaintiff/Counter-Defendant,
Hong Liu*

**UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| HONG LIU,<br><br>        Plaintiff,<br><br>    v.<br><br>FARADAY&FUTURE INC., SMART KINGLTD., JIAWEI WANG, and CHAOYING DENG<br><br>        Defendants. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint filed on: January 3, 2020<br><br>Defendants' Motion filed on: April 26, 2021<br><br>Hearing on Motions: June 1, 2021; June 21, 2021 |
| FARADAY&FUTURE INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>HONG LIU,<br><br>        Counter-Defendant. | Judge:    Hon. Stephen V. Wilson<br>Trial Date:  July 27, 2021 |

Plaintiff Hong Liu ("Plaintiff" or "Mr. Liu") hereby submits this statement of genuine disputes pursuant to Central District of California Rule 56-2 in opposition to the motion for summary judgment herein filed by Defendant FF Intelligent Mobility Global Holdings Ltd.'s (f/k/a Smart King Ltd. ("Smart King")) and Defendant Faraday&Future Inc. ("FF") (collectively "Defendants").[1]

Facts 1 through 25 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts filed by the moving party. These facts are followed by additional material facts and supporting evidence showing a genuine issue.

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| 1.    Faraday was and is an electric vehicle company headquartered in Los Angeles, California. | 1.    Undisputed. |
| 2.    Smart King is the indirect parent company of Faraday. | 2.    Undisputed. For purposes of this response, Plaintiff assumes that the entity formerly known as Smart King Ltd. is currently known as FF Intelligent Mobility Global Holdings Ltd. |
| 3.    Between October 2017 and February 2018, Liu was a New York attorney and partner with the law firm Mayer Brown LLP ("**Mayer**"). | 3.    Undisputed.   Plaintiff notes that he resigned from Mayer Brown LLP ("Mayer") on February 7, 2018.   *See* Liu Decl. at 3, 28, Ex. 22. |

---

[1] References to the "Liu Decl." are to the Declaration of Hong Liu.   References to "Ex" are to the Exhibits attached to the Liu Decl.

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| 4.  In October 2017, Liu provided FF with (i) an Engagement Agreement (the "**Engagement Agreement**"), as well as with (ii) a Mayer Brown Proposal and Work Plan for FF Global Holdings Ltd., Faraday & Future Inc., d/b/a Faraday Future (the "**Work Plan**"); (iii) Mayer Brown Current Working Team Hourly Rates for Faraday Future; and (iv) International Terms of Business. | 4.  Undisputed. |
| 5.  The Mayer Work Plan stated, in relevant part, that: We are very excited to have been given the opportunity to make a proposal and work plan to provide legal services to Faraday Future ("FF"). We are eager to play a role in FF's mission of bringing premium, intuitive, and seamlessly connected electric vehicles to people worldwide. The Work Plan further identified the legal services to be provided by Mayer's "Corporate and Finance team," "Auto Industry team," "Initial public offering team," "General Counsel team," and | 5.  Disputed.  The Mayer Work Plan does not state that Mr. Liu would oversee anything.  Plaintiff respectfully refers the Court to the Mayer Work Plan for its complete and accurate context.  *See* Declaration of Chaoying Deng ("Deng Decl."), Ex. 2 at pp. 1-3. |

