# Exhibit 9

| | |
|---|---|
| **From:** | H. Liu |
| **Sent:** | Thursday, January 11, 2018 9:38 AM CST |
| **To:** | Jerry Wang (FF China) |
| **CC:** | Liu gmail Henry H. |
| **Subject:** | Re: [EXTERNAL] Fwd: TS |
| **Attachments:** | 01112018FFHLTermSheet(CleanoverJW).docx, 01112018FFHLTermSheet(RLoverJW).docx |

Hi Jerry:  Please find the attached.  Best regards.  Henry

On Mon, Jan 1, 2018 at 11:10 PM, Jerry Wang (FF China) <Jerry.Wang@ff.com> wrote:

Dear Mr. Liu,

Happy New Year! Please refer to attachment comments based on our discussion and previous term sheet, please let me know your feedback and sincerely looking forward to partnership!

Best regards,

Jerry

———————————

**Faraday Future**

**Jerry Wang**

General Manager │ Global Capital and Investment Banking

e    jerry.wang@ff.com

c    +1 201-354-7734 / +86 151-1690-3389

a    18455 S Figueroa St, Gardena, CA 90248

w    www.ff.com

-

FF Inc. email may include content, whether in the body of an email or in an attachment, that is intended to be privileged and confidential. Delivery of confidential material by email not does not diminish the confidential nature of such material. All persons who believe that they have erroneously received any FF Inc. email are requested to delete such email, including any attachments. Any non-business, personal use of FF Inc. email system is solely the responsibility of the sender, and none of the content of any such email is to be attributed to FF Inc. No one who receives an email purportedly from FF Inc. should rely on the

HLIU003717

authenticity or completeness of that email, unless it is received directly from FF Inc.. No person is entitled to copy, forward or otherwise re-use any material contained in any FF Inc. email, without FF Inc.'s express written permission.

*All we do is for our earth, please consider the environment before printing out this email.*

---

**From:** H. Liu [mailto:henryliuesq@gmail.com]
**Sent:** Wednesday, November 22, 2017 5:08 AM
**To:** Jerry Wang (FF China) <Jerry.Wang@ff.com>
**Subject:** [EXTERNAL] Fwd: TS

Begin forwarded message:

> **From:** "H. Liu" <henryliuesq@gmail.com>
> **Date:** November 21, 2017 at 9:34:54 AM EST
> **To:** Jerry.Wang@ff.com
> **Subject: TS**
>
> Please find the attached.  Best regards.

HLIU003718

HLIU003722-HLIU003724

Confidential & Privileged

<u>Employment Agreement</u><s>Term Sheet</s>

Between FF and HL

(January __<u>2</u><s>2</s>, 2018)

This <u>Employment Agreement</u><s>Terms Sheet</s> ("<u>Agreement</u><s>Terms</s>") sets forth the terms and condition of employment of Henry L ("HL") at FF Global Holdings Ltd <s>.</s><u>which owns 100% of such entities including, without limitation,</u> <s>,</s> Faraday & Future Inc.<u>, LeSEE</u><s>,</s><u>, City Sky Limited,</u> <s>d/b/a</s> Faraday<s>, and Faraday owned LeSEE</s> ("FF"). These Terms <u>("Terms")</u> supersede<s>s</s> and replace<s>s</s> any and all previous agreements between the parties. If any provision of these Terms is ineffective in whole or in part, the remainder of the Terms shall remain effective.  The Terms shall be constructed in accordance with <u>and governed by</u> the laws of the State of California <u>without regard to otherwise governing principles of conflicts of law</u>.

Position & Duties:
FF shall appoint HL Senior <s>Board Member of FF</s> Global Board<u>; Global President,</u> <s>and</s> concurrently the Global General Counsel <u>at HL's choice</u>, and the Global Senior Advisor of FF, <u>directly</u> reporting to FF's <s>Chairman and</s> CEO. FF shall give HL adequate authority and support in performing his duties. HL's duties and responsibilities <u>shall be</u> commensurate with such positions, and subject to typical exceptions for serving on other civic/charitable/corporate boards with no direct conflict of interest with FF and for managing personal investments.

