Kevin D. Hughes (Bar No. 188749)
Email:  kevin@foundationlaw.com
FOUNDATION LAW GROUP LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: 424.253.1266

Amiad Kushner (*pro hac vice*)
Akushner@seidenlawgroup.com
Jake Nachmani (*pro hac vice*)
jnachmani@seidenlawgroup.com
Seiden Law Group LLP
322 Eighth Avenue, Suite 1704
New York, NY 10001
Telephone:   (646) 766 – 1914
Facsimile:    (646) 304 – 5277

*Attorneys for Plaintiff/Counter-Defendant,*
*Hong Liu*

## UNITED STATES DISTRICT COURT FOR
## THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br>                    Plaintiff,<br><br>                    v.<br><br>FARADAY&FUTURE INC.,<br>SMART KING LTD., JIAWEI<br>WANG, and CHAOYING DENG<br><br>                    Defendants. | **Case No:** 2:20-cv-08035-SVW-JPR<br><br>**PLAINTIFF HONG LIU'S ANSWER TO DEFENDANT FARADAY&FUTURE INC.'S SECOND AMENDED COUNTERCLAIM** |
| FARADAY&FUTURE INC.,<br><br>                    Counterclaimant,<br><br>                    v.<br><br>HONG LIU,<br><br>                    Counter-Defendant. | |

Plaintiff Hong Liu ("Plaintiff" or "Liu") hereby answers the Second Amended Counterclaim (ECF 95) ("SACC") by Faraday&Future Inc. ("FF") as follows:

1.     Plaintiff admits that he was a New York barred attorney and a partner at Mayer Brown LLP ("Mayer Brown") in or around October 2017.  Plaintiff denies all other allegations in Paragraph 1.

2.     Plaintiff denies the allegations in Paragraph 2.

3.     Plaintiff denies the allegations in Paragraph 3.

4.     Plaintiff denies the allegations in Paragraph 4.

5.     Plaintiff denies the allegations in Paragraph 5.

6.     To the extent the allegations in Paragraph 6 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 6.

7.     Plaintiff denies the allegations in Paragraph 7.

8.     Plaintiff denies the allegations in Paragraph 8.

9.     Plaintiff denies the allegations in Paragraph 9.

10.     Plaintiff denies the allegations in Paragraph 10.

11.     Plaintiff denies the allegations in Paragraph 11.

12.     Plaintiff admits that FF terminated him and that FF seeks to rescind the Employment Agreement.  Plaintiff denies all other allegations in Paragraph 12.

13.     Plaintiff admits, based on publicly available records, that FF is a California corporation headquartered in Gardena, California.

14.     Plaintiff admits that he is a resident of the State of New York.

15.     Plaintiff does not challenge the Court's subject matter jurisdiction over the SACC.

16.     Plaintiff does not challenge that venue is proper.

17.     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and on that ground denies those allegations.

18.     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and on that ground denies those allegations.

19.     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and on that ground denies those allegations.

20.     Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and on that ground denies those allegations.

21.     Plaintiff admits that a meeting took place on or about October 17, 2017 and that FF approached and invited Plaintiff to the meeting at the introduction of a mutual acquaintance.  Plaintiff denies all other allegations in Paragraph 21.

22.     Plaintiff admits that the October 17, 2017 meeting took place but denies FF's characterization of the meeting and what was discussed by YT Jia and further denies all other allegations in Paragraph 22.

23.     Plaintiff denies the allegations in Paragraph 23.

24.     Plaintiff admits that on or around October 20, 2017, he provided FF with an unsigned draft of a  Mayer Brown engagement agreement, as well as with a work plan.  Plaintiff denies all other allegations in Paragraph 24.

25.     To the extent the allegations in Paragraph 25 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 25.

26.     To the extent the allegations in Paragraph 26 purport to describe, quote or characterize written communications or documents, the communications or documents

3

speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 26.

27.    Plaintiff admits that between October 2017 and January 2018 he met or communicated with FF officials, including on January 10, 21, 22, and 24, 2018. Plaintiff denies all other allegations in Paragraph 27.

28.    Plaintiff admits that he sent his web-bio to FF. To the extent the allegations in Paragraph 28 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.   Moreover, Plaintiff lacks knowledge or information sufficient to form a belief as to what FF believed and on that ground denies the remaining allegations in Paragraph 28.

