ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant
SMART KING LTD., and Defendant and
Counterclaimant FARADAY&FUTURE INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DEFENDANT SMART KING LTD. AND DEFENDANT AND COUNTERCLAIMANT FARADAY&FUTURE INC.'S *EX PARTE* APPLICATION TO SEAL CERTAIN DOCUMENTS FILED IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION**<br><br>Pretrial Conference:　7/19/21<br>Trial:　7/27/21 |

116128157

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Rule 7-19, Defendant Smart King Ltd. and Defendant and Counterclaimant Faraday&Future Inc. (collectively, "**FF**") hereby respectfully submit this **unopposed** *ex parte* application to seal the following portions of and exhibits to the Declarations of Hong Liu (the "**Liu Declaration**" [Dkt. No. 160-4]) and Amiad Kushner (the "**Kushner Declaration**" [Dkt. No. 160-35]), respectively filed in support of Liu's Cross-Motion for Summary Judgment and in Opposition to FF's Motion for Summary Judgment (the "**Cross-Motion**" [Dkt. No. 160]):

1. Paragraph 34 at p. 10 lines 2-9, paragraph 35 at p. 10 at lines 9-14, paragraph 36 at p. 10 lines 15-23, and paragraph 37 at p. 10 line 26 through p. 11 line 3 of the Liu Declaration [**Dkt. No. 160-4**];

2. Exhibits 8, 26, 27, and 28 to the Liu Declaration [**Dkt. Nos. 160-5, 160-6, 160-13, 160-31, 160-32, 160-33**]; and

3. Exhibit A to the Kushner Declaration [**Dkt. No. 160-36**].

The application is based on the accompanying memorandum of points and authorities, the Declaration of Lauren E. Grochow and exhibits attached thereto, the Declaration of Brian Fritz, the pleadings, records, and files in this action, and upon such other evidence or argument presented at or prior to any hearing on this application as the Court may set.

Pursuant to Local Rule 7-19, Liu's counsel was advised of this *ex parte* application by voicemails left on May 21, 2021, followed by an email that same day. When asked whether Liu would oppose the application, his counsel responded, "[w]e do not oppose the sealing of the identified materials, but we may oppose defendants' contentions, characterizations or argument regarding the confidentiality or privileged nature of certain of those materials or the propriety of plaintiff's use of those materials." (Decl. of Lauren E. Grochow, Ex. C.) The contact information for Liu's counsel is as follows:

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| | |
|---|---|
| 1 | Amiad Kushner (akushner@seidenlawgroup.com) |
| 2 | Jake Nachmani (jnachmani@seidenlawgroup.com) |
|   | Andrew Sklar (asklar@seidenlawgroup.com) |
| 3 | Michael Stolper (mstolper@seidenlawgroup.com) |
| 4 | Seiden Law Group LLP |
|   | 469 Seventh Avenue, 5th Fl. |
| 5 | New York, NY 10018 |
| 6 | Tel: (646) 766-1914 |
| 7 | Kevin D. Hughes (kevin@foundationlaw.com) |
|   | 1999 Avenue of the Stars, Ste. 1100 |
| 8 | Los Angeles, CA 90067 |
| 9 | Tel: (424) 253-1266 |

| | | |
|---|---|---|
| 10 | Dated: May 21, 2021 | Respectfully submitted, |
| 11 | | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| 12 | | |
| 13 | | By: /s/ Lauren E. Grochow |
| 14 | | Lauren E. Grochow |
| 15 | | Attorneys for Defendant SMART KING LTD and Defendant and Counterclaimant |
| 16 | | FARADAY&FUTURE INC. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In connection with his Cross-Motion for Summary Judgment and Opposition to Faraday&Future Inc. and Smart King Ltd.'s Motion for Summary Judgment (the "**Cross-Motion**"), Plaintiff and Counterdefendant Hong Liu ("**Liu**") has publicly filed Defendant Smart King Ltd. and Defendant and Counterclaimant Faraday&Future Inc.'s (collectively, "**FF**") confidential and privileged documents and information, notwithstanding the Court-entered Stipulated Protective Order (the "**Protective Order**") [Dkt. No. 88]) and, as contended by FF, in violation of Liu's ethical duty of confidentiality that he owes to FF as its former attorney.

First, there is no question that Exhibits 8, 26, 27, and 28 to the Declaration of Hong Liu (the "**Liu Declaration**") [Dkt. Nos. 160-5, 160-6, 160-13, 160-31, 160-32, 160-33]; paragraph 34 at p. 10 lines 2-9, paragraph 35 at p. 10 at lines 9-14, paragraph 36 at p. 10 line 15-23, and paragraph 37 at p. 10 line 26 through p. 11 line 3 of the Liu Declaration [Dkt. No. 160-4]; and Exhibit A to the Declaration of Amiad Kushner (the "**Kushner Declaration**") [Dkt. No. 160-36] are confidential and were required to have been filed under seal pursuant to the Protective Order.  Specifically,

a) Exhibit 8 to the Liu Declaration is a document produced by Liu that discloses privileged communications from FF's in-house counsel regarding the topics on which FF was seeking legal advice from its outside counsel at Mayer Brown.  Declaration of Brian Fritz ("**Fritz Declaration**") ¶ 3.  Liu received this email in his role as FF's outside counsel while a Mayer Brown;

b) Exhibit 26 to the Liu Declaration is a document produced by Liu that discloses the confidential financial information of other FF employees unrelated and irrelevant to the merits of the above-captioned matter.  Fritz Decl. ¶ 4; *see also Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 4246158, at *3 (N.D. Cal. Aug. 27, 2014) (granting motion to seal documents

