ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant
SMART KING LTD., and Defendant and
Counterclaimant FARADAY&FUTURE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DECLARATION OF BRIAN FRITZ IN SUPPORT OF *EX PARTE* APPLICATION TO SEAL CERTAIN DOCUMENTS FILED IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION**<br><br>Pretrial Conference: 7/19/21<br>Trial: 7/27/21 |

I, Brian Fritz, declare as follows:

1. I am Assistant General Counsel at Faraday&Future Inc. (**"Faraday Future"**). Smart King Ltd. ("**Smart King**"; collectively with Faraday Future, "**FF**") is Faraday Future's indirect parent company and, in my role at Faraday Future, I have access to Smart King's books and records. I have personal knowledge as to all matters set forth herein, and submit this Declaration in support of the *Ex Parte* Application to Seal Certain Documents Filed in Support of Plaintiff and Counterdefendant Hong Liu's ("**Liu**") Cross Motion for Summary Judgment and Opposition (the "**Cross Motion**").

2. As detailed below, Exhibits 8, 26, 27, and 28 to the Declaration of Hong Liu ("**Liu Declaration**"); Paragraph 34 at p. 10 lines 2-9, paragraph 35 at p. 10 lines 9-14, and paragraph 37 at p. 10 line 26 through p. 11 line 2 of the Liu Declaration; and Exhibit A to the Declaration of Amiad Kushner ("**Kushner Declaration**"), filed in support of the Cross Motion, contain information that is subject to the Stipulated Protective Order that was entered by the Court in this matter (the "**Protective Order**" [Dkt. No. 88]), insofar as they "involve confidential, proprietary, or private information for which special potential from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." (Protective Order at § 1.1.)

3. Exhibit 8 to the Liu Declaration is an email chain that Liu produced and that he appears to have obtained by virtue of his role as a partner at FF's former outside counsel, Mayer Brown, as the emails at the top of the chain exclusively are by and between individuals with an "@mayerbrown.com" email address and by Liu at his Mayer Brown email address. However, lower in that chain is correspondence between Mayer Brown and FF's then in-house counsel, Amanda Walker, wherein Ms. Walker lists various topics on which FF was seeking legal advice from Mayer Brown, making the email chain protected by the attorney-client privilege.

4. Exhibit 26 to the Liu Declaration was also produced by Liu and appears to have been obtained by him during the course of his employment at FF. The document reflects the amount and terms, including financial terms, of stock allocated to FF employees who are not parties to the above-captioned litigation.

5. Exhibit 27 to the Liu Declaration is a privileged document produced by Liu that Liu appears to have obtained in his role as Faraday Future's in-house counsel and as a member of the Smart King Ltd. ("**Smart King**") Board of Directors. This communication is between Liu, in his capacity as in-house counsel for FF, and Jarret Johnson, another in-house attorney at Faraday Future, and the subject matter of the communication relates to the provision of legal advice.

6. Exhibit 28 to the Liu Declaration and Exhibit A to the Kushner Declaration, are both documents that were produced by FF and that FF marked as "CONFIDENTIAL" pursuant to the Stipulated Protective Order entered by the Court in this action [Dkt No. 88]. Both communications identify and discuss sensitive aspects of FF's business operations or strategies on which FF was seeking guidance from its counsel, making public disclosure of those documents to the public improper.

7. Paragraph 34 at p. 10 lines 2-9, paragraph 35 at p. 10 at lines 9-14, paragraph 36 at p. 10 line 15 through 23, and paragraph 37 at p. 10 line 26 through p. 11 line 3 of the Liu Declaration, reflect attorney-client privileged communications that he purportedly made in his role as FF's General Counsel to executives at FF.

8. FF has not publicly disclosed any of the above-referenced documents or information. Public disclosure of each of the above-referenced documents and the identified portions of the Liu Declaration would cause FF harm, or, in the case of Exhibit 26, would cause harm to nonparty FF employees.

//

1  I declare under penalty of perjury that the foregoing is true and correct.
2  Executed on May 21, 2021 at Los Angeles, California.

*[signature]*

_____
Brian Fritz

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545