ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant
SMART KING LTD., and Defendant and
Counterclaimant FARADAY&FUTURE INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>       Plaintiff,<br><br>   v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**DECLARATION OF LAUREN E. GROCHOW IN SUPPORT OF *EX PARTE* APPLICATION TO SEAL CERTAIN DOCUMENTS FILED IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION**<br><br>Pretrial Conference:   7/19/21<br>Trial:                           7/27/21 |

116164843

DECL. OF LAUREN E. GROCHOW IN SUPPORT OF *EX PARTE* APPLICATION TO SEAL

I, Lauren E. Grochow, declare as follows:

1. I am an attorney with Troutman Pepper Hamilton Sanders LLP, counsel of record for Defendant Smart King Ltd. and Defendant and Counterclaimant Faraday&Future Inc. (collectively, "**FF**") in this action. I make this declaration in support of FF's *Ex* Parte Application to Seal Certain Documents filed in Support of Plaintiff Hong Liu's ("**Liu**") Cross-Motion for Summary Judgment and Opposition (the "**Cross-Motion**"). If called and sworn as a witness, I could and would competently testify to the matters set forth herein.

2. Liu filed his Cross-Motion at 11:26 p.m. PDT on May 18, 2021. The next morning, on May 19, 2021, after reviewing that Cross-Motion and analyzing each of the many documents filed in support of the Cross-Motion, FF's counsel promptly wrote Liu's counsel and: (i) told him that he had publicly filed FF's privileged and confidential documents; (ii) explained why each of those documents is privileged and/or confidential; and (iii) requested that Liu immediately agree to a joint application to have those documents sealed, or else FF would be forced to file an *ex parte* application. At no time did Liu ever contact FF, pursuant to Local Rule 79-5 to inform FF that he was going to be filing FF's confidential documents with his Cross-Motion. Liu's counsel waited until the next day, May 20, 2021 to respond by simply stating that they disagreed with FF's position and requesting to meet and confer. At 1:00 p.m. PDT May 20, 2021, a meet and confer took place between Liu and FF's counsel during which Liu's counsel agreed to file a joint application to seal and to contact the Courtroom Deputy to inform him that said joint application would be forthcoming, but Liu's counsel disagreed with FF's position regarding certain of the documents being privileged. A true and correct copy of this correspondence, including my follow up email to the parties meet and confer, is attached hereto as **Exhibit A**.

3. FF's counsel provided the joint application later that same day, and provided the declaration that it would be filing to support its position on the

- 1 -

| | |
|---|---|
| 1 | compelling reasons to seal the documents a few hours later.  Later that night, on |
| 2 | May 20, 2021 Liu's counsel refused to return the application, stating that they wanted |
| 3 | to review and edit FF's supporting declaration, which, as FF's counsel explained, |
| 4 | they had no right to do.  A true and correct copy of this correspondence is attached |
| 5 | hereto as **Exhibit B**. |

4. The next morning, on May 21, 2021, I contacted the Courtroom Deputy, pursuant to the instructions found on the Court's website at https://www.cacd.uscourts.gov/e-filing/sealed-documents to see if there was any way to temporarily seal the documents while the parties worked through the joint application.  The clerk later explained that there was not a way to temporarily seal the documents and that the parties would have to file an application to seal, either jointly or on an *ex parte* basis.

5. That same morning of May 21, 2021, I also followed up with Liu's counsel regarding the status of the joint application.  Liu's counsel responded, explaining that they had changes to the application and supporting declaration.  A true and correct copy of this correspondence is attached hereto as **Exhibit C**.

6. Kevin Hughes, counsel for Liu, and I had a call that same morning of May 21, 2021 at 10:10 a.m. PDT, during which I explained that Liu's counsel had no right to edit FF's supporting declaration, including specifically portions of the declaration establishing and confirming the privileged nature of documents and statements that Liu publicly filed, which would diminish FF's ability to establish the grounds for sealing the documents.  I further explained that Liu was entitled to disagree with FF's declaration, but that Liu had an obligation to get the joint application on file as he was already in breach of the Protective Order, Local Rules, and his ethical obligations. After Mr. Hughes persisted that they would not proceed without editing the declaration, I asked him to provide those edits immediately.  I further explained that FF would be filing an *ex parte* application that day if FF did not promptly receive Liu's agreement to the joint application.  Liu's counsel then

1. responded and confirmed he would no longer be amenable to a joint application should FF include its supporting declaration. A true and correct copy of this correspondence is reflected in the prior referenced Exhibit C.

7. On May 21, 2021, pursuant to Local Rule 7-19, I left voicemails for Liu's counsel Kevin Hughes and Jake Nachmani, informing them that FF would be filing an *ex parte* application to sealing and asking that they let FF know if they intended to oppose that application. I followed up my voicemails with an email stating the same. When asked whether he would oppose the application, Liu's counsel responded, "[w]e do not oppose the sealing of the identified materials, but we may oppose defendants' contentions, characterizations or argument regarding the confidentiality or privileged nature of certain of those materials or the propriety of plaintiff's use of those materials." A true and correct copy of this email correspondence is reflected in the prior referenced Exhibit C.

8. As recently as May 18, 2021, FF's counsel has repeatedly demanded that Liu and his counsel return the hundreds of privileged documents that Liu pilfered before being terminated from FF, but Liu continues to refuse to do so. A true and correct copy of this correspondence is attached hereto as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2021 at Laguna Hills, California.

                                                 /s/ Lauren E. Grochow
                                                  Lauren E. Grochow

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

116164843

- 3 -

DECL. OF LAUREN E. GROCHOW IN SUPPORT OF *EX PARTE* APPLICATION TO SEAL