1  ALAN J. KESSEL, Bar No. 130707
   alan.kessel@troutman.com
2  JEFFREY M. GOLDMAN, Bar No. 233840
   jeffrey.goldman@troutman.com
3  KEVIN A. CRISP, Bar No. 261023
   kevin.crisp@troutman.com
4  LAUREN E. GROCHOW, Bar No. 293601
   lauren.grochow@troutman.com
5  TROUTMAN PEPPER HAMILTON SANDERS LLP
   5 Park Plaza, Suite 1400
6  Irvine, CA  92614-2545
   Telephone: 949.622.2700
7  Facsimile:  949.622.2739

8  Attorneys for Defendant
   SMART KING LTD. and Defendant and
9  Counterclaimant FARADAY&FUTURE INC.

10           UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12                WESTERN DIVISION

13

14  HONG LIU,                          Case No. 2:20-cv-08035-SVW-JPR

15           Plaintiff,                The Honorable Stephen V. Wilson

16      v.                             **DEFENDANTS SMART KING LTD.
                                       AND FARADAY&FUTURE INC.'S
17  FARADAY&FUTURE INC.,               RESPONSE TO PLAINTIFF HONG
    SMART KING LTD., JIAWEI            LIU'S STATEMENT OF GENUINE
18  WANG, and CHAOYING DENG,           DISPUTES OF MATERIAL FACT
                                       IN OPPOSITION TO
19           Defendants.              DEFENDANTS' MOTION FOR
                                       SUMMARY JUDGMENT**
20
                                       Date:      June 1, 2021
21                                     Time:      1:30 p.m.
                                       Place:     Courtroom 10A
22
                                       Pretrial Conference:    7/19/21
23  AND RELATED COUNTERCLAIM.          Trial:                  7/27/21

24

25

26

27

28

116358413

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Defendant Smart King Ltd. ("**Smart King**") and Defendant and Counterclaimant Faraday&Future, Inc. ("**Faraday**") (together, "**FF**" or "**Defendants**") respectfully submit the following Response to Plaintiff Hong Liu's ("**Liu**") Statement of Genuine Disputes of Material Fact in Opposition to Defendants' Motion for Summary Judgment ("**Liu's Opposing Statement**"). (Dkt. No. 160-3).[1]

| | FF's Uncontroverted Facts | Liu's Position |
|---|---|---|
| 1. | Faraday was and is an electric vehicle company headquartered in Los Angeles, California. | Undisputed. |
| 2. | Smart King is the indirect parent company of Faraday | Undisputed. For purposes of this response, Plaintiff assumes that the entity formerly known as Smart King Ltd. is currently known as FF Intelligent Mobility Global Holdings Ltd. |
| 3. | Between October 2017 and February 2018, Liu was a New York attorney and partner with the law firm Mayer Brown LLP ("**Mayer**"). | Undisputed. Plaintiff notes that the resigned from Mayer Brown LLP ("Mayer") on February 7, 2018. *See* Liu Decl. at 3, 28, Ex. 22. |
| 4. | In October 2017, Liu provided FF with | Undisputed. |

[1] FF will file its response to Liu's Statement of Uncontroverted Facts and Conclusions of Law in Support of Plaintiff's Cross-Motion for Partial Summary Judgment ("**Cross-Motion Statement**") on June 3, 2021, concurrently with FF's Opposition to Liu's Cross-Motion for Partial Summary Judgment ("**Cross-Motion**"). This is consistent with the facts that: (i) FF's Motion for Summary Judgment and Liu's Cross-Motion are separate and distinct motions subject to their own respective briefing schedules and hearing dates; (ii) Liu's Opposing Statement and Cross-Motion Statement are separately captioned pleadings that do not refer to or otherwise incorporate each other; and (iii) Liu's Cross-Motion Statement exclusively was submitted "in Support of Plaintiff's Cross-Motion for Partial Summary Judgment," and not in support of Liu's Opposition to FF's Motion for Summary Judgment. (*See* Dkt. No. 160-2, pp. 1-2).

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| (i) an Engagement Agreement (the "**Engagement Agreement**"), as well as with (ii) a Mayer Brown Proposal and Work Plan for FF Global Holdings Ltd., Faraday & Future Inc., d/b/a Faraday Future (the "**Work Plan**"); (iii) Mayer Brown Current Working Team Hourly Rates for Faraday Future; and (iv) International Terms of Business. | |
| 5. The Mayer Work Plan stated, in relevant part, that:<br><br>We are very excited to have been given the opportunity to make a proposal and work plan to provide legal services to Faraday Future ("FF"). We are eager to play a role in FF's mission of bringing premium, intuitive, and seamlessly connected electric vehicles to people worldwide.<br><br>The Work Plan further identified the legal services to be provided by Mayer's "Corporate and Finance team," "Auto Industry team," "Initial public offering team," "General Counsel team," and "Wealth | Disputed.  The Mayer Work Plan does not state that Mr. Liu would oversee anything.  Plaintiff respectfully refers the Court to the Mayer Work Plan for its complete and accurate context. See Declaration of Chaoying Deng ("Deng Decl."), Ex. 2 at pp. 1-3. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| management" team, all of which were to be overseen by Liu in his capacity and role as the "FF Client Team Leader & Main Contact Partner." | |

