ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendant
SMART KING LTD., and Defendant and
Counterclaimant FARADAY&FUTURE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>             Plaintiff,<br><br>     v.<br><br>FARADAY&FUTURE INC.,<br>SMART KING LTD., JIAWEI<br>WANG, and CHAOYING DENG,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**OBJECTIONS TO AND REQUEST TO STRIKE EXPERT REPORT OF J. RICHARD SUPPLE, JR.**<br><br>Date:      June 1, 2021<br>Time:     1:30 p.m.<br>Place:    Courtroom 10A<br><br>Pretrial Conference:    7/19/21<br>Trial:                          7/27/21 |

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA  92614-2545

Defendant Smart King Ltd. ("**Smart King**") and Defendant and Counterclaimant Faraday&Future Inc. ("**Faraday**") (collectively, "**FF**") respectfully submit the following Objections to and Request to Strike the Expert Report ("**Report**") of J. Richard Supple, Jr. ("**Supple**") filed by Plaintiff Hong Liu ("**Liu**") and attached as Exhibit B to the Declaration of Amiad Kushner. (Dkt. No. 160-37). For the reasons set forth below, the Court should sustain FF's objections and strike the portions of the Report identified below.

| No. | Material Object To | Grounds for Objection |
|-----|--------------------|------------------------|
| 1. | **Report at pp. 6-7, ¶ 31**<br><br>At all times relevant for my analysis, New York's Rules of Professional Conduct (hereafter, "NY" Rules") were applicable to Liu because he was licensed to practice law only in New York as of February 2, 2018. NY Rule 8.5(b)(2)(i) ("If the lawyer is licensed to practice only in this state, the rules to be applied shall be the rules of this state."); N.Y. State Eth. Op. 1054 (2015) (foreign ethics laws may apply "[i]f the [New York-admitted] lawyer is permitted to practice in [the foreign state]"); and see Calif. Rule of Prof. Cond. 1- 100(D) (California disciplinary rules only apply to non-members of the California Bar when they are "engaged in the performance of lawyer functions in [California]") (emphasis added). | • **Lack of Qualifications** Fed. R. Evid. 702(a);<br><br>• **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Misstates the Evidence and Improperly Relies on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion)<br><br>The Court should disregard and strike Supple's apparent opinion that (i) the New York Rules of Professional Conduct exclusively governed Liu's drafting, negotiation and procurement of his Employment Agreement with FF while simultaneously representing FF as the Company's outside legal counsel, and that (ii) Liu neither was subject to, nor required to comply with, California's ethics rules, because: |

116225578

- 2 -

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|---------------------|------------------------|
|     |                     | 1. The interpretation and applicability of the New York and California Rules of Professional Conduct is a legal question on which expert testimony is not permissible. *See Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d 1111, 1134 (C.D. Cal. 2012) (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-CV-00923-BLF, 2018 WL 8949299, at *5 (N.D. Cal. June 15, 2018) ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); <br><br> 2. Supple admittedly is *not* an expert concerning the California Rules of Professional Conduct or related decisional law, and he therefore is not qualified to opine regarding the applicability of California's ethics rules to Liu and his conduct.  (*See* Report at ¶¶ 2.a-e). <br><br> 3. Contrary to the documented facts in this case, Supple fallaciously assumes Liu "personally did no work for Faraday Future, nor did he supervise the work of other Mayer Brown attorneys."  (Report at ¶ 15). Relying on that false assumption, Supple apparently concludes Liu was not engaged in "lawyer functions in California" for FF. However, the undisputed evidence ignored and omitted by Supple's Report make clear that Liu entered an attorney-client relationship with FF that was subject to and governed by California law, particularly where Liu admittedly traveled to and attended meetings with FF in California to discuss Mayer's representation of FF, as well as to negotiate and procure his personal employment with FF.  *See* UF 4-7; Dkt. No. 160-4 [Liu Decl.] at ¶¶ 6-10, 21-22 and Ex. 8; *see also* Cal. |

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | Prac. Guide Prof. Resp., Ch. 3-A at § 3:19 (The Rutter Group 2020); *PCO, Inc. v. Christensen, Miller*, 150 Cal. App. 4th 384, 392 (2007); *Streit v. Covington & Crowe*, 82 Cal. App. 4th 441, 445 (2000); *Odish v. Cog. Code Corp.*, 2015 WL 11347592, at *6 (C.D. Cal. May 27, 2015), *aff'd Bourbeau v. Cog. Code Corp.*, 2017 WL 1363811, at *1 (9th Cir. Apr. 14, 2017). |
| 2. | **Report at p. 7, ¶ 32**<br><br>The NY Rules are "rules of reason. They should be interpreted with reference to the purposes of legal representation and of the law itself." NY Rules, Scope, cmt. [6]; *see also Niesig v. Team I*, 558 N.E. 1030, 1032 (N.Y. 1990) (New York courts apply disciplinary rules in litigation "as guidelines to be applied with due regard for the broad range of interests at stake"), *citing Foley & Co. v. Valderbilt*, 523 F.2d 1357, 1360 (2d Cir. 1975) (Gurfein, J. concurring) ("When we agree that the Code applies in an equitable manner to a matter before us, we should not hesitate to apply it with vigor. When we find an area of uncertainty, however, we must use our judicial process to make our own decision in the interests of justice to all concerned.") | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original)<br><br>Supple's opinion that New York ethics' rules should be construed and applied as "rules of reason," rather than in accordance with their plain and unambiguous language, constitutes an improper and irrelevant legal conclusion, as confirmed by and manifest in Supple's citation to and reliance on New York case law. *See Rex v. Chase Home Fin. LLC*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). |
| 3. | **Report at p. 7, ¶ 33**<br><br>In consideration of the above-recited facts, it is my professional opinion that Liu did not violate a duty of care to Faraday under any of the above-referenced NY Rules. | • **Irrelevant** Fed. R. Evid. 401;<br><br>**Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original); |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
|  |  | • **Misstates the Evidence and Improperly Relies on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 721 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion).<br><br>The Court should disregard and strike Supple's opinion that Liu did not violate a duty of care to FF under New York's ethics rules because it is premised upon the false and unsubstantiated assumptions that: (i) FF was exclusively Mayer's, and not Liu's, client; (ii) Liu did not personally perform or supervise work for FF prior to negotiating his Employment Agreement; (iii) FF was not expecting Liu to exercise professional judgment on its behalf; (iv) FF was represented by Sidley Austin LLP ("**Sidley**"), as well as in-house counsel, in connection with its negotiation and decision to enter into the Employment Agreement; and (v) FF supposedly was "obligated to make Liu a substantial offer" to "entice Liu to leave Mayer Brown," as "it is generally known and understood that compensation for a general counsel of a substantial company is high." (Report at ¶¶ 35-36, 42, 45, 49).<br><br>Each of these false assumptions fails to withstand scrutiny, as comprehensively described and established in FF's concurrently filed Reply. *See, e.g.,* UF 4-7; Declaration of Vijay Sekhon at ¶¶ 1-3; Dkt. No. 160-4 [Liu Decl.] at ¶¶ 6-10, 21-22 and Exs. 11-3; Ex. 160-5 [Kushner Decl.] at Ex. A; *see also see also* Cal. Prac. Guide Prof. Resp., Ch. 3-A at § 3:19 (The Rutter Group 2020); *PCO, Inc. v. Christensen, Miller*, 150 Cal. App. 4th 384, 392 (2007); *Streit v. Covington & Crowe*, 82 Cal. App. 4th 441, 445 (2000); *Odish v. Cog. Code Corp.*, 2015 WL 11347592, at *6 (C.D. Cal. May 27, 2015), *aff'd Bourbeau v. Cog. Code Corp.*, 2017 WL 1363811, at *1 (9th Cir. Apr. 14, 2017); *BGJ Assoc., LLC v. Wilson*, 113 Cal. App. 4th 1217, 1226, 1229 (2003). |

