ALAN J. KESSEL, Bar No. 130707
alan.kessel@troutman.com
JEFFREY M. GOLDMAN, Bar No. 233840
jeffrey.goldman@troutman.com
KEVIN A. CRISP, Bar No. 261023
kevin.crisp@troutman.com
LAUREN E. GROCHOW, Bar No. 293601
lauren.grochow@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant
SMART KING LTD., and Defendant and
Counterclaimant FARADAY&FUTURE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HONG LIU,<br><br>  Plaintiff,<br><br>v.<br><br>FARADAY&FUTURE INC., SMART KING LTD., JIAWEI WANG, and CHAOYING DENG,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 2:20-cv-08035-SVW-JPR<br><br>Honorable Stephen V. Wilson<br><br>**OBJECTION TO DECLARATION OF HONG LIU**<br><br>Date:  June 1, 2021 / June 21, 2021<br>Time:  1:30 p.m.<br>Place:  Courtroom 10A<br><br>Pretrial Conference:  7/19/21<br>Trial:  7/27/21 |

# REDACTED VERSION
# OF DOCUMENT PROPOSED TO BE
# FILED UNDER SEAL

116177102

1  Defendant Smart King Ltd. and Defendant and Counterclaimant
2  Faraday&Future Inc. (together, "**FF**") hereby object to and request that the Court
3  strike the following portions of and documents attached to the Declaration of Hong
4  Liu ("**Liu Decl.**"):