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| "Wealth management" team, all of which were to be overseen by Liu in his capacity and role as the "FF Client Team Leader & Main Contact Partner." | |
| 6.    FF and Mayer executed the Engagement Agreement dated October 20, 2017, thereby memorializing their attorney-client relationship. Liu executed the Engagement Agreement on Mayer's behalf. The Engagement Agreement stated, in relevant part, that: <br><br> This letter confirms our agreement that FF Global Holdings Ltd., Faraday & Future Inc., d/b/a Faraday Future (collectively the "Clients" or "you" and each a "Client" or "you") have engaged Mayer Brown LLP, a limited liability partnership in the United States (the "Firm" or "we" or "us"), to provide Clients with legal services and advice in connection with your capital raising, strategies, regulatory, corporate, securities, intellectual property, litigation, wealth management matters and on such other tasks and matters as may be instructed by you from time to time and as | 6.    Disputed.    The engagement dated October 20, 2017, was not signed by either party until December 22, 2017. *See* Liu Decl. at ¶20; Ex. 8.   Further, Mr. Liu never provided any legal advice to FF during his employment at Mayer. *See* Liu Decl. at ¶¶4-5.   Plaintiff respectfully refers the Court to the Engagement Agreement for its full and accurate contents.   Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| we explicitly agree to undertake (the "Matter").<br><br>***<br>As the Firm's designated leader of the FF Client Team, I [Liu] will be responsible for this engagement… | |
| 7.   Between December 2017 and February 2018, Mayer and Liu, in his capacity as an attorney and partner with Mayer, represented FF in various legal matters in their capacity as outside legal counsel. | 7.   Disputed.   Mr. Liu never provided any legal advice to FF during his employment at Mayer.   *See* Liu Decl. at ¶¶4-5; *see also* Wang Decl., Exs. 1-3 (showing that Mr. Liu did not bill any time on any FF matter). |
| 8.   Between October 20, 2017 and January 25, 2018, Liu solicited, drafted, and negotiated an employment agreement ("**Employment Agreement**") with FF, under which Liu was retained as Faraday's Global General Counsel, Global Chief Administrative Office, and Global Senior Advisor. Liu and FF executed the Employment Agreement on or about January 25, 2018. | 8.   Disputed.   FF solicited Mr. Liu's employment.   On October 25, 2017, FF provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment at FF.   *See* Liu Decl. at ¶¶12-13.   Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24.   The Employment Agreement was executed on January 26, 2018 (not January 25, 2018).   *See id.* at ¶24. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| 9.     The Employment Agreement between FF and Mayer stated, in relevant part, that:<br><br>        FF shall guarantee [Liu's] employment and base salaries as provided in the Terms for five years except for [Liu] decid[ing] to leave FF on his own.<br><br>        ***<br><br>        FF shall pay [Liu] a minimum annual base salary of $1,000,000.00, in semi-monthly (bi-weekly) installments, for five years. If [Liu] is terminated for any reason during the five year term he will be entitled to receive any remaining portion of the five years base salaries not yet paid in a lump sum. Base salary will be reviewed on an annual basis for increases in accordance with the review process for senior level executives of FF.<br><br>        ***<br><br>        FF shall pay [Liu] a signing bonus of $3,000,000.00, payable in five equal installments, with the first installment paid upon the signing of the Agreement and each of the | 9.     Undisputed.     Plaintiff respectfully refers the Court to the Employment Agreement for its complete and accurate contents. *See* ECF 1-1; *see also* Ex. 16 at 5-7. |

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| remaining following four anniversary of [Liu's] start of employment at FF and paid in lump sum in the event of an early termination by FF during the five year guaranteed employment term.<br><br>***<br>FF shall grant [Liu] at minimum cost required by law and outright, 2% of FF's total equity shares pre Series A dilution in the form of restrictive stocks or equity option as [Liu] may select based on any of [Liu's] available equity grant forms to select from, namely 20,000,000.00 equity shares representing 2% of the total and all of 1,000,000,000.000 equity shares of FF pre Series A, as FF has represented and warranted, with the FF established and standard equity share or option vesting schedule and any of FF's earliest available vesting schedules as [Liu] may select and with adequate consideration of tax benefits available to [Liu]. Any and all of the remaining unvested portion of such 2% of the total shares shall become immediately and fully vested to [Liu] upon early termination by FF of [Liu's] employment within the guaranteed employment term with FF. Such an early termination can only be | |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| effectuated based on the specific cause of a serious breach of fiduciary duty to FF as a senior executive of FF after fully adjudicated against [Liu] by a competent court in the United States, and [Liu] will be fully covered by FF with executive indemnifications.<br><br>***<br><br>FF shall entitled [Liu] to participate in all benefit plans and programs at the same level with all senior level executive of FF, including, without limitation . . , insurances including health, life, and D&O. | |
| 10.    In soliciting, negotiating, drafting the terms of, and procuring the Employment Agreement with FF, Liu never advised FF in writing to seek and obtain independent legal counsel in connection with the drafting and negotiation of the Employment Agreement. | 10.    Disputed.    FF solicited Mr. Liu's employment.    On October 25, 2017, FF provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment.    *See* Liu Decl. at ¶¶12-13.    Both parties were involved in the negotiation and drafting of the Employment Agreement.    *See id.* at ¶¶11-19, 21-24.    Plaintiff does not dispute that he never advised FF in writing to obtain independent counsel in |