Term:
HL shall commence as soon as practical and expects to be no later than <u>February 1</u><s>January 15</s>, 2018, based on agreed Terms. FF shall guarantee HL's employment <u>and base salaries</u> as provided in the Terms for five years. Thereafter such employment shall continue until terminated by either party<u>, upon 90 days advance notice,</u> pursuant to the Terms.

Base Salaries:
FF shall <u>pay</u><s>guarantee in paying</s> HL a minimum annual base salary of $1,000,000.00<u>, in semi-monthly (bi-weekly) installments,</u> for five years. <s>The amount reflects HL's current annual base pay amount.</s> <u>If HL is terminated for any reason during the five year term he will be entitled to receive any remaining portion of the five years of base salaries not yet paid in a lump sum.</u> Base salary will be reviewed on an annual basis for increases in accordance with the review process for senior level executives of FF.

Signing Bonus:
FF shall <u>pay</u><s>advance</s> HL a signing bonus of $<u>3,00</u><s>25</s>0,000.00,<s>including partially equivalence of benefits (housing, transportation etc.), for his job switch loss</s> <u>payable in five equal installments,</u>

1

Confidential & Privileged

with the first installment paid upon the signing of the Agreement and each of the remaining installments paid at each of the following four anniversary of HL's start of employment at FF and paid in lump sum in the event of an early termination during the five year guaranteed employment term.

Bonus Opportunity:

FF shall award HL annual bonus based on annual review. FF shall give HL access to special Bonus based on a percentage of overall transactions, after successful financing including equity financing , China Joint Venture, and other special projects and important tasks, etc., in which HL plays one of the leading roles of the project group and makes substantial contributions.

Equity Grants:

FF shall entitle HL to FF's long-term and short-term incentives. FF shall grant HL at no minimum cost required by law and outright, 2% of FF's total equity shares determined on a fully diluted and converted basis pre Series A dilution, , namely 20,000,000.00 equity shares representing 2% of the total and all of 1,000,000,000 equity shares of FF pre Series A , as FF has represented and warranted, with standard vesting schedule and adequate consideration of tax benefits available to HL. Any and all of the remaining unvested portion of such 2% of the total shares shall become immediately and fully vested to HL upon any early termination of HL's employment with FF within the guaranteed employment term with FF.  In the event that HL's employment is terminated HL can cause FF to repurchase his such shares and rights at no less than market value.  FF shall reimburse HL and provide HL with financing assistances with regard to any additional costs that HL may incur in connection with the equity grants. FF has represented that there are no multiple classes of shares with different rights and values.

Benefits/PTO:

FF shall entitle HL to participate in all benefit plans and programs at the same level with all senior level executives of FF, including, without limitation,  corporate housing, transportation, retirement, welfare, vacation and PTO, insurances including health, life, and D&O. FF shall honor and adopt all employee and executive friendly best practices in favor of HL as a valued senior executive of FF, with regard to severance payments, change of control, parachute payments, tax treatments and any other customary executive compensation provisions. HL is entitled to indemnification from FF on terms no less than any other executives and employees.

Relocation:

At the request of FF, HL shall relocate from New York to Los Angeles. FF shall pay for all HL's relocation costs and expenses as a senior executive, including, without limitation, family house-hunting trips, moving and storage of household goods, settling in allowances, interim living,

2

Confidential & Privileged

expenses in selling and buying a residence, and house sales assistance including guaranteed buy out of his residence.

Survivor Benefits:
HL is entitled to death benefits if he dies during the five year term and during his employment at FF, including two year of base salary for his surviving spouse and children.  Upon his death all his equity interests become fully vested and will pass to his surviving spouse and his children.

Signed by,                                              Signed by,


Signature:_____                      Signature: _____
For & on behalf of Faraday                     Henry L
Position:                                               Printed Name:
Printed Name:

Date:                                                    Date:

3

HLIU003719-HLIU003721

Confidential & Privileged

Employment Agreement

Between FF and HL

(January __, 2018)

This Employment Agreement ("Agreement") sets forth the terms and condition of employment of Henry L ("HL") at FF Global Holdings Ltd which owns 100% of such entities including, without limitation, Faraday & Future Inc., LeSEE, City Sky Limited, d/b/a Faraday ("FF"). These Terms ("Terms") supersede and replace any and all previous agreements between the parties. If any provision of these Terms is ineffective in whole or in part, the remainder of the Terms shall remain effective. The Terms shall be constructed in accordance with and governed by the laws of the State of California without regard to otherwise governing principles of conflicts of law.