29.    Plaintiff denies the allegations in Paragraph 29.

30.    To the extent the allegations in Paragraph 30 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 30.

31.    To the extent the allegations in Paragraph 31 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 31.

32.    To the extent the allegations in Paragraph 32 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 32.

33.    Plaintiff denies the allegations in Paragraph 33.

34.    To the extent the allegations in Paragraph 34 purport to describe, quote or characterize written communications or documents, the communications or documents

speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 34.

35.    Plaintiff denies the allegations in Paragraph 35.

36.    Plaintiff denies the allegations in Paragraph 36.

37.    Plaintiff admits that he was offered the positions of Global General Counsel, Global Chief Administrative Officer, and Global Senior Advisor at FF, and Senior Board Member at Smart King.  Plaintiff denies all other allegations in Paragraph 37.

38.    Plaintiff admits that he began working for FF on February 15, 2018 and that the Employment Agreement and Director Compensation Agreement were written in English.  Plaintiff denies all other allegations in Paragraph 38.

39.    Plaintiff denies the allegations in Paragraph 39.

40.    Plaintiff admits that, pursuant to the terms of the Employment Agreement, he was hired by FF and his titles were Global Chief Administrative Officer, Global General Counsel, and Global Senior Advisor of FF and that he became a Senior Board Member of FF's parent company, Smart King.  Plaintiff denies all other allegations in Paragraph 40.

41.    Plaintiff admits that Smart King was a party to the Employment Agreement.  Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 41 and on that basis denies those allegations.

42.    To the extent the allegations in Paragraph 42 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 42.

43.    To the extent the allegations in Paragraph 43 purport to describe, quote or characterize written communications or documents, the communications or documents

speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 43.

44.    To the extent the allegations in Paragraph 44 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 44.

45.    Plaintiff denies the allegations in Paragraph 45.

46.    To the extent the allegations in Paragraph 46 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 46.

47.    To the extent the allegations in Paragraph 47 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 47.

48.    To the extent the allegations in Paragraph 48 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 48.

49.    Plaintiff denies the allegations in Paragraph 49.

50.    Plaintiff denies the allegations in Paragraph 50.

51.    Plaintiff denies the allegations in Paragraph 51.

52.    Plaintiff denies the allegations in Paragraph 52.

53.    Plaintiff admits that in August 2018, Evergrande did not provide FF with funding; to the extent Paragraph 53 alleges a legal conclusion with respect to whether Evergrande was contractually required to provide such funding, no response is required. Plaintiff further admits that meetings with Evergrande concerning the disputed funding

1   were scheduled for around the second week of September 2018 in Boston,
2   Massachusetts.  Plaintiff denies all other allegations in Paragraph 53.

3         54.    Plaintiff denies the allegations in Paragraph 54.

4         55.    Plaintiff denies the allegations in Paragraph 55.

5         56.    Plaintiff denies the allegations in Paragraph 56.

6         57.    Plaintiff lacks knowledge or information sufficient to form a belief
7   regarding FF's financial position after Evergrande and FF settled their dispute.  Plaintiff
8   denies all other allegations in Paragraph 57.

9         58.    Plaintiff denies the allegations in Paragraph 58.

10        59.    To the extent the allegations in Paragraph 59 purport to describe, quote or
11  characterize written communications or documents, the communications or documents
12  speak for themselves, should be read as a whole, and would provide only as expressly
13  stated therein.  Plaintiff denies the remaining allegations in Paragraph 59.

14        60.    Plaintiff denies the allegations in Paragraph 60.

15        61.    Plaintiff denies the allegations in Paragraph 61.

16        62.    Plaintiff denies the allegations in Paragraph 62.

17        63.    Plaintiff denies the allegations in Paragraph 63.

18        64.    Plaintiff denies the allegations in Paragraph 64.

19        65.    Plaintiff denies the allegations in Paragraph 65.

20        66.    Plaintiff denies the allegations in Paragraph 66.

21        67.    Plaintiff denies the allegations in Paragraph 67.

22        68.    Plaintiff denies the allegations in Paragraph 68.

23        69.    To the extent the allegations in Paragraph 69 purport to describe, quote or
24  characterize written communications or documents, the communications or documents
25  speak for themselves, should be read as a whole, and would provide only as expressly
26  stated therein.  Plaintiff denies the remaining allegations in Paragraph 69.

27        70.    To the extent the allegations in Paragraph 70 purport to describe, quote or
28  characterize written communications or documents, the communications or documents

7

speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 70.