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

that reference confidential financial information of the movant and third parties);

c) Exhibit 27 to the Liu Declaration is a document produced by Liu that reflects FF's attorney client privileged information from when Liu served as FF's in-house counsel. Fritz Decl. ¶ 5. FF contends that Liu improperly retained this privileged document after he was terminated from FF;

d) Exhibit 28 to the Liu Declaration, and Exhibit A to the Kushner Declaration, are each documents that were produced by FF and were marked as "CONFIDENTIAL" pursuant to the Protective Order, as they seek or identify sensitive aspects of FF's business operations or strategies and that fall within the limited waiver reconfirmed by Judge Rosenbluth, respectively, in her May 3, 2021 Order and May 12, 2021 Order (the "**May Orders**" [Dkt Nos. 146, 153]). Fritz Decl. ¶ 6; and

e) paragraph 34 at p. 10 lines 2-9, paragraph 35 at p. 10 at lines 9-14, paragraph 36 at p. 10 line 15 through 23, and paragraph 37 at p. 10 line 26 through p. 11 line 3 of the Liu Declaration reflect privileged communications that Liu purportedly made in his role as FF's General Counsel and that, as with Exhibit 27, FF contends fall outside of the limited privilege waiver found in the May Orders. Fritz Decl. ¶ 7.

Despite the plainly confidential (and, in some cases privileged) nature of each of these documents, and FF marking documents "CONFIDENTIAL" pursuant to the Protective Order, Liu did not follow the requirements under Local Rule 79-5, which required him to contact FF at least three days before filing those materials to determine whether FF still contends that those documents were confidential. (Grochow Decl. ¶ 2.)

Moreover, prior to Liu's filing of his Cross-Motion, none of the foregoing documents had not been publicly disclosed. Rather, FF had done everything in its power to maintain the confidentiality of these types of documents. And, to the extent

- 4 -

1  those documents were produced by FF, they were produced under the designation
2  "CONFIDENTIAL" pursuant to the Protective Order.

3  Accordingly, there is "good cause" and "compelling reasons" to seal the
4  exhibits and declaration excerpts sought to be protected here. *Kamakana v. City and*
5  *Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).  Indeed, Liu does not
6  oppose the sealing of these documents.

7  For now, the "house that is on fire" justifying the *ex parte* application is the
8  public disclosure of the information identified herein and the need to protect FF's
9  confidentiality and privilege rights.  FF acknowledges that Liu disputes FF's position
10 concerning the privilege, and does not request that the Court at this time make a ruling
11 or determination as to the scope or existence of the attorney-client privileged with
12 respect to any particular document, but reserves the right to move to strike, to object,
13 or seek any and all other appropriate remedies in connection with the information or
14 documents identified herein on the grounds that it is privileged, attorney work
15 product, and/or otherwise impermissible.

16 **II.    EX PARTE RELIEF IS APPROPRIATE AND NECESSARY**

17 An *ex parte* application may be granted if:  (1) the moving party's cause will
18 be irreparably prejudiced if the underlying motion is heard according to regular
19 noticed motion procedures; and (2) the moving party is without fault in creating the
20 crisis that requires *ex parte* relief or the crisis occurred as a result of excusable
21 neglect.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488,
22 492 (C.D. Cal. 1995).

23    **A.    FF Will be Unfairly Prejudiced if the Documents are Not Sealed
24            and Liu is Permitted to Violate the Entered Protective Order**

25 As explained above and supported by the Fritz Declaration, each document or
26 statement is either privileged, confidential under well-supported precedent and/or
27 statute, or confidential sensitive business information that could harm FF if publicly
28 disclosed.  Again, none of this information has been previously disclosed to the

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

public and Liu does not oppose placing the information under seal. FF has done everything in its power to maintain its confidentiality, including, designating the documents as "CONFIDENTIAL" pursuant to the Protective Order, to the extent they were produced. Should this information remain in the public eye, it could cause harm to FF, or in the case of Exhibit 26, to FF's former and current employees.

### B. FF Did Not Create the Need for *Ex Parte* Relief

Under Local Rule 79-5 and the Protective Order, Liu was required to file the confidential documents and statement under seal. Liu violated that rule and the Protective Order, and instead filed those documents publicly in support of his Cross-Motion at 11:26 p.m. PDT on May 18, 2021. (Grochow Decl. ¶ 2.)