**5. FF's Response to Liu's Position Regarding Uncontroverted Fact No. 5**

Liu fails to identify any evidence actually refuting this fact, and instead non-responsively asserts that the Mayer Work Plan "does not state" that Liu would "oversee anything." FF does not allege that the Mayer Work Plan contained the word "oversee." However, it is indisputable that Liu was identified as the Mayer attorney responsible for overseeing Mayer's representation of FF, manifest in the undisputed facts that Liu was designated the "FF Client Team Leader & Main Contact Partner" with respect to Mayer's representation of FF, and further was "[Mayer's] designated leader of the FF Client Team [who was] responsible for th[e] engagement" and for "us[ing] other [Mayer] attorneys and professionals" for FF. (Deng Decl. at Exs. 1-2). Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 5. *See Rodriguez v. S. Cal. Edison Co.*, No. CV 13-07996 GAF-JCGx, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014) (rejecting opposition separate statement containing non-responsive facts and impermissible argument).

| | | |
|---|---|---|
| 6. | FF and Mayer executed the Engagement Agreement dated October 20, 2017, thereby memorializing their attorney-client relationship. Liu executed the Engagement Agreement on Mayer's behalf. The Engagement Agreement stated, in relevant part, that: This letter confirms our agreement | Disputed. The engagement dated October 20, 2017, was not signed by either party until December 22, 2017. See Liu Decl. at ¶20; Ex. 8. Further, Mr. Liu never provided any legal advice to FF during his employment at Mayer. See Liu Decl. at ¶¶4-5. |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| that FF Global Holdings Ltd., Faraday & Future Inc., d/b/a Faraday Future (collectively the "Clients" or "you" and each a "Client" or "you") have engaged Mayer Brown LLP, a limited liability partnership in the United States (the "Firm" or "we" or "us"), to provide Clients with legal services and advice in connection with your capital raising, strategies, regulatory, corporate, securities, we explicitly agree to undertake (the "Matter"). *** As the Firm's designated leader of the FF Client Team, I [Liu] will be responsible for this engagement... | Plaintiff respectfully refers the Court to the Engagement Agreement for its full and accurate contents.  Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

### 6. FF's Response to Liu's Position Regarding Uncontroverted Fact No. 6

Liu fails to identify any evidence actually refuting this fact, and instead non-responsively asserts that the Engagement Agreement was not signed until December 22, 2017, despite the absence of any allegation by FF that the Engagement Agreement was signed earlier.  Liu also non-responsively asserts that he did not provide any legal advice to FF, which similarly fails to address, much less refute, the actual substance of Uncontroverted Fact 6 concerning the execution and terms of the Engagement Agreement that Liu executed with FF on behalf of Mayer.  Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 6.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

Moreover, to the extent Liu contends he was not personally in an attorney-client relationship with FF because he supposedly failed to provide any legal advice

-4-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|

to FF, that contention ignores the following undisputed facts establishing Liu's attorney-client relationship with FF:

- Liu provided FF with and then executed (i) an Engagement Agreement memorializing FF's retention of Liu and his firm Mayer as outside counsel, and identifying Liu as the "designated leader of the FF Client Team . . . responsible for th[e] engagement and" for "us[ing] other [Mayer] attorneys and professionals" for FF; as well as provided FF with (ii) a Work Plan confirming Liu's role as "FF Client Team Leader & Main Contact Partner"; and (iii) billing rates for Mayer's attorneys, including for Liu as the FF "Team Leader." (UF 4-6);

- Mayer and Liu performed legal work for FF, as confirmed by Mayer's invoices showing, *inter alia*, Liu's participation in calls for which FF was billed. (UF 7, citing Wang Decl., Ex. 2 at p. 9);

- Liu's own Mayer emails show (i) Mayer partners apprising Liu of FF's requests for legal advice; as well as (ii) Liu taking responsibility for executing documents concerning the Mayer-FF relationship. (Dkt. No 160-4 [Liu Decl.] at Ex. 8); and

- Liu admittedly traveled to and attended meetings with FF in California to discuss Mayer's representation of FF. (*Id.* at ¶¶ 6-10).

| | FF's Uncontroverted Facts | Liu's Position |
|---|---|---|
| 7. | Between December 2017 and February 2018, Mayer and Liu, in his capacity as an attorney and partner with Mayer, represented FF in various legal matters in their capacity as outside legal counsel. | Disputed. Mr. Liu never provided any legal advice to FF during his employment at Mayer. See Liu Decl. at ¶¶4-5; *see also* Wang Decl., Exs. 1-3 (showing that Mr. Liu did not bill any time on any FF matter). |

**7. FF's Response to Liu's Position Regarding Uncontroverted Fact No. 7**

Liu fails to identify any evidence actually refuting that Mayer and Liu represented FF in various legal matters in their capacity as outside legal counsel between December 2017 and February 2018, nor can he were Mayer's invoices to FF

| FF's Uncontroverted Facts | Liu's Position |
|---|---|

(i) confirm Mayer performed, and FF was billed for, legal work, and further (ii) show that Liu participated in calls for which FF was billed. (Wang Decl., Ex. 2 at p. 9). Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 7. *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

Moreover, to the extent Liu contends he was not personally in an attorney-client relationship with FF because he allegedly failed to provide any legal advice to FF, that contention ignores the following undisputed facts establishing Liu's attorney-client relationship with FF:

- Liu provided FF with and then executed (i) an Engagement Agreement memorializing FF's retention of Liu and his firm Mayer as outside counsel, and identifying Liu as the "designated leader of the FF Client Team . . . responsible for th[e] engagement and" for "us[ing] other [Mayer] attorneys and professionals" for FF; as well as provided FF with (ii) a Work Plan confirming Liu's role as "FF Client Team Leader & Main Contact Partner"; and (iii) billing rates for Mayer's attorneys, including for Liu as the FF "Team Leader." (UF 4-6);