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

- 5 -

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | Because Supple's opinion is premised on false assumptions, it is not admissible. *See De La Torre v. Cashcall, Inc.*, 56 F. Supp. 3d 1073, 1096 (N.D. Cal. 2004) ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey v. Dowley Mfg.*, 187 F. Supp. 2d 958, 976 (M.D. Tenn. 2002) (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined). |
| 4. | **Report at pp. 7-8, ¶ 34** <br><br> NY Rule 1.8(a) forbids a lawyer from "enter[ing] into a business transaction with a client" if the lawyer and "client" have "differing interests and if the client expects the lawyer to exercise professional judgment therein for the protection of the client unless" the lawyer makes certain written disclosures to the client, obtains consent for the transaction, and the transaction itself is "fair and reasonable." Liu and Faraday did not, of course, negotiate with identical interests. Accordingly, as threshold conditions for NY Rule 1.8(a)'s imposition of written disclosure and consent requirements, it must be determined whether Faraday was a "client" of Liu's for purposes of the rule, and if Faraday was Liu's client, whether Faraday expected Liu to "exercise professional judgment" for Faraday's protection when negotiating his employment. *See* N.Y. State Eth. Op. 913 (2012) ("Rule 1.8(a) invites a twofold inquiry. The first is whether the transaction itself is one in which the lawyer and | • **Irrelevant** Fed. R. Evid. 401; <br><br> • **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original) <br><br> Supple's opinion regarding the alleged requirements and circumstances warranting the application of New York Rule of Professional Conduct 1.8 constitutes irrelevant and improper legal conclusions. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); *see also Osuna v. Pompo*, No. 18-CV-2346 W (MDD), 2020 WL 1627672, at *4 (S.D. Cal. Apr. 2, 2020) ("The existence of an attorney-client relationship is a question of law to be determined by the court."). |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|-------------------|----------------------|
| | client have differing interests and in which the client expects the lawyer to exercise the lawyer's independent professional judgment on the client's behalf. If the answers are yes, then as a second step the lawyer must assure that the terms are fair and reasonable" and the other writing and consent requirements in the rule are met) (emphasis in original). | |
| 5. | **Report at p. 8, ¶ 35**<br><br>As an initial consideration, I do not believe Faraday was Liu's client (as opposed to Mayer Brown's client) for purposes of NY Rule 1.8(a). | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Misstates the Evidence and Improperly Relies on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion);<br><br>• **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702(a).<br><br>The Court should disregard and strike Supple's opinion regarding the alleged non-existence of an attorney-client relationship between FF and Liu because:<br><br>1. The existence of an attorney-client relationship is a question of law  on which Supple's cannot permissibly opine. *See Osuna*, 2020 WL 1627672, at *4; *Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|--------------------|-----------------------|
|     |                    | interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); |
|     |                    | 2. To the extent establishing an attorney-client relationship requires the evaluation of facts, Supple's subjective interpretation and application of the facts is not admissible. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 7025089, at *5 (N.D. Cal. Nov. 30, 2020) ("expert testimony that merely summarizes the record evidence and gratuitously interprets it is improper."); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2018 WL 6511146, at *6 (N.D. Cal. Dec. 11, 2018) ("An expert witness may not usurp the function of the jury to weigh the evidence and determine credibility."); and |
|     |                    | 3. Supple's opinion misstates the evidence and falsely presumes that (i) FF was exclusively Mayer's, and not Liu's, client; and that (ii) Liu did not perform or supervise any work for FF prior to negotiating his Employment Agreement. *See* UF 4-7; Dkt. No. 160-4 [Liu Decl.] at ¶¶ 6-10, 21-22 and Ex. 8. Because it is premised on false assumptions, Supple's opinion is not admissible. *See De La Torre*, 56 F. Supp. 3d at 1096 ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey*, 187 F. Supp. 2d at 976 (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined). |
| 6. | **Report at p. 8, ¶ 36** | • **Irrelevant** Fed. R. Evid. 401; |