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| 1. | **Exhibit 8 to the Liu Decl.** | **Privileged communication. Fed. R. Evid. 501, 502.** Exhibit 8 is a privileged email communication between FF's in-house attorney Amanda Walker and FF's outside counsel Mayer Brown LLP ("**Mayer**"), which Liu obtained by virtue of his then-employment with Mayer and his corresponding role as FF's then-outside counsel. Liu is legally prohibited from using this privileged communication to prove his claims in this action. *See, e.g., General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1169, 1190 (1994); *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal. App. 4th 294, 309 (2001) (recognizing that *General Dynamics*' prohibition on in-house counsel's use of privileged information extends to and includes "a suit for breach of contract"). |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
|  |  | To the extent the Court considers this privileged communication at all, over FF's objection, it serves only to confirm that Liu was apprised of FF's requests for Mayer's legal advice and took responsibility for executing documents concerning the Mayer-FF attorney-client relationship, consistent with Liu's designated role as the "leader of the FF Client team" and "Main Contact Partner" who was "responsible for th[e] engagement and" for "us[ing] other [Mayer] attorneys and professionals" for FF. *See* UF 4-6. |
| 2. | **Liu Decl. at ¶ 34 at p. 10:2-9** [redacted] | **Privileged communication. Fed. R. Evid. 501, 502.** Pursuant to Judge Rosenbluth's May 3 and 12, 2021 Orders in this action ("**May 2021 Orders**"), FF has *not* waived the privilege as to WARN Act communications that Liu did not personally author himself. *See* Dkt. No. 124 [FF Opp. to Liu Privilege Mot.] at pp. 17:18-18:5, 20:1-3, 20:26-28; Dkt. No. 146 [5/3/21 |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ | Order] at pp. 2-6; Dkt. No. 147 [Liu's *Ex Parte* Reconsideration Mot.] at pp. 8:17-9:2; Dkt. No. 149 [FF Opp. to Liu's *Ex Parte* Reconsideration Mot.] at pp. 3:2-6:11; Dkt. No. 153 [5/12/21 Order] at p. 1; *see also* Supp. Grochow Decl., Ex. 6 [5/12/21 Hearing Tr.] at pp. 37:22-38:22, 41:17-42:6.<br><br>Paragraph 34 of Liu's Declaration references and describes Exhibit 27 thereto, which is a privileged email communication Liu pilfered from FF between Liu and another FF in-house attorney. *See* UF 19-20. Exhibit 27 is *not* a WARN Act communication authored by Liu himself, and it falls outside the scope of Judge Rosenbluth's privilege waiver rulings. Accordingly, Liu is legally prohibited from using Exhibit 27 and any information concerning it to prove his wrongful termination claim in this action. *See, e.g., General Dynamics Corp. v. Super. Ct.*, 7 Cal. |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
|  |  | 4th 1164, 1169, 1190 (1994). The Court should not consider Exhibit 27 or Liu's description of it, but if it does so over FF's objection, it should only do so insofar as it confirms and highlights Liu's (i) legal and factual inability to prove his wrongful termination claim without using FF's privileged information, and his (ii) intention to continue using FF's privileged information to do so. |
| 3. | **Exhibit 27 to Liu Decl.** | **Privileged communication. Fed. R. Evid. 501, 502.** Pursuant to Judge Rosenbluth's May 2021 Orders, FF has *not* waived the privilege as to WARN Act communications that Liu did not personally author himself. *See* Dkt. No. 124 [FF Opp. to Liu Privilege Mot.] at pp. 17:18-18:5, 20:1-3, 20:26-28; Dkt. No. 146 [5/3/21 Order] at pp. 2-6; Dkt. No. 147 [Liu's *Ex Parte* Reconsideration Mot.] at pp. 8:17-9:2; Dkt. No. 149 [FF Opp. to Liu's *Ex Parte* Reconsideration Mot.] at pp. 3:2-6:11; Dkt. No. 153 [5/12/21 Order] at |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | | p. 1; *see also* Supp. Grochow Decl., Ex. 6 [5/12/21 Hearing Tr.] at pp. 37:22-38:22, 41:17-42:6.<br><br>Exhibit 27 to Liu's Declaration is a privileged email communication Liu pilfered from FF between Liu and another FF in-house attorney. *See* UF 19-20. Exhibit 27 is *not* a WARN Act communication authored by Liu himself, and it falls outside the scope of Judge Rosenbluth's privilege waiver rulings. Accordingly, Liu is legally prohibited from using Exhibit 27 to prove his wrongful termination claim in this action. *See, e.g., General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1169, 1190 (1994). The Court should not consider Exhibit 27 or Liu's description of it in Paragraph 34 of his Declaration, but if it does so over FF's objection, it should only do so insofar as it confirms and highlights Liu's (i) legal and factual inability to prove his wrongful termination claim |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | | without using FF's privileged information, and his (ii) intention to continue using FF's privileged information to do so. |
| 4. | **Liu Decl. at ¶ 35 at p. 10:9-14** [redacted] | **Privileged communication. Fed. R. Evid. 501, 502.** Paragraph 35 of Liu's Declaration concerns the substance of privileged legal memoranda allegedly prepared by FF's in-house attorneys other than Liu himself.<br><br>Pursuant to Judge Rosenbluth's May 2021 Orders, FF has *not* waived the privilege as to communications regarding the recording of corporate meetings that Liu did not personally author himself. *See* Dkt. No. 124 [FF Opp. to Liu Privilege Mot.] at pp. 17:18-18:5, 20:1-3, 20:26-28; Dkt. No. 146 [5/3/21 Order] at pp. 2-6; Dkt. No. 147 [Liu's *Ex Parte* Reconsideration Mot.] at pp. 8:17-9:2; Dkt. No. 149 [FF Opp. to Liu's *Ex Parte* Reconsideration Mot.] at pp. 3:2-6:11; Dkt. No. 153 [5/12/21 |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | | Order] at p. 1.<br><br>The alleged legal memoranda referenced in and described by Liu in Paragraph 35 of his Declaration fall outside the scope of Judge Rosenbluth's privilege waiver rulings because they admittedly were not authored by Liu himself. Accordingly, Liu is legally prohibited from using those alleged memoranda or any documents or communications concerning them to prove his wrongful termination claim in this action. *See, e.g., General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1169, 1190 (1994). The Court should not consider this privileged information, but if it does so over FF's objection, it should only do so insofar as it confirms and highlights Liu's (i) legal and factual inability to prove his wrongful termination claim without using FF's privileged information, and his (ii) intention to continue using FF's privileged |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | | information to do so.<br><br>**Best evidence rule. Fed. R. Evid. 1002.** Contrary to Liu's assertion regarding its alleged contents, Exhibit 28 does not reflect any memorandum requested or prepared by Liu. Instead, it exclusively shows Liu concurring with the statements of another FF in-house attorney. Because the best evidence of the contents of Exhibit 28 is the document itself, the Court should strike and not consider Liu's mischaracterization of that writing.<br><br>**Lack of personal knowledge. Fed. R. Evid. 602.** Liu has failed to identify any facts establishing his personal knowledge regarding Mr. Jia's supposed response to Liu's purported recommendations. |
| 5. | **Liu Decl. ¶ 36 at p. 10:15-23**<br><br>[redacted] | **Privileged communication. Fed. R. Evid. 501, 502.** Paragraph 36 of Liu's Declaration admittedly concerns the substance of Liu's |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | privileged communications with FF's management team, Board Members, and co-founder, while Liu was serving as FF's in-house counsel. Pursuant to Judge Rosenbluth's May 2021 Orders, FF has waived the attorney-client privilege as to those "otherwise privileged communications which Liu authored" concerning Liu's failures to "lead FF to an IPO"; "connect FF with any investment bank"; "assist FF when it Series A investor, Evergrande, backed out of its funding commitment"; and "provide substantive legal advice with respect to the EVelozcity litigation, vendor concerns regarding indemnification, the record of internal meetings, and a potential reduction in FF's workforce" (the "**Enumerated Failures**"); and also as to documents concerning Liu's termination and his Employment Agreement. *See* Dkt. No. 124 [FF Opp. to Liu Privilege |