8

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| | connection with the Employment Agreement; however, Plaintiff verbally advised FF to obtain independent counsel.  *See* Liu Decl. at ¶15. |
| 11.    In soliciting, negotiating, drafting the terms of, and procuring the Employment Agreement with FF, Liu never informed FF of any actual and reasonably foreseeable adverse consequences of, materials risks of, and reasonably available alternatives to, the Employment Agreement's terms concerning Liu's cash compensation, stock options, the circumstances under which FF was permitted to terminate Liu's employment, and the effect of such termination on Liu's compensation. | 11.    Disputed.   Faraday solicited Mr. Liu's employment at Faraday.    On October 25, 2017, Faraday provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment at Faraday. *See* Liu Decl. at ¶¶12-13.    Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24.    The terms of the Employment Agreement were fully disclosed on the face of the agreement. Plaintiff verbally advised FF to obtain independent counsel in connection with the Employment Agreement.    *See* Liu Decl. at ¶15.    Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain |

9

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| | legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |
| 12.     In soliciting, negotiating, drafting the terms of, and procuring the Employment Agreement with FF, Liu never disclosed to FF that Liu was negotiating the Employment Agreement exclusively on his own behalf and for his benefit; never disclosed that he was not providing FF with the same legal advice in connection with the Employment Agreement that he would have given FF had FF been negotiating that contract with a third-person; and failed to actually provide FF with the same legal advice in connection with the Employment Agreement that he would have given FF had FF been negotiating that contract with a third-person. | 12.     Disputed.   Faraday solicited Mr. Liu's employment at Faraday.     On October 25, 2017, Faraday provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment at Faraday. *See* Liu Decl. at ¶¶12-13.   Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24.   The terms of the Employment Agreement were fully disclosed on the face of the agreement. Plaintiff verbally advised FF to obtain independent counsel in connection with the Employment Agreement.   *See* Liu Decl. at ¶15.   Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Case No.: 2:20-cv-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| 13. In soliciting, negotiating, drafting the terms of, and procuring the Employment Agreement with FF, Liu never disclosed in writing to FF, or obtained FF's fully informed written consent to, Liu's conflict of interest with respect to the negotiation, drafting, and terms of the Employment Agreement. | 13. Disputed. Faraday solicited Mr. Liu's employment at Faraday. On October 25, 2017, Faraday provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment at Faraday. *See* Liu Decl. at ¶¶12-13. Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24. The terms of the Employment Agreement were fully disclosed on the face of the agreement. Plaintiff verbally advised FF to obtain independent counsel in connection with the Employment Agreement. *See* Liu Decl. at ¶15. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |
| 14. Liu has acknowledged in writing his familiarity with and agreement to abide by the Rules of Professional Conduct. | 14. Undisputed that Mr. Liu signed a document on April 28, 2014, entitled "Conforming to the Rules of Professional Conduct." *See* Decl. of |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| | Lauren E. Grochow, ¶7, Ex. 5. The document stated "I have currently reviewed with care the Rules of Professional Conduct applicable to each jurisdiction in which I am licensed to practice or in which I am seeking a license." *See id.* Mr. Liu was not licensed in California before registering with the California state bar in April 2018. *See* Liu Decl. at ¶30. |
| 15. Faraday and Smart King have provided notice of their rescission of the Employment Agreement via their respective Answers to Liu's Complaint and Faraday's Second Amended Counterclaim against Liu. | 15. Disputed. Defendant's pleadings do not constitute a "notice of their rescission of the Employment Agreement." Further, the fraud-based rescission claims that Defendant's asserted in their initial pleadings in this action have been dismissed. *See* ECF 144. Defendants did not raise their current claims for rescission of the Employment Agreement based on purported violations of attorney ethics rules until their third round of pleadings in this action. *See* ECF 72, 83, 95. Plaintiff further notes that Defendants' |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| | alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |
| 16.    FF terminated Liu's employment in February 2019, after having already paid Liu more than $1.8 million in cash compensation. | 16. Disputed.    Defendants included over $230,000 non-cash compensation in their calculation, specifically the "RELOCATION" and "PTO" expenses were not "cash compensation."    *See* Wang Declaration, Ex. 4 at 24. |
| 17.    The Complaint's First Cause of Action for Breach of Contract against FF alleges that FF breached the Employment Agreement by failing to provide him with $6.4 million in cash and lucrative stock options following his termination in February 2019. | 17. Disputed.    The Complaint's First Cause of Action for Breach of Contract alleges, inter alia that FF breached the Employment Agreement by failing to vest stock options that were previously issued to Liu.    *See* ECF 1 at 21-23. Plaintiff respectfully refers the Court to the Complaint for its complete and accurate contents. |
| 18.    The Complaint's Fourth Cause of Action for Wrongful Termination in Violation of Public Policy against FF alleges that FF terminated Liu in retaliation for Liu reporting alleged | 18. Disputed.    The Complaint's Fourth Cause of Action is not limited in this manner, and alleges "As a direct result of his whistleblowing, Plaintiff was wrongfully discriminated against by |