Position & Duties:
FF shall appoint HL Senior Board Member of FF Global Board; Global President, and concurrently the Global General Counsel at HL's choice, and the Global Senior Advisor of FF, directly reporting to FF's CEO. FF shall give HL adequate authority and support in performing his duties. HL's duties and responsibilities shall be commensurate with such positions, and subject to typical exceptions for serving on other civic/charitable/corporate boards with no direct conflict of interest with FF and for managing personal investments.

Term:
HL shall commence as soon as practical and expects to be no later than February 1, 2018, based on agreed Terms. FF shall guarantee HL's employment and base salaries as provided in the Terms for five years. Thereafter such employment shall continue until terminated by either party, upon 90 days advance notice, pursuant to the Terms.

Base Salaries:
FF shall pay HL a minimum annual base salary of $1,000,000.00, in semi-monthly (bi-weekly) installments, for five years. If HL is terminated for any reason during the five year term he will be entitled to receive any remaining portion of the five years of base salaries not yet paid in a lump sum. Base salary will be reviewed on an annual basis for increases in accordance with the review process for senior level executives of FF.

Signing Bonus:
FF shall pay HL a signing bonus of $3,000,000.00, payable in five equal installments, with the first installment paid upon the signing of the Agreement and each of the remaining installments paid at each of the following four anniversary of HL's start of employment at FF and paid in lump sum in the event of an early termination during the five year guaranteed employment term.

Confidential & Privileged

Bonus Opportunity:

FF shall award HL annual bonus based on annual review. FF shall give HL access to special Bonus based on a percentage of overall transactions, after successful financing including equity financing, China Joint Venture, and other special projects and important tasks, etc., in which HL plays one of the leading roles of the project group and makes substantial contributions.

Equity Grants:

FF shall entitle HL to FF's long-term and short-term incentives. FF shall grant HL at no cost and outright, 2% of FF's total equity shares determined on a fully diluted and converted basis, namely 20,000,000.00 equity shares representing 2% of the total and all of 1,000,000,000 equity shares of FF as FF has represented and warranted, with standard vesting schedule and adequate consideration of tax benefits available to HL. Any and all of the remaining unvested portion of such 2% of the total shares shall become immediately and fully vested to HL upon any early termination of HL's employment with FF within the guaranteed employment term with FF.  In the event that HL's employment is terminated HL can cause FF to repurchase his such shares and rights at no less than market value.  FF shall reimburse HL and provide HL with financing assistances with regard to any additional costs that HL may incur in connection with the equity grants. FF has represented that there are no multiple classes of shares with different rights and values.

Benefits/PTO:

FF shall entitle HL to participate in all benefit plans and programs at the same level with all senior level executives of FF, including, without limitation, corporate housing, transportation, retirement, welfare, vacation and PTO, insurances including health, life, and D&O. FF shall honor and adopt all employee and executive friendly best practices in favor of HL as a valued senior executive of FF, with regard to severance payments, change of control, parachute payments, tax treatments and any other customary executive compensation provisions. HL is entitled to indemnification from FF on terms no less than any other executives and employees.

Relocation:

At the request of FF, HL shall relocate from New York to Los Angeles. FF shall pay for all HL's relocation costs and expenses as a senior executive, including, without limitation, family house-hunting trips, moving and storage of household goods, settling in allowances, interim living, expenses in selling and buying a residence, and house sales assistance including guaranteed buy out of his residence.

HLIU003720

Confidential & Privileged

<u>Survivor Benefits:</u>

HL is entitled to death benefits if he dies during the five year term and during his employment at FF, including two year of base salary for his surviving spouse and children.  Upon his death all his equity interests become fully vested and will pass to his surviving spouse and his children.

Signed by,                                                                    Signed by,


Signature:_____                              Signature: _____
For & on behalf of Faraday                                Henry L
Position:                                                              Printed Name:
Printed Name:


Date:                                                                    Date:

HLIU003721