71.     Plaintiff denies the allegations in Paragraph 71.

72.     Plaintiff denies the allegations in Paragraph 72.

73.     To the extent the allegations in Paragraph 73 purport to describe, quote or characterize written communications or documents, the communications or documents speak for themselves, should be read as a whole, and would provide only as expressly stated therein.  Plaintiff denies the remaining allegations in Paragraph 73.

74.     Plaintiff denies the allegations in Paragraph 74.

75.     Plaintiff denies the allegations in Paragraph 75.

76.     As FF "re-alleges and incorporates paragraphs 1 through 75 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 76.

77.     Plaintiff denies the allegations in Paragraph 77.

78.     Plaintiff admits that he was bound by the New York Rules of Professional conduct.

79.     Plaintiff admits that the language quoted in Paragraph 79 is contained in the cited ethics rule, and refers to the cited rule for its complete and accurate contents but denies its applicability to Plaintiff.

80.     Plaintiff admits that the language quoted in Paragraph 80 is contained in the cited ethics rule and refers to the cited rule for its complete and accurate contents but denies its applicability to Plaintiff.

81.     Plaintiff admits that the language quoted in Paragraph 81 is contained in the cited ethics rule and refers to the cited rule for its complete and accurate contents but denies its applicability to Plaintiff.

82.     Plaintiff admits that the language quoted in Paragraph 82 is contained in the cited ethics rule and refers to the cited rule for its complete and accurate contents but denies its applicability to Plaintiff.

83.     Plaintiff admits that the language quoted in Paragraph 83 is contained in the cited ethics rule and refers to the cited rule for its complete and accurate contents but denies its applicability to Plaintiff.

84.     Plaintiff admits that the language quoted in Paragraph 84 is contained in the cited ethics rule and refers to the cited rule for its complete and accurate contents but denies its applicability to Plaintiff.

85.     Plaintiff denies the allegations in Paragraph 85.

86.     Plaintiff denies the allegations in Paragraph 86.

87.     Plaintiff denies the allegations in Paragraph 87.

88.     Plaintiff denies the allegations in Paragraph 88.

89.     Plaintiff denies the allegations in Paragraph 89.

90.     Plaintiff denies the allegations in Paragraph 90.

91.     Plaintiff admits that FF "seeks a judicial declaration that the Employment Agreement is void *ab initio,*" but denies all other allegation in in Paragraph 90.

92.     As FF "re-alleges and incorporates paragraphs 1 through 91 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 92.

93.     Plaintiff denies the allegations in Paragraph 93.

94.     Plaintiff denies the allegations in Paragraph 94.

95.     Plaintiff denies the allegations in Paragraph 95.

96.     Plaintiff denies the allegations in Paragraph 96.

97.     Plaintiff denies the allegations in Paragraph 97.

98.     Plaintiff denies the allegations in Paragraph 98.

99.     As FF "re-alleges and incorporates paragraphs 1 through 98 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 99.

100.    Plaintiff denies the allegations in Paragraph 100.

101.    Plaintiff denies the allegations in Paragraph 101.

102.   Plaintiff denies the allegations in Paragraph 102.

103.   Plaintiff denies the allegations in Paragraph 103.

104.   Plaintiff denies the allegations in Paragraph 104.

105.   Plaintiff denies the allegations in Paragraph 105.

106.   Plaintiff denies the allegations in Paragraph 106.

107.   Plaintiff denies the allegations in Paragraph 107.

108.   As FF "re-alleges and incorporates paragraphs 1 through 107 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 108.

109.   Plaintiff denies the allegations in Paragraph 109 as FF's Fourth Counterclaim was dismissed.

110.   Plaintiff denies the allegations in Paragraph 110 as FF's Fourth Counterclaim was dismissed.

111.   Plaintiff denies the allegations in Paragraph 111 as FF's Fourth Counterclaim was dismissed.

112.   As FF "re-alleges and incorporates paragraphs 1 through 112 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 112.

113.   Plaintiff denies the allegations in Paragraph 113 as FF's Fifth Counterclaim was dismissed.

114.   Plaintiff denies the allegations in Paragraph 114 as FF's Fifth Counterclaim was dismissed.

115.   Plaintiff denies the allegations in Paragraph 115 as FF's Fifth Counterclaim was dismissed.

116.   Plaintiff denies the allegations in Paragraph 116 as FF's Fifth Counterclaim was dismissed.

117.   Plaintiff denies the allegations in Paragraph 117 as FF's Fifth Counterclaim was dismissed.

118.    Plaintiff denies the allegations in Paragraph 118 as FF's Fifth Counterclaim was dismissed.

119.    Plaintiff denies the allegations in Paragraph 119 as FF's Fifth Counterclaim was dismissed.

120.    As FF "re-alleges and incorporates paragraphs 1 through 75 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 120.