The next morning, on May 19, 2021, after reviewing that Cross-Motion and analyzing each of the many documents filed in support of the Cross-Motion, FF's counsel promptly wrote Liu's counsel and (i) told him that he had publicly filed FF's privileged and confidential documents; (ii) explained why each of those documents is privileged and/or confidential; and (iii) requested that Liu immediately agree to a joint application to have those documents sealed, or else FF would be forced to file an *ex parte* application. (*Id.*, Ex. A.) Liu's counsel waited until the next day, May 20, 2021 to respond by simply stating that they disagreed with FF's position and requesting to meet and confer. (*Id.*)

Later that afternoon on May 20, 2021, Liu's counsel and FF's counsel met and conferred. During that conversation, Liu's counsel agreed to file a joint application to seal and to contact the Courtroom Deputy to inform him that said application would be forthcoming, but Liu's counsel disagreed with FF's position regarding certain of the documents being privileged. (*Id.* ¶ 2.)

FF's counsel provided the joint application later that same day, and provided the declaration that it would be filing to support its position on the compelling reasons to seal the documents a few hours later. (*Id.* ¶ 3, Ex. B.) That night, Liu's counsel refused to return the application, stating that they wanted to review and edit FF's

1  supporting declaration, which, as FF's counsel explained, they had no right to do.
2  (*Id.*)

3      The next morning, on May 21, 2021, FF's counsel contacted the Courtroom
4  Deputy to see if there was any way to temporarily seal the documents while the
5  parties worked through the joint application. (*Id.* ¶ 4.) The Courtroom Deputy later
6  explained that there was not a way to temporarily seal the documents and that the
7  parties would have to file an application to seal, either jointly or on an *ex parte* basis.
8  (*Id.*)

9      Having received no response from Liu's counsel regarding the application,
10 FF's counsel followed up again that morning. (*Id.* ¶ 5, Ex. C.) Liu's counsel then
11 refused to proceed with the joint application, unless FF agreed to adopt edits that Liu
12 wanted to make to FF's supporting declaration that would diminish FF's ability to
13 establish the grounds for sealing the documents. (*Id.* ¶ 6.) FF's counsel explained
14 that Liu was entitled to disagree with FF's declaration, but that Liu had an obligation
15 to get the joint application on file as he was already in breach of the Protective Order,
16 Local Rules, and his ethical obligations. (*Id.*)

17     Nevertheless, in another effort to resolve this dispute in good faith, and after
18 Liu's counsel persisted that Liu would not proceed without editing FF's declaration,
19 FF's counsel asked him to provide those edits immediately. (*Id.*) FF's counsel also
20 explained that FF would be filing this *ex parte* application that same day if FF did
21 not promptly receive Liu's agreement to the joint application. (*Id.*)

22     The parties then reached an impasse when Liu's counsel refused to provide the
23 very same edits he demanded the unfounded right to make, and instead later
24 confirmed that Liu would no longer be amenable to a joint application should FF file
25 its supporting declaration. (*Id.* ¶ 6, Ex. C.) Indeed, when asked whether Liu would
26 oppose the application, Liu's counsel responded, "[w]e do not oppose the sealing of
27 the identified materials, but we may oppose defendants' contentions,
28 characterizations or argument regarding the confidentiality or privileged nature of

certain of those materials or the propriety of plaintiff's use of those materials." (*Id.*, Ex. C.)

As demonstrated above, the need for this *ex parte* application was created by Liu's failure to follow Local Rule 79-5 and the Protective Order. Despite Liu's failure, FF has done everything in its power, including attempting to get Liu to agree to a joint application and contacting the Courtroom Deputy to protect itself from the mounting prejudice it is incurring as its privileged and confidential documents remain on the public docket. At bottom, FF did not create the need for the *ex parte* relief it now seeks, but has been forced to file this application.

### III. CONCLUSION

Therefore, FF respectfully requests that the Court grant this *ex parte* application, and:

(i) direct the Court clerk to immediately remove the following documents from the public record, and place them under seal:

1. Exhibits 8, 26, 27, and 28 to the Liu Declaration [**Dkt. Nos. 160-5, 160-6, 160-13, 160-31, 160-32, 160-33**]; and

2. Exhibit A to the Kushner Declaration [**Dkt. No. 160-36**].

(ii) direct the Court clerk to immediately remove the Liu Declaration from the public record and place it under seal; and immediately refile in the public record a version of the Liu Declaration, in accordance with **Exhibit 1** attached hereto, that redacts paragraph 34 at p. 10 lines 2-9, paragraph 35 at p. 10 at lines 9-14, paragraph 36 at p. 10 line 15-3, and paragraph 37 at p. 10 line 26 through p. 11 line 3 of the Liu Declaration in accordance with the Court's and Local Rules' procedures for filing redacted and sealed documents.

| | | |
|---|---|---|
| 1 | Dated:  May 21, 2021 | Respectfully submitted, |
| 2 | | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| 3 | | |
| 4 | | By:  /s/ Lauren E. Grochow |
| 5 | | Lauren E. Grochow |
| 6 | | Attorneys for Defendant SMART KING LTD and Defendant and Counterclaimant |
| 7 | | FARADAY&FUTURE INC. |

116128157

- 9 -