- Mayer and Liu performed legal work for FF, as confirmed by Mayer's invoices showing, *inter alia*, Liu's participation in calls for which FF was billed. (UF 7, citing Wang Decl., Ex. 2 at p. 9);

- Liu's own Mayer emails show (i) Mayer partners apprising Liu of FF's requests for legal advice; as well as (ii) Liu taking responsibility for executing documents concerning the Mayer-FF relationship. (Dkt. No 160-4 [Liu Decl.] at Ex. 8); and

- Liu admittedly traveled to and attended meetings with FF in California to discuss Mayer's representation of FF. *(Id.* at ¶¶ 6-10).

| | | |
|---|---|---|
| 8. | Between October 20, 2017 and January 25, 2018, Liu solicited, drafted, and negotiated an employment agreement ("**Employment Agreement**") with FF, | Disputed. FF solicited Mr. Liu's employment. On October 25, 2017, FF provided Mr. Liu with a term sheet containing proposed terms for |

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| under which Liu was retained as Faraday's Global General Counsel, Global Chief Administrative Office, and Global Senior Advisor. Liu and FF executed the Employment Agreement on or about January 25, 2018. | Mr. Liu's prospective employment at FF. *See* Liu Decl. at ¶¶12-13. Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24. The Employment Agreement was executed on January 26, 2018 (not January 25, 2018). *See id.* at ¶24. |

**8. FF's Response to Liu's Position Regarding Uncontroverted Fact No. 8**

Liu fails to identify any evidence actually refuting that between October 20, 2017 and January 25, 2018, he personally sought and participated in the drafting and negotiation of his Employment Agreement with FF. Instead, Liu non-responsively argues that FF exclusively solicited his employment; however, even FF solicited Liu, Liu's own Declaration confirms that he also actively was interested in, sought, pursued, and negotiated employment with FF and ultimately procured and accepted such employment. (Dkt. No. 160-4 [Liu Decl.] at ¶¶ 15-16, 19, 22-24 (admitting Liu's participation in employment negotiations, provision of compensation information, negotiation of equity grant, negotiation of compensation package, and drafting of employment terms, all of which Liu admittedly undertook in pursuit of and to obtain employment with FF). Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 8. *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

Moreover, Liu's immaterial assertion that the Employment Agreement was executed on January 26, 2018, rather than January 25, 2018, also fails to create a genuine issue of fact where Uncontroverted Fact 8 expressly alleged the Employment

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| Agreement was executed "*on or about* January 25, 2018."  *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense."). | |
| 9. The Employment Agreement between FF and Mayer stated, in relevant part, that:<br><br>FF shall guarantee [Liu's] employment and base salaries as provided in the Terms for five years except for [Liu] decid[ing] to leave FF on his own.<br><br>***<br><br>FF shall pay [Liu] a minimum annual base salary of $1,000,000.00, in semi-monthly (bi-weekly) installments, for five years. If [Liu] is terminated for any reason during the five year term he will be entitled to receive any remaining portion of the five years base salaries not yet paid in a lump sum. Base salary will be reviewed on an annual basis for increases in accordance with the review process for senior level executives of FF.<br><br>***<br><br>FF shall pay [Liu] a signing bonus of $3,000,000.00, payable in five equal installments, with the first installment paid upon the signing | Undisputed. Plaintiff respectfully refers the Court to the Employment Agreement for its complete and accurate contents. *See* ECF 1-1; *see also* Ex. 16 at 5-7. |

-8-

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| of the Agreement and each of the remaining following four anniversary of [Liu's] start of employment at FF and paid in lump sum in the event of an early termination by FF during the five year guaranteed employment term.<br><br>***<br><br>FF shall grant [Liu] at minimum cost required by law and outright, 2% of FF's total equity shares pre Series A dilution in the form of restrictive stocks or equity option as [Liu] may select based on any of [Liu's] available equity grant forms to select from, namely 20,000,000.00 equity shares representing 2% of the total and all of 1,000,000,000.000 equity shares of FF pre Series A, as FF has represented and warranted, with the FF established and standard equity share or option vesting schedule and any of FF's earliest available vesting schedules as [Liu] may select and with adequate consideration of tax benefits available to [Liu]. Any and all of the remaining unvested portion of such 2% of the total shares shall become immediately and fully vested to [Liu] upon early termination by FF of [Liu's] employment within the guaranteed employment term with FF. Such an early termination can only be effectuated based on the specific cause of a serious breach of | |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

116358413

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| | FF's Uncontroverted Facts | Liu's Position |
|---|---|---|
| | fiduciary duty to FF as a senior executive of FF after fully adjudicated against [Liu] by a competent court in the United States, and [Liu] will be fully covered by FF with executive indemnifications.<br><br>***<br><br>FF shall entitled [Liu] to participate in all benefit plans and programs at the same level with all senior level executive of FF, including, without limitation . . , insurances including health, life, and D&O. | |
| 10. | In soliciting, negotiating, drafting the terms of, and procuring the Employment Agreement with FF, Liu never advised FF in writing to seek and obtain independent legal counsel in connection with the drafting and negotiation of the Employment Agreement. | Disputed. FF solicited Mr. Liu's employment. On October 25, 2017, FF provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment. *See* Liu Decl. at ¶¶12-13. Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24. Plaintiff does not dispute that he never advised FF in writing to obtain independent counsel in connection with the Employment Agreement; however, Plaintiff |