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | As per the facts above, Liu personally performed and supervised no work for Faraday before and while negotiating the Employment Agreement. Accordingly, the only theory for finding that Faraday was Liu's client is imputation; namely, that because certain Mayer Brown attorneys were acting for Faraday, Liu (and every other Mayer Brown attorney) should automatically be deemed Faraday's "lawyer." | • **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Misstates the Evidence and Improperly Relies on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion);<br><br>• **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702(a);<br><br>• **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case.").<br><br>**First**, Supple falsely assumes "Liu personally performed and supervised no work" for FF prior negotiating his Employment Agreement. This assumption is belied and precluded by the undisputed evidence, and this alone requires the rejection of Supple's opinion. *See* UF 4-7; Dkt. No. 160-4 [Liu Decl.] at ¶¶ 6-10, 21-22 and Ex. 8; *see also De La Torre*, 56 F. Supp. 3d at 1096 ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey*, 187 F. Supp. 2d at 976 (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined).<br><br>**Second**, Supple's opinion that "the only theory for finding that Faraday Future was Liu's client is imputation" is also required to be stricken because: |

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

- 9 -

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | 1. The existence of an attorney-client relationship is a question of law, and Supple's opinion regarding whether Liu had an attorney-client relationship with FF constitutes an irrelevant and improper legal conclusion. *See Osuna*, 2020 WL 1627672, at *4 ("The existence of an attorney-client relationship is a question of law to be determined by the court."); *Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); and <br><br> 2. To the extent establishing an attorney-client relationship requires the evaluation of any facts, Supple's subjective interpretation of those facts is not admissible. *See Exeltis USA Inc.*, 2020 WL 7025089, at *5 ("expert testimony that merely summarizes the record evidence and gratuitously interprets it is improper."); *Oracle Am., Inc.*, 2018 WL 6511146, at *6 ("An expert witness may not usurp the function of the jury to weigh the evidence and determine credibility."). |
| 7. | **Report at p. 8, ¶ 37** <br><br> NY Rule 1.10 deals with the circumstances under which conduct by one lawyer in a law firm is attributed to all other lawyers in the law firm. Rule 1.10 states that '[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, unless as otherwise provided therein.' | • **Irrelevant** Fed. R. Evid. 401; <br><br> • **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law."); <br><br> • **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case."). |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | (emphasis added). NY Rule 1.10 does not logically encompass NY Rule 1.8(a) because, although NY Rule 1.8(a) regulates certain transactions between lawyers and their clients, it does not prohibit a lawyer from representing a client.  Thus, the mere fact that other Mayer Brown attorneys represented Faraday should not make Liu Faraday's 'lawyer' for purposes of a NY Rule 1.8(a) analysis.  This conclusion is reinforced by the concerns underlying the rationale for imputing conduct between lawyers generally. | **First**, Supple's opinion regarding the alleged requirements, effect, scope, and proper interpretation of New York Rule of Professional Conduct 1.10 constitute improper and irrelevant legal conclusions.  *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). <br><br> Moreover, even if Supple could permissibly opine on legal issues, his proclamation that "NY Rule 1.10 does not logically encompass NY Rule 1.8(a)" is demonstrably false, as confirmed by the unambiguous language of Rule 1.10 and its governing comments.  *See* N.Y. R. Prof. Conduct 1.10 cmmt. 2 (recognizing the "premise[s] that a firm of lawyers is essential one lawyer for the purposes of the rules governing loyalty to the client" and that "each lawyer is vicariously bound by the obligation of loyalty owed by each other lawyer with whom the lawyer is associated."); cmmt. 8 (recognizing Rule 1.8(a) extends to all lawyers in a firm once it is retained as counsel). <br><br> **Second**, Supple's subjective belief and conclusion that Mayer's representation of FF "should not make Liu [FF's] 'lawyer' for purposes of a NY Rule 1.8(a) analysis" also constitutes an impermissible legal opinion that should be stricken.  *See also Viterbo. Co.*, 826 F.2d 420, 424 (5th Cir. 1987) ("Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible."); *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005) ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts" because "the judge is the sole arbiter of the law and its application to the facts."). |