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

116177102

- 9 -

OBJECTION TO DECLARATION OF HONG LIU

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | | Mot.] at pp. 17:18-18:5, 20:1-3, 20:26-28; Dkt. No. 146 [5/3/21 Order] at pp. 2-6; Dkt. No. 147 [Liu's *Ex Parte* Reconsideration Mot.]; Dkt. No. 149 [FF Opp. to Liu's *Ex Parte* Reconsideration Mot.] at pp. 3:2-6:11; Dkt. No. 153 [5/12/21 Order] at p. 1.<br><br>The matter described in Paragraph 36 of Liu's Declaration falls outside the scope of Judge Rosenbluth's privilege waiver rulings because it does not involve any of the Enumerated Failures or reflect FF's discussions regarding Liu's termination or Employment Agreement. Accordingly, Liu is legally prohibited from using this privileged information and any documents or communications concerning it to prove his wrongful termination claim in this action. *See, e.g.*, *General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1169, 1190 (1994). The Court should not consider this |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | | privileged information, but if it does so over FF's objection, it should only do so insofar as it confirms and highlights Liu's (i) legal and factual inability to prove his wrongful termination claim without using FF's privileged information, and his (ii) intention to continue using FF's privileged information to do so.<br><br>**Lack of personal knowledge. Fed. R. Evid. 602.** Liu fails to identify facts establishing his personal knowledge regarding the alleged reasons why other FF employees departed the Company. The Court cannot legally credit Liu's unsubstantiated speculation, nor should the Court consider Liu's equally baseless assertions regarding the alleged reasons for his removal as FF's General Counsel. *See Walker v. Boeing Corp.*. 218 F. Supp. 2d 1177, 1188 (C.D. Cal. 2002) (plaintiff's "speculation about the motives" of his employer were "inadmissible |

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
|  |  | under the Federal Rules of Civil Procedure and the Federal Rules of Evidence" where he "lack[ed] personal knowledge on the subject and his testimony lack[ed] foundation"). |
| 6. | **Liu Decl. ¶ 37 at pp. 10:26-11:2** "While after October 2018 I no longer held my Global General Counsel position and no longer was included as legal counsel at department meetings, I continued to report on and try to correct workplace violations. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ My duties being stripped and my advice not being taken eventually culminated with me sending an email to Yeuting Jia himself on January 23, 2019." | **Privileged communication. Fed. R. Evid. 501, 502.** The cited portion of Paragraph 37 of Liu's Declaration concerns the substance of privileged legal memoranda allegedly prepared by FF's in-house attorneys other than Liu himself.<br><br>Pursuant to Judge Rosenbluth's May 2021 Orders, FF exclusively has waived the attorney-client privilege as to those "otherwise privileged communications which Liu authored" concerning Liu's Enumerated Failures, and also as to documents concerning Liu's termination and his Employment Agreement. *See* Dkt. No. 124 [FF Opp. to Liu Privilege Mot.] at pp. 17:18-18:5, 20:1-3, 20:26-28; Dkt. No. 146 [5/3/21 |

OBJECTION TO DECLARATION OF HONG LIU

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
| | | Order] at pp. 2-6; Dkt. No. 147 [Liu's *Ex Parte* Reconsideration Mot.]; Dkt. No. 149 [FF Opp. to Liu's *Ex Parte* Reconsideration Mot.] at pp. 3:2-6:11; Dkt. No. 153 [5/12/21 Order] at p. 1. <br><br> The alleged legal memoranda referenced in and described by Liu in Paragraph 37 of his Declaration fall outside the scope of Judge Rosenbluth's privilege waiver rulings because they admittedly were not authored by Liu himself and do not reflect FF's discussions regarding Liu's termination or Employment Agreement.  Accordingly, Liu is legally prohibited from using that privileged information and any documents or communications concerning it to prove his wrongful termination claim in this action. *See, e.g.*, *General Dynamics Corp. v. Super. Ct.*, 7 Cal. 4th 1164, 1169, 1190 (1994).  The Court should not consider this privileged information, |

116177102 - 13 -
OBJECTION TO DECLARATION OF HONG LIU

| No. | Material Objected to | Grounds for Objection |
|---|---|---|
|  |  | but if it does so over FF's objection, it should only do so insofar as it confirms and highlights Liu's (i) legal and factual inability to prove his wrongful termination claim without using FF's privileged information, and his (ii) intention to continue using FF's privileged information to do so.<br><br>**Lack of personal knowledge. Fed. R. Evid. 602.** Liu has failed to identify any facts establishing his personal knowledge regarding FF's alleged reaction to the privileged memoranda referenced in Paragraph 37 of his Declaration. The Court should therefore strike and not consider Liu's unsubstantiated speculation on that issue. |

Dated: May 26, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Lauren Grochow
    Lauren Grochow

Attorneys for Defendant
SMART KING LTD and Defendant and Counterclaimant
FARADAY&FUTURE INC.