13

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| "compliance issues and violations of law" to FF management concerning supposed "immigration law, failures to adequately investigate sexual harassment complaints, illegal retaliation against employees, breach of employee's privacy, irregular financial activities and timely compliance with the labor law including the WARN Act." | Smart King and Faraday. Plaintiff's work responsibilities were reduced dramatically, and he was then terminated, all in violation of public policy. Specifically, Plaintiff was terminated in retaliation for truthfully expressing his concerns with regard to Faraday's failure to comply with applicable California and federal law." *See* ECF 1 at 25-26. Plaintiff respectfully refers the Court the Complaint for its complete and accurate contents. |
| 19.     Liu recently produced 62 of FF's privileged attorney-client documents (totaling 308 pages) in this lawsuit, thereby revealing that he retained those privileged materials following his termination from FF in February 2019 and has possessed them since the inception of this action (the "**Illicit Privileged Materials**"). | 19. Disputed.    The nature and scope of attorney-client privilege in this action, and whether any such privilege has been waived, is highly disputed between the parties.    The Court has held that Defendants have waived attorney-client privilege with respect to broad categories of documents in this action, including all documents relating to the solicitation, drafting, and negotiation of the Employment Agreement, all documents related to |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| | Plaintiff's termination, and enumerated areas in which Defendants allege Plaintiff provided deficient advice or failed to provide advice.   *See* ECF 146 at 6.   Further, the Court has held that it may revisit issues of privilege waiver following the Court's decision on Summary Judgment.   *See* Declaration of Amiad Kushner Exhibit ("Kushner Decl. Ex.") C.   Further, under California law, an attorney may retain and use privileged materials for purposes of wrongful termination claims.   *See e.g., Chubb & Son v. Super. Ct.*, 176 Cal. Rptr. 3d 389, 398 (Cal. App. 1st Dist. 2014) (*"General Dynamics* teaches that a former in-house counsel may use privileged information, with careful controls against inappropriate disclosure, in order to pursue a wrongful termination claim against his or her former employer."). Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually |

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
|  | contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |
| 20.   The Illicit Privileged Materials retained and possessed by Liu and recently produced in this action include the following documents: <br><br> • Drafts of company policies prepared by FF's other in-house legal counsel, and not by Liu himself; <br> • A document disclosing FF's legal strategy *vis-à-vis* its sales model; <br> • Drafts of Board of Director meeting minutes prepared by counsel and disclosing privileged information presented to FF's Board; <br> • Legal memoranda prepared by FF's in-house counsel for review and consideration by FF's senior executives; <br> • Email communications with FF's outside legal counsel regarding | 20. Disputed.   The nature and scope of attorney-client privilege in this action, and whether any such privilege has been waived, is highly disputed between the parties.   The Court has held that Defendants have waived attorney-client privilege with respect to broad categories of documents in this action, including all documents relating to the solicitation, drafting, and negotiation of the Employment Agreement, all documents related to Plaintiff's termination, and enumerated areas in which Defendants allege Plaintiff provided deficient advice or failed to provide advice.   *See* ECF 146 at 6. Further, the Court has held that it may revisit issues of privilege waiver following the Court's decision on Summary Judgment. Kushner Decl. Ex. C.   Further, under California law, an |