121.    Plaintiff denies the allegations in Paragraph 121 as FF's Sixth Counterclaim was dismissed.

122.    Plaintiff denies the allegations in Paragraph 122 as FF's Sixth Counterclaim was dismissed.

123.    Plaintiff denies the allegations in Paragraph 123 as FF's Sixth Counterclaim was dismissed.

124.    Plaintiff denies the allegations in Paragraph 124 as FF's Sixth Counterclaim was dismissed.

125.    Plaintiff denies the allegations in Paragraph 125 as FF's Sixth Counterclaim was dismissed.

126.    Plaintiff denies the allegations in Paragraph 126 as FF's Sixth Counterclaim was dismissed.

127.    Plaintiff denies the allegations in Paragraph 127 as FF's Sixth Counterclaim was dismissed.

128.    As FF "re-alleges and incorporates paragraphs 1 through 127 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 128.

129.    Plaintiff denies the allegations in Paragraph 129.

130.    Plaintiff admits that the language quoted in Paragraph 84 is contained in the cited statute and refers to the cited statute for its complete and accurate contents but denies its applicability to Plaintiff.

131.   Plaintiff denies the allegations in Paragraph 131.

132.   Plaintiff denies the allegations in Paragraph 132.

133.   Plaintiff denies the allegations in Paragraph 133.

134.   Plaintiff denies the allegations in Paragraph 134.

135.   Plaintiff denies the allegations in Paragraph 135.

136.   Plaintiff denies the allegations in Paragraph 136.

137.   Plaintiff denies the allegations in Paragraph 137.

138.   Plaintiff denies the allegations in Paragraph 138.

139.   As FF "re-alleges and incorporates paragraphs 1 through 138 as set forth" in the Second Amended Counterclaim, Plaintiff repeats each answer to those respective previous Paragraphs of the Second Amended Counterclaim as to Paragraph 139.

140.   Plaintiff denies the allegations in Paragraph 140.

141.   Plaintiff denies the allegations in Paragraph 141.

142.   Plaintiff denies the allegations in Paragraph 142.

143.   Plaintiff denies the allegations in Paragraph 143.

144.   Plaintiff denies the allegations in Paragraph 144.

145.   Plaintiff denies the allegations in Paragraph 145.

146.   Plaintiff denies the allegations in Paragraph 146.

147.   All allegations not specifically admitted, denied, or responded to are denied.


WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor of Plaintiff and against FF, dismiss FF's claims, and award Plaintiff his costs of suit and such other relief as this Court may deem appropriate.

DATED:  May 19, 2021

1
2
3                                    FOUNDATION LAW GROUP LLP
4
5                                    By:/s/ Kevin D. Hughes
                                         KEVIN D. HUGHES
6                                        *Attorneys for*
7                                        *Plaintiff/Counter-Defendant Hong Liu*
8
9                                    SEIDEN LAW GROUP LLP
10
11                                   By: /s/ Amiad Kushner
                                         AMIAD KUSHNER
12                                       JAKE NACHMANI
13                                       *Attorneys for*
                                         *Plaintiff/Counter-Defendant Hong Liu*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF HONG LIU'S ANSWER
TO FF'S SECOND AMENDED COUNTERCLAIM

1

## **<u>DEMAND FOR TRIAL BY JURY</u>**

2

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff Hong Liu demands trial

3

by jury of all issues on the counterclaims triable of right by jury.

4

5

DATED:  May 19, 2021

6

7

8

FOUNDATION LAW GROUP LLP

9

10

By:/s/ Kevin D. Hughes

11

KEVIN D. HUGHES

*Attorneys for*

12

*Plaintiff/Counter-Defendant Hong Liu*

13

14

SEIDEN LAW GROUP LLP

15

16

By: /s/ Amiad Kushner

AMIAD KUSHNER

17

JAKE NACHMANI

18

*Attorneys for*

*Plaintiff/Counter-Defendant Hong Liu*

19

20

21

22

23

24

25

26

27

28