116358413

-10-

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| | verbally advised FF to obtain independent counsel. *See* Liu Decl. at ¶15. |

**10.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 10**

Liu does not dispute and expressly admits that "he never advised FF in writing to obtain independent counsel in connection with the Employment Agreement."  Liu cannot qualify, much less avoid, this binding admission by interposing additional, non-responsive assertions regarding (i) Liu's alleged and legally irrelevant oral advice that FF should seek independent counsel; or (ii) the parties' alleged mutual involvement in the solicitation, drafting and negotiation of the Employment Agreement.  Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 10.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

| | | |
|---|---|---|
| 11. | In soliciting, negotiating, drafting the terms of, and procuring the Employment Agreement with FF, Liu never informed FF of any actual and reasonably foreseeable adverse consequences of, materials risks of, and reasonably available alternatives to, the Employment Agreement's terms concerning Liu's cash compensation, stock options, the circumstances under which FF was permitted to terminate Liu's employment, and the effect of | Disputed. Faraday solicited Mr. Liu's employment at Faraday. On October 25, 2017, Faraday provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment at Faraday. *See* Liu Decl. at ¶¶12-13. Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24. The terms of the Employment Agreement were fully |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| such termination on Liu's compensation. | disclosed on the face of the agreement. Plaintiff verbally advised FF to obtain independent counsel in connection with the Employment Agreement. *See* Liu Decl. at ¶15. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

**11.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 11**

Liu fails to identify any evidence actually refuting the fact that he did not specifically inform FF of "any actual and reasonably foreseeable adverse consequences of, materials risks of, and reasonably available alternatives to, the Employment Agreement's terms concerning Liu's cash compensation, stock options, the circumstances under which FF was permitted to terminate Liu's employment, and the effect of such termination on Liu's compensation."  Instead, Liu non-responsively asserts that (i) both parties were involved in the solicitation, drafting, and negotiation of the Employment Agreement; (ii) Liu orally advised FF to seek independent counsel; and (iii) the terms of the Employment Agreement were supposedly disclosed on their face.  Because none of these proffered assertions directly address, let alone refute, Uncontroverted Fact 11, Liu has failed to create a genuine dispute as to it.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

| | | |
|---|---|---|
| 12. | In soliciting, negotiating, drafting the terms of, and procuring the | Disputed. Faraday solicited Mr. Liu's employment at Faraday. On October |

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| Employment Agreement with FF, Liu never disclosed to FF that Liu was negotiating the Employment Agreement exclusively on his own behalf and for his benefit; never disclosed that he was not providing FF with the same legal advice in connection with the Employment Agreement that he would have given FF had FF been negotiating that contract with a third-person; and failed to actually provide FF with the same legal advice in connection with the Employment Agreement that he would have given FF had FF been negotiating that contract with a third-person. | 25, 2017, Faraday provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment at Faraday. *See* Liu Decl. at ¶¶12-13. Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24. The terms of the Employment Agreement were fully disclosed on the face of the agreement. Plaintiff verbally advised FF to obtain independent counsel in connection with the Employment Agreement. *See* Liu Decl. at ¶15. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

**12.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 12**

Liu fails to identify any evidence actually refuting the fact that he did not specifically "disclose[] to FF that Liu was negotiating the Employment Agreement exclusively on his own behalf and for his benefit; [] disclose[] that he was not providing FF with the same legal advice in connection with the Employment

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| Agreement that he would have given FF had FF been negotiating that contract with a third-person; and failed to actually provide FF with the same legal advice in connection with the Employment Agreement that he would have given FF had FF been negotiating that contract with a third-person."  Instead, Liu non-responsively asserts that (i) both parties were involved in the solicitation, drafting, and negotiation of the Employment Agreement; (ii) Liu orally advised FF to seek independent counsel; and (iii) the terms of the Employment Agreement were supposedly disclosed on their face.  Because none of these proffered assertions directly address, let alone refute, Uncontroverted Fact 12, Liu has failed to create a genuine dispute as to it.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014). | |
| 13.    In soliciting, negotiating, drafting the terms of, and procuring the Employment Agreement with FF, Liu never disclosed in writing to FF, or obtained FF's fully informed written consent to, Liu's conflict of interest with respect to the negotiation, drafting, and terms of the Employment Agreement. | 13.    Disputed. Faraday solicited Mr. Liu's employment at Faraday. On October 25, 2017, Faraday provided Mr. Liu with a term sheet containing proposed terms for Mr. Liu's prospective employment at Faraday. *See* Liu Decl. at ¶¶12-13. Both parties were involved in the negotiation and drafting of the Employment Agreement. *See id.* at ¶¶11-19, 21-24. The terms of the Employment Agreement were fully disclosed on the face of the agreement. Plaintiff verbally advised FF to obtain independent counsel in connection with the Employment |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| | FF's Uncontroverted Facts | Liu's Position |
|---|---|---|
| | | Agreement. *See* Liu Decl. at ¶15. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