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| 8. | **Report at p. 9, ¶ 38**<br><br>According to the Restatement (Third) of the Law Governing Lawyers § 123, cmt. b:<br><br>Imputation of conflicts of interest to affiliated lawyers reflects three concerns. First, lawyers in a law firm or other affiliation … ordinarily share each other's interests. A fee for one lawyer in a partnership, for example, normally benefits all lawyers in the partnership. Where a lawyer's relationship with a client creates an incentive to violate an obligation to another client, an affiliated lawyer will often have similar incentive to favor one client over the other. Second, lawyers affiliated as described in this Section ordinarily have access to files and other confidential information about each other's clients. Indeed, clients might assume that their confidential information will be shared among affiliated lawyers …Sharing confidential client information among affiliated lawyers might compromise the representation of one or both clients if the representations conflict. Third, a client would often have difficulty proving that the adverse representation by an affiliated lawyer was wholly isolated. Duties of confidentiality on the part of the affiliated lawyers prevents adequate disclosure of the interactions among them. Moreover, to demonstrate that the lawyer misused confidential information the client often would be forced to reveal the very information | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Lacks Foundation** *Vale v. United States of Am.*, 673 F. App'x 114, 117 (2d Cir. 2016) (upholding disqualification of expert in part because the expert's "testimony . . . lacked reliable foundation because he provided no explanation as to how his opinion was based on his experience or medical education."); *United States v. Approximately $67,391 in United States Currency*, No. C 11-4586 MEJ, 2013 WL 5645349, at *5 (N.D. Cal. Oct. 15, 2013) (sustaining objection to expert testimony in part because it lacked foundation).<br><br>**First**, Supple's citation to and reliance on the Restatement is legally and factually improper and irrelevant. The New York Rules of Professional Conduct—which differ from and do not adopt the Restatement's standards or requirements—governed Liu's conduct. Indeed, the Restatement is particularly irrelevant where the New York Rules confirm that FF was not exclusively Mayer's client, and that instead, Liu and FF entered an attorney-client relationship as well.  *See* N.Y. R. Prof. Conduct 1.10 cmmt. 2 (recognizing the "premise[s] that a firm of lawyers is essential one lawyer for the purposes of the rules governing loyalty to the client" and that "each lawyer is vicariously bound by the obligation of loyalty owed by each other lawyer with whom the lawyer is associated."); cmmt. 8 (recognizing Rule 1.8(a) extends to all lawyers in a firm once it is retained as counsel) |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|-------------------|----------------------|
| | whose confidentiality the client seeks to protect. However, considerations of free choice of lawyers by clients and the free mobility of lawyers between firms or other employers caution against extending imputation further than necessary. | **Second**, Supple's citation to and reliance on Restatement § 123 is inapposite because that section exclusively concerns the imputation of conflicts when a firm concurrently represents multiple clients with adverse interests vis-à-vis each other—by contrast, it does *not* govern the existence and nature of an attorney-client relationship between a *single* client and individual attorneys associated with a firm the client retains.  *See* Restatement (Third) of the Law Governing Lawyers, § 123 ("Where a lawyer's relationship with a client creates an incentive to violate an obligation *to another client . . . .*") (emphasis added). |
| | | **Third**, Supple's opinion that the Restatement is relevant to the application of New York's ethics rules in this case constitutes an irrelevant and improper legal conclusion.  *See Rex v.*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). |
| | | **Fourth**, Supple fails to provide any foundation supporting his presumption that the Restatement is legally or factually relevant at all. |
| 9. | **Report at p. 9, ¶ 39**<br><br>Based on the facts made known to me, none of the Restatement's three above-cited concerns is relevant here. Mayer Brown's work for Faraday did not incentivize Liu to negotiate a better or worse employment agreement for himself and the facts do not suggest that confidential information provided by Faraday to Recht (or another Mayer Brown lawyer actively representing Faraday) helped | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702;<br><br>• **Lacks Foundation** *Vale v. United States of Am.*, 673 F. App'x 114, 117 |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | Liu negotiate different and more favorable employment terms with Faraday, which proposed employment terms to Liu on its own account. Moreover, Liu's negotiation with Faraday was plainly an "isolated" matter, and Liu was not representing a client adverse to Faraday's interests. Because none of the above concerns applies, the Restatement's cautionary language that imputation should not unreasonably be extended to interfere with a lawyer's mobility between employers is applicable. | (2d Cir. 2016) (upholding disqualification of expert in part because the expert's "testimony . . . lacked reliable foundation because he provided no explanation as to how his opinion was based on his experience or medical education."); *United States v. Approximately $67,391 in United States Currency*, No. C 11-4586 MEJ, 2013 WL 5645349, at *5 (N.D. Cal. Oct. 15, 2013) (sustaining objection to expert testimony in part because it lacked foundation); <br><br> • **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it."). <br><br> FF incorporates its preceding objections to paragraph 38 of the Report. <br><br> In addition, the Court should also disregard and strike Supple's opinion that FF has failed to satisfy the Restatement's test concerning the imputation of conflicts because Supple speculates and assumes that "Mayer Brown's work for [FF] did not incentivize Liu to negotiate a better or worse employment agreement for himself and the facts do not suggest that confidential information . . . helped Liu negotiate more favorable employment terms." Supple cannot legally opine regarding Liu's alleged incentives and state of mind, and he is likewise prohibited from opining regarding his subjective understanding and application of the facts. *See Oracle Am., Inc.*, 2018 WL 6511146, at *3 ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind."); *Exeltis USA Inc.*, 2020 WL 7025089, at *5 ("expert testimony that merely summarizes the record evidence and |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | gratuitously interprets it is improper."). |
| 10. | **Report at p. 9-10, ¶ 40**<br><br>Further, if NY Rules 1.8(a) and 1.10 were strictly construed such that Recht's (or other Mayer Brown lawyers') work for Faraday automatically made Faraday Liu's client for purposes of NY Rule 1.8(a), inequitable results contrary to the "reasonable" purposes of the NY Rules could follow. Law firms like Mayer Brown are enormous entities, with thousands of lawyers spread throughout the world. Applying NY Rule 1.8(a) in a strict liability sense, without regard to reason, facts and circumstances, could make lawyers who negotiate for a position with a sophisticated entity client, with an in-house legal team, vulnerable to an after-the-fact, draconian claim for recission based on the imputation of other lawyers' conduct, even though the lawyer did no legal work for the client and notwithstanding that the lawyer's firm's relationship with a corporate client was literally of no moment to the negotiation or its outcome. A rule of ethics grounded on reason and equity would not permit such a result." | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." (emphasis in original);<br><br>• **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702;<br><br>• **Lacks Foundation** *Vale v. United States of Am.*, 673 F. App'x 114, 117 (2d Cir. 2016) (upholding disqualification of expert in part because the expert's "testimony . . . lacked reliable foundation because he provided no explanation as to how his opinion was based on his experience or medical education"); *United States v. Approximately $67,391 in United States Currency*, No. C 11-4586 MEJ, 2013 WL 5645349, at *5 (N.D. Cal. Oct. 15, 2013) (sustaining objection to expert testimony in part because it lacked foundation);<br><br>• **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it.");<br><br>• **Misstates the Evidence and Premised on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion); |

116225578

- 15 -

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

Troutman Pepper Hamilton Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|--------------------|-----------------------|
|     |                    | • **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case."). |
|     |                    | **First**, Supple's opinions that (i) New York Rules of Professional Conduct 1.8(a) and 1.10 should not be "strictly" interpreted and applied against large law firms like Mayer, and should instead (ii) be "grounded on reason and equity," are improper and irrelevant legal conclusions. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). |
|     |                    | **Second**, Supple's subjective belief that New York's ethics rules should not be "strictly" applied to large law firms is contrary to and precluded by the plain language of Rules 1.8 and 1.10 and their governing comments, which glaringly omit any carve-out for large firms like Mayer. *See* N.Y. R. Prof. Conduct 1.10 at cmmt. 2 (recognizing the "premise[s] that a firm of lawyers is essential one lawyer for the purposes of the rules governing loyalty to the client" and that "each lawyer is vicariously bound by the obligation of loyalty owed by each other lawyer with whom the lawyer is associated."); cmmt. 8 (recognizing Rule 1.8(a) extends to all lawyers in a firm once it is retained as counsel). |
|     |                    | **Third**, Supple's speculation that applying Rules 1.8 and 1.10 in accordance with their plain language "*could*" result in "inequitable" results," and "*could*" make lawyers who negotiate in-house employment subject to rescission claims, is inadmissible. Supple fails to identify any research, facts, data, or other reliable methodology supporting this theory. *See* |