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
| --- | --- |
| FF's Series A financing transaction, and FF's related legal dispute and litigation, with Evergrande;<br><br>• Text message and email correspondence between Liu, FF employees, and outside counsel regarding requests for, and the provision of legal advice regarding, corporate governance issues;<br><br>• Emails between FF's employees, inhouse counsel, and outside counsel regarding labor and employment issues involving the WARN Act, alleged sexual harassment complaints, furloughs, and investigations;<br><br>• Email correspondence and draft documents exchanged with outside counsel relating to FF's Employee Stock Option Plan; | attorney may retain and use privileged materials for purposes of wrongful termination claims.  *See e.g., Chubb & Son v. Super. Ct.*, 176 Cal. Rptr. 3d 389, 398 (Cal. App. 1st Dist. 2014) (*"General Dynamics* teaches that a former in-house counsel may use privileged information, with careful controls against inappropriate disclosure, in order to pursue a wrongful termination claim against his or her former employer.").   Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| • Emails reflecting FF seeking legal advice from in-house regarding the recording of company meetings;<br>• Email chains containing legal advice from outside counsel concerning banking laws;<br>• An email from an FF employee seeking legal advice regarding how to respond to meeting comments;<br>• An email summarizing work performed by FF's in-house legal department; and<br>• A presentation to FF's management regarding the company's key legal strategies and the status of various legal matters. | |
| 21.    During the April 13, 2021 deposition of FF employee Qing Ye ("**Ye Deposition**"), Liu's counsel attempted to introduce and question the witness on Illicit Privileged Materials—namely, a privileged communication between FF and its legal counsel containing legal | 21. Disputed.    Plaintiff disputes that the communication at issue contained legal advice or that it is privileged, and if so, whether any such privilege was waived.    Plaintiff respectfully refers the Court to its responses to nos. 19 and 20 above.    Plaintiff further notes that |

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| advice about corporate governance, relevant only to Liu's wrongful termination claim. | Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement.   Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |
| 22.     In response to his attempted introduction of Illicit Privileged Materials, FF's attorney admonished Liu's counsel that such unauthorized possession and use of FF's privileged materials not only violates the attorney-client privilege, but also subjects Liu's counsel to disqualification under governing California law. | 22. Disputed.    At the deposition in question, Plaintiff's counsel made clear to Defendant's counsel that the document in question contained no legal advice and was not privileged.   *See* Declaration of Lauren Grochow, Ex. 2 (Ye Dep. Tr.) at 18:2-14.    Plaintiff respectfully refers the Court to its responses to nos. 19 and 20 above. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement.   Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| 23. During the April 14, 2021 deposition of Chaoying Deng ("**Deng Deposition**"), Liu's counsel once again attempted to question the witness with Illicit Privileged Materials—namely, a privileged communication between FF and its outside legal counsel concerning FF's financial position. | 23. Disputed.   At the deposition in question, Plaintiff's counsel disputed that the document in question was privileged. *See* Grochow Decl., Ex. 4 at 98: 4-7.   Plaintiff respectfully refers the Court to its responses to nos. 19 and 20 above.   Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement.   Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |
| 24. In response to FF's attorney's objection and demand that all Illicit Privileged Materials be immediately returned and/or destroyed, Liu's attorney admitted Liu's use and intention to further use FF's privileged information "in support of" the Complaint's "claim for retaliation." | 24. Disputed.   At the deposition in question, Plaintiff's counsel disputed that the document in question was privileged. *See* Grochow Decl., Ex. 4 at 98: 4-7.   Plaintiff respectfully refers the Court to its responses to nos. 19 and 20 above.   Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

| Moving Party's Alleged Uncontroverted Facts | Response to Opposition |
|---|---|
| | 56.1 statement.   Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |
| 25.    The Complaint's Seventh Cause of Action for Declaratory Judgment against FF "seeks a declaratory judgment that under the terms of the Employment Agreement, [Liu] is owed $6,400,000 in unpaid salary and bonus compensation and that his 20 million Smart King options must be vested immediately." | 25.   Disputed.    The   Complaint's Seventh Cause of Action is not limited to the quotations that Defendants have excerpted.    Plaintiff respectfully refers the Court to the Complaint in its complete and accurate contents.   *See* ECF 1 at 27-28. |

Dated: May 18, 2021                           SEIDEN LAW GROUP LLP


                                              /s/ Amiad Kushner
                                              Amiad Kushner
                                              Seiden Law Group LLP
                                              322 Eighth Avenue, Suite 1704
                                              New York, NY 10001
                                              akushner@seidenlegal.com
                                              (212) 523-0686

                                              *Counsel for Plaintiff Hong Liu*

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2:20-CV-08035-SVW-JPR