### 13.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 13

Liu fails to identify any evidence actually refuting the fact that he did not specifically "disclose[] in writing to FF, or obtain[] FF's fully informed written consent to, Liu's conflict of interest with respect to the negotiation, drafting, and terms of the Employment Agreement."  Instead, Liu non-responsively asserts that (i) both parties were involved in the solicitation, drafting, and negotiation of the Employment Agreement; (ii) Liu orally advised FF to seek independent counsel; and (iii) the terms of the Employment Agreement were supposedly disclosed on their face. Because none of these proffered assertions directly address, let alone refute, Uncontroverted Fact 13, Liu has failed to create a genuine dispute as to it.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

| | | |
|---|---|---|
| 14. | Liu has acknowledged in writing his familiarity with and agreement to abide by the Rules of Professional Conduct. | Undisputed that Mr. Liu signed a document on April 28, 2014, entitled "Conforming to the Rules of Professional Conduct." *See* Decl. of Lauren E. Grochow, ¶7, Ex. 5. The document stated "I have currently reviewed with care the Rules of Professional Conduct applicable to |

116358413

-15-

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
|  | each jurisdiction in which I am licensed to practice or in which I am seeking a license." *See id*. Mr. Liu was not licensed in California before registering with the California state bar in April 2018. *See* Liu Decl. at ¶30. |
| 15.  Faraday and Smart King have provided notice of their rescission of the Employment Agreement via their respective Answers to Liu's Complaint and Faraday's Second Amended Counterclaim against Liu. | Disputed. Defendant's pleadings do not constitute a "notice of their rescission of the Employment Agreement." Further, the fraud-based rescission claims that Defendant's asserted in their initial pleadings in this action have been dismissed. *See* ECF 144. Defendants did not raise their current claims for rescission of the Employment Agreement based on purported violations of attorney ethics rules until their third round of pleadings in this action. *See* ECF 72, 83, 95. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| FF's Uncontroverted Facts | Liu's Position |
|---|---|

**15.** <u>**FF's Response to Liu's Position Regarding Uncontroverted Fact No. 15**</u>

Liu fails to identify any evidence refuting the fact FF provided notice of rescission of the Employment Agreement via their operative Answers to Liu's Complaint and Faraday's Second Amended Cross-Complaint, nor can he where those documents speak for themselves.  (Dkt. Nos. 93 [Faraday Sec. Am. Answ.] at 3rd, 6th, 8th & 9th Affirmative Defenses; Dkt. No. 94 [Smart King Sec. Am. Answ.] at 3rd, 6th, 8th & 9th Affirmative Defenses; Dkt. No. 95 [Faraday Sec. Am. Counterclaim] at ¶¶ 76-91, 102-111).  Liu's assertion regarding the dismissal of Faraday's fraud-based counterclaim for rescission is irrelevant where the first counterclaim seeking rescission of the Employment Agreement as well as FF's Answer seeking the same based on Liu's ethical violations, are still at issue. Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 15. *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

Moreover, Liu's Opposition brief ignores and omits any discussion of FF's cited and legally dispositive authorities holding that "the service of a pleading in an action or proceeding that seeks relief based on rescission shall be deemed to be such notice" of rescission.  *See* FF's Motion for Summary Judgment at p. 19:23-28, *citing* Cal. Civ. Code § 1691 and *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1267 (2007).  Accordingly, Liu has conceded and forfeited his ability to contest the propriety of FF's notice of rescission. *See Batzel v. Smith*, 372 F. Supp. 2d 546, 554 (C.D. Cal. 2005) (Wilson, J.) ("because Plaintiff failed to raise the issue of waiver in her Opposition to [] Motion for Summary Judgment . . , Plaintiff has waived her waiver argument."); *Gutowitz v. Transam. Life Ins. Co.*, 126 F. Supp. 3d 1128, 1154 (C.D. Cal. 2015) (because plaintiffs did not respond to arguments for summary judgment on punitive damages, "the issue [is] deemed abandoned[,]" and "summary judgment must [be] granted").

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| | FF's Uncontroverted Facts | Liu's Position |
|---|---|---|
| 16. | FF terminated Liu's employment in February 2019, after having already paid Liu more than $1.8 million in cash compensation. | Disputed. Defendants included over $230,000 non-cash compensation in their calculation, specifically the "RELOCATION" and "PTO" expenses were not "cash compensation." *See* Wang Declaration, Ex. 4 at 24. |

**16.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 16**

Liu fails to identify any evidence actually refuting the fact that, at the time of his termination, Liu had already received "Gross Pay" from FF totaling more than $1.8 million.  (Wang Decl., Ex. 4 at p. 24).  The professed distinction Liu attempts to draw concerning Relocation and PTO payments, both of which indisputably were included as items of "Gross Pay" and compensation paid to Liu, is immaterial the facts at issue in FF's Motion for Summary Judgment.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 16.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

| | | |
|---|---|---|
| 17. | The Complaint's First Cause of Action for Breach of Contract against FF alleges that FF breached the Employment Agreement by failing to provide him with $6.4 million in cash and lucrative stock options following his termination in February 2019. | Disputed. The Complaint's First Cause of Action for Breach of Contract alleges, inter alia that FF breached the Employment Agreement by failing to vest stock options that were previously issued to Liu. See ECF 1 at 21-23. Plaintiff respectfully refers the Court to the Complaint for |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| | FF's Uncontroverted Facts | Liu's Position |
|---|---|---|
| | | its complete and accurate contents. |