116225578

- 16 -

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | *Cabrera v. Cordis Corp.*, 134 F.3d 1418, 1423 (9th Cir. 1998) ("An opinion based on [] unsubstantiated and undocumented information is the antithesis" of a reliable expert opinion). |
| | | **Fourth,** Supple's assertions that (i) it would be "draconian" to rescind an employment agreement negotiated by outside counsel in violation of his ethical obligations, and that (ii) "[a] rule of ethics grounded on reason and equity [allegedly] would not permit such a result[,]" also constitute irrelevant and improper legal conclusions. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). |
| | | **Fifth,** Supple falsely assumes and asserts that Liu "did no legal work for [FF]" and that Mayer's "relationship with [FF] was literally of no moment to the negotiation [of the Employment Agreement] or its outcome[,]" in disregard of the undisputed evidence. *See* UF 4-7; Dkt. No. 160-4 [Liu Decl.] at ¶¶ 6-10, 21-22 and Ex. 8; *see also Pinal Creek Grp.*, 352 F. Supp. 2d 1043 ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts" because "the judge is the sole arbiter of the law and its application to the facts."). |
| 11. | **Report at p. 10, ¶ 41**<br><br>Even if Faraday was Liu's client, NY Rule 1.8(a) should not apply to Liu's negotiations with Faraday because it was not reasonable for Liu to believe or expect that Faraday was relying upon him to exercise personal judgment to protect its interests when Liu was | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original); |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

| No. | Material Object To | Grounds for Objection |
|-----|-------------------|----------------------|
| | negotiating the terms of his prospective employment with Faraday. The issue of client reliance is the key element of a NY Rule 1.8(a) analysis. N.Y. State Eth. Opp. 1055 n. 1 (2015), the leading New York ethics opinion on the subject, sets forth the factors determinative of whether the client expects the lawyer to exercise reasonable professional judgment on the client's behalf:<br><br>These include (i) whether the client has other counsel in the matter, for example, because it is a corporation or other entity with a legal department, (ii) whether the lawyer is responsible for client matters in the subject area, and (iii) whether the client is an individual or an entity and the client's level of sophistication in legal matters. We believe it is more likely that an individual client or one that is not sophisticated in legal matters is more likely to rely on a lawyer that does not represent the client in that matter than would be the case with an institutional client. | • **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702;<br><br>• **Misstates the Evidence and Premised on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020 (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion);<br><br>• **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it.");<br><br>• **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case").<br><br>**First**, Supple's subjective belief regarding the interpretation and circumstances under which New York Rule of Professional Conduct 1.8(a) "should" apply constitutes an irrelevant and improper legal conclusion. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case.").<br><br>For these same reasons, the Court should also disregard and strike Supple's legal assertion that "[t]he issue of client reliance is the key element of a Rule 1.8(a) analysis." |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | **Second**, Supple also is prohibited from speculating about (i) the alleged "reasonableness" of Liu's belief and expectation that FF was relying on him to protect its best interests, and about (ii) FF's expectations concerning Liu's role and responsibilities as the Company's outside counsel. *See* UF 4-7; *see also Oracle Am., Inc.*, 2018 WL 6511146, at *3 ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind."); *Exeltis USA Inc.*, 2020 WL 7025089, at *5 ("expert testimony that merely summarizes the record evidence and gratuitously interprets it is improper."). |
| 12. | **Report at p. 10-11, ¶ 42**<br><br>An application of these factors indicates that Faraday was not expecting Liu to exercise professional judgment on its behalf in connection with the negotiation of the employment agreement. Faraday had both in-house and outside counsel for its negotiation with Liu. Liu was not responsible for Faraday's matters with Mayer Brown and had never done legal work for Faraday. And, in contrast to an unsophisticated lay individual, Faraday was a sophisticated international automobile company that valued itself in terms of hundreds of millions or billions of United States dollars. In sum, none of the facts known to me suggest that Faraday was in any way dependent upon Liu. NY Rule 1.8(a) should not be applied prophylactically under these circumstances. *See e.g. Matter of Chariff*, 633 N.Y.S.2d 618, 620 (N.Y. App. Div. 1995) (although attorney did not comply with disclosure and | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702;<br><br>• **Misstates the Evidence and Premised on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion);<br><br>• **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case").<br><br>**First**, Supple's opinions about (i) the "application of the" supposedly relevant "factors" under New York Rule of Professional Conduct 1.8(a), and (ii) whether Rule 1.8(a) "should [] be applied prophylactically under these |

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | consent requirements when making a loan agreement with his client, the predecessor version of NY Rule 1.8(a) was not violated insofar the sophisticated businessman client was not deceived by his lawyer and was aware of all relevant information before making the loan"); *and see* N.Y. City Eth. Op. 2000-3 (2000) (there is "no per se ethical prohibition on the acceptance of shares or other securities, including options, as compensation for legal services to be rendered"). | circumstances[,]" constitute improper and impermissible legal conclusions that also usurp the Court's role in this case.  *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Pinal Creek Grp.*, 352 F. Supp. 2d at 1043 ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts" because "the judge is the sole arbiter of the law and its application to the facts."); *Exeltis USA Inc.*, 2020 WL 7025089, at *5 ("expert testimony that merely summarizes the record evidence and gratuitously interprets it is improper."). |
| | | **Second**, Supple's opinion also falsely assumes (i) "FF had both in-house and outside counsel for its negotiation with Liu"; (ii) "Liu was not responsible for [FF] matters within Mayer Brown"; and (iii) Liu never performed "legal work for" FF.  These assumptions are belief and precluded by the undisputed evidence. *See, e.g.*, UF 4-7; Dkt. No. 160-4 [Liu Decl.] at ¶¶ 6-10, 21-22 and Exs. 8, 11-13; Dkt. No. 160-35 [Kushner Decl.] at Ex. A; Declaration of Vijay Sekhon at ¶¶ 1-3; *see also De La Torre*, 56 F. Supp. 3d at 1096 ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey*, 187 F. Supp. 2d at 976 (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined). |
| | | **Third**, Supple asserts that FF's "sophisticat[ion]" as an "international automobile company" is pertinent to the application of Rule 1.8(a), which not only constitutes yet another impermissible legal conclusion, but also is contrary to well-established law holding that New York's ethics rules apply "*irrespective of the sophistication of the client*."  *Forest Park Assocs. Ltd. P'ship v. Kraus*, 175 A.D.2d 60, 62 (N.Y. App. Div. 1991) (emphasis added). |