**17.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 17**

Liu fails to identify any evidence actually refuting the fact that his Complaint's First Cause of Action for Breach of Contract against FF alleges that FF breached the Employment Agreement by failing to provide him with (i) $6.4 million in cash, and (ii) stock options.  Nor can he where the Complaint is clear on its face in this regard. *See* Compl. ¶¶ 112-114 ("Faraday and Smart King breached the Employment Agreement by failing to pay Mr. Liu the unpaid portion of the $3 million signing bonus, which is $2,400,000 . . . . Faraday and Smart King breached the agreement by failing to pay the unpaid portion of the $5 million in base salary, which totals approximately $4 million . . . . Smart King and Faraday failed to full and immediately vest Mr. Liu's 20 million options upon his termination as required by the Employment Agreement.").  The professed distinction Liu attempts to draw concerning the words "provide" and "vest" is immaterial, particularly where Uncontroverted Fact 17 expressly cites and relies on the paragraphs of Liu's Complaint setting forth his First Cause of Action.  Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 17.  *See .W. Elec. Serv., Inc.*, 809 F.2d at 630; *Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014);

| 18. | The Complaint's Fourth Cause of Action for Wrongful Termination in Violation of Public Policy against FF alleges that FF terminated Liu in retaliation for Liu reporting alleged "compliance issues and violations of law" to FF management concerning supposed "immigration law, failures to | Disputed. The Complaint's Fourth Cause of Action is not limited in this manner, and alleges "As a direct result of his whistleblowing, Plaintiff was wrongfully discriminated against by Smart King and Faraday. Plaintiff's work responsibilities were reduced dramatically, and he was |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| adequately investigate sexual harassment complaints, illegal retaliation against employees, breach of employee's privacy, irregular financial activities and timely compliance with the labor law including the WARN Act." | then terminated, all in violation of public policy. Specifically, Plaintiff was terminated in retaliation for truthfully expressing his concerns with regard to Faraday's failure to comply with applicable California and federal law." *See* ECF 1 at 25-26. Plaintiff respectfully refers the Court the Complaint for its complete and accurate contents. |

**18.** **FF's Response to Liu's Position Regarding Uncontroverted Fact No. 18**

Liu fails to identify any evidence actually refuting the fact that his Complaint's Fourth Cause of Action for Wrongful Termination alleges that FF terminated Liu in retaliation for Liu reporting alleged "compliance issues and violations of law" concerning "immigration law, failures to adequately investigate sexual harassment complaints, illegal retaliation against employees, breach of employee's privacy, irregular financial activities and timely compliance with the labor law including the WARN Act." Nor can he where these allegations are set forth, *verbatim*, in Liu's Complaint. *See* Compl. ¶¶ 132-133 (alleging Liu was "terminated in retaliation for" reporting these supposed "compliance issues and violations of law"). Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 18. *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

| | | |
|---|---|---|
| 19. | Liu recently produced 62 of FF's privileged attorney-client documents (totaling 308 pages) in this lawsuit, thereby revealing that he retained those | Disputed. The nature and scope of attorney-client privilege in this action, and whether any such privilege has been waived, is highly |

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| privileged materials following his termination from FF in February 2019 and has possessed them since the inception of this action (the "**Illicit Privileged Materials"**). | disputed between the parties. The Court has held that Defendants have waived attorney-client privilege with respect to broad categories of documents in this action, including all documents relating to the solicitation, drafting, and negotiation of the Employment Agreement, all documents related to Plaintiff's termination, and enumerated areas in which Defendants allege Plaintiff provided deficient advice or failed to provide advice. *See* ECF 146 at 6. Further, the Court has held that it may revisit issues of privilege waiver following the Court's decision on Summary Judgment. *See* Declaration of Amiad Kushner Exhibit ("Kushner Decl. Ex.") C. Further, under California law, an attorney may retain and use privileged materials for purposes of wrongful termination claims. *See e.g., Chubb & Son v. Super. Ct.*, 176 Cal. Rptr. 3d 389, 398 (Cal. App. 1st Dist. 2014) ("General Dynamics teaches that a former in- |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

—

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| | house counsel may use privileged information, with careful controls against inappropriate disclosure, in order to pursue a wrongful termination claim against his or her former employer."). Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

**19.** **FF's Response to Liu's Position Regarding Uncontroverted Fact No. 19**

Liu fails to identify any evidence actually refuting the fact that he recently produced 62 of FF's privileged attorney-client documents (totaling 308 pages) in this lawsuit, thereby revealing that he retained those privileged materials following his termination from FF in February 2019 and has possessed them since the inception of this action. Instead, Liu non-responsively asserts that (i) the scope of the attorney-client privilege is disputed in this action; (ii) the Court has found that FF waived the privilege as to certain matters; and (iii) the Court may revisit the scope of FF's privilege waiver following the Court's ruling on FF's Motion for Summary Judgment. However, Liu tellingly fails to even argue, much less show, that any of the Illicit Privileged Materials he retained from FF and recently produced (a) are not privileged, or (b) fall within the narrow scope of the privilege waiver defined in Judge Rosenbluth's governing May 3 and 12, 2021 Orders ("**May 2021 Orders**"), which governs the contours of the privilege in this action. Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 19. *See Rodriguez*, 2014 U.S.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).  This is particularly true where Liu has failed to specifically address any of the Illicit Privileged Materials identified by FF in support of its Motion for Summary Judgment.  (*See* Grochow Decl., Ex. 1). Moreover, Liu's reliance on *Chubb & Son v. Super. Ct.*, 176 Cal. Rptr. 3d 389, 398 (2014) for the alleged proposition that he is entitled to use FF's privileged information to prosecute and prove his wrongful termination claim is directly contrary to and prohibited by California Supreme Court law and is required to be rejected for the reasons set forth in FF's concurrently filed Reply.  *See General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1169, 1190 (1994). | |
| 20. | The Illicit Privileged Materials retained and possessed by Liu and recently produced in this action include the following documents: <br> • Drafts of company policies prepared by FF's other in-house legal counsel, and not by Liu himself; <br> • A document disclosing FF's legal strategy vis-à-vis its sales model; <br> • Drafts of Board of Director meeting minutes prepared by counsel and disclosing privileged information presented to FF's Board; <br> • Legal memoranda prepared by | Disputed. The nature and scope of attorney-client privilege in this action, and whether any such privilege has been waived, is highly disputed between the parties. The Court has held that Defendants have waived attorney-client privilege with respect to broad categories of documents in this action, including all documents relating to the solicitation, drafting, and negotiation of the Employment Agreement, all documents related to Plaintiff's termination, and enumerated areas in which Defendants allege Plaintiff provided deficient advice or failed to provide advice. *See* ECF 146 at 6. |