- 20 -

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | **Fourth**, Supple cannot speculate regarding FF's state of mind and corresponding "expect[ation] [that] Liu" would "exercise professional judgment" and protects the Company's interests in connection with the Employment Agreement. *See Oracle Am., Inc.*, 2018 WL 6511146, at *3 ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind."); *Exeltis USA Inc.*, 2020 WL 7025089, at *5 ("expert testimony that merely summarizes the record evidence and gratuitously interprets it is improper."). |
| 13. | **Report at p. 11, ¶ 43**<br><br>"The crucial question is whether the defendant attorney established that the contract was made by the client with full knowledge of all material circumstances known to the attorney, and was in every respect free from fraud …" *Howard v. Murray*, 346 N.E.2d 238, 239 (N.Y. 1976) (internal citations omitted). Here, Liu was in no position to take advantage of Faraday, and any argument that Faraday would not have agreed to the employment agreements it signed with Liu if only Liu had reminded it to consult its own legal counsel – as Faraday, in fact, was doing – seems far-fetched. "A lawyer's legal skill and training, together with the relationship of trust and confidence between lawyer and client, create the possibility of overreaching when the lawyer participates in a … financial transaction with a client … For these reasons business transactions between a lawyer and client are not advisable." NY Rule 1.8, cmt. [1]. Where, however, a "client" is actually | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702;<br><br>• **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it.");<br><br>• **Misstates the Evidence and Premised on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion); |

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|-------------------|----------------------|
| | represented by lawyers for a transaction, the client should not be heard to argue later that the lawyer on the receiving end of the transaction exercised professional judgment for the client's benefit in the deal. | • **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (upholding the exclusion of expert testimony that the trial court determined went "beyond the field of expertise to which such testimony should be directed or can be directed, and is basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case."). |

**First**, Supple's citation to and quotation of case law regarding the "critical question" in evaluating Liu's negotiation and procurement of the Employment Agreement constitutes an irrelevant and improper legal conclusion.  *See Pinal Creek Grp.*, 352 F. Supp. 2d at 1043 ( ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts" because "the judge is the sole arbiter of the law and its application to the facts."); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); *Staihakos v. Columbia Sportswear Co.*, No. 15-CV-04543-YGR, 2018 WL 1710075, at *5 n.6 (N.D. Cal. Apr. 9, 2018) (striking portions of expert declaration "contain[ing] improper legal opinions which either interpret or mere quote case law" and other legal materials).

For these same reasons, Supple's citation to and quotation of comment 1 to Rule 1.8 should also be stricken.

**Second**, Supple's conclusory assertion that "Liu was in no position to take advantage of" FF—and his speculation about whether FF would have entered the Employment Agreement had Liu complied with his ethical duty to advise FF in writing to seek independent counsel—are nothing more than inadmissible counterfactual speculation. *See Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 38 (D.D.C. 2013) (expert opinion was "insufficient to create a