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| FF's in-house counsel for review and consideration by FF's senior executives; <br><br> • Email communications with FF's outside legal counsel regarding FF's Series A financing transaction, and FF's related legal dispute and litigation, with Evergrande; <br><br> • Text message and email correspondence between Liu, FF employees, and outside counsel regarding requests for, and the provision of legal advice regarding, corporate governance issues; <br><br> • Emails between FF's employees, inhouse counsel, and outside counsel regarding labor and employment issues involving the WARN Act, alleged sexual harassment complaints, furloughs, and investigations; <br><br> • Email correspondence and draft documents exchanged with outside counsel relating to FF's | Further, the Court has held that it may revisit issues of privilege waiver following the Court's decision on Summary Judgment. Kushner Decl. Ex. C. Further, under California law, an attorney may retain and use privileged materials for purposes of wrongful termination claims. *See e.g., Chubb & Son v. Super. Ct.*, 176 Cal. Rptr. 3d 389, 398 (Cal. App. 1st Dist. 2014) ("General Dynamics teaches that a former in-house counsel may use privileged information, with careful controls against inappropriate disclosure, in order to pursue a wrongful termination claim against his or her former employer."). Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| Employee Emails reflecting FF seeking legal advice from in-house regarding the recording of company meetings;<br><br>• Email chains containing legal advice from outside counsel concerning banking laws;<br><br>• An email from an FF employee seeking legal advice regarding how to respond to meeting comments;<br><br>• An email summarizing work performed by FF's in-house legal department; and<br><br>• A presentation to FF's management regarding the company's key legal strategies and the status of various legal matters. | |

**20.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 20**

Liu fails to identify any evidence actually refuting the fact that the Illicit Privileged Materials he retained from FF and recently produced in this lawsuit include the document categories enumerated in Uncontroverted Fact 20.  Instead, Liu non-responsively asserts that (i) the scope of the attorney-client privilege is disputed in this action; (ii) the Court has found that FF waived the privilege as to certain matters; and (iii) the Court may revisit the scope of FF's privilege waiver following the

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| Court's ruling on FF's Motion for Summary Judgment.  However, Liu tellingly fails to even argue, much less show, that any of the Illicit Privileged Materials he retained from FF and recently produced (a) are not privileged, or (b) fall within the narrow scope of the privilege waiver defined in Judge Rosenbluth's governing May 2021 Orders.  Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 20.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at \*2 (C.D. Cal. Oct. 17, 2014).  This is particularly true where Liu has failed to specifically address any of the Illicit Privileged Materials identified by FF in support of its Motion for Summary Judgment.  (*See* Grochow Decl., Ex. 1). <br><br> Moreover, Liu's reliance on *Chubb & Son v. Super. Ct.*, 176 Cal. Rptr. 3d 389, 398 (2014) for the alleged proposition that he is entitled to use FF's privileged information to prosecute and prove his wrongful termination claim is directly contrary to and prohibited by California Supreme Court law and is required to be rejected for the reasons set forth in FF's concurrently filed Reply.  *See General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1169, 1190 (1994). | |
| 21. | During the April 13, 2021 deposition of FF employee Qing Ye ("**Ye Deposition**"), Liu's counsel attempted to introduce and question the witness on Illicit Privileged Materials—namely, a privileged communication between FF and its legal counsel containing legal  advice about corporate governance, relevant only to Liu's wrongful termination claim. | Disputed. Plaintiff disputes that the communication at issue contained legal advice or that it is privileged, and if so, whether any such privilege was waived. Plaintiff respectfully refers the Court to its responses to nos. 19 and 20 above. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 |

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| | statement. Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |

**21.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 21**

Liu fails to identify any evidence actually refuting the fact that during the Ye Deposition, Liu's counsel attempted to introduce and question the witness with Illicit Privileged Materials that Liu retained from FF and recently produced in this lawsuit. While Liu conclusorily asserts that he disputes the subject document was privileged, Liu tellingly fails to make any showing that the document either (a) is not privileged, or (b) falls within the narrow scope of the privilege waiver defined by Judge Rosenbluth's May 2021 Orders. Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 21. *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

Because Liu also incorporates his opposition to Uncontroverted Facts 19 and 20, FF likewise incorporates its above-listed responses concerning those Uncontroverted Facts.

| | |
|---|---|
| 22. In response to his attempted introduction of Illicit Privileged Materials, FF's attorney admonished Liu's counsel that such unauthorized possession and use of FF's privileged materials not only violates the attorney-client privilege, but also subjects Liu's counsel to disqualification under governing California law. | Disputed. At the deposition in question, Plaintiff's counsel made clear to Defendant's counsel that the document in question contained no legal advice and was not privileged. *See* Declaration of Lauren Grochow, Ex. 2; (Ye Dep. Tr.) at 18:2-14. Plaintiff respectfully refers the Court to its responses to nos. 19 and 20 |