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

| No. | Material Object To | Grounds for Objection |
|-----|---------------------|------------------------|
| | | genuine issue of material fact" because "it is an opinion about a counterfactual, hypothetical situation not present in th[e] case"). |
| | | **Third**, Supple's conclusory assertion that a "client should not be heard to argue . . . that [his] lawyer on the receiving end of the transaction exercised professional judgment for the client's benefit of the deal," is an irrelevant and improper legal conclusion. *See Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). |
| 14. | **Report at p. 12, ¶ 44**<br><br>"When a reasonable lawyer would conclude that the risk of adverse effect on professional judgment is not a significant one, then there is no conflict …" N.Y. State Eth. Op. 1048 (2015). Put another way, for a risk to be "significant," it must be more than just "possible." See also N.Y. State Eth. Op. 712 (1999) (there is no conflict of interest merely because there is a "fanciful, theoretical or de minimis risk that the lawyer's judgment will be affected adversely by a potentially relevant set of interests"). | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original).<br><br>Supple's citation to and quotation of New York ethics opinions regarding the interpretation and application of New York Rule of Professional Conduct 1.7 constitute irrelevant and improper legal conclusions. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5  ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); *Stathakos*, 2018 WL 1710075, at *5 n.6 (striking portions of expert declaration "containing improper legal opinions which either interpret or mere quote case law" and other legal materials). |
| 15. | **Report at p. 12, ¶ 45** | |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | Based on the facts and circumstances discussed above, it is my opinion that a reasonable lawyer would not conclude there was a "significant risk" when Liu was negotiating his employment terms that he would exercise professional judgment improperly for Faraday. For the reasons discussed above, Faraday formulated its own proposals for equity-based compensation, applying its own valuations, and was not looking for Liu to exercise his professional judgment for its benefit while negotiating Liu's employment. Instead, Faraday relied on its own human resources department, in-house counsel, and outside counsel for professional judgment vis-à-vis Liu's prospective employment. | • **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original); <br><br> • **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702; <br><br> • **Irrelevant** Fed. R. Evid. 401; <br><br> • **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it."); <br><br> • **Misstates Facts and Premised on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion); <br><br> • **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case"). <br><br> **First**, the Court should strike Supple's conclusory and speculative assertions regarding (i) FF's state of mind and corresponding expectation that Liu would exercise professional judgment on its behalf; and (ii) Liu's intention to exercise professional judgment when negotiating his Employment Agreement. *See Oracle Am., Inc.*, 2018 WL 6511146, at *3 ("Courts routinely exclude as |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|-------------------|----------------------|
| | | impermissible expert testimony as to intent, motive, or state of mind."). <br><br> **Second**, Supple cannot permissibly opine regarding the supposed conclusions of a hypothetical "reasonable lawyer." *See AIG Ret. Servs., Inc. v. Altus Fin. S.A.*, No. CV 05-1035-JFW (CWX), 2011 WL 13213589, at \*2 (C.D. Cal. Sept. 26, 2011) (courts typically "do not . . . permit an expert to testify about what a 'reasonable' or 'prudent' person would do in a particular set of circumstances"); *Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443, 447 (9th Cir. 1992) (affirming exclusion of proposed expert testimony regarding reasonableness and foreseeability). <br><br> **Third**, Supple's opinion falsely assumes FF "relied on its own human resources department, in-house counsel, and outside counsel for professional judgment vis-à-vis Liu's prospective employment," in disregard of the evidence. *See* Declaration of Vijay Sekhon at ¶¶ 1-3; Dkt. No. 160-4 [Liu Decl.] at Exs. 11-13; Dkt. No. 160-35 [Kushner Decl.] at Ex. A; *see also De La Torre*, 56 F. Supp. 3d at 1096 ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey v*, 187 F. Supp. 2d at 976 (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined). |
| 16. | **Report at p. 12-13, ¶ 46** <br><br> Further diminishing any prospect that Liu might exercise judgment adversely to Faraday is that Mayer Brown's regulatory work for Faraday bore no meaningful relationship to the subject of Liu's employment negotiations. *See* N.Y. State Eth. Op. 994 (2013) (opining that Rule 1.7 was not violated where an attorney whose firm represented a school district | • **Misstates Facts and Premised on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an expert's opinion when "the record d[id] not support the factual basis" for that opinion); <br><br> • **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | negotiated for employment as a sports coach at a school in the district because there was little risk "of adverse effect if … the legal work on behalf of the school district were unrelated to the lawyer's work as coach"). | an ultimate issue of law.") (emphasis in original);<br><br>• **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it.");<br><br>• **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case.").<br><br>**First**, Supple cannot permissibly speculate regarding whether Liu "might" have intended or been encouraged to "exercise judgment adversely to" FF, particularly where Liu's hypothetical state of mind  is legally and factually irrelevant to whether he actual *did* violate his ethical duties in negotiating and procuring his Employment Agreement.  *See Oracle Am., Inc.*, 2018 WL 6511146, at *3 ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind."); *Wannall*, 292 F.R.D. at 38 (expert opinion was "insufficient to create a genuine issue of material fact" because "it is an opinion about a counterfactual, hypothetical situation not present in th[e] case").<br><br>**Second**, Supple falsely assumes Mayer's "regulatory work for [FF] bore no meaningful relationship to the subject of Liu's employment negotiations."  In addition to ignoring the breadth of legal services offered to and performed by Mayer for FF, (UF 4-7), this is necessarily speculative because the exact substance of Mayer's representation of FF is subject to the attorney-client privilege and could not possibly have been disclosed to Supple by |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | Liu without breaching FF's privilege. *See De La Torre*, 56 F. Supp. 3d at 1096 ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey*, 187 F. Supp. 2d at 976 (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined). |
| | | **Third**, Supple's citation to and quotation of a New York ethics opinion about the alleged interpretation and application of Rule 1.7 constitute irrelevant and improper legal conclusions. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); *Stathakos*, 2018 WL 1710075, at *5 n.6 (striking portions of expert declaration "containing improper legal opinions which either interpret or mere quote case law" and other legal materials). |
| 17. | **Report at p. 13, ¶ 48**<br><br>Whether an exchange of securities for legal services would amount to an "excessive" fee should be considered in terms of the facts known to the lawyer when the agreement was made and should not be determined "with the wisdom of hindsight." N.Y. City Eth. Op. 2000-3 *supra*; *see also Lawrence v. Miller*, 901 N.E.2d 1268, 1272 n. 4 (N.Y. 2008) ("In general, agreements entered into between competent adults, where there is no deception or overreaching in their making, should be enforced as written. Accordingly, the power to | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original).<br><br>Supple's citation to and quotation of New York ethics opinions and case law regarding the purported meaning, interpretation, and application of New York Rule of Professional Conduct 1.5 constitute impermissible legal conclusions, especially where Rule 1.5 is plain and unambiguous on its face regarding the non-exhaustive list of factors pertinent to whether a fee is excessive. *See Rex*, 905 F. Supp. 2d at |

| No. | Material Object To | Grounds for Objection |
|-----|--------------------|----------------------|
| | invalidate fee agreements with hindsight should be exercised only with great caution."). | 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); *Stathakos*, 2018 WL 1710075, at *5 n.6 (striking portions of expert declaration "containing improper legal opinions which either interpret or mere quote case law" and other legal materials). |
| 18. | **Report at p. 13, ¶ 49**<br><br>As the text of NY Rule 1.5 indicates, the test for determining whether a legal fee is excessive is fact-intensive and the standard for showing that a legal fee is "excessive" is difficult to meet. *See* N.Y. City Eth. Op. 2000-3 supra (determining whether a fee is excessive where securities are received for legal services is "more complex"). In this instance, I do not believe that the standard is met. Some of the NY Rule 1.5 factors are plainly inapplicable to a negotiation for in-house employment. But to the extent other factors may be applied, they argue for substantial compensation. Faraday solicited Liu to take responsibility for managing its legal and administrative matters as its general counsel and chief administrative officer. Plainly, as Liu was already very well compensated as a senior equity partner in a large international law firm, Faraday was for all intents and purposes obligated to make Liu a substantial offer if it genuinely hoped to entice Liu to leave Mayer Brown. | • **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original);<br><br>• **Irrelevant** Fed. R. Evid. 401;<br><br>• **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702;<br><br>• **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it.");<br><br>• **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case.");<br><br>• **Misstates Facts and Premised on False Assumptions** *Hamilton v. TBC Corp.*, 821 F. App'x 720, 722 (9th Cir. 2020) (upholding the exclusion of an |

116225578

- 28 -

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|--------------------|-----------------------|
| | Further, it is generally known and understood that compensation for a general counsel of a substantial company is high. | expert's opinion when "the record d[id] not support the factual basis" for that opinion); <br><br> • **Lack of Qualifications** Fed. R. Evid. 702(a). <br><br> **First**, Supple's citation to and quotation of a New York ethics opinion for the alleged rule that "the test for determining whether a legal fee is excessive . . . is difficult to meet[,]" constitutes an irrelevant and improper legal conclusion. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); *Stathakos*, 2018 WL 1710075, at *5 n.6 (striking portions of expert declaration "containing improper legal opinions which either interpret or mere quote case law" and other legal materials). <br><br> **Second**, Supple's subjective "belie[f] that the standard" for an excessive fee "is not met" is not admissible because it purports to construe and apply the law and the facts. *See Pinal Creek Grp.*, 352 F. Supp. 2d at 1043 ("In addition to prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal expert opinion which applies the law to the facts" because "the judge is the sole arbiter of the law and its application to the facts."); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). <br><br> **Third**, Supple's assertion that FF "was for all intents and purposes obligated to make Liu a substantial offer" to "entice Liu to leave Mayer Brown" constitutes impermissible speculation regarding each party's state of mind, and, in particular, concerning the amount of compensation Liu hypothetically would have accepted. |

| No. | Material Object To | Grounds for Objection |
|---|---|---|
| | | *See Oracle Am., Inc.*, 2018 WL 6511146, at *3 ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind."). |
| | | **Fourth**, Supple lacks the requisite qualifications for his assertion that "it is generally known and understood that compensation for a general counsel of a substantial company is high." Supple is not an expert with respect to general counsel compensation, nor does he define the vague and ambiguous terms "substantial company" and "high" in his Report. (*See* Report at ¶¶ 2.a-e). |
| | | **Fifth**, Supple fails to address, let alone justify, the terms of the Employment Agreement purportedly prohibiting FF from terminating Liu for cause without triggering and rewarding Liu with the immediate, accelerated, and full payment of millions in cash and vesting and provision of lucrative stock options, even in the event of Liu's intentional breach of fiduciary duty to the Company. (UF 9). Supple fails to identify any research or analysis indicating that such a provision is appropriate in any compensation agreements, or whether Liu enjoyed such extraordinary payment terms at Mayer. *See De La Torre*, 56 F. Supp. 3d t 1096 ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey*, 187 F. Supp. 2d at 976 (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined). |
| 19. | **Report at p. 13, ¶ 50**<br><br>The experience, reputation and ability of the lawyer is "the most important factor" when determining whether a legal fee is excessive. N.Y. State Eth. Op. 1004 (2015). The facts indicate that Liu was a senior partner at the globally respected firm Mayer | • **Irrelevant** Fed. R. Evid. 401;<br><br>• **Improper Legal Conclusion and/or Opinion** *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law.") (emphasis in original); |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP<br>5 PARK PLAZA<br>SUITE 1400<br>IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|--------------------|-----------------------|
| | Brown and had decades of experience. Accordingly, I do not believe, on the record presented to me, that a reasonable lawyer would "definitely and firmly" conclude that Liu's acceptance of employment terms offered by Faraday (at the time the terms were accepted) amounted to a breach of his ethical obligations to Faraday under NY Rule 1.5. | • **Testimony will not Assist the Trier of Fact to Determine a Fact in Issue** Fed. R. Evid. 702; <br><br> • **Conclusory and Speculative** Fed. R. Evid 702; *Reno v. United States*, 283 F. App'x 502 (9th Cir. 2008) ("The expert reports were inadequate because they were conclusory and failed to explain in any meaningful way the basis for the opinions."); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326 (S.D. Cal. 1994) ("If proffered expert testimony is no more than unsupported speculation, the trial judge should exclude it."); <br><br> • **Argumentative** *United States v. Langford*, 802 F.2d 1176, 1179 (9th Cir. 1986) (rejecting expert testimony that is "basically argumentative and intrusive upon the jury's responsibility as triers of the facts of the case."). <br><br> **First**, Supple's citation to and quotation of a New York ethics opinion regarding the "most important factor when determining whether a legal fee is excessive" constitutes an irrelevant and improper legal conclusion. *See Rex*, 905 F. Supp. 2d at 1134 (recognizing "statutory interpretation" is a "basic judicial function[]"); *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."); *Stathakos*, 2018 WL 1710075, at *5 n.6 (striking portions of expert declaration "containing improper legal opinions which either interpret or mere quote case law" and other legal materials). <br><br> **Second**, Supple's subjective belief and conclusion "that a [hypothetical] reasonable lawyer" would not have considered Liu's Employment Agreement to be excessive is inadmissible because: <br><br> 1. Courts typically "do not . . . permit an expert to testify about what a 'reasonable' or 'prudent' person |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Object To | Grounds for Objection |
|-----|--------------------|-----------------------|
|  |  | would do in a particular set of circumstances," *AIG Ret. Servs., Inc.*, 2011 WL 13213589, at *2; and because |
|  |  | 2. An expert cannot permissibly advise the Court on how the law should apply to the facts of the case. *Arista Networks, Inc.*, 2018 WL 8949299, at *5 ("An expert's testimony may not interpret[] the law for the court or . . . advis[e] the court about how the law should apply to the facts of a particular case."). |
|  |  | **Third**, Supple fails to address, let alone justify, the terms of the Employment Agreement purportedly prohibiting FF from terminating Liu for cause without triggering and rewarding Liu with the immediate, accelerated, and full payment of millions in cash and vesting and provision of lucrative stock options, even in the event of Liu's intentional breach of fiduciary duty to the Company.  (UF 9). Supple fails to identify any research or analysis indicating that such a provision is appropriate in any attorney compensation agreement, or whether Liu enjoyed such extraordinary payment terms at Mayer. *See De La Torre*, 56 F. Supp. 3d at 1096 ("When expert opinions are not supported by sufficient facts, or when the indisputable record contradicts or otherwise renders the opinions unreasonable," they are not reliable); *Coffey*, 187 F. Supp. 2d at 976 (an expert's opinion is "[l]ike a house of cards" that "collapses" once its foundations are undermined). |

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.

1

2   Dated:  May 26, 2021

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN PEPPER HAMILTON
SANDERS LLP


By:  /s/ Lauren Grochow
Lauren Grochow

Attorneys for Defendant
SMART KING LTD and Defendant
and Counterclaimant
FARADAY&FUTURE INC.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

OBJECTION TO DECLARATION OF EXPERT REPORT OF J. RICHARD SUPPLE, JR.