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| | above. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |

**22.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 22**

Liu fails to identify any evidence actually refuting the fact that FF's attorney admonished Liu's counsel that the unauthorized possession and use of FF's privileged materials violated the attorney-client privilege and subjected Liu's counsel to disqualification.  Instead, Liu non-responsively asserts that during the Ye Deposition, *Liu's* attorney "made clear" that the subject document allegedly was not privileged. This assertion does not directly address, much less refute, Uncontroverted Fact 22, and Liu has therefore failed to create a genuine dispute as to it.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

Because Liu also incorporates his opposition to Uncontroverted Facts 19 and 20, FF likewise incorporates its above-listed responses concerning those Uncontroverted Facts.

| | | |
|---|---|---|
| 23. | During the April 14, 2021 deposition of Chaoying Deng ("**Deng Deposition**"), Liu's counsel once again attempted to question the witness with Illicit Privileged Materials—namely, a | Disputed. At the deposition in question, Plaintiff's counsel disputed that the document in question was privileged. *See* Grochow Decl., Ex. 4 at 98: 4-7. Plaintiff respectfully refers |

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| privileged communication between FF and its outside legal counsel concerning FF's financial position. | the Court to its responses to nos. 19 and 20 above. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |

**23.  FF's Response to Liu's Position Regarding Uncontroverted Fact No. 23**

Liu fails to identify any evidence actually refuting the fact that during the Deng Deposition, Liu's counsel attempted to question the witness with Illicit Privileged Materials that Liu retained from FF and recently produced in this lawsuit.  Instead, Liu non-responsively asserts that, during the Deng Deposition, *Liu's* attorney disputed the document was privileged.  However, Liu tellingly fails to make any showing that the document either (a) is not privileged, or (b) falls within the narrow scope of the privilege waiver defined by Judge Rosenbluth's May 2021 Orders.  Liu's attorney's subjective belief regarding the privileged status of the subject document does not directly address, much less refute, Uncontroverted Fact 23, and Liu has therefore failed to create a genuine dispute as to it.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

Because Liu also incorporates his opposition to Uncontroverted Facts 19 and 20, FF likewise incorporates its above-listed responses concerning those Uncontroverted Facts.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| | FF's Uncontroverted Facts | Liu's Position |
|---|---|---|
| 24. | In response to FF's attorney's objection and demand that all Illicit Privileged Materials be immediately returned and/or destroyed, Liu's attorney admitted Liu's use and intention to further use FF's privileged information "in support of" the Complaint's "claim for retaliation." | Disputed. At the deposition in question, Plaintiff's counsel disputed that the document in question was privileged. *See* Grochow Decl., Ex. 4 at 98: 4-7. Plaintiff respectfully refers the Court to its responses to nos. 19 and 20 above. Plaintiff further notes that Defendants' alleged "uncontroverted facts" actually contain legal conclusions that are inappropriate subjects for a Rule 56.1 statement. Plaintiff respectfully refers the court to the cited portions of the transcript of the deposition for its complete and accurate contents. |

**24. FF's Response to Liu's Position Regarding Uncontroverted Fact No. 24**

Liu fails to identify any evidence actually refuting the facts that (i) FF's attorney objected and demanded that all Illicit Privileged Materials be immediately returned and/or destroyed, and that (ii) Liu's attorney admitted Liu's use and intention to further use FF's privileged information. Instead, Liu non-responsively asserts that his attorney disputed that the privileged document used during the Deng Deposition was in fact privileged, which does not directly address, much less refute, Uncontroverted Fact 24. Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 24. *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

| FF's Uncontroverted Facts | Liu's Position |
|---|---|
| Because Liu also incorporates his opposition to Uncontroverted Facts 19 and 20, FF likewise incorporates its above-listed responses concerning those Uncontroverted Facts. | |
| 25. The Complaint's Seventh Cause of Action for Declaratory Judgment against FF "seeks a declaratory judgment that under the terms of the Employment Agreement, [Liu] is owed $6,400,000 in unpaid salary and bonus compensation and that his 20 million Smart King options must be vested immediately." | Disputed. The Complaint's Seventh Cause of Action is not limited to the quotations that Defendants have excerpted. Plaintiff respectfully refers the Court to the Complaint in its complete and accurate contents. *See* ECF 1 at 27-28. |

**25. FF's Response to Liu's Position Regarding Uncontroverted Fact No. 25**

Liu fails to identify any evidence actually refuting the fact that the Complaint's Seventh Causes of Action for Declaratory Judgment contains the quoted language, nor can he where that language appears, *verbatim*, in Paragraph 151 of Liu's Complaint setting forth and defining his claim for declaratory relief.  Accordingly, Liu has failed to create a genuine dispute as to Uncontroverted Fact 25.  *See Rodriguez*, 2014 U.S. Dist. LEXIS 148206, at *2 (C.D. Cal. Oct. 17, 2014).

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1

Dated:  May 26, 2021

2

Respectfully submitted,

3

TROUTMAN PEPPER HAMILTON
SANDERS LLP

4

5

By:_____

6

Lauren E. Grochow
Attorneys for Defendant
SMART KING LTD. and Defendant
and Counterclaimant
FARADAY&FUTURE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

116358413

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT